UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| CONNIE REGULI,<br><br>    Plaintiff,<br><br>v.<br><br>JOESEPH A. WOODRUFF et al.,<br><br>    Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action brought under 42 U.S.C. § 1983 and Tennessee law arises out of pro se Plaintiff Connie Reguli's prosecution for aggravated perjury in Williamson County Circuit Court, a charge that the Williamson County District Attorney's Office ultimately dismissed. (Doc. No. 1.) Reguli's complaint alleges claims against six defendants—Williamson County Circuit Court Judge Joseph A. Woodruff, the Estate of former District Attorney General Kimberly Helper, Assistant District Attorney John Stephens, attorney Dana McLendon, CASA of Williamson County, Inc. (CASA), and former CASA Director Emily Layton.[1] (*Id.*)

All six defendants moved to dismiss Reguli's claims against them under Federal Rule of Civil Procedure 12. (Doc. Nos. 14, 16, 33, 39.) On March 28, 2025, the Court granted Woodruff's

---

[1]    "CASA is an acronym for 'Court Appointed Special Advocates.' Reguli alleges that CASA of Williamson County is 'an affiliate of National CASA/GAL Association for Children.'" (Doc. No. 52, PageID# 579 n.1 (first quoting *Reguli v. Russ*, Case No. 3:22-cv-00896, 2023 WL 6690948, at *5 (M.D. Tenn. Aug. 22, 2023), *report and recommendation adopted*, 2023 WL 6129503 (M.D. Tenn. Sep. 19, 2023), *aff'd*, 109 F.4th 874 (6th Cir. 2024); and then quoting (Doc. No. 1, PageID# 5, ¶ 8)).)

motion to dismiss and granted in part and denied in part the motions to dismiss filed by McLendon, Helper and Stephens, and Layton and CASA. (Doc. Nos. 52, 53.)

The parties have filed several motions in response to the Court's memorandum opinion and order. Helper and Stephens have filed a second Rule 12 motion to dismiss addressing Reguli's remaining state law claims against them. (Doc. No. 57.) Layton and CASA have filed a motion asking the Court to reconsider its finding that Layton and CASA did not carry their burden to show that Layton is entitled to absolute witness immunity from Reguli's federal claims and a motion for leave to file a reply in support of their motion for reconsideration. (Doc. Nos. 59, 71.) Helper, Stephens, Layton, and CASA have filed motions to stay this action pending the Court's resolution of Helper and Stephens's second motion to dismiss and Layton and CASA's motion for reconsideration. (Doc. Nos. 78, 79.) And Reguli has filed a motion for leave to amend her complaint to conform to the Court's order granting in part and denying in part the defendants' first motions to dismiss. (Doc. No. 82.)

For the reasons that follow, the Magistrate Judge will recommend that the Court deny Helper and Stephens's second motion to dismiss, grant in part and deny in part Layton and CASA's motion for reconsideration, find moot Helper and Stephens's and Layton and CASA's motions to stay, and deny without prejudice Reguli's motion to amend.

I.      Relevant Background

A.      Factual Background

The Court set forth the allegations supporting Reguli's claims in its March 28, 2025 memorandum opinion and summarizes those facts here.

Reguli is an attorney who filed a civil public records action against Williamson County in March 2022 to which Woodruff was assigned as the presiding judge. (Doc. No. 52 (citing Doc. No. 1).) Woodruff ordered Reguli to show cause why she should not be sanctioned under

Tennessee Rule of Civil Procedure 11 for filing the public records action. (*Id.*) During a show-cause hearing, Woodruff questioned Reguli about Rule 11 sanctions to be paid to CASA that he had imposed on her in a different case more than seven years earlier:

> Woodruff stated that, in December 2014, he ordered Reguli to "complete three additional hours of continuing legal education in ethics" and to "pay reimbursement to CASA in the amount of $3,145.50 representing reimbursement for attorney's fees incurred by CASA arising out of . . . the conduct that violated Rule 11[.]" Woodruff asked Reguli if she had "ever complete[d] or perform[ed] the sanctions that were imposed," and Reguli responded that she had. Woodruff reminded Reguli that she was "under oath" and asked if she was "sure" that she had "reimbursed CASA the $3,145.50 in attorneys' fees imposed upon [her] as a Rule 11 sanction." Reguli stated that she was sure she had paid the sanction to CASA, although she could not recall the exact date or means of her payment.

(*Id.* at PageID# 587 (citations omitted) (alterations in original).) At the conclusion of the hearing, Woodruff found that Reguli had violated Rule 11 by filing the public records petition for an improper purpose, imposed sanctions on Reguli, and dismissed the public records action. (Doc. No. 52.) Reguli appealed, and the Tennessee Court of Appeals vacated Woodruff's sanction order and remanded the action for further proceedings. (*Id.*)

Three days after Woodruff held the show-cause hearing and entered his ruling sanctioning Reguli, he sent a letter to Layton, who was then the Executive Director of CASA, and copied McLendon. (*Id.* (citing Doc. No. 1-4).) The letter was printed on Woodruff's judicial letterhead. (*Id.*) In it, Woodruff stated that he was "'attempting to verify whether or not Ms. Reguli's testimony'" that she had paid CASA the sanctions Woodruff imposed in December 2014 "'was true.'" (*Id.* at PageID# 590 (quoting Doc. No. 1-4).) Woodruff asked Layton to "'advise [him] in writing whether Ms. Reguli ha[d] in fact remitted to CASA the reimbursement [he] ordered her to pay.'" (*Id.*)

On May 11, 2022, Layton signed an affidavit drafted by McLendon, stating that "Williamson County CASA's regularly maintained business records reflect that at no time has

3

Connie Reguli paid to CASA any amount of money for any reason" and that "[t]here is no record of Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA." (*Id.* at PageID# 590 (alteration in original) (quoting Doc. No. 1-5, PageID# 79, ¶¶ 3, 4).) Reguli alleges that Woodruff sent Layton's affidavit and transcripts of the show-cause hearing to Helper for prosecution. (*Id.* (citing Doc. No. 1).)

"On August 8, 2022[,] . . . the Williamson County Circuit Court grand jury indicted Reguli on one count of aggravated perjury based on her statement in the . . . show-cause hearing that she had paid CASA the sanctioned amount of $3,145.50." (*Id.* at PageID# 591 (citing Doc. No. 1-2).) Helper signed the indictment. The court granted Reguli's motion to disqualify Helper from prosecuting the case, and Stephens was appointed to prosecute Reguli instead. (Doc. No. 52.) In response to a subpoena from Reguli's attorney, CASA produced "records, including 'a printout . . . of a report [of] miscellaneous income from 2014 to date,' showing that 'CASA had collected thousands of dollars without identifying the source of income' in an amount that 'far exceeded the amount owed by Reguli.'" (*Id.* at PageID# 592 (quoting Doc. No. 1, PageID# 30–31, ¶ 81).) Stephens eventually told the court "'that the state would *nolle prosequi* the indictment'" because Stephens had reviewed CASA's records and determined that he "'would not be able to sustain his case against Reguli.'" (*Id.* (quoting Doc. No. 1, PageID# 31, ¶ 84).) The court dismissed the indictment. (Doc. No. 52.)

### B. Procedural Background

Reguli initiated this action on June 5, 2024, by filing a complaint against CASA and against Woodruff, Helper, Stephens, Layton, and McLendon in their individual capacities, asserting claims under federal and state law. (Doc. No. 1.)

The defendants moved to dismiss Reguli's claims against them under Rule 12. (Doc. Nos. 14, 16, 33, 39.) Woodruff argued that the doctrine of absolute judicial immunity barred

Reguli's claims against him. (Doc. No. 17.) Helper and Stephens argued that the doctrine of prosecutorial immunity barred Reguli's federal claims against them and that the Court should decline to exercise supplemental jurisdiction over Reguli's state law claims against them. (Doc. No. 34.) Layton and CASA argued that Reguli lacked standing to sue them, that the doctrine of witness immunity barred Reguli's federal claims against Layton and CASA, and, in the alternative, that Reguli's complaint failed to state any claims against Layton and CASA upon which relief could be granted. (Doc. No. 40.) McLendon, appearing pro se, argued that Reguli's complaint failed to state claims against him upon which relief could be granted. (Doc. No. 14.)

Addressing the motions to dismiss, the Court found that Woodruff was entitled to judicial immunity from Reguli's claims against him and granted Woodruff's motion to dismiss. (Doc. Nos. 52, 53.) The Court found that Helper and Stephens were entitled to prosecutorial immunity from Reguli's federal claims against them and that Helper and Stephens had not argued that prosecutorial immunity barred Reguli's state law claims against them and had not shown that the Court had authority to decline jurisdiction over Reguli's state law claims while federal claims against other defendants remained pending. (Doc. No. 52.) The Court therefore granted in part and denied in part Helper and Stephens's motion to dismiss, dismissing Reguli's federal claims but allowing her state law claims against them to proceed. (Doc. No. 53.) With respect to Layton and CASA's motion to dismiss, the Court found that Reguli had standing to sue and that Layton and CASA had not carried their burden to show that Layton was entitled to absolute witness immunity from Reguli's federal claims. (Doc. No. 52.) But the Court found that all of Reguli's federal claims and some of her state claims against CASA failed to state claims on which relief could be granted, as did some of Reguli's federal and state claims against Layton. (*Id.*) The Court therefore granted in part and denied in part Layton and CASA's motion to dismiss. (Doc. No. 53.) The Court found

5

that McLendon had carried his burden to show that some, but not all, of Reguli's federal and state law claims against him failed to state claims on which relief could be granted. (Doc. No. 52.) The Court therefore granted in part and denied in part McLendon's motion to dismiss. (Doc. No. 52.)

Fourteen days after the Court entered its order resolving the defendants' motions to dismiss, Helper and Stephens filed a second motion to dismiss under Rule 12(b) (Doc. No. 57), arguing that the doctrine of prosecutorial immunity also bars Reguli's remaining state law claims against them and, alternatively, that these claims fail to state claims on which relief can be granted (Doc. No. 58). Reguli responded in opposition to the second motion to dismiss. (Doc. Nos. 66, 67, 70.) Helper and Stephens did not file an optional reply.

On the same day that Helper and Stephens filed their second Rule 12(b) motion to dismiss, Layton and CASA filed a motion asking the Court to reconsider its ruling that Layton was not entitled to witness immunity or, in the alternative, to certify the Court's ruling on witness immunity for an interlocutory appeal. (Doc. No. 59.) Reguli responded in opposition to Layton and CASA's motion for reconsideration. (Doc. Nos. 68, 69.) Layton and CASA filed a motion for leave to file a reply in support of their reconsideration motion (Doc. No. 71) and attached a proposed reply (Doc. No. 71-1). Reguli opposes Layton and CASA's motion for leave to file a Reply. (Doc. No. 74.)

McLendon answered Reguli's complaint on May 14, 2025.[2] (Doc. No. 76.)

Helper, Stephens, Layton, and CASA filed motions to stay discovery pending resolution of Helper and Stephens's second motion to dismiss and Layton and CASA's motion for

---

[2] McLendon filed his answer (Doc. No. 76) a few hours after Reguli filed a motion for default judgment against McLendon arguing that he had failed to file a timely answer to the complaint (Doc. No. 75). The Clerk of Court subsequently denied Reguli's motion for default judgment. (Doc. No. 86.)

reconsideration. (Doc. Nos. 78, 79.) Reguli responded in opposition to both motions to stay. (Doc. Nos. 80, 81.) Helper, Stephens, Layton, and CASA did not file optional replies.

On June 2, 2025, Reguli filed a motion under Federal Rule of Civil Procedure 15(a)(2) for leave to file an amended complaint that "does not add additional claims, but 'cleans up' the complaint consistent with the Court[']s" order resolving the defendants' first motions to dismiss. (Doc. No. 82, PageID# 907.) Layton and CASA responded to Reguli's motion to amend stating that they "do not oppose the concept of Reguli's conforming her complaint to the Court's ruling on the motions to dismiss," but arguing that, to avoid "unnecessary procedural complications[,]" the Court should first resolve Layton and CASA's motion for reconsideration before allowing Reguli to amend her complaint. (Doc. No. 85, PageID# 1005, ¶ 5.) Woodruff, who is no longer a party, filed a response to Reguli's motion to amend opposing the motion to the extent that "general language regarding 'Defendants' in the counts and prayer for relief [of the proposed amended complaint] could cause confusion as to the identity of the intended parties." (Doc. No. 84, PageID# 1002.) Reguli did not file an optional reply in support of her motion for leave to amend.

## II.    Analysis

### A.    Helper and Stephens's Second Rule 12(b) Motion to Dismiss

Helper and Stephens have filed a second motion to dismiss under Rule 12(b) arguing that they are entitled to prosecutorial immunity from Reguli's state law claims and, alternatively, that Reguli's state law claims fail to state claims on which relief can be granted. (Doc. Nos. 57, 58.)

Rule 12(g)(2) requires that, with certain exceptions, a party that has made a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Johnson v. UMG Recordings, Inc. ex rel. MCA Records, Inc.*, Case No. 3:17-cv-01548, 2018 WL 4111912, at *4 (M.D. Tenn. Aug. 29, 2018) (Trauger, J.) ("Rule 12(g)(2) prohibits the filing of a

successive 12(b) motion based on a defense 'that was available to the party but omitted from its earlier motion.'" (quoting Fed. R. Civ. P. 12(g)(2))). Thus, Rule 12(g)(2) "contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1385 (3d ed. suppl. Nov. 2025); *see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n.3 (6th Cir. 1978) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1384 (1969)). This requirement "is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding the piecemeal consideration of pretrial motions." *Rauch*, 576 F.2d at 701; *see also* 5C Wright & Miller, *Federal Practice and Procedure* § 1384 (3d ed. suppl. Nov. 2025) ("[T]he objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage."). "'Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.'" *Rauch*, 576 F.2d at 701 n.3 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1384 (1969)). Instead, defendants who omit available defenses under Rule 12(b)(6) from a first motion to dismiss "are left with pursuing similar relief via other mechanisms, such as a Rule 12(c) motion filed after the eventual filing of their answer to the . . . [c]omplaint." *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F. Supp. 2d 818, 824 (S.D. Ohio 2012); *see also* Fed. R. Civ. P. 12(h)(2)(A)–(C) (providing that "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial").

"This one-bite-at-the-apple approach applies here." *BAC Home Loans Servicing LP*, 848 F. Supp. 2d at 823. Helper and Stephens's first Rule 12(b) motion to dismiss raised prosecutorial immunity as a defense to Reguli's federal claims against them. (Doc. Nos. 33, 34.) But, as the

Court found in addressing Helper and Stephens's first motion, Helper and Stephens did "not argue that the state law claims against them [were] subject to dismissal based on prosecutorial immunity." (Doc. No. 52, PageID# 606 n.7.) Nor did Helper and Stephens argue that Reguli's state law claims against them failed to state claims on which relief could be granted. Instead, as the Court noted, "Helper and Stephens's only argument for dismissal of Reguli's state law claims . . . [was] that the [C]ourt should decline to exercise supplemental jurisdiction over" them once it dismissed Reguli's federal claims. (*Id.* at PageID# 624.) The Court rejected that argument.

Helper and Stephens's second motion to dismiss argues that Reguli's remaining state law claims against them fail to state claims on which relief can be granted, but Helper and Stephens have not addressed Rule 12(g)(2)'s prohibition on successive pre-answer Rule 12(b) motions to dismiss. Helper and Stephens "could and should have included their attack on" Reguli's state law claims "as part of their initial Rule 12(b)(6) motion." *BAC Home Loans Servicing LP*, 848 F. Supp. 2d at 823–24. The Court should therefore find that Rule 12(g)(2) bars Helper and Stephens's second Rule 12(b) motion and should deny the motion on this ground. *See id.*; Fed. R. Civ. P. 12(g)(2).

### B. Layton and CASA's Motion for Reconsideration and Motion for Leave to File a Reply

Layton and CASA filed a motion for reconsideration of the Court's ruling that Layton is not entitled to absolute witness immunity (Doc. No. 59) and filed a motion for leave to file a reply in support of their motion for reconsideration (Doc. No. 71).

This Court's Local Rules provide that parties may file "[a]n optional reply memorandum . . . within seven (7) days after service of the response" to a motion. M.D. Tenn. R. 7.01(a)(4) (reply). Layton and CASA filed their motion for leave and proposed reply (Doc. Nos. 71, 71-1) five days after Reguli filed her response in opposition to their motion for reconsideration. (Doc.

Nos. 68–70.) Layton and CASA therefore do not need the Court's leave to file a reply. Their

motion for leave to file a reply (Doc. No. 71) should be found moot, and the Court will consider

Layton and CASA's reply (Doc. No. 71-1) in recommending disposition of their motion to

reconsider.

> Federal Rule of Civil Procedure 54 provides that:
>
> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "The Sixth Circuit recognizes that '[d]istrict courts have authority both under

common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case

before entry of final judgment.'" *Smith v. CoreCivic, Inc.*, 618 F. Supp. 3d 695, 699 (M.D. Tenn.

2022) (Trauger, J.) (alteration in original) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare

Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)); *see also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th

Cir. 1991) ("A district court may modify, or even rescind, such interlocutory orders."); *In re Life

Invs. Ins. Co. of Am.*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) ("[A] district court may always

reconsider and revise its interlocutory orders while it retains jurisdiction over the case."). "This

authority allows district courts 'to afford such relief from [interlocutory orders] as justice

requires.'" *Rodriguez*, 89 F. App'x at 959 (alteration in original) (quoting *Citibank N.A. v.

F.D.I.C.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). Typically, "courts will find justification for

reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law;

(2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."

*Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)

(alteration in original) (quoting *Rodriguez*, 89 F. App'x at 959). "This standard [ ] vests significant

discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n.7.

Here, Layton and CASA argue that the Court should reconsider its finding that Layton is

not entitled to absolute witness immunity "to correct a clear error of law and to prevent manifest

injustice." (Doc. No. 60, PageID# 664.) Specifically, Layton and CASA argue that the Court's

determination that Layton is not entitled to absolute witness immunity from Reguli's federal claims

conflicts with the Supreme Court's opinion in *Rehberg v. Paulk*, 566 U.S. 356 (2012), and with

Sixth Circuit precedent including *Alioto v. City of Shively*, 835 F.2d 1173 (6th Cir. 1987). (Doc.

No. 60.)

Layton and CASA's motion to dismiss argued that Layton was entitled to witness

immunity, and the Court analyzed those arguments as follows:

> Layton argues that she is entitled to absolute immunity from Reguli's
> federal claims because "Layton's affidavit was witness testimony presented to the
> grand jury." (Doc. No. 40 at 17.) "It is well settled that witnesses are granted
> absolute immunity from suit for all testimony provided in judicial proceedings."
> *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*,
> 460 U.S. 325, 330–31 (1983)). Specifically, the Supreme Court has held that a
> witness testifying at trial or before a grand jury "has absolute immunity with respect
> to any [§ 1983] claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S.
> 356, 367 (2012). This immunity extends to witness testimony, "no matter how
> egregious or perjurious that testimony was alleged to have been." *Moldowan v. City
> of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (quoting *Spurlock*, 167 F.3d at 1001).
>
> There is a difference, however, between "a 'complaining witness'" in "an
> *ex parte* proceeding" and "a 'testifying witness.'" *Vakilian v. Shaw*, 335 F.3d 509,
> 516 (6th Cir. 2003). While "a 'testifying' witness" subject to the adversary process
> inherent in a trial" "is protected by absolute immunity," "a 'complaining' witness,
> such as one who might operate outside that process (*e.g.*, at an *ex parte* hearing) to
> unfairly bring legal process to bear against another party," "is not." *Heithcock v.
> Tenn. Dep't of Child.'s Servs.*, No. 3:14-CV-2377, 2015 WL 4879107, at *6 (M.D.
> Tenn. Aug. 14, 2015) (first citing *Vakilian*, 335 F.3d at 516; and then citing *Kalina
> v. Fletcher*, 522 U.S. 118, 129–31 (1997)). Moreover, "[t]he simple fact that acts
> may ultimately lead to witness testimony does not serve to cloak these actions with
> absolute testimonial immunity." *Spurlock*, 167 F.3d at 1001. "[A]bsolute
> testimonial immunity does not 'relate backwards' to 'protect [a defendant] for any
> activities he allegedly engaged in prior to taking the witness stand for his grand jury
> testimony.'" *Id.* (second alteration in original) (quoting *Mastroianni v. Bowers*, 160
> F.3d 671, 677 (11th Cir. 1998)).

Layton argues that absolute witness immunity shields her from Reguli's § 1983 claims because her "affidavit was witness testimony presented to the grand jury." (Doc. No. 40 at 17.) But Layton has not addressed Reguli's allegations that Layton created the affidavit and provided it to Woodruff well before any criminal proceedings were initiated. The Supreme Court has never "suggest[ed] that absolute immunity extends to all activity that a witness conducts outside of the grand jury room." *Rehberg*, 566 U.S. at 370 n.1. Indeed, the Supreme Court has "accorded only qualified immunity to law enforcement officials who falsify affidavits and fabricate evidence concerning an unsolved crime." *Id.* (first citing *Kalina*, 522 U.S. at 129–31; then citing *Malley v. Briggs*, 475 U.S. 335, 340–45 (1986); and then citing *Buckley* [*v. Fitzsimmons*], 509 U.S. [259,] 272–76 [(1993)]). Layton offers no authority to support a finding that, because Helper eventually presented Layton's affidavit to a grand jury, absolute testimonial immunity should "relate backwards" to protect Layton from Reguli's § 1983 claims regarding the affidavit's creation. *Spurlock*, 167 F.3d at 1001 (quoting *Mastroianni*, 160 F.3d at 677). Layton therefore has not carried her burden to show that she is entitled to absolute immunity from Reguli's § 1983 claims.

(Doc. No. 52, PageID# 608–10 (most alterations in original).)

In support of their motion for reconsideration, Layton and CASA argue, for the first time, that Layton should not be considered a complaining witness because "a 'complaining witness'" traditionally "performed the function of 'applying for an arrest warrant' or 'mak[ing] the critical decision to initiate a prosecution.'" (Doc. No. 60, PageID# 669 (alteration in original) (quoting *Rehberg*, 566 U.S. at 371).) Layton and CASA argue that, unlike Layton's affidavit here, the affidavits at issue in *Kalina*, *Malley*, and *Vakilian*, were affidavits presented in support of applications for arrest warrants. (Doc. No. 60.) Layton and CASA argue that it is "'anomalous'" and unjust for the Court to deny Layton immunity while granting immunity to Woodruff, who solicited the affidavit and provided it to Helper, and to Helper, who made the decision to prosecute Layton. (*Id.* at PageID# 671 (quoting *Rehberg*, 566 U.S. at 372).)

Layton and CASA could and should have made these arguments in their motion to dismiss. However, the argument they now make that the allegations in Reguli's complaint do not support a reasonable inference that Layton acted as a complaining witness here because she was not the one who "set the wheels of government in motion by instigating a legal action" against Reguli has

merit. *Wyatt v. Cole*, 504 U.S. 158, 164–65 (1992); *see also Rehberg*, 566 U.S. at 371 (quoting *id.*). That role was played by Woodruff and Helper, to whom the Court has already granted absolute immunity for their actions. In this circumstance, the Court should now find that Layton and CASA have shown that Layton should be entitled to witness immunity from Reguli's federal claims against her.

Layton and CASA argue generally that "[t]he Court should dismiss all claims against" them "under the doctrine of absolute witness immunity." (Doc. No. 60, PageID# 672.) But Layton and CASA have not addressed Tennessee law governing witness immunity. Instead, Layton and CASA appear to have "le[ft] it to the court to seek out the relevant law, identify the relevant [allegations], and develop their argument for them." *Brenay v. Schartow*, 709 F. App'x 331, 336 (6th Cir. 2017). "But ours is an adversarial system in which 'it is improper for the courts' to 'flesh out the parties' arguments for them.'" *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) (quoting *Brenay*, 709 F. App'x at 337). "[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves." *Brenay*, 709 F. App'x at 337.

The Court already declined to dismiss Reguli's state law claims against Helper and Stephens based on Helper and Stephens's failure to argue that the state law claims against them were subject to dismissal on the ground of prosecutorial immunity. (Doc. No. 52.) Similarly, Layton and CASA have not carried their burden to show that witness immunity bars Reguli's remaining state law claims against them.

Layton and CASA's motion for reconsideration should be granted in part and denied in part on these grounds.

## C.    The Defendants' Motions to Stay

In light of the recommended rulings on Helper and Stephens's second motion to dismiss and Layton and CASA's motion to reconsider, the motions to stay discovery pending resolution of these motions may be found moot.

## D.    Reguli's Motion for Leave to Amend Her Complaint

Reguli moves for leave to amend her complaint to conform to the Court's March 28, 2025 ruling granting in part and denying in part the defendants' first motions to dismiss. (Doc. No. 82.) Because this Report and Recommendation recommends reconsidering one aspect of the Court's ruling, the Court should deny Reguli's motion for leave to amend without prejudice to refiling after the Court determines which of Reguli's claims will continue.

## III.    Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that:

- Helper and Stephens's second Rule 12(b) motion (Doc. No. 57) be DENIED;

- Layton and CASA's motion for leave to file a reply in support of their motion for reconsideration (Doc. No. 71) be FOUND MOOT;

- Layton and CASA's motion for reconsideration (Doc. No. 59) be GRANTED IN PART AND DENIED IN PART;

- Helper and Stephens's motion to stay (Doc. No. 78) and Layton and CASA's motion to stay (Doc. No. 79) be FOUND MOOT; and

- Reguli's motion for leave to file an amended complaint (Doc. No. 82) be DENIED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of December, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge