# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:24-cv-00694** |
| **JOESEPH A. WOODRUFF** *et al.*, | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Plaintiff Connie Reguli, a lawyer proceeding *pro se*, filed a Complaint in June 2024, asserting claims under 42 U.S.C. § 1983 and state law against defendants Joseph A. Woodruff, the Estate of Kimberly Helper, John Stephens, Dana McLendon, Emily Layton, and Williamson County CASA, Inc. ("CASA"), alleging that the defendants engaged in a "series of due process violations resulting in the vindictive and bad faith prosecution of the plaintiff" in the Circuit Court for Williamson County, Tennessee. (Doc. No. 1 at 1.) In March 2025, the court granted defendant Woodruff's Motion to Dismiss on the grounds of judicial immunity and granted in part and denied in part dismissal motions filed by McLendon, Helper jointly with Stephens, and Layton jointly with CASA. (Doc. Nos. 52, 53.)

The parties filed a number of motions in response to that ruling, including (1) a second Motion to Dismiss (Doc. No. 57) under Rule 12(b)(6) filed by defendants Helper and Stephens (the "DA defendants"), addressing Reguli's remaining state law claims against them; (2) a Motion to Reconsider, filed by defendants Layton and CASA (the "CASA defendants"), asking the court to reconsider its finding that these defendants did not carry their burden to show that Layton is

entitled to absolute witness immunity from Reguli's federal claims, and alternative Motion for Certification Under 28 U.S.C. § 1292(b) (Doc. No. 59), and a related Motion for Leave to File Reply to Plaintiff's Response to Motion for Reconsideration (Doc. No. 71); (3) Motions to Stay Discovery (Doc. Nos. 78, 79) filed by the DA defendants and the CASA defendants, pending the court's resolution of the DA defendants' second Motion to Dismiss and the CASA defendants' Motion for Reconsideration; and (4) a Motion to File the First Amended Complaint ("Motion to Amend") (Doc. No. 82) by Reguli, with the proposed amended pleading attached thereto (Doc. No. 82-1), in which she seeks to "'clean[] up' the complaint" to conform to the court's Order granting in part and denying in part the defendants' first round of Motions to Dismiss, while "reserving all issues previously raised" in her responses to the Rule 12 motions (Doc. No. 81 at 2).

The Magistrate Judge to whom this matter was referred pursuant to 28 U.S.C. § 636(b) has now entered a Report and Recommendation ("R&R") under Rule 72(b) of the Federal Rules of Civil Procedure, recommending that the CASA defendants' Motion for Reconsideration be granted in part and denied in part; that the DA defendants' second Motion to Dismiss be denied; that the CASA defendants' Motion for Leave to File Reply[1] and the defendants' Motions to Stay be found moot; and that Reguli's Motion to Amend be denied without prejudice. (Doc. No. 93 at 14.)

Now before the court are the plaintiff's Objections to the recommendation that the CASA defendants' motion be granted in part (Doc. No. 95); the CASA defendants' Partial Objection to that part of the R&R recommending that their motion be denied (Doc. No. 98); and the DA

---

[1] Although the plaintiff opposes the CASA defendants' Motion for Leave to File Reply (*see* Doc. No. 74), the R&R recommends that the motion be found moot, as the proposed Reply was filed within the time allotted by this court's Local Rule 7.01(a)(4), and the defendants did not need the court's leave to file a reply. (*See* Doc. No. 93 at 9–10.) The Magistrate Judge considered the Reply in recommending disposition of the Motion for Reconsideration (*see id.*), and the plaintiff has not objected to this finding. The court, therefore, will deny the Motion for Leave to File Reply as moot.

defendants' Objection to the recommendation that their second Motion to Dismiss be denied (Doc. No. 99). The CASA defendants filed a Response (Doc. No. 100) to the plaintiff's Objections, and the plaintiff filed a Response to both sets of Objections filed by the defendants (Doc. Nos. 101, 102).

For the reasons set forth herein, the court will, for the most part, reject the R&R. Specifically, the court will (1) deny the Motion to Reconsider, but grant the CASA defendants' alternative Motion for Certification Under 28 U.S.C. § 1292(b); and (2) address the merits of the DA defendants' second Motion to Dismiss, in the interest of judicial economy, and grant that motion. Because no objections were raised, the court will accept the recommendation to deny as moot the Motions to Stay and the CASA defendants' Motion for Leave to File Reply. In light of the rulings herein, the court will deny without prejudice the plaintiff's Motion to Amend.

## I.        STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2) authorizes a party to file objections within fourteen days after being served with a magistrate judge's report and recommendation on a dispositive matter. The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley*

*v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

## II.    DISCUSSION

This Memorandum presumes familiarity with the facts alleged in the Complaint (as summarized in the court's Memorandum issued on March 28, 2025 (*see* Doc. No. 52) and the R&R (Doc. No. 93 at 2–4)) and with the lengthy and complex procedural history of the case (*see id.* at 4–7). This background will be summarized herein only to the extent necessary to provide context for the pending motions and objections.

### A.    The CASA Defendants' Motion to Reconsider [District Court's] Ruling on Witness Immunity

#### 1.    Background

The CASA defendants initially moved to dismiss the claims against them under Rule 12(b)(1) and (6), arguing that Reguli lacks standing to sue them, that Layton is entitled to absolute witness immunity, and, alternatively, that the Complaint fails to state a claim against them for which relief may be granted. (Doc. No. 40.) This court rejected the standing argument. Regarding Layton's argument that she was shielded by absolute witness immunity from liability arising from her preparation of the affidavit on which the claims against her are based ("Affidavit") (Doc. No. 1-5), the court first observed that there is a difference between a "complaining witness" and a "testifying witness." (Doc. No. 52 at 30–31 (citing *Vakilian v. Shaw*, 335 F.3d 509, 516 (6th Cir. 2003)).) The court found that Layton had not "addressed Reguli's allegations that Layton created

the affidavit and provided it to [defendant Judge] Woodruff well before any criminal proceedings were initiated" and had "offer[ed] no authority to support a finding that, because Helper [may have] eventually presented Layton's affidavit to a grand jury, absolute testimonial immunity should 'relate backwards' to protect Layton from Reguli's § 1983 claims regarding the affidavit's creation." (*Id.* at 31 (quoting *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999)).) The court therefore denied the motion for dismissal based on absolute immunity, while noting that Layton had not moved for dismissal based on qualified immunity. (*Id.* at 32 & n.8.) Having denied immunity, the court considered the sufficiency of the pleading and dismissed the § 1983 claims against CASA and the state malicious prosecution and abuse of process claims against both CASA defendants, for failure to state a claim for which relief could be granted. (*See* Doc. No. 52.)[2]

The CASA defendants move for reconsideration of this court's denial of absolute witness immunity to Layton (Doc. No. 59), arguing that Layton should not be considered a "complaining witness" and that the court's failure to accord immunity "runs squarely against the Supreme Court's unanimous holding in *Rehberg v. Paulk*, 566 U.S. 356 (2012), and Sixth Circuit law dating back at least to *Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987)" (Doc. No. 60 at 1, 6). In the alternative, they ask the court to certify the ruling on witness immunity for an interlocutory appeal.[3]

---

[2] This ruling left intact the § 1983 claims against Layton and the state law claims for intentional infliction of emotional distress (Count X) and civil conspiracy (Count XII) against both CASA and Layton. (*See* Doc. No. 52 at 47–53.)

[3] The Motion to Reconsider is addressed to a ruling by the district court, not the Magistrate Judge, and the motion was not referred to the Magistrate Judge for a report and recommendation. Nevertheless, the Magistrate Judge included her recommended ruling on this motion in the R&R, and no party objected to it on that basis. Since this court examines the R&R's proposed ruling on this motion *de novo*, this administrative error is of no significance.

The R&R notes that the CASA defendants' argument that Layton was not a "complaining witness" under federal law because she did not apply for an arrest warrant or decide to initiate the prosecution could and should have been raised in their Motion to Dismiss—but also finds that the argument has merit. (Doc. No. 93 at 12–13.) Specifically, the R&R finds that the allegations in the Complaint do not give rise to an inference that Layton was the individual who "set the wheels of government in motion by instigating a legal action" against Reguli. (*Id* at 13 (citing *Wyatt v. Cole*, 504 U.S. 158, 164–65 (1992); *Rehberg*, 566 U.S. at 371).) Instead, according to the Magistrate Judge, Woodruff and Helper played that role but have been accorded absolute immunity for their actions. Under these circumstances, the R&R recommends that Layton be accorded witness immunity from Reguli's federal claims against her. (*Id.*) Further, however, the R&R finds that the CASA defendants argued only very broadly that the court should dismiss all claims against Layton, without addressing Tennessee law governing witness immunity from state law claims. (*Id.*) Accordingly, the R&R recommends that the Motion to Reconsider be denied with respect to the remaining state law claim for intentional infliction of emotional distress and civil conspiracy.

Reguli objects to the recommendation that absolute witness immunity be accorded Layton, arguing that the R&R inconsistently applies Rule 12(g)(2) to the DA defendants' second Motion to Dismiss but then considers on the merits a new argument raised for the first time in the CASA defendants' Motion to Reconsider. (Doc. No. 95 at 4.) She contends that the R&R should be rejected on this basis alone, but she also argues on the merits that Layton is not entitled to absolute witness immunity under the factual circumstances of this case. (*Id.* at 6–7.) The CASA defendants respond that Reguli's Objections simply reprise arguments she made in response to the original Motion to Reconsider.

In their own Partial Objection, the CASA defendants acknowledge that they failed to address Tennessee law regarding immunity in their motion and concede that the court is within its discretion to decline to address it now. (Doc. No. 87 at 4.) They further argue, however, that the court should, in the interest of judicial economy, exercise its discretion to recognize that Tennessee witness immunity law is consistent with federal law. (*Id.*) Reguli responds that Layton is not entitled to witness immunity under either federal or state law. (Doc. No. 101.)

>    2.    *Discussion*

A motion to reconsider is not equivalent to a second motion to dismiss, the plaintiff's arguments to the contrary notwithstanding. Although the CASA defendants argue for the first time in their Motion to Reconsider that Layton should not be considered a complaining witness, this court, in fact, raised the issue first by analogizing Layton's position to that of a complaining witness in its Memorandum ruling on the Motion to Dismiss. (Doc. No. 52 at 30–31.) The court, therefore, will review *de novo* the issue of whether Layton is entitled to absolute witness immunity. And, on such *de novo* review, the court finds that the facts as alleged in the Complaint, viewed in the light most favorable to the plaintiff, indicate that, while Layton was not formally a complaining witness, her Affidavit (elicited by Woodruff) apparently functioned as a complaint that set in motion the wheels of government and led directly to Reguli's indictment.

The Layton Affidavit was produced in response to Woodruff's sending Layton a letter on April 29, 2022 asking her to advise him as to whether Reguli had testified truthfully in his court when she confirmed that she had paid the sanctions he had imposed on her in a different matter in December 2014. (Doc. No. 1-4.) Although the Affidavit has a case caption from the public records case Reguli had filed in the Williamson County Chancery Court, *In Re: Public Records Request on Williamson County*, No. 22 CV 51292 (*see* Doc. No. 1-2), the Affidavit was not filed or used in that case (which had apparently terminated before the Affidavit was prepared), and Reguli did

not learn about it until she subpoenaed records in this case. (Doc. No. 1 ¶¶ 48, 65, 66.) The Complaint alleges that Woodruff gave the Affidavit to Helper. (*Id.* ¶ 21.) The Complaint asserts that Woodruff's letter and Layton's response—*i.e.*, her Affidavit—were the "impetus for the fraudulent prosecution against [Reguli]." (*Id.* ¶ 48; *see also id.* ¶ 13 ("This affidavit was intentionally false and misleading and was used by Woodruff and Helper to cause an indictment against Reguli.").)

The law is clear that witness immunity, when appropriate, applies in both civil and criminal cases. *See Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 653 (6th Cir. 2011) ("It is well settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." (quoting *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999))). This immunity applies "no matter how egregious or perjurious" the testimony. *Id.* In addition, the "form of the witness testimony"—that is, whether it is by affidavit, deposition, or live testimony in a courtroom—"should not affect the status of the immunity attached thereto." *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 440 (6th Cir. 2006). At the same time, a witness, whether public or private, "testifying as a complaining witness has no immunity for her testimony." *Id.* at 444.

In *Todd*, the witness was a law firm that, in accordance with Ohio law, "initiated proceedings to garnish Plaintiff's bank account" by filing an affidavit in state court, attesting (falsely) that the "affiant ha[d] a reasonable basis to believe that the person named in the affidavit as the garnishee may have property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States." *Id.* at 435. Based on this affidavit, the court froze funds in the plaintiff's bank account. The Sixth Circuit found that the submission of this affidavit was equivalent to the law firm's testifying as a "complaining witness" and, therefore,

that the law firm was not entitled to absolute witness immunity. *Id.* at 446; *see id.* at 438 ("[A] complaining witness was liable at common law for making a complaint with malice and without probable cause."). As the court explained, absolute immunity is reserved "for individuals when they functionally serve as 'integral parts of the judicial process,' such as judges, advocates, and witnesses in their ordinary judicial roles." *Id.* at 447 (quoting *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)); *accord Malley v. Briggs*, 475 U.S. 335, 340–41 (1986) (finding that police officers who seek an arrest warrant with an affidavit based on deficient probable cause are not absolutely immune).

Like complaining police officers, expert witnesses who conspire with law enforcement to create expert reports that are used to support probable cause and the initiation of prosecution are not entitled to absolute witness immunity. *See, e.g.*, *Stinson v. Gauger*, 868 F.3d 516, 528–29 (7th Cir. 2017) ("[I]f a prosecutor does not have absolute immunity for investigating the case, it follows that an expert witness does not either."). Thus, for example, in *Del Prete v. Village of Romeoville*, No. 17-cv-6145, 2025 WL 446260 (N.D. Ill. Feb. 10, 2025), the district court denied a motion to dismiss filed by an expert who allegedly conspired with police officers to fabricate evidence against the plaintiff by authoring "a false medical report that was ultimately provided to prosecutors and used to charge and convict [the plaintiff]." *Id.* at *2–3. The court found that the plaintiff's allegations were sufficient to show that the expert "commenced" a judicial proceeding against the plaintiff and that absolute witness immunity did not apply to the preparation of the false report.

In this case, the Layton Affidavit was created outside the "public records" case, which had nothing to do with Reguli's payment of sanctions eight years previously and had terminated before Woodruff contacted Layton. It was created prior to Layton's contact with prosecutors and prior to

the institution of the criminal proceedings for perjury. Thus, the Affidavit was obviously not created as part of Layton's preparation to testify before the Grand Jury or as part of a conspiracy to present false testimony to the Grand Jury. Moreover, Layton was not simply a witness before the Grand Jury. If the plaintiff's claim were based solely on Layton's testimony before the Grand Jury, or even the submission of her Affidavit to the Grand Jury, Layton would, without question, be entitled to absolute immunity. Here, instead, the Affidavit was allegedly the event that set in motion the prosecution against Reguli—it was effectively part of an investigation (by Layton at Woodruff's request) that ultimately led the prosecutor to present charges to the Grand Jury. In other words, Layton's Affidavit is comparable to an affidavit created by a police officer for the purpose of obtaining an arrest warrant, as in *Malley*, or to an expert witness's report prepared by an expert collaborating with police officers at the investigative stage of a prosecution. The Affidavit, in this sense, was not testimonial, because it was not tied to any court testimony. Absolute immunity does not attach in this situation.

The court, in short, will reject the R&R insofar as it recommends reconsideration of this court's Order denying absolute witness immunity to Layton based on her creation of an intentionally or recklessly false Affidavit in May 2022. Finding the plaintiff's Objection to have merit, the court will deny the CASA defendants' Motion to Reconsider. Because the CASA defendants' Partial Objection argues only that the same immunity analysis would apply to both the federal and state claims against Layton, the court has no need to consider the issue of Layton's immunity from the state law claims under Tennessee law (raised for the first time in their Motion to Reconsider). Their Partial Objection will be overruled.

## B.     The CASA Defendants' Alternative Motion for § 1292(b) Certification

Because she recommended granting the CASA defendants' Motion to Reconsider, the Magistrate Judge did not reach their alternative Motion for Certification Under 28 U.S.C.

§ 1292(b). (Doc. No. 59.)[4] In addition, because the Magistrate Judge did not reach the question, neither party addressed it in their respective Objections, but they did brief the issue, with the plaintiff opposing the alternative motion and further positing that, even if the court certifies the matter for an interlocutory appeal, it should not stay discovery. The court will address this issue now.

The district court may certify an order for an interlocutory appeal if the judge is "of the opinion" that "[1] the order involves a controlling question of law [as] to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (emphasis omitted) (quoting 28 U.S.C. § 1292(b)). Even when these criteria are met, the district court has discretion to deny a request for certification. *In re Roman Cath. Diocese of Albany, New York, Inc.*, 745 F.3d 30, 36 (2d Cir. 2014); *see also Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021) (citing *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019)).

The application of absolute witness immunity under the facts alleged here is a question of law, and it is "controlling" in the sense that its resolution "could materially affect the outcome of

---

[4] The defendants do not contend that denial of absolute witness immunity is immediately appealable as of right under 28 U.S.C. § 1291. The Sixth Circuit has held that "the denial of a defense of absolute witness immunity generally is not immediately appealable because the 'lack of interlocutory appeal from denials of witness immunity does not imperil [a] substantial public interest.'" *Moldowan v. City of Warren*, 578 F.3d 351, 371 (6th Cir. 2009) (some internal quotation marks omitted) (quoting *Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 949 (6th Cir. 2006)). The Sixth Circuit has held that such appeals are immediately appealable in some circumstances, however. *See id.* at 371–73. Some circuits have held that denials of absolute witness immunity are immediately appealable under § 1291. *See, e.g.*, *Annappareddy v. Pascale*, 996 F.3d 120, 132 (4th Cir. 2021) ("[D]enials of absolute immunity are immediately appealable under 28 U.S.C. § 1291 and the collateral order doctrine."); *Tennison v. City & Cnty. of San Francisco*, 570 F.3d 1078, 1081 (9th Cir. 2009) (same).

the case." *In re Trump*, 874 F.3d at 951 (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)). If this court's conclusion is incorrect, and Layton is found on appeal to be absolutely immune from liability based on her creation of the Affidavit, a post-trial appeal would mean that Layton's immunity from suit has already been "irretrievably lost." *Moldowan*, 579 F.3d at 373. Moreover, if immunity does attach, it will apply to both the federal and state claims against Layton, and to CASA as well, because, under Tennessee law, an employer cannot be vicariously liable "when the agent is immune from suit, either by statute or by the common law." *Ultsch v. HTI Mem'l Hosp. Corp.*, 674 S.W.3d 851, 855 (Tenn. 2023).

While the court is persuaded that the denial of absolute witness immunity is correct under the facts presented here, the question is also one as to which there is a substantial ground for difference of opinion, as vividly illustrated by the fact that the Magistrate Judge took the opposite view. In addition, the court has been unable to locate factually similar cases in which absolute witness immunity was an issue. Finally, in view of the dismissal of the claims against Woodruff on the grounds of absolute judicial immunity and the dismissal of all claims against the DA defendants on the grounds of prosecutorial immunity, as discussed below (leaving only the non-dismissed claims against the CASA defendants and attorney McLendon), it seems likely that an immediate appeal may materially advance the termination of this litigation.

The court, therefore, will grant the CASA defendants' alternative Motion for Certification Under 28 U.S.C. § 1292(b).

## A.     The DA Defendants' Second Motion to Dismiss

Former District Attorney General Kim Helper, who is now deceased, and Assistant District Attorney John Stephens argued in their first Motion to Dismiss that the doctrine of prosecutorial immunity barred Reguli's federal claims against them and that the court should decline to exercise supplemental jurisdiction over the state law claims against them. This court found that the DA

defendants were entitled to prosecutorial immunity from the federal claims but that they had not argued that they were entitled to immunity from the state law claims and had not shown that the court had authority to decline to exercise supplemental jurisdiction over the state law claims while federal claims against other defendants remained pending. The court therefore granted in part and denied in part their first Motion to Dismiss. (*See* Doc. No. 52 at 46–47.)

Shortly after entry of that ruling, the DA defendants filed their second Motion to Dismiss, in support of which they argue that the doctrine of prosecutorial immunity bars Reguli's state law claims against them and, alternatively, that the Complaint fails to state colorable state law claims against them for which relief may be granted. (Doc. Nos. 57, 58.) Reguli opposes the motion. (*See* Doc. Nos. 66, 67, 70.)

The R&R recommends that the motion be denied based on an issue the plaintiff did not raise: that the "one-bite-at-the apple-approach" established by Rule 12(g)(2) generally requires that a party who has made a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Johnson v. UMG Recordings, Inc. ex rel. MCA Records, Inc.*, No. 3:17-cv-01548, 2018 WL 4111912, at *4 (M.D. Tenn. Aug. 29, 2018) ("Rule 12(g)(2) prohibits the filing of a successive 12(b) motion based on a defense 'that was available to the party but omitted from its earlier motion.'" (quoting Fed. R. Civ. P. 12(g)(2))). The DA defendants have lodged a single Objection to the R&R, arguing that Rule 12(g)(2) should not apply here, because they actually raised the defense of prosecutorial immunity in their first motion and are arguing here only that the defense should be extended to the state law claims against them as well. (Doc. No. 99.) They do not dispute that the immunity defense to the state law claims was available to them at the time they filed their first Motion to Dismiss.

A claim of prosecutorial immunity is properly raised in a Rule 12(b)(6) motion to dismiss. *Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 301 (6th Cir. 2015) (citing *Barr v. Gee*, 437 F. App'x 865, 876 (11th Cir. 2011) (per curiam)). Several decisions from this district have come to the same conclusion as the Magistrate Judge here and concluded that, in situations like this one, the plain language of Rule 12(g)(2) requires the denial of a successive Rule 12(b)(6) motion to dismiss as procedurally improper. *See, e.g.*, *Novo Nordisk, Inc. v. DCA Pharmacy*, 745 F. Supp. 3d 626, 631 (M.D. Tenn. 2024) (Crenshaw, J.); *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, 615 F. Supp. 3d 750, 779–80 (M.D. Tenn. 2022) (Richardson, J.), *aff'd in part, rev'd in part on other grounds and remanded*, No. 23-5538, 2024 WL 2874575 (6th Cir. June 7, 2024); *Hamm v. Wyndham Resort Dev. Corp.*, No. 3:19-CV-00426, 2020 WL 5995050, at *3 (M.D. Tenn. Oct. 9, 2020) (finding waiver of the defenses of lack of personal jurisdiction and improper venue for failure to raise them in initial motion to dismiss).[5] Other district courts have declined to strictly apply Rule 12(g)(2) to a successive Rule 12(b)(6) motion and have been willing to address the merits of the motion, "where doing so would better serve the purpose underlying subdivision (g)" and "[w]here there is no evidence that a successive Rule 12 motion would create an unjust delay or facilitate an abuse in motion practice." *Novo Nordisk*, 745 F. Supp. 3d at 631 (first quoting *Blick v. Ann Arbor Pub. Sch. Dist.*, No. 19-12127, 2021 WL 10132110, at *2 (E.D. Mich. Sept. 30, 2021); then quoting *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2010 WL 3476242, at *4

---

[5] Rule 12(h)(2) allows a failure-to-state-a-claim defense under 12(b)(6) that is not asserted in the first motion to dismiss under Rule 12 to be raised later, "but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial." A defense of prosecutorial immunity, because it is properly raised under Rule 12(b)(6), is therefore not invariably waived by the failure to raise it in a first motion to dismiss. Under Rule 12(h)(2), such a defense "may be brought in a subsequent pleading, motion for judgment on the pleadings, or at trial on the merits." *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 693 (6th Cir. 2018) (quoting *English v. Dyke*, 23 F.3d 1086, 1091 (6th Cir. 1994)).

(E.D. Mich. Sept. 2, 2010)). The Third, Ninth, and Tenth Circuits have also expressed a willingness to "forgive" a district court's choice to consider a late-filed Rule 12(b)(6) motion. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318–19 (9th Cir. 2017); *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321–22 (3d Cir. 2015); *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 702 (10th Cir. 2014). And this court, in a case related to the one at bar, has overlooked a Rule 12(g)(2) error to grant a second motion to dismiss under essentially identical circumstances to those presented here, where the plaintiff did not raise the issue of Rule 12(g). *See* Order, *Reguli v. Hetzel*, No. 3:24-cv-00541 (M.D. Tenn. May 22, 2025), ECF No. 68.

While the recommendation that the DA defendants' successive Motion to Dismiss be denied based on Rule 12(g) is in accordance with the plain language of the Rule, the court finds that judicial economy clearly weighs in favor of considering the merits of the motion now, rather than waiting for the DA defendants to file a nearly identical and obviously meritorious post-answer Rule 12(c) motion later, particularly given the procedural posture of this case.

Here, in addition to the federal claims from which the DA defendants have absolute prosecutorial immunity, the plaintiff asserts state claims for malicious prosecution, intentional infliction of emotional distress, abuse of process, and civil conspiracy to commit these torts. (Doc. No. 1.) These claims, however, are premised upon the same factual allegations that support the plaintiff's § 1983 claims. Specifically, the plaintiff alleges that Woodruff sent Layton's Affidavit to Helper and that Helper presented that evidence to the grand jury, signed the indictment, moved for a protective order to prevent Reguli from publicly disclosing certain evidence, and generally pursued litigation against Reguli, despite knowing that it was based on fabricated evidence. Reguli further alleges that, after Helper was disqualified from the perjury case and Stephens was appointed, Stephens continued to pursue the prosecution, even though he knew it was based on

fabricated evidence. (*See generally* Doc. No. 1; *see also* Doc. No. 70 at 1–2 (plaintiff's summary of the factual allegations).)

Under Tennessee law, a district attorney or assistant district attorney is "entitled to a prosecutor's absolute immunity from damages arising from his initiation and pursuit of a prosecution and in presenting the State's case." *Simmons v. Gath Baptist Church*, 109 S.W.3d 370, 374 (Tenn. Ct. App. 2003) (citing *Willett v. Ford*, 603 S.W.2d 143 (Tenn. Ct. App. 1980); *Imbler v. Pachtman*, 424 U.S. 409 (1976)). In *Willett*, the Tennessee Court of Appeals addressed various claims by the plaintiff against a state district attorney based on his actions in "causing a criminal warrant to issue against her," including claims for "false arrest and imprisonment, abuse of process, malicious prosecution, slander, libel, intentional infliction of emotional distress, and outrageous and extreme conduct." *Willett*, 603 S.W.2d at 144. In addressing the prosecutor's absolute immunity defense, the court noted that the United States Supreme Court has held that the immunity available under the common law to prosecutors should be afforded under § 1983 actions as well. *Id.* at 147. The court concluded that, "since the same immunity is applied in § 1983 actions as is applied in common law actions, the decisions in those cases such as *Imbler* which involve prosecutorial immunity under § 1983 are equally applicable to common law actions such as in the case at bar." *Id.*; *see also Shell v. State*, 893 S.W.2d 416, 422 n.6 (Tenn. 1995) (recognizing that federal caselaw regarding immunity from § 1983 actions is relevant to state law immunity arguments "because § 1983 incorporates the common-law immunities historically granted to governmental officers"). Based on federal law applying common-law immunity, the court in *Willett* held that the prosecutor sued in that case was entitled to absolute prosecutorial immunity from the state tort claims asserted against him, because they were based on actions that fell entirely

"within those prosecutorial functions which are afforded absolute immunity." *Willett*, 603 S.W.2d at 148.

In other words, under Tennessee law as well as federal law, a prosecutor's entitlement to absolute immunity depends on whether his underlying actions were prosecutorial, rather than on the theories of recovery articulated by the plaintiff. *Accord, e.g.*, *Shell*, 893 S.W.2d at 422 ("[A] prosecutor is potentially liable (in other words, possesses only qualified, rather than absolute, immunity) for actions taken in an investigative or administrative capacity, but not in his capacity as an advocate for the State.").

In this case, the plaintiff's state law claims against the DA defendants are based on their actions in pursuing a criminal prosecution against the plaintiff, despite allegedly knowing that the prosecution was based on falsified evidence. The plaintiff does not allege that the prosecutors had anything to do with creating the falsified evidence. Rather, Helper presented it to the Grand Jury despite knowing it was falsified, signed the Indictment, and pursued the perjury prosecution against Reguli. Stephens continued to prosecute after being appointed to the case, despite knowing that it was based on false evidence. Because all of the claims, including the intentional infliction of emotional distress and conspiracy claims, are based on the DA defendants' "initiation and pursuit of a prosecution and in presenting the State's case," *Simmons*, 109 S.W.3d at 374, the DA defendants are absolutely immune from suit from these state law claims.

The court, therefore, will reject the recommendation to defer ruling on the immunity issue, sustain the DA defendants' Objection, and grant their second Motion to Dismiss.

## III.    OTHER MOTIONS

As best the court can tell, no party has objected to the Magistrate Judge's proposed rulings on the Motion for Leave to File Reply to Plaintiff's Response to Motion for Reconsideration (Doc. No. 71), the defendants' Motions to Stay Discovery (Doc. Nos. 78, 79), or the plaintiff's Motion

to Amend (Doc. No. 82). The court will, accordingly, accept the R&R's recommendations as to those motions.

## IV.    CONCLUSION

For the reasons set forth herein, the R&R will be rejected in large part and accepted in small part. The court rules as follows on the substantive motions:

(1) the DA defendants' Motion to Dismiss (Doc. No. 57) will be granted;

(2) the CASA defendants' Motion to Reconsider (Doc. No. 59) will be denied;

(3) the CASA defendants' alternative Motion for Certification Under 28 U.S.C. § 1292(b) (Doc. No. 59) will be granted;

(4) the CASA defendants Motion for Leave to File Reply (Doc. No. 71) will be denied as moot, since leave to file was not required and the undersigned (and the Magistrate Judge) considered the Reply;

(5) the defendants' Motions to Stay Discovery (Doc. Nos. 78, 79) will be denied as moot in light of this ruling;[6] and

(5) the plaintiff's Motion to Amend (Doc. No. 82) will be denied without prejudice.

An appropriate Order is filed herewith.

_____

ALETA A. TRAUGER
United States District Judge

---

[6] The court will rule separately on the defendants' recently filed Joint Motion to Stay and the Motions for Protective Order (Doc. Nos. 103–05).