# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| CONNIE REGULI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:24-cv-00694 |
| JOESEPH A. WOODRUFF *et al.*, | ) | Judge Aleta A. Trauger |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM and ORDER</u>

The court previously granted defendant Judge Joseph Woodruff's Motion to Dismiss on the grounds of absolute judicial immunity (*see* Doc. Nos. 52, 53) and, in a separate Order (Doc. No. 119), deferred ruling on Woodruff's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Doc. No. 94), pending the Sixth Circuit's determination of whether to permit an interlocutory appeal of the court's Orders (Doc. Nos. 53, 118) rejecting defendant Emily Layton's claim that she is entitled to absolute witness liability.

The Sixth Circuit has now denied Layton's request for an interlocutory appeal and dismissed the appeal (*see* Doc. No. 126), bringing back to the foreground Woodruff's Motion for Entry of Final Judgment. That motion, as set forth herein, will be denied.

Federal Rule of Civil Procedure 54(b) provides, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines there is no just reason for delay." Under this rule, a district court may certify a partial grant of summary judgment for immediate appeal if the court "'expressly determines that there is

no just reason for delay.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 604–05 (6th Cir. 2022) (quoting *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 353 (6th Cir. 2021)). Certification under Rule 54(b) is a "two-step process." *Id.* (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)). First, the district court must "expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* (citation and quotations omitted). Second, "the district court must expressly determine that there is no just reason to delay appellate review." *Id.* (citation omitted).

The Sixth Circuit has provided a "non-exhaustive list of factors" a district court should consider in addressing this second step, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986) (citations omitted). Essentially, the court must "balance the needs of the parties against the interests of efficient case management." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Courts implementing Rule 54(b) must strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* (internal quotation marks and citation omitted). Interlocutory appeals

should be limited to "infrequent harsh case[s]," so as to "alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" *Id.* (first quoting *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983); and then quoting *Curtiss-Wright*, 446 U.S. at 8).

For purposes of the first step, the court's Order on the Motions to Dismiss in March 2025 disposed of one or more but fewer than all claims and parties in this case. The court dismissed, on the grounds of absolute judicial immunity, all claims against Woodruff. The order constituted an "ultimate disposition" of all claims against Woodruff "entered in the course of a multiple claims action." *Curtis-Wright*, 446 U.S. at 7 (citation omitted).

Some of the factors to be considered at the second step weigh in favor of entry of final judgment. For instance, it does not appear that future developments in this court will moot the need for review; there are no counterclaims or crossclaims that might result in a set-off against a judgment; and, because Woodruff is the only defendant who claims judicial immunity, the Sixth Circuit would only need to consider that particular issue once.

On the other hand, the claims against all defendants and the facts supporting those claims are closely intertwined, as the plaintiff maintains that the defendants entered into a conspiracy to engage in a malicious prosecution against her. If the appellate court disagrees with this court on the issue of judicial immunity, the claims against all the defendants would need to be considered in tandem. This factor weighs heavily against certification of final judgment against Woodruff.

In addition, the final factor does not weigh in favor of certification. Woodruff maintains that it does because the appellate court will only need to consider the issue of judicial immunity once, no other defendants claim judicial immunity, and "the policy of the law favors the resolution of immunity defenses as early in a lawsuit as may be practicable." (Doc. No. 94 at 8 (quoting

*Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012)).) However, the court finds that *Woodruff* has no need to appeal, and severing the appellate process will almost certainly require the plaintiff to pursue piecemeal appeals—one while the remainder of the case remains pending in this court and one later, after entry of final judgment either for or against the plaintiff on her claims against the other defendants. And the appellate court would also have to consider two separate appeals involving the same set of facts. Finally, Woodruff does not claim that he will suffer any particular prejudice or injury as a result of being required to wait until resolution of the case as a whole before the plaintiff may pursue an appeal of the dismissal of the claims against him. This factor, therefore, weighs heavily against certifying entry of final judgment.

Weighing all of these factors together, the court finds that there is just reason for delay and that certification of final judgment is not warranted. Accordingly, Woodruff's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) (Doc. No. 94) is hereby **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge