UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

CONNIE REGULI

Plaintiff

v.

JOSEPH A WOODRUFF,

ESTATE OF KIMBERLY HELPER,

JOHN STEPHENS,

DANA MCLENDON,

EMILY LAYTON and

WILLIAMSON COUNTY CASA, INC.

Defendants

No. 3:2024-cv-00694

Judge Trauger

Magistrate Judge Evans

JURY DEMAND

## PLAINTIFF'S MOTION TO STAY MAGISTRATE JUDGE ORDER

## COMPELLING PLAINTIFF TO PRODUCE PERSONAL AND PROFESSIONAL FINANCIAL RECORDS

Plaintiff Connie Reguli, pro se, files this motion to stay Magistrate Judge Evans order (DE 140) compelling Reguli to turn over information on personal and professional financial records. Plaintiff filed a timely objection to the order and, in oversight, did not seek to stay the order contemporaneously. Plaintiff supplements her objections with this request to stay and would incorporate the arguments within her objections filed July 27, 2026. DE 143.

In this Section 1983 malicious prosecution case, the question before the Court is whether the Defendant Layton fabricated a sworn statement in which she made a false statement and intentionally omitted exculpatory information to cause Plaintiff Reguli to be arrested. Her statement claimed she had personal knowledge, which she did not. And her statement claimed

1

that the regular business records of CASA did not show a payment from Reguli. However, during the underlying criminal prosecution, Layton did not recall what documents, if any, she reviewed, and in her most recent discovery responses, she still claims that she is not sure of what documents she relied on which they recorded as "miscellaneous" which is why the prosecutor dropped the case in June 2023. The truth is the CASA receipted thousands of dollars Clearly, the sworn statement she created to cause the felony arrest of Reguli was fabricated. In the criminal matter, Reguli was not required to prove anything. This case is not a collections case, or a criminal case. The question in this case is whether Layton fabricated probable cause to maliciously prosecute Reguli.

Now Layton and CASA want to subpoena eight years worth of Reguli's personal and professional financial records so they can now prove the Reguli did not pay. Reguli operated a law practice which included handling hundreds of thousands of dollars and private client information regarding payments and receipts. When Reguli was convicted of a fake felony in April 2022, her license was immediately suspended and she was REQUIRED to close her office. She no longer has records related to the operation of the business. At no time between 2014 and 2022 (when Layton created the affidavit) did CASA ever request payment from Reguli or proof of payment. Only now, twelve years after the fact, do they believe they have the right to rifle through personal and professional records. This goes beyond the scope of the matters before the court and is only intended to harass the Plaintiff. These facts are cited over and over in this case.

To prevail on a motion to stay the movant must show (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal, (2) the likelihood that the moving party will be irreparable harmed absent a stay, (3) the prospect that other will be harmed if the court

2

grants the stay, and (4) the public interest in granting the stay. *Travelers Prop. Cas. Co. v. R.L. Polk & Co*. 2000 U.S. Dist. Lexis 62152 (E.D. Mich. Aug. 13, 2008).

(1) Likelihood that the Plaintiff will prevail: As stated in the objections (DE 143), the magistrate judge provided no findings of fact or conclusions of law making a "specific objection" almost impossible. However, Plaintiff did soldier on to address the opposition to the order by referring to her recollection. This is not a collection case or criminal case. In this case, the question is whether Layton fabricated probable cause when she created her affidavit in 2022. She made a false statement about having personal knowledge and appears to have not reviewed any documents before signing the statement which caused Reguli's prosecution.

(2) Likelihood of irreparable harm to the Plaintiff: Plaintiff has already suffered great personal invasion into her life by the actions of Defendants Layton and McLendon and they cannot be trusted with the private and professional information contained in eight years of financial records. Reguli served hundreds of clients over the eight years in question who have the right to have their information protected. Permitting the defendants to rifle through her personal financial records is akin to permitting a failed search warrant to have a second opportunity to search someone's home. In the underlying criminal matter, the prosecutor said that he would subpoena Reguli's financial records, but he did not.

(3) Likelihood that the Defendant will be harmed: Defendants Layton and CASA will not be harmed by the stay. In the unlikely event that this Court would permit the exposure of Reguli's personal and professional financial records over eight

3

years, those records are held by third-parties, not the Plaintiff. There is not expectation of harm to the Defendants.

(4) The public interest in the stay: As stated, the financial records of Reguli contain information on hundreds of clients who engaged Reguli for representation and payments of services, experts, and other expenses which are the sole privileged information of the clients. To permit Defendants generally to rifle through unrelated personal and professional financial records serves no interest in the service of justice to protect the civil rights of citizens.

Wherefore, the Plaintiff moves to stay DE 140 pending full adjudication by the Court.

Respectfully submitted,

/s/Connie Reguli
Connie Reguli, Plaintiff pro se
8009 Shelly Plum Drive
Murfreesboro, TN 37128
615 478 8333

4

<u>Certificate of Service</u>

The undersigned certifies that the foregoing was served on August ___7___, 2026 by CM/ECF email) upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Ryan Nicole Henry
Zachary L. Barker
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville TN 37202-0207
ryan.henry@ag.tn.gov
Zachary.Barker@ag.tn.gov
*Attorney for Joseph A. Woodruff*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

Jacobs M. Gilbert
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville TN 37202-0207
jacobs.gilbert@ag.tn.gov
*Attorneys for Estate of Kim Helper and John Stephens*

*/s/ Connie Reguli*

CONNIE REGULI

Plaintiff

v.

JOSEPH A WOODRUFF,

ESTATE OF KIMBERLY HELPER,

JOHN STEPHENS,

DANA MCLENDON,

EMILY LAYTON and

WILLIAMSON COUNTY CASA, INC.

Defendants

No. 3:2024-cv-00694

Judge Trauger

Magistrate Judge Evans

JURY DEMAND

# EXHIBIT

# LAYTON SWORN STATEMENT

6

IN THE CHANCERY COURT OF WILLIAMSON COUNTY, TENNESSEE

RE: PUBLIC RECORDS REQUEST ON
WILLIAMSON COUNTY

CONNIE REGULI

NO 22 CV 51293

MAYOR ROGERS ANDERSON OF
WILLIAMSON COUNTY, TENNESSEE

## AFFIDAVIT OF EMILY LAYTON

State of Tennessee
County of Williamson

Emily Layton, an adult, makes the following affidavit upon her personal knowledge and under penalty of perjury:

1. My name is Emily Layton. I am the Executive Director of Williamson County CASA.

2. I have reviewed an excerpt of the testimony given by Connie Reguli before this court in this case on 26 April 2022. That excerpt concerned Ms. Reguli's testimony that she had paid $3,145.50 in attorneys fees to CASA as part of this court's sanctions imposed in 2014. Ms. Reguli testified with certainty that she had paid that sanction to CASA although she was unable to say precisely when.

3. Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason.

4. There is no record of Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA.

5. Further affiant sayeth not.

_____
Emily Layton

Sworn and subscribed before me this 11 day of May, 2022.

_____
Notary Public
My commission expires: 4.05. 28, 2026