# EXHIBIT 1

IN THE CHANCERY COURT FOR THE 21ST JUDICIAL DISTRICT
AT WILLIAMSON COUNTY, TENNESSEE

RE: PUBLIC RECORD REQUEST ON WILLIAMSON COUNTY

CONNIE REGULI,                        )
    Petitioner,                      )
                                      )
V.                                    )    No. 22CV-51293
                                      )
ROGERS ANDERSON, MAYOR                )
OF WILLIAMSON COUNTY, TN.,            )
    Respondent.                      )

# <u>ORDER</u>

This petition for access to public records is before the Court upon Petitioner's *Motion to Alter or Amend the Court's Order for Sanctions* filed May 13, 2022 and unilaterally set for hearing on June 2, 2022. Ms. Reguli seeks to set aside all of the sanctions this Court imposed upon her on April 26, 2022, for violations of Rule 11.02 of the Tennessee Rules of Civil Procedure.

Local Rule 6.01 provides in part that "motions to alter or amend will not be set for hearing except upon direction of the judge" and that such motions will not be granted "without affording the adverse parties an opportunity either to file responsive briefs and written arguments or to be hearing in oral argument." Contrary to this rule, Ms. Reguli unilaterally set her motion for hearing and advised adverse counsel that her motion "may be granted without a hearing" in the event their client did not file and serve a written response. Because Ms. Reguli's unilateral action setting her motion for hearing transgresses Local Rule 6.01, the setting of that hearing is due to be vacated.

It shall be so ordered.

Ms. Reguli advances several arguments only two of which are worthy of more than cursory dismissal.

Firstly, Ms. Reguli argues that the Court "did not comply with Rule 11.03(2)(b)" when it imposed monetary sanctions for her violations of Rule 11.02. Ms. Reguli relies upon the following excerpt of Rule 11.03(2)(b):

> Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorney are, to be sanctioned.

In this case, the Court initiated sanctions pursuant to Rule 11.03(1)(b) by entering its order of March 29, 2022, which described Ms. Reguli's specific conduct that appeared to violate Rule 11.02, and directed her to appear on April 26, 2022, where she would be afforded the opportunity to demonstrate she had not violated Rule 11.02. The March 29, 2022 order is an "order to show cause." Ms. Reguli's claims in the underlying Public Records Act petition were never voluntarily dismissed. They certainly had not been dismissed or settled prior to the entry of the March 29, 2022 order. Indeed, the Public Records Act dispute itself was not over at the time of the April 26, 2022 show cause hearing.

The letter from Mr. Moseley dated April 12, 2022, on which Ms. Reguli relies as evidence of a "settlement" is anything but. It is not an unconditional offer to produce the requested documents. Rather, it informs Ms. Reguli that "it will be necessary to give Ms. Haas and Mr. Schmitt an opportunity to review and redact their invoices" in order to assert the attorney work product privilege. Mr. Moseley only agreed to "provide you with the required estimates of time and cost for complying with your request."

Ms. Reguli's argument that the "order of March 29, 2022 is NOT a show cause order" (emphasis in original) ignores the following language from the order:

- "Rule 11.03 provides that a court on its own initiative 'may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney law firm or party to show cause why it has not violated subdivision 11.02 with respect thereto.'"

- "Ms. Reguli is entitled to a hearing on whether the above described conduct in fact violates the cited provisions of Rule 11.02. Accordingly, the Court will hold such a hearing on Tuesday, April 26, 2022 at 9:00 a.m."

- "IT IS THEREFORE ORDERED THAT: Ms. Reguli shall appear before the Court on Monday, April 26, 2022 at 9:00 a.m. for a hearing on whether the above described conduct violates the cited provisions of Rule 11.02."

The March 29, 2022 order complies with the due process requirements for imposition of Rule 11 sanctions. The offending conduct was described in reasonable detail. The rules pursuant to which the Court was proceeding were cited and quoted. And Ms. Reguli was afforded a reasonable opportunity to be heard in opposition. At the hearing, she was afforded, and availed herself of, the opportunity to testify and present evidence. She called the County's counsel of record to the witness stand and cross examined him on the details of his law firm's attorney fees affidavit. She made legal arguments on not only the merits of whether her conduct violated Rule 11.02, but also on the nature of available sanctions. Ms. Reguli never raised any claim of absence of notice at the hearing, nor did she raise any issue that the question of Rule 11 violations had been mooted by some sort of settlement. She argued that the ultimate disposition of her Public Records Act request had not been unreasonably delayed and therefore no Rule 11 violation had occurred.

As reflected in its April 26, 2022 order, the Court disagreed with Ms. Reguli's legal argument.

Secondly, Ms. Reguli argues in her motion that the Court failed to determine whether the attorney fees charged to Williamson County were reasonable. It is certainly true that the Court made no such determination. None was required.

As a litigation tactic, the County made the reasonable decision not to initiate a motion for Rule 11 sanctions against Ms. Reguli. That tactical choice foreclosed to the County any

opportunity to obtain reimbursement of its attorney fees. Therefore, whether those fees were reasonable was not a question the Court had to address.

Ms. Reguli's *Motion to Alter or Amend* does not request such a determination. If it did, and if the Court were to undertake such a determination at this juncture, the Court would conclude that the facts and circumstances of this case, in light of the factors set out in RPC 1.5(a)-in particular the steeply discounted hourly billing rate charged by the law firm and the skill, reputation and experience of the County's counsel of record[1]-would justify a finding that the fees were reasonable in the aggregate.

As far as her remaining arguments are concerned: (i) Ms. Reguli cites no legal authority for the proposition that a Rule 11 monetary sanction constitutes a "fine" giving rise to a constitutional right to a jury trial. The text of Rule 11 is silent on the matter, and the Court's research failed to discover any authority supporting Ms. Reguli's argument. (ii) Ms. Reguli's lamentable history reflects she cannot be relied upon to adhere to ethical constraints, and previous imposition of Rule 11 sanctions did not deter her from the egregious violations she committed in this case. Therefore, requiring her to engage Rule 11 compliance counsel in civil actions in this judicial district where she is otherwise self-represented, is a reasonable sanction calculated to "deter repetition of such conduct or comparable conduct by others similarly situated." (iii) The nature of Ms. Reguli's violations of Rule 11.02 in this case goes to the heart of a lawyer's duty of candor to a tribunal. Simply put, Ms. Reguli falsely represented the disposition of a notorious lawsuit she had previously and unsuccessfully brought against Williamson County and several of its employees including the Juvenile Court Judge. She compounded this false representation by deliberately taking snippets of a reported decision by a United States Sixth Circuit Court of

---

[1] RPC 1.5(a)(3) and (7)

Appeals to manufacture a misleading exhibit purporting to lend credibility to her false averment. She conspicuously placed this false averment prominently on the first page of a petition she filed in Chancery Court during the time she was a candidate for elected judicial office[2] and touted her involvement in the notorious case in her campaign ads. Ms. Reguli argues "[t]here is no case on point" with the Court's dismissal of her public records act petition. One should hope so. The filing of a civil action predicated on lies is something that should be so rare that when it happens and the case is involuntarily dismissed, the offending party should be sufficiently chastened to not seek appellate review.

For the foregoing reasons:

**IT IS HEREBY ORDERED THAT:** Ms. Reguli's *Motion to Alter or Amend the Court's Order for Sanctions* is without merit and is hereby **DENIED.**

**IT IS FURTHER ORDERED THAT:** The motion hearing set for June 2, 2022 is hereby vacated.

**IT IS SO ORDERED THIS 17TH DAY OF MAY, 2022.**

_____
JOSEPH A. WOODRUFF, Chancellor

---

[2] The voters in the May 3, 2022 Williamson County Republican primary election rejected Ms. Reguli's candidacy by a margin of 3 to 1.

Case 3:24-cv-00694    Document 150-1    Filed 08/07/26    Page 6 of 7 PageID #: 1432

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Order as entered by the

Court has been forwarded postage prepaid, and/or emailed, and/or faxed, to:

(X) Electronic Mail
( ) U.S. Mail
( ) Facsimile
( ) Hand-delivery

Connie Reguli
Lawcare-Family Law Center, P.C.
1 646 Westgate Circle, Ste. 101
Brentwood, TN 37027

Jeff Moseley
Lisa Carson
Buerger, Moseley & Carson, PLC
306 Public Square
Franklin, TN 37064

A. Russell Willis
Board of Professional Responsibility of
the Supreme Court of Tennessee
10 Cadillac Drive, Ste. 220
Brentwood, TN 37027-5078

This the 17th day of May, 2022.

Page 6 of 6

Case 3:24-cv-00694     Document 150-1     Filed 08/07/26     Page 7 of 7 PageID #: 1433