**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-00694 |
| | ) | |
| v. | ) | Judge Aleta A. Trauger |
| | ) | Magistrate Judge Luke A. Evans |
| **JOSEPH A. WOODRUFF, et al.,** | ) | |
| Defendants. | ) | JURY DEMAND |

**DEFENDANT McLENDON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS (DE 143) AND MOTION TO STAY (DE 148), AND MOTION AND MEMORANDUM OF LAW FOR REMEDIES FOR DEFIANCE OF COURT ORDERS**

Defendant Dana McLendon, appearing *pro se*, responds to "*Plaintiff Reguli's Objections to Magistrate Judge Evans's Ruling on Discovery Compelling Production of Plaintiff's Financial Records*." (DE 143, objecting to DE 140, the July 17, 2026 discovery order) and Plaintiff's *Motion to Stay* that order (DE 148). McLendon further moves the Court for remedies for Plaintiff's refusal to obey this Court's orders.

The issue before the Court arises from this one interrogatory served by CASA and Layton upon Plaintiff:

> 1. Identify every financial institution, including but not limited to banks, credit unions, savings institutions, and online financial platforms, at which you maintained an account of any type at any time from December 3, 2014 through the present. For each institution, state its full name and current or last known address and describe all accounts you have held at the institution, including the account number, the type of account, and the dates the account was opened and closed.
>
> RESPONSE: Plaintiff objects on the basis that this request is neither relevant nor likely to lead to the discovery of relevant evidence. This request is overly broad, unduly burdensome, and is intended to merely harass the Plaintiff.
>
> [Plaintiff expounded upon the objection further in her response.]

CASA and Layton properly processed the discovery dispute, with Plaintiff steadfastly refusing to answer the interrogatory at all. In an email to counsel for CASA and Layton, Plaintiff wrote:

> I will give you until Friday, May 29, 2026 to withdraw this request or engage in a discussion on this issue. If we cannot resolve these issues, I will file a Motion to quash the discovery. DE 128-1, PageID# 1263.

Without any resolution, the matter came before the Magistrate Judge. After hearing from counsel for CASA and Layton and from Plaintiff, the Magistrate Judge ordered Plaintiff to answer this question, modified (without objection by any Defendant) to limit the dates in the interrogatory from the date of the sanction to the date of the testimony that led to the indictment. DE 140.

**Standard of Review and Process for the "Objections".**

A magistrate judge's order on a pretrial matter that is not dispositive of a party's claim or defense may be modified or set aside where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A pleading seeking relief from such an order "must be in writing, must state with particularity that portion of the Magistrate Judge's order for which review is sought, and must be accompanied by sufficient documentation including, affidavits, pertinent exhibits, and transcripts of the record to apprise the District Judge of the bases for the objections." M.D. Tenn. LR 72.01(a).

Plaintiff has not complied with the order, identified the correct standard of review for her "Objections," complied with the requisite procedures for those objections, or raised the correct standards and rules applicable to the underlying discovery dispute in the first place. She has further misrepresented the Court's prior orders, misunderstood or misrepresented the Court's order in this dispute, and shamelessly and maliciously maligned parties to this dispute. For all of this, she deserves appropriate sanctions.

## THE MAGISTRATE JUDGE'S ORDER CORRECTLY APPLIED THE RULES

**Whether Plaintiff paid the sanction is the central factual question in this case.**

One disputed fact is the hinge upon which this lawsuit swings: either Plaintiff paid the CASA sanction between December 2014 and May 2022, or she did not. Plaintiff testified before Judge Woodruff in May 2022 that she paid the sanction, and she made the same claim to the Magistrate Judge in July 2026, but only after being directly asked three times.

CASA maintains, and the Layton affidavit reflects, that they have no record Plaintiff paid that sanction. Apparently relying upon the Layton affidavit, the grand jury in Williamson County indicted Plaintiff for perjury for her May 2022 testimony before Judge Woodruff. One of the defendants (now dismissed District Attorney *Pro Tem* John Stephens) later entered a *nolle prosequi*. This lawsuit ensued.

This perjury indictment and the subsequent proceedings are the spine of Plaintiff's case. If Plaintiff did not pay, then the Layton affidavit was accurate. If Plaintiff did not pay, the theory on which Plaintiff built this case collapses because the scribe (McLendon) prepared an accurate affidavit, the affiant (Layton acting for CASA) signed an accurate affidavit, Judge Woodruff then apparently sent the information to the District Attorney (Helper), the District Attorney (Helper) indicted Plaintiff for perjury and ADA Stephens later dropped the indictment.

If the Layton affidavit was and remains accurate, it is difficult to conceive how Plaintiff can maintain this case. We can argue that issue when we know whether Plaintiff paid the sanction or not. But we must first know, or do all that can reasonably be done, to know. But Plaintiff is obstructing the "knowing" with improper and conclusory arguments about relevance, admissibility, burden, and harassment.

Further, Plaintiff cannot place the alleged falsity of the Layton affidavit at the center of her case and then take the position that no one — including the affiant and the scribe — is entitled to

prove that Plaintiff lied to Judge Woodruff (or for that matter to the Magistrate Judge just last month). It cannot simultaneously be a sword and a shield.

Incidentally, one would think it would have been in Plaintiff's best interest all along to demonstrate that she paid the sanction. Confusingly, she has refused to do so, and further now obstructs the defendants' effort to prove something that might be helpful to her if it is, in fact, true.

**The information is discoverable under Rule 26(b)(1).**

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Whether Plaintiff paid the sanction is clearly relevant to if not dispositive of Plaintiff's fabricated-evidence claim (Count III), on the absence of probable cause she must prove on her Fourth Amendment claim (Count I), and on the outrageousness element of Count X, on which Count XII depends. DE 53 at 1, PageID# 632; DE 52 at 52, PageID# 630. Moreover, to the extent Plaintiff argues — prematurely — an admissibility issue, Rule 26(b)(1) allows that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."

**Plaintiff misstates this Court's rulings.**

Plaintiff represents to the Court: "The Court previously ruled that McLendon and Layton conspired with Judge Woodruff to engage in civil rights violations to cause Reguli to be maliciously prosecuted. DE 52, 53." DE 143, PageID# 1366. That is a misrepresentation of the Court's orders, and not likely an unintentional one, because if it were true it might be helpful to

make the relevance argument Plaintiff attempts to make. Stated differently, it is conceivable that what is "relevant" could be different if, indeed, the Court had already ruled as Plaintiff claims about the existence of and participants in a nefarious conspiracy. But the Court did not so rule, and Plaintiff knows or certainly should know that.

DE 52 resolved motions under Fed. R. Civ. P. 12(b)(6). The Court set out the governing standard: it "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.'" DE 52, PageID# 594. A ruling that Plaintiff's allegations state a claim if taken as true is not a finding that the allegations are true.

DE 53 is the order Plaintiff cites alongside DE 52. What it actually says is that McLendon's Motion to Dismiss "is GRANTED IN PART as to Counts II, IV, V, VI, VII, IX, and XI of Reguli's Complaint and DENIED IN PART as to Counts I, III, VIII, X, and XII." DE 53 at 1, PageID# 632. The order Plaintiff describes as a ruling that McLendon conspired with Layton is actually an order dismissing seven of Plaintiff's twelve counts against him.

As to the twelfth count — the civil conspiracy count — the Court's language is the opposite of the finding Plaintiff misrepresents it to be. The Court wrote that McLendon's argument was "insufficient to carry McLendon's burden to show that he is entitled to dismissal of Reguli's civil conspiracy claim as a matter of law." DE 52, PageID# 630. An order holding that a defendant has not shown an entitlement to dismissal is not an order holding that he did what he is accused of doing. It is nothing more than an order allowing Plaintiff's complaint to survive for further scrutiny.

But this sleight of hand is not Plaintiff's only misrepresentation of this Court's orders. The order that is the subject of this skirmish, DE 140, compels an answer to a written interrogatory. It

does not order the production of documents. Plaintiff captions both filings as challenges to an order "compelling production of personal and professional financial records." DE 143 (title); DE 148 (title). No such order exists. While the obvious point of getting the answer to Interrogatory #1 is to facilitate the issuance of subpoenas, Plaintiff's privacy, client-confidentiality, and other arguments are not ripe and are not a basis to disturb DE 140.

## PLAINTIFF'S FILINGS ARE FATALLY PROCEDURALLY DEFECTIVE

### Plaintiff never addresses the standard of review.

Neither DE 143 nor DE 148 states the applicable "clearly erroneous or … contrary to law" standard, identifies a finding said to be clearly erroneous, or identifies a legal rule the Magistrate Judge is said to have misapplied. Obviously Plaintiff would rather not address that high bar. Instead, Plaintiff restates the relevance and burden arguments she made at the Magistrate Judge's conference and asks the District Judge to decide the dispute anew. Rule 72(a) does not contemplate such a proverbial "second bite at the apple."

Plaintiff further appears to travel on a misstated version of Rule 26 that hasn't existed for ten years, arguing that the interrogatory is "neither relevant nor likely to lead to the discovery of any relevant evidence." This argument misstates the former rule and ignores the prevailing rule.

### The objections do not comply with M.D. Tenn. LR 72.01(a).

M.D. Tenn. LR 72.01(a) requires that objections under Fed. R. Civ. P. 72(a) "be formatted and styled as a 'Motion for Review of Nondispositive Order of Magistrate Judge.'" Plaintiff styled her filing "Objections." The rule further requires that the motion "state with particularity that portion of the Magistrate Judge's order for which review is sought," that it be accompanied by "affidavits, pertinent exhibits, and transcripts of the record to apprise the District Judge of the bases for the objections."

Plaintiff filed no transcript of the July 17 conference. Plaintiff offered no affidavit. Plaintiff offered something she claims is “new evidence” but the “new evidence” changes nothing about the discovery dispute under review here.

The absence of a transcript falls on Plaintiff because LR 72.04 obliges the party seeking review to “arrange for the transcription of so much of the record as the parties shall designate” within fourteen days of service of the motion for review. To the knowledge of the undersigned, Plaintiff has not done that.

A filing that satisfies none of these requirements is not the motion for review the rule contemplates, and LR 72.03 provides that the failure to file a timely motion for review of a nondispositive matter “may constitute a waiver of any right to raise the matter in further proceedings.” Because Plaintiff never placed a compliant motion for review before the Court within the time allowed, the Court may treat the matter as waived.

**Plaintiff is in violation of DE 140 and has told the Court so.**

DE 140 was entered July 17, 2026 and required an answer within fourteen days. Plaintiff’s compliance deadline was July 31, 2026. LR 72.01(c) provides: “There shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge or the District Judge.” Filing “objections” did not suspend the order.

Plaintiff concedes the point. Her motion to stay, filed August 7, 2026, states: “Plaintiff filed a timely objection to the order and, in oversight, did not seek to stay the order contemporaneously.” DE 148 at 1, PageID# 1387. By her own account she has disregarded a court order for a week and sought relief from it only after the deadline passed. Plaintiff stands before this Court in deliberate disobedience of the Court’s order asking that the order be stayed in pleadings that are substantively and procedurally fatally flawed. The time for further remedies — sanctions — has arrived.

## THE MOTION TO STAY DE 140 HAS NO MERIT

Plaintiff's objections to DE 140 cannot support a stay of the order. Plaintiff rests her request for a stay on the four factors applied in *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, 2008 U.S. Dist. LEXIS 62151, 2008 WL 3843512 (E.D. Mich. Aug. 13, 2008). Those factors are not that court's own; they come from *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991)). The factors governing a stay pending appeal are (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Read correctly, the case is inapplicable in the first place and demonstrates why Plaintiff loses.

First, *Travelers* states the standard for a stay pending appeal, and the order the movant there sought to stay was a merits ruling that it owed a duty to defend its insured — not a discovery order. 2008 U.S. Dist. LEXIS 62151, at *1–2. Plaintiff has taken no appeal, and cannot. She filed objections under Rule 72(a). But assuming, *arguendo*, that the case has some instruction for this Court under these circumstances, Plaintiff loses on the four prongs, too.

Plaintiff cannot show a likelihood of success on her objections for reasons articulated above. In any event, *Travelers* requires "[m]ore than a possibility of success," and holds that a movant "is still required to show, at a minimum, 'serious questions going to the merits.'" 2008 U.S. Dist. LEXIS 62151, at *3.

Plaintiff fails the second prong as well. As *Travelers* puts it, "[t]he seeker of a stay must demonstrate likelihood of success on the merits to a degree inversely proportional to the harm." 2008 U.S. Dist. LEXIS 62151, at *3. Plaintiff claims that she will suffer some harm but actually admits it is primarily the clients she served who will theoretically be harmed. The harm she claims

she will suffer, if it can be discerned from her pleading at all, is easily addressed — if at all — by a protective order.

Plaintiff could have narrowed the scope of the interrogatory by telling the Magistrate Judge in what bank records, or in what year, the record of her payment would be found, but she did not. The scope of the response she's been ordered to provide is her fault, not the defendants'. *Travelers* is against her on this prong as well: "potential monetary damage does not constitute irreparable harm," and "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." 2008 U.S. Dist. LEXIS 62151, at *6 (quoting *Baker v. Adams County/Ohio Valley Sch. Bd*., 310 F.3d 927, 930 (6th Cir. 2002)). And the harm the movant identified in *Travelers* was rejected because it amounted to being "simply being ordered to comply with its obligations." Id. at *4. Plaintiff's asserted harm is the same in kind: she is being ordered to comply with an obligation the Rules and DE 140 already impose on her. And the burden is simply that she provides information. Again, Plaintiff is the party creating the problem and then demanding relief that foists the problem onto the people who didn't create it.

The third prong, too, is not satisfied. Defendants are defending a frivolous lawsuit made all the more burdensome by Plaintiff's dilatory and obstructionist tactics. There are trial preparation deadlines. Defendants need to have the answer to the discovery now so that proper defenses and processes can be pursued.

*Plaintiff is not harmed by turning over a map for the defendants to go seek information that will — she says — lead to proof she paid the sanction.* Again, the absurdity of Plaintiff's position is showing.

The fourth prong favors denial rather than being beside the point. In *Travelers* the public interest lay in seeing that a party was held to obligations it had already incurred. 2008 U.S. Dist.

LEXIS 62151, at *7. The same interest operates here with greater force: the public, this Court, and these defendants all have an interest in parties obeying discovery orders, and in this lawsuit being resolved on its merits rather than prolonged by noncompliance.

Plaintiff's motion for a stay is as unfounded and without merit as her objections underlying the request for a stay.

**PLAINTIFF SHOULD BE SANCTIONED**

DE 140 already directs Plaintiff to answer. She has not, the compliance period expired on July 31, 2026, and no stay exists. Where a party fails to obey an order to provide discovery, Fed. R. Civ. P. 37(b)(2)(A) authorizes the Court to issue further just orders, including:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Some or all of those remedies are due. The Court should consider, among other orders, deeming it a fact that Ms. Reguli did not, in fact, pay the sanction, and bar her from attempting to prove otherwise.

**Plaintiff's certification of the objection was improper under Rule 26(g).**

One of the reasons that the Court should impose sanctions under Rule 37 is that this entire fiasco arose out of Plaintiff's bad faith. Plaintiff responded to Interrogatory No. 1: "Plaintiff objects on the basis that this request is neither relevant nor likely to lead to the discovery of relevant evidence. This request is overly broad, unduly burdensome, and is intended to merely harass the Plaintiff." DE 143 at 4, PageID# 1368. Under Fed. R. Civ. P. 26(g)(1), her signature on that response is her certification.

Rule 26(g)(1) provides that every discovery "response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented." By signing, the party certifies "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the objection is:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). The consequence is not discretionary:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

**The objection asserted a burden the interrogatory does not impose.**

Plaintiff certified that the interrogatory is "overly broad, unduly burdensome." The interrogatory asks her to name her own banks. A reasonable inquiry under Rule 26(g)(1) would have noted the difference between an interrogatory seeking information and a request seeking production of documents, and would likely have led a reasonable person not to object on grounds of burden or the impossibility of providing records. Certifying the objection violated Rule 26(g)(1)(B)(iii). But Plaintiff has obstructed the discovery of this one key piece of evidence from the very beginning, and doesn't even allege she paid the sanction in her own complaint.

**The certification's accusation of harassment cannot be squared with the record.**

Plaintiff certified that Interrogatory No. 1 "is intended to merely harass the Plaintiff." The question the interrogatory serves — whether Plaintiff paid the CASA sanction — is not a question defendants invented. The payment question is a live and unresolved matter at the heart of this litigation. Plaintiff lied under oath, or didn't. Getting to the proverbial bottom of that issue is not harassment, and it is sanctionable conduct to certify otherwise.

**There is no substantial justification.**

Plaintiff has never articulated a proportionality argument under the operative version of Rule 26(b)(1). The Magistrate Judge made repeated inquiries whether Ms. Reguli had paid the sanction, and Ms. Reguli deflected repeatedly. The Magistrate Judge articulated options, including that she might admit that she did not pay the sanction but maintain that payment was not an element she needed to prove to win the present case. The Magistrate Judge offered — but stopped well short of insisting — that if she conceded she hadn't paid the sanction, the Court could simply take that stipulation and deny the discovery as moot. Ms. Reguli finally made the claim that she had paid the sanction, but continued to obfuscate, saying at one point she might have paid the sanction

in six separate payments. She couldn't remember anything at all except that she had paid the sanction. This claim, restated at long last, precipitated the balance of the conference.

The Magistrate Judge's efforts here were not to coerce Plaintiff to concede anything; rather, they were to limit the discovery necessary to find the payment, or not. Indeed, during the discovery conference the Magistrate Judge made every reasonable effort to coordinate a more limited scope of the discovery, asking Plaintiff whether she could identify the year she paid the sanction, or the account from which it was paid. Plaintiff could not or would not give any assistance to lighten the burden she now claims to suffer. She did not identify the number of accounts, the effort required to name them, or any specific harm from naming them.

Finally, after Ms. Reguli reiterated the claim that she paid the sanction but could offer absolutely no other help in finding the proof, the Magistrate Judge overruled her objection and narrowed the request to the interval between the sanction and the testimony before Judge Woodruff for which she was indicted, when the payment obviously would have to have been made.

Plaintiff's claim that McLendon "cannot be trusted with" the information is hardly worthy of a response. McLendon is a member of the bar in good standing and admitted to this Court since 1993. Nonetheless, this Court can issue appropriate protective orders, which McLendon will of course obey.

The "objection" besides being procedurally flawed makes a mockery of what should be a simple process requiring neither discovery conferences nor objections and responses. Plaintiff's "analogy" of a burglary and repeated hypothetical search warrants is absurd: the inquiry here is governed by Fed. R. Civ. P. 26; Plaintiff is arguing a completely separate process and burden in criminal law.

Likewise, the absurdity of trying to use a hypothetical "collections case" as a favorable comparison for her arguments is transparently desperate and flawed. Of course this isn't a collections case; this is Plaintiff's pursuit of hundreds of millions of dollars in a lawsuit.

Plaintiff knows the likely consequences if her bank records confirm that she did not pay that sanction, especially in light of the conference with the Magistrate Judge. Plaintiff therefore would prefer to distract this Court to focus on anything else. This Court should not countenance this disrespectful, wasteful, and perfidious conduct.

**The appropriate sanction.**

McLendon requests that the Court (1) order Plaintiff to answer Interrogatory No. 1 as modified by DE 140 within a date certain and without further objection and (2) grant such further relief as the Court deems appropriate under Fed. R. Civ. P. 26(g)(3) and 37(b), including issuing an order establishing that Ms. Reguli did not pay the sanction and prohibiting her from attempting to prove otherwise.

## CONCLUSION

The Magistrate Judge was right that whether Plaintiff paid the sanction is relevant to the claims she brought, and the Court narrowed the request before ordering an answer. McLendon respectfully requests that the Court overrule Plaintiff's objections (DE 143), deny Plaintiff's motion to stay (DE 148), affirm DE 140, direct Plaintiff to answer Interrogatory No. 1 within a date certain, and grant such sanctions or other relief as is appropriate.

*/s/ Dana C. McLendon III*
Dana Crosland McLendon III (#16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195
dana@danamclendonlaw.com
Defendant, Pro Se

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on August 8, 2026 via the Court's CM/ECF system upon all counsel of record, and by United States Mail upon Plaintiff pro se, Connie Reguli, 8009 Shelly Plum Drive, Murfreesboro, TN 37128.

*/s/ Dana C. McLendon III*
Dana C. McLendon III