# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-cv-00694 |
| | ) | |
| JOSEPH A. WOODRUFF, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Evans |
| Defendants. | ) | JURY DEMAND |

## DEFENDANTS EMILY LAYTON AND WILLIAMSON COUNTY CASA, INC.'S RESPONSE TO PLAINTIFF REGULI'S OBJECTIONS TO DISCOVERY ORDER

Defendants Layton and CASA respectfully submit this response to Plaintiff Reguli's "Objections to DE 140 Magistrate Judge Evans' Ruling on Discovery Compelling Production of Plaintiff's Financial Records" (Dkt. 143).

## INTRODUCTION

The central factual dispute in this case is whether Reguli paid CASA $3,145.50 at some point between December 2014 and May 2022. Without proving that she did, Reguli cannot prevail on any of her claims against Layton and CASA. If she never made the payment, CASA could not possibly have any record of it, and there could be nothing false or misleading about Layton's affidavit testimony that CASA's records showed no payment from Reguli. Reguli admits she has no evidence she made the payment beyond her own say so, and she seems to have no interest in developing that evidence.

This discovery dispute arose because Reguli refuses to provide basic information that would enable Layton and CASA to obtain records that would show any such payment if she made it. To be clear, Layton and CASA have no interest in "rifl[ing] through eight years" of Reguli's financial records. Layton and CASA tried in vain to obtain information from Reguli that would

1

allow them to tailor the request as narrowly as possible to the account and time period in which she claims she made the payment. Magistrate Judge Evans made the same effort with the same result—obfuscation and stonewalling.

After hearing extensively from Reguli, Magistrate Judge Evans correctly concluded that Interrogatory 1, which simply asks Reguli to identify her financial institutions, is relevant and proportional to the needs of the case. Rather than addressing the relevant standard under Rule 72—that the Magistrate Judge's Order is clearly erroneous or contrary to law—Reguli presents a litany of "relevant facts" that are either immaterial to the dispute or simply false.[1] None of them provides a basis for overruling the Magistrate Judge's Order.

## ARGUMENT

### I. Reguli's objections are procedurally improper.

#### A. Reguli's objections summarize arguments already considered and rejected by the Court.

Reguli's objections do no more than recite arguments she has already presented to the Court. An objection to a magistrate judge's order, including those to orders resolving non-dispositive motions, that do "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarize[] what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *United States v. Copeland*, No. 1:21-CV-909, 2022 WL 2818379, at *1 (W.D. Mich. Feb. 16, 2022) (citing *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017)).

Reguli asserts her disagreement with the Order by summarizing the "Arguments" the

---

[1] Layton and CASA address only those issues that are material to the discovery dispute and do not concede that any of Reguli's purported facts are true.

parties submitted in their discovery dispute statement. Dkt. 143, PageID# 1368–1370. Her "Objections," too, are arguments Reguli already presented to the Court: that this is not a collections case, CASA never previously sought payment, and the discovery request is a "fishing expedition." *Compare* Dkt. 143 at PageID# 1370–1372, *with* Dkt. 128 at PageID# 1255–1257. This is exactly the kind of "unadorned repetition of the same arguments already presented to and ruled on by the Magistrate Judge" that courts reject as an improper basis for review. *Copeland*, 2022 WL 2818379, at *1; *Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-CV-00400, 2020 WL 6290321, at *3 (M.D. Tenn. Oct. 26, 2020) (overruling objection where the plaintiff "merely state[d] his disagreement with the Magistrate Judge's findings" which is "not a proper objection to a magistrate judge's order."). Accordingly, Reguli's "Objections" are improper and should be rejected outright.

**B. Reguli fails to explain how the Order is clearly erroneous or contrary to law.**

Instead of summarizing previously presented arguments, a party must "explain how the[] findings are clearly erroneous." *Singh*, 2020 WL 6290321, at *3; Fed. R. Civ. P. 72(a) (a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law"). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 443, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The 'contrary to law' standard requires the district court [to] employ independent judgment in determining whether the magistrate judge's legal conclusions contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citation omitted). "A magistrate judge's order on non-dispositive matters

3

should draw great deference, as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome." *Singh*, 2020 WL 6290321, at *1 (internal quotation omitted).

The Court should afford the Magistrate Judge's Order such deference here. None of Reguli's objections demonstrate that the Magistrate Judge's Order is clearly erroneous or contrary to law. *See Tester v. Ballad Health, Inc.*, No. 2:24-CV-00145-DCLC-CRW, 2025 WL 2495774, at *2 (E.D. Tenn. Aug. 29, 2025) ("Plaintiff did not identify what law or rule of procedure the magistrate judge erroneously applied. She did not identify any finding that was clearly erroneous."). Here, "[t]he threshold issue. . . is determining whether the requested discovery meets the requirements of Federal Rule of Civil Procedure 26 regarding relevance." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002). In fact, Reguli never engages with that standard. Beyond asserting that the inquiry into "eight years of [her] personal and professional financial records is overly broad, intrusive, and seeks irrelevant information," she identifies no explanation of how the Magistrate Judge misapplied Rule 26 and otherwise supplies no legal basis for how requiring Reguli to identify financial institutions in response to a single interrogatory is improper.[2]

## II.     The Magistrate Judge's Order was not clearly erroneous or contrary to law.

### A. Response to Objection 1: Federal Rule of Civil Procedure 72(a) does not require an order on a non-dispositive matter to make findings of fact or conclusions of law.

Even if the Court overlooks the procedural impropriety of Reguli's objections, they independently fail. In Objection 1, Reguli contends that the Magistrate Judge's Order should be

---

[2] Reguli's objections also fail to comply with this Court's Local Rules. LR 72.01(a) requires that objections to a magistrate judge's ruling on a non-dispositive matter be styled as a "Motion for Review of Nondispositive Order of Magistrate Judge" and be accompanied by a supporting memorandum of law. Reguli's filing does neither.

stricken because it lacks "findings of fact or conclusions of law to create a valid record," which makes it "impossible for [her] to make a specific objection." Dkt. 143 at PageID# 1370. Nothing in Rule 72 or the Local Rules requires the Magistrate Judge to set forth findings of fact or conclusions of law when ruling on a non-dispositive motion, and Reguli cites no authority suggesting otherwise. The "findings of fact" Reguli demands is a requirement Rule 72(b)(1) imposes "if appropriate" for a recommendation on *dispositive* motions. Fed. R. Civ. P. 72(b)(1). Rule 72(a), which governs rulings on non-dispositive matters like the discovery dispute here, requires only that a Magistrate Judge "issue a written order stating the decision." Fed. R. Civ. P. 72(a). The Magistrate Judge did precisely that.

Regardless, Reguli's argument that the Order's "lack of sufficient findings and conclusions make it impossible for [her] to make a specific objection" is disingenuous at best. Reguli had and took the full opportunity to present her arguments in the discovery dispute statement. Dkt. 128. She also participated in the discovery dispute conference that lasted half an hour, where she heard Layton and CASA's arguments, responded to those arguments, engaged directly with the Magistrate Judge, answered his questions, and obtained his reasoning firsthand. The Magistrate Judge made clear the basis for his ruling during the conference: evidence of Reguli's payment to CASA is relevant to Reguli's claim that the Layton affidavit is false. Reguli's objection offers no reason for overruling the Order and is belied by her addressing the Magistrate Judge's reasoning in Objections 2 through 4.

### B. Response to Objection 2: Reguli has not offered information to enable Layton and CASA to narrow their discovery request and has not agreed to a protective order.

Reguli's second objection fares no better. Reguli's claim that there is "no record" demonstrating Layton and CASA have the right to "rifle" through eight years of her financial records overstates Layton and CASA's request and the Magistrate Judge's Order.

5

*First*, Layton and CASA never insisted on unbounded access to eight years of records as Reguli claims. Reguli admits she has no records reflecting a payment from Reguli to CASA. *See* Dkt. 143 at PageID# 1368. Layton and CASA therefore seek to obtain records from Reguli's financial institutions, which will also likely show that Reguli never made a payment to CASA.

Layton and CASA repeatedly offered to narrow their request to a specific account and month if Reguli would provide any detail about when or how she made the alleged payment to CASA. Dkt. 128 at PageID# 1253. Reguli refused to do so when conferring with counsel for Layton and CASA, and she refused to do so when addressing Magistrate Judge Evans. Her inability to produce financial records or provide any details about the purported payment only makes Layton and CASA's request more compelling. Neither CASA nor Reguli has any record of the purported payment, leaving Reguli's financial records as the only remaining source of evidence that could show whether she in fact paid the sanction to CASA.

*Second*, Reguli asserts that Layton and CASA "should not be allowed to have access to" her financial records "[g]iven the[ir] conduct." Setting aside that Layton and CASA have not engaged in any "conduct" that prevents them from obtaining discoverable information,[3] Layton and CASA have repeatedly sought to enter into an agreed protective order with Reguli to govern the parties' production of confidential records. Reguli refuses to agree to any protective order. Further, Reguli's own discovery requests undermine her argument that Layton and CASA are not entitled to her financial records because they "contain hundreds of thousands of dollars of transactions and personal information of clients." At the same time, Reguli has requested CASA's

---

[3] On the other hand, Reguli has an extensive, documented history of abusing the legal system with frivolous filings to harass and intimidate people and organizations, including CASA and its volunteers. *Reguli v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, No. M2024-00153-SC-R3-BP, 2026 WL 2082926, at *1–2, *21, *57 (Tenn. July 20, 2026).

6

financial records spanning the same time period, none of which reflect a payment from Reguli. According to Reguli, her own financial records which would (according to her) reflect a payment from her to CASA are irrelevant and a "fishing expedition," but CASA must produce its own financial records that do not (nor will ever) reflect a payment from Reguli. It is Reguli, not Layton or CASA, who has prevented a narrowly-tailored request.

### C. Response to Objection 3: Discovery of Reguli's financial records is relevant and proportional.

Reguli's third objection claims that the Magistrate Judge permitted Layton and CASA "to try to prove" that "Reguli committed perjury" and that the discovery sought is a "subversive attempt to cause Reguli additional unfounded aggravation and subject her clients to harassment." Neither is accurate.

Contrary to Reguli's unsupported claims, "the legal question. . . before the Court" is whether Reguli's financial records are relevant and proportional to the needs of the case under Rule 26(b). Fed. R. Civ. P. 26(b)(1); *Doe*, 206 F.R.D. at 461. Reguli's financial records are plainly relevant. This lawsuit is premised on the theory that Layton provided a false or misleading affidavit. But if Reguli did not make the payment to CASA, Layton's affidavit is demonstrably true. Whether Reguli paid is relevant to other issues as well, including whether Layton made the affidavit knowingly or recklessly and whether the defendants shared a conspiratorial objective. Consequently, whether Reguli's financial records reflect such a payment bears directly on the truth or falsity of Layton's statement.

Because neither Reguli nor CASA has any record that Reguli ever paid the sanction, Layton and CASA intend to subpoena Reguli's financial institutions for records to remove any doubt as to the veracity of the Layton affidavit. Accordingly, Layton and CASA posed a single interrogatory requesting identification of those banks. The Magistrate Judge's Order for Reguli to

7

respond to *one* interrogatory imposes no undue burden on Reguli. *See Liebman v. Methodist Le Bonheur Healthcare*, No. 3:17-0902, 2020 WL 12895960, at *3 (M.D. Tenn. Nov. 4, 2020) ("In the context of the proportionality requirement of Rule 26(b)(1), the requested discovery must be proportional to the needs of the case, but the party claiming undue burden – that is disproportionality – still bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable."). Moreover, Reguli's claim that Layton and CASA are attempting to "cause Reguli additional unfounded aggravation and subject her clients to harassment" is baseless. Nothing in Layton and CASA's request suggests they seek any information from Reguli's former clients. A subpoena served to Reguli's financial institutions does not involve contacting, deposing, or disclosing anything to any client. Layton and CASA simply seek to defend themselves by establishing CASA's records never could have reflected a payment from Reguli because Reguli never made such a payment. Reguli's opposition to this basic discovery is revealing, and the Court should not permit Reguli to hide behind unsubstantiated allegations while seeking over $200,000,000 from Layton and CASA.

### D. Response to Objection 4: The Magistrate Judge conducted a proper relevance inquiry.

Before ordering discovery into Reguli's financial records, the Magistrate Judge properly sought to determine whether the issue the records bear on—Reguli's purported payment of the sanction—was still in dispute. During the conference with Magistrate Judge Evans, Reguli claimed that her financial records were not relevant. Based on this statement, the Magistrate Judge questioned whether Reguli was conceding she never made such a payment to CASA. If so, then the Magistrate Judge (and Layton and CASA) would agree that the interrogatory was no longer relevant. Reguli repeatedly evaded the Magistrate Judge's question before finally responding that her "prior testimony was accurate."

Reguli now complains that the Magistrate Judge's questioning of whether she paid the sanction was an "interrogat[ion]" on "evidentiary issues." But the Magistrate Judge was clearly conducting a relevance inquiry that was squarely within his role in ruling on a discovery issue. If Reguli answered that she did not pay the sanction, the discovery dispute would have been moot. Because Reguli responded that her testimony before Judge Woodruff was "accurate," her financial records are relevant and discoverable.

## CONCLUSION

For the foregoing reasons, the Court should affirm the Magistrate Judge's Order.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Charles F. Spainhour*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
fspainhour@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

9

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on August 10, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Charles F. Spainhour*
Charles (Fritz) Spainhour

10