# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-cv-00694 |
| | ) | |
| JOSEPH A. WOODRUFF, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Evans |
| Defendants. | ) | JURY DEMAND |

## DEFENDANTS EMILY LAYTON AND WILLIAMSON COUNTY CASA, INC.'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 37(b) and 37(d), Defendants Layton and CASA move for sanctions for Reguli's refusal to comply with the Court's July 17, 2026 Order (Dkt. 140).

## INTRODUCTION

The Court ordered Reguli to respond to Layton and CASA's Interrogatory 1 more than three weeks ago. Dkt. 140. Although Reguli belatedly moved to stay the Magistrate Judge's Order, Dkt. 148, the Local Rules are clear that Reguli's obligation to follow the Court's Order has not been stayed. *See* Local Rule 72.01(c). Reguli has therefore been in knowing violation of the Court's order for more than a week, and she has refused or ignored multiple opportunities to comply. As a result of Reguli's continued obstruction and delay, Layton and CASA have been waiting for a response to a straightforward interrogatory for more than two months. The Court should sanction Reguli for her willful violation of the Court's Order.

1

## RELEVANT BACKGROUND

On May 22, 2026, Layton and CASA served Interrogatory 1 on Reguli, requesting that she identify the financial institutions at which she maintained accounts. *See* Dkt. 128-1. Reguli objected to the interrogatory without providing any responsive information. *Id.* The parties met and conferred but were unable to reach a resolution regarding the interrogatory. *Id.* They submitted their motion for discovery conference and joint discovery dispute statement on June 19, 2026. Dkt. 128.

On July 17, 2026, Reguli and counsel for Layton and CASA participated in a discovery dispute conference before Magistrate Judge Evans. Dkt. 140. Having determined that Layton and CASA's interrogatory sought relevant information, the Magistrate Judge ordered Reguli to respond to Layton and CASA's interrogatory as modified to include a date range of December 3, 2014 through May of 2022 within 14 days. *Id.* Reguli's response to the interrogatory was due on July 31, 2026.

Reguli did not comply with the Court's Order and instead filed objections. *See* Dkt. 143. Counsel for Layton and CASA emailed Reguli on August 3, 2026 regarding her overdue response and noting that under Local Rule 72.01(c), her objections did not stay her obligation to comply with the Court's Order. *See* Exhibit A. Reguli responded three days later asking if Layton and CASA intended to pursue the discovery dispute resolution process. *Id.* Layton and CASA's counsel replied that the parties had already completed the discovery dispute process under the Local Rules, and she had yet to comply with the Court's Order. *Id.* Three weeks after the Magistrate Judge's Order, Reguli filed a motion to stay. Dkt. 148. Layton and CASA's counsel again informed Reguli that her motion to stay did not obviate her obligation to respond to

2

Interrogatory 1 and signaled they would move for sanctions for continued noncompliance. Reguli did not respond to that communication, and she has not responded to Interrogatory 1.

<u>**ARGUMENT**</u>

The Court should impose sanctions on Reguli for her failure to respond to Layton and CASA's interrogatory as ordered by the Court. "[I]t is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much." *Purple Rabbit Music v. JCJ Prods., L.L.C.*, No. 3:18-CV-0520, 2019 WL 4265074, at *3 (M.D. Tenn. July 22, 2019). Under the Federal Rules, "[i]f a party. . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) contemplates various sanctions the Court may issue including directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, dismissing the action or proceeding in whole or in part, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013) (upholding the district court's sanction of dismissal for a party's willful and repeated violations of the court's discovery orders). Rule 37(d) similarly provides that the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

Reguli knowingly and willfully failed to comply with the Court's Order. The Court ordered that "within 14 days. . . Plaintiff shall respond to Defendants Layton and Williamson County CASA, INC.'s interrogatory number 1 as modified to include a date range of December 3, 2014 through May of 2022." Dkt. 140. Reguli did not serve a response to Layton and CASA's

3

interrogatory by July 31, 2026, as required by the Order. Ex. A. Reguli thereafter failed to provide a response to Layton and CASA's interrogatory or a justification for her noncompliance with the Court's Order in response to Layton and CASA's counsel's efforts to meet and confer. *Id.* And while Reguli filed a motion to stay (three weeks after the Court issued its Order and one week after her response to Interrogatory 1 was due), this Court's Local Rules are clear that "[t]here shall be no stay of an order entered by a Magistrate Judge, absent a stay *granted* by the Magistrate Judge or the District Judge." Local Rule 72.01(c) (emphasis added).

Accordingly, under Rule 37(b) and Rule 37(d), Layton and CASA respectfully request that the Court enter an order granting the following relief and sanctions against Reguli:

1.      Order Reguli to respond to Layton and CASA's Interrogatory 1 within 24 hours or direct that the fact that she never paid CASA be taken as established;

2.      Order that Reguli's continued noncompliance with the Court's discovery orders will result in more severe sanctions under Rule 37, including possible dismissal of the action;

3.      Grant all other sanctions and relief against Reguli under Rule 37 that the Court deems just and proper.

4

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
fspainhour@bradley.com

*Attorneys for Williamson County CASA, Inc. and
Emily Layton*

5

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on August 10, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

_s/ Michael J. Stephens_
Michael J. Stephens

6