**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS EMILY LAYTON AND WILLIAMSON COUNTY CASA, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STAY**

Defendants Layton and CASA respectfully submit this response to "Plaintiff's Motion to Stay Magistrate Judge Order Compelling Plaintiff to Produce Personal and Professional Financial Records" (Dkt. 148).

## INTRODUCTION

Reguli's motion to stay is too little, too late, and it offers no grounds for a stay that this Court has not already considered. Magistrate Judge Evans ordered Reguli to respond to Interrogatory 1 by July 31, 2026. Dkt. 140. Reguli let that deadline pass without complying with the Court's order or seeking a stay, and only a week later—three weeks after the Order was issued—recognized her "oversight" and asked the Court to stay the Order she had already violated. Besides its untimeliness, Reguli's motion recycles the same arguments this Court should reject for the reasons set forth in Layton and CASA's Response to Reguli's Objections. *See* Dkt. 153. And like her objections, Reguli's motion rests on misrepresentations of the Court's Order and the record. The Court should deny the motion.

## ARGUMENT

### I. Reguli's motion is untimely and cannot undo her violation of the Court's Order.

Reguli's motion is untimely and cannot retroactively stay her obligation to comply with the Court's Order. Local Rule 72.01(c) provides that "[t]here shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge or the District Judge." Reguli filed timely objections to the Order on July 27, 2026, Dkt. 143, but as she concedes, "in oversight, did not seek to stay the order contemporaneously." Dkt. 148 at PageID # 1387. Her deadline to respond to Interrogatory 1 passed on July 31, 2026. Dkts. 140, 153. Reguli's "oversight" is insufficient to establish the "excusable neglect" required for late-filed motions. *Venture Express, Inc. v. Vanguard Nat'l Trailer Corp.*, 585 F. Supp. 3d 1060, 1070, 1073 (M.D. Tenn. 2022) (finding no good cause or excusable neglect to justify setting aside the court's order and holding that allowing the plaintiff to respond "would likely be futile and would cause additional unwarranted delay in the resolutions of th[e] case"). Reguli's untimely motion does not remedy her noncompliance with the Court's Order.

### II. Reguli's motion fails to articulate sufficient grounds for a stay.

Regardless, there is no reason for the Court to issue a stay. A stay of a magistrate judge's discovery ruling should be issued "to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter." *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992) (denying motion to stay where the magistrate's order addressed a nondispositive discovery dispute that was "plainly [a] matter[] of discretion"). Reguli makes no such showing here. Instead, she

simply reiterates her position from the Joint Discovery Dispute Statement that the Magistrate Judge considered and rejected. *Compare* Dkt. 148 *with* Dkt. 128 at PageID ## 1253–57.

Reguli invokes the standard for a stay pending appeal, but Reguli cannot satisfy that standard either. *See* Dkt. 148 at PageID ## 1388–89 (arguing application of four factors considered under a motion to stay pending appeal, citing *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, No. 06-12895, 2008 WL 3843512, at *1 (E.D. Mich. Aug. 13, 2008)).

First, Reguli has failed to demonstrate her objections are likely to prevail. A magistrate judge's order on a nondispositive matter may only be modified or set aside if it "is clearly erroneous or is contrary to law." *Burgess v. Doji, Inc.*, No. 3:25-cv-00495, 2026 WL 174174, at *1 (M.D. Tenn. Jan. 22, 2026). This standard "provides considerable deference to the determinations of magistrates," who "have broad discretion to regulate nondispositive matters." *Id.* (internal quotations and citations omitted); *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). Reguli does not grapple with this standard, other than contending the "magistrate judge provid[ing] no findings of fact or conclusions of law" in the Order. Dkt. 148 at PageID # 1389. But Rule 72 has no such requirement for nondispositive rulings, and Magistrate Judge Evans explained the straightforward basis for his ruling at the hearing. The rest of Reguli's argument, which merely repeats the same argument made to the magistrate judge, provides no basis for the court to conclude the Order was "clearly erroneous" or "contrary to law."

The remaining factors relied upon by Reguli also do not weigh in favor of a stay. Any potential harm to Reguli is addressed by Layton and CASA's repeated efforts to narrow the request to the account and time period in which Reguli claims she made the payment, and by the protective

order Layton and CASA have repeatedly offered and Reguli has refused. Dkt. 153 at PageID ## 1465–66. Nor is there any harm to Reguli's former clients. *See id.* at PageID ## 1466–67.

On the other hand, Layton and CASA will be harmed if a stay is granted because they must seek relevant documents from third parties. With the discovery deadline roughly two months away, further delay threatens the defendants' ability to obtain these records before the close of fact discovery, which has already been extended at Reguli's request. And the public interest favors compliance with court orders, not further delay of the case Reguli filed and now resists developing. There are no grounds for a stay.

**III. Reguli's motion, like her objections, misrepresents the Court's Order and the record.**

Reguli's continued mischaracterizations of the record and the Court's Order further demonstrate why a stay is unwarranted. Reguli first overstates the Magistrate Judge's Order in an effort to manufacture "harm" where none exists. She titles her Motion as staying an "Order Compelling Plaintiff to ***Produce*** Personal and Professional Records" and claims it compels "Reguli to turn over information on personal and professional financial records." Dkt. 148 at PageID # 1387 (emphasis added). Plainly, the Order does neither. The Order only requires Reguli to answer a single interrogatory and does not require Reguli to produce any documents. Reguli also claims that "Layton and CASA want to subpoena eight years[] worth of Reguli's personal and professional financial records so they can now prove [] Reguli did not pay." Dkt. 148 at PageID # 1388. That, too, misstates the record. Layton and CASA have no interest in "rifl[ing] through eight years" of Reguli's financial records. Dkt. 153 at PageID # 1460. Layton and CASA tried in vain to obtain information from Reguli that would allow them to tailor the interrogatory more narrowly. *Id.* The Magistrate Judge also sought to narrow the scope of the discovery, but Reguli

refused to provide any information regarding her purported payment to CASA. The breadth of Layton and CASA's discovery request is a problem of her own making.

Reguli goes on to misstate Layton's discovery responses. Reguli asserts that "in her most recent discovery responses, [Layton] still claims that she is not sure of what documents she relied on which they recorded as 'miscellaneous.'" Dkt. 148 at PageID # 1388. She further claims that Layton "made a false statement about having personal knowledge and appears to have not reviewed any documents before signing the statement which caused Reguli's prosecution." *Id.* at PageID # 1389. That is simply false. Layton's discovery responses make clear that upon receiving Judge Woodruff's letter, Layton met with CASA's bookkeeper to determine whether Reguli had made the payment, "likely reviewed financial records when meeting with [the bookkeeper]," and "would have checked CASA's Network for Good records," though she "does not recall specifically what records she may have reviewed." Reguli's efforts to distort the magistrate judge's ruling and the facts to avoid complying with the Order further demonstrate why Reguli's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Reguli's motion.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
fspainhour@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on August 19, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Michael J. Stephens*
Michael J. Stephens