**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS LAYTON AND CASA'S MOTION FOR ENTRY OF A PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Williamson County CASA, Inc. and Emily Layton respectfully move the Court to enter the proposed protective order attached as **Exhibit 1**, which would govern the treatment of confidential material produced in discovery.

**INTRODUCTION**

As Reguli has long known, CASA has no record showing that Reguli ever paid CASA any amount of money for any reason. Dkt. 81-2 (CASA's June 5, 2023 Notice of Compliance in the underlying criminal matter detailing that CASA has "no documents" reflecting or demonstrating a payment from Reguli). Reguli nevertheless seeks financial records from CASA, while at the same time obstructing CASA's efforts to obtain basic financial information from her. Dkts. 143, 148. To demonstrate that it has no record Reguli ever paid the sanction at issue, CASA has agreed to produce a line-by-line ledger of its income from August 1, 2014 through May 11, 2022. CASA asked only that Reguli first agree to a protective order governing confidential material—a routine step in civil litigation, and a necessary one here. The ledger, for example, is a confidential financial record containing thousands of entries reflecting private donor information. And despite Reguli's

obstruction, Layton and CASA expect to obtain her financial records, about which Reguli has expressed confidentiality concerns that could be addressed through a protective order.

Since June, Layton and CASA have sought to have the parties agree to a routine protective order. Defendant McLendon has agreed, but Reguli has refused to agree even to the concept of a protective order. Nor has she engaged in any effort to reach a compromise. Good cause exists to enter the proposed protective order to protect the confidential information of the parties and of non-parties. The Court should grant this motion.

## RELEVANT BACKGROUND

On June 19, 2026, CASA served its amended responses to Reguli's "Request for Written Discovery." Ex. 2 (CASA's Amended Responses to Plaintiff's Request for Written Discovery). Several responses stated that responsive documents—including CASA's ledger of income from August 1, 2014 through May 11, 2022—would be produced upon the entry of a protective order. The same day, Layton and CASA emailed Reguli a proposed protective order. Ex. 3 (June 19, 2026 email from counsel for CASA and Layton and attached proposed agreed protective order). Reguli did not respond. On June 23, 2026, Layton and CASA reminded Reguli of the proposed protective order. Ex. 4 (June 23, 2026 email). Once again, Reguli did not respond.

In a later discovery deficiency letter, Reguli complained that Layton "has not filed a motion for a protective order under Rule 26(b) or (c), and it is unlikely that the above requested items would be subject to protective order;" and "[n]o protective order has been sought by CASA which would require a statement regarding the necessity of the protective order." Ex. 5 (July 2, 2026 Letter from Reguli) at 2, 6. Reguli did not address the proposed order counsel had sent her two weeks earlier. Layton and CASA again explained their position that the parties should agree to a protective order and asked that, if she would not agree, to "provide your basis for the refusal to

agree to a protective order governing discovery in this matter." Ex. 6 (July 10, 2026 Response Letter to Reguli) at 1.

Reguli responded: "The protective order you sent to me is not acceptable at any level. You want the option to redact whatever you want. I do not see any document response that would rise to the need for a protective order. The emails with McLendon, the letter to Woodruff, the donation records of Helper and Woodruff, the Administrative Guide, the insurance, other email communication regarding these documents or 'Connie Reguli', nor the ledger. You are required to show 'good cause' in requesting a protective order which you have not done so." Ex. 7 (July 13, 2026 Letter from Reguli) at 3. Reguli proposed no revision and offered no alternative.

In response, Layton and CASA explained that Reguli's characterization "is not true" and described the proposed order's operation: it "requires the designating party to limit its confidentiality designations to material that qualifies for protection, permits you to challenge any designation, places the burden of persuasion on the designating party, and expressly preserves your right to seek the Court's resolution of any dispute." Ex. 8 (July 16, 2026 Letter to Reguli) at 3. Layton and CASA then proposed a practical path: the parties submit an agreed order; Layton and CASA produce the remaining documents with designations; and if Reguli disagrees with any designation, she may challenge it under the order, with the burden on Layton and CASA to justify it and the Court available to resolve any dispute that cannot be resolved between the parties. *Id.* Reguli never responded.

Following that exchange, Layton and CASA reviewed the ledger to determine how it could be produced consistent with their obligations to the non-parties identified in it. That review, together with Reguli's refusal to acknowledge that any of the material at issue is confidential, persuaded Layton and CASA that a confidentiality designation alone is not adequate protection for

this particular document, and that the identifying information of non-party donors should be redacted. The proposed order submitted as Exhibit 1 therefore includes Paragraph 3, which permits a producing party to redact enumerated categories of personally identifying information belonging to persons who are not current or former parties to this litigation—names, residential and email addresses, telephone numbers, employer identifications, financial-account and Social Security numbers, and dates of birth—and information identifying any child or family served by CASA. And it makes any redaction challengeable under Paragraph 5, with the burden on the producing party.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c)(1) empowers the Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c)(1); *see also Diamond Resorts Int'l, Inc. v. Phillips*, No. 3:17-cv-01124, 2018 WL 3326814, at *1 (M.D. Tenn. Apr. 17, 2018) ("Rule 26(c) provides the trial court with 'broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required.'") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Among the orders the Rule authorizes are orders "specifying terms . . . for the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(B), (D), (G).

The movant bears the burden of establishing good cause. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). A party demonstrates good cause when it will experience "specific prejudice or harm" without a protective order. *Olmstead v. Fentress Cnty.*, No. 2:16-cv-00046, 2018 WL

6198428, at *3 (M.D. Tenn. Nov. 28, 2018) (quoting *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016)). Rule 26 also enables the Court to limit discovery that is not "proportional to the needs of the case," considering among other things the "importance of the discovery in resolving the issues" and whether the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## ARGUMENT

### I. Good cause exists to protect confidential financial information and non-party personal information at issue.

The foundation of this lawsuit is Reguli's contention that she paid CASA $3,145.50 at some unspecified time between December 2014 and May 2022. The most probative evidence on that question can come from two sources: Reguli's financial records and CASA's financial records. Although CASA has no record reflecting a payment from Reguli (see Dkt. 81-2), both parties have understandable interests in the confidentiality of their records, which provides good cause for entry of a protective order.

In particular, CASA's income ledger, which contains individual donor information, is precisely the type of information Rule 26(c) exists to protect. CASA is a small nonprofit that largely depends on private charitable giving. The ledger of its income from August 1, 2014, through May 11, 2022, is a transaction report containing several thousand line items. Many of the populated description fields identify an individual donor by name, some of which link that individual to an employer or to a workplace giving campaign. The ledger also contains internal account designations and bank account descriptors. A nonprofit's donor list is confidential commercial information in the ordinary sense, and its disclosure implicates interests beyond CASA's own. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 462 (1958) (holding non-profit's membership lists were not subject to compelled disclosure because doing so would violate

the "vital relationship between freedom to associate and privacy in one's associations"); *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 606–07 (2021) (recognizing compelled disclosure of a non-profit's donor list would have a chilling effect on associational freedoms). The donors identified in the ledger are not parties, have had no notice of Reguli's requests, and have no means of protecting themselves from public disclosure.

Additionally, the discovery Reguli seeks is disproportionate to the needs of the case absent the requested order. The ledger is relevant for one reason: to show whether a payment from Reguli to CASA appears in it, which it does not. The identities of the individuals who did donate have no bearing on that question. Fed. R. Civ. P. 26(b)(1). A protective order thus costs Reguli nothing of evidentiary value while eliminating a risk to hundreds of non-parties who donated money to CASA.

The "specific prejudice or harm" Layton and CASA face is not hypothetical. On July 20, 2026, the Tennessee Supreme Court permanently disbarred Reguli. *Reguli v. Bd. of Pro. Resp.*, No. M2024-00153-SC-R3-BP, 2026 WL 2082926, at*60 (Tenn. July 20, 2026). The court's findings describe the exact conduct Rule 26(c) is meant to prevent. Most pertinent here, the court described the origin of the sanction at issue in this lawsuit. In *In re Carolina M.*, CASA moved to quash a subpoena Reguli served on CASA volunteer Ann Best "to protect sensitive information about the child." *Id.* at *1. The trial court "allowed CASA to redact certain information from documents it produced and seek in camera review." *Id.* CASA produced records with redactions, but "Ms. Reguli demanded the unredacted documents." *Id.* at *2. CASA then asked Reguli "to identify specific redactions for in camera review by the trial court. Instead of doing so, Ms. Reguli filed a motion for civil contempt and sanctions against the volunteer, Ms. Best." *Id.* The trial court found the documents "properly redacted." *Id.* After Reguli filed a further criminal contempt

petition, the trial court imposed Rule 11 sanctions on her, describing the petitions as "a litigation tactic calculated to [] coerce CASA" and "calculated to coerce and/or intimidate Ms. Best from providing truthful testimony as a witness," and noting Reguli's "pattern and practice" of charging parties and witnesses with contempt "as a coercive litigation tool." *Id.* at *2. The Court of Appeals affirmed. *In re Carolina M.*, No. M2014-02133-COA-R3-JV, 2016 WL 6427853 (Tenn. Ct. App. Oct. 28, 2016), *perm. app. denied* (Tenn. Feb. 15, 2017). The fee award entered in that proceeding is the $3,145.50 sanction at the center of this case.

The opinion further establishes that Reguli publishes the personal information of individuals adverse to her in litigation and directs followers to contact them. She posted a juvenile court judge's entire disciplinary complaint, "including Judge Guffee's cell phone number and email address," to a Facebook page she controlled, and invited followers to "say hello to Sharon Guffee." *Id.* at *7, *45. She thereafter "dox[ed]" a Department of Children's Services attorney in the same manner. *Id.* at *45. The Court explained that the purpose of such conduct is unambiguous: "it is a request for internet trolls to harass the named individual." *Id.* at *58 (citation omitted). It characterized Reguli's broader course of conduct as designed "to succeed in related litigation by coercing judges and judicial system personnel into standing down to avoid personal mortification and possible physical danger for them or their families." *Id.* And it treated Reguli's "choice of a very public platform" as an independent aggravating factor, quoting its earlier admonition that "[l]awyers who choose to post on social media must realize they are handling live ammunition." *Id.* at *56 (quoting *In re Sitton*, 618 S.W.3d 288, 304 (Tenn. 2021)).

Absent a protective order, Reguli would obtain a roster of hundreds of private individuals who financially supported CASA, the same organization Reguli has publicly targeted and sought to intimidate and coerce its volunteers. *Id.* at *1. In fact, Reguli has already indicated she intends

to use discovery to obtain irrelevant information from CASA regarding individuals she has previously intimidated and harassed. *See* Dkt. 129 at Page ID# 1280 (listing proposed topic of testimony for CASA 30(b)(6) representative as "all donations to CASA made by . . . Sharon Guffee from 2014 through 2022"); *see also Reguli*, 2026 WL 2082926, at *45–46 (discussing prior targeting of Judge Guffee by Reguli to "gain unfair tactical advantage in the related ongoing litigation by intimidating, demeaning, embarrassing, disparaging, and threatening Judge . . . ."). Judge Guffee is not a party to this case, has never been a party, and is the person Reguli was disbarred, in part, for doxing. *Reguli*, 2026 WL 2082926, at *45–48, 53, 57–59.

Taken together, an adjudicated practice of publishing adverse parties' personal information, a refusal to concede that any of this material is confidential, and a demand for donation-level detail concerning an irrelevant non-party she has previously targeted give Layton and CASA a reasonable and well-founded basis to believe that the identities of CASA's donors, if produced without protection, will not remain private. Rule 26(c) does not require Layton and CASA to wait and find out. Once a donor list is disseminated, no order can retrieve it.

The Court should not permit CASA's production of its income ledger—which is relevant only to show that Reguli appears nowhere on it—to result in additional harassment of non-parties that privately donated to CASA. That is the "annoyance, embarrassment, [and] oppression" Rule 26(c) addresses, and the harm would be immediate and irreversible. Fed. R. Civ. P. 26(c)(1).

## II. The proposed order withholds nothing relevant from Reguli, and she has offered no valid reason to reject the entry of a standard protective order.

The order Layton and CASA propose is an unremarkable confidentiality-designation order. Ex. 1. It requires the designating party to limit designations to material that qualifies for protection and to withdraw any mistaken designation. It gives Reguli an express mechanism to challenge any designation, places the burden of persuasion on the designating party, and preserves her right

to bring any unresolved dispute to the Court. It contemplates filing under seal only in compliance with Local Rule 5.03. And it binds every party equally, permitting Reguli to designate her own confidential material on the same terms.

The proposed order does not permit Layton or CASA to withhold any responsive information from Reguli. The only redactions the protective order provides for are confined to enumerated categories of non-party identifiers, it expressly preserves the relevant substance of every entry, and even these limited redactions remain reviewable by the Court.

Reguli has never explained why confidential financial records, including hers, should not be subject to a protective order. A party opposing a protective order cannot defeat a particularized showing of good cause with a "stereotyped and conclusory" assertion any more than a movant can establish one that way. *Cf. Nix*, 11 F. App'x at 500.

Finally, the equities are one-sided. If the proposed protective order is entered, the parties (including Reguli) can adequately protect confidential information, obtain relevant information, and challenge any designation. If it does not, either hundreds of non-parties lose the confidentiality of their charitable giving with no notice and no recourse, or this discovery dispute consumes the remainder of a discovery period that closes on October 16, 2026. Dkt. 144. Entry of the proposed order is the least burdensome path to a complete record with no resulting prejudice or harm to any party or non-party.

## CONCLUSION

For the foregoing reasons, Layton and CASA respectfully request that the Court enter the proposed protective order attached as Exhibit 1, or such other protective order as the Court deems appropriate.

## **CERTIFICATION UNDER FED. R. CIV. P. 26(c)(1) AND LOCAL RULE 7.01(a)(1)**

Although Local Rule 7.01(a)(1) does not apply to this case because all parties are not represented by counsel, the undersigned counsel has, in good faith, conferred with Reguli in an effort to reach agreement on the entry of a protective order on June 19, 2026, June 23, 2026, July 10, 2026, and July 16, 2026. Reguli has declined to agree and has not responded to counsel's most recent correspondence on the subject. *See* Exs. 3–8. Defendant Dana McLendon has no opposition to this Motion.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Michael J. Stephens*
Charles (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: (615) 244-2582
F: (615) 252-6380
fspainhour@bradley.com
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on August 21, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Drive
Murfreesboro, Tennessee 37128

I also hereby certify that on August 21, 2026, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court for the U.S. District Court for the Middle District of Tennessee through the Court's Electronic Case Filing System, which will automatically serve all counsel of record.

*/s/ Michael J. Stephens*
Michael J. Stephens