# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT WILLIAMSON COUNTY CASA, INC's AMENDED RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Williamson County CASA, Inc. ("CASA") serves its Amended Responses to Plaintiff Connie Reguli's Request for Written Discovery.

## GENERAL OBJECTIONS

1. CASA objects to the requests to the extent they attempt to impose obligations or requirements beyond those permitted or authorized by the applicable provisions of the Federal Rules of Civil Procedure, the rules of this Court, or the laws of this jurisdiction.

2. CASA objects to the requests because they fail to delineate between interrogatories, requests for admission, and requests for production, and some requests appear to combine different types of discovery request. CASA has responded based on its understanding of the type of request at issue.

3. CASA objects to the requests to the extent that they call for attorney work product or the disclosure of information protected by the attorney-client privilege, including, without limitation, communications seeking or providing legal advice or any information containing or reflecting the mental impressions, conclusions, and/or legal theories of any attorney working on

behalf of or retained by Layton or CASA.

4. CASA objects to the requests to the extent that they purport to require CASA to provide information not in CASA's possession, custody, or control or documents and things that belong to entities other than CASA.

5. CASA objects to the requests to the extent that they seek the disclosure of confidential, proprietary, personally identifiable information, and/or commercially sensitive business information. CASA will disclose such information in accordance with the terms of a protective order.

6. CASA maintains that it should be dismissed from this lawsuit under the doctrine of witness immunity. Accordingly, CASA objects to each of Plaintiff's requests as improper and unduly burdensome.

7. CASA expressly reserves the right to withdraw, amend, modify, or supplement these responses in the event of error, mistake, or omission, and as CASA ascertains additional facts or more accurate information becomes available.

Subject to the foregoing general objections and qualifications, CASA provides additional objections and responses to Plaintiff's requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**I. General questions for all defendants**

**REQUEST 1(i) (Interrogatory)[1]:**

1. Consistent with Federal Rules of Civil Procedure 26(a), please provide the following:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:** Subject to and without waiving its objections, CASA states that the following individuals are likely to have discoverable information:

- Connie Reguli – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA and her alleged damages;
- Reguli's bookkeepers, accountants, and financial professionals – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA;
- Reguli's healthcare providers – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's alleged damages;

[1] Because Reguli's requests did not differentiate between types of requests and had inconsistent numbering, CASA has added numbering and its understanding of the type of request.


Case 3:24-cv-00694 Document 157-2 Filed 08/21/26 Page 4 of 21 PageID #: 1523

- Judge Woodruff – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the sanction, affidavit, and Plaintiff's prosecution;
- John Stephens – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Plaintiff's prosecution;
- Dana McLendon – Knowledge regarding facts relevant to Plaintiff's claims and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit;
- Stuart Tutler – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA;
- Emily Layton – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit;
- Tracy Barnes – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the CASA's financial records

**<u>REQUEST 1(ii) (Request for Production)</u>:**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, communication, and tangible things that the disclosing party has in its

possession, custody, or control and may use to support its claims or defenses, including exculpatory information, unless the use would be solely for impeachment;

**<u>RESPONSE</u>:** CASA objects to this request on the grounds that "exculpatory information" is vague and not consistent with Federal Rule of Civil Procedure 26. Subject to and without waiving its objections, and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce documents that it may use to support its claims or defenses unless the use would be solely for impeachment.

**<u>REQUEST 1(iv) (Request for Production)</u>:**

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**<u>RESPONSE</u>:** Subject to and without waiving its objections, CASA will produce its insurance agreement with Arch Insurance Company upon entry of a protective order.

**<u>REQUEST 2 (Interrogatory)</u>:**

2. For any expert upon which you intend to rely provide the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

**RESPONSE:** CASA objects to this request on the grounds that it is premature. CASA further objects to this request to the extent it calls for disclosure of expert witnesses before the deadlines set forth in the Federal Rules of Civil Procedure and Case Management Order. CASA further objects to this request to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST 3 (Interrogatory and Request for Production):**

3. Describe all communication that refers to Connie Reguli or any of the facts alleged in this case that you have had with any and all of the original named defendants in this matter from March 1, 2022 through June 30, 2023, including Joseph A. Woodruff, Dana McLendon, Emily Layton, Kimberly Helper, John Stephens, and any person holding themselves out as a representative or employee or agent of CASA of Williamson County. Include the date, time, and content of the communication. All communication includes letters, email, phone call, personal, etc.), the persons communicated with and the content. Provide a copy of this communication.

**RESPONSE:** CASA objects to this request on the grounds that it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and "all communication that refers to Connie Reguli" is overly broad, irrelevant, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the


Case 3:24-cv-00694 Document 157-2 Filed 08/21/26 Page 7 of 21 PageID #: 1526

case. CASA further objects to this request because it is directed toward the individual defendants. Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 4 (Interrogatory):**

4. Provide all cell phone numbers and the provider that you used during the time period from March 1, 2022 through June 30, 2023. Give the phone number, the cell phone provider, and the name of the person or entity holding the contract for the cell phone service.

**RESPONSE:** CASA objects to this request because it is directed toward the individual defendants. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 5 (Interrogatory):**

5. Provide all email addresses that you used from the period of March 1, 2022 through June 30, 2023. Include the exact email address, the carrier or provider, and if the account is held by anyone other than yourself, please provide the name and contact information (phone, address, email) of that person or entity.

**RESPONSE:** CASA objects to this request because it is directed toward the individual defendants. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 6 (Interrogatory):**

6. Provide a description of your employment from March 1, 2022 through June 30, 2023, including your job description or title, your employer or name of your business entity, the source of your income, your rate of pay per month.

**RESPONSE:** CASA objects to this request because it is directed toward the individual defendants and is not relevant to any claim or defense. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case.Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 7 (Interrogatory):**

7. Regarding your relationship with any other defendant or co-conspirator (Emily Layton, Dana McLendon, Joseph A. Woodruff, Kimberly Helper, John Stephens) and including the organization CASA of Williamson County, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**RESPONSE:** CASA objects to this request on the grounds that the term "relationship" is vague. CASA further objects to the term "co-conspirator" because there was no conspiracy. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, Emily Layton was CASA's executive director in 2022 and Woodruff and

Helper have donated to CASA. Pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**REQUEST 8 (Interrogatory):**

8. For each individual you have listed under (1)(i) above, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**RESPONSE:** CASA objects to this request on the grounds that it is overbroad, the term "relationship" is vague, and it is directed toward the individual defendants. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, Tracy Barnes was CASA's bookkeeper, Layton was CASA's Executive Director, and Stuart Tutler is CASA's current Executive Director. Judge Woodruff has donated to CASA. CASA has no relationship with John Stephens. Dana McLendon has previously represented CASA in court proceedings.

## II. <u>Discovery requests specifically and solely for CASA</u>

**<u>REQUEST 9 (Interrogatory)</u>:**

A. The name and contact information of the Rule 30(b)(6) representative for CASA of Williamson County, Inc. for any or all of the questions included requested herein. If the persons would be different for different questions, identify the source person in each response.

**<u>RESPONSE</u>:** CASA objects to this request on the grounds that "any or all of the questions" is vague and overbroad. Subject to and without waiving its objections, CASA will produce a witness in response to a proper Rule 30(b)(6) deposition notice.

**<u>REQUEST 10 (Interrogatory)</u>:**

B. Give the name and contact information for each person who was serving on the Board of Directors between April 29, 2022 through August 8, 2023. If any board member was acquired or left service during that period of time indicate so for each person.

**<u>RESPONSE</u>:** CASA objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a list of its board members in 2022. Board members may be contacted through CASA's counsel.

**<u>REQUEST 11 (Interrogatory)</u>:**

C. Give the name and contact information for each person who was serving on the Board of Directors when Emily Layton was hired with CASA and when she became the executive

director. Give the date of hire and the position she was hired for and the list of board members. Give the date that she became executive director and the list of board members.

**RESPONSE:** CASA objects to this request on the grounds that CASA's board members when Emily Layton was hired is not relevant to any claim or defense and not proportional to the needs of the case. Subject to and without waiving its objections, CASA states that Layton was hired as Executive Director in December 2019.

**REQUEST 12 (Interrogatory):**

D. Provide a description of the policies, rules, job description, contract, or otherwise that describe the role, job duties, responsibilities, reporting and approval obligations, and any other limitations of the executive director at the time Emily Layton was placed in that position. Including her responsibility to report to board members, attend board meetings, or prepare reports for the board. If any other changes during the course of her employment, describe the change and the implementation of the changes.

**RESPONSE:** CASA objects to this request on the grounds that CASA's policies, rules, job description, contract, and the job duties, responsibilities, reporting and approval obligations, and "any other limitations of the executive director" are overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce its Administrative Assistant Guide and Accounting Policies & Procedures.

**REQUEST 13 (Interrogatory):**

E. Provide a description of the policies, rules, job description, contracts or services with third parties, or otherwise that were responsible for the proper entry into the CASA records for monies received, monies deposited, and monies spent by the organization from August 2014 through June 2023.

**RESPONSE:** CASA objects to this request on the grounds that policies, rules, job description, contracts or services with third parties, "or otherwise that were responsible for the proper entry into CASA records" for "monies spent" by CASA from August 2014 through June 2023 is overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce its Administrative Assistant Guide, Accounting Policies & Procedures.

**REQUEST 14 (Interrogatory):**

F. Provide the names and contact information for any person (whether or not employed by CASA) who held the responsibility for making entries in accounting and bookkeeping systems for monies received at all times during August 2014 and June 2023.

**RESPONSE:** CASA objects to this request on the grounds that the name(s) and contact information for individuals responsible for making accounting entries for CASA after May 11, 2022 is overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA states that Tracy Barnes was CASA's bookkeeper from 2016-2022 and can be contacted through counsel for CASA. Alexandra

Bradshaw was CASA's bookkeeper prior to Barnes and can be contacted through counsel for CASA.

**REQUEST 15 (Interrogatory):**

G. Provide a description of all categories (internal account information) for all income entries in the CASA bookkeeping or accounting system between August 2014 and June 2023.

**RESPONSE:** CASA objects to this request on the grounds that it "all categories" is overbroad. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**REQUEST 16 (Request for Production):**

H. Provide a copy of the reports (including financial) received and reviewed for board meetings between August 2014 and June 2023. Describe who prepared the reports, and the date of each report.

**RESPONSE:** CASA objects to this request on the grounds that financial records received and reviewed for board meetings are not relevant to any claim or defense and not proportional to the needs of the case. CASA further objects to this request because any "reports (including financial) received and reviewed for board meetings" after May 11, 2022 are overbroad, not relevant to any claim or defense, and not proportional to the needs of the case.

**REQUEST 17 (Interrogatory):**

I. Provide the details known to the CASA organization, any board members, any accountant or bookkeeper, financial officer, regarding the preparation of the May 2022 affidavit of Emily Layton.

**RESPONSE:** Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 18 (Interrogatory):**

J. Provide the identity of all persons of CASA who advised on, reviewed, received, copied, or recorded the letter prepared by Joseph A. Woodruff dated April 29, 2022.

**RESPONSE:** Subject to and without waiving its objections, CASA refers to Layton's responses.

**REQUEST 19 (Interrogatory and Request for Production):**

K. Provide and describe all communication CASA employees, accountants, board members, or otherwise had with Emily Layton regarding the review of the Woodruff of April 29, 2022 letter, the Emily Layton affidavit of May 11, 2022, and the CASA/Layton responses to the subpoena response in State v. Connie Reguli in June 2023.

**RESPONSE:** CASA objects to this request to the extent it calls for discovery of information protected by the attorney-client privilege or work-product doctrine. CASA further objects to this request because communications relating to the "CASA/Layton responses to the subpoena response in State v. Connie Reguli in June 2023" is overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. Subject to and without waiving its

objections, CASA will produce responsive, non-privileged emails regarding the April 29, 2022 letter and the May 11, 2022 affidavit, if any, identified through a diligent search upon entry of a protective order.

**<u>REQUEST 20 (Request for Production)</u>:**

L. Provide a report of the 'miscellaneous income' recorded by CASA between August 2014 and June 5, 2023.

**<u>RESPONSE</u>:** CASA objects to this request because a "report of the 'miscellaneous income' recorded by CASA" is vague and undefined. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**<u>REQUEST 21 (Request for Production)</u>:**

M. Provide a copy of your Income tax return 990 form filed with the IRS for each year from tax year 2014 through tax year 2023.

**<u>RESPONSE</u>:** CASA objects to this request on the grounds that CASA's tax returns are not relevant to any claim or defense and is not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case.

**<u>REQUEST 22 (Request for Production)</u>:**

N. Provide a copy of your financial statements showing income and expenses; and assets and liabilities for each year from fiscal year 2014 through fiscal year 2023.

**<u>RESPONSE</u>:** CASA objects to this request on the grounds that "financial statements showing . . . expenses; and assets and liabilities" are overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce a ledger of its income August 1, 2014 through May 11, 2022 upon entry of a protective order.

**<u>REQUEST 23 (Request for Production)</u>:**

O. Provide documentation to show payments made to Attorney Raquel Abel between May 1, 2014 and June 2023 for services provided for CASA or any of its employees, board members, or volunteers.

**<u>RESPONSE</u>:** CASA objects to this request to the extent it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and payments CASA made to Raquel Abel are not relevant to any claim or defense. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case.


Case 3:24-cv-00694 Document 157-2 Filed 08/21/26 Page 17 of 21 PageID #: 1536

**REQUEST 24 (Request for Production):**

P. Provide any communication with or between CASA employees, board members, or volunteers regarding Connie Reguli from May 1, 2014 through June 30, 2023.

**RESPONSE:** CASA objects on the grounds that it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and "all communication that refers to Connie Reguli" is overly broad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce responsive, non-privileged emails regarding the April 29, 2022 letter and the May 11, 2022 affidavit, if any, identified through a diligent search upon entry of a protective order.

**REQUEST 25 (Interrogatory):**

Q. Describe the policies, procedures, bylaws, and other ruling documents, contracts, and policies that provide for indemnity for board members for liability from litigation including the organization or its employees or its volunteers. If it differs for each class of person, describe the differences. Attach any supporting documents.

**RESPONSE:** CASA objects to this request on the grounds that CASA's "indemnity for board members" is not relevant to any claim or defense. CASA further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

**<u>REQUEST 26 (Request for Production)</u>:**

R. Provide the employment application of Emily Layton, including any reference letters, her employment acceptance and documents executed to enroll as a paid employee.

**<u>RESPONSE</u>:** CASA objects to this request on the grounds that Layton's employment application is not relevant to any claim or defense.

## VERIFICATION

I, _Stuart Tutler____________________, on behalf of Williamson County CASA, Inc., declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

WILLIAMSON COUNTY CASA, INC.

_______________________________________

By: _____Stuart Tutler__________

Its: __Executive Director______

Dated: _June 18_, 2026

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Charles F. Spainhour*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*