# EXHIBIT 6

**Fritz Spainhour**
Partner
fspainhour@bradley.com
(615) 252-3821 direct

July 10, 2026

**VIA EMAIL**
Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, Tennessee 37128
Connie.familyforward@gmail.com

RE: July 2, 2026 Discovery Issues Letter

Ms. Reguli:

I am in receipt of your July 2, 2026, deficiency letter regarding Emily Layton and Williamson County CASA, Inc.'s responses to your discovery requests.

As an initial matter, most of the issues raised in your letter can be resolved through the entry of a protective order. Our office sent you a proposed protective order on June 19, 2026 and requested your comments. You did not respond. In response to your June 23, 2026 email regarding the status of Layton and CASA's discovery responses, I informed you that Layton and CASA's responses had been mailed and directed you to the proposed protective order to facilitate the production of confidential records in this case. I still have not heard back from you on the proposed protective order, but to the extent you will not agree to the entry of a protective order, please provide your basis for the refusal to agree to a protective order governing discovery in this matter.

Layton and CASA will produce responsive documents upon the entry of a protective order. Contrary to your suggestion, a motion is not a prerequisite to a protective order where, as here, the parties can and should stipulate to an agreed order under Rule 26(c). Should you not be amenable to reaching an agreement, Layton and CASA will seek relief from the Court to obtain a protective order.

Additionally, your letter raises the issue of a privilege log on several occasions. To the extent Layton or CASA withhold any responsive documents on the basis of the attorney-client privilege or the work-product doctrine, they will provide a privilege log identifying the withheld materials following the production of documents upon the entry of a protective order.

Your letter otherwise advances several positions that are addressed in turn below.

**Layton's Responses**

1. You claim that Layton "failed to produce any documents referenced in her responses and failed to provide a 'description by category and location . . . of tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]'" Layton's production of documents responsive to the categories identified in Responses 1(ii), 8, 11, and 12 is conditioned on the entry of a protective order, and Layton

appropriately invoked Rule 33(d) which permits a party to produce records in lieu of answering an interrogatory when the burden of ascertaining the answer will be substantially the same for either party. The text message exchange between Layton and McLendon referenced in Response 8, and Layton's May 2, 2022, letter to Judge Woodruff referenced in Response 14 will be produced. Finally, you mischaracterize Layton's response to Request 14 by claiming Layton has failed to produce the "records she reviewed in response to Judge Woodruff's letter[.]" Layton's answer states she does not recall what records she reviewed. She cannot produce records she cannot recall, and in any event, she is a former employee of CASA and therefore does not have possession, custody, or control of CASA's records.

2. You claim that Layton has "failed to provide the contact information on 'persons with knowledge' identified in Response 1(i) for Stuart Tutl[e]r and Tracy Barnes." As stated in Layton's responses, Stuart Tutler, Tracy Barnes, and Lauren Roberts may be contacted through counsel for CASA and Layton. You also claim that Layton failed to identify Lauren Roberts in Response 1(i), but Ms. Roberts was not identified because Layton does not know if Ms. Roberts is likely to have discoverable information, but in any event, Ms. Roberts can be contacted through counsel for Layton and CASA. Finally, you claim Layton "filed [sic] to provide addresses and phone numbers" for Judge Woodruff and John Stephens. John Stephens and Judge Woodruff are both represented in this matter and may be contacted through their counsel of record whose contact information you already have.

3. You claim that Layton "failed to respond to Request 2 for disclosure of expert witnesses in accordance with Rule 26(a)(2)," but you do not identify any deadline obligating Layton to provide the information required under Rule 26(a)(2) at this time. No case management order currently in effect sets a deadline for expert witness disclosures under Rule 26(a)(2). Layton will make her expert disclosures in accordance with the applicable pretrial deadlines set by the Court or the Rules of Civil Procedure. Before any such deadline is determined, your request for expert disclosures is premature. Indeed, the order you cite (Dkt. 125) continued all pretrial deadlines associated with the September 8, 2026, trial and the August 31, 2026, pretrial conference and provided that they "will be reset by separate order." That Order is clear that "written discovery" and "depos[itions of] all fact witnesses" must be completed by August 17, 2026, but the Order is silent as to expert discovery. Notably, you have disclosed no experts either.

4. You claim that "Layton has failed to provide responses to the events that occurred between April 2022 . . . and June 2023 . . . ." You also claim that "Layton must provide all requested communication and other documents until the time of the dismissal of the malicious prosecution in June 2023, and either disclose the communication with counsel between April 2022 and June 2023, or be prohibited from later claiming that she relied on counsel in any of her communication, preparation of the letter or affidavit, or in response to the criminal discovery request." You assert that "the events that occurred between April 2022 (the known communication with Judge Woodruff) and June 2023 (the ultimate dismissal of the criminal matter)" are "all relevant to the malicious prosecution" without providing any support. The execution of that affidavit by Layton on May 11, 2022, is the last act your pleading attributes to Layton. Documents and communications post-dating that act are therefore irrelevant to your claims against Layton. To be clear, Plaintiff's claims against Layton turn on whether Plaintiff paid the 2014 sanction to

CASA and Layton's execution of the affidavit. Please identify and explain the basis of your claim that anything post-dating May 11, 2022 is relevant to your claims against Layton or CASA and we will reconsider your request. Regardless, Layton has no non-privileged documents or communications responsive to your request.

5. You claim that "Layton has failed to provide a complete response to [Request] 14, in that she was asked to identify all persons she spoke to in the preparation of her response to Judge Woodruff's inquiry in April/May 2022 and what documents she reviewed." You then claim that Layton failed to provide the names of the Executive Committee of CASA, but Layton does not recall which specific member or members she spoke with apart from Lauren Roberts, whom she identified. You next claim that Layton "fails to identify what financial records she reviewed" but omit the portion of Layton's response in which she plainly states "she does not recall specifically what records she may have reviewed." Layton cannot describe or produce records she cannot recall. As to the member or members of the Executive Committee you claim Layton "failed to identify," Layton has identified the member (Ms. Roberts) she can recall. Finally, the May 2, 2022 letter to Judge Woodruff and text exchange with McLendon will be produced.

6. You claim that Layton "failed to identify whether or not there was a 'policy, job description, employment contract, or other written instrument describing your job role, duties, responsibilities, limitations, and supervision,'" but your Request did not seek any such information. Instead, it merely asked that "[i]f there is [such a document], attach the same as a supplement to your response." No document was attached to the response because Layton has not identified any responsive documents after a reasonable search.

7. You have provided no basis to suggest that Layton engaged in any conduct that would meet the high bar for proving punitive damages. Layton maintains that discovery into her personal financial condition for punitive damages purposes is premature, harassing, and not proportional to the needs of the case. Layton will supplement her response to Request 20 if the case reaches a stage warranting punitive damages discovery.

**CASA's Responses**

1. You claim that "CASA failed to provide addresses and phone numbers for Joseph A. Woodruff and John Stephens." John Stephens and Judge Woodruff are both represented in this matter and may be contacted through their counsel of record whose contact information you have. You also claim that CASA failed to identify Alexandra Bradshaw in Response 1(i), but CASA does not know if Ms. Bradshaw is likely to have discoverable information. As stated in CASA's response, Alexandra Bradshaw may be contacted through counsel for CASA.

2. You claim that CASA failed to respond to Requests 17 and 18 by referring to Layton's responses and that CASA "needs to provide names, addresses, and phone numbers of executive committee members referred to in Layton Response 14." Nothing within Requests 17 and 18 seeks this information, and instead, asks only for the "details known to the CASA organization, any board members, any accountant or bookkeeper, financial officer, regarding the preparation of the May 2022 affidavit of Emily Layton" (Request 17) and "the identity of all persons of CASA who advised on, reviewed, received, copied, or recorded the letter prepared by

Joseph A. Woodruff dated April 29, 2022" (Request 18). Contrary to your assertion, nothing within Request 17 or 18 seeks the identity of "all persons" and "any board members" who reviewed, advised, or received "the Woodruff letter dated April 29, 2022 and the Layton May 2022 affidavit." Moreover, CASA answered Request 17 fully by referring to Layton's responses, which contain the "details known to the CASA organization, any board members, any accountant or bookkeeper, financial officer, regarding the preparation of the May 2022 affidavit of Emily Layton." To the extent CASA learns additional information responsive to this Request, CASA will supplement its response to Request 17. As to Request 18, your claim that Layton "admits that she reviewed the Woodruff letter, her May 2, 2022 letter, and the May 11, 2022 affidavit with 'a member or members' of the Executive Committee of CASA" is not supported by any of Layton's responses. Instead, Layton's response to Request 14 states that she received the letter and "informed the Executive Committee of CASA's Board of Directors" and consulted with Lauren Roberts. Accordingly, CASA's reference to Layton's responses is complete and accurate. To avoid confusion, Layton received the letter, and Ms. Roberts advised on the letter. CASA is unaware of any other individuals who "advised on, reviewed, received, copied, or recorded the letter prepared by Joseph A. Woodruff dated April 29, 2022," but will supplement its response to Request 18 to the extent it learns of any other individuals responsive to Request 18.

3. You claim that "CASA failed to produce a copy of the insurance policy with Arch Insurance Company," but CASA explicitly conditioned its production upon the entry of a protective order. Again, CASA has sent you a draft protective order and requested your comments to it, but you have failed to respond. CASA will produce its insurance policy covering the relevant claims period subject to entry of a protective order.

4. CASA incorporates Layton's response to #3 above.

5. You claim that CASA "needs to produce all communications requested" by Request 3, which seeks "all communication that refers to Connie Reguli or any of the facts alleged in this case that you have had with any and all of the original named defendants in this matter from March 1, 2022 through June 30, 2023, including Joseph A. Woodruff, Dana McLendon, Emily Layton, Kimberly Helper, John Stephens, and any person holding themselves out as a representative or employee or agent of CASA of Williamson County." As an initial matter, your request is temporally overbroad because you have not alleged that either Layton or CASA took any action in furtherance of the purported conspiracy after Layton signed and transmitted the affidavit on May 11, 2022, which is the last act your Complaint attributes to either Layton or CASA. The only post-affidavit conduct your Complaint identifies as to CASA—its June 5, 2023 response to your subpoena in the criminal matter—is a compelled production that you already possess. Otherwise, CASA's incorporation of Layton's responses is complete and accurate. However, CASA agrees to conduct a reasonable search for responsive, non-privileged communications that refer to Connie Reguli between CASA and the original named defendants within its possession, custody, or control between March 1, 2022 and May 11, 2022, and will produce those communications, if any, following the entry of a protective order. You also claim CASA failed to provide a privilege log, but CASA will provide a privilege log following the production of any such communications if necessary. For clarity, your Request explicitly seeks communications with the "original named defendants in this matter" and "any person holding themselves out as a representative or employee

or agent of CASA of Williamson County," which would seemingly include communications between CASA's employees and its attorneys (i.e., "representative" or "agent"), which is undoubtedly subject to the attorney-client privilege. Please clarify whether you intended to seek such communications with Request 3.

6. You claim CASA "failed to respond to [Requests 7 and 8] related to Defendant McLendon" and that "CASA needs to provide a full response including its history with McLendon as requested including payments to McLendon; the amounts and dates of donations from Helper and Woodruff; and a copy of the ledge[r] from 2014 through May 2022." As to Request 7, CASA will supplement its response to identify Mr. McLendon as having represented CASA previously (as noted in response to Request 8), which is the entirety of its "relationship" with Mr. McLendon. As to the other original Defendants, CASA described its "relationship" fully: Layton is a former executive director of CASA, and Judge Woodruff and Ms. Helper previously donated to CASA. To be clear, there is no other "relationship" beyond what is described in Request 7 (or as to Mr. McLendon, Request 8). To the extent your letter now seeks additional detail beyond the scope of the Requests as propounded, CASA declines to supplement. Information regarding donations from Ms. Helper and Mr. Woodruff is reflected in CASA's ledger of its income from August 1, 2014 through May 11, 2022, and CASA appropriately availed itself of Rule 33(d). CASA's ledger of its income from August 1, 2014 through May 11, 2022, will be produced upon the entry of a protective order.

7. You claim "CASA failed to provide [a list of board members of CASA from April 29, 2022 through August 8, 2023]" and "a list of board member [sic] of CASA when Layton was hired in December 2019." You again claim that "Layton (Response 14) stated that she reviewed the Woodruff letter, her May 2, 2022 letter, and the May 11, 2022 affidavit with a member or members of the Executive Committee of the board, but failed to identify the person" but as noted above in CASA's Response to deficiency #2, that statement is not supported by any of Layton's responses. Moreover, Layton identified the person as Ms. Roberts. CASA agreed to produce a list of its board members for 2022, and CASA's board members from 2022 may be contacted through counsel. As noted above, information beyond May 11, 2022 is not relevant to this matter, but to the extent you can identify any allegation from your Complaint relating to any action of CASA beyond May 11, 2022, CASA will reconsider its response to Request 10. As to Request 11, CASA objected that a list of its board members when Layton was hired in 2019 as not relevant, and your letter fails to identify the relevance of this information. Again, if you can provide a basis for this information, CASA will reconsider its response to Request 11.

9.[1] You claim that CASA needs to produce "its Administrative Assistant Guide and Accounting Policies & Procedures," but you are already in possession of these documents, which were produced by CASA in response to your subpoena to CASA in the criminal matter. Regardless, to resolve this dispute, CASA will produce these documents to you again. You also claim that CASA "needs to produce the relevant documents requested for the time period of 2014 through 2022 regarding the executive director position," but following a reasonably diligent search, no such documents exist. To resolve this dispute, CASA will supplement its response to

[1] The numbering here follows the numbering of your letter, which omits paragraph 8.

Request 12 to incorporate Layton's response to Request 10. You also claim that "CASA needs to produce the relevant documents requested for the time period of 2014 through 2022 regarding . . . the proper receipt and entry into the records of receipts." CASA has appropriately availed itself of Rule 33(d) and will produce the Administrative Assistant Guide and Accounting Policies & Procedures to you again.

10. You claim that "CASA needs to produce all communications regarding the April 29, 2022 Woodruff letter, the May 11, 2022 Layton affidavit, and the criminal subpoena responses," as well as communications regarding the May 2, 2022 letter from Layton to Judge Woodruff, which are responsive to Request 19. Request 19 seeks "all communication CASA employees, accountants, board members, or otherwise had with Emily Layton regarding the review of the Woodruff of [sic] April 29, 2022 letter, the Emily Layton affidavit of May 11, 2022, and the CASA/Layton responses to the subpoena response in State v. Connie Reguli in June 2023." CASA is conducting a reasonably diligent search for responsive communications concerning the April 29, 2022 letter, the May 11, 2022 affidavit, the May 2, 2022 letter between its employees and Layton and will produce any such non-privileged communications to the extent they exist. There are no responsive communications between a CASA employee and Layton regarding CASA's responses to the subpoena issued by you in State v. Connie Reguli in June 2023, and CASA will supplement its response to Request 19 to so state.

11. You claim that "CASA needs to produce its full ledger from August 1, 2024 [sic] through May 11, 2022" and that "[n]o protective order has been sought by CASA which would require a statement regarding the necessity of the protective order." A ledger of CASA's income contains confidential financial information and is undoubtedly the type of record that should be subject to a protective order, which is why we sent you a proposed protective order nearly a month ago. We have received no response, despite our follow-up. CASA will produce its ledger of income from August 1, 2014 through May 11, 2022, upon the entry of a protective order.

12. You claim that CASA's tax returns and financial statements from 2014 through 2023 are relevant because Layton "cannot identify what documents she reviewed. Therefore, these documents are relevant and necessary for the cross-examination of Layton and CASA." Your assertion, once again, misstates Layton's response, which explained she "met with CASA's bookkeeper, Tracy Barnes, to determine whether Reguli had made the payment to CASA" and that she "likely reviewed financial records when meeting with Barnes, and would have checked CASA's Network for Good records, though she does not recall specifically what records she may have reviewed." Nothing within Layton's answer suggests she reviewed tax returns or "financial statements." Despite your repeated mischaracterization of Layton's responses, the best evidence of whether you paid the 2014 sanction—the central issue in this case—is your financial records, which you have refused to produce. Nevertheless, CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022, upon the entry of a protective order.

13. You claim "communications referencing 'Connie Reguli' from May 1, 2024 [sic] through June 30, 2023' are relevant and should be produced." As an initial matter, you also claim "CASA refused to provide any response claiming attorney-client privilege and attorney work product," which is simply not true: CASA agreed to produce responsive, non-privileged emails

regarding the April 29, 2022 letter and the May 11, 2022 affidavit, if any, identified through a diligent search upon the entry of a protective order. You also claim "the time period beginning May 1, 2014 is relevant as to the underlying sanctions action" but fail to provide any support for this assertion. You similarly claim the time period "through June 30, 2023 is relevant as the date the criminal matter was dismissed," but fail to offer any basis for why this date is relevant to your claims against CASA. Please provide the allegations from your Complaint as it relates to CASA that support your positions and we will reconsider CASA's position as to Request 24 on these issues. You also claim communications merely "referencing 'Connie Reguli' . . . are relevant and should be produced" without support. A reference to "Connie Reguli" in an email does not make it relevant to your claims in this action; please provide an explanation as to how such an email would be relevant and we will reconsider CASA's position in this respect as well. Regardless, as with Request 19 above (asserted deficiency #10 for CASA), CASA is conducting a reasonably diligent search for responsive communications concerning the April 29, 2022 letter, the May 11, 2022 affidavit, the May 2, 2022 letter—which is all that is relevant to your claims—and will produce any such responsive, non-privileged communications following the entry of a protective order.

14. You claim that an indemnity agreement is "relevant" because "Layton has disclosed that she reviewed and communicated with a 'member or members' of the executive committee of the board of CASA, therefore, additional defendants may be named as being responsible for cooperating and conspiring with Layton (and/or McLendon) in preparing the fabricated evidence (the Layton affidavit)." Whether Layton or any of CASA's board members are subject to any indemnification agreement has no tendency to prove or disprove any claim or defense in this case. To resolve this dispute, and without waiving its objections, CASA has not identified an indemnification agreement after conducting a reasonably diligent search.

15. You claim that "CASA produced NOTHING" in response to Request 1(ii), but you once again ignore that CASA agreed to produce documents that it may use to support its claims or defenses "upon the entry of a protective order," which you have selectively omitted from your letter on numerous occasions. You also falsely suggest that CASA "admit[ed]" it has responsive documents—such as emails—despite CASA plainly stating it would produce emails "if any, identified through a diligent search upon entry of a protective order." You also claim CASA "admit[ted]" it has "donation records." Please cite to CASA's response in which it "admit[ted] it ha[s] . . . donation records" or a response in which CASA "admit[ted] it ha[s]" documents relating to a "prior history with McLendon." You are also already in possession of CASA's Administrative Assistant Guide and Accounting Policies & Procedures. Regardless, CASA will produce documents responsive to Request 1(ii) that it may use to support its claims or defenses following the entry of a protective order.

In conclusion, and as noted repeatedly above, bald assertions of "relevance" without any supporting explanation are not helpful to resolving many of your alleged deficiencies, so I would ask that you provide that information so that CASA can fully evaluate your position and reconsider its own position if appropriate. After doing so, and to the extent any discovery disputes still exist, I will be glad to meet and confer with you regarding any such remaining issues. Layton and CASA reserve all rights and objections.

Best regards,

Fritz Spainhour