# EXHIBIT 7

To:
Charles F. Spainhour
Attorney for CASA/Layton
1221 Broadway Ste 2400
Nashville, TN 37203
615-252-3887
mstephens@bradley.com

From:
Connie Reguli, Plaintiff pro se
8009 Shelly Plum
Murfreesboro, TN 37128
615-478-8333

RE:
Discovery Issues:
Responses from Emily Layton and CASA

Date:
July 13, 2026.

Dear Counsel,

I have reviewed your letter dated July 10, 2026 and in an attempt to resolve the deficiencies in the CASA/Layton discovery responses, I would recommend the following. If you cannot agree, then let's set a meet and confer this week, so we can bring these issues to the Court.

Many of your responses are repetitive, so I do not feel the need to address each paragraph separately. Here is what I want resolved.

**1. Layton: May 2, 2022 letter Emily Layton sent to Woodruff, text messages between Layton and McLendon**

Layton has now disclosed that there is a May 2, 2022 letter she prepared to Woodruff and there are text messages with Dana McLendon. I would like to receive these documents immediately.

**2. Layton/CASA: Any email communication between Layton or any other CASA board member or employees or agent between May 2014 through and June 30, 2023 "referencing Connie Reguli."**

You appear to be making an objection to relevant without stating so, and claim that there is no basis for requesting information over this time period, and naming "Connie Reguli" in CASA communication does not make it relevant. In response, I will amend the time period to August 10, 2014 to June 30, 2023. August 2014 is the date of the sanction which is relevant through the full dismissal of the criminal matter which did not occur until the order was entered. Searching for communication regarding "Connie Reguli" is not an unreasonable request as there is NO reason other than the "sanction" for which CASA nor any of its agents should be discussing Reguli. I am asking that you fulfill this request.

You claim to be in the process of a diligent search for this communication "concerning the April 29, 2022 letter, the May 2, 2022 letter and the May 11, 2022 affidavit. This is insufficient. The time period stated above is relevant to all times in which the "sanction" was payable according to CASA. I am asking for you to fulfill this request.

**3. Witnesses: CASA and Layton have now identified additional persons with knowledge: (1) a member or members of the board, (2) Alexandra Bradshaw, (3) Lauren Roberts (board member), (4) Tracy Barnes. In addition to Stuart Tutler, previously identified.**

The response identified persons that were not previously identified as persons with knowledge under the explanation that you did not know if they "had knowledge" even after admitting that Layton consulted with Roberts and Barnes was the bookkeeper Layton consulted with.

I am asking that you supplement the discovery identifying these individuals as persons with knowledge and the substance of the knowledge. I will accept that these persons can be contacted through counsel.

Finally, you continued to leave unfulfilled the identification of "a member or members" of the Executive Committee who reviewed the Woodruff letter, advised Layton, and approved any communication. If the only answer is Lauren Roberts, then please say so. If Layton discussed this with other members, please identify them. I am asking for you to fulfill this request.

**4. Records reviewed by Layton: Network for Good records (12).**

Although the criminal discovery response stated that Layton did not know what records she reviewed, if any, the responses now identify the "Network for Good" records. These records need to be produced as responsive to the discovery. I am asking for you to fulfill this request.

**5 Criminal discovery: Records produced. Response.**

You have stated that I have already received certain records from the criminal discovery. I am not in possession of the document, "Administrative Assistant Guide and Accounting Policies & Procedures". Please produce.

**6. Privilege Log**

You have on multiple responses stated that there are no "non-privileged" documents or communications in response to the request. You cannot make a blanket privilege objection and must supply a privilege log. Either produce a privilege log or produce the requested communications and documents.

**7. Protective Order: Rule 26(c).**

You have multiple responses stating that you will only produce documents upon the entry of a protective order. The protective order you sent to me is not acceptable at any level. You want the option to redact whatever you want. I do not see any document response that would rise to the need for a protective order. The emails with McLendon, the letter to Woodruff, the donation records of Helper and Woodruff, the Administrative Guide, the insurance, other email communication regarding these documents or "Connie Reguli", nor the ledger. You are required to show "good cause" in requesting a protective order which you have not done so. I am asking that you produce this information and documents immediately.

**8. Donations: Helper and Woodruff**

You gave an incomplete response to this request and I am asking that you complete the request with the dates and amounts of donations from Helper and Woodruff to CASA between August 2014 and June 2023.

**9. Relationship McLendon**

You stated that you would supplement the responses identifying McLendon. The request asked for details on the relationship and I will expect the same.

**10. Other communications with Layton: "diligent search for responsive communications".**

As stated above, this communication should be available. You have had this discovery for over a year. I am asking that the communication be produced immediately.

**11. Relevant period of time regarding (1) Connie Reguli, or (2) communications regarding the 'sanction' (before and after May 11, 2022).**

You questioned the relevance of the time period and, as stated above I will slightly modify that to August 10, 2014 (the date of the sanction) though June 30, 2023 when the criminal matter was ultimately dismissed.

**12. Insurance: CASA**

I am asking you to fulfill this request. There is no basis for a protective order.

**13. Punitive damages.**

Layton failed to produce any response to this request and it is likely we will need direction from the court on punitive damage discovery. I will reserve this until we can confer with the Court on other discovery deadlines.

**PROTECTIVE ORDER REQUIREMENTS**

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F.App'x. 498, 500 (6th Cir. 2001) (internal citations omitted).
*Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-cv-0722, 2020 U.S. Dist. LEXIS 262109, at *7-8 (M.D. Tenn. Apr. 23, 2020)

**PRIVILEGE LOG REQUIREMENTS**

Fed. R. Civ. P. 26(b)(5)(A). A party objecting to a discovery request may use a privilege log to comply with Rule 26(b)(5)(A). To comply with Rule 26(b)(5)(A), a privilege "must be sufficiently detailed so that the court can judge the propriety of assertion of the privilege." More specifically, a privilege log should contain "each document, the date of said document, the individuals who were parties to the communications, and a sufficient description to enable evaluation of the claim." *United States v. Life Care Ctrs. of Am., Inc.*, Nos. 1:08-cv-251,

1:12-cv-64, 2015 U.S. Dist. LEXIS 178692, 2015 WL 10987073, at *11 (E.D. Tenn. Aug. 31, 2015) (citing *Glidden Co.*, 173 F.R.D. at 476; *SPX Corp. v. Bartect USA*, 247 F.R.D. 516, 527 (E.D. Mich. 2008)). "Boiler plate descriptions and allegations of protection or privilege will not suffice." *Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys. LLC*, No. CIV.A.07-CV-15280, 2009 U.S. Dist. LEXIS 99707, 2009 WL 3614997, at *4 (E.D. Mich. Oct. 27, 2009) (citing *Clark Constr. Grp., Inc. v. City of Memphis*, No. 01-2780-B-An, 2005 U.S. Dist. LEXIS 5559, 2005 WL 6187896 (W.D. Tenn. 2005)). *CSX Transp., Inc. v. W. Tenn. R.R., LLC*, No. 1:25-cv-1031-STA-jay, 2026 U.S. Dist. LEXIS 81420, at *9 (W.D. Tenn. Apr. 14, 2026)

We need to conclude what we can agree on by the end of this week.

Regards,
/s/Connie Reguli