**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF, et al,** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | |
| **Defendants.** | ) | |

---

**FORMER DEFENDANT JUDGE WOODRUFF'S MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

---

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.01(a), former Defendant Joseph A. Woodruff ("Judge Woodruff"), through counsel, objects to the Magistrate Judge's August 12, 2026 Memorandum Order, D.E. 155 (the "Order"), and asks that the Court set it aside.

On August 12, 2026, the Magistrate Judge entered the Order, which, inter alia: (1) granted Reguli's motion to issue a subpoena to Judge Woodruff, (2) granted in part Judge Woodruff's request for protective order, (3) granted in part Judge Woodruff's motion to quash Layton/CASA's subpoena, and (4) compelled Judge Woodruff to appear for a single deposition with all parties participating on topics the Order framed as "factual knowledge" about his communications with Layton, McLendon, and the late DA Helper related to Reguli's perjury investigation and prosecution. *See* D.E. 155.

As more fully detailed in the contemporaneously filed Memorandum of Law in support, Judge Woodruff seeks review and objects to the Magistrate Judge's Order on three independent and fundamental grounds. First, the Order erroneously rejects sovereign immunity and compels a

sitting state judge to testify in his official capacity, contrary sovereign immunity principles and persuasive appellate authority. D.E. 155 at PageID# 1487. Second, the Order misapplies the longstanding mental-process doctrine by authorizing questioning that inevitably intrudes into protected judicial deliberations, especially given that the communications at issue were inseparable from Judge Woodruff's judicial functions. D.E. 155 at PageID# 1489. Third, the Order disregards Rules 26 and 45 by compelling a disproportionate, unnecessary, and burdensome deposition despite the availability of all relevant information from other sources and the absence of any showing that Judge Woodruff possesses highly pertinent or unique factual knowledge. D.E. 155, PageID# 1488. Together, these errors render the Order clearly erroneous and contrary to law, warranting review and reversal.

Accordingly, Judge Woodruff respectfully requests that the Court review and set aside the Order and hold that compelling his deposition under these circumstances is improper because it is clearly erroneous and contrary to law. Alternatively, if the Court declines to set aside the Order, Judge Woodruff respectfully requests that it be modified to permit deposition solely by limited written questions; or, if that is not permissible, that it be modified to incorporate deposition protocols consistent with McLendon's proposal. D.E. 151 at PageID# 1443.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

/s/ *Ben Barton*
Ben Barton, BPR No. 043025
Assistant Attorney General

Zachary L. Barker, BPR No. 035933
Senior Assistant Attorney General

Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 532-4098
Zachary.Barker@ag.tn.gov
Ben.Barton@ag.tn.gov

*Attorneys for Joseph A. Woodruff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record. Parties not registered by the Court's electronic case filing system, as indicated below, will be served by U.S. Mail or electronic mail.

Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, TN 37128
615-478-8333

*/s/ Ben Barton*
Ben Barton
Assistant Attorney General