**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF, et al,** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | |
| **Defendants.** | ) | |

## FORMER DEFENDANT JUDGE WOODRUFF'S MOTION TO STAY ORDER

Pursuant to Local Rule 72.01(c), former Defendant Joseph A. Woodruff ("Judge Woodruff"), through counsel, respectfully requests that the Court stay the Magistrate Judge's August 12, 2026 Memorandum Order, D.E. 155, until (1) the Court resolves Judge Woodruff's pending Motion for Review of Nondispositive Order, D.E. 157, and (2) Reguli cures her ongoing contempt and responds to Layton and CASA's Interrogatory No. 1. In support of this Motion, Judge Woodruff relies on the accompanying Memorandum of Law filed in support of his Motion for Review.

A stay is warranted because it is necessary "to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter." *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Allowing a deposition to proceed before the Court rules on the Motion for Review would irretrievably extinguish the sovereign immunity, judicial privilege protections to which Judge Woodruff is entitled. A stay is therefore essential to prevent irreversible harm and to ensure that his constitutional and judicial protections remain intact pending review.



Case 3:24-cv-00694 Document 159 Filed 08/24/26 Page 1 of 3 PageID #: 1588

Moreover, a stay is independently justified because the "highly pertinent" standard for compelling judicial testimony cannot be met where the essential predicate for Reguli's claims—proof of payment of the 2014 CASA sanction—remains entirely absent. Without such proof, Judge Woodruff's deposition would serve no legitimate purpose and would expose him to needless inquiry and improper harassment. *See Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir. 1991).

Accordingly, Judge Woodruff respectfully requests that the Court stay the Order and any deposition of Judge Woodruff until (1) the Court decides the pending Motion for Review of Nondispositive Order, and (2) Reguli cures her ongoing contempt and responds to Layton and CASA's Interrogatory No. 1.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

/s/ *Ben Barton*

Ben Barton, BPR No. 043025
Assistant Attorney General

Zachary L. Barker, BPR No. 035933
Senior Assistant Attorney General

Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 532-4098
Zachary.Barker@ag.tn.gov
Ben.Barton@ag.tn.gov

*Attorneys for Joseph A. Woodruff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record. Parties not registered by the Court's electronic case filing system, as indicated below, will be served by U.S. Mail or electronic mail.

Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, TN 37128
615-478-8333

*/s/ Ben Barton*
Ben Barton
Assistant Attorney General