IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **v.** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT McLENDON'S MOTION (1) TO STRIKE IMPROPER MATTER FROM PLAINTIFF'S RESPONSE (DE 162) AND (2) TO SANCTION PLAINTIFF AND MEMORANDUM OF LAW IN SUPPORT**

Twelve days before Ms. Reguli filed DE 162, this Court cautioned her "that further misrepresentations of the record could result in sanctions," observing that "[t]his is not the first time when a court has called out plaintiff for mischaracterizing court holdings." DE 155 at 1–2 n.2, PageID## 1480–81 (citing DE 52 at 11, PageID# 589). The misrepresentation that drew that caution was Ms. Reguli's assertion that this Court had "previously ruled" that McLendon and others "conspired" against her — when, as the Court explained, "Judge Trauger only decided that plaintiff's allegations about conspiracy and malicious prosecution survived dismissal under Rule 12(b)(6)." *Id.*

To the surprise of no one, Ms. Reguli has done it again.

In DE 162, Ms. Reguli writes:

> As to the general comments of Defendant McLendon criticizing Reguli's claim of harassment, or Reguli's lack of trust in McLendon, or McLendon's good standing with the bar, (See DE 152, PageID #: 1456, 1457), it is undisputed, at this point, that McLendon had *ex parte* communication with a judge for the purpose of fabricating probable cause of a crime against Reguli. Plaintiff is aware of another action filed against McLendon in the Central District of California, United States District Court, Case 2:25-cv-04915-DSF-SSC[1], Dos Amicas LLC, Plaintiff v. Katie O. Spirko and Dana Crosland McLendon, First Amended Complaint, DE 25, filed August 5, 2026, where Defendant McLendon is alleged to have breached his contract and engaged in interference with contractual relations with Plaintiff's former client, Natasha Pavlovich. Ironically, McLendon represented Ms. Pavlovich's former partner in a custody dispute against Ms. Pavlovich.

DE 162 at 7–8, PageID## 1628–29

Defendant Dana McLendon moves the Court to strike from Ms. Reguli's response (DE 162) the passage identified above and to impose the sanctions of which this Court warned her. As permitted by LR 7.01(a)(2), the supporting memorandum of law is incorporated in this filing.

**Ms. Reguli's assertion that it is "undisputed, at this point, that McLendon had ex parte communication … for the purpose of fabricating probable cause of a crime against Reguli" is false, and Ms. Reguli knows it is false**

Ms. Reguli asserts that "it is undisputed, at this point, that McLendon had *ex parte* communication with a judge for the purpose of fabricating probable cause of a crime against Reguli." DE 162 at 7, PageID# 1628.

It is disputed. It has been disputed for fifteen months.

---

[1] The docket number Ms. Reguli supplies is incorrect; the case is No. 2:2<u>6</u>-cv-04915-DSF-SSC. McLendon invites this Court to take judicial notice of the docket in that case, where Dos Amicas, LLC filed a complaint asserting six claims (including copyright infringement and civil conspiracy); confronted with McLendon's motions, filed an amended complaint abandoning four of the six; and then entered a voluntary nonsuit of the amended complaint while McLendon's motions to dismiss and for fees under California's anti-SLAPP statute remained pending.

It is not the purpose of this motion to resolve the dispute, only to observe that there is a dispute, which Ms. Reguli whitewashes with her "undisputed, at this point," assertion. Ms. Reguli's assertions are really two-fold, one a supposed fact and one a purported motive. Ms. Reguli says McLendon had *ex parte* communications with Judge Woodruff; McLendon says he got a letter and responded to it, and copied Ms. Reguli with his response. Ms. Reguli says McLendon did these things to advance a secret conspiracy to have her indicted; McLendon denies he participated in any conspiracy with anyone.

Contrary to Ms. Reguli's conclusory misrepresentation that "it is undisputed . . . ." McLendon wrote in his Answer: "McLendon did not act as a co-conspirator with anyone for any reason." DE 76 ¶ 5, PageID# 811. McLendon's discovery responses, served on Ms. Reguli on May 28, 2025, gave her his account of the events: "I sent a cover letter and the affidavit back to Judge Woodruff and sent a copy to plaintiff at the same time. . . . A copy of my return cover is attached." Ex. 4, McLendon Resp. to Pl.'s Disc. Requests § IV(C).

McLendon says he sent a single-sentence letter to Judge Woodruff and to Ms. Reguli dated May 16, 2022, transmitting the Layton affidavit in the public-records case Ms. Reguli herself had filed, *Reguli v. Mayor Rogers Anderson*, No. 22 CV 51293W (Williamson Cnty. Ch.). Ex. 1. The letter bears a contemporaneous copy to "Connie Reguli, 1646 Westgate Circle, Suite 101, Brentwood TN 37027" — Ms. Reguli's then-office address.

The mail to Ms. Reguli was never returned as undeliverable. Ex. 2 (McLendon Decl. ¶¶ 3–4). Copying Ms. Reguli with the cover letter and affidavit is certainly an interesting way to go about an *ex parte* conspiracy against Ms. Reguli, but the determination of this issue is for another day. For now, it is sufficient that the "undisputed" "*ex parte* conspiracy" is absolutely disputed,

and Ms. Reguli knows it, and has known it since May 14, 2025 when McLendon filed his answer in this litigation. DE 76 ¶ 5, PageID# 811.

But the Court need not take McLendon at his word here. Ms. Reguli herself has addressed the McLendon cover letter under oath. Her verified interrogatory answers: "I never saw the letter and affidavit *until DA Helper finally produced discovery in the Aggravated Perjury criminal proceeding*." Ex. 3, Reguli Resp. to Interrog. No. 11, § IV(C) (emphasis added). Her Complaint fixes that production "on or about October 21, 2022." DE 1 ¶ 64, PageID# 25. Take Ms. Reguli's sworn account as true, and it establishes this much: since October 2022 — for nearly four years — Ms. Reguli has possessed the McLendon cover letter, which names her in its copy block.

She has nonetheless told this Court that the cover letter and affidavit "was never provided to Reguli, never filed with the Court in the public records case, and was totally unknown to Reguli at the time," DE 143 at 2, PageID# 1366. Fine, Ms. Reguli's version is she did not see the letter until the fall of 2022, perhaps six months after it was simultaneously sent to Judge Woodruff. Still, even by her account, for nearly four years she's known *at a minimum* that McLendon wrote a letter and put her on it as an intended recipient with the affidavit enclosed.

Now, in DE 162, she goes further, claiming that it is "undisputed" that McLendon's supposedly secret "*ex parte* communication" was *for the purpose of advancing a conspiracy to have her indicted*. The claim that this is "undisputed" is false, and she knows McLendon disputes it. Whatever she believes, it is disputed.

McLendon's pleadings, discovery responses, and the documents in this case clearly all "dispute" the "ex parte" <u>*and*</u> motive prongs of Ms. Reguli's averments in DE 162. Ms. Reguli's continued distortions of the record in this case are intentional, and in spite of this Court's warnings given most recently *this month*.

**Ms. Reguli does not have even a fig leaf of cover for referencing the California lawsuit.**

Ms. Reguli, in a specious and naked "but what about" argument, drops into DE 162 a reference to a lawsuit in California. She includes this without a hint of shame, "Plaintiff is aware of another action filed against McLendon . . . ." without even an attempt to "connect the dots," as if that could be done. Apparently this "but what about" allusion to some other lawsuit somewhere else is supposed to simultaneously rehabilitate Ms. Reguli's position, discredit McLendon, and distract this Court from the issues at hand.

Not surprisingly, Ms. Reguli does not inform the Court with this scandalous, impertinent allusion that the lawsuit in California was filed at the behest of and on behalf of Natasha Pavlovich. The plaintiff in the California case, Dos Amicas LLC, has two members, and one of them is Natasha Pavlovich. Ex. 5 (First Am. Compl. ¶ 2). Ms. Pavlovich is the person DE 162 itself identifies as "Plaintiff's former client." DE 162 at 7, PageID# 1628.

But of course, there is more. Pavlovich is also the person the Tennessee Supreme Court's opinion affirming Ms. Reguli's permanent disbarment from the practice of law describes as Ms. Reguli's "surrogate." *Reguli v. Bd. of Pro. Resp.*, No. M2024-00153-SC-R3-BP, slip op. at 11, 38 (Tenn. July 20, 2026) (attached as Exhibit 6, with highlights relevant to Ms. Pavlovich). Ms. Pavlovich is noted repeatedly in the Tennessee Supreme Court opinion for her sustained activities in concert with Ms. Reguli in a years-long campaign against a sitting judge. Ms. Pavlovich delivered attacks Ms. Reguli scripted — to a Tennessee General Assembly subcommittee and to the Board of Judicial Conduct — and, of particular note, created a website attacking that judge, purchasing the domain under Ms. Reguli's "authority and direction." Slip op. at 11–12, 16–19, 28; see especially id. at 16–17 (the website).

Ms. Reguli also did not inform this Court that the California litigation was voluntarily nonsuited more than a week before she filed DE 162. See Exhibit 7. Ms. Pavlovich's company abandoned its suit while McLendon's motions to dismiss under Rules 12(b)(1), (2), and (6) and his special motion to strike under California's anti-SLAPP statute — with its mandatory fee-shifting provision, Cal. Civ. Proc. Code § 425.16(c)(1) — remained pending. Ex. 5 (First Am. Compl. ¶¶ 20–25); Ex. 7. The nonsuit came on August 17, 2026, the very day those motions had originally been noticed for hearing, and two weeks before the continued hearing date of August 31, 2026. Rather than advance its lawsuit and face the fee motion, Dos Amicas LLC nonsuited.

None of that stopped Ms. Reguli from citing to the California case as if it reflected negatively on McLendon. Ms. Reguli inserted the reference to the California lawsuit for one purpose: to disparage McLendon in the eyes of this Court.

In this Circuit, "a voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). Ms. Reguli referencing the nonsuited California case one week later as a live accusation — while omitting the dismissal — is exactly the "abusive or otherwise improper" use of a filing that the Court's inherent authority exists to police. *Hlfip Holding*, 2020 WL 6484254, at *2. The question before the Court is whether Ms. Reguli should face consequences for once again filing papers in direct disobedience of this Court's admonitions.

**The Court has authority to strike the offending provisions of DE 162**

This Court "may strike improvident filings based on its inherent authority to manage its own docket," including "the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Hlfip Holding, Inc. v. Rutherford County, Tennessee*, No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020); *see also*

*Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017). By analogy, Rule 12(f) standards inform the exercise of that authority: striking is reserved for matter that "has no possible relation to the controversy," *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953), and "scandalous or impertinent" language is stricken where it is "extreme or offensive." *Schlosser v. Univ. of Tenn.*, No. 3:12-CV-534, 2014 WL 5325350, at *3 (E.D. Tenn. Oct. 20, 2014). Ms. Reguli's continuing use of papers in this Court to misrepresent the record and harass and disparage opposing parties meets the standard for striking the passage in DE 162.

**This Court should sanction Ms. Reguli as it warned her it would on August 12, 2026.**

Given Ms. Reguli's long history of abusive filings documented in this case and elsewhere, and this Court's August 12, 2026 caution that "further misrepresentations of the record could result in sanctions," DE 155 at 1–2 n.2, sanctions as the Court deems appropriate are respectfully requested. The misrepresentation here was not inadvertent: Ms. Reguli made it twelve days after the caution issued, and she mischaracterizes demonstrably false facts.

**Conclusion**

The Court should strike from DE 162 the passage quoted above (PageID## 1628–29). McLendon further asks the Court to take notice, from Exhibit 7, that the California action Ms. Reguli described to this Court was dismissed in its entirety before DE 162 was filed. Finally,

McLendon asks the Court to act on the caution it issued at DE 155 at 1–2 n.2 and sanction Ms. Reguli with sufficient clarity and severity that Ms. Reguli might, at long last, stop.

*/s/ Dana C. McLendon III*
Dana Crosland McLendon III (#16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195
dana@danamclendonlaw.com
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on August 26, 2026 via the Court's CM/ECF system upon all counsel of record, and by United States Mail upon Plaintiff pro se, Connie Reguli, 8009 Shelly Plum Drive, Murfreesboro, TN 37128.

*/s/ Dana C. McLendon III*
Dana C. McLendon III