UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CONNIE REGULI<br>Plaintiff<br>v.<br><br>JOSEPH A WOODRUFF,<br>ESTATE OF KIMBERLY HELPER,<br>JOHN STEPHENS,<br>DANA MCLENDON,<br>EMILY LAYTON and<br>WILLIAMSON COUNTY CASA, INC.<br><br>Defendants | No. 3:2024-cv-00694<br>Judge Trauger<br>Magistrate Judge Newbern<br>JURY DEMAND |

**PLAINTIFF CONNIE REGULI'S RESPONSE DEFENDANT DANA MCLENDON'S REQUESTS FOR ADMISSIONS IN HIS FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF CONNIE REGULI**

Now comes Plaintiff, Connie Reguli, pro se, and files this response to the requests for admissions propounded by Defendant Dana McLendon. In this case, discovery is not closed and Plaintiff intends to complete oral depositions on the parties. Therein, additional information may be available. Plaintiff reserves the right to amend or modify. As of this date, the following responses are provided:

PLAINTIFF RESPONSE TO REQUESTS FOR ADMISSION (Fed. R. Civ. P. 36)

**Request for Admission No. 1: Admit that Judge Woodruff ordered you to pay a sanction to CASA in 2014.**

Admitted that Judge Woodruff entered a court order in 2014 that required Reguli to pay a sanction to CASA in 2014 for attorney fees.

**Request for Admission No. 2: Admit that you did not pay the 2014 CASA sanction.**

Denied. The ordered sanction was paid.

Denied that Plaintiff has 'no evidence' that McLendon had any part in the State's decision to prosecute Reguli. Plaintiff does not need to show that McLendon 'agreed' with any person.

McLendon received ex parte communication from Woodruff which asked a specific question for a specific purpose. It is clear from the plain language of the letter that the intent was to 'investigate' Reguli ex parte and secretly.

Incorporating all statements made herein, McLendon obliged Judge Woodruff by crafting an affidavit (as a lawyer) that was intentionally misleading. It did not answer the question; it did not disclose that CASA could not answer that question. It did not disclose that Layton could not testify with personal knowledge. It was secretly prepared, secretly provided to Woodruff ex parte, not filed with the court, and not served on Reguli. The affidavit was the essence of the criminal indictment.

**Request for Admission No. 15: Admit that you cannot identify an overt act by McLendon in furtherance of a conspiracy.**

Denied. Incorporating all the responses stated herein, McLendon's overt act was preparing an intentionally misleading affidavit with false statements AND doing so secretly, failing to identify himself as the preparer, failing to file it with the clerk, and failing to provide it to Reguli.

But for the false and misleading affidavit, no prosecution would have occurred.

**Request for Admission No. 16: Admit that McLendon did mail to your office the Layton Affidavit and cover letter.**

It is denied that McLendon "did mail to [my] office that Layton Affidavit and cover letter."

**Request for Admission No. 17: Admit that your statement to Judge Woodruff that you had paid the 2014 CASA sanction was false.**

Denied.

**Request for Admission No. 18: Admit that McLendon's only role in this matter was the drafting and delivery of the Layton Affidavit.**

It is admitted that McLendon drafted and delivered the Layton Affidavit which is the 'but for' cause of the false prosecution. Incorporating all statements herein, McLendon knew it was an investigation, he knew that it was ex parte communication, he knew that Layton did not have personal knowledge, he knew that he omitted exculpatory information.

**Request for Admission No. 19: Admit that drafting an affidavit for a third person does not imply or require that the person drafting the affidavit have or seek personal knowledge of the accuracy or lack thereof of the contents.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CONNIE REGULI<br>Plaintiff<br>v.<br><br>JOSEPH A WOODRUFF,<br>ESTATE OF KIMBERLY HELPER,<br>JOHN STEPHENS,<br>DANA MCLENDON,<br>EMILY LAYTON and<br>WILLIAMSON COUNTY CASA, INC.<br>Defendants | No. 3:2024-cv-00694<br>Judge Trauger<br>Magistrate Judge Newbern<br>JURY DEMAND |

**PLAINTIFF CONNIE REGULI'S RESPONSE DEFENDANT DANA MCLENDON'S INTERROGATORIES IN HIS FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF CONNIE REGULI**

INTERROGATORIES (Fed. R. Civ. P. 33)

Plaintiff provides the responses below and herein incorporates the facts set forth in the Complaint. Some of these questions overlap, and therefore, Plaintiff's responses provided herein apply to all questions. Plaintiff also reserved the right to supplement or amend these responses. Many of these questions call for overlapping fact responses. Therefore, Plaintiff incorporates all statements herein.

**Interrogatory No. 1: Identify every person with knowledge of facts supporting your allegations against Dana McLendon, including the subject matter of their knowledge.**

Plaintiff incorporates the allegations in the complaint and responses set forth below. Plaintiff incorporates the allegations in the complaint and the responses below. Further inquiry by oral testimony is required.

**Interrogatory No. 11: State with specificity which, if any, of McLendon's discovery responses you dispute and if any, state the facts that support your position and identify any documents that support your position.**

McLendon has stated that he was only a "scribe" of Layton and that he did not wrong. He claims that he was only doing what Judge Woodruff asked for. I disagree. McLendon served as an attorney for Layton and CASA. The affidavit does not give his name or his representative capacity. So you cannot tell from the face of the affidavit if he is representing Layton personally or in her representative capacity as executive director of CASA. As an attorney, rules of ethics state that an attorney is an advocate and advisor, so McLendon has the duty to act as an advisor.

Many of McLendon's responses are knowledge only he would have since the entire scheme was to conduct a secret investigation. Further inquiry is required in oral testimony. Either McLendon or Layton (or both) contrived an affidavit intended to cause Reguli to be arrested.

In reviewing his discovery, most of his responses are the result of his own knowledge and required further inquiry in oral testimony.

Interrogatory responses:

1. McLendon claims that there are a 'number of people' that may have information and yet he does not identify who is talking about. False or incomplete. McLendon failed to give the names of persons he is referring to.

7. McLendon denies that he is a co-conspirator. False, for reasons and facts set forth in the complaint and in these responses.

Section IV.

A. As to Marianne Schroer, False. Mr. McLendon filed a motion on behalf of her to stop Reguli from conducting a deposition. Judge Woodruff granted this motion without a hearing Judge Woodruff would later say that the reason he sends the letter to McLendon was because of McLendon's prior representation of Schroer/CASA. Agree, that McLendon knew her husband.

C. It is false that McLendon sent the affidavit and a letter to Reguli when he sent it to Judge Woodruff. I never saw the letter and affidavit until DA Helper finally produced discovery in the Aggravated Perjury criminal proceeding.

D. Incomplete. Of course, McLendon possesses this knowledge and not the Plaintiff. However, he failed to disclose that he worked on an appeal with Guffee to defend a rapist. And that his podcast on April 20, 2022 was directly related to the election and he publicly stated that Reguli had false information in campaign materials. This podcast was timed so that it was published during early voting and on the same day Reguli received the fake felony conviction. Other statements in this paragraph need to be the subject to deeper direct inquiry.

Requests for Admissions:

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct as of the date of this response. Executed on October 4, 2025.

Connie Reguli, Plaintiff pro se
8009 Shelly Plum Drive
Murfreesboro, TN 37128
615 478 8333

Certificate of Service

The undersigned certifies that the foregoing was served on October 4, 2025 by United States mail upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
Pro Se

Connie Reguli