**THE LAW OFFICE OF MICHAEL DAVID DOUGLAS**
**(MDD Legal)**
Michael David Douglas, Esq. (SBN 265210)
mdouglas@mddlegal.com
606 Venice Blvd. #318
Venice, CA 90291
Telephone: (760) 815-3453

Attorney for Plaintiff,
DOS AMICAS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOS AMICAS LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>KATIE OSBORN SPIRKO, an individual; DANA CROSLAND MCLENDON, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No: 2:26-cv-04915-DSF-SSC**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) Declaratory Relief;**<br>**(2) Breach of Contract;**<br>**(3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and**<br>**(4) Intentional Interference with Contractual Relations** |

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B), Plaintiff DOS AMICAS LLC ("Plaintiff" or "Dos Amicas") files this First Amended Complaint ("FAC") against Defendants KATIE OSBORN SPIRKO, DANA CROSLAND MCLENDON, and DOES 1 through 10, inclusive, and alleges as follows:

**THE PARTIES, JURISDICTION & VENUE**

1. Plaintiff, Dos Amicas, is a Nevada Limited Liability Company with its principal place of business in Los Angeles County, California doing business as an out-of-state LLC in California based on recent registration with the California

Secretary of State.

2. The only two members of Dos Amicas are Natasha Pavlovich ("Pavlovich"), who is domiciled in Illinois, and Irena Alexandrova ("Alexandrova"), who is domiciled in Los Angeles County, California.

3. Dos Amicas manages its California production operations from a dedicated office maintained by Irena Alexandrova in Los Angeles County, California.

4. Dos Amicas does not lease separate commercial office space in California. However, Plaintiff's footage, storyboards, production records, business banking, editing equipment, film-camera and sound packages, editorial relationships, producer contacts, and production-company relationships are maintained, managed, secured, or coordinated through Los Angeles.

5. Defendant Katie Osborn Spirko, PsyD, HSP ("Spirko") is a Forensic & Clinical Neuropsychologist who, based on information and belief, is domiciled in and does business in Nashville, Tennessee.

6. Defendant Dana Crosland McLendon ("McLendon") is an attorney licensed to practice law in the State of Tennessee pursuant to Tennessee "BPR Number" 016214 who, based on information and belief, is domiciled in and conducts business in Franklin, Tennessee.

7. Defendants designated in this Complaint as DOES 1 through 10 inclusive are entities and individuals whose names Plaintiff is currently unaware of, and Plaintiff therefore sues these Doe Defendants by such fictitious names. After discovery, which is necessary to ascertain these Doe Defendants' true names and capacities, Plaintiff will amend its Complaint to allege the necessary identifying details.

8. At this time, Plaintiff alleges that DOES 1 through 10 inclusive, each bear responsibility for the allegations and damages alleged by Plaintiff in this Complaint, either as independent actors, agents, employees and/or co-conspirators with the Spirko and McLendon, had full knowledge of and gave substantial assistance to the alleged activities, and by virtue of such knowledge and engaging in such actions is legally

responsible for the acts and omissions of the Spirko and McLendon as well as each other.

9. Among the potential Doe defendants is an entity which, based on information and belief, may have been formed by Spirko and/or McLendon to own and operate the podcast entitled "Trial & Error," which is discussed further below. Although the name of this entity, if any, remains unknown to Plaintiff, Plaintiff alleges that on or around May 16, 2025, Spirko reserved the name "Dos Amicas LLC" with the California Secretary of State. Plaintiff's investigation into the managerial organization of the "Trial & Error" podcast is continuing and Plaintiff intends to conduct discovery in this action to obtain such information, if necessary.

10. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332 given complete diversity of citizenship exists between Plaintiff and all Defendants and the amount in controversy (as alleged in further detail below) exceeds $75,000.00.

11. On June 13, 2024, Spirko signed an agreement with Dos Amicas entitled Appearance Release ("Release") (the "Appearance Release Agreement") which, in pertinent part, provided "[t]his Release shall be governed by and construed in accordance with the laws of the State of California applicable to agreements made entirely therein and the parties hereto agree to submit to jurisdiction in the State of California in the City and County of Los Angeles." *See* **Exhibit A – Appearance Release ("Release")**.[1]

12. Based on Ms. Spirko's agreement to the Forum Selection Clause in the Appearance Release Agreement, she has consented to jurisdiction in this forum. *See e.g., SEC v. Ross,* 504 F.3d 1130, 1149 (9th Cir.2007).

13. This Court has specific personal jurisdiction over McLendon because he

[1] Although the Appearance Release Agreement contains confidentiality provisions, Spirko has waived the right to enforce such provisions by first filing a copy of the Appearance Release Agreement in the incorrect Tennessee forum without Dos Amicas' consent.

purposefully directed commercial activity toward Plaintiff's California-managed production operations, as alleged further below.

14. Venue is appropriate in this District given the Appearance Release Agreement provides "the parties hereto agree to submit to jurisdiction in the State of California in the City and County of Los Angeles." *See* **Exhibit A**.

## PRIOR PROCEDURAL HISTORY

15. Plaintiff filed the original Complaint in this action on May 6, 2026.

16. Spirko was served with the Complaint on May 23, 2026.

17. While Plaintiff remained in the process of attempting to serve the Complaint on McLendon, on June 14, 2026, Plaintiff and Spirko stipulated to continue the deadline for Spirko to respond to the Complaint until June 29, 2026.

18. McLendon was served with the Complaint on June 24, 2026.

19. On June 29, 2026, Plaintiff and Spirko executed and filed a second stipulation to continue the deadline for Spirko to respond to the Complaint until July 15, 2026.

20. On July 15, 2026, McLendon, through counsel, filed separate motions to (1) dismiss the Complaint pursuant to Rule 12(b)(1), (2) dismiss the Complaint pursuant to Rule 12(b)(2), (3) dismiss the Complaint pursuant to Rule 12(b)(6) and (4) specially strike the Complaint pursuant to California Code of Civil Procedure Section 425.16 (Anti-SLAPP).

21. The hearing on McLendon's motions in response to the Complaint was scheduled for August 17, 2026.

22. On July 21, 2026, Spirko filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) and 12(b)(6) and sought to join the motions filed by McLendon on July 15, 2026.

23. Prior to her July 21, 2026 filings, Spirko did not request a further extension of time to respond to the Complaint from Plaintiff, nor obtain an order from the Court to extend the previously agreed-upon July 15, 2026 response deadline.

24. On July 27, 2026, Plaintiff informed the Court of emergency circumstances, some of which were unforeseen, involving Plaintiff's counsel which necessitated a continuance of the August 17, 2026 hearing date to allow Plaintiff additional time to respond to the various motions filed in response to the Complaint.

25. On July 27, 2026, the Court advised the parties that the August 17, 2026 hearing date and all deadlines flowing from that hearing date would be continued until August 31, 2026.

## THE TENNESSEE ACTION

26. On October 1, 2025, Spirko filed an action in the Chancery Court of Davidson County, Tennessee captioned *Spirko v. Dos Amicas LLC, et al.* Davidson County, Tennessee at Nashville, Tennessee, Case No. 25-1383-III (the "Tennessee Litigation"). A copy of the Complaint filed in the Tennessee Litigation is attached to this Complaint as **Exhibit B**.

27. Via the Tennessee Litigation, Spirko seeks declaratory relief that the Appearance Release Agreement is "invalid, void, voidable, and/or unenforceable" and seeks injunctive relief preventing Dos Amicas from enforcing the Appearance Release Agreement against Spirko.

28. Spirko was previously represented by McLendon in the Tennessee Litigation until McLendon withdrew from such representation on May 28, 2026[2] based, in part, on the filing of this lawsuit. A copy of McLendon's Motion to Withdraw as Counsel and to Continue Hearing Set for May 29, 2026 is attached to this FAC as **Exhibit C**.

29. Dos Amicas, through counsel of record, and by way of special appearance without acquiescing to jurisdiction in Tennessee, responded to the Complaint filed in the Tennessee Litigation with a Motion to Quash Service of Process, Deny a Request for Default Judgment as a result of ineffective service, and to Dismiss the Tennessee

---

[2] As noted in Paragraph 18 above, McLendon was not served, despite Plaintiff's best efforts, until June 24, 2026.