2. Letter McLendon regarding his representation of Marianne Schroer/CASA

Dana C. McLendon III
-ATTORNEY AT LAW-

07 October 2021

***Via Email, Facsimile, and United States Mail***
Connie Reguli
LawCare Family Law Center, PC
1646 Westgate Circle
Suite 101
Brentwood TN 37027

Re: Board of Professional Responsibility v. Connie Reguli
Subpoena *Duces Tecum* To Marianne Schoer

Dear Connie,

I have been retained to represent Marianne Schroer in response to the subpoena *duces tecum* that you issued on 21 September 2021. That subpoena, issued under the caption *Board of Professional Responsibility v Connie Reguli*, Williamson County Circuit Court #2018-2858-6, purports to require Mrs. Schroer to appear for a deposition and to bring to your office certain things on 18 October 2021 at 10:00 a.m.

It is my understanding this subpoena was served on Mrs. Schroer on either September 23 or 24, 2021. This letter is sent pursuant to Rule 45 of the Tennessee Rules of Civil Procedure and, under Rule 45.07(2), is a written objection to the giving of testimony or the production of things. I note, parenthetically, that the subpoena you issued did not comply with Rule 45.04, and objection to appearance at a deposition pursuant to this subpoena is therefore raised. Without waiver of this objection, there are other objections, raised below, that under the circumstances as I understand they presently exist I do not believe could be cured by merely reissuing a compliant subpoena.

It is undisputed that Mrs. Schroer is not a party to this action. As I believe you would concede, Mrs. Schroer was not individually or in a representative capacity involved in making the reports or complaints that precipitated this action against you by the Board of Professional Responsibility. As such, she cannot possibly know what the "claims made in the above styled action" are. Consequently, she cannot begin to know what "documents, correspondence, pleadings, rules, memorandums, emails, text messages, invoices, or other tangible or electronic documentation" she even might have that could possibly "support the claims made in the....action." For this reason, she objects to your effort to put upon her an obligation to bring to any deposition anything that might be responsive to this overly broad and unreasonably vague list of things.

It is not at all clear to me how "all records on campaign contributions made to Joseph Woodruff and any and all political candidates since 2012" could be relevant to any matter to be decided by the trier of fact in this action. My limited understanding of the issues in the action against you suggest to me that contributions to "any and all political candidates since 2012" is

2020 Fieldstone Parkway
Suite 900-217
Dana@danamclendonlaw.com Franklin TN 37069 615-310-3195

Dana C. McLendon III
-Attorney At Law-

particularly problematic, overly broad, and unduly burdensome It is not at all clear to me how any things responsive to this inquiry, assuming without conceding that any such things exist, are reasonably calculated to the lead to the discovery of admissible evidence in the captioned case. I confess that I have not had the opportunity to review all the pleadings in this case, but I do question whether this subpoena is compliant with Rule 26.07 of the Tennessee Rules of Civil Procedure. Perhaps you could articulate how Mrs. Schroer could possibly be a witness with knowledge of something relevant to the issues in dispute in this matter, or be a person from whom testimony or things could be obtained that would lead to the discovery of admissible evidence. Absent some showing, in good faith, that Mrs. Schroer is a source for at least one of those two categories of information and/or things, I do not believe she should be subjected to giving testimony in this case at all.

In taking this position, I have reviewed your motion for additional discovery filed 20 September 2021 and I am aware that the Board of Professional Responsibility has filed a motion for partial summary judgment, a motion for a protective order, and a response to your motion for additional discovery. Having reviewed those pleadings, it appears to me that you and the Board of Professional Responsibility should resolve those motions before Mrs. Schroer is deposed. It appears to me that Mrs. Schroer's knowledge and/or things, if indeed she has any at all, could be barred from evidence at the ultimate hearing of the matter for the reasons the Board of Professional Responsibility has articulated; to wit: collateral estoppel. This issue can and should be resolved by the hearing panel before you take her deposition. I note, too, that if the hearing panel rules favorably on your motion to depose Judge Woodruff, it would be expedient and prudent to take his testimony before bothering to depose Mrs. Schroer, even if your speculation about her "role" is in any way accurate. I call your attention to Rule 45.07 obliging you to avoid imposing undue burden or expense on a non-party witness and specifically encourage you to resolve the issues addressed in this paragraph before filing a motion to compel the deposition of Mrs. Schroer.

For all of the foregoing reasons, I object under Rule 45.07(2) of the Rules of Civil Procedure to your subpoena *duces tecum* of Mrs. Schroer. I am willing to reconsider these positions if you have reasons, and if you share those reasons, I will give them all the weight they may merit.

DCM III

C: Alan D. Johnson, Esq.

2020 Fieldstone Parkway
Suite 900-217
Dana@danamclendonlaw.com Franklin TN 37069 615-310-3195