UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al.,<br><br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is a motion (Doc. No. 154) by Defendants Emily Layton ("Layton") and Williamson County CASA, Inc. ("CASA") for sanctions against pro se Plaintiff, Connie Reguli ("Reguli"), for failure to comply with the Court's July 17, 2026 order (Doc. No. 140) compelling her to respond to Interrogatory number 1. Reguli filed a response in opposition (Doc. No. 161), and Layton and CASA replied. (Doc. No. 165.) For the reasons below, the motion is granted in part.

**I. Background**

The Court[1] presumes familiarity with the facts summarized in Judge Trauger's opinions issued on March 28, 2025 (Doc. No. 52) and on February 4, 2026 (Doc. No. 117), as well as the Court's Memorandum Order issued on August 12, 2026. (Doc. No. 155). The background will be summarized herein only to the extent necessary to provide context for the pending motion.

A material issue to the pending litigation is whether Reguli paid a $3,145.50 state-court sanction to CASA as she claimed during the state-court proceedings before Judge Woodruff on

[1] References to the Court as set forth herein relate to the undersigned Magistrate Judge.

April 26, 2022. This statement by Reguli prompted a series of events that led to her prosecution for aggravated perjury; an order of *nolle prosequi*, in turn, prompted Reguli's malicious-prosecution claims against the Defendants here. (Doc. No. 155 at 3–4.)

Layton and CASA served Reguli with written discovery requests. Among those requests, Interrogatory number 1 asked Reguli to

> Identify every financial institution, including but not limited to banks, credit unions, savings institutions, and online financial platforms, at which you maintained an account of any type at any time from December 3, 2014 through the present. For each institution, state its full name and current or last known address and describe all accounts you have held at the institution, including the account number, the type of account, and the dates the account was opened and closed.

(Doc. No. 128-2 at 4.) Reguli objected on multiple grounds including that "[t]he question of payment is not the issue in the federal lawsuit. The issue is the false affidavit / statement / fabricated evidence of Emily Layton and Dana McLendon intended to cause the false prosecution of Plaintiff Reguli." (Doc. No. 128-2 at 5.) Objections aside, Reguli responded that she "no longer has access to financial records prior to her 2022 testimony and financial records after April 26, 2022 are irrelevant." (*Id.* at 6.)

On June 19, 2026, the parties filed a motion for a discovery dispute conference and a joint discovery dispute statement devoted to their respective positions on Interrogatory number 1. (Doc. No. 128.) The parties appeared for a telephonic discovery dispute conference on July 17, 2026. (Doc. No. 140.) During the conference, the Court heard extensive argument from the parties. The Court carefully considered the basis for Reguli's objections. To address her objections, the Court asked Reguli several questions to assess her arguments regarding relevance and undue burden. However, Reguli was unable or unwilling to provide any information to assist the Court in narrowing the scope of the interrogatory. Ultimately, the Court determined that no further argument or briefing was necessary and ruled that the interrogatory, as written, was too broad. The

Court narrowed the time frame of the interrogatory to December 3, 2014 through May of 2022.[2] (*Id.*) As narrowed, the Court found that the interrogatory was both relevant and proportional to the needs of the case and ordered Reguli to respond to Interrogatory number 1 within 14 days of the entry of the order. (*Id.*)

Reguli timely filed an objection to the order. (Doc. No. 143.) On August 7, 2026, after the court-imposed deadline to respond to the interrogatory had passed, Reguli filed a motion requesting a stay of the order pending a ruling on her objection. (Doc. No. 148.) Her motion to stay and her objection remain pending before Judge Trauger.

## II. Legal Standard

Rule 37 gives courts the authority to impose sanctions when parties fail to cooperate with a court order, including discovery orders and other orders under Rule 26(f), 35, or 37(a). Failure to obey a discovery order may lead to sanctions including an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

[2] This period of time includes when the sanction was ordered and when Reguli claimed in state court that she paid the sanction.

Fed. R. Civ. P. 37(b)(2)(A). While the sanctions ordered "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi) . . . , the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

When considering the appropriateness of sanctions, the Court must consider four factors. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered." *Id.* (citations omitted).

## III. Analysis

On August 10, 2026, Layton and CASA filed their motion for sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. (Doc. No. 154.) They argue that Reguli should be sanctioned for "her willful violation of the Court's Order." (*Id.* at 1.) As to the form of sanctions, Layton and CASA seek an order directing Reguli to respond to Interrogatory number 1 within 24 hours or designate the fact as established that she never paid her prior $3,145.50 sanction to CASA. (*Id.* at 4.) They further request that the Court warn Reguli that further discovery violations could result in more severe sanctions, including dismissal of her complaint. (*Id.*)

Reguli does not contest the fact that she failed to comply with the Court's discovery order. She, instead, argues that her failure to comply was justified because she filed an objection to the

order and is awaiting a ruling from the District Judge.[3] (Doc. No. 161.) The Court finds Reguli's justification for not complying with the Court's discovery order unavailing. Instead, it illustrates that she made a "conscious and intentional" decision not to comply with the discovery order. *Cornelius v. Aspen Constr., Inc.*, No. 5:25-CV-00175, 2026 WL 262195, at *2 (E.D. Ky. Jan. 14, 2026) ("[a] willful violation occurs whenever there is a conscious and intentional failure to comply with the court order") (alteration in original) (quoting *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)), *report and recommendation adopted*, No. 5:25-CV-175, 2026 WL 259625 (E.D. Ky. Jan. 30, 2026).

Courts across the circuits "uniformly impose[] the rule that objecting to a Magistrate Judge's pretrial order does *not* automatically stay execution of the order." *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112 (S.D. Cal. 2024) (collecting cases). Likewise, "[i]n the context of an order entered by a magistrate judge, neither filing objections to the order nor filing a motion to stay enforcement of the order relieves a party of its duty to comply with the order." *Holly v. UPS Supply Chain Sols., Inc.*, No. 3:13-CV-980, 2015 WL 2446110, at *4 (W.D. Ky. May 20, 2015) (citations omitted). Keeping in step, this Court's Local Rules provide that "[t]here shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge

---

[3] As a justification for her failure to comply with the order, Reguli argues that her objection warrants a "de novo" determination of the report and recommendation" pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Doc. No. 161 at 2.) However, in this instance, the Court entered a nondispositive discovery order, not a report and recommendation subject to *de novo* review. Therefore, "[t]he proper procedure for obtaining review is set for[th] in Rule 72(a)." *Dayco Prods., Inc. v. Walker*, 142 F.R.D. 450, 452 (S.D. Ohio 1992). "A magistrate judge's decision on a nondispositive matter will be reversed only if it is clearly erroneous or contrary to law." *Goldblum v. Univ. of Cincinnati,* No. 1:19-CV-398, 2020 WL 4345024, at *2 (S.D. Ohio July 29, 2020); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

or the District Judge." LR 72.01(c). No stay has been granted, and the rule is clear.[4] Reguli's willful defiance of the Court's order compelling her to answer Interrogatory No. 1 is not excused merely because she objected to the order and later filed a motion to stay the order after the time had passed for her to comply.

The Court also finds that Layton and CASA have been prejudiced by Reguli's failure to respond to discovery. First, they are being deprived of the information they sought, which effectively prevents them from preparing their case for trial. Secondly, they were forced to spend time and resources seeking redress from the Court due to Reguli's failure to comply with the discovery order.

Reguli, however, has not been warned that the failure to comply with discovery could result in sanctions such as dismissal of her complaint or that her failure to answer Interrogatory number 1 could result in the Court deeming as established the fact that she never paid her prior $3,145.50 sanction to CASA. Likewise, the Court has not yet had the opportunity to consider less drastic sanctions as a means to right the ship before disaster befalls her.

The fact remains, Reguli willfully failed to comply with the Court's discovery order. *See Victor v. Reynolds*, 649 F. Supp. 3d 499, 514 (E.D. Mich. 2023) ("The Court cannot 'recompel' the production of discovery—sanctions are the exclusive vehicle through which the Court may enforce a prior order compelling discovery."). In this instance, the only appropriate sanction at this time is to award Layton and CASA their reasonable expenses incurred from litigating the instant motion. The Court finds that this sanction adequately assures Reguli's future compliance with discovery and sufficiently punishes her failure to comply with the Court's order. *See City of*

---

4 The Court's scheduling order mandates that Reguli familiarize herself with the Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 54.)

*Gallatin v. Gallatin Data Centers, LLC*, No. 3:24-CV-00868, 2026 WL 816028, at *4 (M.D. Tenn. Jan. 9, 2026) ("The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery.") (quoting *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989)). The Court will not resort to more severe sanctions at this time; however, Reguli is warned that further violations could result in dismissal of her complaint, or as was requested by Layton and CASA, an order establishing the fact that she never paid her prior $3,145.50 sanction to CASA.

## IV. Conclusion

Layton and CASA's motion for sanctions (Doc. No. 154) is GRANTED IN PART. Reguli shall immediately comply with the Court's discovery order (Doc. No. 140) to avoid more severe sanctions. The Court orders monetary sanctions against Reguli. Counsel for Defendants Layton and CASA shall file a fee declaration setting forth the total amount of fees and costs incurred related to this motion no later than fourteen (14) days after the date of entry of this order. Any objection to the amount of expenses requested shall be filed within fourteen (14) days after the date when Defendants' declaration is filed.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge