IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**<u>AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL FINANCIAL DISCOVERY MATERIALS</u>**

To facilitate document disclosure and production in the above-cationed acting (the "litigation") under the Local Rules of the Middle District of Tennessee and the Federal Rules of Civil Procedure, and for good cause shown, this Protective Order shall apply to the litigation and remain in effect until its conclusion.

Financial documents and/or information containing the <u>financial</u> assets, interests, or relationships that bear on the parties' claims, defenses, or prayer for relief are likely to be disclosed or produced during the course of discovery in the litigation.

The parties are likely to disclose personal and business financial information which shall be referred to as "confidential material", and more specifically:

Defendant Williamson County CASA, Inc. shall produce the ledger (the "ledger") of business entries for all funds received with dates, sources, and amount of receipts from September 14, 2014 through May 11, 2022 to the plaintiff as requested in discovery.

Plaintiff Reguli has already produced a Social Security statement to the Defendant in response to discovery requests.

The plaintiff has requested, but has not yet received financial information





EXHIBIT 2

for the purposes of seeking punitive damages. At the time that financial information is produced, it shall automatically be subject to this protective order:

Defendant Williamson County CASA, Inc. income and asset information other than information already obtained by the Plaintiff in financial records. (See Documents produced with Requests for Admissions, July 3, 2026).

Defendant Emily Layton income and asset information for the purposes of seeking punitive damages against the defendant.

Defendant Dana McLendon income and asset information for the purposes of seeking punitive damages against the defendant.

Nothing in this agreed order shall be construed as a waiver or consent by the plaintiff that her personal and professional financial records from Sept. 14, 2024 through May 11, 2022 are relevant or proportional in this litigation.

Nothing in this agreed order shall affect items, documents, recordings, transcripts, audios, images, electronic data, or other items in the possession of any party prior to the exchange of discovery in this case.

Nothing in this agreed order limits the Plaintiff from publicly sharing information regarding this litigation other than the specifically protected materials described above.

Nothing in this agreed order limits or protects documents or information received or produced by third parties or former defendants, i.e., Joseph A. Woodruff or John Stephens, Williamson County Sheriff's Department, or other persons or entities.

To protect the respective interests of the parties, and to facilitate the progress of disclosure and discovery of these specifically listed items in this litigation, the following protective order should be issued.

1. Confidential material and the information contained therein shall be not used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below. Subject to exceptions under paragraph 6, confidential material may be copied only by the parties or their respective counsel (and employees of respective counsel) in the litigation for purposes permitted by this protective order, and control and distribution of confidential material and copies thereof will be the responsibility of such party or counsel, who will maintain all written assurances executed by such persons described in paragraph 2. The term "copy" as used herein means any photographic, mechanical, or computerized reproduction of the documents and information described herein, including any transcript detailing the contents of said document or information.

2. Approved participants in the litigation who may have access to confidential materials include:

A. The current named parties (not former defendants).

B. Officers, directors, and employees of Williamson County CASA, Inc. to the extent reasonably necessary for this litigation and so long as each executes a notice of the protective order and agrees to comply.

C. Counsel of record in the litigation for the current parties (not former defendants).

D. Employees of the law firms of each counsel of record for the current parties (not former defendants) to the extent necessary for this litigation and so long as each executes a notice of the protective order and agrees to comply.

E. A witness at a deposition who is put on notice that said records are subject to this protective order and said witness agrees to comply with a copy of this protective order made an exhibit to the deposition.

F. A court reporter to the extent necessary to preserve the record of the deposition with a deposition notation that said record is subject to this protective order.

G. The court in this matter, including any appeals.

3. Subject to the exception described in paragraph 6, confidential material shall not be disclosed to any other person or entity without the prior written consent of the party providing confidential material. Either party seeking court approval for otherwise disseminating confidential material shall seek agreement of the parties at least ten days before seeking court intervention. Approval of the Court for release shall only be on good cause shown including a finding that a failure to release would cause a substantial prejudice to the party seeking release.

4. Without written permission from the supplying party, such party shall not file in the public record in this action any confidential material. A party may seek to file confidential material under seal where relevant, proportional, and necessary to support their claims and defenses. A party that seeks to file under seal shall comply with Local Rule 5.03. Certain documents and information described above relate to the merits of claims and defenses in this litigation, i.e., the ledger of Williamson County CASA, Inc., this confidential material stands differently from the other confidential materials that are directly related to damages. In the event, the CASA ledger is needed for any pre-trial dispositive motions, neither party shall object to the filing of such documents under seal.

5. Pursuant to Federal Rule of Evidence 502(d) the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Inadvertently produced documents shall be disclosed to the other parties, and upon request, returned or destroyed within five (5) days after notice. Inadvertent disclosure of attorney/client

privileged communication or work product in this matter shall not be deemed a waiver. Notwithstanding this provision, the Plaintiff does not waive her assertions that the attorney communications that occurred surrounding the underlying criminal matter in June 2023 and the immediate communication thereafter are not protected communications. Plaintiff objects to the classification of work product or attorney/client privilege regarding the underlying criminal case and prior to June 30, 2023.

6. A party or parties receiving confidential material shall not under any circumstances cause the documents or information contained in the confidential material to be sold, advertised, disseminated, broadcast through any platform, news publisher, or use in any public communication. Parties agree that confidential material related to the merits of the action may be the basis of a matter of public interest, especially in the operation of entities relying on IRS 501(c)(3) classification, state level non-profit status, or use of tax-payer funds given that Williamson County CASA, Inc. operates as a public benefit organization and receives tax-payer funds. To the extent the "merits" confidential material rises to a level of concern regarding IRS classification or accountability for public funding, Plaintiff is permitted to use merits confidential material in communication to such persons and entities that have a legitimate interest in public integrity. A party seeking to report such information shall provide a true copy of said report and its intended recipients, to the party producing the confidential material.

7. No party or included persons shall upload or otherwise submit any confidential material (other than its own production), into any public or open generative artificial intelligence tool, large language model, or similar platform. The parties agree that open artificial intelligence tools may retain and use inputs to train or fine-tune their models, making it impossible for a person that upload confidential materials to ensure its destruction at the conclusion of this matter.

8. If any person receives a subpoena from any non-party to this protective order seeking production or disclosure of confidential material, the subpoenaed party shall give notice as soon as practicable, but not less than five (5) days after receipt of subpoena, and the subpoenaed party shall seek to quash (or seek court protection) of said confidential material as being provided solely as relevant material in this matter. The affected party may also seek to quash (or other court protection) in the matter upon which the confidential material was sought as well. In the event the subpoenaed party does not seek to quash (or court protection) in the matter, they shall seek to stay production of documents in compliance with the subpoena until the affected party is notified and has had the opportunity to seek intervention to prohibit disclosure.

9. Within thirty (30) days of termination of the litigation by dismissal, final judgement, or settlement, including any appeals, the party or parties (and their employees) receiving confidential material shall return the confidential material and produce a certificate under oath under penalty or perjury under the laws of the United States of America confirming that the receiving party has destroyed all documents within their possession, custody, or control. The certification shall include all efforts to ensure that other persons known to the party who have received the confidential material have been notified of the finality of this action and that destruction is required.

10. This protective order shall also be binding on all attorneys, successors, executors, personal representatives, administrators, heirs, assigns, employees, agents, independent contractors, or other persons or organizations which may acquire an interest in this matter at any time.

11. All parties reserve the right to seek a protective order for any item that may also be produced in the future not described herein. Entering into this agreed protective order is not a

waiver that any additional documents or information that may be requested, produced, or subpoenas in this matter may also be subject to protection

DATED ________________________ 2026.

______________________________________
MAGISTRATE JUDGE LUKE EVANS

Approved for entry:

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Michael J. Stephens
Charles Frederick Spainhour
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*