ELECTRONICALLY FILED
2022 Dec 02 11 25 AM - 22CV-51293
Williamson County, Clerk & Master

IN THE CHANCERY COURT FOR THE 21ST JUDICIAL DISTRICT
AT WILLIAMSON COUNTY, TENNESSEE

RE: PUBLIC RECORD REQUEST ON WILLIAMSON COUNTY

| | | |
|---|---|---|
| CONNIE REGULI,<br>Petitioner, | ) | |
| V. | ) | No. 22CV-51293 |
| ROGERS ANDERSON, MAYOR<br>OF WILLIAMSON COUNTY, TN.,<br>Respondent. | ) | |

## ORDER

This public records act case has come before the Court upon Connie Reguli's motion pursuant to Tennessee Supreme Court Rule 10B filed December 1, 2022, seeking the disqualification of the undersigned from this case (the "Rule 10B Motion"). This filing was contemporaneous with the filing of *Petitioner's Motion to Supplement the Record on Appeal.*

On November 8, 2022, in Circuit Case No. 22CV-541, *In Re Connie Reguli,* an action filed by Connie Reguli seeking judicial review of certain actions taken by the Board of Professional Responsibility recommending that Ms. Reguli be disbarred from the practice of law in Tennessee, the Undersigned entered an Order stating in relevant part: "Pursuant to Tennessee Supreme Court Rule 10, RJC 2.11, the Undersigned is disqualified from serving as a judge *over any matter involving Connie Reguli as a party.*" (emphasis added).[1] This November 8, 2022 Order was served on Ms. Reguli by the Circuit Clerk on November 9, 2022. Therefore, Ms. Reguli has actual

[1] Case No. 22CV-541 had been randomly assigned to me by the Circuit Clerk's office shortly afte came to my attention on or about November 8, 2022, when it was sent to me by the Clerk's o request for issuance of a writ of certiorari.

EXHIBIT 7


Case 3:24-cv-00694 Document 169-8 Filed 09/04/26 Page 1 of 6 PageID #: 1907

knowledge that, as of November 8, 2022, I had concluded that I could no longer serve as a judge *over any matter* in which she was a party.

The Rule 10B Motion fails to include this fact. Instead, Ms. Reguli has stuffed her motion with irrelevant documents filed in the Tennessee Court of Criminal Appeals and *ad hominem* attacks on myself, Dana McLendon, a practicing lawyer in good standing, and a third-party who happens to be my adult son and who chose to express a critical opinion of Ms. Reguli while she was a candidate for juvenile court judge in the April 2022 Republican Primary.[2]

The November 8, 2022 Order was entered in a case Ms. Reguli filed in Circuit Court. Nevertheless, I have previously recused myself from further participation as a judge in any case in which Ms. Reguli is a party. Therefore, the Rule 10B Motion is moot. Nevertheless, for completeness of the record, I shall enter this Order confirming my recusal in this specific case.

Turning to the substance of Ms. Reguli's *ad hominem* attacks, and so that the Court of Appeals has a fuller appreciation of the facts than it could get from Ms. Reguli's filings, I offer the following observations:

- Ms. Reguli writes that I "launched [my] own extrajudicial personal investigation with an *ex parte* letter to a witness." It is certainly true that I undertook to determine whether Ms. Reguli had committed aggravated perjury in my presence during the hearing on April 26, 2022. I did so only after I had entered a final judgment order in this case and obtained a transcript of the April 26, 2022 proceeding. The person to whom I wrote, Ms. Layton, the executive director of CASA, was **not** a witness at any time in this case.

[2] My son's opinion of Ms. Reguli's qualifications as a candidate was part of the basis of an earlier Rule 10B motion Ms. Reguli filed. That motion was without merit and therefore denied. Ms. Reguli did not seek expedited appellate review.

- Ms. Reguli notes correctly that I copied Mr. McLendon with my letter to Ms. Layton. From this fact, Ms. Reguli leaps to the conclusion that some sort of nefarious conspiracy exists between myself and Mr. McLendon. Like most of Ms. Reguli's inferential leaps, her landing zone has no foundation. I copied Mr. McLendon because I knew he represented CASA. Specifically, I knew that he represented CASA in connection with a Board of Professional Responsibility ("BPR") disciplinary hearing in which Ms. Reguli was the respondent. One of the misconduct charges in that case was based upon the same facts that gave rise to me imposing Rule 11 sanctions against Ms. Reguli in December 2014. One of the sanctions I imposed, which was affirmed by the Court of Appeals,[3] was for Ms. Reguli to reimburse CASA for its reasonable attorney fees. Because Mr. McLendon had represented CASA in the BPR proceeding, I reasonably believed he should be put on notice that I was seeking information from his client.
- Mr. McLendon may very well have advised his client in connection with its response to my letter. It would have been prudent and reasonable for CASA to have asked Mr. McLendon for advice and counsel. I have no personal knowledge one way or the other.
- On May 16, 2022, after I received Ms. Layton's response to my letter, I referred the matter to the District Attorney General for investigation and whatever action she deemed appropriate. I also copied the Chief Disciplinary Counsel of the Board of Professional Responsibility.
- The Williamson County Grand Jury subsequently returned an indictment against Ms. Reguli for one count of aggravated perjury.

---

[3] *In re Carolina M.*, M2014-02133-COA-R3-JV, 2016 WL 6427853 (Tenn. Ct. App. Oct. 28, 2016).

- The fact that on April 26, 2022, Ms. Reguli deliberately testified falsely on a material matter, in a proceeding over which I was presiding, did not improperly influence me in any decision or action I have taken as a judge in this or any other case involving Ms. Reguli.[4]
- Once the Grand Jury indicted Ms. Reguli, I concluded it was appropriate for me to recuse myself generally from any cases in which she is a party.
- It is worth observing that nowhere in the Rule 10B Motion or in her motion to supplement the appellate record does Ms. Reguli assert that she has been *falsely* accused of perjury; that Ms. Layton's affidavit is incorrect and she in fact paid the December 2014 Rule 11 sanctions; or that the Rule 11 sanctions imposed on April 26, 2022, were based upon any outside information.

A party or lawyer may not engage in misconduct in the course of litigation, and then rely upon that same misconduct as grounds for recusal.[5]

For the foregoing reasons, the Rule 10B Motion is hereby denied as moot.

In accordance with the Court's order entered November 8, 2022, in case 22CV-541, the Undersigned hereby affirms that he is disqualified from taking any action as a judge in this *or any other case* in which Ms. Reguli is a party.

---

[4] As my order of April 26, 2022, makes clear, I accepted Ms. Reguli's testimony as being true and made my decision accordingly. I relied on her testimony that was *subsequently* shown to have been false. Once I learned that she had lied under oath on a material matter, I referred it to the District Attorney and to the Board of Professional Responsibility. I believe this is the proper course of action.

[5] *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *5 (Tenn. Ct. App. Feb. 11, 2014) ("A judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case.") (internal citations omitted); *Cain-Swope v. Swope*, 523 S.W.3d 79, 89 (Tenn. Ct. App. 2016) ("[A]n opinion formed on the basis of what a judge properly learns during judicial proceedings, and comments that reveal that opinion, are not disqualifying unless they are so extreme that they reflect an utter incapacity to be fair."); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) ("A trial judge's adverse rulings are not usually sufficient to establish bias.").


Case 3:24-cv-00694 Document 169-8 Filed 09/04/26 Page 4 of 6 PageID #: 1910

This case is hereby referred to Hon. Michael W. Binkley, Presiding Judge of the 21st Judicial District for reassignment or interchange.

IT IS SO ORDERED THIS 2nd DAY OF DECEMBER, 2022.

JOSEPH A. WOODRUFF, Chancellor



Case 3:24-cv-00694 Document 169-8 Filed 09/04/26 Page 5 of 6 PageID #: 1911

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Order as entered by the Court has been forwarded postage prepaid, and/or emailed, and/or faxed, to

( ) Electronic Mail
( ) U.S. Mail
( ) Facsimile
( ) Hand-delivery

Connie Reguli
1646 Westgate Circle, Ste. 101
Brentwood, TN 37027

Jeffrey Moseley
Buerger, Moseley, & Carson, PLC
306 Public Square
Franklin, TN 37064

This the 2nd day of December, 2022.

[signature] dc
**CLERK**