IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-cv-00694 |
| | ) | |
| JOSEPH A. WOODRUFF, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Evans |
| Defendants. | ) | JURY DEMAND |

**DEFENDANT EMILY LAYTON'S AMENDED RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY FROM THE DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Emily Layton serves her Amended Responses to Plaintiff Connie Reguli's Request for Written Discovery.

## GENERAL OBJECTIONS

1. Layton objects to the requests to the extent they attempt to impose obligations or requirements beyond those permitted or authorized by the applicable provisions of the Federal Rules of Civil Procedure, the rules of this Court, or the laws of this jurisdiction.

2. Layton objects to the requests because they fail to delineate between interrogatories, requests for admission, and requests for production, and some requests appear to combine different types of discovery request. Layton has responded based on her understanding of the type of request at issue.

3. Layton objects to the requests to the extent that they call for attorney work product or the disclosure of information protected by the attorney-client privilege, including, without limitation, communications seeking or providing legal advice or any information

EXHIBIT
10

this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact.

**<u>RESPONSE</u>**: Layton objects to this request on the grounds that the term "relationship" is vague. Subject to and without waiving her objections, Layton states she has no relationship with Judge Woodruff. Layton otherwise refers to her Responses to Requests 8 and 14.

**<u>REQUEST 13 (Interrogatory)</u>:**

E. You provided a statement for Attorney Micheal Stephens on or about June 5, 2023 which stated that you did not recall what documents, if any, you reviewed in preparation of your May 2022 affidavit (see attached), if your answer would be different today, describe what documents you reviewed, when you reviewed them, who prepared those documents for review, and whether you reviewed miscellaneous income entries. If your response is the same, please indicate this is still true.

**<u>RESPONSE</u>**: Layton objects to this request to the extent it calls for discovery of information protected by the attorney-client privilege or work-product doctrine. Layton further objects to the premise that Layton "provided a statement" to Michael Stephens. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton refers to her Response to Request 14.

**<u>REQUEST 14 (Interrogatory)</u>:**

F. Describe what actions you took when you received the letter from Joseph A. Woodruff dated April 29, 2022, including who you spoke to and when, who you emailed/texted to

and when. Describe who you met with and when, what records you reviewed and when, who drafted the affidavit and when, when and where you signed the affidavit, and what you were told by McLendon (or any other person) about the use and purpose of this affidavit.

**RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving her objections, Layton states that she does not recall the details, but believes she received the letter from Judge Woodruff in the mail. In the letter, Judge Woodruff inquired whether Reguli had paid CASA $3,145.50 and requested a written response. Upon receiving the letter, Layton informed the Executive Committee of CASA's Board of Directors, including consulting with Lauren Roberts. Layton met with CASA's bookkeeper, Tracy Barnes, to determine whether Reguli had made the payment to CASA. Layton likely reviewed financial records when meeting with Barnes, and would have checked CASA's Network for Good records, though she does not recall specifically what records she may have reviewed. CASA's records showed no payment from Reguli at any point in any amount. With the approval of the Executive Committee, Layton sent a letter to Judge Woodruff on May 2, 2022. Afterward, Layton had brief text message exchanges with McLendon, which will be produced pursuant to Federal Rule of Civil Procedure 33(d) upon entry of a protective order. Layton believes McLendon drafted the affidavit, which she would have reviewed with a member or members of the Executive Committee. Layton then signed the affidavit and had it notarized at CASA's bank. Layton believes she dropped the affidavit off at McLendon's office space.

**REQUEST 15 (Interrogatory):**

G. If not answered above, expand your response and describe how, when, and why the Emily Layton affidavit was created, who wrote it, what input did you have, what were you told

about its created and the effect of your signature, identify all persons that you discussed this with either in the preparation, reviewing, or signature. Describe where and when you signed it. Give the name and identity of the notary who verified your signature. Describe what you did with the affidavit after you signed it. Who did you give a copy to? Did you maintain a copy? If yes, where did you keep that copy? Did you keep the original? If so, where is the original. If not, who received the original?

**RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving her objections, Layton refers to her Response to Request 14.

**REQUEST 16 (Interrogatory):**

H. Describe if you were promised anything, such as immunity from liability, some monetary gain, promotion, holiday time, or otherwise in the preparation, signing or execution of the affidavit.

**RESPONSE:** Subject to and without waiving her objections, Layton was not promised anything in relation to the affidavit.

**REQUEST 17 (Interrogatory):**

I. Describe what you were told about Connie Reguli at any time between November 2019 and June 2023, including specifically anything you were told about Connie Reguli at or near the time of the preparation and signing of the May 11, 2022 affidavit. Include who communicated to you, how, when, and what was conveyed.



Case 3:24-cv-00694 Document 169-11 Filed 09/04/26 Page 4 of 5 PageID #: 1928

**VERIFICATION**

I, Emily Layton, declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

Emily Layton
Emily Layton

Dated: June 19, 2026