IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-cv-00694 |
| | ) | |
| JOSEPH A. WOODRUFF, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Evans |
| Defendants. | ) | JURY DEMAND |

**WILLIAMSON COUNTY CASA, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Williamson County CASA, Inc. ("CASA") serves its Responses to Plaintiff's Requests for Admission.

**GENERAL OBJECTIONS**

1. CASA objects to the requests to the extent they attempt to impose obligations or requirements beyond those permitted or authorized by the applicable provisions of the Federal Rules of Civil Procedure, the rules of this Court, or the laws of this jurisdiction.

2. CASA maintains that it should be dismissed from this lawsuit under the doctrine of witness immunity. Accordingly, CASA objects to each of Plaintiff's requests as improper and unduly burdensome.

3. CASA expressly reserves the right to withdraw, amend, modify, or supplement these responses in the event of error, mistake, or omission, and as CASA ascertains additional facts or more accurate information becomes available.

Subject to the foregoing general objections and qualifications, CASA provides additional objections and responses to Plaintiff's requests as follows:

EXHIBIT 16

## SPECIFIC OBJECTIONS AND RESPONSES

For each of the Exhibits, specifically identified and attached at exhibits to this request admit to the genuineness, authenticity, and accuracy of each:

1. EXHIBIT 1 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2016.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 1, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 1, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 1 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 1 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 1 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

2. EXHIBIT 2 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2017.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 2, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 2, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 2 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 2 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 2 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

3. EXHIBIT 3 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2019.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 3, and it is

unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 3, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 3 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 3 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 3 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

4. EXHIBIT 4 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2020.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 4, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 4, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA

does not respond as to accuracy on that basis. CASA further objects that Exhibit 4 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 4 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 4 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

5. EXHIBIT 5 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2021.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 5, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 5, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 5 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 5 which was served as a scanned image bearing no Bates

number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 5 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

6. EXHIBIT 6 - APPROVED BUDGET FOR 2024 - 2025 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 6, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 6, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 6 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 6 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 6 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain"

within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

7. EXHIBIT 7 - APPROVED BUDGET FOR 23/24 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 7, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 7, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 7 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 7 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 7 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

8. EXHIBIT 8 - PROFIT AND LOSS PREV YEAR COMPARISON JULY 2016 THROUGH JUNE 2017 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 8, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 8, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 8 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 8 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 8 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

9. EXHIBIT 9 - PROFIT AND LOSS BUDGET OVERVIEW JULY 2021 THROUGH JUNE 2022 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 9, and it is

unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 9, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 9 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 9 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 9 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

10. EXHIBIT 10 - BUDGET FISCAL YEAR 20-21 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 10, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 10, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA

does not respond as to accuracy on that basis. CASA further objects that Exhibit 10 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 10 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 10 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

11. EXHIBIT 11 - FY 2020 BUDGET FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 11, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 11, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 11 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 11 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and

CASA has no knowledge of the manner in which Plaintiff obtained it. Foı CASA to determine whether CASA retains any document against which Exhibit 11 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

12. EXHIBIT 12 - BUDGET 18 -19 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 12, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 12, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 12 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 12 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 12 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and

following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

13. EXHIBIT 13 - PROFIT & LOSS BUDGET OVERVIEW JULY 2017 THROUGH JUNE 2018 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 13, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 13, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 13 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 13 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 13 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

14. EXHIBIT 14 - FY 2016/2017 ANNUAL BUDGET/ REVENUE TARGET OF $356K and PROFIT & LOSS BUDGET OVERVIEW JULY 2016 THROUGH JUNE 2017 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 14, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 14, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 14 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 14 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 14 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

15. EXHIBIT 15 - PROFIT & LOSS OVERVIEW JULY 2015 THROUGH JUNE 2016 and STATEMENT OF ACTIVITIES FOR THE YEAR ENDED JUNE 30, 2016 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 15, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 15, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 15 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 15 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 15 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

16. EXHIBIT 16 - FY 2015/2016 ANNUAL BUDGET FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 16, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the

Request seeks an admission as to the "accuracy" of Exhibit 16, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 16 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 16 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 16 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

17. EXHIBIT 17 - PROFIT & LOSS BUDGET OVERVIEW JULY 2013 THROUGH JUNE 2014 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 17, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 17, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 17 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because

it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 17 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 17 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

18. EXHIBIT 18 - BUDGET FISCAL 2013 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 18, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 18, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 18 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 18 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine

whether CASA retains any document against which Exhibit 18 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

19. EXHIBIT 19 - PROPOSED BUDGET 11/12 FOR WILLIAMSON COUNTY CASA INC.

**RESPONSE:** CASA objects to this Request as compound and ambiguous. The Request seeks an admission as to the "genuineness, authenticity, and accuracy" of Exhibit 19, and it is unclear whether Plaintiff seeks a single admission as to all three matters or an independent answer to each. Rule 36(a)(2) requires that "[e]ach matter must be separately stated." To the extent the Request seeks an admission as to the "accuracy" of Exhibit 19, it exceeds Rule 36(a)(1)(B), which authorizes requests directed only to "the genuineness of any described documents," and CASA does not respond as to accuracy on that basis. CASA further objects that Exhibit 19 is not relevant to any claim or defense and that this Request is not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. CASA lacks knowledge of the source of Exhibit 19 which was served as a scanned image bearing no Bates number, transmittal, production letter, or other indicia of source, custody, or completeness, and CASA has no knowledge of the manner in which Plaintiff obtained it. For CASA to determine whether CASA retains any document against which Exhibit 19 could be compared is not proportional to the needs of the case and is not information CASA "knows or can readily obtain" within the meaning of Rule 36(a)(4). Subject to and without waiving these objections, and

following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on August 3, 2026, I electronically served a true and correct copy of the foregoing on:

Dana McLendon
dana@danamclendonlaw.com

*s/Michael J. Stephens*
Michael J. Stephens