IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF, et al,** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | |
| **Defendants.** | ) | |

**FORMER DEFENDANT JUDGE WOODRUFF'S REPLY IN SUPPORT OF HIS MOTION FOR REVIEW OF NONDISPOSITIVE ORDER**

Former Defendant Joseph A. Woodruff ("Judge Woodruff"), through counsel, respectfully submits this Reply in support of his Motion to review and to set aside the Magistrate Judge's August 12, 2026 Memorandum Order, D.E. 155 (the "Order"). This Reply is directed at Reguli's Response. D.E. 167.

***First***, Reguli incorrectly asserts that Judge Woodruff "made himself a witness" and she misrepresents Tennessee caselaw in doing so. D.E. 167 at PageID# 1782. Reguli cites *Vaughn v. Shelby Williams*, 813 S.W.2d 132 (Tenn. 1991); *State v. Ray*, 973 S.W.2d 246 (Tenn. Crim. App. 1997); and *Tarpley v. Hornyak*, 174 S.W.3d 736 (Tenn. Ct. App. 2004), claiming that these cases show Judge Woodruff "acted as an investigator, violated his oath of office, and acted unethically." D.E. 167 at PageID# 1783. But each of the cited cases addresses a wholly different issue. In all three, the "made himself a witness" language appears in the context of judges improperly substituting their own factual investigations for evidence in the record—not relying upon sworn affidavits or a judge being subject to deposition. In *Vaughn*, the trial judge partially based his ruling on personal, pre-trial observations of the plaintiff at a mall and in a courthouse parking lot.

813 S.W.2d at 133. In *Ray*, the trial court abused its authority by undertaking a non-adversarial fact-finding mission into the death of Martin Luther King Jr., and the Court of Criminal Appeals held that such investigative authority rested with the district attorney, not the judge. 973 S.W.2d at 249. And in *Tarpley*, the trial court's order was reversed because the judge visited the property at issue and substituted his personal observations for the evidence presented by the parties. 174 S.W.3d at 749. None of these cases supports Reguli's contention that Judge Woodruff is subject to deposition or acted outside of his official judicial capacity by referring testimony to the District Attorney and Board of Professional Responsibility for investigation.

***Second***, Reguli mischaracterizes the sovereign immunity argument Judge Woodruff has asserted since she first attempted to subpoena his deposition in January. *See* D.E. 109; D.E. 167 at PageID# 1784. Reguli's Response repeatedly conflates "judicial acts" with an "individual capacity" claim, then uses that conflation to assert that sovereign immunity is irrelevant. D.E. 167 at PageID# 1784. This is wrong and ignores the present posture of the litigation. Yes, this action was originally filed against Judge Woodruff in his individual capacity, but since Judge Woodruff's dismissal that is no longer the case. Rather, as explained in Defendant's Memorandum, Reguli's subpoena seeks testimony about official judicial conduct—which is by definition conduct performed in his official capacity. D.E. 160 at PageID# 1595. Any time that Judge Woodruff acts in his judicial capacity, he acts in his official capacity as a Judge for the State of Tennessee. Under *Russell v. Jones* and the sovereign immunity principles articulated in *Ex parte Ayers*, *Dugan v. Rank*, and *Graham*, the subpoena is an impermissible coercive command against the State. *See* D.E. 160 at PageID# 1595-97. Plaintiff's Response does not meaningfully address any of this authority. D.E. 167 at PageID# 1785.

Likewise, Plaintiff argues that Judge Woodruff's communications were "investigative" rather than "deliberative." D.E. 167 at PageID# 1779. But the Court has already held that these acts were part of Judge Woodruff's judicial function. D.E. 52 at PageID# 602–604. Permitting questioning about why and how a judge received information, sought clarification, referred matters to the District Attorney, or interpreted testimony necessarily invades protected mental processes. So, while Reguli's Response relies heavily on Judge Woodruff's December 2, 2022 order, that order only further confirms he acted in his judicial capacity when reviewing testimony, determining its veracity, and referring suspected perjury for prosecution. These are core judicial functions. Plaintiff's disagreement with whether those judicial acts were proper does not convert them into non-judicial acts.

***Third**,* Plaintiff does not attempt to meet the "highly pertinent" or "only source" requirements that caselaw dictates for subpoenas of judicial officers. Her Response does not address proportionality at all. She instead repeats accusations about judicial misconduct and attempts to relitigate unrelated grievances spanning more than a decade. D.E. 167 at PageID# 1772-1780. This underscores why the Magistrate Judge's Order creates an undue burden, invites harassment, and disregards proportionality under Rules 26(b)(1) and 45(d)(3). Although Plaintiff claims the Magistrate Judge limited the deposition, she simultaneously asserts a right to explore: alleged conspiracies spanning 20 years, prior cases and disciplinary matters, alleged judicial bias by other judges, CASA's unrelated accounting issues, and Judge Woodruff's intent, reasoning, and "knowledge" surrounding the proper perjury referral to the District Attorney's Office. Her own filing shows that a "facts only" limitation cannot be enforced in practice. The Order is unworkable, clearly erroneous, and contrary to controlling law

***Finally***, Reguli's arguments confirm the need for a stay. She acknowledges the "hostility" and contentiousness surrounding this litigation. D.E. 167 at PageID# 1788. But that hostility is one-sided and belongs exclusively to Ms. Reguli. *See generally Reguli v. Bd. of Pro. Resp. of Supreme Ct. of Tenn.*, No. M2024-00153-SC-R3-BP, 2026 WL 2082926 (Tenn. July 20, 2026). That hostility has historically manifested in many ways, including attempts to depose Tennessee judges. *See id.* at *33-34. She also admits discovery disputes remain unresolved and that she has still not produced records responsive to Interrogatory No. 1—an issue central to the entire case. D.E. 167 at PageID# 1789. Proceeding with a deposition before the Court resolves these threshold issues would irreparably impair sovereign immunity, mental-process protections, and the rights at stake. A stay is both prudent and necessary.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

/s/ *Ben Barton*
Ben Barton, BPR No. 043025
Assistant Attorney General

Zachary L. Barker, BPR No. 035933
Senior Assistant Attorney General

Office of the Tennessee Attorney General
P. O. Box 20207
Nashville, TN 37202-0207
(615) 532-4098
Zachary.Barker@ag.tn.gov
Ben.Barton@ag.tn.gov

*Attorneys for Joseph A. Woodruff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record. Parties not registered by the Court's electronic case filing system, as indicated below, will be served by U.S. Mail or electronic mail.

Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, TN 37128
615-478-8333

*/s/ Ben Barton*
Ben Barton
Assistant Attorney General