FILED

2026 SEP -8 AM 10: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO NON PARTY WILLIAMSON COUNTY'S MOTION FOR ENTRY OF A PROTETIVE ORDER AND MEMORANDUM OF LAW SEE DE 164**

Now comes the Plaintiff, pro se, and files this response and memorandum in opposition to the Motion for protective order filed by non party Williamson County, See DE 164.

In this case, Plaintiff Reguli was indicted on August 8, 2022 and required to turn herself in to the Williamson County Sheriff's Department. DE 1, Page #: 21-22. That criminal prosecution would end in a nolle in June 2023 and this action for malicious prosecution and fabricated evidence as Fourth Amendment violations was filed against the Defendants. DE 1, Page #: 31.

Defendant Williamson County CASA, Inc. has filed a subpoena to Williamson County to produce the video surveillance from August 8, 2022. Williamson County seeks a protective order to prevent the Plaintiff from public dissemination of the video. Plaintiff opposes the protective order and Williamson County has not met their burden. Plaintiff maintains her rights as a citizen to criticize the government which should not be interrupted by blocking this information from the public.

Williamson County's reliance on *Wilson v Robinson*, 2023 U.S.Dist. LEXIS 179134, 3:22-cv-158, (E.D. Tenn. Oct. 2, 2023) (Wilson 1) is insufficient to support a protective order on the video surveillance in this case.

In *Wilson*, the complaint was filed on an excessive force claim (constitutional violation under 42 U.S.C. Sec. 1983) when he was placed on suicide watch inside of the Morgan County Correctional Complex (under Tennessee Department of Corrections). (also see *Wilson v. Robinson,* 2023 U.S. Dist. LEXIS 229641, 3:22-cv-158 (E.D. Tenn. Dec. 27, 2023) (Wilson 2)

In *Wilson*, the Defendants filed the motion for protective order and it relied, in part, on preventing serious injury to prison security. Wilson 1, at 17.

In *Wilson* 1, relied on by Williamson County, the Court found that the provision in the Tennessee Public Records Act, the same relied on here, were "relevant' but not determinative. The Defendants were required to meet the standards required under Rule 26(c) of the Federal Rules of Civil Procedure which allows a court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses. The party seeking a protective order has the burden of showing good cause. The movant may establish good cause by choosing a "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." Wilson 1 also recognized that courts regularly limit disclosure of discovery due to concerns about the safety and security of correctional facilities. (citing *Johnson v. Corecivic, Inc.,* 2019 U.S.Dist. LEXIS 85593, 10-cv-1051-STA-tmp, (E.C.Tenn. April 3, 2019) Wilson 1, pg. 16. Johnson was also an excessive force case resulting in the death of an inmate **inside** of the correctional facility.

Plaintiff would show that the instant matter is distinctly different and Williamson County has not met their burden. First, the video content is described as being "the booking area" and

second, the video footage does not risk depicting any violence or security measures as would be expected in an excessive force claim. Williamson County rests solely on its conclusory statement that "public dissemination of video of secured areas of the jail could compromise safety and security. DE 164, PageID #: 1633.

Movant has not identified any risk of embarrassment, harassment, or oppression to any employees of the facility and movant has failed to identify how disclosure of the "booking" area could cause a security risk to the facility. Even though, movant claims that footage could be "paused, studied, and dissected to find potential weaknesses", there is no showing the there would be any security risk by Plaintiff having the right to demonstrate the treatment by Williamson County in August 2022.

The Plaintiff's First Amendment rights attach to materials made available through the discovery process. In analyzing First Amendment interests as against privacy rights, the court must evaluate such a restriction on three criteria: the harm posed by dissemination must be substantial and serious; the restraining order must be narrowly drawn and precise, and there must be no alternative means of protecting the public interest which intrudes less directly on expression. In assessing the propriety of a protective order in each case, i.e., whether there is "good cause" for an order which restricts expression, the trial court must consider and make the necessary findings on each element of the standard. *Krause v. Rhodes*, 671 F.2d 212, 213 (6th Cir. 1982) The United States Court of Appeals for the Ninth Circuit has recognized an additional consideration: there must be a substantial probability that closure will be effective in protecting against the perceived harm. *In re De Lorean Motor Co.*, 31 B.R. 53, 54 (Bankr. E.D. Mich. 1983)

Protective orders may be obtained only in circumstances in which special need is demonstrated for them. Any restrictive order involving a prior restraint upon First Amendment

freedoms is presumptively void and may be upheld only on the basis of a clear showing that an exercise of First Amendment rights will interfere with the rights of the parties to a fair trial. One ground for the entry of a protective order is the existence of substantial and serious harm resulting from the dissemination of the material. Any protective order must be drawn as narrowly and precisely as possible in order to avoid infringement upon first amendment rights. Finally the person requesting the protective order must demonstrate that there are no alternative means by which it is possible to make a smaller intrusion on the freedom of expression. *In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 81 F.R.D. 482, 486 (E.D. Mich. 1979)

In *CBS, Inc. v. Young,* 522 F.2d 234, 239 (6th Cir. 1975), the Court held that before a trial can limit defendants' and their attorneys' exercise of first amendment rights of freedom of speech, the record must contain sufficient specific findings by the trial court establishing that defendants' and their attorneys' conduct is "a serious and imminent threat to the administration of justice." *Craig v. Harney*, 331 U.S. 367, 373 (1947). While we agree "it is fundamental to our system of constitutional democracy that issues of law and fact in a criminal proceeding be resolved in the courts, and not in the news media nor in the streets," we believe equally fundamental to our system is the right of all citizens, even if they be criminal defendants to exercise their first amendment rights. In the absence of a clear showing that an exercise of those first amendment rights will interfere with the rights of the government and the defendants for a fair trial, a prior restraint of first amendment freedoms must be rejected. At 1061. The holding in *Chase v. Robson* was reaffirmed by the Seventh Circuit in *In Re Oliver*, 452 F.2d 111 (1971). *CBS, Inc. v. Young*, 522 F.2d 234, 239 (6th Cir. 1975)

The Court concluded that it must apply either the standard that the speech must create a "clear and present danger," *Wood v. Georgia*, 370 U.S. 375 (1962), of a serious and imminent

threat to the administration of justice, or the lesser standard that there must be a "reasonable likelihood," *United States v Tijerina*, 412 F.2d 661 (10th Cir. 1969), of a serious and imminent threat to the administration of justice, or a trial court's order prohibiting the exercise of one's First Amendment free speech is constitutionally impermissible. *CBS, Inc.,* 522 F.2d, at 239.

The protective order also fails to treat the parties equally and seeks to extend the protective order to include sealing the video when filed with the Court.

First, DE 164-1, PageID #: 1638 seeks to limit access in (c) to "Employees of counsel". This conflict with (a) which includes "employees of the parties". Since in this matter, both Plaintiff and Defendant McLendon are pro se litigants, this conflict exposes these parties to mixed definitions of what "employees" may be permissible. Section (d) describes "independent contractor or expert retained by counsel to provide assistance". Again, this excludes the Plaintiff and Defendant McLendon who are both pro se and do not have "counsel" per se.

Second, the protective order seeks to require that "a party may not file the video footage in the public record in this action." Id., at 1639, para. 7.

In *Wilson* 2, the court denied sealing the video footage that was filed with the Court, stating that there is a "strong presumption in favor of openness" of court records. Citing *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F. 3d 299, 305 (6th Cir. 2016). Movant does not even request this relief in her motion but slips it into the proposed order. The party seeking to seal the records must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. Wilson 2, at 3, Citing *Shane Grp, Inc.* 825, F.3d at 307.

Plaintiff opposes the entry of the proposed order filed at DE 157-1 and DE 164-1. A response was filed to Defendant's motion for protective order on September 4, 2026.

The motion for protective order should be denied.

This is September 8, 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

Certificate of Service

The undersigned certifies that the foregoing was served on September 8, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Lisa Carson
Buerger, Moseley, & Carson, PLC
Attorney for Williamson County
4068 Rural Plains Cir. Ste 100
Franklin, TN 37064
lcarson@buegerlaw.com

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

*2026 Reguli/Woodruff P Response to Wilso motion protective order*