FILED

2026 SEP -8 AM 10: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S RESPONSE IN OPPOSITION AND MEMORAMDUM TO DEFENDANT DANA MCLENDONS' MOTION TO STRIKE DE 166**

Now comes the Plaintiff, Connie Reguli, pro se, and files this response and memorandum in opposition to Defendant McLendon's Motion and Memorandum to Strike Improper Matter from Plaintiff's Response and Sanction Plaintiff and Memorandum of Law in Support. DE 166, PageID #: 1647-1654.

Defendant McLendon has two complaints: (1) that Plaintiff Reguli used the word "undisputed" in DE 162, and (2) that Plaintiff Reguli referenced a case involving Defendant McLendon that was dismissed before Plaintiff's DE 162 was filed. See DE 166, PageID #: 1648 and 1653.

For this, Defendant McLendon argues, this Court should strike a passage from Plaintiff's DE 162; PageID #: 1628-29. (quoted below) Defendant McLendon further seeks to sanction Plaintiff Reguli "with sufficient clarity and severity that Ms. Reguli might, at long last stop." Id, PageID #: 1654.

Defendant McLendon's motion should be denied.

## I. RELEVANT FACTS

Defendant McLendon does not set apart a statement of relevant fact, but has laced them throughout the memorandum.

Judge Joseph A. Woodruff presided over a public records filed by Plaintiff Reguli, pro se, in April 2022. DE 1, PageID #: 15-19. At the same time, Plaintiff Reguli was being falsely prosecuted for a fake felony that was caused by Judge Woodruff re-writing the Tennessee law and removing an essential element of the crime of custodial interference. DE 1, PageID #: 12-14. Reguli had also qualified as a candidate for the office of juvenile court judge and was campaigning in spite of this interference. DE 1, PageID #: 14-15.

Judge Woodruff made an oral motion for Rule 11 sanctions against Reguli in the public records case and held a hearing calling Reguli to testify. DE 1, PageID #: 17. This came after the county had agreed to produce the records. Id. However, Judge Woodruff dismissed the public records case and fined Reguli $5,000 (five thousand dollars). Id, at 18-19. In that hearing on April 26, 2022, Judge Woodruff sua sponte asked Reguli if she had paid a sanction he ordered eight years earlier. Reguli testified that she had. Judge Woodruff entered his order. Id, at 18. Those sanctions would be vacated by the Court of Appeals. Id, at 19.

The following events occurred in **secret with no notice** to Plaintiff Reguli.

On April 29, 2022, Judge Woodruff then prepared a letter that he sent to Defendant Dana McLendon and Defendant Emily Layton. DE 1, PageID #: 20, 25. This letter was not sent to Plaintiff Reguli and was not made part of the court file. Id, at 26. **EXHIBIT 1.**

This letter stated that Woodruff was trying to verify whether Reguli had testified truthfully and asked Layton if Reguli paid and to inform him when and how she paid. DE 1, PageID #: 25.

Layton sent a letter to Woodruff on May 2, 2022 stating that Williamson County CASA, Inc. (CASA) did not show a payment from Reguli. Layton and McLendon had a text exchange on May 3 & 11, 2022. (These documents were provided in discovery in this case from CASA). **EXHIBIT 2.**

On May 11, 2022, Layton executed a sworn statement that included the caption-style of the public records case. DE 1, PageID #: 25-26. **EXHIBIT 3.** The statement has NO indicia of who prepared it, it does not have a Certificate of Service, it was not stamp-filed by the Clerk, it was never filed with the Court clerk, it was not sent to Plaintiff Reguli, and it was NEVER made part of the court file. Id. There is also no explanation of why he would include the caption file indication on the statement when he was not associated, nor was Layton, with the public records case. Id.

This statement says that (1) Layton has personal knowledge and (2) that the CASA "regularly maintained business records" do not show a payment from Reguli in whole or in part. The statement does indicate that she is a custodian of records or has any financial role in the organization. It does not state what records she reviewed. DE 1, PageID #: 25, 26.

This statement was prepared and sent to Judge Woodruff by Defendant McLendon. Reguli was indicted on August 8, 2022. DE 1, PageID #: 21-22.

Reguli did not receive the April 29, 2022 Woodruff letter or the May 11, 2022 Layton affidavit until she received the discovery from the State of Tennessee in October 2022. DE 1, PageID #: 24-25.

On December 2, 2022, Judge Woodruff entered (and Reguli received) an order in which he describes the circumstances and intent of his April 29, 2022 letter. He justifies his ex parte communication by stating that he had already entered his final order and admits that Emily

Layton was not a witness in the public records case. He also admits that he sent the letter to McLendon because he had knowledge outside of the public records case, that McLendon had represented CASA. Although he does not use the word "investigation", he admits that "*it is certainly true that I undertook to determine whether Ms. Reguli had committed perjury in my presence…I did so only after I had entered a final judgment…*" Woodruff also concludes that Reguli gave false testimony in his court based solely on the May 11, 2022 Layton affidavit. DE 1, PageID #: 27. **EXHIBIT 4.**

During the course of the criminal trial, the statements made by Layton, the State prosecutor threatened to obtain banking records of Plaintiff Reguli and Defendant CASA. He did not. He had no other evidence. DE 1, PageID #: 28-29.

Plaintiff Reguli issued a subpoena to CASA to produce the "regularly maintained business records" reviewed by Defendant Layton prior to executing her sworn statement. Plaintiff Reguli also asked for the ledger of miscellaneous income received by CASA from 2014 to 2022. DE 1, PageID #: 29-30.

CASA, using the same attorney representing them in this action (Attorney Michael Stephens), sought to quash the subpoena, but that request was denied. DE 1, PageID #: 30. Judge Morgan ordered CASA to produce records. Id. CASA submitted a response that included a statement from Layton that she "did not recall what documents, if any" that she reviewed in preparation of the statement. She produced no documents in response. CASA also produced eight pages of illegible entries as miscellaneous income totaling over one hundred thousand dollars. **EXHIBIT 5.** DE 1, PageID #: 30-31.

Prosecutor John Stephens nolle'd the criminal case. **EXHIBIT 6.** The State of Tennessee had to prove a negative, "Reguli did not pay", to make a case for aggravated perjury.

Plaintiff Reguli had to prove nothing. It was clear that these records would work against the State. DE 1, PageID #: 32.

In addition, publicly available tax returns of the IRS 501(c)(3) organization Williamson County CASA, Inc. that was executed by Emily Layton in 2020 shows a mere $126 (one hundred twenty-six dollars) in accounts receivable (see Part X). **EXHIBIT 7.**

In discovery in this case, Layton stated that she may have reviewed the "Network for Good" records and her attorney produced a three-page document. This record appears to be fabricated. The record shows: "Ms. Connie Reguli" with an address of "1620 Westgate Circle, Ste 150, Brentwood, TN 3027," an address Reguli has not used since 2010. **EXHIBIT 8.** See Declaration of Plaintiff. The record produced says "$0" donations, however, this donor platform requires entering a person's contact information. In discovery, CASA produced administrative procedures that showed that a CASA employee has to have a password to enter the Network for Good platform and has to enter contact information. **EXHIBIT 9.** Plaintiff Reguli did not enter her information into the Network for Good platform. The only explanation is that Layton or other CASA personnel entered Reguli into their system, albeit with an old address to give the appearance that a record had been reviewed.

Defendant McLendon now claims that he sent the Layton May 11, 2022 affidavit and a cover letter to Plaintiff Reguli in 2022. He has no proof and his claim defies his responsibilities as an attorney.

Now in 2026, four years later, Defendant McLendon presents a sworn statement to state that he mailed a letter to Plaintiff Reguli in May 2022. DE 166-2. Plaintiff denied this in her response to his discovery request. DE 166-3. See Declaration of Plaintiff. McLendon does not answer, and completely ignores the requirements under Tennessee Rules of Civil Procedure, i.e.,

why there is no indicia that he prepared the statement or that he is representing Layton and/or CASA, no certificate of services, no filing with the clerk, no clerk stamp, and why is was never made part of the record.

## II. ARGUMENT

As a matter of law, the Motion to strike is improper and not warranted.

Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). A response brief is not a "pleading" as defined under Rule 7(a) and is not subject to a motion to strike under Rule 12(f). *Lopez v. Trans Union LLC*, No. 25-cv-12733, 2025 U.S. Dist. LEXIS 205421, at *3 (E.D. Mich. Oct. 17, 2025)

Therefore, Plaintiff's response to McLendon's filing is not subject to "striking" under Fed. R. Civ. P. 12(f). This is the authority upon which Defendant McLendon rests his argument. See DE 166, PageID #: 1653.

Further, the Sixth Circuit has cautioned against motions to strike however, calling them "a drastic remedy to be resorted to only when required for the purposes of justice." "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Such precedent has led to the general discouragement of these motions. *E.g., Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002); *Grace v. Ross Dress for Less*, No. 5:19-CV-199-TBR, 2020 U.S. Dist. LEXIS 23454, at *2-3 (W.D. Ky. Feb. 10, 2020) (internal citations omitted).

### A. DEFENDANT MCLENDON'S FIRST CLAIM SHOULD BE DENIED.

Defendant McLendon argued that Plaintiff put a statement in her response (DE 162 - filed August 24, 2026) to McLendon's Motion (DE 152 - filed August 8, 2026) that should be

stricken. The statement verbatim reads: See DE 162, PageID #: 1628-29.

> As to the general comments of Defendant McLendon criticizing Reguli's claim of harassment, or Reguli's lack of trust in McLendon, or McLendon's good standing with the bar, (See DE 152, PageID #: 1456, 1457), it is undisputed, at this point, that McLendon had ex parte communication with a judge for the purpose of fabricating probable cause of a crime against Reguli[1]. *[NOTICE THE FOOTNOTE REFERENCE]* Plaintiff is aware of another action filed against McLendon in the Central District of California, United States District Court, Case 2:25-cv-04915-DSF-SSC, *Dos Amicas LLC, Plaintiff v. Katie O. Spirko and Dana Crosland McLendon,First Amended Complaint, DE 25, filed August 5, 2026,* where Defendant McLendon is alleged to have breached his contract and engaged in interference with contractual relations with Plaintiff's former client, Natasha Pavlovich. Ironically, McLendon represented Ms. Pavlovich's former partner in a custody dispute against Ms. Pavlovich.

Although Defendant McLendon quoted the paragraph correctly, he failed to include the **footnote** which is included herein. The footnote says: "*At this point, neither Layton nor McLendon have denied receiving the April 29, 2022 ex parte letter from Judge Woodruff.*"

No where in his Motion does he address the footnote. He claims that because he disputes that he communicated ex parte that Plaintiff has "mischaracterized court holding" and should be sanctioned.

Plaintiff's reference to the **undisputed ex parte communication** is clearly the April 29, 2022 Judge Woodruff. Although Plaintiff Reguli denies that Defendant McLendon sent the

---

[1] **At this point, neither Layton nor McLendon have denied receiving the April 29, 2022 ex parte letter from Judge Woodruff.**

Layton statement to Reguli by first class mail, McLendon's assertion that he did mail it does not cure the fact that there was undisputed ex parte communication when McLendon received and reviewed Woodruff's April 29, 2022 letter for a response.

His second argument is that he disputes "for the purpose of fabricating probable cause of a crime against Reguli." See DE 166, PageID #: 1648. Defendant McLendon states that he has disputed this for fifteen months. Id.

One needs only look at Judge Woodruff's April 29, 2022 letter. Woodruff was investigating the truthfulness of Plaintiff's testimony. The sworn statement prepared by Defendant McLendon (executed by Layton) provided Judge Woodruff that statement needed to cause Plaintiff to be arrested.

Then in Judge Woodruff's December 2, 2022 order, he admits that he was investigating perjury and selected McLendon because he knew that McLendon had represented CASA in a separate proceeding. Woodruff even concludes, based solely on the May 11, 2022 Layton statement (prepared by McLendon) that Plaintiff made a false statement.

Defendant McLendon machinates in his own mind today on *his* intent (or lack of intent) in engaging in the secret investigation initiated by Woodruff. The documents support the intent to investigate and prosecute Reguli. McLendon states in his motion that he had denied having this intent, but he has failed to provide any other logical reason for his failure to act within the expected conduct of attorneys.

Defendant McLendon gives no explanation as to why he ignored Tennessee Rules of Civil Procedure, more specifically:

> **5.02** which requires service on other persons and attorneys. Advisory Commission Comment [2005] clarifies that Rule 5 requires service of pleadings filed

subsequent to the original complaint, orders, written motions, discovery papers, and other papers, upon each of the parties. Exceptions are made with respect to motions which may be heard ex parte (Rule 5.01), and with respect to pleadings filed by various defendants when the court orders that, because of numerous defendants, pleadings need not be served as between defendants (Rule 5.04). **The Rule spells out the details of how service shall be made, and provides that proof of service is accomplished by certificate of a member of the bar, or by affidavit of the person serving the copy, or by other proof satisfactory to the court.** The details set out in the Rule are designed to give every reasonable assurance that a copy of the pertinent papers in the suit actually reach adversary parties through their counsel or directly.

**5.06** which requires the filing of pleadings with the clerk of the court, unless otherwise directed by the judge.

And it is likely the Defendant McLendon is aware of Tennessee Rules of the Supreme Court, Rule 10, Sec. 2.0, where in the canons of judicial ethics which prohibits judicial ex parte communication. He advanced no explanation as to why he did not notify Plaintiff Reguli that he had received Woodruff's letter ex parte. Arguably, Defendant McLendon did not comply with Tennessee Rules of the Supreme Court, Rule 8, RPC 3.5 which prohibits ex parte communication with the Court. Tenn. Civ. Proc. Rule 11 (a) provides that **every** pleading, written motion, and **other paper** shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. McLendon neither identified himself as the preparer of the Layton sworn statement nor signed his name as required under Rule 11.

Defendant McLendon can continue to persist that he "mailed" a letter and the May 11, 2022 Layton statement to Plaintiff Reguli, but his total disregard for the rules that protect litigants and attorneys from ambush in secret agendas were ignored discounting his persistence today that he mailed a letter to Plaintiff.

Defendant McLendon is, of course, free to dispute the statement that the communication was "for the purpose of fabricating probable cause of a crime against Reguli" However, no other reasonable explanation has been given for even responding to Woodruff's April 29, 2022 letter.

In the remainder of his argument, he does not address the footnote which identifies the April 29, 2022 letter as the "undisputed" ex parte communication. In fact, he does not address Judge Woodruff's letter at all.

Plaintiff denies "mischaracterizing a court holding" as charged by Defendant McLendon. And his motion to strike on this basis should be denied.

**B. DEFENDANT MCLENDON'S SECOND CLAIM SHOULD BE DENIED.**

Defendant McLendon asks this Court to strike a reference to Defendant McLendon's involvement in another case with a past client of Plaintiff. His main objection is that the case was "dismissed in its entirety before Plaintiff's DE 162 was filed".

Defendant McLendon made this statement in DE 152[2]. "Plaintiff's claim that McLendon 'cannot be trusted with' the information is hardly worthy of a response. McLendon is a member of the bar in good standing and admitted to this Court since 1993." DE 152, PageID #: 1457.

---

[2] DE 152 (PageID #: 1445-149) filed August 8, 2026 is titled "Defendant McLendon's Response in Opposition to Plaintiff's Objections (DE 143) and Motion to Stay (DE 148), and Motion and Memorandum of Law for Remedies for Defiance of Court Orders. This document is arguably contrary to the Fed. R. Civ. Proc. 7(b) which provides for the filing of motions, and Local Rules 7.01 describing the filing of Motions and Responses separately. Also filing a "Response" and a "Motion" simultaneously in the same documents is prejudicial to the Plaintiff in that Plaintiff has different filing requirements for "Responses" and "Replies". The plaintiff raised this objection in DE 162.

This statement invited a response from the Plaintiff and her knowledge of Defendant McLendon. This statement was a challenge to **Plaintiff's "trust" in Defendant McLendon. Plaintiff's personal opinion and knowledge of McLendon's involvement in other litigation is relevant.** Plaintiff did not accuse McLendon of being guilty of the claims in the California case, but Plaintiff's knowledge of those claims and the persons involved is relevant to Plaintiff's "trust" in McLendon. Defendant McLendon invited comment on Plaintiff's personal opinion in his motion.

The actions taken in *Dos Amicas LLC v. Katie Osborn Spirko and Dana Crosland McLendon*, Case 2:26-cv-4915-DSF-SSC, United States District Court of California was a non-suit without prejudice under Federal Rules of Civil Procedure 41(a)(1). A judgment "on the merits" typically means that dismissal of the claim in a prior proceeding was "with prejudice." *Cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) (explaining that, under Fed. R. Civ. P. 41, the term "with prejudice" implies an intention to decide on the merits). When a claim is dismissed "without prejudice," in contrast, that dismissal implies "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Id. Holman v. Ballard*, No. 2:25-cv-154, 2026 U.S. Dist. LEXIS 153524, at *4-5 (W.D. Mich. July 10, 2026)

Therefore, there has been no adjudication and those conflict issues are yet unresolved.

This case is swarming with cross-connections of the Defendants as described in Plaintiff's 68-page Complaint. DE 1, PageID #: 4, 6, 9, 10, 18, 24, and 41-50. Plaintiff restated these again in her Response in opposition to the motion to review the Magistrate Judge's order compelling Judge Woodruff to testify. DE 167, PageID #: 1772-75. Plaintiff incorporates the same here.

Defendant McLendon invited commentary on Plaintiff's personal opinions that would cause her to distrust him. Therefore, this argument is without merit and should be denied.

## IV. CONCLUSION

Defendant McLendon states, "Apparently this 'but what about' allusion to some other lawsuit somewhere else is supposed to simultaneously rehabilitate Ms. Reguli's position, discredit McLendon, and distract[3] this Court from the issues at hand." DE 166, PageID #: 1651.

Defendant McLendon is correct to say that there has been a distraction from the issues. The "issue" in this case is the actions of the defendants that lead to the malicious prosecution of Reguli: The secret investigation, ex parte communications, false and misleading sworn statements, sworn affidavits without support facts, conclusory opinions about Plaintiff, and attempts to withhold evidence. This case is about what Defendants Dana McLendon and Emily Layton did in 2022.

"Reguli's position" is that the actions of McLendon and Layton in 2022 were to create a false and misleading sworn statement to cause Reguli to be unlawfully and maliciously prosecuted. Along the way, those allegations may "discredit McLendon" along with his complete failure to comply with the Tenn. Rules of Civil Procedure and then attempted to rehabilitate himself with his 2026 sworn statement that he mailed a letter in 2022.

This motion's only purpose was to cause a "distraction" from the issues before this Court and should be denied.

This is September 8, 2026.

---

[3] Defendant McLendon's filing of *Reguli v. Board of Professional Responsibility*, M2024-153-SC-R3-BP, July 20 2026 is nothing but a distraction and has nothing to do with this case. As to his comments regarding Ms. Pavlovich (DE 166, PageID #: 1651), again irrelevant to this proceeding, she had a First Amendment right to criticize the government and petition the government for redress. Attorneys limited and restricted First Amendment Rights in Tennessee.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

Certificate of Service

The undersigned certifies that the foregoing was served on September 8, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

______________________________