ELECTRONICALLY FILED
2022 Dec 02 11 25 AM - 22CV-51293
Williamson County, Clerk & Master

IN THE CHANCERY COURT FOR THE 21ST JUDICIAL DISTRICT
AT WILLIAMSON COUNTY, TENNESSEE

RE: PUBLIC RECORD REQUEST ON WILLIAMSON COUNTY

| | | |
|---|---|---|
| CONNIE REGULI,<br>Petitioner, | ) | |
| V. | ) | No. 22CV-51293 |
| ROGERS ANDERSON, MAYOR<br>OF WILLIAMSON COUNTY, TN.,<br>Respondent. | ) | |

# ORDER

This public records act case has come before the Court upon Connie Reguli's motion pursuant to Tennessee Supreme Court Rule 10B filed December 1, 2022, seeking the disqualification of the undersigned from this case (the "Rule 10B Motion"). This filing was contemporaneous with the filing of *Petitioner's Motion to Supplement the Record on Appeal.*

On November 8, 2022, in Circuit Case No. 22CV-541, *In Re Connie Reguli,* an action filed by Connie Reguli seeking judicial review of certain actions taken by the Board of Professional Responsibility recommending that Ms. Reguli be disbarred from the practice of law in Tennessee, the Undersigned entered an Order stating in relevant part: "Pursuant to Tennessee Supreme Court Rule 10, RJC 2.11, the Undersigned is disqualified from serving as a judge *over any matter involving Connie Reguli as a party.*" (emphasis added).[1] This November 8, 2022 Order was served on Ms. Reguli by the Circuit Clerk on November 9, 2022. Therefore, Ms. Reguli has actual

EXHIBIT
4

[1] Case No. 22CV-541 had been randomly assigned to me by the Circuit Clerk's office shortly after
came to my attention on or about November 8, 2022, when it was sent to me by the Clerk's offi
request for issuance of a writ of certiorari.

knowledge that, as of November 8, 2022, I had concluded that I could no longer serve as a judge *over any matter* in which she was a party.

The Rule 10B Motion fails to include this fact. Instead, Ms. Reguli has stuffed her motion with irrelevant documents filed in the Tennessee Court of Criminal Appeals and *ad hominem* attacks on myself, Dana McLendon, a practicing lawyer in good standing, and a third-party who happens to be my adult son and who chose to express a critical opinion of Ms. Reguli while she was a candidate for juvenile court judge in the April 2022 Republican Primary.[2]

The November 8, 2022 Order was entered in a case Ms. Reguli filed in Circuit Court. Nevertheless, I have previously recused myself from further participation as a judge in any case in which Ms. Reguli is a party. Therefore, the Rule 10B Motion is moot. Nevertheless, for completeness of the record, I shall enter this Order confirming my recusal in this specific case.

Turning to the substance of Ms. Reguli's *ad hominem* attacks, and so that the Court of Appeals has a fuller appreciation of the facts than it could get from Ms. Reguli's filings, I offer the following observations:

- Ms. Reguli writes that I "launched [my] own extrajudicial personal investigation with an *ex parte* letter to a witness." It is certainly true that I undertook to determine whether Ms. Reguli had committed aggravated perjury in my presence during the hearing on April 26, 2022. I did so only after I had entered a final judgment order in this case and obtained a transcript of the April 26, 2022 proceeding. The person to whom I wrote, Ms. Layton, the executive director of CASA, was not a witness at any time in this case.

[2] My son's opinion of Ms. Reguli's qualifications as a candidate was part of the basis of an earlier Rule 10B motion Ms. Reguli filed. That motion was without merit and therefore denied. Ms. Reguli did not seek expedited appellate review.

- Ms. Reguli notes correctly that I copied Mr. McLendon with my letter to Ms Layton. From this fact, Ms. Reguli leaps to the conclusion that some sort of nefarious conspiracy exists between myself and Mr. McLendon. Like most of Ms. Reguli's inferential leaps, her landing zone has no foundation. I copied Mr. McLendon because I knew he represented CASA. Specifically, I knew that he represented CASA in connection with a Board of Professional Responsibility ("BPR") disciplinary hearing in which Ms. Reguli was the respondent. One of the misconduct charges in that case was based upon the same facts that gave rise to me imposing Rule 11 sanctions against Ms. Reguli in December 2014. One of the sanctions I imposed, which was affirmed by the Court of Appeals,[3] was for Ms. Reguli to reimburse CASA for its reasonable attorney fees. Because Mr. McLendon had represented CASA in the BPR proceeding, I reasonably believed he should be put on notice that I was seeking information from his client.
- Mr. McLendon may very well have advised his client in connection with its response to my letter. It would have been prudent and reasonable for CASA to have asked Mr. McLendon for advice and counsel. I have no personal knowledge one way or the other.
- On May 16, 2022, after I received Ms. Layton's response to my letter, I referred the matter to the District Attorney General for investigation and whatever action she deemed appropriate. I also copied the Chief Disciplinary Counsel of the Board of Professional Responsibility.
- The Williamson County Grand Jury subsequently returned an indictment against Ms. Reguli for one count of aggravated perjury.

[3] *In re Carolina M.*, M2014-02133-COA-R3-JV, 2016 WL 6427853 (Tenn. Ct. App. Oct. 28, 2016).

- The fact that on April 26, 2022, Ms. Reguli deliberately testified falsely on a material matter, in a proceeding over which I was presiding, did not improperly influence me in any decision or action I have taken as a judge in this or any other case involving Ms. Reguli.[4]
- Once the Grand Jury indicted Ms. Reguli, I concluded it was appropriate for me to recuse myself generally from any cases in which she is a party.
- It is worth observing that nowhere in the Rule 10B Motion or in her motion to supplement the appellate record does Ms. Reguli assert that she has been *falsely* accused of perjury; that Ms. Layton's affidavit is incorrect and she in fact paid the December 2014 Rule 11 sanctions; or that the Rule 11 sanctions imposed on April 26, 2022, were based upon any outside information.

A party or lawyer may not engage in misconduct in the course of litigation, and then rely upon that same misconduct as grounds for recusal.[5]

For the foregoing reasons, the Rule 10B Motion is hereby denied as moot.

In accordance with the Court's order entered November 8, 2022, in case 22CV-541, the Undersigned hereby affirms that he is disqualified from taking any action as a judge in this *or any other case* in which Ms. Reguli is a party.

---

[4] As my order of April 26, 2022, makes clear, I accepted Ms. Reguli's testimony as being true and made my decision accordingly. I relied on her testimony that was *subsequently* shown to have been false. Once I learned that she had lied under oath on a material matter, I referred it to the District Attorney and to the Board of Professional Responsibility. I believe this is the proper course of action.

[5] *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *5 (Tenn. Ct. App. Feb. 11, 2014) ("A judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case.") (internal citations omitted); *Cain-Swope v. Swope*, 523 S.W.3d 79, 89 (Tenn. Ct. App. 2016) ("[A]n opinion formed on the basis of what a judge properly learns during judicial proceedings, and comments that reveal that opinion, are not disqualifying unless they are so extreme that they reflect an utter incapacity to be fair."); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) ("A trial judge's adverse rulings are not usually sufficient to establish bias.").

This case is hereby referred to Hon. Michael W. Binkley, Presiding Judge of the 21st Judicial District for reassignment or interchange.

IT IS SO ORDERED THIS 2nd DAY OF DECEMBER, 2022.

JOSEPH A. WOODRUFF, Chancellor

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Order as entered by the Court has been forwarded postage prepaid, and/or emailed, and/or faxed, to:

( ) Electronic Mail
( ) U.S. Mail
( ) Facsimile
( ) Hand-delivery

Connie Reguli
1646 Westgate Circle, Ste. 101
Brentwood, TN 37027

Jeffrey Moseley
Buerger, Moseley, & Carson, PLC
306 Public Square
Franklin, TN 37064

This the 2nd day of December, 2022.

CLERK

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| v. | ) | No. W-CR220457 |
| | ) | |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |
| | ) | |

**NOTICE OF COMPLIANCE WITH MAY 5, 2023 ORDER ON WILLIAMSON COUNTY CASA'S MOTION TO QUASH**

Williamson County Court Appointed Special Advocates ("CASA") provides notice of its compliance with the Court's May 5, 2023, Order on Williamson County CASA's Motion to Quash ("Order"), and simultaneous with the filing of this Notice, has produced responsive documents to the Office of the Circuit Court Clerk of Williamson County.

More specifically, CASA provides the below responses to the requests found in Paragraph 14 of the Order:

PART A

1. All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

> **RESPONSE:** Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA.

PART B

1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;



Case 3:24-cv-00694 Document 172-5 Filed 09/08/26 Page 7 of 12 PageID #: 2032

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request.

3. STRICKEN;

4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and

**RESPONSE**: See CASA0001-CASA0012.

6. All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

Respectfully submitted,

*/s/ Mike Stephens*
Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 5th day of June, 2023

*/s/ Mike Stephens*
Mike Stephens

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| v. | ) | No. W-CR220457 |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |

---

**NOTICE OF COMPLIANCE WITH MAY 5, 2023 ORDER ON WILLIAMSON COUNTY CASA'S MOTION TO QUASH**

---

Williamson County Court Appointed Special Advocates ("CASA") provides notice of its compliance with the Court's May 5, 2023, Order on Williamson County CASA's Motion to Quash ("Order"), and simultaneous with the filing of this Notice, has produced responsive documents to the Office of the Circuit Court Clerk of Williamson County.

More specifically, CASA provides the below responses to the requests found in Paragraph 14 of the Order:

PART A

1. All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

> **RESPONSE:** Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA.

PART B

1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;



Case 3:24-cv-00694 Document 172-5 Filed 09/08/26 Page 10 of 12 PageID #: 2035

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request.

3. STRICKEN;

4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and

**RESPONSE**: See CASA0001-CASA0012.

6. All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

Respectfully submitted,

*/s/ Mike Stephens*

Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 5th day of June, 2023

*/s/ Mike Stephens*
Mike Stephens