# EXHIBIT 1

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| v. | ) | No. W-CR220457 |
| | ) | |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |
| | ) | |

---

**ORDER GRANTING WILLIAMSON COUNTY CASA'S MOTION TO QUASH FIRST SUBPOENA AND DENYING MOTION TO QUASH SECOND SUBPOENA**

---

This action came before the Court, the Hon. Roy B. Morgan, Jr. presiding, on April 26, 2023. The Court considered two motions: Williamson County Court Appointed Special Advocates' ("CASA") Motion to Quash a subpoena from the Defendant issued on March 2, 2023, (the "First Motion"), and a Motion to Quash a second subpoena from the Defendant issued on April 12, 2023, (the "Second Motion"). The Court, having heard the arguments of the undersigned, considered their submissions and the entire record before it, and being otherwise sufficiently advised, GRANTS the First Motion and DENIES the Second Motion for the reasons specified below:

1. On March 2, 2023, the Defendant caused a subpoena to be issued seeking six categories of documents from CASA (the "First Subpoena"). The First Subpoena sought six categories of documents to be produced to Defendant on April 3, 2023. Yet, Rule 17 of the Rules of Criminal Procedure require the designated items be "produced *in court* before trial . . . ." (emphasis added). Because of this apparent procedural defect with the First Subpoena, Defendant

(emphasis added). Because of this apparent procedural defect with the First Subpoena, Defendant caused a second subpoena seeking documents from CASA to be issued on April 12, 2023 (the "Second Subpoena"). The Second Subpoena commanded the production of documents to the Court.

2. During the April 26, 2023 hearing, CASA and Defendant agreed the Second Subpoena corrected the procedural defect with the First Subpoena and that compliance with the First Subpoena was mooted in light of the Second Subpoena. Therefore, the Court **GRANTS** CASA's First Motion and **ORDERS** the First Subpoena quashed.

3. The Second Subpoena restated the same six requests for documents from the First Subpoena with minor variations in the temporal scope of some of the requests. The Second Subpoena also added an additional request.

4. Specifically, the Second Subpoena requests:

PART A

All of CASA's regularly maintained business records from November 2014 through May 11, 2022 including but **not limited to** all documents reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 through May 11, 2022.
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022.
(3) Proof of payment for legal services to Raquel Abel from June 1, 2014 through December 31, 2016.
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022.
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring accounting and depositing; and
(6) All logs for income or payments received from August 2014 until May 11, 2022.

(emphasis in original).

5. CASA argues that the Second Subpoena should be quashed because compliance with the Second Subpoena would be "unreasonable or oppressive." Tenn. R. Crim. P. 17 (d)(2). Specifically, CASA argues that Defendant has failed to satisfy the burden articulated from *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974) which requires the proponent of a subpoena to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

6. CASA also argues that the requests are overly broad and the burden of producing the documents outweighs the documents' relevance to the case.

7. In response, Defendant argues that the requests in the Second Subpoena meet all of the requirements from *Nixon* and are not overly broad or unduly burdensome. Specifically, Defendant argues that the May 11, 2022 Affidavit of Emily Layton makes the requests in the Second Subpoena relevant given Ms. Layton's statement that "Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason."

8. "The decision whether to enforce a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *State v. Johnson*, 538 S.W.3d 32, 60 (Tenn. Crim. App. 2017).

9. During the April 26, 2023, hearing, Defendant agreed to strike Part B, Request 3 seeking proof of payment for legal services Raquel Abel. Therefore, the Court orders Part B, Request 3 **STRICKEN**.

10. The Court agrees with Defendant and finds the remaining requests from the Second Subpoena satisfy all of the requirements of *Nixon*, and requiring CASA to comply with the Second Subpoena would not impose an undue burden. Specifically, the Court finds the May 11, 2022 Affidavit of Emily Layton makes the remaining requests from the Second Subpoena relevant; the requests seeks documents that are not otherwise procurable by Defendant; Defendant cannot properly prepare for trial, and could not properly cross-examine Ms. Layton, without production of the documents in advance of trial; and that due to the Affidavit of Emily Layton, these requests are made in good faith and are not intended as a general fishing expedition.

11. Consequently, CASA's Second Motion is hereby **DENIED**.

12. However, the Court finds that several of the requests from the Second Subpoena are overly broad in their current form and must be limited in scope. Specifically, Part A is overly broad to the extent it seeks "all of CASA's regularly maintained business records," and instead should be limited to only CASA's regularly maintained business records received and reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

13. Similarly, Part B Requests Four and Six are overly broad because they seek accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022 (Request Four), and all logs for income or payments received from August 2014 until May 11, 2022 (Request Six), neither of which are limited to the relevant issue in this case: a payment from the Defendant to CASA.

14. To avoid confusion and provide clarity to CASA and Defendant, the Court restates the requests from the Second Subpoena as modified consistent with this ruling:

PART A

All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022;
(3) STRICKEN;
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and
(6) All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

15. Based on the foregoing, CASA is hereby **ORDERED** to produce any documents responsive to the foregoing requests found in Paragraph 14 of this Order to the Office of the Circuit Court Clerk of Williamson County within thirty (30) days of entry of this Order.

16. CASA is further **ORDERED** to notify the State and Defendant of compliance with this Order by filing a Notice of Compliance on the date of such compliance.

17. All other matters are reserved.

It is so **ORDERED**

Entered this the 5th day of MAY, 2023.

Roy B. Morgan Jr.

ROY B. MORGAN, JR.
CIRCUIT COURT JUDGE

APPROVED FOR ENTRY:

*/s/ Mike Stephens*
Mike J. Stephens (No. 36949)
Savannah Kolodziej (No. 37737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2303
mstephens@bradley.com
skolodziej@bradley.com
*Attorneys for Williamson County Court Appointed Special Advocates*

*/s/ Connie Reguli*
Connie Reguli
Defendant Pro Se
1646 Westgate Cir. Ste 101
Brentwood, TN 37027
Email to: creguli.legal@gmail.com

*/s/ John A. Stephens*
John A. Stephens
Assistant District Attorney
200 Commerce Street, Suite A
Clarksville, TN 37040
(931) 648-5574
jastephens@tndagc.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 4th day of May, 2023

*/s/ Mike Stephens*
Mike Stephens