IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-cv-00694<br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans<br>JURY DEMAND |

**DEFENDANT DANA C. McLENDON III'S RESPONSE TO FORMER DEFENDANT JUDGE WOODRUFF'S MOTION FOR REVIEW OF NONDISPOSITIVE ORDER (D.E. 158) AND MOTION TO STAY (D.E. 159)**

Defendant Dana C. McLendon III ("McLendon"), pro se, responds in opposition to former Defendant Judge Joseph A. Woodruff's Motion for Review of Nondispositive Order, D.E. 158, and his Motion to Stay, D.E. 159. Both motions are supported by a single Memorandum of Law, D.E. 160. McLendon files this Response together with the accompanying Memorandum of Law, and adopts and incorporates his Response in Opposition to the Motion to Quash, D.E. 151, without repeating it.

The Magistrate Judge's Order, D.E. 155, permits one deposition of Judge Woodruff, taken by all parties at once, confined to the factual knowledge he possesses regarding his communications with McLendon, Layton, and the late District Attorney General Helper, and expressly forbidding any inquiry into his mental processes. That is a measured ruling. The Court may set it aside only if it is "clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Order is neither.

1. Judge Woodruff was dismissed on judicial immunity, but every claim that remains rests on Plaintiff's allegation that he and the remaining Defendants acted in a conspiracy. The Supreme Court addressed this configuration in *Dennis v. Sparks*, 449 U.S. 24 (1980), and observed that a judge who was released as a party with immunity had no constitutionally based privilege against testifying about his judicial conduct in third-party litigation. *Id.* at 30. The Court noted:

> But there is no similar constitutionally based privilege immunizing judges from being required to testify about their judicial conduct in third-party litigation. Nor has any demonstration been made that historically the doctrine of judicial immunity not only protected the judge from liability but also excused him from responding as a witness when his co-conspirators are sued.

*Id.* The Court added that "judicial immunity was not designed to insulate the judiciary from all aspects of public accountability," and that it was not "aware of any rule generally exempting a judge from the normal obligation to respond as a witness when he has information material to a criminal or civil proceeding." *Id.* at 31.

2. D.E. 160 argues that communications between Judge Woodruff and General Helper are "irrelevant as neither are parties in this litigation." D.E. 160 at 14 n.1. Party status is not the test of relevance. The existence or absence of an agreement is an element of the claims against the Defendants who remain, and Judge Woodruff's statements are relevant to those issues.

3. McLendon seeks this testimony to prove his own defense. He expects Judge Woodruff to testify that Judge Woodruff asked him to determine whether the 2014 CASA sanction had been paid and then asked him to prepare an affidavit for Layton's signature. The only other participant in those conversations is McLendon, and this process deserves better than for McLendon to be left with what will be called "self-serving" statements.

4. If the Court stays the deposition of Judge Woodruff pending its ruling on the Motion for Reconsideration, the stay should provide that the deposition may be taken after the October

16, 2026 close of fact discovery if necessary, as Layton and CASA request, D.E. 176, and should make no other change to the scheduling order.

McLendon respectfully requests that the Court deny the Motion for Review, D.E. 158, and deny the Motion to Stay, D.E. 159, with the qualification stated above. In the alternative, and rather than set the Order aside, McLendon requests that the Court modify the Order to confirm the scope of permissible examination and to direct that the deposition proceed before, or under the live supervision of, the Magistrate Judge on the conditions McLendon proposed in D.E. 151 § 2.7. That procedure now has the support of every Defendant and of Judge Woodruff himself (as an alternative): Layton and CASA ask that if the Order is modified at all, "it should only do so to adopt the procedures recommended by McLendon," D.E. 175 at PageID# 2089, and Judge Woodruff asks in the alternative that the Order "be modified to incorporate deposition protocols consistent with McLendon's proposal," D.E. 158 at PageID# 1586; *see* D.E. 160 at 16. Only Plaintiff opposes it. D.E. 167 at PageID# 1788–89.

Respectfully submitted,

*<u>/s/ Dana C. McLendon III</u>*
Dana C. McLendon III (#16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195
dana@danamclendonlaw.com
Defendant, Pro Se

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing was served on September 8, 2026 by the Court's CM/ECF system upon all counsel of record and by U.S. mail upon Connie Reguli, 8009 Shelly Plum Drive, Murfreesboro TN 37128, Plaintiff pro se.

<u>/s/ Dana C. McLendon III</u>
Dana C. McLendon III