**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS EMILY LAYTON'S AND WILLIAMSON COUNTY CASA, INC.'S**
**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Reguli's response (Dkt. 169) confirms that good cause exists and that Layton and CASA's proposed protective order (Dkt. 157-1) is necessary. In opposition, Reguli relies on abrogated case law, misstates the record, and reveals her intent to use pre-trial discovery to obtain irrelevant information solely for the purpose of public disclosure. The Court should grant the Motion and enter Layton and CASA's proposed protective order.

## I. Reguli relies on a since-rejected standard and irrelevant case law.

Reguli's entire argument is premised on "requirements of Sixth Circuit law" that have not been in place for over forty years or are otherwise inapplicable here. Dkt. 169 at PageID #1877–79. Most of Reguli's response purporting to address "requirements of Sixth Circuit law" is cribbed, near verbatim, from three cases without appropriate quotation or attribution: *Krause*, *In re Upjohn*, and *CBS*. *Compare* Dkt. 169 at PageID #1876–77 *with Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982); Dkt. 169 at PageID #1878 *with In re Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 81 F.R.D. 482, 485–86 (E.D. Mich. 1979); Dkt. 169 at PageID #1878–79 *with CBS Inc. v. Young*, 522 F.2d 234, 239 (6th Cir. 1975). Reguli copies from *Krause* and *Upjohn* for the proposition that the Sixth Circuit evaluates protective orders based on satisfying three criteria: (1) the harm posed

by dissemination must be substantial and serious, (2) the restraining order must be narrowly drawn and precise, and (3) there must be no alternative means of protecting the public interest which intrudes less directly on expression. Dkt. 169 at PageID #1876–78.

But Reguli fails to mention that the Supreme Court expressly rejected this standard from *In re Halkin* in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 28–29, 33–37 (1984). There, the Supreme Court held that a protective order restricting the dissemination of pre-trial discovery materials may be entered "on a showing of good cause as required by Rule 26(c)," and so long as it "does not restrict the dissemination of the information [] gained from other sources, it does not offend the First Amendment." *Id.* at 37. Reguli's reliance on *Krause* and *Upjohn* thus misses the mark.

So too does her transcription of portions from *CBS Inc. v. Young*. There, the Sixth Circuit was reviewing the propriety of a trial court's entry of a blanket gag order forbidding trial participants from discussing the case at all. 522 F.2d 234, 236, 238–39 (6th Cir. 1975). But nothing within Layton and CASA's proposed protective order prohibits Reguli from discussing this case; it merely restricts Reguli from disclosing Layton or CASA's confidential information, or violating non-party donors' privacy rights, through information Reguli learns in pre-trial discovery. And it applies to all parties equally.

Reguli does little to grapple with the appropriate standard for obtaining a protective order to govern pre-trial exchanges between the parties, which requires a demonstration of "good cause" by showing it will experience "specific prejudice or harm" without a protective order. Fed. R. Civ. P. 26(c); *Olmstead v. Fentress Cnty.*, No. 2:16-cv-00046, 2018 WL 6198428, at *3 (M.D. Tenn. Nov. 28, 2018) (internal quotation omitted). As discussed below, Reguli now concedes that good cause is present here and Layton and CASA's proposed protective order is appropriate for entry.

## II. Reguli concedes good cause, and her other arguments lack merit.

Despite previously claiming that Layton and CASA's proposed protective order "is not acceptable at any level," Reguli now agrees that CASA's donor information should be treated as confidential and CASA should be permitted to redact certain information prior to production. *See* Dkt. 157-7 at PageID #1577; Dkt. 169-3 at PageID #1891 (Plaintiff's newly proposed protective order recognizing CASA's ledger of income is confidential); Dkt. 169 at PageID #1874 (agreeing CASA can redact some information).

With good cause no longer in dispute, Reguli takes issue with certain terms of Layton and CASA's proposed protective order, namely that (1) it shifts the burden on the party seeking discovery to obtain court relief (which it does not), (2) it permits redacting too much information, even though she articulates no reason she would need the information to prosecute her case, and (3) it would somehow permit CASA to "block official records that will likely show thousands of dollars that fail to identify the source." *See generally* Dkt. 169.[1] Reguli then proposes her own protective order which gives her, and only her, unfettered authority to disclose Layton and CASA's confidential information to "such persons and entities that have a legitimate interest in public integrity." Dkt. 169-3 at PageID #1895. To support this unusual provision, Reguli concocts a new farcical conspiracy theory: CASA is "an asset acquiring organization" that "take[s] public funds under the auspices of sympathy for abused children while accumulating a war chest of publicly traded funds," which she believes is "a matter of public concern." Dkt. 169 at PageID #1879; Dkt.

[1] Perhaps recognizing that discovery has revealed that her claims lack a shred of factual support, Reguli fills her response with irrelevant accusations of "fabricated" documents and other spurious claims. *See* Dkt. 169 at PageID #1870–1876. Layton and CASA have not undertaken rebuttals of every irrelevant misstatement, but of course do not concede the merit of any of them.

169-3 at PageID #1895 (¶ 6). None of these points have merit, and instead, support entry of Layton and CASA's proposed protective order.

*First*, Layton and CASA's proposed protective order plainly provides that, in the event of a dispute between the parties regarding material being designated as confidential, "the ***designating*** party shall file a Motion for Protective Order." Dkt. 157-1 at PageID #1510–11 (¶¶ 5–7) (emphasis added). Reguli's argument that the proposed order shifts the burden to the receiving party is simply incorrect.

*Second*, Reguli criticizes the scope of redaction permitted by Layton and CASA's proposed protective order, but she fails to identify how any such redaction prejudices her ability to pursue her claims. Reguli has not, and cannot, articulate any reason why non-party names, addresses, telephone numbers, employer identification numbers, financial account and routing numbers, credit card numbers, social security numbers, dates of birth, or the names of any child or family served by CASA are relevant to her claims.[2] In fact, Reguli contradicts herself: she claims "[t]his is not about the names of the donors," but later argues first names should not be redacted because "the redaction of all information would deny Plaintiff the right to examine records that are necessary to cross-examine Defendant Emily Layton." Dkt. 169 at PageID #1874–75, 1877. But Reguli stops there and offers no explanation as to why she needs non-party information for cross-examination. The Court should permit the redaction of this information and enter Layton and CASA's proposed protective order.

[2] Not all of these categories of information are covered by Reguli's requests or the responsive documents identified by CASA to date. However, with discovery ongoing, Layton and CASA wish to avoid relitigating this issue and have included the categories of information they possess that could be disclosed in this action.

*Third*, Reguli has not identified a single record that Layton or CASA is "block[ing]" her from obtaining or explained how the protective order would allow them to do so. CASA has agreed to produce a ledger of all income received between August 1, 2014 and May 11, 2022, regardless of source, generated from its internal accounting software (QuickBooks). Reguli already has in her possession the unredacted entries from this record reflecting anonymous or otherwise unidentified sources of income. She has not contended that any of those entries reflects her supposed payment. The production of the additional entries will not change the equation because they show no payment from Reguli either, but CASA has nevertheless agreed to produce them—the opposite of "blocking" Reguli's discovery. *See* Dkt. 169-9. Nothing about the proposed protective order prevents Reguli from obtaining relevant information.

* * *

Layton and CASA seek a reasonable, measured protective order that would protect their confidential financial information, their donors' privacy rights, and other irrelevant personal information that may be swept in by Reguli's overbroad, pointless search for proof of a payment she never made. In response, Reguli reveals her hand: she wants to use this litigation as a tool to obtain information she can publicize to continue her efforts to harass and intimidate CASA and its donors, and she wants the Court to sanction this conduct by proposing a protective order that grants her explicit permission to do so. Dkt. 169-3 at PageID #1895 (¶ 6) (permitting only Reguli to disclose "confidential material in communication to such persons and entities that have a legitimate interest in public integrity").

The Court should reject her efforts, grant the Motion, and enter Layton and CASA's proposed protective order.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
fspainhour@bradley.com
mstephens@bradley.com
msacks@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**CERTIFICATE OF SERVICE**

I certify that on September 11, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37128

I also hereby certify that on September 11, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Michael J. Stephens*
Michael J. Stephens