**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **v.** | ) | **Magistrate Judge Luke A. Evans** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT McLENDON'S REPLY TO DE 172 IN SUPPORT OF HIS MOTION (DE 166) TO STRIKE IMPROPER MATTER FROM PLAINTIFF'S RESPONSE (DE 162) AND TO SANCTION PLAINTIFF**

Ms. Reguli's response (DE 172) to McLendon's *Motion to Strike* (DE 166) answers a motion McLendon did not file, argues a question McLendon did not raise, and reveals in its obstinance the reason for the relief requested.

**DE 166 invoked the Court's inherent authority, not Rule 12(f).**

Ms. Reguli's legal argument is that DE 166 should be denied because Rule 12(f) reaches only pleadings, that a response brief is not a pleading, and that "[t]his is the authority upon which Defendant McLendon rests his argument.[1]" DE 172 at 6, PageID# 2012.

One must wonder how closely Ms. Reguli read DE 166 and the authorities cited therein. Stated simply, Ms. Reguli ignores the authority McLendon actually relies upon and then argues against authority McLendon did not invoke. This straw man argument is specious and telling.

DE 166 specifically and intentionally asked the Court to act on its *inherent authority, not under Rule 12.* This Court "may strike improvident filings based on its inherent authority to manage its own docket," including "the inherent authority to strike any filed paper which it

---

[1] Rule 12(f) appears in the DE 166 motion once, "[b]y analogy," as the source of the standards that "inform the exercise of that authority." DE 166 at 7, PageID# 1653.

determines to be abusive or otherwise improper under the circumstances." DE 166 at 6, PageID# 1652 (quoting *Hlfip Holding, Inc. v. Rutherford County, Tennessee*, No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020)).

In *Hlfip Holding*, the magistrate judge held that Rule 12(f) "motions to strike are applicable only to pleadings" and that briefs "are not pleadings." 2020 WL 6484254, at *2. Knowing that, McLendon appealed to the "inherent authority" of the court as explicitly cited. "When deciding whether to strike non-pleading documents, trial courts invoke their inherent power to manage their own dockets." *Id.* at *2 (citing *Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017)).

McLendon acknowledges that the burden for a motion to strike under the court's inherent authority is a high one:

> Although a motion to strike rests within the discretion of the trial judge, it is disfavored and should be granted only when the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration and their presence in the pleading throughout the proceeding will be prejudicial to the moving party. *Schlosser v. Univ. of Tenn.*, No. 3:12-CV-534, 2014 WL 5325350, at *2 (E.D. Tenn. Oct. 20, 2014). Motions to strike will generally be granted as to alleged "scandalous or impertinent" language only where the language is "extreme or offensive." Id. at *3. An allegation may be stricken as immaterial only when it bears no possible relationship to the controversy. Id. Courts generally grant a motion to strike only where it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. Id. (citing *Siggers v. Campbell*, No. 07-12495, 2008 WL 4277262, at *2 (E.D. Mich. Sept. 17, 2008)).

The material McLendon seeks to have stricken is precisely the kind of scandalous, impertinent, and irrelevant content contemplated by the applicable standards. Ms. Reguli's papers (1) assert that a core, disputed claim is "undisputed" and (2) include for no apparent legitimate reason a reference to an unrelated lawsuit in another court that was dismissed before Ms. Reguli referenced it here without even acknowledging it had been dismissed. The former should be stricken – and sanctioned – as Ms. Reguli was warned previously to not do precisely what she did

less than two weeks after the warning. The latter should be stricken – and sanctioned – to deter Ms. Reguli from further abusive and irrelevant remarks.

**DE 166 asks the Court to strike a misrepresentation that a disputed fact is "undisputed."**

Ms. Reguli deemed "undisputed" a core, hotly contested claim. Ms. Reguli told this Court that it was "undisputed, at this point" that "McLendon had ex parte communication with a judge for the purpose of fabricating probable cause of a crime against Reguli." DE 162 at 7, PageID# 1628.

DE 166 said plainly: "It is not the purpose of this motion to resolve the dispute, only to observe that there is a dispute." DE 166 at 3, PageID# 1649. After claiming in DE 162 that it was "undisputed" that McLendon conspired to set up her indictment, DE 172 concedes explicitly the existence of the dispute.

Ms. Reguli writes in DE 172 that "Defendant McLendon is, of course, free to dispute the statement that the communication was 'for the purpose of fabricating probable cause of a crime against Reguli.'" DE 172 at 10, PageID# 2016. Commingled in this dispute is whether a letter was or wasn't mailed or received. Ms. Reguli acknowledges that she "denies that Defendant McLendon sent the Layton statement to Reguli by first class mail[2]" while Reguli admits that McLendon asserts "that he did mail it." *Id.* at 7–8, PageID## 2013–14. And she files a new declaration swearing that she "never received mail from Dana McLendon in May 2022 that included the Layton sworn statement," DE 172-1 ¶ 6, PageID# 2021. Juxtaposed is McLendon's declaration that he mailed it to her office and that it was never returned. DE 166-2 ¶¶ 3–5, PageID## 1657–58.

---

[2] How Ms. Reguli could go past denying that she received the letter and then leap to the conclusory allegation that McLendon never even sent it is a riddle that reveals exactly the problem with many of Ms. Reguli's pleadings, papers, arguments, and claims.

Despite what she admits in DE 172, in DE 162 Ms. Reguli told this Court that it was "undisputed, at this point" that "McLendon had ex parte communication with a judge for the purpose of fabricating probable cause of a crime against Reguli." DE 162 at 7, PageID# 1628. Her own response, DE 172, proves that representation is false, and that she is willing to double down on her misrepresentation with still more obfuscation.

---

*All reasonable, clear-minded persons must concede this: a fact one party swears to and the other swears against is the definition of "disputed."*

---

Ms. Reguli devotes substantial portions of DE 172 to wandering about in the Tennessee Rules of Civil Procedure 5.02, 5.06, and 11, Supreme Court Rule 10, RPC 3.5, and what she argues McLendon should have done in May 2022. DE 172 at 8–10, PageID## 2014–16. Those arguments miss completely the issue at hand today and are wrong in any event. What matters is: Ms. Reguli claimed that a claim was "undisputed" but admits now that there is a dispute.

The false claim should be stricken and sanctioned.

One final note on this section is in order. Ms. Reguli "denies 'mischaracterizing a court holding' as charged by Defendant McLendon." DE 172 at 10, PageID# 2016. This, too, is a misrepresentation. DE 166 made no such charge regarding a "court holding." DE 166 charged a misrepresentation of the record — the conduct about which this Court cautioned her that "further misrepresentations of the record could result in sanctions." DE 155 at 1–2 n.2, PageID## 1480–81.

**Ms. Reguli's fixation on a footnote also misses the point.**

Ms. Reguli faults the motion (DE 166) for omitting the footnote appended to the passage at issue, which reads: "At this point, neither Layton nor McLendon have denied receiving the April

29, 2022 ex parte letter from Judge Woodruff." DE 162 at 7 n.5, PageID# 1628. She now says the footnote shows that the "undisputed ex parte communication" she meant was Judge Woodruff's letter. DE 172 at 7, PageID# 2013.

Of course McLendon received Judge Woodruff's letter. He has never suggested otherwise. His reply to Woodruff's letter — the May 16, 2022 cover letter that is Exhibit 1 to the motion — begins: "In response to your letter dated 29 April 2022 to Williamson County CASA, please find enclosed an affidavit executed by Emily Layton." DE 166-1, PageID# 1655. His discovery responses, served in May 2025, say the same. DE 166-4 § IV(C), PageID# 1665. The motion says the same: "McLendon says he got a letter and responded to it, and copied Ms. Reguli with his response." DE 166 at 3, PageID# 1649. No one could have written the letter McLendon wrote without having first received the Woodruff letter in the first place. This seems so obvious as to defy further attention.

Ms. Reguli's attempt to recast the "undisputed" claim must fail. The footnote does not rescue the sentence it is attached to and does nothing to allow Reguli to sweep the Woodruff letter into the rest of the claim about what is "undisputed." That sentence asserts that "McLendon had *ex parte* communication with a judge for the purpose of fabricating probable cause of a crime against Reguli." DE 162 at 7, PageID# 1628.

Even assuming Judge Woodruff's letter commenced an ex parte communication, when McLendon replied and copied Ms. Reguli, McLendon's letter was not ex parte. Ms. Reguli disputes she received it, and that is fine for her to say, but McLendon has sworn he mailed it. McLendon has disputed from the beginning any intent to participate in a fabrication of probable cause or an indictment. Ms. Reguli knows this and ignores it intentionally.

But this conundrum about whether the letter was mailed, or received, or what McLendon's motives were or were not, proves the falsity of the allegations that Ms. Reguli continues to make – that everything she alleges is "undisputed." Reguli's stubborn insistence that she and she alone is entitled to be the arbiter of the facts and the record and her shifting and malleable explanations for her papers are the problem and that problem is why McLendon filed the very narrowly tailored motion to strike and for sanctions.

**The California lawsuit.**

Ms. Reguli's justification for the reference to the California lawsuit,[3] dismissed before she referenced it, is that McLendon's statement that he is a member of the bar in good standing "invited" her "personal opinion" of him, and that her "personal opinion and knowledge of McLendon's involvement in other litigation is relevant." DE 172 at 11, PageID# 2017. Of course, she offers no authority for that justification except her own opinion that her opinion is relevant.

As a matter of law, an abandoned lawsuit filed by Ms. Reguli's former client's company is not evidence of anything. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). A cut/copy/paste docket number of a dismissed lawsuit, the contents of which Ms. Reguli misrepresented, tossed into her papers, is the definition of matter subject to being struck. Ms. Reguli's ongoing defense of including it is, once again, demonstrative of her willingness to use pleadings, papers, and process to insult, harass, and defame the people she deems deserving of her wrath.

---

[3] Ms. Reguli's careless misrepresentations of what is actually in a court's record continue to grow like weeds in this record. In DE 162, Reguli claims that in the California lawsuit "Defendant McLendon is alleged to have breached his contract." **That is false**. In fact, the pleading in California specifically conceded that McLendon had no contract to breach (Case 2:26-cv-04915-DSF-SSC Document 25 Filed 08/05/26 Page 16 of 76 Page ID #:211 and at #212 "McLendon is not a party to the Appearance Release Agreement"). Once again, we see that Ms. Reguli cares very little about accurately stating what is in any given record, here, there, or anywhere.

**Conclusion**

The Court should strike the passage at DE 162 at 7–8, PageID## 1628–29 and impose the sanctions about which it has warned Ms. Reguli.

*/s/ Dana C. McLendon III*
Dana Crosland McLendon III (#16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin, TN 37069
(615) 310-3195
dana@danamclendonlaw.com
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on September 12, 2026, via the Court's CM/ECF system upon all counsel of record, and by United States Mail upon Plaintiff pro se, Connie Reguli, 8009 Shelly Plum Drive, Murfreesboro, TN 37128.

*/s/ Dana C. McLendon III*
Dana C. McLendon III