UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al.,<br><br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

# MEMORANDUM ORDER

Pending before the Court is a motion (Doc. No. 166) by Defendant Dana McLendon ("McLendon") to strike improper matter from one of Plaintiff's recent filings (Doc. No. 162) and to sanction Plaintiff. Plaintiff filed a response in opposition. (Doc. No. 172.) McLendon replied. (Doc. No. 179.) For the reasons that follow, McLendon's motion is denied.

McLendon asks this Court to use its inherent authority to strike certain portions of Plaintiff's filing and to sanction her for her conduct. First, McLendon takes issue with Plaintiff's claim that "it is undisputed, at this point, that McLendon had ex parte communication with a judge for the purpose of fabricating probable cause of a crime against Reguli." (Doc. No. 162 at 7.) McLendon argues that this statement is false because he has disputed this contention since the onset of this litigation. (Doc. No. 166 at 2.)[1] Plaintiff contends that her assertion is correct because "[a]t this point, neither Layton nor McLendon have denied receiving the April 29, 2022 ex parte letter from Judge Woodruff." (Doc. No. 172 at 7.)

[1] If this was ever in question, McLendon's motion and reply certainly dispel any notion to the contrary.

McLendon also takes issue with Plaintiff's reference to "another action filed against McLendon in the Central District of California." (Doc. No. 162 at 7.) He argues that the other lawsuit has no bearing on this case and was added to Plaintiff's response only to "disparage McClendon in the eyes of the Court." (Doc. No. 166 at 6.) Plaintiff argues that her reference to the other lawsuit was appropriate because it "was a challenge to Plaintiff's 'trust' in Defendant McClendon." (Doc. No. 172 at 11.)[2]

A court has "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Hlfip Holding, Inc. v. Rutherford Cnty., Tennessee*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) (citation omitted). However, this authority is tempered because "motions to strike are generally disfavored and should be granted only when the material at issue has no possible relation to the controversy." *Id.* (citation omitted).

The Court does not find that this is an appropriate instance to use its inherent authority to strike the offending language from the docket. Nor does the Court find that Plaintiff should be sanctioned in this instance. Counsel and the parties are reminded, however, that "[u]nnecessary ad hominem attacks have no place in a proper court filing." *Qiu v. Bd. of Educ. of Scott Cnty., Kentucky*, No. 521CV00197, 2022 WL 18587705, at *4 (E.D. Ky. Nov. 9, 2022) (quoting *Huff v. FirstEnergy Corp.*, No. 5:12cv2583, 2014 WL 2441768 at *6 (N.D. Ohio May 29, 2014)), *report and recommendation adopted*, No. 5:21-CV-00197, 2023 WL 358244 (E.D. Ky. Jan. 23, 2023). The Court "generally frowns upon [the use of] histrionic and hyperbolic language" in court filings. *Clayton v. Hogan*, No. 3:22-CV-00936, 2023 WL 7930052, at *10 (M.D. Tenn. Nov. 16, 2023).

---

[2] Plaintiff argues that McClendon somehow made the issue of his trustworthiness relevant by a statement he made in an earlier filing. (Doc. No. 172 at 10.)

Words matter. Exaggeration and attacks on the litigants or lawyers serve no legitimate purpose and only stand to detract from the purpose of motion practice. The parties and the lawyers are expected to conduct themselves with the utmost level of professionalism and civility.

For the reasons stated, McLendon's motion to strike and for sanctions (Doc. No. 166) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge