FILED

2026 SEP 15 AM 10: 01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S FED. R. CIV. PROC. 72(a) MOTION FOR REVIEW AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO THE NON-DISPOSITIVE MEMORANDUM ORDER OF MAGISTRATE JUDGE DE 168**

Now comes the Plaintiff, pro se, and files this Motion for review of the September 3, 2026 non-dispositive memorandum order of Magistrate Judge DE 168 under Fed. R. Civ. Proc. 72(a) to be filed on or before September 17, 2026.

## I. STANDARD OF REVIEW

Rule 72 (a) NONDISPOSITIVE MATTERS. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Middle District of Tennessee Local Rules states that a Fed. R. Civ. Proc. 72(a) motion "must be in writing, must state with particularity that portion of the Magistrate Judge's order for which review is sought, and must be accompanied by sufficient documentation including,

affidavits, pertinent, exhibits, and transcripts of the record to apprise the District Judge of the basis for the objections. Under 28 U.S.C. § 636(b)(1)(A), a district court may "reconsider" a magistrate judge's decision on a non-dispositive, "non-excepted, pending pretrial matter" only if it is "clearly erroneous or contrary to law." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) (implementing 28 U.S.C. § 636(b)(1)(A)). *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) The Sixth Circuit held that, "**this standard requires the District Court to review findings of fact for clear error and to review matters of law de novo**." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). "[A]n order is '**contrary to the law**' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 U.S. Dist. LEXIS 149433, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)). *Evans v. Robertson*, No. 24-13435, 2026 U.S. Dist. LEXIS 115938, at *1-2 (E.D. Mich. May 26, 2026)

## II. RELEVANT BACKGROUND

Before this Court is a 42 U.S.C. Sec. 1983 civil rights lawsuit in which the Plaintiff has alleged that the defendants Emily Layton (executive director of defendant Williamson County CASA, Inc.) and Dana McLendon acted in concert with former defendant Judge Joseph A. Woodruff to cause the malicious prosecution of Plaintiff Reguli with fabricated evidence. DE 1, PageID #: 54, 56, 59-60. The defendants accomplished this with a stream of events that were

initiated by a April 29, 2022 secret ex parte letter from Judge Woodruff to Layton and McLendon asking them to respond to his investigation of Plaintiff Reguli directly. Id, at 25. In response McLendon (attorney) drafted a statement that was sworn to by Layton on May 11, 2022, and mailed it directly back to Woodruff. This sworn statement was created with the caption file of a public records case, of which neither Layton nor McLendon were associated. Id, at 25. McLendon did not identify that he prepared the statement, he did not sign it, he did not include a certificate of service, he did not file it with the court, and it never became part of the record. Id, at 26. The Complaint alleged that he did not send it to Plaintiff Reguli. Id, at 26. Plaintiff Reguli was indicted on August 8, 2022 on aggravated perjury based on the actions of these parties alone. Id, at 21. There was no law enforcement investigation. Id, at 27. Plaintiff Reguli did not obtain these documents until October 2022 when she finally received these secret documents. Id, at 24-25. Months later, Plaintiff Reguli issued a subpoena to Williamson County CASA, Inc.(CASA) for all of the records reviewed by Layton in preparation of the sworn statement. Id, at 29-30. Reguli's subpoena also asked CASA to produce a ledger of the miscellaneous income they had received over the relevant time period of eight years. CASA attempted to quash the subpoena but were ordered to produce the records. Id, at 30. When those records were produced, Layton responded that she did not recall what documents, if any, that she reviewed in preparation of her sworn statement and the ledger of miscellaneous income included thousands of dollars that CASA received and did not document the source of income. Id, at 31. The district attorney knew that he could not prove a negative on the records of CASA and nolle'd criminal case in June 2023. Id, at 31-32. This litigation was filed in June 2024.

## III. RELEVANT PROCEDURAL HISTORY

The parties initiated discovery after the Court ruled on the Fed. Civ. R. Proc. 12(b) motions of the defendants. See DE 128-2, PageID #: 1268.

CASA and Layton sent a written discovery request Plaintiff Reguli:

> *1. Identify every financial institution, including but not limited to banks, credit unions, savings institutions, and online financial platforms, at which you maintained an account of any type at any time from December 3, 2014 through the present. For each institution, state its institution, including the account number, the type of account, and the dates the account was open and closed.*

On June 3, 2026, Plaintiff Reguli objected to the first interrogatory as not relevant.

Defendants CASA/Layton and Plaintiff Reguli submitted a Motion for Discovery Conference and Joint Discovery Dispute Statement. Defendant cited no authority for the court to rely on to tie the request to the issues before the Court. DE 128, PageID #: 1252, filed June 19, 2026. The Plaintiff argued that the request was not relevant to the claims and cited this, "While courts should grant discovery when necessary for a plaintiff to establish a claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Cayce v. VGW, Ltd.*, 4:23-cv-00086-BJB-HBB, (W.D. Ky. Apr. 30, 2025) Id., at 1257. The Magistrate Judge set a conference for July 17, 2026. See DE 131, PageID #: 1297.

After a brief telephone conference on July 17, 2026, the Magistrate Judge entered an order that simply stated in toto: DE 140, PageID #: 1350.

> *On July 17, 2026, pro se Plaintiff and counsel for the Defendants appeared for a discovery dispute conference. For the reasons stated during the conference, within 14 days of entry of this order, Plaintiff shall respond to Defendants Layton*

*and Williamson County CASA, INC's interrogatory number 1 as modified to include a date range of Defendant 3, 2014 through May of 2022.*

The order cited no statement of facts or conclusions or legal analysis that addressed the objections of the Plaintiff or the arguments of the Defendants. This order was so devoid of legal analysis that a reasoned objection by the Plaintiff was near impossible.

However, Plaintiff Reguli did file a timely objection to this order under Fed. R. Civ. Proc. 72(a) arguing that the Magistrate Judge's order contained no findings of facts or legal analysis regarding the relevance and proportionality of the discovery request. DE 143, PageID #: 1365-1373. Filed July 27, 2026. Plaintiff cited *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, 5:23-cv-598, (N.D. Ohio July 1, 2024). Id, at 1372. Plaintiff also objected to the Magistrate Judge engaging in a substantive interrogation of the Plaintiff asking if she was changing her position regarding the payment of a 2014 sanction. Plaintiff argued that this was not appropriate to turn a discovery conference into an evidentiary inquiry. Id, at 1371.

Plaintiff filed a Motion to Stay the Magistrate Judge's order on August 7, 2026. DE 148, PageID #: 1387. Plaintiff cited *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, 2000 U.S. Dist. LEXIS 62152 (E.D. Mich. Aug. 13 2008), addressing the likelihood that Plaintiff will prevail and that irreparable harm would occur against the Plaintiff if required to disclose her personal and professional financial records over an eight year period. The true inquiry in this case was the actions of defendants Layton and McLendon in 2022 when they recklessly and with a total disregard for truthfulness engaged in the secret investigation with Woodruff causing Reguli to be prosecuted. This case is not a collections case, a contract case, nor a contempt action against Reguli. Id, at 1389.

Defendants CASA/Layton filed Motion for Sanctions[1] (DE 154 - Aug. 10, 2026) and a Response in Opposition to the Motion to Stay. DE 156 - Aug. 19, 2026.

Plaintiff filed a Response in opposition to the Motion for Sanctions. DE 161. Plaintiff argued that the Defendants have not articulated any prejudice or difficulty that would come from delay until the Court had ruled on the Magistrate Judge's July 17, 2026 Memorandum Order(DE 140) and Plaintiff's objections (DE 143). DE 161, PageID #: 1612.

> Delay must in some way result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. *Family Resorts*, 972 F.2d 347, 1992 WL 174 539, at * 4; *cf. Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006); *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). *USW, Local 1-1000 v. Forestply Indus.*, No. 2:08-cv-281, 2011 U.S. Dist. LEXIS 37766, at *18 (W.D. Mich. Apr. 1, 2011)

CASA/Layton filed a Reply to Plaintiff's Response. DE 165.

The Magistrate Judge entered an order September 3, 2026 sanctioning the Plaintiff and compelling her to respond to interrogatory 1 or risk the dismissal of the Complaint. DE 168.

The Magistrate Judge complained that in Plaintiff's response to CASA's motion for sanctions (DE 161), that Plaintiff had erroneously cited Fed. R. Civ. Proc. 72(b) regarding the

---

[1] Defendant McLendon also filed a pleading titled, "Defendant McLendon's Response in Opposition to Plaintiff's Objections (DE 143) and Motion to Stay (DE 148), and Motion and Memorandum of Law for Remedies for Defiance of Court Orders" on August 8, 2026. DE 152. Plaintiff filed a Response to Defendant McLendon's pleading on August 24, 2027 (DE 162), addressing the substantive arguments, but also objecting to his failure to comply with Local Rule 7.01 by incorporating responses and motions in the same pleading. Plaintiff does not address those arguments here, as they are addressed in her response. The Memorandum Order (DE 168) does not address Defendant McLendon's motions.

discovery order of July 17, 2026 (DE 140). However, Plaintiff had provided details of relevant procedural history including that "Plaintiff Reguli filed specific objections to the Magistrate Judge's order on July 27, 2026 (DE 143) under Fed. R. Civ. Proc. 72(a), and argued that the Plaintiff could not make specific objections to the findings or conclusions (recommendations) regarding the court's discovery order because of the brevity of the order. Plaintiff also recited the substantive arguments made in the pleadings leading up to the discovery (DE 128, PageID #: 1253-1257; DE 143, PageID #: 1370-1372) which are not addressed in the discovery order. Plaintiff filed a motion to stay on August 7, 2026 (DE 148)." Plaintiff directed the court to the exact arguments where Plaintiff cited in her motions the correct reference, i.e., Fed. R. Civ. Proc. 72(a).

The Plaintiff's Response to the motion for sanctions cited authority regarding the issuance of sanctions including the invasion into the Plaintiff's privacy interest in her financial records (DE 161, PageID #: 1611), the required showing that a delay in a discovery response must result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion (DE 161, PageID #: 1612); and that a showing of bad faith or willfulness was required for dismissal as a discovery sanction (DE 161, PageID #: 1613).

On September 8, 2026, Plaintiff complied by responding to interrogatory 1 and filed a Notice of Compliance with the Court. See Declaration of Facts.

## IV. THE MEMORANDUM ORDER DE 168 IS CLEARLY ERRONEOUS AND MUST BE REJECTED AS IT MISTATES THE RECORD AND IS AN ATTEMPT TO CURE THE SUBSTANTIVE ERRORS IN THE MAGISTRATE'S DISCOVERY ORDER OF JULY 17, 2026. DE 140

In this Memorandum Order (DE 168), the Magistrate Judge draws the following conclusion which was NOT included in the July 17, 2026 Memorandum Order (DE 140):

> "*A material issue to the pending litigation is whether Reguli paid a $3,145.50 state-court sanction to CASA as she claimed during the state-court proceedings before Judge Woodruff on April 26, 2022. This statement by Reguli prompted a series of events that led to her prosecution for aggravated perjury; an order nolle prosequi, in turn, prompted Reguli's malicious-prosecution claims against Defendant here. (Doc. No. 155, at 3-4).*" See DE 168, PageID #: 1862-63.

The Magistrate Judge is referring to the Memorandum Order entered August 12, 2026 (DE 155) regarding the Motion for Protective Order filed by former defendant Judge Joseph A. Woodruff (DE 141). Plaintiff would show that this NOT a conclusion of law stated in the Judge Woodruff Memorandum Order (DE 155), but is a reconstruction of the Magistrate Judge's narrative under "Background" on pages 3 and 4 of the order, thereby erroneously converting a summation of the background facts into a legal conclusion.

**This is clearly erroneous** as a factual finding and as a matter of law. The Court refers to its own restatement of the background facts in the Memorandum Order regarding Judge Woodruff's request for protective order (DE 155) and then converted that restatement of facts into a "conclusion of law". The court's random interjection of this statement in the September 3, 2026 Memorandum Order (DE 168) was clearly erroneous and amounted to re-writing the record in this case. It was NOT a finding or conclusion that "a material issue .... is whether Reguli paid a $3,145.50 state-court sanction to CASA" in the discovery order entered July 17, 2026[2] (DE 140).

The issue in this case is the conduct of the defendants McLendon and Layton in 2022 when they engaged in conduct with falsity and a reckless disregard of the facts, fabricated evidence that caused Plaintiff Reguli to be maliciously prosecuted. See DE 128, PageID #: 1256-57 - Plaintiff's inclusion in the Joint Discovery Dispute; DE 143, PageID #: 1369-1371 - Plaintiff's timely objections to discovery order DE 140.

The matter before the Court is NOT a contempt action, NOT a collection action, and NOT a contract action. DE 128, PageID #: 1256; DE 143, PageID #: 1369. The defendant chose to fabricate evidence by making a false statement (1) that Layton had personal knowledge, and omitting material evidence of which they had knowledge (2) that Layton did not review documents, and (3) that thousands of dollars were received that showed no source. DE 1, PageID #: 31-32. Reguli was charged with a crime. Reguli had no burden of proof in the criminal prosecution. Reguli was never required to prove her innocence. The State of Tennessee was

---

[2] For clarification, the Plaintiff did not argue about "material issues" in Plaintiff's Fed. R. Civ. P. 72(a) objections (DE 143) because it was not included in the Memorandum Order (DE 140). This finding was NEVER stated by the Magistrate Judge in the Memorandum Order (DE 140) which required her to comply with CASA's Interrogatory No. 1. There were simply no findings or conclusions in that order (DE 140).

required to prove a negative. Ultimately the records of CASA showed that it was impossible to do so. DE 1, PageID #: 32.

Even in the instant case, a civil rights action filed under 42 U.S.C. Sec. 1942, Plaintiff Reguli is NOT required to prove her innocence. This question was resolved by the United States Supreme Court in *Thompson v. Clark:*

To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under 42 U.S.C.S. § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction. A Fourth Amendment claim under 42 U.S.C.S. § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. *Thompson v. Clark*, 596 U.S. 36, 36, (2022)

**It is clearly erroneous,** as a matter of law, that requiring Plaintiff to prove her innocence is a "material issue" in this case. The defendants cannot argue this to the jury, nor seek a jury instruction that would require the jurors to even consider this as a defense.

It is troubling that the Magistrate Judge appears to attempt to cure his defects in his July 17, 2026 Memorandum Order (DE 140) in this manner.

The Magistrate Judge's Memorandum Order also states this, "*During the [July 17, 2026 telephone] conference, the Court heard extensive arguments from the parties. The Court carefully considered the basis of Reguli's objections. To address her objection, the Court asked Reguli several questions to assess her arguments regarding relevance and undue burden. However, Reguli was unable or unwilling to provide any information to assist the Court in narrowing the scope of the interrogatory.*" DE 168, PageID #: 1863.

Here again, this inserted summation of the July 17, 2026 telephone conference was NOT included in the Memorandum Order entered July 17, 2026 (DE 140). This attempt to cure the discovery conference Memorandum Order must also fail.

This finding was not included in the Memorandum Order of July 17, 2026 (DE 140) and therefore, could not be addressed by the Plaintiff in her Rule 72(a) objections. (DE 143) Plaintiff objected to the Magistrate Judge's evidentiary inquiry asking Plaintiff if she was changing her position. The Magistrate Judge has not submitted a transcript of that telephone discovery conference and did not give notice at the time as to whether the hearing was being transcribed. The plaintiff made detailed notes during this inquiry when the Magistrate Judge asked Plaintiff if she was changing her position and claiming that she did not pay the sanction. DE 143, PageID #: 1371.

While the Court says that this inquiry was to "narrow the scope of discovery", the Court did NOT make any findings of facts or draw legal conclusions regarding the relevance or proportionality of Interrogatory No. 1 in the July 17, 2026 hearing nor in the Memorandum Order entered the same day. (DE 140)

**It is clearly erroneous,** for the Court to use this Memorandum Order (DE 168) to cure its defects in the July 17, 2026 Memorandum Order (DE 140) now inserting the nature and results of the Court's evidentiary inquiry of the Plaintiff and yet, not including any findings in the July 17, 2026 Memorandum Order (DE 140). In doing so, the Magistrate Judge is rewriting the record in this case. The failure to make findings on the July 17, 2026 Memorandum Order (DE 140), left the Plaintiff with the impossibility of making reasonable objections.

The Memorandum Order (DE 168) acknowledges that Reguli argued on July 17, 2026, that the "*question of payment is not the issue in the federal lawsuit. The issue is the false*

*affidavit / statement / fabricated evidence of Emily Layton and Dana McLendon intended to cause the false prosecution of Plaintiff Reguli.*" But then the Court concludes only that "*objections aside, Reguli responded that she 'no longer has access to financial records prior to her 2022 testimony and financial records after April 26, 2026 are irrelevant.*" DE 168, PageID #: 1863.

The court does not address those objections, but concludes, *"As narrowed, the Court found that the interrogatory was both relevant and proportional to the needs of the case and ordered Reguli to respond to interrogatory number 1 within 14 days of the entry of the order.*" DE 168, PageID #: 1864. This "finding" was NEVER stated in the Memorandum Order of July 17, 2026. DE 140.

**It is clearly erroneous** as a matter of law to reconstruct a prior order (DE 140), particularly to add detailed findings that never appeared in the record until the sanctions order (DE 168) was entered and use these conclusions to claim that Plaintiff had ignored the order of the court. This Memorandum Order (DE 168) now injects into the record a judicial conclusion that did not occur in a prior order (DE 140).

Danger and prejudice occurs when the court, such as in this case, rewrites the history of the case. The Plaintiff is sure to be prejudiced by the law-of-the-case doctrine.

> The law-of-the-case doctrine "precludes reconsideration of issues decided at an earlier stage of the case." *Yeschick v. Mineta*, 675 F.3d 622, 633 (6th Cir. 2012) (quoting *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006)). *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 22-1858, 2023 U.S. App. LEXIS 7333, at *4 (6th Cir. Mar. 28, 2023)

Now the case record (DE 168) includes purported findings from a prior ruling (DE 140) **that do not exist** and that the Plaintiff was blocked from addressing under Fed. R. Civ. P. 72(a).

Overcoming a law-of-the-case prior ruling puts a substantial burden on the Plaintiff.

The law-of-the-case doctrine allows us to revisit a prior ruling when "there is '(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice,'" *Jaiyeola v. Toyota Motor N. Am., Inc.*, No. 22-1858, 2023 U.S. App. LEXIS 7333, at *4 (6th Cir. Mar. 28, 2023)

## V. THE PLEADINGS AND CONTROLLING LAW SUPPORT A CONCLUSION THAT DEFENDANTS CANNOT EMBARK ON A FISHING EXPEDITION INTO PLAINTIFF'S PERSONAL AND PROFESSIONAL FINANCIAL RECORDS

The Court ruled on the Fed. R. Civ. Proc. 12(b)(6) motions of Defendants CASA and Layton in an order entered March 28, 2025. DE 52. Here, the Court addressed the argument as to whether the plaintiff had sufficient allegations to establish that the defendants lacked probable cause in spite of the grand jury indictment. The Court cited *Lester v. Roberts,* 986 F.3d 599, 608, (6th Cir. 2021) stating, "a plaintiff may overcome the presumption if the defendant fabricates evidence or knowingly or recklessly makes materially false statements outside of the grand-jury context." DE 52, PageID #: 616. Even though McLendon argued[3] that "the evidence is that the

[3] The Court found that "because Layton's probable cause arguments (Doc. No. 40) mirror McLendons' (Doc. No. 14), they are unpersuasive for the same reasons. DE 52, PageID #: 617.

affidavıt was and remains accurate", criminal court order for nolle prosequi stated that the records of CASA are "lacking in specificity." Id.

Defendant Layton filed an Answer (DE 61) where she "denies that the affidavit was fabricated or materially misleading" (Id, at 686), Layton does not file a counterclaim against the plaintiff for contempt for failure to pay, fraud, or collections. Defendant CASA also filed an Answer (DE 62), also denying that Layton's affidavit was false and misleading. And while CASA raises a number of affirmative defenses, including lack of standing by the Plaintiff, CASA does not make a counterclaim for fraud against the Plaintiff or for any action for collection of what they believe is an unpaid sanction.

Therefore, the only question in this case is the claim of malicious prosecution, fabrication of evidence, (and other claims remaining) against McLendon, Layton, and CASA. The plaintiff is not required to prove innocence, and the defendants have not cited ANY authority which would require her to do so.

Controlling case law also supports Plaintiff's arguments that a fishing expedition into Reguli's personal and professional financial records is inappropriate. While this case differs from the substantive issues in *Pepin*, it is similar in the scope of discovery sought by the defendants. The Court said, [p]rying into a plaintiff's private financial affairs should require more than the simple assertion that, in effect, the defendant wants to find out whether there is some inconsistency between what plaintiff and his doctors are telling it and what his bank statements and credit card receipts might show. *Pepin v. Wis. Cent. Ltd*, No. 2:19-cv-00042, 2020 U.S. Dist. LEXIS 259897, at *8 (W.D. Mich. Dec. 22, 2020) The party seeking discovery is obligated to demonstrate relevance. *Solve Together, LLC v. FedEx Corp.*, No. 2:22-cv-02680-JTF-atc, 2023 U.S. Dist. LEXIS 224709, at *4 (W.D. Tenn. Nov. 20, 2023)

The wrongful initiation of charges without probable cause is the gravamen of the tort of malicious prosecution. *Thompson v Clark*, 596 U.S. 36, 36 (2022)

And police officers[4] cannot, in good faith, rely on a judicial determination of probable cause when that determination was premised on an officer's own material misrepresentations to the court. *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989). Such reliance is unreasonable, and detention of an individual pursuant to such deceptive practices violates the Fourth Amendment. *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989). This Court has held investigators subject to suit under § 1983 for making materially false statements either knowingly or in reckless disregard for the truth to establish probable cause for an arrest. *Id.* With Fourth Amendment rights implicated by ongoing, pretrial detention, deliberate obfuscation or omission of material facts by an investigator at the preliminary hearing makes the investigator's subsequent reliance on the hearing's conclusions unreasonable. Plaintiff must present evidence that the officers (1) stated a deliberate falsehood or showed reckless disregard for the truth and (2) that the allegedly false or omitted information was material to the finding of probable cause. *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006)

The plaintiff argued in DE 143 that permitting the Defendants to engage in a general search of Plaintiff's financial records was no different than permitting a general search warrant of her home where, let's say, the defendant falsely prosecuted a citizen for theft and they were unable to retrieve any stolen property. The question becomes, would the Court permit a general search warrant during the civil rights malicious prosecution case to permit the defendants another opportunity to scrub through the personal property of the Plaintiff? The notion is absurd and yet,

[4] Defendant McLendon already tried to argue that Plaintiff Reguli cannot show that a "law enforcement officer" fabricated evidence and therefore her claims must fail. This argument was rejected by the Court. DE 52, PageID #: 616.

here, this attempt to scrub through Plaintiff personal financial records is nothing less than a general search warrant. DE 143, PageID #: 1369.

Here, Defendant Layton chose to withhold material exculpatory information which would have negated probable cause.

## VI. CONCLUSION

Here, it is troubling that the Magistrate Judge had restated the Background of facts in Memorandum Order DE 155 as a conclusion of law in DE 168, i.e., "*a material issue*". It is also troubling that in this Memorandum Order (DE 168) for the first time, the court makes findings and conclusions regarding the discovery conference of July 17, 2026 that NEVER appeared in the Memorandum Order entered the same day. DE 140. All was done in an attempt to cure the substantive defects of the Memorandum Order of July 17, 2026 (DE 140) and then use those conclusions to impose sanctions against the Plaintiff for ignoring the order where such substantive findings and conclusions were NEVER made.

Plaintiff Reguli was scolded by the Magistrate Judge in this case that she had misrepresented and misstated a prior holding of the Court when addressing the remaining claims in this case. DE 155, PageID #: 1481, fn2. In the Memorandum Order granting in part and denying in part a motion to protective order filed by former Defendant Judge Joseph A. Woodruff, the Magistrate Judge, wrote that Reguli was "mischaracterizing court holdings" and warned that further misrepresentations could result in sanctions.

However, here, the Magistrate Judge has invented holdings in his very own discovery order that simply are not there. This is troubling and highly prejudicial to the Plaintiff. This poses a serious rewriting of the record in this case that could become the law-of-the-case by

making retroactive findings where none existed. This is clearly erroneous and Memorandum Orders DE 140 and DE 168 should be rejected by the Court.

## VII. PRAYER FOR RELIEF

Plaintiff prays of this Court to find that the Memorandum Order of September 3, 2026 (DE 168) must be set aside as clearly erroneous in that the Magistrate Judge used the Memorandum Order (DE 168) as an attempt to rewrite the record in this case on matters that were not documented in the record and in particular, the complete lack of findings and conclusion in the July 17, 2026 Memorandum Order (DE 140) therein compelling Plaintiff to produce personal and professional financial information.

This Court should make the following findings:

The Magistrate Judge's Memorandum Order (DE 168) erroneously restated a summary of facts in Memorandum Order (DE 155) regarding the deposition of former Defendant Joseph A. Woodruff as conclusions of law that "a **material issue** to the pending litigation is whether Reguli paid a $3,145.50 state-court sanction to CASA…", therein rewriting the record. This conclusion was NEVER stated in the Memorandum Order of July 17, 2026 (DE 140).

Not only is it erroneously stated, it is a clear error of law. Plaintiff has alleged that the defendants initiated criminal proceedings against her by fabricating evidence creating probable cause on a false and misleading sworn statement. Plaintiff was not required to prove her innocence in the criminal court proceedings, nor is she required to show that the criminal proceedings concluded with a showing of her innocence. *Thompson v. Clark* 595 U.S. 36, 36 (2022).

The Memorandum Order makes other substantive claims regarding the conclusions and intent of the Court in the July 17, 2026 Memorandum Order (DE 140) where none such are documented in the one-paragraph order. The Magistrate Judge's order here (DE 168) makes claims regarding statements made in the July 17, 2026 discovery conference and findings that Plaintiff's financial records were relevant and proportional, but none of those findings are documented (DE 140), and they appear for the first time in this order (DE 168). Failing to properly incorporate into the record these conclusions at the time are prejudicial to the Plaintiff and this court must come to a firm conviction that it was clearly erroneous for the Magistrate Judge to rewrite the record by claiming that findings were made in the July 17, 2026 order that simply were not there.

Pending before this Court are Plaintiff's objections (DE 143) to the Memorandum Order of July 17, 2026 (DE 140), and Plaintiff's current filing objecting to the Memorandum Order sanctioning her for failure to comply with the July 15, 2026 Memorandum Order (DE 168).

Both must be set aside.

Defendants Layton and CASA have failed to establish that a material issue in this case is whether or not Plaintiff Reguli can prove now (twelve years after the fact) that she paid the 2014 sanction. Failing to do so, dissolves any relevance to that issue in this case and prohibits them from delving into the personal and professional financial records of Plaintiff in this action.

Defendant Layton and CASA have no counterclaim against Plaintiff Reguli. The pending action is not a collection action, a contempt action, or a contract action against Reguli.

Defendants Layton and CASA would not be permitted to request a jury instruction that Reguli cannot prove her innocence.

Those orders are set aside and to the extent that Plaintiff Reguli has complied with Interrogatory 1, the defendants shall destroy that information and are prohibited from further inquiry to the eight years of financial transactions that Plaintiff may have conducted in her personal and professional life.

In the alternative, sanctions should not be imposed on the Plaintiff for the Magistrate Judge's clearly erroneous order, does not establish any harm that would be caused by delay for this Court to rule on the Plaintiff's objections to the discovery Memorandum Order. DE 140.

This is September 15, 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

**Certificate of Service**

The undersigned certifies that the foregoing was served on September 15, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

______________________________

*2026 Reguli/Woodruff - Sept 8 P motion for review*