UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al.,<br><br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendants Emily Layton and Williamson County CASA, Inc.'s ("Defendants") motion for entry of a protective order. (Doc. No. 157.)[1] Plaintiff, Connie Reguli ("Reguli"), filed a response. (Doc. No. 169.) Defendants replied. (Doc. No. 178.) This motion has been fully briefed and is ripe for decision. For the following reasons, Defendants' motion is Granted.

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (citation omitted). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "with a particular and

1 Defendant McLendon agreed to the proposed protective order. (Doc. No. 157 at 2.)

specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)) (other citation omitted). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Defendants argue that good cause exists to enter a protective order because the discovery in this case will require disclosure of the "confidential" financial records of both Reguli and Defendants. (Doc. No. 157 at 5.) Defendants also argue that the records likely to be produced in this case will include non-party personal information, including CASA's donor lists as well as financial information associated with those donors. (*Id.*) Defendants argue that they should be able to redact the identity of their donors and their financial information from the records provided in discovery. (*Id.*) They also propose a protocol for the parties to follow when determining whether information is or should be deemed confidential. (*Id.* at 8–9.) That procedure provides an avenue for the parties to follow if they wish to deem information gleaned in discovery as confidential and a procedure to follow if a party objects to deeming a matter confidential. (Doc. No. 157-1 at 4.) Their proposal also sets forth the procedure for filing matters with the Court under seal that is complaint with Local Rule 5.03. (*Id.* at 7.)

Reguli seems to agree that there is good cause for a protective order but opposes Defendants' motion. (Doc. No. 169.) Reguli, instead, asks the Court to enter her competing proposed protective order. (Doc. No. 169-3.) She disagrees as to what extent information should be protected and what procedures should dictate confidentiality. (*Id.*) She also argues that the First Amendment entitles to her to publish the information as she sees fit. (Doc. No. 169 at 9.) It is plain from her papers, that she seeks to use the unredacted financial information she obtains in discovery

for the wholly unrelated purpose of showing that "(CASA) take[s] public funds under the auspices of sympathy for abused children while accumulating a war chest of publicly traded funds." (*Id.* at 11.) [2]

Defendants have established good cause for the entry of their proposed protective order. The Court finds that Defendants' proposed protective order will protect both Reguli's and Defendants' financial records as well as the identities and personal information of non-parties to this litigation that appear in those records. Defendants' proposed order also protects against any party attempting to publish information for an improper purpose. The purpose of discovery is not to allow any party to air grievances to the public, especially when the information is irrelevant to the matter that is before the Court. Likewise, Defendants' proposed order also provides proper procedures for the parties to object to any specific designation of information as confidential. These measures stand as a sufficient safeguard to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The protective order proposed by Defendants does not offend Reguli's rights under the First Amendment. *See Seattle Times Co.*, 467 U.S. at 37 ("We therefore hold that where, as in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."). Defendants' proposed

[2] Reguli cannot abuse the discovery process to get information that she would otherwise not be entitled to and that has no relevance to this case. *See Jackson v. Poppema*, No. 25-11143, 2026 WL 1971172, at *1 (E.D. Mich. July 8, 2026) ("The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case.").

protective order does not restrict any party's ability to disseminate information gleaned from other sources.

For the reasons set forth herein, Defendants' motion for protective order (Doc. No. 157) is GRANTED. The Defendants' proposed protective order will enter by separate order.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge