**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL**

To facilitate document disclosure and production in the above-captioned action (the "Litigation") under the Local Rules of the Middle District of Tennessee and the Federal Rules of Civil Procedure, and for good cause shown, this Protective Order shall apply to the Litigation and remain in effect through the conclusion of the Litigation.

Documents and/or information containing confidential information ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in the Litigation. The parties to the Litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information or other third parties. To protect the respective interests of the parties, and to facilitate the progress of disclosure and discovery in this Litigation, the following Protective Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony or discovery by any party in this Litigation that qualify for protection under Federal Rule of Civil Procedure 26(c) are referred to as "Confidential Material."

Except as otherwise indicated below, all documents, including photographs, drawings, films, videotapes or other writings, including lists or compilations thereof, answers to interrogatories, responses to other discovery requests and deposition testimony designated by the producing party as "Confidential," "Subject to Protective Order," or any combination thereof, and which are disclosed or produced to the parties or the attorneys for the parties to this Litigation are Confidential Material and are entitled to Confidential treatment as described below.

2. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. A producing party may redact from any produced document the following categories of personally identifying information of any person other than a party to this Litigation: names; residential and email addresses; telephone numbers; employer identifications; financial-account, routing, credit-card, and Social Security numbers; and dates of birth. A producing party may also redact information identifying any child or family served by CASA. A producing party shall apply such redactions in a manner that preserves the document's substantive content, including all dates, transaction types, account categories, and amounts. Redaction pursuant to this Paragraph does not constitute a withholding of responsive information and does not require a privilege log. A party may challenge any redaction under Paragraph 5.

4. All documents marked Confidential and identified as exhibits to the deposition are subject to this Order. All deposition testimony shall be treated as Confidential and subject to the full protection of this Order for forty-five (45) days following the deposition. After such time,

only those portions of any transcript designated as "Confidential" by a designating party shall be deemed Confidential. To designate a portion of a transcript as "Confidential," a party must provide written notice to all parties and the stenographer identifying, by page and line number, the Confidential testimony.

5. If at any time during the Litigation a party disputes the designation of discovery material as Confidential, the objecting party will notify the designating party in writing of such dispute, and request in writing a conference for the parties to confer in a good faith effort to resolve the dispute. It shall be the responsibility of counsel for the objecting party to arrange for this conference within fourteen (14) days of the request for a conference. The objecting party's notice will identify the material in dispute and explain the basis for the objection. If no response is provided within fourteen (14) days of the objecting party's request for a conference, then the Confidential Material in dispute will no longer be subject to Confidential treatment as provided in this Protective Order.

6. If the parties cannot resolve a challenge without court intervention, the designating party shall file a Motion for Protective Order within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute. If the party or parties that designated the material as confidential do not timely file a motion for protective order, then the designated material in dispute shall no longer be subject to Confidential treatment as provided in this Order. All material designated as Confidential are entitled to Confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of the designated material is entitled to Confidential treatment.

7. The burden of persuasion in any such challenge proceeding shall be on the

designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the objecting party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation until the Court rules on the challenge.

8. Confidential Material and any information contained therein shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below. Confidential Material may be copied only by the parties or counsel for the parties in the Litigation or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Protective Order, and control and distribution of Confidential Material and copies thereof will be the responsibility of such party or counsel, who will maintain all written assurances executed by such persons as provided in Paragraph 10.

9. Confidential Material and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

a. The named parties, including the officers, directors, and employees of the parties to whom disclosure is reasonably necessary for the Litigation;

b. Counsel of record in the Litigation for the designating party or party receiving Confidential Material or any information contained therein;

c. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Litigation;

d. An independent contractor or expert retained by counsel to provide assistance, expert advice, technical consultation, language translation, or testimony in the

Litigation and the employees of any such contractors, experts, consultants or similar persons when working in connection with the Litigation under direct supervision of said person;

e. Court reporters transcribing depositions in the Litigation;

f. Any witness at deposition (as contemplated by Paragraph 4), trial, or hearing in the Litigation;

g. The Court (including the Court's administrative and clerical staff).

Confidential Material shall not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure shall be only to the extent reasonably necessary for the effective prosecution and defense of the claims in the Litigation. Confidential Material and any information contained therein shall be used by the receiving party or parties solely for the prosecution of the Litigation and shall not be used by the receiving party or parties for any other purpose or in any other litigation.

10. Prior to the disclosure of any of the materials or information covered by this Protective Order to persons identified in Paragraph 9 (d)–(f) of this Order, counsel disclosing the materials or information shall present the person with a copy of this Order. After reading the Order, such persons shall initial each page of a copy of the Order and shall sign the attached form of "Acknowledgment of Protective Order" (the "Acknowledgement"). Copies of each such signed Order and Acknowledgement shall be maintained by counsel disclosing the materials or information. In the event that any of these individuals are identified or designated as witnesses or as experts who may testify in the Litigation, a copy of each such signed Order and Acknowledgement shall be provided to opposing counsel at the time of the designation.

11. The term "copy" as used herein means any photographic, mechanical or

computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. To the extent that Confidential Material or information contained therein is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order.

13. Any court reporter or transcriber who reports or transcribes testimony in the Litigation shall agree that all Confidential Material designated under this Order shall remain as such and shall not be disclosed by them, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel or the parties.

14. Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material. A party that seeks to file under seal any Confidential Material must comply with Local Rule 5.03. If a party's request to file Confidential Material under seal pursuant to Local Rule 5.03 is denied by the Court, then the party may file the information in the public record, unless otherwise instructed by the Court.

15. Documents unintentionally produced without designation as "Confidential" at any time during the Litigation may be retroactively designated by notice in writing of the designated classification applicable to each document by Bates number, and by providing replacement copies of such documents with the appropriate designation. Upon receipt of the replacement documents, the receiving party shall thereafter return the documents being replaced to the producing party. Such documents shall be treated as "Confidential" from the date written notice of the designation is provided to the receiving party. A person disclosing any materials that are subsequently

designated as "Confidential" shall assist, in good faith, the party making the supplemental designation in retrieving such materials from all recipients not entitled to such materials under the terms of this Protective Order and to prevent further disclosures except as authorized under the terms of this Protective Order. Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

16. Pursuant to Federal Rule of Evidence 502(d) the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Said protection exists with respect to such document or other documents or communications, written or oral, including, without limitation, other communications referred to in the documents produced. Upon request, such inadvertently produced documents, and all copies thereof, shall be sent to the producing party, sequestered or destroyed within five (5) days of the date of the request, unless such documents have already been filed with the Court. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility or relevance. Nothing in this Paragraph shall prejudice the right of any party to seek discovery or communications, documents and things as to which a claim of attorney-client privilege or attorney work-product has been made.

17. The party or parties receiving Confidential Material shall not under any circumstances sell, offer for sale, advertise, publicize, post, or disseminate on any website, social-media platform, blog, podcast, or to any member of the media, use in any other judicial, administrative, legislative, disciplinary, or licensing proceeding, or use in any public

communication, whether or not for compensation, Confidential Material or any information contained therein.

18. No Party or Qualified Person shall input, upload, or otherwise submit any Confidential Material other than its own, whether designated as Confidential Material or not, into any public or "open" generative artificial intelligence tool, large language model, or similar platform (e.g., the non-enterprise versions of ChatGPT, Claude, or Gemini). Submission of such Confidential Material to such tools is deemed a disclosure to a non-authorized third party and a violation of this Order, as open artificial intelligence tools may retain and use inputs to train or fine-tune their models, making it practically impossible for a person that uploads Confidential Material to such a tool to ensure its destruction. A Party or Qualified Person may only use the following "closed" tools:

a. Established legal research services (e.g., Westlaw, Lexis) with generative artificial intelligence features and that provide contractual guarantees that user inputs are (i) not used to train the underlying model and (ii) are not accessible to third parties;

b. Secure case management or discovery platforms (e.g., Relativity, Everlaw) including generative artificial intelligence features that maintain appropriate security certifications and provide a "zero-retention" or "no-training" policy for user data; and

c. Artificial intelligence tools provided through a secure enterprise agreement that explicitly (i) prohibits the tool developer from accessing or using the data for any purpose other than providing the service to the Party or Authorized Recipient; (ii) ensures the data is isolated from other uses; and (iii) provides for the permanent deletion of data upon request.

19. If any party receives a subpoena from any non-party to this Protective Order seeking production or disclosure of Confidential Material, the subpoenaed party shall give notice, as soon as practicable and in no event more than three (3) business days after receiving the subpoena and at least seven (7) business days before providing materials responsive to the subpoena, to counsel for the designating party or the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to non-disclosure.

20. Any documents produced by a non-party witness in discovery in the Litigation pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

21. After termination of the Litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Material for enforcement of the provisions of this Protective Order following termination of the Litigation.

22. Within thirty (30) days of termination of the Litigation by dismissal, judgment, or settlement, including any appeals, the party or parties receiving Confidential Material shall return the Confidential Material, including all copies to the party or parties disclosing or producing the Confidential Material or alternatively, the parties shall provide certification under oath under penalty of perjury under the laws of the United States of America confirming that the receiving party has destroyed all documents within their possession, custody or control. The party or parties receiving Confidential Material shall undertake reasonable and good faith efforts to ensure that

any person to whom they provide copies of any Confidential Information complies with this obligation. This provision will not apply to court filings or file copies of pleadings, briefs or correspondence or other work product maintained by the parties' respective counsel in the ordinary course of business.

23. This Protective Order shall be binding on any party to this Protective Order or any person having executed the attached Exhibit A. This Protective Order also shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

24. This Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Protective Order, and such right is expressly reserved.

DATED: September 15, 2026.



Magistrate Judge Luke Evans

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order Regarding Confidential Discovery Material ("Protective Order") entered in *Reguli v. Joseph A. Woodruff, et al.*, Case No. 3:24-cv-00694, understand its terms, agree to be bound by each of those terms, and agree to submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division, for the purposes of enforcing the terms of the Protective Order.

Specifically and without limitation upon such terms, I further agree that I will not disseminate, use or disclose any Confidential Material protected by the Protective Order that I have received and/or reviewed in this case to anyone other than the Qualified Persons defined in Paragraph 9 of the Protective Order.

Dated: ___ day of ________________, 2026.

______________________________________
Signature

______________________________________
Printed Name: