UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al.,<br><br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is non-party Williamson County's motion for entry of a protective order. (Doc. No. 164.) Plaintiff filed a response in opposition. (Doc. No. 171.) Defendants Emily Layton, Williamson County CASA, Inc., and Dana McLendon do not oppose the motion. (Doc. No. 164 at 3.) For the reasons that follow, the motion is Granted.

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (citation omitted). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)) (other citation omitted). Trial courts have "broad

discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

On August 21, 2026, CASA served Williamson County with a subpoena duces tecum seeking "surveillance camera, security camera, body camera or other video or audio recordings for August 12, 2022, capturing the booking of Connie Lynn Reguli." (Doc. No. 164 at 1.) Williamson County argues that the requested footage includes "secured areas of the Williamson County Jail, including the booking area. (*Id.*) Williamson County has no objection to producing the requested videos subject to a protective order that prevents public dissemination of images that capture the secured areas of the jail. (*Id.*) Williamson County filed a proposed protective order. (Doc. No. 164-1.)

Reguli argues that Williamson County failed to meet its burden of showing good cause for a protective order that prevents public dissemination of the secure areas of the jail. (Doc. No. 171.) She further argues that such a restriction infringes on her First Amendment rights. (*Id.* at 3.) Reguli argues that she "maintains her rights as a citizen to criticize the government which should not be interrupted by blocking this information from the public." (*Id*. at 1.)

The Court finds that Williamson County has established good cause for the entry of its proposed protective order. Williamson County's requests are narrowly tailored to address only images that depict the secured areas of the jail. The county's stated purpose for protection of the materials—the safety and security of the jail—is a purpose that federal courts frequently recognize and address by protective order. *See Matlock v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:23-CV-00637, 2026 WL 2410833, at *5 (W.D. Ky. Aug. 18, 2026) (collecting cases).

The protective order proposed by Williamson County does not offend Reguli's rights under the First Amendment. *See Seattle Times Co.*, 467 U.S. at 37 ("We therefore hold that where, as in

this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment."). Williamson County has shown good cause, and its proposed protective order does not restrict any party's ability to disseminate information gleaned from other sources.

For the reasons set forth herein, non-party Williamson County's motion for protective order (Doc. No. 164) is GRANTED. Williamson County's proposed protective order (Doc. No. 164-1) will enter by separate order.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge