**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **JOPSEPH A. WOODRUFF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROTECTIVE ORDER REGARDING WILLIAMSON COUNTY JAIL VIDEO**

Upon motion of non-party Williamson County, to facilitate records disclosure in the above-captioned action (the "Litigation") under the Local Rules of the Middle District of Tennessee and the Federal Rules of Civil Procedure, and for good cause shown, this Protective Order shall apply to video produced by Williamson County in response to a subpoena served on August 21, 2026 in the Litigation and shall remain in effect through the conclusion of the Litigation.

Non-party Williamson County intends to produce video of a secure jail facility in this litigation, pursuant to a subpoena. Williamson County asserts that public dissemination and disclosure of this video could compromise safety and security of the jail facility. The Court finds this concern well-taken for the reasons stated in the Motion and therefore, to protect the respective interests of the parties, and to facilitate the progress of disclosure and discovery in this Litigation, the following Protective Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Video footage of any secure area of the Williamson County Jail ("the video" or "the video footage") qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. The referenced video footage shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below. The video footage may be copied only by the parties or counsel for the parties in the Litigation or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Protective Order, and control and distribution will be the responsibility of such party or counsel, who will maintain written assurances from any person to whom the video footage is provided.

3. The referenced video footage and any portion thereof shall be disclosed only to the following persons ("Qualified Persons"):

a. The named parties, including the officers, directors, and employees of the parties to whom disclosure is reasonably necessary for the Litigation;

b. Counsel of record in the Litigation and counsel for Williamson County;

c. Employees of counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Litigation;

d. An independent contractor or expert retained by counsel to provide assistance, expert advice, technical consultation, language translation, or testimony in the Litigation and the employees of any such contractors, experts, consultants, or similar persons when working in connection with the Litigation under direct supervision of said person;

e. Court reporters transcribing depositions in the Litigation;

f. Any witness at deposition, trial, or hearing in the Litigation;

g. The Court (including the Court's administrative and clerical staff).

The video footage shall not be disclosed to any other person or entity without the prior written consent of Williamson County or order of the Court. Any disclosure shall be only to the extent reasonably necessary for the effective prosecution and defense of the claims in the Litigation. The video footage and any information contained therein shall be used by the receiving party or parties solely for the prosecution of the Litigation and shall not be used by the receiving party or parties for any other purpose or in any other litigation.

4. Prior to the disclosure of any of the materials or information covered by this Protective Order to persons identified as entitled to receipt as outlined above, the person disclosing the materials or information shall present the person with a copy of this Order. After reading the Order, such persons shall sign the attached form of “Acknowledgment of Protective Order” (the “Acknowledgment”). Copies of each such signed Acknowledgment shall be maintained by counsel or the party disclosing the materials or information.

5. The term “copy” as used herein means any photographic, mechanical, or computerized copy or reproduction.

6. To the extent that the video footage is used in depositions, such information shall remain subject to the provisions of this Protective Order.

7. Without written permission from the County or a Court order secured after appropriate notice to all interested persons, a party may not file the video footage in the public record in this action. A party that seeks to file under seal any video must comply with Local Rule 5.03. If a party’s request to file under seal pursuant to Local Rule 5.03 is denied by the Court, then the party may file the information in the public record, unless otherwise instructed by the Court.

8. The party or parties receiving the video footage shall not under any circumstances sell, offer for sale, advertise, publicize, post, or disseminate on any website, social media platform, blog, podcast, or to any member of the media, use in any other judicial, administrative, legislative, disciplinary, or licensing proceeding, or use in any public communication, whether or not for compensation, the video footage or any portion or reproduction thereof.

9. No party or counsel shall input, upload, or otherwise submit any of the videos into any public or "open" generative artificial intelligence tool, large language model, or similar platform (e.g., the non-enterprise versions of ChatGPT, Claude, or Gemini). Submission to such tools is deemed a disclosure to a non-authorized third party and a violation of this Order, as open artificial intelligence tools may retain and use inputs to train or fine-tune their models, making it practically impossible for a person to ensure its destruction.

10. If any party receives a subpoena from any non-party to this Protective Order seeking production or disclosure of the video footage or any portion or reproduction thereof, the subpoenaed party shall give notice, as soon as practicable and in no event more than three (3) business days after receiving the subpoena and at least seven (7) business days before providing materials responsive to the subpoena, to counsel for the designating party or the designating party, which notice will enclose a copy of the subpoena, such that the designating party may assert its rights, if any, to nondisclosure.

11. After termination of the Litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of the videos for enforcement of the provisions of this Protective Order following termination of the Litigation.

12. This Protective Order shall be binding on any party to this Protective Order or any person having executed the attached Acknowledgment. This Protective Order also shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED: September 15, 2026.

______________________________
Magistrate Judge Luke Evans

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **JOPSEPH A. WOODRUFF, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order Regarding Williamson County Jail Video ("Protective Order") entered in *Reguli v. Joseph A. Woodruff, et al.,* Case No. 3:24-cv-00694, understand its terms, agree to be bound by each of those terms, and agree to submit myself to the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division, for the purposes of enforcing the terms of the Protective Order.

Specifically, and without limitation upon such terms, I further agree that I will not disseminate, use or disclose any of the material protected by the Protective Order that I have received and/or reviewed in this case to anyone other than the Qualified Persons defined in the Protective Order.

Dated:______day of ________________________, 2026.

_______________________________________________
Signature

_______________________________________________
Printed Name: