FILED

2026 SEP 21 AM 10: 35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S OPPOSITION AND MEMORANDUM TO DEFENDANT CASA AND LAYTON MOTION TO ATTORNEY FEES DE 186**

Now comes Plaintiff Connie Reguli, pro se, and files this opposition to the motion for attorneys fees and affidavit of fees submitted to the Court. DE 186.

Plaintiff would show that the Magistrate Judge entered an order granting sanctions against the Plaintiff in Memorandum Order DE 168 entered September 4, 2026. Plaintiff has filed a motion for review of that order. DE 181 filed September 15, 2026.

The Motion for Sanctions filed by Defendant Emily Layton and Williamson County CASA, Inc., is a total of three and one half pages (3 ½) and cites two cases. Defendant counsel claims that the firm spent 6.4 hours drafting this motion.

Plaintiff's Response in opposition is eight (8) pages.

The Reply filed by Defendants Emily Layton and Williamson County CASA, Inc. is a mere two (2) pages and cites three (3) cases and one of those is an internal cite, therefore only drawing on two references. Defendant counsel claims that the firm spent 6 hours drafting this reply.

The Defendant firm also claims that it spent 5.4 hours drafting the fee affidavit.

The Memorandum Order entered September 3, 2026 (DE 168) states verbatim: "Counsel for Defendants Layton and CASA shall file a fee declaration setting forth the total amount of fees and costs incurred related to this motion."

Plaintiff would argue that this does not include the fees and time associated with the fee affidavit and arguably does not include the two-page reply.

Not only are these fees not reasonable, they are excessive, and the request for fees for drafting the fee affidavit was not included by the Court, showing that counsel intends to seek excessive fees.

The plaintiff has submitted an affidavit. Having served as a legal representative of hundreds of litigants, Plaintiff has knowledge and experience that is sufficient to give an opinion on the reasonableness of fees.

Defendants' counsel proposed that it took 6.4 hours to draft a four-page motion. DE 186-2; 6.0 hours to draft a two-page reply; and 5.4 hours to draft a fee affidavit. For a total of 17.4 hours. Plaintiff, who has twenty-eight years of experience in the field of litigation in the State of Tennessee would show that the fee rate and the time claimed is excessive.

Tennessee Supreme Court RULE 1.5: FEES provides the following for considering the reasonableness of fees: (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the

time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent; (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and (10) whether the fee agreement is in writing.

While Plaintiff agrees with the case law cited by the Defendant regarding considerations regarding fees, Plaintiff disagrees that *Monroe v. FTS USE, LLC*, 2:08-cv-02100-JTF-CGC (W.D. Tenn. October 13, 2020) bears any relevance because the case was a contingent fees award converted to an hourly rate in argument only. These cases show that the Court must determine the "number of hours reasonably expended by a reasonable hourly rate." DE 186, PageID #: 2170.

Defendants' counsel details the factors in *Reed v. Rhodes,* 179 F.3d 453, (6th Cir. 1999), DE 186-1, PageID #: 2175-76, but fails to address all of these issues. These factors are similar to the expectations of counsel under Tenn. Sup. Ct. R. 8, Sec. 1.5.

Defendant counsel Michael Stephens admits that "there were no novel or difficult questions presented." DE 186-1, PageID #: 2176, p. 7. If there are no novel issues, "the skill needed to perform the legal service" is minimal and of course, the pleadings reflect that these were simply pleadings.

Defendant counsel Michael Stephens claims that the hourly rate was fixed when they were retained by Layton and CASA in 2024, however, Stephens has not presented a written contract. Id. at p. 9.

Plaintiff has more years of experience than all three of the lawyers combined. Reguli's twenty-eight years of continuous litigation experience outweighs the total of twenty-five years of Defendants' counsel. (Stephens - 8 years, Spainhour - 15 years, Sacks - 2 years = 25 years).

Plaintiff would show that she is knowledgeable of the prevailing rate in the community with comparable skill, experience, and reputation and of the comparable skill and experience that can be expected. DE 186, PageID #: 2170. A reasonable rate based in the legal community with comparable skill and experience is **$450 per hour.**

Plaintiff would show that these fees are excessive and the Court should award **no more than four hours total** at the lowest rate which is a reasonable rate for Middle Tennessee on a "no novel issue" motion and reply. The total fee award should not exceed **$1,800 (one thousand eight hundred dollars).** Further, this Court should suspend an award of attorney fees until the Court has reviewed DE 168 under the provisions of Fed. R. Civ. P. 72(a). See DE 181 filed September 15, 2026.

This is September 21 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

## Certificate of Service

The undersigned certifies that the foregoing was served on September 21, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT
CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

*2026 Reguli Woodruff P opposition to attorney fee*