FILED

2026 SEP 21 AM 10: 35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS AND FOR SANCTIONS**

Now comes that Plaintiff, Connie Reguli pro se, and files this motion for protective order and to quash the issuance of subpoenas to Bank of America, PayPal, Inc., Pinnacle Bank, Redstone Federal Credit Union, Regions Bank, Studio Bank, Citizens Tri-County Bank, Truist Bank, U.S. Bank, and Wells Fargo Bank, N.A. **EXHIBIT 1.**

Courts are entitled to limit discovery and issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). The discretion that Courts have over discovery matters is broad. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999). *New Light Church World Outreach Ctrs., Inc. v. Impact Network, Inc.*, No. 2:24-cv-12898, 2026 U.S. Dist. LEXIS 136142, at *3 (E.D. Mich. June 18, 2026)

## I. DEFENDANTS HAVE ACTED IN BAD FAITH IN AN ATTEMPT TO SECURE FINANCIAL RECORDS WITHOUT PROPER NOTICE

Federal Rule of Civil Procedure 45(b)(1) requires that when an attorney issues a subpoenas duces tecum, "a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). The Rules do not, however, include an express provision allowing for monetary sanctions solely for a violation of Rule 45(b)(1). Rather, the courts that have imposed sanctions for violations of Rule 45(b)(1) rely upon the inherent power of the federal courts "to impose sanctions on a party and attorney for bad faith conduct during the course of litigation." *Mann v. Univ. of Cincinnati,* 114 F. 3d 1188 (table), 1997 U.S. App. LEXIS 12482, 1997 WL 280188 at * 5 (6th Cir. 1997) *citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-50 (1991), *Dugle v. Norfolk S. Ry. Co.*, No. 07-40-KKC, 2010 U.S. Dist. LEXIS 150113, at *3 (E.D. Ky. Jan. 6, 2010)

Defendants failed to give proper notice knowing that Plaintiff would seek to file an objection. This type of secret manipulation should not be tolerated by the Court and was in bad faith by Defendants Williamson County CASA, Inc. and Emily Layton. Fed. R. Civ. P. 5(b)(2)(E) requires that electronic service may be made only with consent in writing.

In addition, defendants issued a subpoena to Bank of America, "third party subpoena processing" with no address, phone number, or third-party processor identified which prohibits from putting this bank on notice that an objection is filed.

## II. DEFENDANTS WILLIAMSON COUNTY CASA, INC., AND EMILY LAYTON FAILED TO GIVE PROPER NOTICE.

Defendants sent an electronic (email) Notice of Intent to Serve Subpoenas on September 11, 2026. Plaintiff has NEVER given the Defendants express permission to serve Plaintiff by email and therefore, this was a direct violation of Fed. R. Civ. Proc. 5(b)(2)(E) which states that

service may be by electronic means THAT THE PERSON CONSENTED TO IN WRITING. Therefore, service was improper and intended to deceive the Plaintiff into missing the opportunity to file a timely objection. Plaintiff observed the email on September 18, 2026.

The rule also provides that service is ineffective if the sender learns that the person did not receive it.

## III. THERE IS NO FINDING IN THIS COURT THAT THE REQUESTED RECORDS ARE RELEVANT AND PROPORTIONAL

On July 17, 2026, the Magistrate Judge entered an order (DE 140) which compelled the Plaintiff to respond to Interrogatory 1 propounded by Defendant Williamson County CASA, Inc. This order made no findings of fact or drew no conclusions of law on whether this information was relevant or proportional to the claims or defenses in this action. Plaintiff filed a timely objection (DE 143). Plaintiff filed a motion to stay on August 7, 2026. (DE 148) Defendants filed a motion for sanctions for failure to timely comply with the discovery order of July 17, 2026 (DE 140). The Magistrate Judge entered an order on September 3, 2026 (DE 168) which compelled compliance and sanctioned the Plaintiff. This order (DE 168) for the first time makes findings of facts and conclusions of law that were NEVER in the July 17, 2026 discovery order. Plaintiff filed a motion for review and objections to that order on September 4, 2026. Plaintiff raised the argument that the Magistrate Judge was rewriting the court record by retroactively making findings and conclusions that never existed. DE 181; PageID #: 2128-2133.

Further, Plaintiff argued that not only had the Magistrate Judge interjected findings that never existed, the Magistrate Judge took a summary of his statement of background facts from a separate unrelated order (DE 155) and converted it into a legal conclusion. DE 181; PageID #: 2128-2133.



Case 3:24-cv-00694 Document 189 Filed 09/21/26 Page 3 of 11 PageID #: 2190

Plaintiff would show that the permitting the defendants to cause Plaintiff's personal and professional financial records is neither relevant or proportional to the needs of this case.

## IV. PLAINTIFF'S PERSONAL AND PROFESSIONAL FINANCIAL RECORDS BETWEEN DECEMBER 3, 2014 AND MAY 31, 2022 ARE NEITHER RELEVANT OR PROPORTIONAL TO THE NEEDS OF THIS CASE

**RELEVANT FACTS**

Before this Court is a 42 U.S.C. Sec. 1983 civil rights lawsuit in which the Plaintiff has alleged that the defendants Emily Layton (executive director of defendant Williamson County CASA, Inc.) and Dana McLendon acted in concert with former defendant Judge Joseph A. Woodruff to cause the malicious prosecution of Plaintiff Reguli with fabricated evidence. DE 1, PageID #: 54, 56, 59-60. The defendants accomplished this with a stream of events that were initiated by a April 29, 2022 secret ex parte letter from Judge Woodruff to Layton and McLendon asking them to respond to his investigation of Plaintiff Reguli directly. Id, at 25. In response McLendon (attorney) drafted a statement that was sworn to by Layton on May 11, 2022, and mailed it directly back to Woodruff. This sworn statement was created with the caption file of a public records case, of which neither Layton nor McLendon were associated. Id, at 25. McLendon did not identify that he prepared the statement, he did not sign it, he did not include a certificate of service, he did not file it with the court, and it never became part of the record. Id, at 26. The Complaint alleged that he did not send it to Plaintiff Reguli. Id, at 26. Plaintiff Reguli was indicted on August 8, 2022 on aggravated perjury based on the actions of these parties alone. Id, at 21. There was no law enforcement investigation. Id, at 27. Plaintiff Reguli did not obtain these documents until October 2022 when she finally received these secret documents. Id, at 24-25. Months later, Plaintiff Reguli issued a subpoena to Williamson County CASA,

Inc.(CASA) for all of the records reviewed by Layton in preparation of the sworn statement. Id, at 29-30. Reguli's subpoena also asked CASA to produce a ledger of the miscellaneous income they had received over the relevant time period of eight years. CASA attempted to quash the subpoena but were ordered to produce the records. Id, at 30. When those records were produced, Layton responded that she did not recall what documents, if any, that she reviewed in preparation of her sworn statement and the ledger of miscellaneous income included thousands of dollars that CASA received and did not document the source of income. Id, at 31. The district attorney knew that he could not prove a negative on the records of CASA and nolle'd criminal case in June 2023. Id, at 31-32. This litigation was filed in June 2024.

## V. PROOF OF INNOCENCE IS NOT AN ELEMENT OF MALICIOUS PROSECUTION

The issue in this case is the conduct of the defendants McLendon and Layton in 2022 when they engaged in conduct with falsity and a reckless disregard of the facts, fabricated evidence that caused Plaintiff Reguli to be maliciously prosecuted. See DE 128, PageID #: 1256-57 - Plaintiff's inclusion in the Joint Discovery Dispute; DE 143, PageID #: 1369-1371 - Plaintiff's timely objections to discovery order DE 140.

The matter before the Court is NOT a contempt action, NOT a collection action, and NOT a contract action. DE 128, PageID #: 1256; DE 143, PageID #: 1369. The defendant chose to fabricate evidence by making a false statement (1) that Layton had personal knowledge, and omitting material evidence of which they had knowledge (2) that Layton did not review documents, and (3) that thousands of dollars were received that showed no source. DE 1, PageID #: 31-32. Reguli was charged with a crime. Reguli had no burden of proof in the criminal prosecution. Reguli was never required to prove her innocence. The State of Tennessee was

required to prove a negative. Ultimately the records of CASA showed that it was impossible to do so. DE 1, PageID #: 32.

Even in the instant case, a civil rights action filed under 42 U.S.C. Sec. 1942, Plaintiff Reguli is NOT required to prove her innocence. This question was resolved by the United States Supreme Court in *Thompson v. Clark:* (DE 181, PageID #: 2130)

To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under 42 U.S.C.S. § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction. A Fourth Amendment claim under 42 U.S.C.S. § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. *Thompson v. Clark*, 596 U.S. 36, 36, (2022)

**It is clearly erroneous,** as a matter of law, that requiring Plaintiff to prove her innocence is a "material issue" in this case. The defendants cannot argue this to the jury, nor seek a jury instruction that would require the jurors to even consider this as a defense. DE 181, PageID #: 2128-29.

## VI. DEFENDANTS' ARGUMENT THAT THE LAYTON SWORN STATEMENT IS TRUTHFUL DOES NOT SUPPORT AN ARGUMENT TO PERMIT THIS INVASION INTO PLAINTIFF'S PERSONAL FINANCIALS

Defendants CASA and Layton will argue that if the Plaintiff's bank accounts cannot show a payment to Williamson County CASA, Inc. between December 3, 2014 and May 31, 2022 then it is true that Reguli did commit aggravated perjury in April 2022.

This argument should not sway the Court. The question remains today, did CASA and Layton have probable cause to initiate a criminal case against Reguli in 2022. They rest on the

Layton sworn statement that claims she reviewed "regularly maintained business records", however, when pressed to disclose what she reviewed, she cannot "recall" what she reviewed "if any" business records before she signed her verified statement intended to cause Reguli to be prosecuted. She also intentionally withheld from the Court that CASA receives thousands of dollars under "miscellaneous" income which is not attributed to the sources, and that the very IRS 990 tax return that she authorized for filing showed a mere $126 in "accounts receivable". This information would have negated probable cause. Reguli had NO burden of proof in the criminal case and was never required to prove her innocence. DE 181, PageID #: 2129.

Now, during this case, Defendant Layton comes up with another "record" called a "Network for Good" record which shows "Connie Reguli" as "$0" in donations. This is purportedly a new record located to prove Reguli "did not pay." However, this record was clearly fabricated since the address shown is "1620 Westgate Cir, Ste 150", an address that Plaintiff Reguli has not used as a business address since 2010, four years prior to the 2014 sanction. The Network for Good record is an entry made by CASA employees as shown in the administrative policies provided to Plaintiff in this case. DE 169, PageID #: 1873-75.

Scavenging through Plaintiff's personal and professional financial records is neither relevant nor proportional. Plaintiff would also incorporate her arguments made in DE 181 and DE 169.

Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed.R.Civ.P. 26, Advisory Committee's Note for 2015 Amendment. The Court should consider the following factors in determining whether the requested information is proportional to the needs of the case: [T]he importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2016 U.S. Dist. LEXIS 196773, at *9 (W.D. Ky. Jan. 28, 2016)

The party seeking to quash a subpoena bears the ultimate burden of proof. If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Root, Inc. v. Silver*, No. 2:23-cv-512, 2024 U.S. Dist. LEXIS 66496, at *6-7 (S.D. Ohio Apr. 11, 2024)

Defendant Layton filed an Answer (DE 61) where she "denies that the affidavit was fabricated or materially misleading" (Id, at 686), Layton does not file a counterclaim against the plaintiff for contempt for failure to pay, fraud, or collections. Defendant CASA also filed an Answer (DE 62), also denying that Layton's affidavit was false and misleading. And while CASA raises a number of affirmative defenses, including lack of standing by the Plaintiff, CASA does not make a counterclaim for fraud against the Plaintiff or for any action for collection of what they believe is an unpaid sanction.

Therefore, the only question in this case is the claim of malicious prosecution, fabrication of evidence, (and other claims remaining) against McLendon, Layton, and CASA. The plaintiff is not required to prove innocence, and the defendants have not cited ANY authority which would require her to do so.

Controlling case law also supports Plaintiff's arguments that a fishing expedition into Reguli's personal and professional financial records is inappropriate. While this case differs from the substantive issues in *Pepin*, it is similar in the scope of discovery sought by the

defendants. The Court said, [p]rying into a plaintiff's private financial affairs should require more than the simple assertion that, in effect, the defendant wants to find out whether there is some inconsistency between what plaintiff and his doctors are telling it and what his bank statements and credit card receipts might show. *Pepin v. Wis. Cent. Ltd*, No. 2:19-cv-00042, 2020 U.S. Dist. LEXIS 259897, at *8 (W.D. Mich. Dec. 22, 2020) The party seeking discovery is obligated to demonstrate relevance. *Solve Together, LLC v. FedEx Corp.*, No. 2:22-cv-02680-JTF-atc, 2023 U.S. Dist. LEXIS 224709, at *4 (W.D. Tenn. Nov. 20, 2023)

The wrongful initiation of charges without probable cause is the gravamen of the tort of malicious prosecution. *Thompson v. Clark*, 596 U.S. 36, 36 (2022)

**THEREFORE**, the subpoenas submitted by the Defendants CASA and Layton should be quashed and a protective order entered prohibiting this fishing expedition of the defendants.

This is September 21, 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

## Certificate of Service

The undersigned certifies that the foregoing was served on September 21, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT
CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

*2026 Regul Woodruff - Sept motion protective order and quash subpoenas*

Copied to:

| | |
|---|---|
| PayPal Inc.<br>C.T. Corporation System<br>300 Montvue Rd.<br>Knoxville, TN 3791905546 | Pinnacle Bank<br>Registered Agent<br>CT Corporation System<br>300 Montvue Rd.<br>Knoxville, TN 37919-546 |
| Redstone Federal Credit Union<br>Legal Department<br>220 Wynn Drive NW<br>Huntsville, AL 35893 | Regions Bank<br>Corporation Service Company<br>2908 Poston Ave<br>Nashville, TN 37203-1312 |
| Studio Bank<br>Capitol Corporate Services<br>992 Davidson Dr. Ste B<br>Nashville, TN 37205-1051 | Citizen's Tri-County Bank<br>L. Thomas Austin<br>109 Cherry St.<br>Dunlap, TN 37327 |
| Truist Bank<br>Corporation Service Company<br>2908 Poston Ave<br>Nashville TN 37203-1312 | U.S. Bank<br>Legal Department - Subpoena Processing<br>C.T. Corporation System Inc.<br>1010 Dale St. N.<br>Saint Paul, MN 55117-5603 |
| Wells Fargo Bank N.A.<br>Corporation Service Company<br>2908 Poston Ave<br>Nashville TN 37203-1312 | Bank of America, N.A.<br>Third party subpoena processing |