UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, *et al.*,<br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is "Defendants Emily Layton and Williamson County CASA, Inc.'s Application for Attorneys' Fees Pursuant to the Court's Order (Dkt. 168) on Motion for Sanctions and Incorporated Memorandum" (Doc. No. 186, "Motion for Attorney's Fees"). Following Plaintiff's response (Doc. No. 187) and Defendants' reply (Doc. No. 193), the Motion for Attorney's Fees is now ripe for review. For the reasons stated herein, the Motion for Attorney's Fees is GRANTED IN PART (Doc. No. 186).

## I. Background

Familiarity with this case and with the circumstances of this dispute are presumed and are not again recited here except as necessary for explanation of or context to the Court's ruling.

The Court previously entered an order regarding Plaintiff's responsiveness to Defendants' Interrogatory No. 1 and her subsequent, willful failure to comply with the July 17, 2026 discovery order (Doc. No. 140, "Discovery Order"), in which the Court directed Plaintiff's immediate compliance with the Discovery Order and ordered monetary sanctions against Plaintiff (Doc. No. 168, "Sanctions Order"). The Court also required Defendants to file a fee declaration setting forth the total amount of fees and costs incurred related to the underlying motion for sanctions (Doc. Nos. 154 and 168). The Court now reviews Defendants' fee request for reasonableness.

Defendants filed the instant Motion for Attorney's Fees along with a supporting declaration and a summary of all time entries for which Defendants seek fees (Doc. Nos. 186, 186-1, and 186-2). The submitted time entries include dates of service, hours expended, fee rates, task-specific monetary amounts, as well as descriptive summaries (Doc. No. 186-2). Defendants argue that a total amount of $9,124.00 is reasonable[1] because (i) hours expended were necessary to obtain the relief awarded in light of Plaintiff's willful noncompliance and unsuccessful attempts to relitigate the merits of prior orders, (ii) discounted fee rates, pursuant to an agreed fee arrangement, were applied that "fall below the rates typically charged in the Nashville legal community," (iii) even without a discounted rate, the attorneys' rates would have been "consistent within the community for similar services by attorneys with like experience and expertise" (Doc. No. 186-1 at p. 3-5).

In response, Plaintiff argues that the Court's Sanctions Order should not include time expended preparing the reply to the motion for sanctions or the instant Motion for Attorney's Fees (Doc. No. 187 at p. 2). Plaintiff also argues that the amount of fees requested is excessive under the circumstances and should be limited to an amount between $1,800.00 and $3,680.00 (*Id*. at p. 4, 7).[2] Curiously, Plaintiff otherwise rests her argument as to excessiveness on her self-reported "continuous litigation experience" (Doc. No. 187 at p.4), which she then certified (Doc. No. 188).

## II. Law

"The party seeking attorney's fees bears the burden of documenting his [or her] entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (citation omitted). The moving party thus has two main obligations: to provide the court with "evidence supporting the hours

[1] According to Defendants, $6,497.00 was incurred for the motion for sanctions and supporting reply, and $2,627.00 was incurred for the application for fees and supporting declaration (Doc. No. 186 at p. 4).

[2] While inconsistent, Plaintiff proposes two totals: (1) 4 hours at a rate of $450.00, for $1,800.00 total, or (2) 8 hours at a rate of $460.00, for $3,680.00 total (Doc. No. 187 at p. 4, 7).

worked and rates claimed" and to demonstrate that the requested fee award is "reasonable." *Perry v. AutoZone Stores, Inc.*, 624 Fed. Appx. 370, 372 (6th Cir. 2015); *Lance Coal Corp. v. Caudill*, 655 Fed. Appx. 261, 262 (6th Cir. 2016).

The most useful starting point for determining a reasonable fee amount is the lodestar, *i.e.*, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *Webb. v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 242 (1985) (citations omitted). To determine the reasonableness of hours expended, the key requirement "is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (citation modified). "Where the documentation is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining whether a requested hourly rate is reasonable, the court looks to the "prevailing market rate in the relevant community" and considers the comparable skill, experience, and reputation of the attorneys involved in the litigation. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

After determining the lodestar amount, the court may then adjust the fees upward or downward based on the *Johnson* factors. *Reed*, 179 F.3d at 471 n.3 (citation omitted) (The *Johnson* factors include: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

## III. Discussion

Plaintiff is again reminded that courts across the circuits "uniformly impose[] the rule that objecting to a Magistrate Judge's pretrial order does not automatically stay execution of the order." *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 112 (S.D. Cal. 2024) (collecting cases). Plaintiff is also reminded that this Court's Local Rules provide that "[t]here shall be no stay of an order entered by a Magistrate Judge, absent a stay granted by the Magistrate Judge or the District Judge." M.D. Tenn. L.R. 72.01(c). Just as Plaintiff's reliance on pending objections did not justify a failure to comply with the Court's Discovery Order (Doc. No. 168 at p. 4-5), Plaintiff's mere disagreement with (Doc. No. 187 at p. 4)[3] and filed objections to (Doc. No. 181) the Court's Sanctions Order neither equate to an automatic stay nor otherwise support any delay here.

Additionally, the Court finds no merit in Plaintiff's contention that the reply to the underlying motion for sanctions and instant Motion for Attorney's Fees are somehow unrelated (Doc. No. 187 at p. 2). *See Johnson v. City of Memphis*, No. 00-CV-02608-JPM-TMP, 2019 WL 2323634, at *1 (W.D. Tenn. Mar. 1, 2019) (observing that "time spent in preparing, presenting, and trying attorney fee applications is compensable as part of the reasonable fee.") (internal citation omitted); *see also Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, No. 5:10CV2714, 2011 WL 1578505, at *3 (N.D. Ohio Apr. 26, 2011) (deeming a reply brief "related to the issue" and awarding fees). Because no stay has been granted, the Court now proceeds with the lodestar calculation and appropriate adjustments for reasonableness of the sanctions sought.

---

[3] Plaintiff's response to Defendants' application for fees offers only her conclusion, without further support or fanfare, that "this Court should suspend an award of attorney fees until the Court has reviewed DE 168 under the provisions of Fed. R. Civ. P. 72(a)" (*Id.* at p. 4).

Here, each of the 13-time entries specify the date that the time was billed, the attorney who billed the time, the fractional hours billed (in tenths of an hour), and the task(s) completed (Doc. No. 186-2). Therein, Defendants submit: (i) three entries, consisting of 4.10 hours, for associate Attorney Marlee Sacks, (ii) four entries, consisting of 6.50 hours, for partner Attorney Michael Stephens, and (iii) six entries, consisting of 7.20 hours, for partner Charles Spainhour (*Id.*).

Based on the information provided, the Court finds that the discounted hourly rates requested—$590.00 for Attorney Spainhour and $460.00 for Attorneys Stephens and Sacks—extend beyond the high end of rates typically approved. *Waldo v. Consumers Energy Co*., 726 F.3d 802, 822 (6th Cir. 2013) (the Court may look to "awards in analogous cases" and "its own knowledge and experience in handling similar fee requests" for guidance as to the prevailing market rate for attorneys); *see Dorsa v. Miraca Life Sci.*, No. 3:13-cv-01025, 2026 WL 624398, at *4 (M.D. Tenn. Mar. 5, 2026) (finding $475-$500 to be within the range of reasonable fee awards for experienced counsel); *see also Beard v. Hickman Cnty. Gov't*, No. 1:22-cv-00019, 2025 WL 3903187, at *4 (M.D. Tenn. Apr. 18, 2025) (finding an hourly rate between $375-$425 reasonable in the Nashville community for counsel with four years of experience); *see also Moore v. Mt. Zion Baptist Church*, No. 3:22-cv-00965, 2024 WL 4133030, at * 5 (Sept. 10, 2024) (collecting cases re the prevailing rate in the Middle District of Tennessee between $450-$550 per hour for experienced lead counsel and $300-$375 for associate attorneys). The Court also finds that some of the requested billing entries are plainly excessive. *See Myers v. SSC Westland Operating Co., LLC*, No. 13-14459, 2015 WL 3915797, at *4 (E.D. Mich. June 25, 2015) (citation omitted) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.").

While the Court does not at all question the necessity of Defendants' vigilant pursuit of the motion for sanctions in light of Plaintiff's "flagrant and obvious" frustration of discovery efforts, it does find the total amount of time requested to be unwarranted, particularly where it relates to a single discovery dispute that Defendants acknowledge "did not present novel or difficult issues" (Doc. Nos. 187 at p. 3 and 193 at p. 3). Even when 17.80 hours in isolation does not shock the judicial conscience, the amount of time expended becomes unreasonable in the face of evident duplication of time across two experienced attorneys drafting and revising documents that lack the benefit of novelty or difficulty otherwise deserving of their unique attention. *Cf. Nixon v. SACMI IMOLA S.C.*, No. 3:20-cv-01103, 2024 WL 1912559, at *7 (M.D. Tenn. May 1, 2024) (finding that 20 hours is a reasonable, compensable amount of time for a single discovery dispute); *Fender Musical Instruments Corp. v. Swade*, No. 3:13-cv-1075, 2020 WL 813122, at *4 (M.D. Tenn. Jan. 24, 2020) ("As an attorney's hourly rate increases based on their experience, the reasonable expectation is that the work done by that attorney will be more efficient, requiring less time and less review by peers").

For example, Attorneys Stephens and Spainhour spent 6.00 hours drafting and revising a 4-page reply to the motion for sanctions (Doc. No. 193) in addition to 5.40 hours drafting and revising a 12-page Motion for Attorney's Fees (Doc. No. 186), whereas the underlying 10-page motion for sanctions, as drafted and revised by associate Attorney Sacks and Attorney Spainhour, took 6.40 hours (Doc. No. 154). Despite Defendants' own characterization as to the absence of novelty and difficulty thus limiting the nature of work necessary to obtain relief, Defendants oddly neglect to provide any insight as to why the most senior partner performed the most work or why two partners were tasked with the reply and the instant motion for fees when either one partner or one partner and an associate could have accomplished the same—perhaps the same associate that

was tasked with assisting the underlying motion for sanctions (Doc. No. 186-2).[4] *See Hensley*, 451 U.S. at 434 (While multi-lawyer litigation is not "inherently unreasonable, at the same time, the Court must, when determining the reasonableness of the requested fees, evaluate whether the case is "overstaffed."); *see also The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 704 (6th Cir. 2016) (remarking that multiple representation can be productive but there is also the danger of duplication, a waste of resources that is difficult to measure).

In a similar vein, Defendants fail to explain why the work of two partners only reduced the total hours expended per task by 0.60 to 1.00 hour, respectively, despite having practiced law for 6-13 years longer than associate Attorney Sacks (*Id.*).[5] Even noting that Defendants appear to reduce the total amount in requesting only an associate's hourly rate for Attorney Stephens, despite his current position as a partner (Doc. No 186-1 at p. 4), Defendants also fail to provide any explanation as to when Attorney Stephens was promoted or, better yet, whether he was a partner as of August-September 2026 when the relevant work on the reply to the motion for sanctions and the Motion for Attorney's Fees was completed.[6]

The Court thus finds that a reduction in the number of hours billed is appropriate and necessary to compensate Defendants for their expenses but not punish Plaintiff beyond those goals. *Vasser v. Amesbury Springfield, LLC*, No. 3:24-cv-00527, 2026 WL 1508736, at *3 (M.D. Tenn. Mar. 13, 2026). As a result, a reasonable fee amount in this case is $3,680.00 (a total amount

---

[4] Upon review of the requested time entries, Attorney Sacks assisted Attorney Spainhour with the motion for sanctions whereas two partners—Attorney Stephens and Attorney Spainhour—worked on the reply to the motion for sanctions and the Motion for Attorney's Fees (Doc. No. 186-2).

[5] According to the time entries, 6.40 hours were completed for the motion for sanctions, 6.00 hours for the reply to the sanctions motion, and 5.40 hours for the Motion for Attorney's Fees (*Id.*).

[6] Defendants somewhat clarify that Attorney Stephens began working on the instant matter in 2024 as an associate (Doc. No. 186-1 at p. 4) without any further insight as to promotion timing.

initially suggested by Plaintiff (Doc. No. 187 at p. 7), and the Court construes as a 20% reduction applied to 10.00 hours at a rate of $460.00). *See Howe v. City of Akron*, 705 Fed. Appx. 376, 382 (6th Cir. 2017) (In determining whether an adjustment to the loadstar amount is warranted, the Court is not required to conduct a line-item review of the records and may instead do "rough justice" through an across the board reduction); *see also Ky. Rest. Concepts, Inc. v. City of Louisville*, 117 Fed. Appx. 415, 419 (6th Cir. 2004) (explaining that hours may be cut where the time was "excessive," using an "arbitrary but essentially fair approach" of simply deducting a percentage of the total hours). That total amount is a more than fair and proportional award to adequately serve the intended deterrent effect of remedying discovery misconduct. *Jackson v. Nissan Motor Corp., No. 88-6132, 1989 WL 128639*, at *3 (6th Cir. Oct. 30, 1989) (quotations and citation omitted) (determining that the purpose of imposing sanctions is to "assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery").

Accordingly, the Motion for Attorney's Fees (Doc. No. 186) is GRANTED IN PART. Defendants are awarded $3,680.00.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge