IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT CASA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS AND FOR SANCTIONS (DOC. 189)**

## INTRODUCTION

For the fifth time, Reguli seeks to litigate the relevance of her financial records, which the Court has already repeatedly found relevant. All of Reguli's claims in this case depend on her contention that she paid CASA $3,145.50. CASA has no record of any payment from Reguli, and Reguli has no record of any payment to CASA. Curiously, Reguli is determined to block the parties from uncovering whether Reguli's own financial institutions have any record of this purported payment.

CASA's intent to subpoena these financial institutions was no secret. CASA made clear it would do so to Reguli and the Court nearly four months ago when it asked the Court to compel Reguli's answer to Interrogatory No. 1, which asked Reguli to identify her financial institutions. After the Court found Interrogatory No. 1 was relevant and twice ordered her to respond, Reguli identified twelve financial institutions she claims to have banked at within an eight-year span. **Exhibit 1** (Plaintiff's Response to Interrogatory No. 1). CASA then provided notice to Reguli (via

the email address she regularly uses to communicate about this case) that it would issue subpoenas to those institutions for records of any payment to CASA or any payment of $3,145.50.

Reguli now seeks to block the subpoenas, but her motion says nothing about them. She offers no facts or argument to claim "good cause" warrants the entry of a protective order. She does not contend the return date is unreasonable. She asserts no privilege and takes no issue with the scope of the subpoenas' requests. She makes no argument under Rule 45(d)(3) at all; she never even cites it. What she offers instead is the same relevance objection this Court rejected on July 17, 2026, and rejected again on September 3, 2026. This is her fifth attempt to litigate the same objection, and it should be her last. *See* Dkts. 128, 143, 148, 169, 181.

If Reguli had actually paid CASA $3,145.50, the records she is fighting to suppress would prove it. Her determination to keep them out of this case—which thus far has been successful—is revealing. Regardless, her motion is procedurally defective and lacks substantive merit. The Court should deny the motion.

## RELEVANT BACKGROUND[1]

Each of Reguli's claims hinges on whether she paid the 2014 sanction to CASA. If she did not, then CASA could not possibly have a record of it, and the Layton Affidavit is undisputably

[1] Reguli again misstates the underlying facts. For example, Reguli repeatedly claims that, in the criminal matter, she subpoenaed "CASA to produce a ledger of the miscellaneous income," that CASA "attempted to quash the subpoena but were ordered to produce the records." Dkt. 189 at PageID #2191–92. That is demonstrably false: Reguli's subpoena sought "**[a]ll of CASA's regularly maintained business records**" over the eight-year period and documents "that demonstrate the detailed receipt of funds categorized as 'miscellaneous income' from 2014 to May 11, 2022." Dkt. 175-1 at PageID #2093 (emphasis added). The court found both of these requests to be overly broad and limited them to records "received by Emily Layton that were reviewed and relied upon as a basis for" the Layton Affidavit and documents "categorized as 'miscellaneous income' **reflecting a payment received from Connie Reguli from 2014 to May 11, 2022**[.]" *Id.* at PageID #2095–96 (emphasis added). Dkt. 28. Reguli omits that Layton spoke "with CASA's bookkeeper regarding whether [Reguli] ever made a payment to CASA" and that CASA repeatedly responded that there were no documents reflecting a payment from Reguli, but in "good faith"

true. After the stay of discovery was lifted, on May 22, 2026, Layton and CASA served Interrogatory No. 1 on Reguli, requesting that she identify the financial institutions at which she maintained accounts. *See* Dkt. 128-1. Reguli objected to the interrogatory and refused to respond, claiming her financial records were irrelevant and invaded her privacy. *Id.* The parties met and conferred but were unable to reach a resolution, and they submitted their motion for discovery conference and joint discovery dispute statement on June 19, 2026. Dkt. 128. In it, CASA made known to Reguli and the Court that it intended to "subpoena [Reguli's] financial institutions to obtain" her financial records given Reguli claims "she no longer has [them]." *Id.* at PageID #1253.

On July 17, 2026, Reguli and counsel for Layton and CASA participated in a discovery dispute conference before Magistrate Judge Evans. Dkt. 140. Having determined that Layton and CASA's interrogatory sought relevant information and was proportional to the needs of the case, the Magistrate Judge ordered Reguli to respond to Layton and CASA's interrogatory, as modified, within 14 days. *Id.* Instead of complying, Reguli sought review from the District Judge, Dkt. 143, and filed a belated motion to stay, again arguing her personal and professional financial records are irrelevant. Dkt. 148. CASA sought sanctions against Reguli for her refusal to respond to Interrogatory No. 1. Dkt. 154. Once more, Reguli argued her financial records were irrelevant. Dkt. 161. The Court sanctioned Reguli and again ordered Reguli to comply with the Court's order "immediately." Dkt. 168. And again, Reguli filed another motion for review, raising the same objection as to the relevance of her financial records. Dkt. 181.

---

produced "a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022." Dkt. 82-6 at PageID #988–989. Apart from misrepresenting the record, Reguli offers no facts, evidence, or argument that if she had paid the $3,145.50 sanction, CASA's ledger of income would have categorized it as "anonymous" or as "otherwise unidentified" income.

On September 8, 2026, under compulsion of this Court's order and after being sanctioned for defying it, Reguli finally identified the financial institutions she claims to have held accounts between December 3, 2014 and May 2022. Ex. 1. On September 11, 2026, CASA provided notice of intent to serve subpoenas to the financial institutions where Reguli admitted she held accounts to Reguli by email pursuant to L.R. 45.01(d). **Exhibit 2** ("Reguli v Woodruff et al – notice of intent to serve subpoenas" Sept. 11 Email). Reguli claims she "observed the email on September 18, 2026," even though she utilized the same email address to communicate with counsel for CASA a day earlier. Dkt. 189 at PageID #2190; **Exhibit 3** (September 17, 2026 email from Reguli). She then filed this motion on September 21, 2026, without first conferring with CASA about her purported "objections." Reguli notified the institutions of her motion, and as a result, CASA has received records from only two financial institutions.

## STANDARD OF REVIEW

Reguli's filing is two motions in one: she seeks a protective order under Rule 26(c) and an order quashing ten subpoenas[2] under Rule 45. Each motion is governed by a different standard of review, and Reguli fails to articulate either correctly.

Rule 26(c)(1) permits the Court, "*for good cause*," to issue an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (emphasis added). Reguli "bears the burden to show good cause 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Dkt. 182 at PageID #2144–45 (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v.*

[2] Reguli identified twelve financial institutions, but two of them (First Union and SouthTrust) were acquired by Wachovia and ceased operations in 2001 and 2004, over a decade before the relevant period identified in Interrogatory No. 1. Wachovia was itself acquired by Wells Fargo and ceased operations in 2008, six years before the relevant period.

*Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Reguli omits any reference to her burden to establish "good cause" and fails to argue it is present here.

On the other hand, Rule 45(d)(3)(A) identifies the exclusive grounds on which a court must quash or modify a subpoena. To do so, the court must find the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Reguli again bears the burden, although she does not cite Rule 45(d)(3) or argue any of the four criteria are present here.

## ARGUMENT

### I. Reguli's motion is procedurally improper because she failed to meet and confer with CASA before filing her motion.

Reguli's motion violates Rule 26, Rule 37, Local Rule 37.01, and the Court's scheduling order because Reguli failed to meet and confer before filing her motion. Local Rule 37.01 requires the parties to meet and confer, and if unsuccessful at resolving a dispute, submit a joint discovery dispute statement that details the attempt at resolution and the parties' respective positions, which "must be attached to any filed discovery motion." L.R. 37.01(a), (b). This Court's scheduling order imposes the same obligation on the parties. *See* Dkt. 54 at PageID #636–37 ("Before any motion related to a discovery dispute is filed, the parties must try in good faith to resolve the dispute independently," and any subsequent motion "shall certify that the parties have tried to resolve the dispute independently."). Courts have consistently denied discovery motions for failing to satisfy this obligation. *See, e.g.*, *Griffin v. Southtec, LLC*, No. 3:11-00769, 2012 WL 3687567, at *1–2 (M.D. Tenn. Aug. 27, 2012); *State Farm Fire & Cas. Co. v. Romar Constr. Co.*, No. 1:24-CV-0158-CEA-SKL, 2024 WL 7097654, at *4 (E.D. Tenn. Aug. 16, 2024).

Reguli did none of this, and for this reason alone, the Court can and should deny Reguli's motion.

## II. Reguli is not entitled to a protective order.

Reguli's motion for protective order is without merit for several reasons.

*First*, Reguli does not even attempt to satisfy her burden of showing "good cause" with "a particular and specific demonstration of fact." Dkt. 182 at PageID #2144–45. She makes no such showing, offers no facts, and even fails to recite the appropriate standard. She also does not argue the subpoenas burden *her*—they plainly do not, given they are directed to third parties and cost her nothing. Her omission of any showing of good cause is likely because there is no good cause to show, and the Court should deny her motion on this basis alone.

*Second*, her relevance and proportionality arguments have already been litigated. *See* Dkt. 128 at PageID #1256–57; Dkt. 143 at PageID #1368–72; Dkt. 169 at PageID #1874–77; Dkt. 181 at PageID #2124–25, 2131–36; Dkt. 189 at PageID #2190–95. Reguli was present at the discovery conference when the Magistrate Judge rejected these arguments and found Interrogatory No. 1, as modified, was relevant and proportional. Dkt. 140; *see also* Dkt. 168 at PageID #1864. Reguli made the same argument again as her excuse for defying the order compelling her response to the interrogatory, which the Court again found unavailing. Dkt. 168 at PageID #1862–68. Reguli's own authority confirms she bears the "burden to establish the lack of relevance." Dkt. 189 at PageID #2195 (quoting *Root, Inc. v. Silver*, No. 2:23-CV-512, 2024 WL 1579916 (S.D. Ohio Apr. 11, 2024). But here, the subpoenas request documents showing payments to CASA and payments of $3,145.50, either of which clearly "has a[] tendency to make [it] more or less probable" that CASA would or should have a record reflecting a payment from Reguli for $3,145.50. Dkt. 189-1; Fed. R. Evid. 401.

This is why Reguli's claim that "she need not prove her innocence," and her reliance on *Thompson v. Clark*, misses the mark. *Thompson v. Clark*, 596 U.S. 36 (2022) addresses the favorable termination element of a Fourth Amendment malicious prosecution claim, and CASA has never argued Reguli must "prove her innocence." However, Reguli does have to prove that the Layton Affidavit was false. *Price v. Montgomery Cnty.*, 72 F.4th 711, 725 (6th Cir. 2023). And her entire theory of "falsity" hinges on her unsupported claim that she *did* pay and that the Layton Affidavit was false because CASA maintains a ledger that includes entries from anonymous or unspecified sources that "could have come from Reguli." Dkt. 1 at ¶ 65, PageID #25–26. But Reguli offers no facts and makes no argument that her purported payment would have actually been categorized as "miscellaneous," "anonymous," or from an unidentified source. And her claim that CASA's "IRS 990 tax return" showed only $126 in "accounts receivable" assumes CASA would have categorized a payment from Reguli as such, which it did not.

Reguli cannot avoid a simple truth: if she never paid, the truth of the Layton Affidavit is undeniable because CASA could not possibly have a record of a payment that even "could have come from Reguli." Reguli—not Layton or CASA—put her purported payment at issue in her Complaint when she filed a $240 million lawsuit premised on her purported payment to CASA.

*Finally*, although styled as a motion for "protective order" relating to the subpoenas, the motion is nothing more than an effort to keep the records from being produced, and it is working. Indeed, Reguli's motion raises no objection to the subpoenas themselves; she does not challenge Category 1 or Category 2, and she does not contend that either set of requests reaches further than this Court's relevance determination. She proposes no narrowing of the subpoena, just as during the discovery conference where she "was unable or unwilling to provide any information to assist the Court in narrowing the scope of the interrogatory." Dkt. 168 at Page ID #1863. If Reguli were

genuinely concerned about the breadth of the subpoena, she would say so. Instead, she seeks to reopen "relevance and proportionality" for the fifth time because blocking the production, not limiting it, is the object.

This is the second time Reguli has used "objections" to prevent Layton and CASA from reaching this evidence. She refused to answer Interrogatory No. 1, ignored the court order compelling her response, and only answered after she was sanctioned and warned that her defiance may result in more serious sanctions. *See* Dkts. 148, 168, 181. Now, after having been forced to name the financial institutions, she seeks to stop CASA from using the information these financial institutions may possess. Her approach has worked: as of the date of this filing, CASA has only received financial records from two entities, which were produced October 5, 2026. Another three have responded that they have no records responsive to the subpoenas, while four[3] have cited Reguli's motion and advised that they will not respond until the Court resolves it. **Collective Exhibit 4** (Correspondence from financial institutions identified by Reguli).

Reguli's motion for a protective order should be denied.

## III. The motion to quash identifies no grounds for quashing the subpoenas.

Reguli's motion to quash fares no better. Rule 45 supplies the only grounds on which a subpoena must be quashed, and "[r]elevance is not one of the permissible bases for such relief." *Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, No. 2:12-mc-00042, 2012 WL 5288788, at *2 n.1 (W.D. Tenn. Oct. 24, 2012). Reguli does not argue any of the available grounds for quashing a subpoena are applicable here. There is no objection that (i) the subpoenas fail to allow a reasonable time for compliance, (ii) compliance violates the geographical limits of Rule 45(c), (iii) privileged or protected matters would be disclosed, or (iv) anyone is subjected to an undue burden.

[3] CASA has not received a response from the remaining institution.

Although "[w]hether a subpoena imposes an 'undue burden' depends on the facts of the case including the need for the documents or their relevance," courts will "weigh the relevance of the requested material against the burden of producing the material" to determine whether an undue burden exists. *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 330 (W.D. Ky. 2022) (internal citations omitted). But here, Reguli does not argue any burden exists because none possibly could—that burden belongs to the subpoenaed institutions. In any event, the Court has already determined Reguli's financial records regarding a payment to CASA are relevant. *See* Section II, *supra*.

Reguli concedes it is her burden to offer proof in support of quashing the subpoenas, Dkt. 189 at PageID #2195, but she offers none. The Court should deny her motion to quash.

## IV. CASA's method of notice was proper, done in good faith, did not prejudice Reguli, and sanctions are not warranted.

Reguli also argues the notice of intent to serve subpoenas was improper because CASA sent the notice via email, which she argues was done in "bad faith," "intend[ing] to deceive," and should result in sanctions under the Court's inherent authority. *Id.* at PageID #2189–90. Reguli offers no support for any of these arguments, which are ultimately irrelevant given that Reguli has not suffered any prejudice.

As an initial matter, Rule 45(b)(1) does not prescribe a method of providing notice, but Local Rule 45.01(d) requires that it be completed by "facsimile, electronically, or by hand delivery…." Mail is not among the permitted methods in Local Rule 45.01(d), and CASA utilized email to provide notice to Reguli and McLendon because (1) it complies with this Local Rule and (2) it provides instantaneous notice via a means of communication that Reguli has utilized with CASA throughout this litigation. Indeed, less than two months ago, CASA emailed Reguli a notice of intent to serve its subpoena on Judge Woodruff, and she did not raise any objection to this method of service. **Exhibit 5** ("RE: Reguli v. Woodruff et al – notice of intent to serve subpoena"

Aug. 17 Email). Apart from that, CASA's counsel and Reguli regularly communicate via email, including Reguli's serving her response to Interrogatory No. 1 via email three days before CASA's email notice of intent to serve these subpoenas. *See* **Collective Exhibit 6** ("RE: Reguli v. Woodruff - motion to file sur-reply" Email); ("Reguli / Woodruff – Interrogatory 1" Email); ("Reguli v. Woodruff et al 3:24-cv-00694" Email); ("2026 Reguli/Woodruff Aug 28 proposed protective order.docx" Email); ("RE: 2026 Reguli/Woodruff - Sept 17 - joint discovery dispute" Email). Reguli not only responds to emails, but she often initiates email correspondence with counsel. *See id.* Despite this pattern of correspondence, Reguli argues CASA "intended to deceive" her by sending notice by email. To the contrary, it was entirely reasonable, and done in *good* faith, for CASA to provide instantaneous notice to Reguli via email like it had done earlier in this case for another subpoena. Reguli's argument mischaracterizes the record and seeks to impute deception and bad faith where none exists.

Moreover, Reguli's claim that she was somehow deprived of the opportunity to object to the subpoenas via notice by email defies credulity. Reguli has been aware that CASA intended to subpoena the financial institutions identified in her belated answer to Interrogatory No. 1 for nearly four months. In the parties' June 19, 2026, joint discovery dispute statement, Layton and CASA told Reguli and the Court exactly what they intended to do: "Reguli's financial records are plainly relevant and proportional to whether she paid the sanction. She maintains that she no longer has those records, *so Layton and CASA intend to subpoena her financial institutions to obtain them*." Dkt. 128 at PageID #1253 (emphasis added).

Even assuming the notice was defective and should have been by mail, the remedy Reguli seeks is inapplicable and inappropriate. Courts routinely "move past a technical violation of Rule 45(a)(4) and examine the merits of the matter when the movant has not been prejudiced by the

violation" and find that no prejudice exists when the party opposing a subpoena "was able to file its motion to quash and allow the Court an opportunity to address its objections." *See, e.g.*, *Spring Hill Beechcroft Rd. I LLC v. Magna Seating of Am., Inc.*, No. 1:22-CV-00049, 2024 WL 469635, at *2 n.2 (M.D. Tenn. Jan. 3, 2024) (noting "[t]he purpose of providing a notice and a copy of the subpoena to the other parties in the case is to afford the parties time to object or serve a subpoena requiring additional information . . . . Here, Plaintiff had an opportunity to object and did so") (internal citation omitted); *Gist v. Pilot Travel Ctrs., LLC*, No. 3:10-MC-0095, 2011 WL 4055788, at *2 n.1 (M.D. Tenn. Sept. 12, 2011) (reasoning quashing inappropriate even if the "procedural requirements of Rule 45 were arguably not met" given "the party did actually receive the subpoena in a timely fashion and was not prejudiced by the method of service").

The same result is warranted here. Despite eleven pages of briefing, Reguli does not claim or otherwise argue she has been prejudiced. Although Reguli claims to have "observed" CASA's September 11, 2026, email on September 18, 2026, a day after Reguli emailed CASA herself (*see* Ex. 3), Reguli's motion was filed two weeks before CASA received any documents in response to the subpoenas. To date, only two entities have produced documents (and did so on the date of this filing), and four have reported they will not do so in light of Reguli's motion. Coll. Ex. 4. Absent any prejudice, Reguli's argument is without merit.

Finally, the sanctions Reguli seeks pursuant to the Court's inherent authority require a showing of bad faith. Dkt. 189 at PageID #2189 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Mann v. Univ. of Cincinnati*, 1997 WL 280188 (6th Cir. 1997)). As explained above, there was no bad faith. CASA announced its intention to serve these subpoenas to Reguli and the Court over three months ago, offered to narrow them, waited for a court order compelling the information needed to direct them *twice*, and provided notice by the method the Local Rule prescribes and the

same method Reguli has utilized to communicate with and serve CASA throughout this action. *See* Dkts. 128, 140, 168; Ex. 1. The notice argument is a red herring in a motion that fails to make any showing of good cause, identifies no ground to quash, fails to articulate any prejudice, and seeks only to once again prevent the discovery of evidence most central to Reguli's own claims.

**CONCLUSION**

For the foregoing reasons, the Court should deny Reguli's motion in its entirety, confirm that the subpoenas remain in force and that the subpoenaed institutions shall produce responsive documents, and deny her request for sanctions.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Marlee G. Sacks*
Charles (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on October 5, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on October 5, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Marlee G. Sacks*
Marlee G. Sacks