FILED

2026 OCT -9 AM 9:57

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S REPLY AND MEMORANDUM IN SUPPORT TO DEFENDANT CASA AND LAYTON RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS AND FOR SANCTIONS DE 189 AND 195**

Now comes the Plaintiff, Connie Reguli, pro se, and files this reply to the response in opposition (DE 195) filed by Defendants', Williamson County CASA, Inc. (CASA) and Layton, response in opposition to Plaintiff's motion for protective order and quash subpoenas (DE 189). Defendant's Response was filed on October 5, 2026, served by first class mail.

**ALL MATTERS REGARDING THE RELEVANCE AND PROPRIETY OF PLAINTIFF'S FINANCIAL RECORDS ARE NOT FINAL**

Defendants argue that "the Court has already repeatedly found" that Plaintiffs financial records are relevant. DE 195, PageID #: 2239. In doing so, Defendants fail to include in their pleadings that the Magistrate Judge's order of July 17, 2026 (DE 140) and the September 3, 2026 (DE 168) are under review. These are not final as to the issue at hand. Defendants then confound the July 17, 2026 ruling of the Court, which made NO findings of fact or conclusions of law, with the Court's ruling on sanctions (DE 168), which attempted to cure the July 17, 2026 order by using the Magistrate Judge's order regarding the deposition of former defendant Joseph A. Woodruff, (DE 155, 8/12/2026) and morphing the Court's restatement of facts into

conclusions relied for the July 17, 2026 order. All of this has been brought to the Court attention in Plaintiff's motion to review orders DE 140 and DE 168. See Plaintiff's motions: DE 143 (to review 140) filed 7/27/2026; DE 181 (to review DE 168) filed 9/1/2026.

Plaintiff has already asserted privilege of her financial records as well as relevance and proportionality. Until those issues are resolved, this Court should quash the subpoenas and issue a protective order and order the destruction of all documents received.

The tenor of the Defendants' response is intended to invoke animosity and bias with the Court instead of viewing the arguments. It is the defendants who caused the false prosecution and detention of the Plaintiff. Had the defendant been honest regarding their lack of knowledge in May 2022, there would have never been a prosecution. Instead, they chose to cooperate with the secret investigation initiated by Judge Woodruff and create a false and intentionally misleading statement. The defendants had to prove a negative in the criminal matter. Plaintiff was never required to present positive proof of innocence. See DE 189, PageID #: 2191, 2192.

**DEFENDANT CASA DID NOT COMPLY WITH THE RULES FOR SERVICE**

Plaintiff argues that Defendant did not comply with Fed. R. Civ. P. 45 for notice.

Defendant argues that they complied with Local Rule 45.01(d) (See PageID #: 2242, 2247) by emailing Plaintiff notice of the subpoenas. Defendant's counsel claims that L.R. 45.01(d) does not provide for service by mail. Defendant's counsel claims that local rules permit serving notice of the subpoenas by facsimile, electronically, or by hand delivery…., therefore because Plaintiff had used an email address for some other communication that this Court should deem that as effective service. Plaintiff would show that informal communication by the Plaintiff via email does NOT provide written consent to receive pleadings and other documents

covered under Fed. Rules of Civil Proc. 5(b)(2)(E) which requires WRITTEN CONSENT to serve litigants via email. Local rules cannot conflict with Federal Rules.

Rule 83 of the Federal Rules of Civil Procedure expressly authorizes district courts to adopt their own local court rules to cover areas not specifically covered by the federal rules" so long as those local rules do not "conflict with the Federal Rules of Civil Procedure, Acts of Congress, and rules of practice and procedure prescribed by the Supreme Court. *Wilson v. Tennessee*, No. 18-5396/18-5398, 2018 U.S. App. LEXIS 26101, at *5 (6th Cir. Sep. 13, 2018) (internal cites omitted)

Fed. R. Civ. P. 5(b)(2)(E) is clear that electronic service applies when a litigant (or counsel) is a registered user of the court's electronic filing system, however, other electronic service must be with **written consent**. There is no dispute that Plaintiff is NOT a registered user of the electronic filing system. In this case, Defendant CASA admits that the notice of the subpoena was served ONLY via email. The only excuse provided was that Plaintiff had used that email address for a letter (which was also mailed). L.R. 5.02(b) anticipates that pro se litigants may give written permission to be served under CM/ECF but it requires filing a consent form with the Clerk.

Defendant argues that Plaintiff's expectation that Defendant should comply with the Fed. Rules of Civil Procedure for service of pleadings and other papers "defies credulity". DE 195, PageID #: 2248. This is not a legal argument. It is a posture intended to sway the court to be influenced and prejudiced against the Plaintiff. The fact remains that Defendant CASA defied the rules of service under Fed. R. Civ. P. 5(b)(2)(E), and wants to shift the blame to Plaintiff.

Defendants also claims that because "CASA announced its intention to serve these subpoenas and the Court over three months ago" (without citation to the record) (DE 195,

PageID #: 2249), suggesting that Plaintiff was required to file her motion prospectively in anticipation of future subpoenas. There is no legal authority that would support this argument.

Defendants knew that Plaintiff did not accept email service of papers. On August 25, 2026, CASA counsel Mike Stephens sent Plaintiff Reguli an email about the proper zip code (which was corrected) and confirmed in this email communication that Reguli REQUIRES service by mail. EXHIBIT 1 - EMAIL AUGUST 25, 2026

Finally, Defendant's arguments defy their prior practice. On August 17, 2026, CASA counsel prepared and served by mail a Notice of Intent to Serve Subpoena. The Certificate of Service is clear that counsel served the notice by "email and U.S. Mail, postage prepared". EXHIBIT 2 - NOTICE AUGUST 17, 2026.

**PLAINTIFF DID NOT MAKE A FALSE REPRESENTATION TO THE COURT**

Defendants' attorney Marlee Sacks states in footnote one: "Reguli again misstates the underlying facts. For example, Reguli repeatedly claims that, in the criminal matter, she subpoenaed 'CASA to produce a ledger of the miscellaneous income,' that CASA 'attempted to quash the subpoena but were ordered to produce the records.' That is demonstrably false: Reguli's subpoena sought '[a]ll of CASA's regularly maintained business records' over the eight-year period and documents 'that demonstrate the detailed receipt of funds categorized as 'miscellaneous income' from 2014 to May 11, 2022." Plaintiff's narrative may lack clarity but it not demonstrably false. For clarity, relevant documents are attached EXHIBITS.

(3) Emily Layton's affidavit dated May 11, 2022; (4) Williamson County Court Appointed Advocates' Motion to Quash Subpoena, dated April 3, 2023; (5) Judge Morgan's order for CASA to respond to the subpoena dated May 5, 2023; (6) Notice of Compliance with May 5, 2023 Order on Williamson County CASA's Motion to Quash dated June 5, 2023; (7)

Miscellaneous income ledge produced by CASA June 5, 2023 (CASA0013-CASA0020); (8) Williamson County CASA, Inc. Statement of Activities for the year ended June 30, 2016 showing $8,319 (eight thousand three hundred nineteen dollars) in miscellaneous income[1]; and (9) Williamson County CASA, Inc. Excerpts IRS 990 tax returns for tax years ending June 30, 2017, page 1 & 11, June 30 2020, page 1 & 11, June 30, 2021, page 1 & 11.

The plaintiff does not need to alter these facts. These documents demonstrate that the May 11, 2022 affidavit is false. Layton did not have personal knowledge, and did not review the regularly maintained business records. The regularly maintained business records would have conceivably included accounts receivable entries for any outstanding indebtedness owed by Reguli. The records did not and Layton knew that they did not because she had been the preparer, filer, or signer of the tax returns for 2020 and 2021. The statement of financial accounts and the ledger of miscellaneous income are conceivably "regularly maintained business records" that showed the CASA did not record the source of thousands of dollars in receipts. Layton's response that she did not recall what documents, if any, she reviewed could be easily construed by the jury that she reviewed nothing at all.

Notably in her response that she spoke to the unnamed bookkeeper in her June 5, 2023 response to the criminal court subpoena, <u>she does not even state that the bookkeeper told her.</u> Of course, any such statement would have been hearsay and not "personal knowledge".

CASA was required to produce documents in the underlying criminal court proceeding. Any lack of clarity is resolved with full disclosure of these records.

Plaintiff's motion should be granted.

---

[1] Note that items 6 and 7 were provided to Defendant Williamson County CASA Inc, on or about July 3, 2026 for a Request for Admissions on the genuineness and authenticity of these records. They objected to the request and this discovery matter remains pending. Plaintiff has sent Defendant a deficiency letter and requested a conference.

This is October 9, 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

**Certificate of Service**

The undersigned certifies that the foregoing was served on October 9, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DECLARATION OF FACTS**

I, Connie Reguli, do certify under penalty of perjury that following:

1. Attached documents are true copies of the documents they purport to represent.

2. I served Defendant Williamson County CASA, Inc. with a request for admissions on several financial documents including those in Exhibits 8 and 9. CASA objected and this discovery issue is outstanding. Plaintiff has sent Defendant a Statement of discovery dispute.

3. The gross negligence of defense counsel and their inconsistent positions has caused unnecessary delay and prejudice to the Plaintiff.

Date: Oct. 9, 2026 Signed: ______________________

Under 28 U.S.C.S. § 1746, a matter may be evidenced by a declaration if the declarant includes, in substantially the following form, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. *Shelton v. Cuyahoga Metro. Hous. Auth.*, No. 24-3933, 2026 U.S. App. LEXIS 1267, at *1 (6th Cir. Jan. 14, 2026)