FILED

2026 OCT -9 AM 9:57

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

3:24-cv-00694

# EXHIBIT LIST

(1) August 25, 2026 email from Williamson County CASA Inc. Attorney Mike Stephens.

(2) August 17, 2026 notice of intent to serve subpoenas sent via U.S. Mail from Attorney Mike Stephens.

(3) Emily Layton's affidavit dated May 11, 2022: Layton states "the following affidavit upon her personal knowledge"; "Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason." "There is no record os Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA."

(4) Williamson County Court Appointed Advocates' Motion to Quash Subpoena, dated April 3, 2023. CASA acknowledges the Plaintiff Reguli seeks, "all accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to present." Pg. 3. CASA objected to the production of any documents and claimed even in 2023, that "Defendant is in the best position to show affirmatively that payment was made to CASA, and as such, any supposed <u>lack of documentation at CASA</u> [emphasis added] is simply not relevant." Pg. 7

(5) Judge Morgan's order for CASA to respond to the subpoena dated May 5, 2023. CASA was ordered to produce Part A: All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022. Part B: (in part) (1) All accounting documents that represent account receivables entries in general ledger or other account services regarding

Connie Reguli since 2014 and through May 11, 2022; (2) All invoices, letters, memorandums, or other communication from CASA to Connie Regui seeking payment from August 2014 to May 11, 2022; (3) STRICKEN; (4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022.

(6) Notice of Compliance with May 5, 2023 Order on Williamson County CASA's Motion to Quash dated June 5, 2023: Responses (in part) Part A. 1. All of CASA's regularly maintained business records received by Emily Layton that were received and relied upon as a basis of her verified statement dated May 11, 2022: RESPONSE: Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA. Part B: 1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022; RESPONSE: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014 through May 11, 2022. 2. All invoices, letter, memorandums, or other documentation from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022. RESPONSE: There are no documents responsive to this request. 4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022. RESPONSE: There are no documents responsive to

this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014 through May 11, 2022.

(7) Miscellaneous income ledge produced by CASA June 5, 2023 (CASA0013-CASA0020). Eight pages of ledger entries showing thousands of dollars of unidentified receipts.

(8) Williamson County CASA, Inc. Statement of Activities for the year ended June 30, 2016 showing $8,319 (eight thousand three hundred nineteen dollars) in miscellaneous income[2].

(9) Williamson County CASA, Inc. Excerpts IRS 990 tax returns for tax years ending June 30, 2017, page 1 & 11, June 30 2020, page 1 & 11, June 30, 2021, page 1 & 11. On each of these publicly available tax records, on Page 11, Line 4 has no entry for "accounts receivable" for the 2017 & 2020 returns, and $126 for the 2021 return. The 2020 and 2021 returns have an apparent indicia the Emily Layton either prepared, approved, or filed these forms "Under penalty of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Emily Layton, Executive Direc[sic] appears as "officer".

---

[2] Note that items 6 and 7 were provided to Defendant Williamson County CASA Inc, on or about July 3, 2026 for a Request for Admissions on the genuineness and authenticity of these records. They objected to the request and this discovery matter remains pending. Plaintiff has sent Defendant a deficiency letter and requested a conference.

REGULI v. WOODRUFF, ET AL
3:24-cv-694

# EXHIBITS

1. August 25, 2026 email from Williamson County CASA Inc. Attorney Mike Stephens.

EXHIBIT
1

Gmail Family Forward <connie.familyforward@gmail.com>

# Reguli v Woodruff et al - address for service

**Stephens, Mike** <MStephens@bradley.com> Tue, Aug 25, 2026 at 12:51 PM
To: Family Forward <connie.familyforward@gmail.com>
Cc: Dana McLendon <dana@danamclendonlaw.com>, "Spainhour, Fritz" <fspainhour@bradley.com>, "Sacks, Marlee" <msacks@bradley.com>

Ms. Reguli – today, we received the attached envelope containing Layton and CASA's service of their Motion for Sanctions and Response to your Objections to Discovery Order, which was returned as undeliverable. This is the first time we have received anything we have served on you via mail, as you require, as undeliverable. Given your response to the Motion for Sanctions was filed yesterday, we can only assume you received it somehow.

We were puzzled as to why this was returned as undeliverable and investigated. The address is identical to the address provided in your Notice of Change of Address (Dkt. 88) and identical to what the Court has as your address on PACER. But we noticed for the first time today that your signature block reflects the zip code as 37**128**, not 37027.

Please confirm the correct zip code. If it is 37128, please correct it with the Court so there is no confusion or discrepancy as to the correct address for service on you.

I am attaching a copy of Layton's Second Set of Interrogatories and First Set of Requests for production, which was placed in the mail to you for service yesterday using the address as reflected on PACER and in your Notice of Change Address which includes the 37027 zip code. Given it was placed in the mail to the address of record with the Court per your Notice of Change address, service was still effective yesterday per FRCP 5, but we are providing you this courtesy copy via email today in light of the above.

Best,

Bradley

**Mike Stephens**
Partner
e: MStephens@bradley.com w: bradley.com
d: 615.252.3814
Bradley Arant Boult Cummings LLP

ONE 22 ONE, 1221 Broadway, Suite 2400
Nashville, TN 37203

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

**2 attachments**

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

2. August 17, 2026 notice of intent to serve subpoenas sent via U.S. Mail from Attorney Mike Stephens.

EXHIBIT
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**NOTICE OF INTENT TO SERVE SUBPOENA FOR THE PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS**

Defendants, Williamson County CASA, Inc. and Emily Layton, pursuant to Fed. R. Civ. P. 45(a)(4) and L.R. 45.01(d), hereby give notice of their intent to serve a subpoena for the production of documents, information, or objects on non-party, Williamson County Sheriff's Office, attached hereto as **Exhibit A**.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2026, a true and correct copy of the foregoing was served by e-mail and U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027
connie.familyforward@gmail.com

I also hereby certify that on August 17, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

s/Michael J. Stephens
Michael J. Stephens

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

3. Emily Layton's affidavit dated May 11, 2022: Layton states "the following affidavit upon her personal knowledge"; "Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason." "There is no record os Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA."

EXHIBIT
3

IN THE CHANCERY COURT OF WILLIAMSON COUNTY, TENNESSEE

| | |
|---|---|
| RE: PUBLIC RECORDS REQUEST ON WILLIAMSON COUNTY<br><br>CONNIE REGULI<br><br><br>MAYOR ROGERS ANDERSON OF WILLIAMSON COUNTY, TENNESSEE | NO 22 CV 51293 |

AFFIDAVIT OF EMILY LAYTON

State of Tennessee
County of Williamson

Emily Layton, an adult, makes the following affidavit upon her personal knowledge and under penalty of perjury:

1. My name is Emily Layton. I am the Executive Director of Williamson County CASA.
2. I have reviewed an excerpt of the testimony given by Connie Reguli before this court in this case on 26 April 2022. That excerpt concerned Ms. Reguli's testimony that she had paid $3,145.50 in attorneys fees to CASA as part of this court's sanctions imposed in 2014. Ms. Reguli testified with certainty that she had paid that sanction to CASA although she was unable to say precisely when.
3. Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason.
4. There is no record of Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA.
5. Further affiant sayeth not.

Emily Layton

Emily Layton

Sworn and subscribed before me this 11 day of May, 2022.

Amanda Jackson

Notary Public
My commission expires: Feb. 28, 2026

AMANDA JACKSON STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF WILLIAMSON MY COMM. EXP. FEB. 28, 2026

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

4. Williamson County Court Appointed Advocates' Motion to Quash Subpoena, dated April 3, 2023. CASA acknowledges the Plaintiff Reguli seeks, "all accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to present." Pg. 3. CASA objected to the production of any documents and claimed even in 2023, that "Defendant is in the best position to show affirmatively that payment was made to CASA, and as such, any supposed lack of documentation at CASA [emphasis added] is simply not relevant." Pg. 7

EXHIBIT
4

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
TWENTY-FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| v. | ) | No. W-CR220457 |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |

**WILLIAMSON COUNTY COURT APPOINTED SPECIAL ADVOCATES' MOTION TO QUASH SUBPOENA**

Williamson County Court Appointed Special Advocates ("CASA") moves the Court for entry of an order quashing the subpoena issued at the request of Defendant Connie Reguli ("Defendant"). In support of this Motion, CASA States as follows:

## INTRODUCTION

Defendant has been charged with aggravated perjury stemming from statements made in a separate proceeding related to a 2014 court order for Defendant to pay CASA $3,145.00. On March 2, 2023, the Circuit Court Clerk issued a subpoena at the request of Defendant, which was thereafter served on CASA (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as **Exhibit 1**. The Subpoena requests six broad categories of information generally related to CASA's financial records and recordkeeping practices.

This Court should grant CASA's motion to quash the Subpoena for three separate reasons. *First*, the Subpoena does not meet the requirements of the four-part *Nixon* test because (1) the documents sought are irrelevant, (2) the information is otherwise procurable reasonably in advance

4/13/23 Mike Stephens
MSG



4870-0995-4138.4
Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 12 of 54 PageID #: 2367

of trial by an exercise of due diligence, (3) Defendant can properly prepare for trial without the production and the failure to obtain the documents will not delay the trial, and (4) the Subpoena's requests are an impermissible attempt to obtain discovery and a general "fishing expedition." *Second*, the Subpoena's requests for documents are overbroad and unduly burdensome and would require CASA to use its limited resources spending countless hours gathering nearly ten years of financial records and other documents that are irrelevant or duplicative of information already available to Defendant. *Third*, the Subpoena is defective on its face because it requests CASA to produce documents directly to Defendant, while Tenn. Crim. R. P. 17(d)(2)'s plain language provides that subpoenas may only seek the production of documents directly to the Court.

For the foregoing reasons, as well as the reasons explained below, the Court should grant this Motion and quash the subpoena.

## RELEVANT FACTUAL BACKGROUND

CASA is a non-profit organization that works with Williamson County courts to provide children who are alleged victims of abuse and neglect with special advocates as they navigate the judicial system. CASA's volunteer board of directors and five full-time staff members work with the National CASA Association to train volunteer advocates. Since its inception in 1993, CASA volunteers have assisted with thousands of cases of abused or neglected children in Williamson County.

CASA's full-time staff consists of five employees: an executive director, a development director, an office manager, and two advocate supervisors. Declaration of Stuart Tutler at ¶ 4 ("Tutler Decl."), attached hereto as **Exhibit 2**. CASA staff manages a team of about eighty volunteers, and CASA's advocate supervisors perform most of their job responsibilities in court supervising and assisting the volunteer special advocates. *Id.* at ¶ 5.

On April 29, 2022, Williamson County Circuit Court Judge Joseph A. Woodruff ("Judge Woodruff") sent a letter to Emily Layton ("Layton"), then-executive director of CASA, asking whether Defendant paid CASA the attorneys' fees owed pursuant to the Rule 11 sanctions Judge Woodruff imposed on December 30, 2014. Defendant's Motion for Suppression of Evidence and State' Failure to Provide Brady Material and Remove this Matter from the Trial Docket Pending Appeal, Ex. 1. Layton replied in May 2022, and informed Judge Woodruff that she reviewed CASA's regularly maintained business records and found no evidence Defendant paid the $3,145.50 owed pursuant to the sanctions. *Id.* at Ex. 2 ("Layton Affidavit").

On August 12, 2022, the Williamson County Sheriff's Office executed a grand jury capias on Defendant for the charge of aggravated perjury. The Circuit Court Clerk issued Subpoena at the request of Defendant on March 2, 2023, which was thereafter served on CASA. Specifically, the Subpoena seeks:

1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 ("Request 1");
2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to present ("Request 2");
3. Proof of payment for legal services to Raquel Abel from June 1, 2014, through December 31, 2016 ("Request 3");
4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to present ("Request 4");
5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documents, the process for transferring to accounting and depositing ("Request 5"); and
6. All logs for income or payments received from August 2014 to date ("Request 6") (collectively, the "Requests").

*Id.* The Subpoena demands the production of documents responsive to the Requests to the Defendant no later than April 3, 2023. *Id.*

## STANDARD OF REVIEW

"The decision whether to enforce 'a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.'" *State v. Johnson*, 538 S.W.3d 32, 60 (Tenn. Crim. App. 2017). A trial court's decision to quash a subpoena will only be overturned upon a showing that the trial court has abused its discretion. *State v. Nunez*, No. M2019-00473-CCA-R3-CD, 2020 WL 4734916 at *4 (Tenn. Crim. App. Aug. 14, 2020).

## ARGUMENT

Rule 17 of the Tennessee Rules of Criminal Procedure provides "[a] subpoena may order a person to produce the books, papers, documents, or other objects the subpoena designates" either "in court before trial or before they are to be offered in evidence." Tenn. R. Crim. P. 17(d), (d)(1). "On motion made promptly and in any event by the time specified in the subpoena for compliance therewith, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* at 17(d)(2).

A subpoena for documents may be quashed or modified if compliance with the subpoena would be "unreasonable or oppressive." Tenn. R. Crim. P. 17 (d)(2); *Johnson*, 538 S.W.3d at 60 (citing *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974)). Tennessee courts have adopted the analysis applied by federal courts interpreting Fed. R. Crim. P. 17, Tenn. R. Crim. P. 17's federal counterpart. *Johnson*, 538 S.W.3d at 60 n.13 ("[W]e see no reason to treat the application of [Tenn. R. Crim. P. 17] any differently [from Fed. R. Crim. P. 17]."). Rule 17's subpoena power "was not intended to provide a means of discovery for criminal cases." *Id.* (quoting *Nixon*, 418 U.S. at 698).

Instead, courts in Tennessee have consistently applied the *Nixon* four-prong test to determine whether to enforce a subpoena under Rule 17, requiring the party seeking production of evidence to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

*Id.* (quoting *Nixon*, 418 U.S. at 699-700)). To satisfy this burden, the movant must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* (internal quotations omitted). Courts act within their discretion to quash a subpoena that fails to satisfy each of the *Nixon* elements. *See, e.g.*, *State v. Little*, No. M1999-0858-CCA-R3-CD, 2000 WL 1731290, at *5 (Tenn. Crim. App. Nov. 22, 2000); *U.S. v. Vassar*, No. 2:05-CR-75, 2006 WL 8439712, at *1-2 (E.D. Tenn. June 2, 2006). Similarly, courts should quash a subpoena when the requests are overly broad or the burden of producing the documents outweighs the documents' relevance to the case. *U.S. v. Cauthon*, No. 3:15-cr-00172, 2018 WL 2289327, at *2 (M.D. Tenn. May 18, 2018).

This Court should quash the Subpoena because (1) Defendant cannot meet the elements under the *Nixon* test required to enforce the Subpoena, (2) the Subpoena is overly broad and the burden on CASA to comply outweighs any relevance the documents would have to this case, and (3) the Subpoena is procedurally defective because it requires CASA to produce documents to Defendant and not "in Court" as required by Rule 17.

## I. The Subpoena should be quashed because Defendant fails each prong of the Nixon test.

Defendant's Subpoena does not meet the requirements of the *Nixon* test because (1) the documents sought are not relevant, (2) Defendant can procure the information sought under the

Requests with due diligence, (3) Defendant can properly prepare for trial without such production and inspection in advance of trial, and (4) Defendant is engaging in a fishing expedition and attempting to improperly conduct discovery with the Subpoena.

a. The Subpoena seeks irrelevant documents.

None of the Requests are relevant to this case. Defendant has been charged with aggravated perjury stemming from testimony provided by Defendant that she had paid CASA the $3,145 owed pursuant to Judge Woodruff's 2014 Order. *See* Grand Jury Capias. None of the documents sought pursuant to Requests 2 through 6 would have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Tenn. R. Evid. 401.

To be sure, invoices, letters, memos, or any other communications from CASA to Defendant seeking payment are irrelevant because such documents would not show Defendant made a payment to CASA. Rather, these documents would show Defendant had yet to make a payment. Proof of payment for legal services to Raquel Abel also have no bearing on whether Defendant has paid CASA.

Request 4, accounting documents that show receipt of funds categorized as "miscellaneous income," are also irrelevant because any payment categorized as "miscellaneous income" would not provide evidence of a payment to CASA from Defendant. Request 5 seeks policies describing how receipts are logged or deposited, which again, would not provide proof of payment from Defendant to CASA. And lastly, *all* logs for income or payments received from *everyone* is clearly not relevant to whether *Defendant* made a payment to CASA.

Request 1 is, at best, marginally relevant. Documents representing "accounts receivable entries . . . regarding Connie Reguli since 2014" would only reveal that CASA maintains a debt is

owed by Defendant to CASA. Even assuming CASA—a non-profit organization solely reliant on charitable donations and grant money for funding—maintains "account receivable entries," the *lack* of any such entry could only be used to argue that Defendant had paid CASA the $3,145. But as discussed in more detail below, Request 1 fails to satisfy the remaining elements of the *Nixon* test because Defendant is in the best position to show affirmatively that payment was made to CASA, and as such, any supposed lack of documentation at CASA is simply not relevant.

Consequently, the Subpoena cannot satisfy the first prong of the *Nixon* test because the documents sought are not evidentiary or relevant, and the Court should quash the subpoena. If Defendant paid CASA, Defendant should have some proof, in any form, of payment.

b. The documents sought by Requests 1, 2, and 6 are otherwise procurable.

Defendant's Subpoena seeks to place the burden on CASA to comb through its business records to confirm whether Defendant submitted a one-time payment. However, Defendant has the means to procure the information sought by these requests with due diligence. For example, Request 2 can be procured by Defendant with due diligence because these are documents that CASA would have sent to Defendant, and as such, are in Defendant's possession. Similarly, Requests 1 and 6, which seemingly seek financial information that would reveal a payment from Defendant to CASA, are also readily available to Defendant through a review of her own financial records. Even if documents responsive to Requests 1 and 6 were not in the Defendant's possession, Defendant cannot show that they are not otherwise procurable through the exercise of due diligence.

For example, in *State v. Little*, the court affirmed a trial court's decision to refuse to issue a subpoena seeking bank records because the information was otherwise procurable through the discovery process. 2000 WL 1731290, at *5. The court reasoned that the information was

available through discovery, and had defendant "attempted to glean the desired information through the discovery process and been unsuccessful, [the defendant] could have filed a motion to compel discovery. If that did not produce the information, a subpoena *duces tecum* could then have been ordered." *Id.* (internal citation omitted).

Here, information reflecting Defendant has paid CASA is plainly already in the possession of the Defendant and otherwise procurable. As noted above, Defendant is in the best position to provide documentary proof of a payment made *by Defendant*. Additionally, Defendant is already in possession of the affidavit from former CASA Executive Director, Emily Layton, which provides that "CASA's regularly maintained business records reflect that at no time has [Defendant] paid to CASA any amount of money for any reason." *See* Layton Affidavit. As in *Little*, Defendant should be readily able to "glean the desired information through the discovery process", and if not, should be required to avail herself of the discovery procedures under Rule 16 before resorting to a subpoena. *Little*, 2000 WL 1731290, at *5.

Absent this showing, Defendant cannot maintain the Subpoena seeks information that is not otherwise procurable in advance of trial, and the Court should quash the subpoena.

c. Quashing the Subpoena will not cause unreasonable delay of the trial because Defendant already has or possesses the means to identify the information sought with the Subpoena.

As discussed in the section above, Defendant possesses the means to procure the information sought under Requests 1, 2, and 6. Also as shown above, Requests 3, 4, and 5 are irrelevant and would not aid Defendant in preparing for trial. Moreover, if this Court grants CASA's motion to quash, Defendant can properly prepare for trial given proof of Defendant's payment to CASA would naturally be within Defendant's possession. Nor would granting this Motion will not unreasonably delay trial, which is currently set for December 5, 2023. Amended

Scheduling Order ¶ 6. Defendant's Subpoena falls short of satisfying this portion of the *Nixon* test, and as such, the Subpoena should be quashed.

d. Defendant's Requests are an inappropriate attempt to conduct discovery and amount to nothing more than a fishing expedition.

A Rule 17 subpoena is not appropriate for conducting discovery or otherwise engaging in a general "fishing expedition." *Johnson*, 538 S.W.3d at 60. The Subpoena is an effort to engage in both.

Here, Requests 1, 2, 4, and 6 seek "[a]ll accounting documents," "[a]ll invoices, letters, memorandums, or other communication," "[a]ll policies" and "[a]ll logs for income or payments received" from 2014 to the present. Ex. 1. Similarly, Request 3 seeks proof of payment from an attorney that previously represented CASA and has no relevance to the present action. *Id.* Request 5 seeks "[a]ll policies" relating to CASA's receipt of funds that, again, are not relevant. *Id.*

The Requests are clearly irrelevant, overly broad, and an apparent attempt to engage in a fishing expedition. To be sure, the broad nature of the requests reveal that Defendant is unsure of what she is going to discover—if Defendant was aware that CASA actually maintained relevant evidence, the Requests would be narrowly tailored at obtaining the relevant information allegedly in CASA's possession that could not be otherwise obtained in discovery. *Johnson*, 538 S.W.3d at 60. The Requests, however, cast a wide net spanning nearly nine years and various categories of documents with the apparent hope of obtaining something relevant and admissible. Courts have routinely rejected similar efforts to use a Rule 17 subpoena to undertake a general fishing expedition. *See, e.g., Cauthon*, 2018 WL 2289327, at *2; *Vassar*, 2006 WL 8439712, at *1-2.

Accordingly, the Court should quash the Subpoena because it improperly seeks to obtain discovery and cannot satisfy the fourth element from *Nixon*.

## II. The subpoena should also be quashed because it is overly broad and unduly burdensome.

In determining whether compliance with a subpoena is unreasonable or oppressive, courts will also weigh whether "the burden of producing subpoenaed records greatly outweighs any relevance they may have to the case." *Cauthon*, 2018 WL 2289327 at *2 (internal quotation omitted); *Vassar*, 2006 WL 8439712, at *4, n.4 (explaining that the "sheer breadth" of the requests "also establish that the subpoenas are oppressive and burdensome").

Defendant's Subpoena contains overly broad requests and seeks irrelevant information that will place an unreasonable burden on CASA if production is required. CASA is a federal tax-exempt non-profit organization and is classified as a 501(c)(3) organization. Tutler Decl. at ¶ 3. Presently, CASA's full-time staff consists of five employees: an executive director, a development director, an office manager, and two advocate supervisors. *Id.* at ¶ 4. The small team of five manages a team of about eighty volunteers who serve as CASA volunteer advocates. *Id.* at ¶ 5. Both full-time advocate supervisors spend the majority of their time working in court and performing special advocate duties. *Id.* The development director's job responsibilities focus heavily on fundraising efforts, while the executive director oversees the day-to-day operations of CASA, manages the full-time staff members, and oversees CASA's large volunteer program. *Id.* at ¶¶ 6, 8.

If required to comply with Defendant's subpoena, CASA would be required to dedicate one or more members of staff's attention away from their regular job responsibilities to spend countless hours compiling and reviewing documents for the requested materials. Indeed, four of the Requests seek nearly nine years' worth of documents and information each, while the remaining two Requests require a collection and review of either two years' worth of payments to a former attorney for CASA or "[a]ll policies." Ex. 1.

Such a fishing expedition is exactly the type of burden Rule 17(d)(2) directs courts to avoid. CASA is ill-equipped to handle such broad requests without otherwise disrupting its staff's ability to perform their regular duties. Tutler Decl. at ¶ 9. The Requests necessarily implicates the collection and review of hundreds, if not thousands, of pages of documents. For example, CASA relies entirely on charitable donations and grants for its funding. *Id.* at ¶ 3. Request 6, or "[a]ll logs of income or payments received" would seemingly require the collection, review, and production of nearly nine years of bank statements reflecting all donations received by CASA. Stated simply, responding fully to Defendant's Subpoena would cost CASA time and money, the most important resources for a small non-profit team committed to helping a vulnerable population that regularly relies on their support.

This burden on CASA outweighs the meager relevance the requested documents may have. As explained above, none of the Requests are relevant, Section I.a, *supra*, and even if the Requests sought relevant documents or information, enforcing the subpoena would shift the unreasonable burden on CASA to search for information that Defendant could otherwise obtain through a review of her own accounting documents, bank statements, invoices, or other communications received from CASA.

Given the breadth of the Requests, any relevant information produced would be outweighed by the burdens placed on CASA. Therefore, this Court should find that enforcing Defendant's Subpoena would be unreasonable or oppressive and quash the Subpoena.

**III. The subpoena is defective because it seeks the production of documents to the Defendant and not to the Court.**

Documents produced in response to a subpoena must be "produced in court before trial or before they are to be offered in evidence." Tenn. R. Crim. P. 17(d)(2). A subpoena is defective and invalid if it seeks production of documents to the defendant and not *in court*. *U.S. v. Sharp*, No.

3:09-CR-72, 2009 WL 3053811, at *1-2 (quashing a subpoena because "the command to produce materials at a private law office, instead of the Court" is contrary to Fed. R. Crim. P. 17).

Here, Defendant's Subpoena commands all designated documents are to be provided to Defendant at Defendant's address. Ex. 1. Because the subpoena commands CASA to produce all designated documents to Defendant and not "in court," the Subpoena is facially defective and should be quashed.

## CONCLUSION

For the foregoing reasons, Williamson County Court Appointed Special Advocates respectfully requests that the Court grant this Motion and enter an order quashing the Subpoena.

Respectfully submitted,

*/s/ Mike Stephens*
Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 3rd day of April, 2023

*/s/ Mike Stephens*
Mike Stephens

REGULI v. WOODRUFF, ET AL
3:24-cv-694

# EXHIBITS

5. Judge Morgan's order for CASA to respond to the subpoena dated May 5, 2023. CASA was ordered to produce Part A: All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022. Part B: (in part) (1) All accounting documents that represent account receivables entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022; (2) All invoices, letters, memorandums, or other communication from CASA to Connie Regui seeking payment from August 2014 to May 11, 2022; (3) STRICKEN; (4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022.

EXHIBIT
5

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| v. | ) | No. W-CR220457 |
| | ) | |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |
| | ) | |

---

**ORDER GRANTING WILLIAMSON COUNTY CASA'S MOTION TO QUASH FIRST SUBPOENA AND DENYING MOTION TO QUASH SECOND SUBPOENA**

---

This action came before the Court, the Hon. Roy B. Morgan, Jr. presiding, on April 26, 2023. The Court considered two motions: Williamson County Court Appointed Special Advocates' ("CASA") Motion to Quash a subpoena from the Defendant issued on March 2, 2023, (the "First Motion"), and a Motion to Quash a second subpoena from the Defendant issued on April 12, 2023, (the "Second Motion"). The Court, having heard the arguments of the undersigned, considered their submissions and the entire record before it, and being otherwise sufficiently advised, GRANTS the First Motion and DENIES the Second Motion for the reasons specified below:

1. On March 2, 2023, the Defendant caused a subpoena to be issued seeking six categories of documents from CASA (the "First Subpoena"). The First Subpoena sought six categories of documents to be produced to Defendant on April 3, 2023. Yet, Rule 17 of the Rules of Criminal Procedure require the designated items be "produced *in court* before trial . . . ." (emphasis added). Because of this apparent procedural defect with the First Subpoena, Defendant



Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 26 of 54 PageID #: 2381

(emphasis added). Because of this apparent procedural defect with the First Subpoena, Defendant caused a second subpoena seeking documents from CASA to be issued on April 12, 2023 (the "Second Subpoena"). The Second Subpoena commanded the production of documents to the Court.

2. During the April 26, 2023 hearing, CASA and Defendant agreed the Second Subpoena corrected the procedural defect with the First Subpoena and that compliance with the First Subpoena was mooted in light of the Second Subpoena. Therefore, the Court **GRANTS** CASA's First Motion and **ORDERS** the First Subpoena quashed.

3. The Second Subpoena restated the same six requests for documents from the First Subpoena with minor variations in the temporal scope of some of the requests. The Second Subpoena also added an additional request.

4. Specifically, the Second Subpoena requests:

PART A

All of CASA's regularly maintained business records from November 2014 through May 11, 2022 including but **not limited to** all documents reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 through May 11, 2022.
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022.
(3) Proof of payment for legal services to Raquel Abel from June 1, 2014 through December 31, 2016.
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022.
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring accounting and depositing; and
(6) All logs for income or payments received from August 2014 until May 11, 2022.

(emphasis in original).

5. CASA argues that the Second Subpoena should be quashed because compliance with the Second Subpoena would be "unreasonable or oppressive." Tenn. R. Crim. P. 17 (d)(2). Specifically, CASA argues that Defendant has failed to satisfy the burden articulated from *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974) which requires the proponent of a subpoena to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

6. CASA also argues that the requests are overly broad and the burden of producing the documents outweighs the documents' relevance to the case.

7. In response, Defendant argues that the requests in the Second Subpoena meet all of the requirements from *Nixon* and are not overly broad or unduly burdensome. Specifically, Defendant argues that the May 11, 2022 Affidavit of Emily Layton makes the requests in the Second Subpoena relevant given Ms. Layton's statement that "Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason."

8. "The decision whether to enforce a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *State v. Johnson*, 538 S.W.3d 32, 60 (Tenn. Crim. App. 2017).

9. During the April 26, 2023, hearing, Defendant agreed to strike Part B, Request 3 seeking proof of payment for legal services Raquel Abel. Therefore, the Court orders Part B, Request 3 **STRICKEN**.

10. The Court agrees with Defendant and finds the remaining requests from the Second Subpoena satisfy all of the requirements of *Nixon*, and requiring CASA to comply with the Second Subpoena would not impose an undue burden. Specifically, the Court finds the May 11, 2022 Affidavit of Emily Layton makes the remaining requests from the Second Subpoena relevant; the requests seeks documents that are not otherwise procurable by Defendant; Defendant cannot properly prepare for trial, and could not properly cross-examine Ms. Layton, without production of the documents in advance of trial; and that due to the Affidavit of Emily Layton, these requests are made in good faith and are not intended as a general fishing expedition.

11. Consequently, CASA's Second Motion is hereby **DENIED**.

12. However, the Court finds that several of the requests from the Second Subpoena are overly broad in their current form and must be limited in scope. Specifically, Part A is overly broad to the extent it seeks "all of CASA's regularly maintained business records," and instead should be limited to only CASA's regularly maintained business records received and reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

13. Similarly, Part B Requests Four and Six are overly broad because they seek accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022 (Request Four), and all logs for income or payments received from August 2014 until May 11, 2022 (Request Six), neither of which are limited to the relevant issue in this case: a payment from the Defendant to CASA.

14. To avoid confusion and provide clarity to CASA and Defendant, the Court restates the requests from the Second Subpoena as modified consistent with this ruling:

PART A

All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022;
(3) STRICKEN;
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and
(6) All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

15. Based on the foregoing, CASA is hereby **ORDERED** to produce any documents responsive to the foregoing requests found in Paragraph 14 of this Order to the Office of the Circuit Court Clerk of Williamson County within thirty (30) days of entry of this Order.

16. CASA is further **ORDERED** to notify the State and Defendant of compliance with this Order by filing a Notice of Compliance on the date of such compliance.

17. All other matters are reserved.

It is so **ORDERED**

Entered this the 5th day of MAY, 2023.

[signature]

ROY B. MORGAN, JR.
CIRCUIT COURT JUDGE



Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 30 of 54 PageID #: 2385

APPROVED FOR ENTRY:

*/s/ Mike Stephens*
Mike J. Stephens (No. 36949)
Savannah Kolodziej (No. 37737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2303
mstephens@bradley.com
skolodziej@bradley.com
*Attorneys for Williamson County Court Appointed Special Advocates*

*/s/ Connie Reguli*
Connie Reguli
Defendant Pro Se
1646 Westgate Cir. Ste 101
Brentwood, TN 37027
Email to: creguli.legal@gmail.com

*/s/ John A. Stephens*
John A. Stephens
Assistant District Attorney
200 Commerce Street, Suite A
Clarksville, TN 37040
(931) 648-5574
jastephens@tndagc.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 4th day of May, 2023

*/s/ Mike Stephens*
Mike Stephens



Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 32 of 54 PageID #: 2387

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

6. Notice of Compliance with May 5, 2023 Order on Williamson County CASA's Motion to Quash dated June 5, 2023: Responses (in part) Part A. 1. All of CASA's regularly maintained business records received by Emily Layton that were received and relied upon as a basis of her verified statement dated May 11, 2022: RESPONSE: Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA. Part B: 1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022; RESPONSE: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014 through May 11, 2022. 2. All invoices, letter, memorandums, or other documentation from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022. RESPONSE: There are no documents responsive to this request. 4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022. RESPONSE: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014 through May 11, 2022.

EXHIBIT
6

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| v. | ) | No. W-CR220457 |
| | ) | |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |
| | ) | |

**NOTICE OF COMPLIANCE WITH MAY 5, 2023 ORDER ON WILLIAMSON COUNTY CASA'S MOTION TO QUASH**

Williamson County Court Appointed Special Advocates ("CASA") provides notice of its compliance with the Court's May 5, 2023, Order on Williamson County CASA's Motion to Quash ("Order"), and simultaneous with the filing of this Notice, has produced responsive documents to the Office of the Circuit Court Clerk of Williamson County.

More specifically, CASA provides the below responses to the requests found in Paragraph 14 of the Order:

PART A

1. All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

> **RESPONSE:** Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA.

PART B

1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;



Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 34 of 54 PageID #: 2389

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request.

3. STRICKEN;

4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and

**RESPONSE**: See CASA0001-CASA0012.

6. All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

Respectfully submitted,

*/s/ Mike Stephens*
Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 5th day of June, 2023

*/s/ Mike Stephens*
Mike Stephens

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

7. Miscellaneous income ledge produced by CASA June 5, 2023 (CASA0013-CASA0020). Eight pages of ledger entries showing thousands of dollars of unidentified receipts.

EXHIBIT
7

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| Type | Date | Num | Name | Memo | Pay Meth | Original Amount |
|---|---|---|---|---|---|---|
| Deposit | 09/18/2014 | | Deposit | Deposit | | 40.00 |
| Deposit | 10/01/2014 | | | Deposit | | 3,333.33 |
| Invoice | 10/05/2014 | 3 | Miscellaneous | [illegible] | | 75.00 |
| Invoice | 10/05/2014 | 3 | Miscellaneous | | | -150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 35.00 |
| Invoice | 10/07/2014 | 3 | Miscellaneous | | | 25.00 |
| Invoice | 10/26/2014 | [illegible] | Miscellaneous | | | 120.00 |
| Invoice | 10/06/2014 | 5 | Miscellaneous | | | -75.00 |
| Invoice | 10/07/2014 | 6 | Miscellaneous | | | 150.00 |
| Invoice | 10/07/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/08/2014 | 4 | Miscellaneous | | | 75.00 |
| Invoice | 10/07/2014 | 0 | Miscellaneous | | | 150.00 |
| Invoice | 10/07/2014 | 9 | Miscellaneous | | | 75.00 |
| Invoice | 10/06/2014 | 5 | Miscellaneous | | | 75.00 |
| Deposit | 10/04/2014 | | PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 520.00 |
| Invoice | 10/14/2014 | 12 | Miscellaneous | cash | | 310.00 |
| Invoice | 10/14/2014 | 13 | Miscellaneous | | | 1,825.00 |
| Deposit | 10/14/2014 | | | tickets | Cash | 200.00 |
| Deposit | 10/14/2014 | | | tickets | | 150.00 |
| Deposit | 10/14/2014 | | | Deposit | | 40.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | | 30.00 |
| Deposit | 10/14/2014 | | | Deposit | | 42.00 |
| Deposit | 10/14/2014 | | | Deposit | | 23.00 |
| Deposit | 10/14/2014 | | | Deposit | | 43.00 |
| Deposit | 10/14/2014 | | | Deposit | | 80.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | Paypal | 40.00 |
| Deposit | 10/20/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 200.00 |
| Deposit | 10/22/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 2,154.16 |
| Deposit | 11/02/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 160.00 |
| Deposit | 11/02/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 775.40 |
| Deposit | 11/10/2014 | | Deposit | Deposit | Cash | 30.00 |
| Deposit | 11/10/2014 | | Deposit | tickets | Cash | 3,573.00 |



CASA 0013


Case 3:24-cv-00694 Document 28 Filed 07/15/24 Page 44 of 51 PageID #: 243

8:45 AM
05/24/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 11/10/2014 | | Deposit | Deposit | Check | 5,435.00 |
| Deposit | 11/10/2014 | | Deposit | Deposit | Check | 371.18 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Check | 60.00 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Check | 2,753.31 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Cash | 10.00 |
| Deposit | 12/18/2014 | | PDI | transfer from PayPal | | 3,000.00 |
| Deposit | 02/12/2015 | | Deposit | Deposit | | 50.00 |
| Deposit | 02/12/2015 | | Deposit | Deposit | | 50.00 |
| Deposit | 02/17/2015 | | Deposit | Deposit | | 330.50 |
| Deposit | 03/13/2015 | | Deposit | Deposit | | 13.00 |
| Deposit | 04/10/2015 | | Deposit | misc | | 40.00 |
| Deposit | 04/10/2015 | | Deposit | tickets | | 675.00 |
| Deposit | 04/17/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 18.28 |
| Deposit | 04/24/2015 | | Deposit | tickets | Cash | 220.00 |
| Deposit | 04/24/2015 | | Deposit | tickets | | 1,050.00 |
| Deposit | 04/25/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 600.00 |
| Deposit | 05/04/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL [illegible] WILLIAMSON COUNTY CASA | | 400.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Cash | 600.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 1,200.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 5,000.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Cash | 7.00 |
| Deposit | 05/13/2015 | | Deposit | Deposit | Check | 2,675.00 |
| Deposit | 05/13/2015 | | Deposit | Deposit | Check | 450.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit | | 4,600.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit. | | 10,400.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit | | 550.00 |
| Deposit. | 05/26/2015 | | Deposit | Deposit | | 100.00 |
| Deposit | 05/26/2015 | | Deposit | Deposit | | 253.00 |
| Deposit | 05/29/2015 | | Deposit | Deposit | | 150.00 |
| Deposit | 06/02/2015 | | Deposit | Deposit | | 50.00 |
| Deposit | 06/02/2015 | | Deposit | Deposit | | 2,100.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | | 10,600.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | CASH | 474.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | Cash | 1,661.00 |
| Deposit | 06/30/2015 | 1 | Deposit | Deposit | | 300.00 |
| General Journal | 06/30/2015 | [illegible] | | | | 3,719.84 |

Page 2 of 4
CASA 0014


Case 3:24-cv-00694 Document 28 Filed 07/15/24 Page 45 of 51 PageID #: 244

8:43 AM
05/24/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| General Journal | 06/30/2015 | adjust | | | | 3,318.66 |
| General Journal | 06/30/2015 | adjust | | | | -1,000.00 |
| General Journal | 06/30/2015 | adjust | | | | 1,000.00 |
| Deposit | 09/30/2015 | | Miscellaneous | tickets | | 1,500.00 |
| Deposit | 10/20/2015 | | | tickets | Cash | 60.00 |
| Deposit | 10/26/2015 | | | tickets sold at Pumpkinfest | Cash | 1,622.00 |
| Deposit | 10/26/2015 | | | tickets | Check | 2,240.00 |
| Deposit | 10/27/2015 | | | tickets | | 2,240.00 |
| General Journal | 11/04/2015 | 2021AJE | Miscellaneous | | | 24.16 |
| General Journal | 12/05/2015 | 2022AJE | | | | 33.00 |
| Deposit | 05/11/2016 | | | John Doe | Cash | 50.00 |
| Deposit | 06/20/2016 | | | Rockin Book | Cash | 30.00 |
| Deposit | 08/11/2016 | | | 2 books at Library sales | | 32.00 |
| Deposit | 08/12/2016 | | | 10 books cash sales | Cash | 160.00 |
| Deposit | 08/17/2016 | | | cash donation | Cash | 2.00 |
| Deposit | 08/29/2016 | | | 7 books from Legends Golf night | | 37.00 |
| Deposit | 09/12/2016 | | | 16 books-cash sales | Cash | 257.00 |
| Deposit | 09/21/2016 | | | donation | Stripe | 1.85 |
| Deposit | 09/30/2016 | | | 18 books paid cash | Cash | 341.00 |
| Deposit | 09/30/2016 | | | 14 tickets paid cash | Cash | 200.00 |
| Deposit | 09/30/2016 | 1272 | | Golf Donation | Check | 250.00 |
| Deposit | 09/30/2016 | 3095 | | Golf Donation | Check | 30.00 |
| Deposit | 10/12/2016 | | | 4 books paid in cash | Cash | 64.00 |
| Deposit | 10/12/2016 | | | 9 tickets paid w cash | Cash | 270.00 |
| Deposit | 10/31/2016 | 1004 | | 1 book-Zippy Stitch | Check | 16.00 |
| Deposit | 10/31/2016 | 1634 | | Donation for Rockin's Food and Supplies | Check | 100.00 |
| Deposit | 10/31/2016 | 2941 | | Donation for Rockin's Food and Supplies | Check | 100.00 |
| Deposit | 10/31/2016 | | | 69 tickets-all cash sales of tickets | Cash | 1,725.00 |
| Deposit | 02/11/2017 | | | [illegible] | Paypal | 600.00 |
| Deposit | 02/16/2017 | | | silent auction cash for [illegible] | Cash | 2,100.00 |
| Deposit | 02/16/2017 | | | cash donations | Cash | 340.00 |
| Deposit | 04/06/2017 | | | [illegible] cash donations | Cash | 300.00 |
| Deposit | 05/01/2017 | | | 3 cash tickets sold | Cash | 60.00 |
| Deposit | 09/21/2017 | | | donation on Benevity Online portal | ACH | 20.13 |
| Deposit | 09/25/2017 | | | donation on Benevity Fund | | 6.80 |
| Deposit | 10/17/2017 | | | 1 ticket-cash | Cash | 20.00 |

Page 3 of 8
CASA 0015

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 10/24/2017 | | | Donation from Benevity: | ACH | 1.84 |
| Deposit | 10/25/2017 | | | 3 tickets-cash donations | Cash | 60.00 |
| Deposit | 11/21/2017 | W/203 | | Giving Assistant | Check | 67.18 |
| Deposit | 12/22/2017 | | | Benevity Disbursement | ACH | 3.68 |
| Deposit | 01/22/2018 | | | sale of old TV | | 70.00 |
| Deposit | 01/23/2018 | | | Benevity donation | ACH | 3.88 |
| Deposit | 02/22/2018 | | | Benevity Donation | ACH | 5.83 |
| Deposit | 03/08/2018 | | | Anonymous donor thru United Way Metro Nashville | ACH | 103.75 |
| Deposit | 03/23/2018 | | | Benevity Fund donation | ACH | 3.85 |
| Deposit | 03/20/2018 | 1250 | | Donation from Little Sprouts Sale | Check | 3,200.00 |
| Deposit | 03/20/2018 | 5229 | | Donation from Little Sprouts Sale | Check | 1,922.00 |
| Deposit | 04/06/2018 | 47459 | | Ticket Proceeds from Taste of Williamson. | Check | 433.40 |
| Deposit | 04/17/2018 | | | anonymous donation on facebook page | Network for Good | 20.00 |
| Deposit | 04/27/2018 | | | Benevity donation | ACH | 3.65 |
| Deposit | 05/03/2018 | | | 2 keys— | | 200.00 |
| Deposit | 05/13/2018 | | | 1 key— | | 100.00 |
| Deposit | 05/13/2018 | | | 1 key— | | 100.00 |
| Deposit | 05/30/2018 | | | 6 keys cash payments | Cash | 600.00 |
| Deposit | 06/10/2018 | | | cash donation | Cash | 10.00 |
| Deposit | 06/22/2018 | | | Benevity donation | ACH | 3.80 |
| Deposit | 06/26/2018 | 5075 | | TN CASA payment | Check | 52.04 |
| Deposit | 07/31/2018 | | | United Way Anonymous 2017 | ACH | 31.43 |
| Deposit | 07/12/2018 | | | Wicks cash from Lip Sync Contest | Cash | 338.00 |
| Deposit | 08/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 08/03/2018 | 7311 | | Health Place neighborhood 4th of July | Check | 25.00 |
| Deposit | 08/03/2018 | 1209 | | Health Place neighborhood 4th of July | Check | 100.00 |
| Deposit | 08/03/2018 | 4006 | | Health Place neighborhood 4th of July | Check | 25.00 |
| Deposit | 08/22/2018 | | | Benevity donation | ACH | 6.83 |
| Deposit | 09/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 09/24/2018 | | | Benevity donation | ACH | 3.86 |
| Deposit | 10/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 10/05/2018 | | | cash donations received at golf tournament | Cash | 143.00 |
| Deposit | 10/24/2018 | | | Benevity donation | ACH | 3.63 |
| Deposit | 10/25/2018 | 12556 | | Tickets sold at Puckett's in Downtown Franklin | Check | 2,720.00 |
| Deposit | 10/27/2018 | | | Facebook | Network for Good | 25.00 |
| Deposit | 10/27/2018 | | | Facebook | Network for Good | 100.00 |

8:43 AM
05/11/22
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 11/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 11/06/2018 | | | City Farmhouse Event donations-half of | Cash | 115.20 |
| Deposit | 11/15/2018 | | | anonymous cash donations from City Farmhouse Event | Cash | 22.00 |
| Deposit | 11/16/2018 | 10365 | | City Farmhouse donation from Nov 1st Event | Check | 2,400.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 50.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 60.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 50.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 22.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 15.00 |
| Deposit | 11/30/2018 | | | anonymous | Network for Good | 10.00 |
| Deposit | 12/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 12/06/2018 | 9055 | | Cabo Live Auction 11/m | Check | 750.00 |
| Deposit | 01/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 100.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/24/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/24/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/24/2019 | | | Facebook | Network for Good | 45.00 |
| Deposit | 01/24/2019 | | | Facebook | Network for Good | 25.00 |
| Deposit | 01/10/2019 | 1403 | | Franklin Rules Shop donation from sales of December Mgrt | Check | 1,000.00 |
| Deposit | 01/31/2019 | | | Facebook | Network for Good | 100.00 |
| Deposit | 01/31/2019 | | | Facebook | Network for Good | 75.00 |
| Deposit | 01/31/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/31/2019 | | | Facebook | Network for Good | 45.00 |
| Deposit | 01/31/2019 | 230117 | | Benevity | Check | 93.01 |
| Deposit | 02/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 02/18/2019 | | | Facebook donation on NFG | Network for Good | 537.00 |
| Deposit | 03/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 03/15/2019 | | | Facebook donations on NFG-Feb | Network for Good | 575.00 |
| Deposit | 03/15/2019 | | | Taste of Williamson-United Way tickets | Network for Good | 300.00 |
| Deposit | 04/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 04/03/2019 | 2502 | | Little Sprouts Sale-spring 2019 donation from proceeds | Check | 8,387.50 |
| Deposit | 04/16/2019 | | | Facebook donations | Network for Good | 250.00 |





Case 3:24-cv-00694 Document 28 Filed 07/15/24 Page 48 of 51 PageID #: 247

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 04/26/2019 | | | cash for Advocate Lunches | Cash | 61.00 |
| Deposit | 04/30/2019 | 584 | | Proceeds of wine sales at Music City Songwriter Awards Showcase | Check | 251.00 |
| Deposit | 05/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 05/07/2019 | | | 31 items with 60 raised in paypal | Paypal | 3,100.00 |
| Deposit | 05/08/2019 | | | 15 auction items paid with cash the night of | Cash | 1,600.00 |
| Deposit | 05/15/2019 | | | facebook anonymous donations. | Network for Good | 111.00 |
| Deposit | 05/23/2019 | | | reimbursement for advocate business cards | Cash | 27.00 |
| Deposit | 05/30/2019 | | | reimbursement for advocate business cards | Cash | 9.00 |
| Deposit | 05/30/2019 | 51393 | | Taste of Williamson County proceeds from United Way | Check | 705.00 |
| Deposit | 06/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 07/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 24.68 |
| Deposit | 08/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 24.00 |
| Deposit | 09/14/2019 | | | cash poll donations day of | Cash | 89.00 |
| Deposit | 09/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 24.60 |
| Deposit | 10/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 24.68 |
| Deposit | 10/18/2019 | | Center For Hospitals Management | anonymous donation from CHM | ACH | 25.00 |
| Deposit | 11/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given. | ACH | 24.68 |
| Deposit | 11/05/2019 | 13755 | United Way | anonymous donor thru United Way of West Tennessee in 2018 | Check | 160.00 |
| Deposit | 11/20/2019 | 1270 | Puckett's | 310 tickets sold at both Puckett's locations | Check | 3,100.00 |
| Deposit | 12/01/2019 | | Anonymous | monthly donation from United Way Anonymously given | ACH | 24.68 |
| Deposit | 12/06/2019 | | | cash donation | | 1.00 |
| Deposit | 12/09/2019 | 138703 | United Way Nashville | Anonymous thru United Way Metro Nashville | Check | 200.66 |
| Deposit | 12/09/2019 | | John Doe | donation for appreciation cards -anonymous donors | Cash | 236.37 |
| Deposit | 12/17/2019 | 36500739 | Givinga Foundation, Inc | donations from Roundup App | Check | 12.65 |
| Deposit | 12/17/2019 | 30074733 | Givinga Foundation, Inc | donations from Roundup App | Check | 12.75 |
| Deposit | 12/31/2019 | | Facebook | Facebook donations (anonymous) thru NFG | Network for Good | 85.00 |
| Deposit | 01/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 33.63 |
| Deposit | 01/31/2020 | 40083775 | Givinga Foundation, Inc | Roundup app donations | Cash | 12.84 |
| Deposit | 02/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 24.63 |
| Deposit | 02/27/2020 | | Cash | penny found | Cash | 0.01 |
| Deposit | 02/27/2020 | 41011703 | Givinga Foundation, Inc | round up donations | Check | 12.54 |
| Deposit | 03/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 21.89 |
| Deposit | 03/10/2020 | 13560 | United Way | United WAy of West TN anonymous donations | Check | 163.00 |
| Deposit | 03/10/2020 | 41212660 | Givinga Foundation, Inc | Givinga Round Up donations | Check | 13.04 |
| Deposit | 03/18/2020 | | Anonymous | Anonymous donations from United Way Giving campaign 2019 | ACH | 114.82 |
| Deposit | 03/27/2020 | | | sale of 3 gift blue office chairs | Cash | 60.00 |

8:48 AM
05/18/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 04/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.66 |
| Deposit | 05/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.66 |
| Deposit | 05/27/2020 | | | Anonymous donation from Bridgestone employee thru United Way Metro Nashville | ACH | 15.23 |
| Deposit | 05/27/2020 | | | Anonymous donation from Genesco employee thru United Way Metro Nashville | ACH | 104.17 |
| Deposit | 05/27/2020 | | | Anonymous donation from Fifth Third employee thru United Way Metro Nashville | ACH | 339.80 |
| Deposit | 05/27/2020 | | | Anonymous donation from CHS thru United Way Metro Nashville | ACH | 70.00 |
| Deposit | 05/31/2020 | | Facebook | anonymous donations thru Facebook | Network for Good | 285.00 |
| Deposit | 05/31/2020 | | | Anonymous donation to voices | Network for Good | 25.00 |
| Deposit | 05/31/2020 | | | anonymous donation | Network for Good | 50.00 |
| Deposit | 05/31/2020 | | | Anonymous donation | Network for Good | 100.00 |
| Deposit | 05/20/2020 | 43510766 | Givinga Foundation, Inc | donations thru Givinga round up | Check | 11.85 |
| Deposit | 05/28/2020 | 43595022 | Givinga Foundation, Inc | donations thru Givinga round up | Check | 12.66 |
| Deposit | 06/05/2020 | | Anonymous | anonymous BancorpSouth employee thru UW | ACH | 43.74 |
| Deposit | 06/08/2020 | | Anonymous | anonymous Duncan Health employee thru UW | ACH | 87.60 |
| Deposit | 06/08/2020 | | Anonymous | anonymous Tractor Supply employee donations thru UW | ACH | 43.25 |
| Deposit | 06/30/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.66 |
| Deposit | 06/30/2020 | | Anonymous | anonymous 2019 donation from Nissan employee thru UW | ACH | 9.15 |
| Deposit | 06/30/2020 | | Anonymous | anonymous 2019 donation from Triston Trust employee thru UW | ACH | 93.71 |
| Deposit | 07/01/2020 | | Facebook | Anonymous donations on Facebook giving pages | Network for Good | 1,100.00 |
| Deposit | 07/31/2020 | | | Rocin cash | Cash | 20.00 |
| Deposit | 07/31/2020 | | Anonymous | Anonymous donation | Network for Good | 25.00 |
| Deposit | 08/31/2020 | | Anonymous | Anonymous donation thru Benevity | ACH | 13.63 |
| Deposit | 08/31/2020 | 45792854 | Givinga Foundation, Inc. | Anonymous gift from Givinga Foundation | Check | 15.00 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Bancorp South thru UW | ACH | 40.32 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Duncan Healthcare thru UW | ACH | 44.81 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Tractor Supply thru UW | ACH | 38.07 |
| Deposit | 09/30/2020 | | Anonymous | anonymous donation at Pinkerton | Cash | 20.00 |
| Deposit | 11/05/2020 | | Anonymous | Genesco donor thru UW | ACH | 37.09 |
| Deposit | 11/05/2020 | | Anonymous | CoreCivic donor thru UW | ACH | 22.14 |
| Deposit | 11/05/2020 | | Anonymous | Nissan donor thru UW | ACH | 22.71 |
| Deposit | 11/05/2020 | | Anonymous | Community Health Systems donor thru UW | ACH | 37.06 |
| Deposit | 11/05/2020 | | Anonymous | Bridgestone donor thru UW | ACH | 20.50 |
| Deposit | 11/05/2020 | | Anonymous | Fifth Third Bank donor thru UW | ACH | 392.51 |
| Deposit | 11/30/2020 | | Facebook | Anonymous Donation on Facebook | Network for Good | 60.00 |
| Deposit | 11/30/2020 | | | No Stevie Nav: Money Order | Check | 60.00 |
| Deposit | 12/28/2020 | | Anonymous | Anonymous donations from employees at Bancorp South, Tractor Supply and Duncan Health thru United... | ACH | 151.59 |

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| General Journal | 02/01/2021 | Gift Cards | | Gift Cards donated to CASA to use for Family Assistance | | 1,055.00 |
| Deposit | 03/03/2021 | | Anonymous | Anonymous donor at Prudential Insurance gave thru Benevity | ACH | 50.00 |
| Deposit | 03/05/2021 | | Anonymous | Anonymous donation from Genesco employee thru United Way 2010 | ACH | 185.82 |
| Deposit | 04/15/2021 | 52200391 | Givinga Foundation, Inc | Givinga donation | Check | 15.00 |
| Deposit | 04/18/2021 | 52770392 | Givinga Foundation, Inc | Givinga donations | Check | 92.45 |
| Deposit | 05/05/2021 | 7723 | Givinga Foundation, Inc. | Givinga Foundation | Check | 90.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser. | Network for Good | 60.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser | Network for Good | 25.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser | Network for Good | 100.00 |
| Deposit | 05/31/2021 | | Anonymous | various anonymous Facebook donations for Visions $25, $100, $50, $5, $50, $50, $100 | Network for Good | 380.00 |
| Deposit | 06/18/2021 | | Anonymous | anonymous donors thru UW | ACH | 129.86 |
| Deposit | 06/24/2021 | | | cash donations from Juneteenth celebration at Pinkerton Park | Cash | 15.00 |
| Deposit | 06/24/2021 | 55018191 | Givinga Foundation, Inc | Givinga foundation | Check | 15.00 |
| Deposit | 07/15/2021 | | Facebook | Anonymous donations on facebook thru NFG | Network for Good | 550.00 |
| Deposit | 07/22/2021 | 54066825 | Givinga Foundation, Inc | Givinga donation | Check | 15.00 |
| Deposit | 08/25/2021 | 55650714 | Givinga Foundation, Inc | Givinga Foundation | Check | 15.00 |
| Deposit | 09/15/2021 | 59402727 | Givinga Foundation, Inc | givinga giving fund | Check | 15.00 |
| Deposit | 10/25/2021 | 553 | Givinga Foundation, Inc | quarterly donation from Givinga Foundation | Check | 15.00 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor at Fifth Third bank thru UW | ACH | 305.48 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor at Graham Smith thru UW | ACH | 6.05 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor at Nissan thru UW | ACH | 38.47 |
| Deposit | 11/03/2021 | 12345 | Givinga Foundation, Inc | Givinga Foundation | Check | 15.00 |
| General Journal | 11/30/2021 | Gift Cards | | To record donated gift cards for 7/21-11/21 | | 800.00 |
| Deposit | 12/28/2021 | | Anonymous | anonymous donor thru Benevity | ACH | 25.00 |
| Deposit | 02/11/2022 | 02711391 | Givinga Foundation, Inc | Givinga donation | Check | 0.87 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at Fifth Third thru UW | ACH | 1,818.32 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at First Horizon Bank thru UW | ACH | 16.49 |
| Deposit | 03/18/2022 | | Anonymous | Anonymous donor at Graham Smith thru UW | ACH | 20.00 |
| Deposit | 03/18/2022 | | Anonymous | Anonymous donor at [illegible] thru UW | ACH | 32.71 |
| Deposit | 04/07/2022 | | Anonymous | 20 auction cards purchased with no names | Square | 2,100.00 |
| Deposit | 04/08/2022 | | Cash | silent auction cards purchased using cash night of | Cash | 1,400.00 |
| Deposit | 04/08/2022 | | Cash | cash donations received the night of | Cash | 200.00 |
| Deposit | 04/10/2022 | | Anonymous | anonymous-5 cards | Square | 500.00 |

REGULI v. WOODRUFF, ET AL
3:24-cv-694

EXHIBITS

8. Williamson County CASA, Inc. Statement of Activities for the year ended June 30, 2016 showing $8,319 (eight thousand three hundred nineteen dollars) in miscellaneous income.

EXHIBIT
8

WILLIAMSON COUNTY CASA, INC.
STATEMENT OF ACTIVITIES
FOR THE YEAR ENDED JUNE 30, 2016

| | Unrestricted | Temporarily Restricted |
|---|---|---|
| Support and Revenue | | |
| Government grants | $19,792 | $ |
| United Way | 47,269 | |
| Donations | 123,779 | |
| Special events | 166,687 | |
| Interest/dividends | 1,635 | |
| Unrealized gain (loss) | 3,360 | |
| Miscellaneous | 8,319 | |
| In-kind income | 145,182 | |
| Released from restriction | 3,172 | (3,172) |
| Total Support and Revenue | 519,195 | (3,172) |
| Expenses | | |
| Program services | | |
| Salaries | 204,341 | |
| Payroll taxes | 16,805 | |
| Employee benefits | 15,074 | |
| Advertising | 1,965 | |
| Rent | 27,600 | |
| Telephone | 6,133 | |
| Depreciation | 816 | |
| Insurance | 1,360 | |
| Training | 1,788 | |
| Travel | 7,633 | |
| Professional services | 14,801 | |
| Miscellaneous | 6,103 | |
| Courthouse dog | 1,076 | |
| In-kind expenses -- Advocates | 106,962 | |
| In-kind -- Other | 38,220 | |
| Move & Maintenance | 15,621 | |
| Technology | 10,225 | |
| Utilities | 4,547 | |
| Total Program Expenses | 481,070 | |
| General and administrative | | |
| Supplies and office costs | 5,621 | |
| Bank fees/cc discount | 885 | |
| Total General and Administrative | 6,506 | |
| Fundraising | 13,318 | |
| Total expenses | 500,894 | |
| Increase (decrease) in net assets | 18,301 | (3,172) |
| Net assets – beginning of year | 324,827 | 8,226 |
| Net assets – end of year | $343,128 | $ 5,054 |

See accompanying notes and auditor's report.

Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 47 of 54 PageID #: 2402

REGULI v. WOODRUFF, ET AL
3:24-cv-694

# EXHIBITS

9. Williamson County CASA, Inc. Excerpts IRS 990 tax returns for tax years ending June 30, 2017, page 1 & 11, June 30 2020, page 1 & 11, June 30, 2021, page 1 & 11. On each of these publicly available tax records, on Page 11, Line 4 has no entry for "accounts receivable" for the 2017 & 2020 returns, and $126 for the 2021 return. The 2020 and 2021 returns have an apparent indicia the Emily Layton either prepared, approved, or filed these forms "Under penalty of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Emily Layton, Executive Direc[sic] appears as "officer".

EXHIBIT
9

efile Public Visual Render | ObjectId: 201830459349300448 - Submission: 2018-02-14 | TIN: 62-1583334

Form **990**

Department of the Treasury
Internal Revenue Service

# Return of Organization Exempt From Income Tax

**Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)**

▶ Do not enter social security numbers on this form as it may be made public.
▶ Information about Form 990 and its instructions is at *www.IRS.gov/form990*.

OMB No. 1545-0047

**2016**

Open to Public Inspection

**A For the 2016 calendar year, or tax year beginning 07-01-2016 , and ending 06-30-2017**

B Check if applicable:
☐ Address change
☐ Name change
☐ Initial return
☐ Final return/terminated
☐ Amended return
☐ Application pending

C Name of organization
WILLIAMSON COUNTY CASA INC

Doing business as

Number and street (or P.O. box if mail is not delivered to street address) | Room/suite
P O BOX 680774

City or town, state or province, country, and ZIP or foreign postal code
FRANKLIN, TN 37068

D Employer identification number
62-1583334

E Telephone number
(615) 591-2699

G Gross receipts $ 488,251

F Name and address of principal officer:
MARIANNE SCHROER

H(a) Is this a group return for subordinates? ☐ Yes ☑ No
H(b) Are all subordinates included? ☐ Yes ☐ No
If "No," attach a list. (see instructions)
H(c) Group exemption number ▶

I Tax-exempt status: ☑ 501(c)(3) ☐ 501(c) ( ) ◀ (insert no.) ☐ 4947(a)(1) or ☐ 527

J Website: ▶ WILLIAMSONCOUNTYCASA.ORG

K Form of organization: ☑ Corporation ☐ Trust ☐ Association ☐ Other ▶

L Year of formation: 1993

M State of legal domicile: TN

## Part I Summary

**Activities & Governance**

1 Briefly describe the organization's mission or most significant activities:
ORGANIZATION SERVES CHILDREN WHO ARE ABUSED OR NEGLECTED IN THE WILLIAMSON COUNTY AREA BY ADVOCATING FOR THEIR WELFARE IN THE COURT SYSTEM.

2 Check this box ▶ ☐

| | | | |
|---|---|---|---|
| 3 | Number of voting members of the governing body (Part VI, line 1a) | 3 | 15 |
| 4 | Number of independent voting members of the governing body (Part VI, line 1b) | 4 | 15 |
| 5 | Total number of individuals employed in calendar year 2016 (Part V, line 2a) | 5 | 6 |
| 6 | Total number of volunteers (estimate if necessary) | 6 | |
| 7a | Total unrelated business revenue from Part VIII, column (C), line 12 | 7a | 0 |
| b | Net unrelated business taxable income from Form 990-T, line 34 | 7b | |

| | | | Prior Year | Current Year |
|---|---|---|---|---|
| Revenue | 8 | Contributions and grants (Part VIII, line 1h) | 273,624 | 303,239 |
| | 9 | Program service revenue (Part VIII, line 2g) | | 0 |
| | 10 | Investment income (Part VIII, column (A), lines 3, 4, and 7d ) | 1,635 | 12,997 |
| | 11 | Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | 79,954 | 149,344 |
| | 12 | Total revenue—add lines 8 through 11 (must equal Part VIII, column (A), line 12) | 355,213 | 465,580 |
| Expenses | 13 | Grants and similar amounts paid (Part IX, column (A), lines 1–3 ) | | 0 |
| | 14 | Benefits paid to or for members (Part IX, column (A), line 4) | | 0 |
| | 15 | Salaries, other compensation, employee benefits (Part IX, column (A), lines 5–10) | 236,220 | 244,780 |
| | 16a | Professional fundraising fees (Part IX, column (A), line 11e) | | 0 |
| | b | Total fundraising expenses (Part IX, column (D), line 25) ▶11,118 | | |
| | 17 | Other expenses (Part IX, column (A), lines 11a–11d, 11f–24e) | 107,222 | 79,297 |
| | 18 | Total expenses. Add lines 13–17 (must equal Part IX, column (A), line 25) | 343,442 | 324,077 |
| | 19 | Revenue less expenses. Subtract line 18 from line 12 | 11,771 | 141,503 |
| Net Assets or Fund Balances | | | Beginning of Current Year | End of Year |
| | 20 | Total assets (Part X, line 16) | 352,017 | 502,860 |
| | 21 | Total liabilities (Part X, line 26) | 3,833 | 20,009 |
| | 22 | Net assets or fund balances. Subtract line 21 from line 20 | 348,184 | 482,851 |

## Part II Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

**Sign Here**

Signature of officer — Date 2018-01-29

MARIANNE SCHROER EXEC DIRECTOR
Type or print name and title

## Balance Sheet

Check if Schedule O contains a response or note to any line in this Part IX . . . ☐

| | | | | (A) Beginning of year | | (B) End of year |
|---|---|---|---|---|---|---|
| Assets | 1 | Cash-non-interest-bearing | | 144,877 | 1 | 278,229 |
| | 2 | Savings and temporary cash investments | | | 2 | |
| | 3 | Pledges and grants receivable, net | | | 3 | |
| | 4 | Accounts receivable, net | | | 4 | |
| | 5 | Loans and other receivables from current and former officers, directors, trustees, key employees, and highest compensated employees. Complete Part II of Schedule L | | | 5 | |
| | 6 | Loans and other receivables from other disqualified persons (as defined under section 4958(f)(1)), persons described in section 4958(c)(3)(B), and contributing employers and sponsoring organizations of section 501(c)(9) voluntary employees' beneficiary organizations (see instructions) Complete Part II of Schedule L | | | 6 | |
| | 7 | Notes and loans receivable, net | | | 7 | |
| | 8 | Inventories for sale or use | | | 8 | |
| | 9 | Prepaid expenses and deferred charges | | 970 | 9 | |
| | 10a | Land, buildings, and equipment: cost or other basis. Complete Part VI of Schedule D | 10a 15,747 | | | |
| | b | Less: accumulated depreciation | 10b 12,930 | 3,598 | 10c | 2,817 |
| | 11 | Investments—publicly traded securities | | 202,572 | 11 | 221,814 |
| | 12 | Investments—other securities. See Part IV, line 11 | | | 12 | |
| | 13 | Investments—program-related. See Part IV, line 11 | | | 13 | |
| | 14 | Intangible assets | | | 14 | |
| | 15 | Other assets. See Part IV, line 11 | | | 15 | |
| | 16 | **Total assets.** Add lines 1 through 15 (must equal line 34) | | 352,017 | 16 | 502,860 |
| Liabilities | 17 | Accounts payable and accrued expenses | | 3,833 | 17 | 9 |
| | 18 | Grants payable | | | 18 | |
| | 19 | Deferred revenue | | | 19 | 20,000 |
| | 20 | Tax-exempt bond liabilities | | | 20 | |
| | 21 | Escrow or custodial account liability. Complete Part IV of Schedule D | | | 21 | |
| | 22 | Loans and other payables to current and former officers, directors, trustees, key employees, highest compensated employees, and disqualified persons. Complete Part II of Schedule L | | | 22 | |
| | 23 | Secured mortgages and notes payable to unrelated third parties | | | 23 | |
| | 24 | Unsecured notes and loans payable to unrelated third parties | | | 24 | |
| | 25 | Other liabilities (including federal income tax, payables to related third parties, and other liabilities not included on lines 17-24). Complete Part X of Schedule D | | | 25 | |
| | 26 | **Total liabilities.** Add lines 17 through 25 | | 3,833 | 26 | 20,009 |
| Net Assets or Fund Balances | | **Organizations that follow SFAS 117 (ASC 958), check here ▶ ☑ and complete lines 27 through 29, and lines 33 and 34.** | | | | |
| | 27 | Unrestricted net assets | | 343,130 | 27 | 457,483 |
| | 28 | Temporarily restricted net assets | | 5,054 | 28 | 25,368 |
| | 29 | Permanently restricted net assets | | | 29 | |
| | | **Organizations that do not follow SFAS 117 (ASC 958), check here ▶ ☐ and complete lines 30 through 34.** | | | | |
| | 30 | Capital stock or trust principal, or current funds | | | 30 | |
| | 31 | Paid-in or capital surplus, or land, building or equipment fund | | | 31 | |
| | 32 | Retained earnings, endowment, accumulated income, or other funds | | | 32 | |
| | 33 | Total net assets or fund balances | | 348,184 | 33 | 482,851 |
| | 34 | Total liabilities and net assets/fund balances | | 352,017 | 34 | 502,860 |

Form **990** (2016)

Page 12

Form 990 (2016) Page **12**

Part XI **Reconcilliation of Net Assets**

Check if Schedule O contains a response or note to any line in this Part XI . . . ☐

| | | | |
|---|---|---|---|
| 1 | Total revenue (must equal Part VIII, column (A), line 12) | 1 | 465,580 |
| 2 | Total expenses (must equal Part IX, column (A), line 25) | 2 | 324,077 |
| 3 | Revenue less expenses. Subtract line 2 from line 1 | 3 | 141,503 |
| 4 | Net assets or fund balances at beginning of year (must equal Part X, line 33, column (A)) | 4 | 348,184 |

| efile Public Visual Render | ObjectId: 202130369349301503 - Submission: 2021-02-05 | TIN: 62-1583334 |
|---|---|---|

Form **990**

Department of the Treasury
Internal Revenue Service

# Return of Organization Exempt From Income Tax

**Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)**

▶ Do not enter social security numbers on this form as it may be made public.

▶ **Go to *www.irs.gov/Form990* for instructions and the latest information.**

OMB No. 1545-0047

**2019**

Open to Public Inspection

**A For the 2019 calendar year, or tax year beginning 07-01-2019 , and ending 06-30-2020**

**B** Check if applicable:
- ☐ Address change
- ☐ Name change
- ☐ Initial return
- ☐ Final return/terminated
- ☐ Amended return
- ☐ Application pending

**C** Name of organization
Williamson County CASA Inc

Doing business as

Number and street (or P.O. box if mail is not delivered to street address) | Room/suite
1205 Columbia Avenue

City or town, state or province, country, and ZIP or foreign postal code
Franklin, TN 37064

**D Employer identification number**
62-1583334

**E** Telephone number

**G** Gross receipts $ 453,067

**F** Name and address of principal officer:

**H(a)** Is this a group return for subordinates? ☐ Yes ☑ No

**H(b)** Are all subordinates included? ☐ Yes ☐ No
If "No," attach a list. (see instructions)

**H(c)** Group exemption number ▶

**I** Tax-exempt status: ☑ 501(c)(3) ☐ 501(c) ( ) ◀ (insert no.) ☐ 4947(a)(1) or ☐ 527

**J Website:** ▶ williamsoncountycasa.org

**K** Form of organization: ☑ Corporation ☐ Trust ☐ Association ☐ Other ▶

**L** Year of formation: 1993

**M** State of legal domicile: TN

## Part I Summary

**Activities & Governance**

**1** Briefly describe the organization's mission or most significant activities:
Organization serves children who are abused or neglected in the Williamson County area by advocating for their welfare in the court system.

**2** Check this box ▶ ☐

| | | | |
|---|---|---|---|
| 3 | Number of voting members of the governing body (Part VI, line 1a) | 3 | 17 |
| 4 | Number of independent voting members of the governing body (Part VI, line 1b) | 4 | 17 |
| 5 | Total number of individuals employed in calendar year 2019 (Part V, line 2a) | 5 | 10 |
| 6 | Total number of volunteers (estimate if necessary) | 6 | 83 |
| 7a | Total unrelated business revenue from Part VIII, column (C), line 12 | 7a | 0 |
| b | Net unrelated business taxable income from Form 990-T, line 39 | 7b | 0 |

| | | | Prior Year | Current Year |
|---|---|---|---|---|
| Revenue | 8 | Contributions and grants (Part VIII, line 1h) | 410,926 | 344,619 |
| | 9 | Program service revenue (Part VIII, line 2g) | | 0 |
| | 10 | Investment income (Part VIII, column (A), lines 3, 4, and 7d ) | 13,057 | 13,985 |
| | 11 | Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | 124,523 | 90,877 |
| | 12 | Total revenue—add lines 8 through 11 (must equal Part VIII, column (A), line 12) | 548,506 | 449,481 |
| Expenses | 13 | Grants and similar amounts paid (Part IX, column (A), lines 1–3 ) | | 0 |
| | 14 | Benefits paid to or for members (Part IX, column (A), line 4) | | 0 |
| | 15 | Salaries, other compensation, employee benefits (Part IX, column (A), lines 5–10) | 340,658 | 320,876 |
| | 16a | Professional fundraising fees (Part IX, column (A), line 11e) | | 0 |
| | b | Total fundraising expenses (Part IX, column (D), line 25) ▶87,342 | | |
| | 17 | Other expenses (Part IX, column (A), lines 11a–11d, 11f–24e) | 101,899 | 89,668 |
| | 18 | Total expenses. Add lines 13–17 (must equal Part IX, column (A), line 25) | 442,557 | 410,544 |
| | 19 | Revenue less expenses. Subtract line 18 from line 12 | 105,949 | 38,937 |
| Net Assets or Fund Balances | | | Beginning of Current Year | End of Year |
| | 20 | Total assets (Part X, line 16) | 676,563 | 741,260 |
| | 21 | Total liabilities (Part X, line 26) | 36,238 | 59,000 |
| | 22 | Net assets or fund balances. Subtract line 21 from line 20 | 640,325 | 682,260 |

## Part II Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

**Sign Here**

Signature of officer | 2021-01-31 Date

Emily Layton Executive Direc
Type or print name and title

Print/Type preparer's name | Preparer's signature | Date | Check ☐ if | PTIN

Case 3:24-cv-00694 Document 197-1 Filed 10/09/26 Page 51 of 54 PageID #: 2406

Check if Schedule O contains a response or note to any line in this Part IX . . . ☐

| | | | | (A) Beginning of year | | (B) End of year |
|---|---|---|---|---|---|---|
| Assets | 1 | Cash–non-interest-bearing | | 213,268 | 1 | 201,506 |
| | 2 | Savings and temporary cash investments | | | 2 | |
| | 3 | Pledges and grants receivable, net | | | 3 | |
| | 4 | Accounts receivable, net | | | 4 | |
| | 5 | Loans and other payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 5 | |
| | 6 | Loans and other receivables from other disqualified persons (as defined under section 4958(f)(1)), and persons described in section 4958(c)(3)(B) | | | 6 | |
| | 7 | Notes and loans receivable, net | | | 7 | |
| | 8 | Inventories for sale or use | | | 8 | |
| | 9 | Prepaid expenses and deferred charges | | | 9 | 15,851 |
| | 10a | Land, buildings, and equipment: cost or other basis. Complete Part VI of Schedule D | 10a 13,081 | | | |
| | b | Less: accumulated depreciation | 10b 9,514 | 4,091 | 10c | 3,567 |
| | 11 | Investments—publicly traded securities | | 459,204 | 11 | 520,336 |
| | 12 | Investments—other securities. See Part IV, line 11 | | | 12 | |
| | 13 | Investments—program-related. See Part IV, line 11 | | | 13 | |
| | 14 | Intangible assets | | | 14 | |
| | 15 | Other assets. See Part IV, line 11 | | | 15 | |
| | 16 | **Total assets.** Add lines 1 through 15 (must equal line 33) | | 676,563 | 16 | 741,260 |
| Liabilities | 17 | Accounts payable and accrued expenses | | 36,238 | 17 | |
| | 18 | Grants payable | | | 18 | |
| | 19 | Deferred revenue | | | 19 | |
| | 20 | Tax-exempt bond liabilities | | | 20 | |
| | 21 | Escrow or custodial account liability. Complete Part IV of Schedule D | | | 21 | |
| | 22 | Loans and other payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 22 | |
| | 23 | Secured mortgages and notes payable to unrelated third parties | | | 23 | |
| | 24 | Unsecured notes and loans payable to unrelated third parties | | | 24 | 59,000 |
| | 25 | Other liabilities (including federal income tax, payables to related third parties, and other liabilities not included on lines 17 - 24). Complete Part X of Schedule D | | | 25 | |
| | 26 | **Total liabilities.** Add lines 17 through 25 | | 36,238 | 26 | 59,000 |
| Net Assets or Fund Balances | | **Organizations that follow FASB ASC 958, check here ▶ ☑ and complete lines 27, 28, 32, and 33.** | | | | |
| | 27 | Net assets without donor restrictions | | 637,825 | 27 | 682,260 |
| | 28 | Net assets with donor restrictions | | 2,500 | 28 | |
| | | **Organizations that do not follow FASB ASC 958, check here ▶ ☐ and complete lines 29 through 33.** | | | | |
| | 29 | Capital stock or trust principal, or current funds | | | 29 | |
| | 30 | Paid-in or capital surplus, or land, building or equipment fund | | | 30 | |
| | 31 | Retained earnings, endowment, accumulated income, or other funds | | | 31 | |
| | 32 | Total net assets or fund balances | | 640,325 | 32 | 682,260 |
| | 33 | Total liabilities and net assets/fund balances | | 676,563 | 33 | 741,260 |

Form **990** (2019)

Page 12

Form 990 (2019) Page **12**

Part XI **Reconcilliation of Net Assets**

Check if Schedule O contains a response or note to any line in this Part XI . . . ☐

| | | | |
|---|---|---|---|
| 1 | Total revenue (must equal Part VIII, column (A), line 12) | 1 | 449,481 |
| 2 | Total expenses (must equal Part IX, column (A), line 25) | 2 | 410,544 |
| 3 | Revenue less expenses. Subtract line 2 from line 1 | 3 | 38,937 |
| 4 | Net assets or fund balances at beginning of year (must equal Part X, line 32, column (A)) | 4 | 640,325 |
| 5 | Net unrealized gains (losses) on investments | 5 | 2,998 |
| 6 | Donated services and use of facilities | 6 | |
| 7 | Investment expenses | 7 | |
| 8 | Prior period adjustments | 8 | |
| 9 | Other changes in net assets or fund balances (explain in Schedule O) | | |

efile Public Visual Render | ObjectId: 202103499349301720 - Submission: 2021-12-15 | TIN: 62-1583334

Form **990**

Department of the Treasury
Internal Revenue Service

# Return of Organization Exempt From Income Tax

**Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)**

▶ Do not enter social security numbers on this form as it may be made public.

▶ Go to *www.irs.gov/Form990* for instructions and the latest information.

OMB No. 1545-0047

**2020**

Open to Public Inspection

**A For the 2020 calendar year, or tax year beginning 07-01-2020 , and ending 06-30-2021**

B Check if applicable:
- ☐ Address change
- ☐ Name change
- ☐ Initial return
- ☐ Final return/terminated
- ☐ Amended return
- ☐ Application pending

C Name of organization
WILLIAMSON COUNTY CASA INC

Doing business as

Number and street (or P.O. box if mail is not delivered to street address) 1205 COLUMBIA AVENUE | Room/suite

City or town, state or province, country, and ZIP or foreign postal code
FRANKLIN, TN 37064

**D Employer identification number**
62-1583334

E Telephone number

G Gross receipts $ 576,577

F Name and address of principal officer:

H(a) Is this a group return for subordinates? ☐ Yes ☑ No

H(b) Are all subordinates included? ☐ Yes ☐ No
If "No," attach a list. (see instructions)

H(c) Group exemption number ▶

I Tax-exempt status: ☑ 501(c)(3) ☐ 501(c) ( ) ◀ (insert no.) ☐ 4947(a)(1) or ☐ 527

J **Website:** ▶ WILLIAMSONCOUNTYCASA.ORG

K Form of organization: ☑ Corporation ☐ Trust ☐ Association ☐ Other ▶

L Year of formation: 1993

M State of legal domicile: TN

## Part I Summary

**Activities & Governance**

1 Briefly describe the organization's mission or most significant activities:
THE ORGANIZATION SERVES CHILDREN WHO ARE ABUSED OR NEGLECTED IN THE WILLIAMSON COUNTY AREA BY ADVOCATING FOR THEIR WELFARE IN THE COURT SYSTEM.

2 Check this box ▶ ☐

| | | | |
|---|---|---|---|
| 3 | Number of voting members of the governing body (Part VI, line 1a) | 3 | 21 |
| 4 | Number of independent voting members of the governing body (Part VI, line 1b) | 4 | 21 |
| 5 | Total number of individuals employed in calendar year 2020 (Part V, line 2a) | 5 | 6 |
| 6 | Total number of volunteers (estimate if necessary) | 6 | 72 |
| 7a | Total unrelated business revenue from Part VIII, column (C), line 12 | 7a | 0 |
| b | Net unrelated business taxable income from Form 990-T, line 39 | 7b | 0 |

| Section | | | Prior Year | Current Year |
|---|---|---|---|---|
| Revenue | 8 | Contributions and grants (Part VIII, line 1h) | 344,619 | 507,458 |
| | 9 | Program service revenue (Part VIII, line 2g) | | 0 |
| | 10 | Investment income (Part VIII, column (A), lines 3, 4, and 7d ) | 13,985 | 46,939 |
| | 11 | Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | 90,877 | 345 |
| | 12 | Total revenue—add lines 8 through 11 (must equal Part VIII, column (A), line 12) | 449,481 | 554,742 |
| Expenses | 13 | Grants and similar amounts paid (Part IX, column (A), lines 1–3 ) | | 0 |
| | 14 | Benefits paid to or for members (Part IX, column (A), line 4) | | 0 |
| | 15 | Salaries, other compensation, employee benefits (Part IX, column (A), lines 5–10) | 320,876 | 331,213 |
| | 16a | Professional fundraising fees (Part IX, column (A), line 11e) | | 0 |
| | b | Total fundraising expenses (Part IX, column (D), line 25) ▶119,020 | | |
| | 17 | Other expenses (Part IX, column (A), lines 11a–11d, 11f–24e) | 89,668 | 97,690 |
| | 18 | Total expenses. Add lines 13–17 (must equal Part IX, column (A), line 25) | 410,544 | 428,903 |
| | 19 | Revenue less expenses. Subtract line 18 from line 12 | 38,937 | 125,839 |
| Net Assets or Fund Balances | | | Beginning of Current Year | End of Year |
| | 20 | Total assets (Part X, line 16) | 741,260 | 945,413 |
| | 21 | Total liabilities (Part X, line 26) | 59,000 | 61,781 |
| | 22 | Net assets or fund balances. Subtract line 21 from line 20 | 682,260 | 883,632 |

## Part II Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

**Sign Here**

Signature of officer — Date 2021-12-15

EMILY LAYTON EXECUTIVE DIREC
Type or print name and title

Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN

## Part X Balance Sheet

Check if Schedule O contains a response or note to any line in this Part IX . . . ☐

| | | | | (A) Beginning of year | | (B) End of year |
|---|---|---|---|---|---|---|
| Assets | 1 | Cash–non-interest-bearing | | 201,506 | 1 | 289,238 |
| | 2 | Savings and temporary cash investments | | | 2 | |
| | 3 | Pledges and grants receivable, net | | | 3 | |
| | 4 | Accounts receivable, net | | | 4 | 126 |
| | 5 | Loans and other payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 5 | |
| | 6 | Loans and other receivables from other disqualified persons (as defined under section 4958(f)(1)), and persons described in section 4958(c)(3)(B) | | | 6 | |
| | 7 | Notes and loans receivable, net | | | 7 | |
| | 8 | Inventories for sale or use | | | 8 | |
| | 9 | Prepaid expenses and deferred charges | | 15,851 | 9 | 15,851 |
| | 10a | Land, buildings, and equipment: cost or other basis. Complete Part VI of Schedule D | 10a 13,081 | | | |
| | b | Less: accumulated depreciation | 10b 11,267 | 3,567 | 10c | 1,814 |
| | 11 | Investments—publicly traded securities | | 520,336 | 11 | 636,429 |
| | 12 | Investments—other securities. See Part IV, line 11 | | | 12 | |
| | 13 | Investments—program-related. See Part IV, line 11 | | | 13 | |
| | 14 | Intangible assets | | | 14 | |
| | 15 | Other assets. See Part IV, line 11 | | | 15 | 1,955 |
| | 16 | **Total assets.** Add lines 1 through 15 (must equal line 33) | | 741,260 | 16 | 945,413 |
| Liabilities | 17 | Accounts payable and accrued expenses | | | 17 | 19 |
| | 18 | Grants payable | | | 18 | |
| | 19 | Deferred revenue | | | 19 | |
| | 20 | Tax-exempt bond liabilities | | | 20 | |
| | 21 | Escrow or custodial account liability. Complete Part IV of Schedule D | | | 21 | |
| | 22 | Loans and other payables to any current or former officer, director, trustee, key employee, creator or founder, substantial contributor, or 35% controlled entity or family member of any of these persons | | | 22 | |
| | 23 | Secured mortgages and notes payable to unrelated third parties | | | 23 | |
| | 24 | Unsecured notes and loans payable to unrelated third parties | | 59,000 | 24 | 61,762 |
| | 25 | Other liabilities (including federal income tax, payables to related third parties, and other liabilities not included on lines 17 - 24). Complete Part X of Schedule D | | | 25 | |
| | 26 | **Total liabilities.** Add lines 17 through 25 | | 59,000 | 26 | 61,781 |
| Net Assets or Fund Balances | | **Organizations that follow FASB ASC 958, check here ▶ ☑ and complete lines 27, 28, 32, and 33.** | | | | |
| | 27 | Net assets without donor restrictions | | 682,260 | 27 | 876,752 |
| | 28 | Net assets with donor restrictions | | | 28 | 6,880 |
| | | **Organizations that do not follow FASB ASC 958, check here ▶ ☐ and complete lines 29 through 33.** | | | | |
| | 29 | Capital stock or trust principal, or current funds | | | 29 | |
| | 30 | Paid-in or capital surplus, or land, building or equipment fund | | | 30 | |
| | 31 | Retained earnings, endowment, accumulated income, or other funds | | | 31 | |
| | 32 | Total net assets or fund balances | | 682,260 | 32 | 883,632 |
| | 33 | Total liabilities and net assets/fund balances | | 741,260 | 33 | 945,413 |







## Part XI Reconcilliation of Net Assets

Check if Schedule O contains a response or note to any line in this Part XI . . . ☐

| | | | |
|---|---|---|---|
| 1 | Total revenue (must equal Part VIII, column (A), line 12) | 1 | 554,742 |
| 2 | Total expenses (must equal Part IX, column (A), line 25) | 2 | 428,903 |
| 3 | Revenue less expenses. Subtract line 2 from line 1 | 3 | 125,839 |
| 4 | Net assets or fund balances at beginning of year (must equal Part X, line 32, column (A)) | 4 | 682,260 |
| 5 | Net unrealized gains (losses) on investments | 5 | 75,533 |