IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANTS EMILY LAYTON AND WILLIAMSON COUNTY CASA, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS**

## INTRODUCTION

Reguli's latest motion for sanctions is yet another attempt to distract from the merits of her claims by fixating on non-substantive issues that could have been resolved with a phone call or email. Like her other two sanctions motions, Reguli offers no proof that what was, at most, an oversight amounted to bad faith. To the contrary, the record demonstrates that counsel acted in good faith by expeditiously seeking to strike the inadvertently unredacted filing, despite disagreement with the merits of Reguli's motion for sanctions. The Court should deny her motion.

## ARGUMENT

### I. Counsel did not violate any court order, so neither sanctions nor contempt are available.

The only authority Reguli cites for imposing sanctions or contempt requires violation of a court order, which did not occur here. Rule 37(b)(2) authorizes sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *Needham v. Roho Grp.*, No. 04-10149-BC, 2005 WL 8154285, at *1 (E.D. Mich. Sept. 15, 2005) ("[T]he plain language of Rule 37(b) requires that a court order be issued, followed by a violation of that order, before a

court can impose sanctions under that rule."). Likewise, "[t]he existence of a 'definite and specific order' that has been disobeyed is a prerequisite to the imposition of [civil] contempt sanctions." *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998) (internal citation omitted). And while 18 U.S.C. § 401(3) is inapplicable because it addresses criminal contempt, it, too, requires "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Counsel for Layton and CASA did not violate any order. Reguli's motion is premised on counsel's purported violation of the Protective Order that Reguli adamantly opposed, and which Reguli implicitly admits is inapplicable here. *See* Dkt. 169. The Protective Order protects only material the producing party designates as confidential. Dkt. 183 at PageID #2148–49, ¶ 1 (defining Confidential Material as discovery "designated by the producing party as 'Confidential,' 'Subject to Protective Order,' or any combination thereof"). The restrictions on use and on public filing, Paragraphs 8, 9, and 14, apply only to "Confidential Material." *Id.* at PageID #2151–53. Reguli concedes she did not designate her response to Interrogatory 1 as Confidential Material. Dkt. 199 at PageID #2419. She instead argues that it "was clear from Plaintiff's pleadings" that she feared abuse. *Id.* But it was Reguli's obligation to designate her response as Confidential Material, not counsel's to draw that inference. The Protective Order also gave Reguli a remedy for her failure to designate Interrogatory 1 as Confidential Material: Paragraph 15 allows a party to retroactively designate material "unintentionally produced without designation" by written notice and replacement copies. Dkt. 183 at PageID #2153–54, ¶ 15. Reguli did not do so. Because there was no violation of the Protective Order, sanctions and contempt are not warranted under the authority Reguli cites.

## II. Reguli fails to demonstrate bad faith in light of counsel's efforts to remedy the inadvertently unredacted exhibit.

Reguli also fails to demonstrate bad faith sufficient to invoke the Court's inherent authority to impose sanctions. For sanctions to be justified, the Sixth Circuit requires either a specific finding of bad faith or conduct that was tantamount to bad faith. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). "To establish bad faith, the 'conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings.'" Dkt. 201 at PageID #2447–48 (citing *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 521–22 (6th Cir. 2016)). Without *proof* of bad faith, sanctions are unavailable. *United States v. Aleo*, 681 F.3d 290, 305–06 (6th Cir. 2012).

Reguli offers no proof and cites no authority supporting her argument that counsel's inadvertent filing rose to the level of bad faith required for the Court to impose sanctions or contempt. Although Reguli did not designate her response to Interrogatory 1 as Confidential Material, counsel intended to redact the account numbers in accordance with Federal Rule of Civil Procedure 5.2. Their oversight in filing the exhibit unredacted was unintentional. Stephens Decl. at ¶ 3. That kind of "mere mistake" is insufficient to justify the imposition of sanctions. *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104-JTF-TMP, 2023 WL 3853984, at *6 (W.D. Tenn. June 6, 2023) (citing cases); *United States ex rel. O'Laughlin v. Radiation Therapy Servs. P.S.C.*, No. 0:16-CV-00148-DLB-EBA, 2023 WL 12007336, at *9 (E.D. Ky. July 27, 2023) ("[d]iscerning no bad faith" and denying motion for sanctions where the plaintiff's act "was a systematic oversight. . . not done intentionally to circumvent the rules or to hide something from the Defendants"). On the other hand, each of the cases relied upon by Reguli contains

drastically different facts and circumstances from those present here.[1] *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56–57 (1991) ("sordid scheme of deliberate misuse of the judicial process," preceded by "repeated timely warnings" that the conduct was sanctionable); *Glover v. Johnson*, 199 F.3d 310, 313 (6th Cir. 1998) ($385,000 in prospective, purgeable per-diem fines payable to the court, imposed after twenty years of litigation and "years of defiance and delay").

Further, the record demonstrates that counsel took Reguli's concern seriously upon learning of it (which was when Reguli filed her motion) and made every effort to correct the inadvertent filing expeditiously. Reguli did not contact counsel prior to seeking sanctions and contempt. Stephens Decl. at ¶ 4. Had she done so, counsel would have immediately sought to correct the filing. *Id.* Instead, Reguli opted to wait over a week and file the instant motion, and counsel only learned that the exhibit was inadvertently filed unredacted upon receipt of Reguli's motion. *See id.* at ¶ 5. Within hours of receiving Reguli's motion, counsel called Reguli to attempt to rectify the issue but was unable to reach her. *Id.* at ¶ 6. Counsel then called the Court and left a voicemail to inquire about the most efficient way to remove the unredacted exhibit from the docket. *Id.* at ¶ 7. And despite CASA's disagreement with the merits of Reguli's motion for sanctions, the same day they received the ECF notification, counsel filed a motion to strike the exhibit requesting it be replaced with a redacted version. *Id.* at ¶ 8–9. Counsel then contacted the Court the next morning

---

[1] Reguli's remaining authority either found sanctions or contempt were inappropriate or relies on out-of-circuit authority that has since been reversed. *See Glover*, 138 F.3d at 244–45 (reversing contempt findings for want of a "definite and specific order"); *Freeland v. Amigo*, 103 F.3d 1271, 1277–81 (6th Cir. 1997) (reversing a case-dispositive Rule 37 sanction imposed without willfulness, prejudice, warning, or consideration of lesser sanctions); *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (cited by Reguli as "*In re Bennett*, 298 F.3d 585, 595 (6th Cir. 2002)") (addressing contempt for violation of a bankruptcy discharge injunction, and conditioning liability on the contemnor's knowledge that the injunction applied to its conduct; the strict liability theory from *In re Bennett* advanced by Reguli has since been reversed in *Taggart v. Lorenzen*, 587 U.S. 554, 560–61 (2019)).

to ensure it received the motion to strike and inquire if there was anything further they could do to correct the unredacted filing. *Id.* at ¶ 10. Counsel's good faith efforts to correct the exhibit show neither an "intent to thwart judicial proceedings" nor a "reckless disregard for the effect of [their] conduct on those proceedings." Dkt. 201 at PageID #2447–48 (citing *Bradley J. Delp Revocable Tr.*, 665 F. App'x at 521–22).

## **CONCLUSION**

For the foregoing reasons, the Court should deny Reguli's motion.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37128

I also hereby certify that on October 22, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Michael J. Stephens*
Michael J. Stephens