**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**<u>DECLARATION OF MICHAEL J. STEPHENS</u>**

I, Michael J. Stephens, declare and state as follows pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age, am an attorney licensed to practice law in the State of Tennessee, and am a partner in the firm Bradley Arant Boult Cummings LLP. The matters set forth in this declaration are true and are based on my personal knowledge. I am legally competent to testify on these matters.

2. I make this Declaration in support of Layton and CASA's Response to Plaintiff's Motion for Contempt and Sanctions.

3. On October 5, 2026, counsel for Layton and CASA filed CASA's Response in Opposition to Plaintiff's Motion for Protective Order and to Quash Subpoenas and for Sanctions (Doc. 189) (Dkt. 195) with Reguli's response to Interrogatory 1 filed as exhibit (Dkt. 195-1). The exhibit was filed to demonstrate that CASA had only subpoenaed the entities identified by Reguli in response to Interrogatory 1. The exhibit was inadvertently filed unredacted.

4. Reguli never called, emailed, or contacted counsel for Layton and CASA regarding the unredacted exhibit. Had she done so, counsel would have been willing to immediately rectify the issue.

5. It came to counsel's attention that the exhibit had inadvertently been filed unredacted over one week later, when counsel for Layton and CASA received the ECF notification for Reguli's motion for sanctions and contempt on October 13, 2026 around 2:17 p.m.

6. After reviewing Reguli's motion for sanctions and contempt, counsel for Layton and CASA called Reguli in an effort to immediately address the issue. Reguli did not answer.

7. Counsel for Layton and CASA then called Clerk of Court to inquire about how to most efficiently remove the unredacted exhibit from the docket and left a voicemail.

8. Counsel for Layton and CASA then promptly prepared a motion to strike requesting that the Court strike the exhibit and replace it with the redacted version.

9. Counsel for Layton and CASA filed the motion to strike at 6:22 p.m. which was approximately five hours after learning of the inadvertently filed unredacted exhibit. *See* Dkt. 200.

10. The next morning around 9:00 a.m., counsel for Layton and CASA again called the Court to inform it of motion to strike and ask if anything else could be done to remove the unredacted exhibit from the docket. Counsel was informed that the Court was aware of the motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of October 2026.

Michael J. Stephens