FILED
2026 OCT 26 AM 10: 30
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S MOTION AND MEMORANDUM FOR JUDICIAL DISQUALIFICATION OF MAGISTRATE JUDGE LUKE A. EVANS PURSUANT TO 28 U.S.C. Sec. 144 AND 28 U.S.C. Sec. 455**

For cause, now comes the plaintiff, Connie Reguli, pro se, and files this motion for judicial disqualification of Magistrate Judge Luke A. Evans pursuant to 28 U.S.C. Sec. 144 and Sec. 455. Plaintiff would show that prior litigation history between Mr. Evans and Ms. Reguli appear to have influenced rulings in this case that are deliberately changing the history of the case through a cascade of orders that (1) misstate facts, (2) blurs the Court's prior order which lacked substance, (3) exceed the Court's authority by overriding the rules of civil procedure, (4) fail to make findings and conclusions to support the opinions of the court, (5)

Plaintiff Reguli, as described below, has a history with Magistrate Judge Evans when he acted as a litigator in Tennessee state courts, which appear to have influenced his rulings in this case. Plaintiff recognized Magistrate Judge Evans on his first involvement in July 2026, however, withheld any assumptions of bias or prejudice. However, now after the entry of five orders that show his attempts to shade the outcome of this case, Plaintiff finds that this matter must be put before the Court.

Plaintiff includes herein a sworn declaration of facts, certificate of good faith, and copies of the orders in question.

## I. MEMORANDUM OF LAW

In accordance with 28 U.S.C. Sec. 144, whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel or record stating that it is made in good faith.

In accordance with 28 U.S. C. Sec. 455, any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall disqualify himself where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Two different standards apply under those two statutes. Under 28 U.S.C. Sec. 144 the party seeking disqualification must make an affidavit or personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith. When a party is proceeding pro se, no counsel's certificate is required. While the affidavit is directed to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency.

*Thompson v. Warden, N. Cent. Corr. Inst.,* No. 2:24-cv-4224, 2024 U.S.Dist. LEXIS 233346, pg. 1-2. (So. Dist. Ohio Dec. 25, 2024).

Under 28 U.S.C. Sec. 455, a different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself sua sponte. There is no timeliness requirement. Id. pg. 3.

The standard applied in evaluating recusal motions is an objective one. What matters is not the reality of bias or prejudice, but its appearance. Id. Citing *Litely v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based on the subject view of a party, no matter how strongly that subjective view is held. Id. Citing *United States v. Nelson,* 992 F.2d 311, 319 (6th Cir. 1990).

A disqualifying prejudice or bias must be personal or extrajudicial. This must stem from an extrajudicial course and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Thompson*, pg. 3, Citing *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *United States v. Grimmell Corp.,* 384 U.S. 563, 583 (1966)

The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for bias and prejudice recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a sufficient condition for bias and prejudice recusal, since some opinions acquired outside the context of judicial proceedings (for example, the judge's view of the law acquired in scholarly reading) will not suffice. Judicial rulings alone almost never constitute valid basis for bias or partiality motions. *Thompson*, pg. 3, Citing *Grimmell*, 384 U.S. at 583.

Since the decision in *Liteky*, federal courts have been uniform in holding that Sec. 455(a) cannot be satisfied without proof of extrajudicial bias, except in the most egregious cases. Thompson, pg. 4.

## II. STATEMENT OF FACTS IN SUPPORT OF DISQUALIFICATION OF MAGISTRATE JUDGE LUKE A. EVANS

By verified affidavit Plaintiff would show, she recognized the identity of Magistrate Judge Luke A. Evans upon his first appearance in this case in July 2026 for a discovery conference. As a point of history, prior Magistrate Judge Alistair Newbern had entered an Memorandum Opinion which conflicted with this Court's prior ruling on "witness" immunity. Plaintiff did not seek a recusal but followed the procedure of Fed. R. Civ. Proc. 72 and filed an objection. This Court rejected substantive rulings in the Magistrate Judge's opinion. DE 93, DE 95, DE 118. This is stated for the purpose of demonstrating that the Plaintiff is not merely seeking recusal based on an unfavorable ruling. In this case, a pattern is emerging that can not be ignored in which Magistrate Judge Evans is misrepresenting his prior rulings, changing the law-of-the-case, misstating the facts, and manipulating the Federal Rules of Civil Procedure with a cascade of non-dispositive orders.

Plaintiff Connie Reguli practiced law as a litigator in Tennessee from 1994 through 2022. Prior to entering law school she completed her master's course work in psychology, giving her a broad perspective on the psychological impact of litigation. Her case load carried her throughout the state, into federal court, and across geographic boundaries to South Carolina, Maryland, and Kentucky. Reguli developed a reputation as an aggressive litigator especially in cases where the safety of children were at issue. This path led her to engage with and often challenge various forensic and psychological professionals, criticize the actions of the Department of Children's

Services and law enforcement, and challenge state actors where constitutional boundaries were disrupted. This also meant that relationships with other litigating attorneys in Tennessee were sometimes challenging.

Reguli grew an expertise in cases involving adult and child sexual abuse including serving as a prosecutor in Davidson County. These cases are difficult, complex, filled with emotion, and high conflict. Reguli's decades of experience saw court opinions shifting over time from believing children to discounting children; from trusting experts to discounting experts; from passive interest in prosecuting sexual abuse to aggressive prosecution. Managing changing judicial attitudes that she observed in the courtroom raised as many challenges as presenting the available evidence. Many cases involving sexual abuse include high profile participants; church leaders, professors, corporate managers, medical professionals, successful business men, many of whom had much to lose if exposed.

Reguli also saw the systems fail children. District attorneys improperly presenting the case. The Department of Children Services refused to pursue legal cases where the child was in a "safe place." And the lack of training and acknowledgment in the legal community of the epidemic of sexual assaults.

At the end of 2010, one such case came to Reguli for assistance. This case is discussed in two separate Court of Appeals opinions which are attached. **EXHIBITS 1, 2.** Without disclosing confidential attorney-client communications, Reguli's affidavit explains how this case led to the direct conflict with Attorney Luke A. Evans. Reguli's services to this client extended from December 2010 until mid 2012. The mother came to Reguli at the conclusion of a juvenile court trial to complete the appeal. **EXHIBIT 1.** *In re Jonathon S. C-B,* M2010-02536-COA-R3-JV, (Tenn. Ct. App. July 31, 2012) She engaged Reguli for both an

appeal of the prior litigation, to investigate additional experts in the area of child sexual abuse, and to prepare for another round of litigation when the minor child disclosed other acts of abuse. Over the course of eighteen months, Reguli and her litigation team invested more than a thousand hours. The second trial also was damaging to the relationship between the mother and son and Mother wanted to appeal again. However, since Reguli had actually conducted the trial this time, she had carefully laid out the issues as the case progressed. The handling of experts, the credibility challenges to all of Mother's witnesses, and the failure to acknowledge the Tennessee Protective Parent Act. See Tenn. Code Ann. Sec. 36-6-112.

As Reguli was preparing the appeal, including acquiring the transcripts, drafting the statement of the case and statement of the evidence, the Mother told Reguli she wanted Luke A. Evans as co-counsel and she had already met with him.

Under Tenn. Sup. Ct. R. 8, RPC 4.2: Communication with a person represented by counsel. In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order. The comments says, [1] This Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship, and the uncounseled disclosure of information relating to the representation. [2] This Rule applies to communications with any person who is represented by counsel concerning the matter to which the communication relates.

Before considering taking on another attorney, Reguli decided to look into the professional experience of Evans to see if he had expertise that could add to the litigation effort.

Evans' listing on the Board of Professional Responsibility showed that he was licensed in 2004. Reguli researched his appellate practice to see if he had substantial experience in litigating complex custody and child abuse. He did not. Most of his appellate practice at that time was criminal appeals. Those records are attached. **EXHIBIT 3.** Luke A. Evans BPR listing and LEXIS review. Evans had ten years less experience than Reguli and did not have a substantial appellate practice that would significantly contribute to the case.

Reguli declined to include Attorney Evans as co-counsel explaining to the client that it would only cause more confusion. Mr. Evans never reached out to speak to Reguli about his conversation with the Mother or his perspective on the issues on appeal. Reguli had already drafted out nine issues that needed to be examined. Mr. Evans would later raise only two issues in the appeal. **EXHIBIT 2.** *In re Jonathon S. C-B.*, M2012-02088-COS-R3-JV, (Jan. 29, 2014)

The mother chose to pursue the appeal with Mr. Evans and Reguli withdrew. Of course there is no guarantee that the Mother would have obtained a different outcome if she had continued her case with Reguli.

Reguli had closely followed the application of the Protective Parent Act. In the first appeal, the Court had used the outcome of another case against the Mother, i.e. *Cone v. Cone*, M2008-02303-COA-R3-CV, (Tenn. Ct. App. Apr. 29, 2010). In *Cone*, the Court of Appeals blamed the mother for the repeated disclosures of abuse by the five-year-old child and changed custody to the father permitting the child to be transported to the State of Missouri. In 2014, the father, William Cameron Cone was charged with three counts of rape of a child in the State of Tennessee. **EXHIBIT 4.** *State of Tennessee v. William Cameron Cone*, M2014-01148-CCA-R10-CD (Tenn. Ct. Crim App. Rule 10 denial Sept. 8, 2014). Reguli

believed that the Cone case would ultimately provide relief for this motion who also believed she was protecting her child.

The challenges in cases where sexual abuse is alleged are delecate, complex, and contenious. Reguli had been involved in various levels of multiple cases. Reguli represented children in a civil matter suing their parents for abuse in a sealed case in Grundy County, Tennessee. Reguli represented a juvenile who alleged sexual assault in Williamson County juvenile detention center. Reguli represented a female parishioner against a mega-church in Tennessee for sexual assault against women. And Reguli was closely associated with the criminal prosecution of John David Cunningham in Rutherford County, Tennessee who was convicted of 13 counts of sexual assault and is currently serving a 100-year sentence.

Instead of using the courtesy of a phone call to discuss these delicate issues, Attorney Luke A. Evans influenced the Mother to drop Reguli as counsel. Unfortunately, this transition appeared to be a financial decision for Mr. Evans, knowing that the mother was a professional with resources to pay high litigation fees.

## III. ACTIONS OF MAGISTRATE JUDGE LUKE A. EVANS RAISING QUESTIONS OF IMPARTIALITY AND FAIRNESS

When Magistrate Judge Evans entered this case, Reguli recognized him from the prior association but did not want to draw any conclusions of bias or prejudice too quickly. However, the following actions of the Magistrate Judge are troubling and in some cases, lack logic. Therefore, Reguli seeks recusal.

**July 17, 2026 - DE 140.** During the month of July 2026, Plaintiff Reguli and Defendants Williamson County CASA, Inc. (CASA) and Emily Layton had a discovery dispute over defendants' access to Plaintiff's personal and professional financial records. DE 128. Defendants sought to demand that Reguli respond to an interrogatory seeking all of her financial accounts

since 2014. Plaintiff objected as not relevant to the case. Defendants did not include any legal argument in their joint discovery dispute statement that would permit the defendants to open an investigation years after the Plaintiff had prevailed in the criminal case that is the subject of this civil rights case. Magistrate Judge Evans held a short telephone conference. During that conference he interrogated Reguli asking her if she was changing her position that she had NOT paid the 2014 sanction. Reguli referred to her prior testimony, but was shocked that Magistrate Judge Evans had taken on the posture of an advocate in an evidentiary hearing by engaging in this interrogation. Magistrate Judge Evans ordered Reguli to respond and entered an order the same day. DE 140, PageID #: 1350. The one paragraph order said:

> *On July 17, 2026, pro se Plaintiff and counsel for the Defendants appeared for a discovery dispute conference. For the reasons stated during the conference, within 14 days of entry of this order, Plaintiff shall respond to Defendants Layton and Williamson County CASA, INC.'s interrogatory number 1 as modified to include a date range of Defendant 3, 2014 through May of 2022.*

The order cited no statement of facts or conclusions or legal analysis that addressed the objections of the Plaintiff or the arguments of the Defendants. This order was so devoid of legal analysis that a reasoned objection by the Plaintiff was near impossible.

However, Plaintiff Reguli did file a timely objection to this order under Fed. R. Civ. Proc. 72 arguing that the Magistrate Judge's order contained no findings of facts or legal analysis regarding the relevance and proportionality of the discovery request. DE 143, PageID #: 1365-1373. Filed July 27, 2026.

Plaintiff filed a Motion to Stay the Magistrate Judge's order on August 7, 2026. DE 148, PageID #: 1387. Plaintiff cited *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, 2000 U.S. Dist.

LEXIS 62152 (E.D. Mich. Aug. 13 2008), addressing the likelihood that Plaintiff will prevail and that irreparable harm would occur against the Plaintiff if required to disclose her personal and professional financial records over an eight year period. The true inquiry in this case was the actions of defendants Layton and McLendon in 2022 when they recklessly and with a total disregard for truthfulness engaged in the secret investigation with Woodruff causing Reguli to be prosecuted. This case is not a collections case, a contract case, nor a contempt action against Reguli. Id, at 1389.

**August 12, 2026 - DE 155** Magistrate Judge Evans entered an order regarding the taking of oral testimony by deposition of former defendant Judge Joseph A. Woodruff. The order would permit the deposition with limitations on the subject matter of the questioning.

Magistrate Judge's order scolded Reguli that she had misrepresented and misstated a prior holding of the Court when addressing the remaining claims in this case. DE 155, PageID #: 1481, fn2. In the Memorandum Order granting in part and denying in part a motion to protective order filed by former Defendant Judge Joseph A. Woodruff, the Magistrate Judge, wrote that Reguli was "mischaracterizing court holdings" and warned that further misrepresentations could result in sanctions.

Defendants CASA/Layton filed Motion for Sanctions against the Plaintiff. DE 154 - Aug. 10, 2026.

Plaintiff filed a Response in opposition to the Motion for Sanctions. DE 161. Plaintiff argued that the Defendants have not articulated any prejudice or difficulty that would come from delay until the Court had ruled on the Magistrate Judge's July 17, 2026 Memorandum Order (DE 140) and Plaintiff's objections (DE 143). DE 161, PageID #: 1612. Citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006); *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.

1990). *USW, Local 1-1000 v. Forestply Indus.*, No. 2:08-cv-281, 2011 U.S. Dist. LEXIS 37766, at *18 (W.D. Mich. Apr. 1, 2011)

**September 3, 2026 - DE 168.** The Magistrate Judge entered an order September 3, 2026 sanctioning the Plaintiff and compelling her to respond to interrogatory 1 or risk the dismissal of the Complaint. DE 168.

The Magistrate Judge's Memorandum Order also states this,

> "*During the [July 17, 2026 telephone] conference, the Court heard extensive arguments from the parties. The Court carefully considered the basis of Reguli's objections. To address her objection, <u>the Court asked Reguli several questions</u> to assess her arguments regarding relevance and undue burden. However, Reguli was unable or unwilling to provide any information to assist the Court in narrowing the scope of the interrogatory.*" DE 168, PageID #: 1863.

Here again, this inserted summation of the July 17, 2026 telephone conference was NOT included in the Memorandum Order entered July 17, 2026 (DE 140). This attempt to cure the discovery conference Memorandum Order must also fail.

In this Memorandum Order (DE 168), the Magistrate Judge draws the following conclusion which was NOT included in the July 17, 2026 Memorandum Order (DE 140):

> "*A material issue to the pending litigation is whether Reguli paid a $3,145.50 state-court sanction to CASA as she claimed during the state-court proceedings before Judge Woodruff on April 26, 2022. This statement by Reguli prompted a series of events that led to her prosecution for aggravated perjury; an order nolle prosequi, in turn, prompted Reguli's malicious-prosecution claims against Defendant here. (Doc. No. 155, at 3-4).*" See DE 168, PageID #: 1862-63.

The Magistrate Judge is referring to the Memorandum Order entered August 12, 2026 (DE 155) regarding the Motion for Protective Order filed by former defendant Judge Joseph A. Woodruff (DE 141). Plaintiff would show that this NOT a conclusion of law stated in the Judge Woodruff Memorandum Order (DE 155), but is a reconstruction of the Magistrate Judge's narrative under "Background" on pages 3 and 4 of the order, thereby erroneously converting a summation of the background facts into a legal conclusion.

The Court refers to its own restatement of the background facts in the Memorandum Order regarding Judge Woodruff's request for protective order (DE 155) and then converted that restatement of facts into a "conclusion of law". The court's random interjection of this statement in the September 3, 2026 Memorandum Order (DE 168) was clearly erroneous and amounted to re-writing the record in this case. It was NOT a finding or conclusion that "a material issue .... is whether Reguli paid a $3,145.50 state-court sanction to CASA" in the discovery order entered July 17, 2026. (DE 140).

**October 1, 2026 - DE 194.** The Magistrate Judge entered an order requiring Plaintiff to pay attorney's fees to the defendants for failing to timely comply with DE 140 to answer Interrogatory No. 1. An order which never set forth findings of fact and conclusions of law to support the demand. Plaintiff filed a timely motion for review. DE 198.

**October 14, 2026 - DE 201.** The Magistrate Judge entered an order on October 14, 2026 which denied Plaintiff's motion for protective order and to quash the subpoenas and for sanctions when the Defendants issued ten subpoenas on Plaintiff's personal and professional financial records without providing proper notice as required under the Federal Rules of Civil Procedure. Plaintiff filed a motion for review on October 23, 2026.

The order says, "Reguli does not dispute that she received notice of the subpoenas by email on the day they were issued." DE 201, PageID #: 2449. This is a false statement. Reguli said that she came across the email on September 21, 2022, eight days AFTER defendant CASA issued the subpoenas. See DE 189, PageID #: 2188-89.

The order says, "she regularly communicates with opposing counsel via email". DE 201, PageID #: 2449. This is a false statement. Reguli attached communication from opposing counsel Attorney Michael Stephens where he acknowledged that Reguli expected service by mail. See DE 197-1, PageID #: 2360.

The order says Reguli "has previously received notice of a subpoena without raising an objection". DE 201, PageID #: 2449. This is false. Reguli attached a copy of a notice of subpoena issued by CASA on August 17, 2026 which showed that the notice was <u>email and mailed by U.S. mail service.</u> See DE 197-1, PageID #: 2363-63. Reguli specifically addressed this in her motion.

The order impugns Plaintiff Reguli for failure to meet and confer and states that "this fact alone warrants denial of her motions" ignoring that the Defendants did not comply with proper notice under Fed. R. Civ. Proc. 5(b)(2)(E) and 45(b)(1). DE 201, PageID #: 2448. By the time Plaintiff filed her motion, Defendant had already served subpoenas. And by the time they filed their response, they admitted that they had already received bank records. Defendant CASA's response. DE 195, PageID #: 2246. Plaintiff lost the right to timely object due to the negligence of the Defendant.

The order ratifies Defendants' violation of failure to give proper notice by stating the "notice of the subpoenas was given to Reguli in the most efficient method possible." DE 201,

PageID #: 2450. This ruling has ratified the Defendants conduct who now believe that they can continue to ignore Fed. R. Civ. Proc. 5(b)(2)(E) and 45(b)(1).

The order says,

> *"Upon review of the parties' discovery dispute statement (Doc. No. 128) and considering the arguments made during the conference, the Court found that the information sought was both relevant and proportional to the needs of the case and ordered Reguli to respond to Interrogatory No. 1 within fourteen days. (Doc. No. 140)." DE 201, PageID #: 2446.*

Plaintiff Reguli would show that the order (DE 140) does NOT include any findings of fact or conclusions of law. After a brief telephone conference on July 17, 2026, the magistrate judge entered an order that simply stated in toto: DE 140, PageID #: 1350.

> *On July 17, 2026, pro se Plaintiff and counsel for the Defendants appeared for a discovery dispute conference. For the reasons stated during the conference, within 14 days of entry of this order, Plaintiff shall respond to Defendants Layton and Williamson County CASA, INC.'s interrogatory number 1 as modified to include a date range of Defendant 3, 2014 through May of 2022.*

The magistrate judge is re-writing the record in this case and changing the "law-of-the-case" with conclusions of law that did not occur and without supporting legal analysis. It is clear error as a matter of law to re-write the history of the case with findings and conclusions that did not exist in the prior orders.

The order (DE 201) says "Reguli's argument rests on her well documented position that the information sought is not relevant or proportional to the needs of the case. The Court has already settled that question and need not revisit it here. The order footnotes this statement

remarking that the fact that the magistrate judge's orders are under review "is of no consequence and does not change this Court's finding of relevance." DE 201, PageID #: 2448. This remark fails to acknowledge that the magistrate judge did not make findings of fact or conclusions of law related to relevance or proportionality in its ruling of July 17, 2026 when he compelled Plaintiff to respond to Interrogatory No. 1. DE 140. This is a clear error of law.

The order says "Reguli maintains that she paid the monetary sanctions of $3,145.50 to CASA and that her statement to Judge Woodruff on April 26, 2022, confirming that fact, was truthful. The Defendants are entitled to test the veracity of her claim of payment." DE 201, PageID #: 2448-49. This conclusion of the court is erroneous as a matter of law. This case is not a collections case, a contract case, or an enforcement action. The matter pending before the Court is a Fourth Amendment malicious prosecution case in which the Defendants (former Defendant Joseph A. Woodruff, Defendant McLendon, and Defendant Layton) worked in concert to fabricate probable cause against the Plaintiff. The allegations are that Defendant Layton executed a sworn statement (drafted by McLendon) that was false and misleading. Layton swore that she had personal knowledge which was a directly false statement. Layton then stated that there was no payment recorded in the "regularly recorded business records", but failed to disclose that thousands of dollars were received with no identified source. DE 197-1, PageID #: 2365. When CASA was required to respond to a subpoena in the criminal court matter, Layton stated that she did not recall what records, IF ANY, she reviewed in the preparation of the affidavit and she only recalled speaking to a bookkeeper. DE 197-1, PageID #: 2389-2400. The defendants chose to pursue a criminal case against Reguli where they would be required to prove a negative. Plaintiff Reguli never carried the burden of proof in the criminal case, was never required to prove her innocence, and was not required to produce any documents.

Neither the defendants nor the court have introduced any legal authority to support the state actor defendants right to open a new investigation on the Plaintiff after they have lost their case in criminal court now, six years after Defendants, Layton submitted a false and misleading affidavit to Woodruff for the purpose of fabricating probable cause.

The question here is "did the defendants have probable cause of a particular crime at the time they instituted legal proceedings against the Plaintiff?[1]" Plaintiff is not required to prove her innocence. *Thompson v. Clark*, 596 U.S. 36 (2022). And there is no legal precedent to authorize the defendants to rifle through eight years of Reguli's personal and professional finances. It defies logic.

The elements of malicious prosecution require a "favorable termination". *Sykes*, 625 F. 3d, at 208. The weight of lack of probable cause rests on the collective actions of the defendants to cause Reguli to be arrested. There is simply no authority that requires the Plaintiff to prove innocence in a Fourth Amendment malicious prosecution case. The defendants have never cited any authority to the contrary.

The Magistrate Judge has implicitly given permission to the defendants to continue to ignore the rules of notice in spite of the plaintiff's direct notice to defendants that service is not accepted electronically. The court cannot re-write the rules.

The court's final remarks are troubling. The order says "the record shows that notice of the subpoenas was given to Reguli in the most efficient method possible." DE 201, PageID #: 2450. Now, the Defendants will believe that notwithstanding Plaintiff's specific objection to electronic service and the direct parameters of Fed. R. Civ. Proc. 5(b)(2)(E) that they are

[1] *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). The question is whether the defendants had probable cause to initiate the criminal prosecution for a particular crime. *Price v. Montgomery Cnty*, 72 F.4th 711, 725 (6th Cir. 2023) A defendant influenced or participated in the decision to prosecute if they provided reports of affidavits with material falsehoods and omissions with a deliberate disregard for the truth.

permitted to provide service to Plaintiff by email. This is contrary to the rules and clear error of law. The magistrate judge has no authority to change the rules of civil procedure.

## IV. CONCLUSION

The plaintiff has filed a timely Rule 72 motions to review each erroneous ruling[2] of the Magistrate Judge and each time the Magistrate Judge enters a new order, he changes the history of the case. The Magistrate Judge has yet to admit that he failed to make findings of fact and conclusions of law in his July 17, 2026 (DE 140) order and continues to manipulate the record of the case to conceal this error. While the Magistrate Judge was quick to scold Plaintiff in DE 155 for misstating a conclusion of the court, the Magistrate Judge has repeatedly changed the history of the case and has never supported its July 17, 2026 (DE 140) ruling with legal authority.

The plaintiff can draw no other conclusions at this point, other than the Magistrate Judge's historic interaction with Reguli has caused him to harbor some animus. There is no other logical explanation. Although Plaintiff does not know the screening process used by the Court to identify interactions the Magistrate Judge may have had prior to taking on this judicial role, but when the Magistrate Judge comes from the state court litigation community and it is likely that the Magistrate Judge may encounter prior adversaries, Plaintiff would assume there is a process to eliminate the appearance of impropriety or bias.

For all the reasons stated herein, Plaintiff seeks recusal of Magistrate Judge Luke A. Evans from this matter.

This is October 26, 2026.

---

[2] See Motion to review DE 140 filed July 27, 2026 DE 143. Motion to review DE 168 filed September 15, 2026 DE 181. Motion to review 194 filed October 13, 2026 DE 198. Motion to review DE 201 filed October 23, 2026

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

**Certificate of Service**

The undersigned certifies that the foregoing was served on October 26, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

____________________________

*2026 Reguli/Woodruff oct p motion disqualify Evans*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

## DECLARATION OF FACTS

I, Connie Reguli, do certify under penalty of perjury that following:

1. By verified affidavit Plaintiff would show, she recognized the identity of Magistrate Judge Luke A. Evans upon his first appearance in this case in July 2026 for a discovery conference. As a point of history, prior Magistrate Judge Alistair Newbern had entered an Memorandum Opinion which conflicted with this Court's prior ruling on "witness" immunity. Plaintiff did not seek a recusal but followed the procedure of Fed. R. Civ. Proc. 72 and filed an objection. This Court rejected substantive rulings in the Magistrate Judge's opinion. DE 93, DE 95. This is stated for the purpose of demonstrating that the Plaintiff is not merely seeking recusal based on an unfavorable ruling. In this case, a pattern is emerging that can not be ignored in which Magistrate Judge Evans is changing the law-of-the-case with a cascade of non-dispositive orders.

2. Plaintiff Connie Reguli practiced law as a litigator in Tennessee from 1994 through 2022. Her case load carried her throughout the state, into federal court, and across geographic boundaries to South Carolina, Maryland, and Kentucky. Reguli developed a reputation as an aggressive litigator especially in cases where the safety of children were at issue. This path led

her to engage with and often challenge various forensic and psychological professionals, criticize the actions of the Department of Children's Services and law enforcement, and challenge state actors where constitutional boundaries were disrupted. This also meant that relationships with other litigating attorneys in Tennessee were sometimes challenging.

3. Reguli grew an expertise in cases involving adult and child sexual abuse including serving as a prosecutor in Davidson County. These cases are difficult, complex, filled with emotion, and high conflict. Reguli's decades of experience saw court opinions shifting over time from believing children to discounting children; from trusting experts to discounting experts; from passive interest in prosecuting sexual abuse to aggressive prosecution. Managing the changing attitudes she observed in the courtroom raised as many challenges as presenting the available evidence. Many cases involving sexual abuse include high profile participants; church leaders, professors, corporate managers, medical professionals, successful business men, many of whom had much to lose if exposed.

4. Reguli also saw the systems fail children. District attorneys improperly presenting the case. The Department of Children Services refused to pursue legal cases where the child was in a "safe place." And the lack of training and acknowledgment in the legal community of the epidemic of sexual assaults.

5. At the end of 2010, one such case came to Reguli for assistance. This case is discussed in two separate Court of Appeals opinions which are attached. Without disclosing confidential attorney-client communications, Reguli's affidavit explains how this case led to the direct conflict with Attorney Luke A. Evans. Reguli's services to this client extended from December 2010 until mid 2012. The mother came to Reguli at the conclusion of a juvenile court trial to complete the appeal. **EXHIBIT 1.** *In re Jonathon S. C-B,* M2010-02536-COA-R3-JV, (Tenn. Ct.

App. July 31, 2012) She engaged Reguli for both an appeal of the prior litigation, to investigate additional experts in the area of child sexual abuse, and to prepare for another round of litigation when the minor child disclosed other acts of abuse. Over the course of eighteen months, Reguli and her litigation team invested more than a thousand hours. The second trial also was damaging to the relationship between the mother and son and Mother wanted to appeal again. However, since Reguli had actually conducted the trial this time, she had carefully laid out the issues as the case progressed. The handling of experts, the credibility challenges to all of Mother's witnesses, and the failure to acknowledge the Tennessee Protective Parent Act. See Tenn. Code Ann. Sec. 36-6-112.

6. As Reguli was preparing the appeal, including acquiring the transcripts, drafting the statement of the case and statement of the evidence, the Mother told Reguli she wanted Luke A. Evans as co-counsel and she had already met with him.

7. Before considering taking on another attorney, Reguli decided to look into the professional experience of Evans to see if he had expertise that could add to the litigation effort. Evans' listing on the Board of Professional Responsibility showed that he was licensed in 2004. Reguli researched his appellate practice to see if he had substantial experience in litigating complex custody and child abuse. He did not. Most of his appellate practice at that time was criminal appeals. Those records are attached. **EXHIBIT 3.** Luke A. Evans BPR listing and LEXIS review. Evans had ten years less experience than Reguli and did not have a substantial appellate practice that would significantly contribute to the case.

8. Reguli declined to include Attorney Evans as co-counsel explaining to the client that it would only cause more confusion. Mr. Evans never reached out to speak to Reguli about his conversation with the Mother or his perspective on the issues on appeal. Reguli had already

drafted out nine issues that needed to be examined. Mr. Evans would later raise only two issues in the appeal. **EXHIBIT 2.** *In re Jonathon S. C-B.*, M2012-02088-COS-R3-JV, (Jan. 29, 2014)

9. The mother chose to pursue the appeal with Mr. Evans and Reguli withdrew. Of course there is no guarantee that the Mother would have obtained a different outcome if she had continued her case with Reguli.

10. However, Reguli had closely followed the application of the Protective Parent Act. In the first appeal, the Court had used the outcome of another case against the Mother twice, i.e. *Cone v. Cone*, M2008-02303-COA-R3-CV, (Tenn. Ct. App. Apr. 29, 2010). In *Cone*, the Court of Appeals blamed the mother for the repeated disclosures of abuse by the five-year-old child and changed custody to the father permitting the child to be transported to the State of Missouri. In 2014, the father, William Cameron Cone was charged with three counts of rape of a child in the State of Tennessee. See *State of Tennessee v. William Cameron Cone*, M2014-01148-CCA-R10-CD (Tenn. Ct. Crim App. Rule 10 denial Sept. 8, 2014. **EXHIBIT** 3. The question of accountability on the Cone child would be subject to litigation in this Court as well. See *Melinda Dunn v. Williamson Cameron Cone,* No. 3:19-cv-00920, (Filed May 6, 2020 - M.D. Tenn.) Voluntary dismissal in April 2023.

11. The challenges in cases where sexual abuse is alleged are delecate, complex, and contenious. Reguli had been involved in various levels of multiple cases. Reguli represented children in a civil matter suing their parents for abuse in a sealed case in Grundy County, Tennessee. Reguli represented a juvenile who alleged sexual assault in Williamson County juvenile detention center. Reguli represented a female parishioner against a mega-church in Tennessee for sexual assault against women. And Reguli was closely associated with the

criminal prosecution of John David Cunningham in Rutherford County, Tennessee who was convicted of 13 counts of sexual assault and is currently serving a 100-year sentence.

12. Instead of using the courtesy of a phone call to discuss these delicate issues, Attorney Luke A. Evans influenced the Mother to drop Reguli as counsel. Unfortunately, this transition appeared to be a financial decision for Mr. Evans, knowing that the mother was a professional with resources to pay high litigation fees.

13. The Magistrate Judge held a telephone conference on July 17, 2026 on the Joint Discovery Dispute filed by Plaintiff Connie Reguli with the Defendants Williamson County CASA, Inc. and Emily Layton. See DE 128.

14. During the discovery conference, Magistrate Judge Luke Evans turned to ask Plaintiff Reguli direct evidentiary questions related to the case. Particularly, the Magistrate Judge asked Reguli if she was changing her position and confirming that she did NOT pay the 2014 sanction.

15. I was shocked at this inquiry as this was not stated in the Joint Discovery Dispute and this was not intended to be an evidentiary hearing with a direct inquiry by the tribunal. Plaintiff confirmed she had never changed her position and was not changing her testimony.

16. Plaintiff Reguli certifies that this motion is submitted in good faith and not intended to harass or delay this litigation.

Date: 10-26-2026

Signed: ______________________

Under 28 U.S.C.S. § 1746, a matter may be evidenced by a declaration if the declarant includes, in substantially the following form, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
*Shelton v. Cuyahoga Metro. Hous. Auth.*, No. 24-3933, 2026 U.S. App. LEXIS 1267, at *1 (6th Cir. Jan. 14, 2026)