FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

26 AM 10: 35
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**EXHIBIT** 4. *State of Tennessee v. William Cameron Cone*, M2014-01148-CCA-R10-CD (Tenn. Ct. Crim App. Rule 10 denial Sept. 8, 2014.

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. WILLIAM CAMERON CONE**

**Criminal Court for Davidson County**
**No. 2012C2377**

FILED
SEP 8 2014
Clerk of the Courts

---

**No. M2014-01148-CCA-R10-CD**

---

**ORDER**

This matter is before the Court on the Defendant William Cameron Cone's application for an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellate Procedure. The Defendant is charged with four counts of rape of a child and one count of aggravated sexual battery of his son, a child less than thirteen years of age. The Defendant seeks to appeal the trial court's denial of his motion requesting that the victim undergo a mental health evaluation by the Defendant's expert.

As noted by the Defendant in his Rule 10 application:

> This case involves an extraordinary set of circumstances. Two courts in Tennessee have previously considered evidence about allegations of sexual abuse brought by the same son against the defendant and, on both occasions, have determined that no such abuse occurred—in large part because of evidence from an independent psychological examination of the son. See Cone v. Cone, M200802303C0AR3CV, 2010 WL 1730129 (Tenn. Ct. App. Apr. 29, 2010). Specifically, the trial court in a child custody lawsuit between [the Defendant] and his ex-wife "found that [the victim's mother's] allegations of sexual abuse by [the Defendant] were untrue, and that Mother had become preoccupied with the notion that [the Defendant] was abusing the Child and refused to let go of that obsession despite the lack of evidence to support it." Id. at *16. For its part, the appeals court found that "the evidence does not preponderate against [this] determination." Id. at *1.

The trial court denied the Defendant's motion finding that the Defendant failed to establish a compelling reason for the examination. The Defendant sought permission from the trial court to seek an interlocutory appeal. The trial court denied the request on June 5, 2014. On June 16, 2014, the Defendant filed an application for an extraordinary appeal in this Court pursuant to Rule 10, Tennessee Rules of Appellate Procedure and a motion to stay the proceedings in the trial court. On June 18, 2014, this Court entered an order granting the motion to stay the proceedings and requiring the State to respond. The State filed a response in opposition to the Defendant's motion on July 1, 2014.

In Forbes v. State, 559 S.W.2d 318, 321 (Tenn.1977), our supreme court held that:

> in any case involving a sex violation, the trial judge has the inherent power to compel a psychiatric or psychological examination of the victim, where such examination is necessary to insure a just and orderly disposition of the cause. Such power should be invoked only for the most compelling of reasons, all of which must be documented in the record. This discretion should be exercised sparingly.

The requirement of a mental examination in a sexual abuse case could potentially compound the humiliation and trauma to the victim. Forbes, 559 S.W.2d at 320.

As previously stated by this Court, "[t]he purpose of a court-ordered psychological examination of a complaining witness or victim is 'to determine whether or not the emotional or mental condition of the witness may affect [the witnesses'] ability to tell the truth.'" State v. Craig Allen Lewis, No. 01C01-9307-CC-00232, 1995 WL 10509, *5 (Tenn. Crim. App., at Nashville, Jan. 12, 1995) (quoting People v. Francis, 5 Cal.App.3d 414, 419, 85 Cal.Rptr. 61, 64 (1970)). A psychological examination should be conducted "only when it might yield relevant evidence of the existence of a substantial mental impairment." Id. at *5 (citing Newsome v. State, 782 P.2d 689, 690 (Alaska Ct.App.1989)).

"Compelling reasons" that victims of sex crimes may be required to submit to a psychological examination include:

1. substantial doubt is cast upon the victim's sanity;

2. there is a record of prior mental disorders or sexual fantasies;

3. the story is incredible;

4. the child has not been examined by competent experts who will testify at

trial;

5. there is little or no corroboration to support the charge.

State v. Ballard, 714 S.W.2d 284, 287 (Tenn.Crim.App.1986). Ballard suggests that these are examples of compelling reasons and are not an exclusive list of compelling reasons.

In State v. Barone, 852 S.W.2d 216, 222 (Tenn.1993), the Tennessee Supreme Court identified the following non-exclusive factors as relevant to a determination of whether a victim should be subjected to a court-ordered physical examination:

1. [t]he complainant's age,

2. [t]he remoteness in time of the alleged incident to the proposed examination,

3. [t]he nature of the requested examination and the intrusiveness inherent in it,

4. [t]he resulting physical and emotional effects of the examination on the victim,

5. [t]he probative value of the examination to the issue before the court,

6. [t]he evidence already available for defendant's use.

Although the issue in Barone was a physical examination, this court later held that these factors were equally applicable to a defendant's request for a psychological or psychiatric examination. State v. Edward H. Jones, No. 03C01-9301-CR-00024, 1994 WL 529397, at *9-10 (Tenn. Crim. App., at Knoxville, Sept. 15, 1994). The court explained that "[a] trial court must strike a delicate balance between the emotional trauma, potential harassment, and intimidation of the victim and 'the likelihood of the examination producing substantial material evidence that will be beneficial to the defendant's case.'" Id. at *10 (citing Barone, 852 S.W.2d at 222). "The critical inquiry is whether the evidence sought by the defendant is of such importance to his defense that it outweighs the potential for harm caused by the invasion of the complainant's privacy, including the prospect that undergoing a physical examination might be used for the harassment of a prosecuting witness." Id.

In denying the Defendant's motion to compel the victim to undergo a mental health evaluation by the Defendant's expert, the trial court initially found that "substantial doubt has not been placed on the victim's sanity." The trial court did not consider any other factors

listed in Ballard and Barone to determine whether an evaluation was warranted. On July 25, 2014, this Court entered an order concluding that the trial court abused its discretion in only considering one factor or circumstance listed in these cases. This Court remanded the case to the trial court to make additional findings based upon the factors listed in Ballard and Barone. This Court also held a ruling on the Defendant's Rule 10 application on the ultimate issue of the trial court's denial of the motion for a mental health evaluation in abeyance pending the trial court's order on remand.

We noted that shortly after the trial court denied the Defendant's motion for a mental health evaluation, the Defendant filed a motion for a competency hearing to determine the competency of the victim to testify at trial. The trial court found that the victim was competent to testify at trial following a hearing during which the victim testified. A transcript of this hearing was not attached to the Defendant's Rule 10 application, and the Defendant did not challenge the trial court's ruling. This Court ordered that the Defendant supplement his Rule 10 application with a transcript of the hearing on his motion for a competency determination within thirty days.

The trial court entered a supplemental order on August 1, 2014, in which he made additional findings based upon the factors in Ballard and Barone and denied the Defendant's motion for a mental health evaluation. On August 26, 2014, the Defendant supplemented his Rule 10 application with a transcript of the hearing on his motion to a competency determination.

The trial court made the following additional findings in its August 1, 2014 order:

> In this case, the Court finds there has been no proof of prior mental disorders or sexual fantasies of the victim. The court acknowledges the Defendant's position that the child has previously been seen by a clinical psychologist in 2007 relating to his parental placement and is currently in therapy for the alleged abuse by the Defendant, but finds that the primary issues of the interview in 2007 related to which parent should have primary custody and focused on the competency of the mother. Further, as to his current therapy, the Court finds that children in sexual abuse allegations are often in therapy and there is nothing in this case suggesting the therapy compels further psychological evaluation. Particularly, the testimony of his current treating counselor indicated the alleged victim makes credible statements and provides spontaneous statements about the abuse and chronology of events and is able to provide specific details as to normal activities occurring in the same time frame. That therapist has examined him and could testify at trial. As to the factor of whether there is little or no

corroboration to support the charge, the Court is pressed to find many cases of child sexual abuse in which there is corroboration beyond the alleged victim's clear testimony, lack of recantation, and consistent adherence to the facts of the abuse, all of which appear to be present in this case. Additionally, the Court is unaware of what further evidence may be presented at trial. Therefore, the Court finds that an analysis of each of the non-exhaustive list of compelling factors in Ballard indicates no compelling reason to require the victim to submit to a psychological examination.

Furthermore, in looking at the analysis in Forbes, the Court finds that the alleged victim is currently almost eleven years of age (DOB 8/31/2003). The events that are alleged to have occurred were in January 1, 2011 and December 31, 2011. The requested examination is a psychological examination, and the alleged victim is currently in therapy and is accustomed to being seen by a therapist. As to the resulting physical and emotional effects of the examination, the Court finds that his current therapist indicated he often does not want to discuss the events and can become greatly upset when discussing the events. The next factor to consider is the probative value of the examination to the issue before the Court. Finally, the Court may consider the evidence already available for the Defendant's use. The Court finds that the potential emotional trauma and harassment to the alleged victim of undergoing an additional evaluation is not outweighed by the likelihood of the examination producing substantial material evidence that will be beneficial to the case. The Defendant wants to show that this victim has been manipulated by his mother to convey false allegations against the Defendant. The Court is not persuaded that an evaluation would produce substantial material evidence beneficial to his case. See Barone at 222.

Rule 10 provides for the grant of an extraordinary appeal in the discretion of the appellate court where "the lower court has . . . departed from the accepted and usual course of judicial proceedings as to require immediate review, or . . . if necessary for complete determination of the action on appeal." Tenn. R. App. P. 10. In State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980), our supreme court held that an extraordinary appeal should only be granted when it is established that:

(a) Where the ruling of the court below represents a fundamental illegality.
(b) Where the ruling constitutes a failure to proceed according to the essential requirements of the law.
(c) Where the ruling is tantamount to the denial of either party of a day in court.

(d) Where the action of the trial judge was without legal authority.
(e) Where the action of the trial judge constituted a plain and palpable abuse of discretion.
(f) Where either party has lost a right or interest that may never be recaptured.

Based upon the trial court's supplemental findings, we cannot conclude at this juncture that the trial court "departed from the accepted and usual course of judicial proceedings as to require immediate review." We specifically do not reach the issue of whether the trial court erred in denying the Defendant's motion. The Defendant may raise the issue on direct appeal if convicted. Rather, we conclude that based upon the record currently before us, the issue does not meet the high standards provided in Rule 10 for the granting of an extraordinary appeal.

IT IS, THEREFORE, ORDERED that the Defendant's application for an extraordinary appeal pursuant to Rule 10, Tennessee Rules of Appellate Procedure is DENIED.

**PER CURIAM**

**Thomas T. Woodall, Presiding Judge**
**Robert W. Wedemeyer, Judge**
**Robert Lee Holloway, Jr., Judge**