FILED

2026 OCT 28 AM 9:06

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**

Now comes that Plaintiff, Connie Reguli pro se, and files this motion for protective order and to quash the issuance of subpoenas to JP Morgan Chase Bank, N.A., Citibank, N.A., American Express, Capitol One, and Intuit, Inc.. **EXHIBIT 1.** In accordance with LR 37.01, Plaintiff had a telephone conference with defendants' counsel, Michael Stephens on October 27, 2026. The parties could not agree on a resolution.

Courts are entitled to limit discovery and issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). The discretion that Courts have over discovery matters is broad. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999). *New Light Church World Outreach Ctrs., Inc. v. Impact Network, Inc.*, No. 2:24-cv-12898, 2026 U.S. Dist. LEXIS 136142, at *3 (E.D. Mich. June 18, 2026)

The court entered an order on October 14, 2026 (DE 201) which denied Plaintiff's Motion for protective order and to quash subpoenas to ten other financial institutions. Plaintiff filed a Rule 72 motion to review on Friday, October 23, 2026. DE 207. On Monday, October 26,

2026, the Plaintiff filed a motion to disqualify Magistrate Judge Luke A. Evans under the authority of 28 U.S.C. Sec. 144 and Sec. 455. DE 207.

Under 29 U.S.C. Sec. 144, where the movant has filed an affidavit that the basis for recusal is sufficient and necessary to demonstrate bias that is personal and extrajudicial, the judge should proceed no further, but another judge shall be assigned to the case.

Plaintiff submitted under verified affidavit on the extrajudicial conflict between Magistrate Judge Luke A. Evans and the plaintiff.

The Magistrate Judge rulings since July 17, 2026 show the Magistrate Judge's attempted to square up a substantive error in his July 17, 2026 ruling, which lacked findings of fact and conclusions of law that would support the relevance of permitting Defendants to pursue an investigation into eight years of Plaintiff's personal and professional financial records. See the following:

- July 17, 2026 order compelling Plaintiff to respond to Interrogatory No. 1 DE 140, PageID #: 1350, Plaintiff's motion for review DE 143. This one-paragraph order made no findings of fact or conclusions of law. Defendants did not seek a review of this order.
- September 3, 2026 DE 168 order for sanctions against Plaintiff, Plaintiff's motion for review DE 181. This order declared a finding was made in the July 17, 2026 order that was NOT in the July 17, 2026 order. See DE 168, PageID #: 1862-63; DE 205, PageID #: 2482-83
- October 1, 2026 order for attorney's fees against Plaintiff DE 194, Plaintiff's motion for review DE 198. This order could only occur if the court persisted that the July 17, 2026 order was sufficient.

- October 14, 2026 order denying Plaintiff's motion for protective order and to quash subpoenas, Plaintiff's motion for review DE 205. This order re-wrote the July 17, 2026 order to add language that was not in order saying the court made a finding that the records were relevant and proportional. DE 201, PageID #: 2446, DE 205, PageID #: 2481-82.

**THE PLAINTIFF'S PERSONAL AND PROFESSIONAL FINANCIAL RECORDS ARE NEITHER PROPORTIONAL NOR RELEVANT TO THE NEEDS OF THIS CASE**

Plaintiff has, admittedly, addressed this issue several times. Detailed arguments have been made on the Court's substantive errors in the July 17, 2026 order (DE 140) compelling Plaintiff to disclose her personal and professional financial information for an eight years period prior to this litigation; the Court's subsequent errors of re-writing the history of the case, by stating that the July 17, 2026 order made findings and conclusions that it did not make (DE 168, PageID #: 1862-63); the Court's morphing of statement of facts in the Woodruff order (DE 155) turning a mere summary of facts into a conclusion of law with no support legal authority, Id; and the Court's deliberately adding language to July 17, 2026 order in a subsequent order on October 14, 2026 (DE 201) by stating that the July 17, 2026 order made a finding that "the information sought was both relevant and proportional to the needs of the case". DE 201, PageID #: 2446.

These orders (DE 140, DE 168, DE 198, DE 201) are all before the Court on motions to review. This Court said that the fact that the orders are "under review" is of no consequence. DE 201, PageID #: 2448. However, the Court has never addressed how it could continue to change the discovery order of July 17, 2026 (DE 140) and has never addressed the Plaintiff's arguments.

Pursuant to Fed. R. Civ. Proc. 10(c)[1], the Plaintiff herein incorporates the Relevant Procedure History found at DE 205, PageID #: 2470-2472; the Relevant Background found at DE 205, PageID #: 2475-2475; Plaintiff's Theory of the Case and Elements of Her Claims against Defendant Layton (legal argument) found at DE 205, PageID #: 2478-2480. Plaintiff incorporates her legal arguments that the ruling of the Court on October 14, 2026 (DE 201) has confounded the record in this case by repeatedly changing and adding to the one-paragraph July 17, 2026 (DE 140) order. See DE 205, PageID #: 2481-2484.

Plaintiff would summarize those arguments as follows:

Plaintiff's claim for malicious prosecution against Defendant Layton requires Plaintiff to show that Layton influenced the prosecution by providing false or materially misleading reports or affidavits material to the prosecution that caused Plaintiff to be charged with a crime. *Price v. Montgomery Cty,* 72 F.4th 711, 725 (6th Cir. 2023). And to show that the Defendants lacked probable cause for the crime of aggravated perjury when the prosecution was initiated against Plaintiff. *Sykes v. Anderson,* 625 F.3d 294, 308 (6th Cir. 2010).

There is no legal authority for the defendants to initiate a new investigation or reopen the criminal inquiry years after the charges against the Plaintiff were terminated in favor of the Plaintiff.

Defendant Layton admitted in the criminal matter that she did not recall what records, IF ANY, she reviewed and CASA was unable to produce any records reviewed by Layton. Layton stated in her May 11, 2022 affidavit that she had personal knowledge and yet she did not. DE 205, PageID #: 2476.

---

[1] Rule 10(c) provides that, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Wright v. Sevier Cty.*, No. 3:24-CV-220-TAV-DCP, 2026 U.S. Dist. LEXIS 151867, at *25 (E.D. Tenn. July 9, 2026)

The order that terminated the criminal proceedings against Reguli described CASA's "record keeping practices as lacking in its specificity of numerous general deposits since 2014. This lack of specificity leads the State to be unable at this time to fulfill its burden of proving the charge in the above-styled matter beyond a reasonable doubt." DE 205, PageID #: 2476, 2489.

It is undisputed that Defendant Layton failed to disclose that the records lacked specificity, as stated in the final order. Her false and misleading statements caused the false and malicious prosecution of Plaintiff. The probable cause threshold was met only with Layton's report that withheld this essential and material fact.

This Court has never made a finding that the personal and professional financial records of Plaintiff were relevant and proportional. The one-paragraph order states: DE 140, PageID #: 1350.

> *On July 17, 2026, pro se Plaintiff and counsel for the Defendants appeared for a discovery dispute conference. For the reasons stated during the conference, within 14 days of entry of this order, Plaintiff shall respond to Defendants Layton and Williamson County CASA, INC.'s interrogatory number 1 as modified to include a date range of Defendant 3, 2014 through May of 2022.*

Defendants Layton and Williamson County CASA, Inc. did not file a motion for review of that order. The Court cannot not now rely on this order to summarily make a finding that the records are relevant and proportional.

The effect of permitting the Defendant to obtain and rifle through the financial records of the Plaintiff is the equivalent of permitting a search warrant on the Plaintiff years after the termination of a criminal case and permit a retroactive determination of probable cause. There

is NO legal authority to do so. If defendants had reason to believe the Plaintiff Reguli failed to meet a financial obligation, their inquiry should have occurred in a collection, contempt, or contract proceeding years ago. Not here.

The Court said in its order of October 14, 2026 (DE 201, PageID #: 2448-49) that "Reguli maintains that she paid the monetary sanctions of $3,145.50 to CASA and that her statement to Judge Woodruff on April 26, 2022, confirming that fact, was truthful. The Defendants are entitled to test the veracity of her claim of payment." See DE 205, PageID #: 2483-84. The Court cited no legal authority that would confirm that the Defendants can re-open the criminal investigation on Plaintiff years after the dismissal of the case. The question in this malicious prosecution case is, did the defendants fabricate probable cause in 2022 with false and misleading statements that caused the malicious prosecution? Imagine if every civil rights plaintiff was subject to a new search warrant or investigation after their criminal case was concluded in their favor. There is NO supporting case law that would permit such an intrusion.

Controlling case law also supports Plaintiff's arguments that a fishing expedition into Reguli's personal and professional financial records is inappropriate. While this case differs from the substantive issues in *Pepin*, it is similar in the scope of discovery sought by the defendants. The Court said, [p]rying into a plaintiff's private financial affairs should require more than the simple assertion that, in effect, the defendant wants to find out whether there is some inconsistency between what plaintiff and his doctors are telling it and what his bank statements and credit card receipts might show. *Pepin v. Wis. Cent. Ltd*, No. 2:19-cv-00042, 2020 U.S. Dist. LEXIS 259897, at *8 (W.D. Mich. Dec. 22, 2020) The party seeking discovery is obligated to demonstrate relevance. *Solve Together, LLC v. FedEx Corp.*, No. 2:22-cv-02680-JTF-atc, 2023 U.S. Dist. LEXIS 224709, at *4 (W.D. Tenn. Nov. 20, 2023)

**CONCLUSION**

This Court should enter a protective order on the personal and professional financial records of the plaintiff and quash the subpoenas issued to these financial institutions.

This is October 28, 2026.

Respectfully submitted,

Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

**Certificate of Service**

The undersigned certifies that the foregoing was served on October 28, 2026 by CM/ECF email upon:

Dana C. McLendon III
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT
CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**Connie Reguli**

*2026 Regul Woodruff oct 27 motion protective order*