**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF *et al.*,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court, in this contentious and long-pending case, are one set of Objections, a Motion to Stay, and three Motions for Review filed by plaintiff Connie Reguli (Doc. Nos. 143, 148, 181, 198, and 205), asking this court to stay and to review several non-dispositive orders issued by the Magistrate Judge (Doc. Nos. 140, 168, 194, and 201).[1]

For the reasons set forth herein, the court finds that the plaintiff is entitled to some of the relief requested and, more specifically, that she should not have been required to respond to the interrogatory regarding her banking relationships and the defendants should not have been permitted to subpoena eight years of her medical records. At the same time, the plaintiff disobeyed a court order simply because she disagreed with the order, so some sanction is warranted.

## I. STANDARD OF REVIEW

When a magistrate judge issues a nondispositive order, any party has fourteen days within

[1] The court will address by separate order the also pending Motion for Review (Doc. No. 158) filed by former defendant, Williamson County Circuit Court Judge Joseph A. Woodruff, seeking review of the Magistrate Judge's order (Doc. No. 155) that, among other things, granted in part Reguli's motion for leave to subpoena Woodruff to attend a deposition. Woodruff has also filed a Motion to Stay that order. (Doc. No. 159.)

which to "serve and file objections to the order." Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Chesnut v. United States*, 15 F.4th 436, 451 (6th Cir. 2021). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. BACKGROUND

This Memorandum presumes familiarity with the facts as alleged in the Complaint and summarized in previous court orders.[2] The court will set forth here the background factual allegations only as necessary to the consideration of the present motions.

During a show-cause hearing on April 26, 2022, in an unrelated matter before Williamson County Circuit Court Judge Woodruff, Woodruff asked Reguli whether she had paid a prior Rule 11 sanction from eight years earlier, when Woodruff had ordered her to pay Williamson County

[2] The court finds it necessary to make it clear, in light of erroneous statements by Reguli in some of her filings (*see, e.g.*, Doc. No. 143 at 2), that this statement of background facts is drawn from Reguli's Complaint, the allegations in which are deemed to be true at this stage of the proceedings, as no dispositive motions have been filed and the evidence supporting the defendants' position is not before the court. This statement does not amount to findings of fact or conclusions of law by the court.

CASA ("CASA")[3] $3,145.50. (*See* Doc. No. 1 ¶ 46.) Reguli stated that she had paid the sanction but that she could not answer "how and when she had paid," as she was not aware that this unrelated matter would be an issue at the hearing. (*Id.*)

Three days later, Woodruff sent a letter to defendant Emily Layton, the Director of CASA, asking her to verify whether Reguli had paid the sanction to CASA that he had ordered on December 30, 2014. (*Id.* ¶ 48; Doc. No. 1-4.) Defendant Dana McClendon, an attorney, was copied on the letter. (Doc. No. 1-4 at 2.) On May 11, 2022, Layton executed an affidavit that was drafted by McLendon, stating that CASA's "regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason" and that "[t]here is no record of Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA." (Doc. No. 1-5, Layton Aff. ¶¶ 3–4.)

Reguli was ultimately indicted for Aggravated Perjury based on her statement during the April 26, 2022 show-cause hearing that she had paid the sanction ordered in December 2014. During discovery, Reguli was provided a statement from counsel for CASA stating that "Layton did not know what documents 'if any' she had reviewed to produce her affidavit stating that Reguli had not paid CASA the 2014 obligation." (Doc. No. 1 ¶ 82.) Reguli also received records "showing that CASA had collected thousands of dollars without identifying the source of income in an amount that far exceeded the amount owed by Reguli." (*Id.* ¶ 81) (internal quotation marks omitted). In light of this information, the prosecutor then assigned to the case told the state court that he "would not be able to sustain his case against Reguli." (*Id.* ¶ 84.) The state court entered an order of *nolle prosequi*, which prompted the present lawsuit, in which Reguli brings claims of

[3] CASA is an acronym for "Court Appointed Special Advocates." Reguli alleges that CASA of Williamson County is "an affiliate of National CASA/GAL Association for Children." (Doc. No. 1 ¶ 8.)

malicious prosecution against, Layton, CASA (collectively with Layton, the "CASA defendants"), Woodruff, McLendon, and the state prosecutors who pursued the perjury charges against Reguli. Some of those defendants have now been dismissed, but at least some claims, including claims under 42 U.S.C. § 1983 for malicious prosecution and fabrication of evidence in violation of the plaintiff's Fourth Amendment rights, and conspiracy to violate those rights, remain pending against the CASA defendants and McLendon.

## III. DISCUSSION

### A. Objections (Doc. No. 143) to Discovery Order (Doc. No. 140)

In the course of discovery, the CASA defendants served written discovery requests on Reguli, including an interrogatory ("Interrogatory 1") that asked Reguli to

> Identify every financial institution, including but not limited to banks, credit unions, savings institutions, and online financial platforms, at which you maintained an account of any type at any time from December 3, 2014[4] through the present. For each institution, state its full name and current or last known address and describe all accounts you have held at the institution, including the account number, the type of account, and the dates the account was opened and closed.

(Doc. No. 128-2 at 4.) Reguli objected to Interrogatory 1 on several grounds. After submission of a joint discovery statement by the parties and a telephonic conference at which the Magistrate Judge heard "extensive argument" from the parties (Doc. No. 168 at 2), the Magistrate Judge concluded that the request was overly broad as written but otherwise both relevant and proportional to the needs of the case. As set forth in the written Order documenting his conclusions ("Discovery Order"), he narrowed the time frame of the interrogatory to December 3, 2014 through May of 2022 and ordered Reguli to respond within fourteen days of entry of the order. (Doc. No. 140.)

---

[4] Given that the sanction at issue was ordered on December 3**0**, 2014, the court presumes that the date December **3** constitutes a typographical error.

On July 27, 2026, Reguli filed Objections (Doc. No. 143) to the Discovery Order, essentially reiterating the arguments raised in the parties' Joint Discovery Statement (Doc. No. 128). Her position, in a nutshell, is that the defendants should not be entitled to go on a fishing expedition "untethered from the legal claims at issue." (Doc. No. 143 at 6.) In her view, it has "never been [her] burden to prove 'her innocence,'" contrary to the defendants' assertions. (*Id.* at 7.) Instead, the question before the court is whether Layton and McLendon caused the malicious prosecution of the plaintiff by deliberately crafting a statement intended to deceive the District Attorney (and ultimately a jury) and that "intentionally omitted material and exculpatory evidence and that was not based on the personal information as Layton claimed." (Doc. No. 128 at 6.) In other words, she argues that whether Layton and McLendon *now* can somehow verify, by digging through seven and one-half years of Reguli's bank records, that Reguli did *not*, in fact, pay the sanction ordered by Woodruff approximately eight years before the show-cause hearing in April 2022 is irrelevant to the question of whether they maliciously prosecuted her for perjury.

Reguli is correct. Actual innocence is not an element of a malicious prosecution claim under 42 U.S.C. § 1983. *Thompson v. Clark*, 596 U.S. 36, 49 (2022).[5] Rather, the plaintiff must only establish "(1) that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute' the plaintiff; (2) a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceeding; and (4) the criminal proceedings were resolved in the plaintiff's favor." *Hartman v. Thompson*, 931 F.3d 471, 485 (6th

[5] Conversely, the plaintiff's state law malicious prosecution claim was dismissed based on Tennessee law holding that a charge dismissed by *nolle prosequi* does not satisfy the plaintiff's obligation to establish that the underlying criminal prosecution terminated in her favor with a showing of actual innocence. (*See* Doc. No. 52 at 48 (citing *Mynatt v. Nat'l Treasury Emps. Union*, 669 S.W.3d 741, 750–53 & n.9. (Tenn. 2023)).)

Cir. 2019) (quoting *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th. Cir. 2010)).[6] The salient issue here, at least with respect to the plaintiff's burden of proving her malicious prosecution claim under § 1983, is the existence of probable cause to believe she had committed aggravated perjury at the time of the prosecution. In other words, what is relevant is what the defendants knew at the time of the prosecution.[7]

The court further observes that, even if evidence of the plaintiff's "guilt" is presumed to have some relevance in this case, her financial documents relate tangentially, at best, to that question. To be clear, first, the crime she was charged with was Aggravated Perjury, so the question relating to guilt is not whether she paid the 2014 sanction but whether she knowingly made a false statement under oath when Woodruff, without prior notice, questioned her about it in 2022. *See* Tenn. Code Ann. §§ 39-26-702, -703. Second, even if the question of whether she paid the sanction were somehow relevant, Reguli's banking records cannot be presumed to provide conclusive proof of whether she paid it. Even if a canceled check is not available, she could have paid the sanction

[6] Of course, because the action is under 42 U.S.C. § 1983, the plaintiff must also establish that the defendants acted under color of state law. *Clark v. Abdallah*, 131 F.4th 432, 444 (6th Cir. 2025). The remaining defendants are not state officials, so, to prove that they acted under color of state law, the plaintiff will have to prove that the defendants conspired with one or more of the dismissed defendants (Helper, Stephens, and Woodruff) who are (or were) state officials. *Rudd v. City of Norton Shores*, 977 F.3d 503, 512 (6th Cir. 2020).

[7] Under state law, which, as set forth above, differs from federal law, courts have held that "a plaintiff in a suit for malicious prosecution does place in issue the question of his guilt or innocence even though he was acquitted by the jury in the criminal prosecution." *Sessoms v. Union Sav. & Tr. Co.*, 338 F.2d 752, 757 (6th Cir. 1964) (applying Ohio law); *see also Sadek v. Nashville Recycling Co.*, 751 S.W.2d 428, 431 (Tenn. Ct. App. 1988) ("In an action for malicious prosecution, notwithstanding his acquittal in the original prosecution, the plaintiff must be regarded as tendering the issue of his innocence, and must fail in his action if that innocence is disproved, whether the prosecutor acted from malicious motives or not and whether or not he knew of the facts establishing the plaintiff's guilt." (citations omitted)). The defendants did not bring this law to the Magistrate Judge's attention, however, and have never cogently argued that it applies to a malicious prosecution claim under § 1983, the goal of which is to protect individuals' rights under the Fourth Amendment.

in cash, had the sanction paid on her behalf by some third party, simply endorsed a client fee payment (or more than one) over to CASA, or paid through some other unrecorded medium. Indeed, she told Woodruff that, not only did she not recall when she paid the sanction, she did not recall *how* she paid it.

In short, the court is persuaded that the financial information sought by the CASA defendants in Interrogatory 1 fails under Rule 26. The information requested has, at best, very marginal relevance to this case, and the scope and invasiveness of the interrogatory is wholly disproportionate to that limited relevance. The Magistrate Judge clearly erred as a matter of law in granting the requested discovery. Accordingly, the plaintiff's Objection (Doc. No. 143) to the Discovery Order requiring a response to Interrogatory 1, as modified by the Magistrate Judge, is **SUSTAINED**, and the Discovery Order (Doc. No. 140) is **VACATED**.

**B. Motion to Stay (Doc. No. 148)**

On August 7, 2026, the plaintiff belatedly supplemented her Objection with a Motion to Stay (Doc. No. 148), requesting that the court stay the Discovery Order pending this court's review of the plaintiff's Objection to that Order. The Motion to Stay was filed a week *after* the deadline for production established by the Discovery Order and three weeks after that Order was issued. Although the Motion to Stay was not clearly directed to the undersigned, as the case remained on referral to the Magistrate Judge, neither the Magistrate Judge nor the undersigned ruled on the motion.

The CASA defendants responded to the Motion to Stay by moving for sanctions against Reguli for her refusal to timely comply with the Discovery Order. The Motion for Sanctions (Doc. No. 154) was granted in part by the Magistrate Judge in a Memorandum Order issued on September 3, 2026 ("Sanctions Order," Doc No. 168), that ordered Reguli to immediately comply with the Discovery Order and required her to pay the attorney's fees incurred by the CASA

defendants in connection with their demand for sanctions. The plaintiff promptly filed a notice that she had complied (in part) with the Sanctions Order by responding to Interrogatory 1. (Doc. No. 173.)

In light of the plaintiff's notice of compliance with the Discovery Order, combined with the sustaining of the plaintiff's Objection to that order, the Motion to Stay is **DENIED AS MOOT**.[8]

**C. Motion for Review (Doc. No. 181) of Sanctions Order (Doc. No. 168)**

The plaintiff next filed a Motion for Review (Doc. No. 181) of the Sanctions Order. This motion continues to object to the Magistrate Judge's Discovery Order, as well as to his enforcement of the Discovery Order in the Sanctions Order, requiring Reguli to respond to Interrogatory 1. That is, she continues to argue (correctly) that the issue of her guilt or innocence of the underlying perjury charge is irrelevant to her claims in this lawsuit. On the final page of her 19-page Memorandum, she adds a single sentence objecting to the monetary sanctions: "In the alternative, sanctions should not be imposed on the Plaintiff for the Magistrate Judge's clearly erroneous order, [because the motion] does not establish any harm that would be caused by delay for this Court to rule on the Plaintiff's objections to the discovery Memorandum Order." (Doc. No. 181 at 19.)

As the CASA defendants argue in their Response to the Motion for Review, Reguli's objection to the Sanctions Order amounts to a declaration: "[T]he discovery order was wrong, so I didn't have to follow it." (Doc. No. 192 at 1.) That is, Reguli's motion does not actually challenge any of the four determinations on which the Sanctions Order rested: that (1) Reguli did not respond

[8] The court regrets that it did not issue a timelier ruling on both the initial Objections to the Discovery Order and the Motion to Stay.

to Interrogatory 1 by the court-imposed deadline; (2) her failure was the result of a "'conscious and intentional' decision"; (3) the CASA defendants were prejudiced by being deprived of information necessary to their trial preparation[9] and by being forced to spend time and resources on seeking to compel compliance with the Discovery Order; and (4) an award of reasonable expenses was necessary to assure Reguli's future compliance with discovery orders and to punish her failure to comply with a court order. (Doc. No. 168 at 4–6.) Instead of addressing these findings, she simply seeks to relitigate the original Discovery Order.

The plaintiff, however, poses nothing but the vaguest and most general objection to the imposition of the monetary sanction and makes no effort to explain why sanctions are unwarranted as a matter of law. The fact remains that she failed to comply with a court order simply because she did not agree with it. Because the plaintiff has failed to show that the Sanctions Order is clearly erroneous or contrary to law under Rule 37, and her objections have largely been rendered moot by her compliance with the Discovery Order, her Motion for Review is **DENIED**.[10]

**D. Motion for Review (Doc. No. 198) of Fee Order (Doc. No. 194)**

On September 17, 2026, the CASA defendants filed their Application for Attorneys' Fees Pursuant to Court's Order on Motion for Sanctions. ("Fee Application," Doc. No. 186.) The Fee Application was filed in response to and in compliance with the Sanctions Order, which directed the CASA defendant to "file a fee declaration setting forth the total amount of fees and costs incurred" related to their Motion for Sanctions, within fourteen days of entry of that order. (Doc.

[9] In August 2026, trial of this matter was continued to July 20, 2027. (*See* Doc. No. 146.)

[10] Pursuant to Local Rule 72.01(a), for docketing reasons, objections to a non-dispositive order under Federal Rule of Civil Procedure 72(a) must be formatted and styled as a "Motion for Review of Nondispositive Order of Magistrate Judge." However styled, a motion for review actually requires the court to conduct the requested review and to consider the party's objections set forth therein. The denial of a motion for review means, not that the court declines review, but that the court overrules the objections set forth in the motion for review.

No. 168 at 7.) The CASA defendants seek recovery of $9,124 in attorney's fees. (Doc. No. 186 at 2; *see also* Doc. No. 186-1, Stephens Decl. ¶ 4; Doc. No. 186-2, billing detail).) The plaintiff filed an Opposition to the Fee Application, arguing that the fees sought were excessive and that the Sanctions Order did not authorize recovery of the fees incurred in drafting the fee application itself. (Doc. No. 187.) She requested that the court award fees of no more than $1,800. (*Id.* at 4.)[11]

The Magistrate Judge entered a Memorandum Order on October 1, 2026, granting in part the Fee Application and awarding fees in the amount of $3,680. ("Fee Order," Doc. No. 194 at 7.) The Magistrate Judge states that he reached that figure from the plaintiff's Opposition, which he characterizes as making two inconsistent proposals for discounting the fee award sought by the CASA defendants: (1) 4 hours at a rate of $450, for $1,800 total, or (2) 8 hours at a rate of $460, for $3,680 total. (Doc. No. 194 at 2 n.2 (citing Doc. No. 187 at 4, 7).) He frames the award of $3,680 as "a total amount initially suggested by the plaintiff." (*Id.* at 7–8 (citing Doc. No. 187 at 7.) But the plaintiff's Opposition (Doc. No. 187) does not contain 7 pages; it contains only 5 pages, including the Certificate of Service. And nowhere in her Opposition or accompanying Declaration does the plaintiff propose an award based on eight hours of work at the rate of $460.

The plaintiff filed a Motion for Review of the Fee Award as well, in which she does not object to the Magistrate Judge's calculation of the fees, as set forth in the Fee Order. (*See generally* Doc. No. 198.) Instead, she continues to object to the Sanctions Order as premature based on its entry "prior to the finality or review of the discovery orders." (*Id.* at 6.) She also seeks to stay the Fee Order pending resolution of her other Motions for Review.

[11] Reguli reaches that figure by multiplying $450 by four hours. (Doc. No. 187 at 4.) In her accompanying Declaration, she proposes a rate of $460 multiplied by four hours (*see* Doc. No. 188, Reguli Decl. ¶ 12), which would yield a total of $1,840.

As noted above, the original Objections to the Discovery Order and the Motion to Stay were not ruled upon in a timely fashion. While the plaintiff was nonetheless required to comply with the underlying order in the absence of a stay, the court finds that this court's failure to address the issue sooner, combined with both parties' overwrought litigation of this highly contentious issue, has turned what should have been merely a small hill into Mount Vesuvius at the point of eruption. In the interest of equity and putting this issue to rest, the court **SUSTAINS** in part the plaintiff's objection to the attorney's fee award, as to the amount of the award. The Magistrate Judge's Order awarding fees in the amount of $3,680 total is **MODIFIED** as follows: The plaintiff **SHALL** pay a fee award to the CASA defendants in the amount of **$1,800**, which represents a reasonable fee for the work required and is sufficient both to punish the plaintiff for failing to timely comply with the Magistrate Judge's Order and to assure her compliance with future orders.

The plaintiff's alternative motion for a stay is **DENIED AS MOOT**.

**E. Motion for Review (Doc. No. 205) of Memorandum Order (Doc. No. 201) Denying Plaintiff's Motion for Protective Order (Doc. No. 189) and Motion for Sanctions (Doc. No. 196)**

On September 21, 2026, Reguli filed a Motion for Protective Order and to Quash Subpoenas and for Sanctions. (Doc. No. 189.) In this motion, she objects to the CASA defendants' issuance of subpoenas for records from the ten financial institutions identified by the plaintiff in her answer to Interrogatory 1 on a number of grounds. The CASA defendants responded that the plaintiff's motion was procedurally improper and substantively without merit. (Doc. No. 196.) On October 6, 2026, the plaintiff filed another Motion for Sanctions. (Doc. No. 196.)

The Magistrate Judge entered a Memorandum Order on October 14, 2026 ("October 14 Order"), denying both motions. (Doc. No. 201.) The plaintiff raises numerous objections to the Magistrate Judge's findings and conclusions, including that the financial records at issue are not relevant or proportional to the needs of the case and that the Magistrate Judge never clearly

resolved that issue. This court has put that argument to rest: the records are not relevant, and even if they bore some tangential relevance, the records the defendants seek are wholly disproportionate to the needs of the case.

In light of that conclusion, the Motion for Review (Doc. No. 205) is **GRANTED IN PART** and **DENIED IN PART**; the Magistrate Judge's Order denying the Motion to Quash is **VACATED**, and the plaintiff's Motion to Quash (Doc. No. 189) is **GRANTED**. The Order (Doc. No. 201) is otherwise **AFFIRMED**. To the extent bank records have already been produced in response to the subpoenas served on them, the parties will need to work together regarding the disposition of those records and whether a protective order relating to them is still required.

## IV. CONCLUSION AND ORDER

As set forth herein, the court rules as follows on the pending motions:

(1) The plaintiff's Objections (Doc. No. 143) to Discovery Order (Doc. No. 140) are **SUSTAINED**, and the Discovery Order (Doc. No. 140) is **VACATED**.

(2) The plaintiff's Motion to Stay (Doc. No. 148) is **DENIED AS MOOT**.

(3) The plaintiff's Motion for Review (Doc. No. 181) of the Sanctions Order (Doc. No. 168) is **DENIED**.

(4) The plaintiff's Motion for Review (Doc. No. 198) of the Fee Order (Doc. No. 194) is **GRANTED IN PART**, and the underlying Fee Order (Doc. No. 194) is **MODIFIED AS FOLLOWS**: Reguli shall pay the CASA defendants' attorney's fees in the total amount of **$1,800** as a sanction for her failure to comply with the Discovery Order;

(5) The plaintiff's Motion for Review (Doc. No. 205) of the October 14 Order (Doc. No. 201) is **GRANTED IN PART AND DENIED IN PART**. The October 14 Order is **VACATED** in part, and the plaintiff's Motion to Quash the bank subpoenas (Doc. No. 189) is **GRANTED**. Otherwise, the October 14 Order is **SUSTAINED**.

This Order appears to moot the plaintiff's new Motion for Protective Order and to Quash Subpoenas (Doc. No. 209). That motion, therefore, is **DENIED AS MOOT**. The parties are **DIRECTED** to work together to resolve the handling of bank records that have already been produced pursuant to the subpoenas served on the banks. The parties should also determine what other pending motions may have been rendered moot by this ruling and to so notify the court.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge