**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Before the court is the Motion for Review (Doc. No. 158) filed by former defendant, Williamson County Circuit Court Judge Joseph A. Woodruff, seeking review of the Magistrate Judge's order (Doc. No. 155) that, among other things, granted in part plaintiff Connie Reguli's motion for leave to subpoena Woodruff to attend a deposition. Woodruff has also filed a Motion to Stay that order. (Doc. No. 159.) For the reasons set forth herein, both motions will be denied.

## I. STANDARD OF REVIEW

When a magistrate judge issues a nondispositive order, any party has fourteen days within which to "serve and file objections to the order." Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Chesnut v. United States*, 15 F.4th 436, 451 (6th Cir. 2021). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant

statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. BACKGROUND

This Memorandum presumes familiarity with the facts as alleged in the Complaint and summarized in previous court orders and sets forth here only that background necessary to understand the present motions.

In the present lawsuit, Connie Reguli's original Complaint (Doc. No. 1) asserts claims of, among other things, malicious prosecution against defendants Emily Layton, Williamson County CASA ("CASA")[1] (collectively with Layton, the "CASA defendants"), Woodruff, attorney Dana McLendon, and state prosecutors who pursued the perjury charges against Reguli in state court that form the basis for her malicious prosecution claim. The claims against the state prosecutors and Woodruff were dismissed on immunity grounds (*see* Doc. Nos. 52, 53, 117, 118), but some claims remain pending against the CASA defendants and McLendon.

In June 2026, Reguli filed a Motion for Issuance of Deposition Subpoenas to former defendants Woodruff and John Stephens, one of the prosecutors involved in the underlying perjury case.[2] (Doc. No. 129.) Woodruff responded by filing a Motion for Protective Order, arguing that, because he is entitled to sovereign and judicial immunity and "mental process protections," he should not be required to give "testimony about events this Court has already held fall squarely within his judicial capacity." (Doc. No. 30 at 3.) The CASA defendants filed a Response in which they took "no position on the dispute between Plaintiff and Judge Woodruff over Plaintiff's

[1] CASA is an acronym for "Court Appointed Special Advocates."

[2] Under Local Rule 45.01, the plaintiff needs court permission to issue subpoenas because she is proceeding *pro se*.

subpoena" but made it clear that they also sought to depose Woodruff and should not be "subject to any protective order" limiting Reguli's ability to depose Woodruff. (Doc. No. 134 at 1.) Substantively, they also argued that the immunities invoked by Woodruff do not excuse him from providing testimony in this case. (*Id.* at 2.)

Rather than simply respond to Woodruff's Motion for Protective Order, the plaintiff sought to strike it. (Doc. No. 133.) Her Motion to Strike incorporated by reference her Response to an earlier Motion to Quash filed by Woodruff (Doc. No. 116), and she also argued that she had "no need to inquire into judicial deliberation, but the actions of Woodruff in this matter, outside of the courtroom[,] are material, relevant, and necessary" (Doc. No. 133 at 2). Woodruff filed a Response to the plaintiff's Motion to Strike and a Reply to the CASA defendants' Response to his Motion for Protective Order. (Doc. Nos. 136, 137.) The plaintiff filed a Reply to the CASA defendants' Response. (Doc. No. 139.)

On July 14, 2026, the CASA defendants issued their own deposition subpoena to Woodruff. (Doc. No. 142-1.) Woodruff filed a Motion to Quash that subpoena, along with a Memorandum raising some of the same arguments posited in opposition to Reguli's subpoena. (Doc. Nos. 141, 142.) All of the defendants, including McLendon, filed Responses in opposition to Woodruff's motion. (Doc. Nos. 149, 150, 151.)

In August 2026, the Magistrate Judge issued a Memorandum Order that granted in part and denied in part the plaintiff's Motion for Issuance of Deposition Subpoenas, her Motion to Strike, Woodruff's Motion for Protective Order, and his Motion to Quash. (Doc. No. 155.) As relevant here, he closely considered Reguli's arguments in support of her request to depose Woodruff and Woodruff's arguments as to why he should not be required to sit for a deposition. Ultimately, the Magistrate Judge concluded that Woodruff could not be "compelled to testify regarding the mental

processes used in formulating official judgments or the reasons motivating the performance of official duties." (*Id.* at 8 (citation omitted).) At the same time, however, he held that neither sovereign nor judicial immunity completely shielded the judge from deposition and that he could be deposed and "questioned about the factual knowledge he possesses regarding his communications with Mc[L]endon, Layton, and [former defendant] Helper related to the perjury investigation/prosecution." (*Id.* at 9.) The Magistrate Judge specifically found that Woodruff

> possesses factual knowledge that is highly relevant to Plaintiff's claims and to the defenses raised by McClendon, Layton and CASA. He is aware of when he communicated with Helper, McClendon, and Layton. He is aware of what he said during those interactions and what was said to him. He is also the only person with factual knowledge about any communications he had with Helper [who died on March 20, 2023].

(*Id.* at 9 & n. 5.) The Magistrate Judge also noted that "[t]his factual information was disclosed in an *ex parte* manner to individuals outside Woodruff's chambers and falls squarely outside of any mental-process protections." (*Id.* at 10.) He concluded that Woodruff must appear for a deposition to respond to questions "limited to these topics." (*Id.*) Thus, the plaintiff's Motion to Issue Subpoenas was granted in part to allow her to subpoena Woodruff to attend a deposition with the noted limitations, and Woodruff's Motion for Protective Order and Motion to Quash were likewise denied in part, insofar as he would be required to attend a deposition, but granted in part, insofar as the scope of the deposition would be limited to the factual inquiry set forth in the Memorandum Order. (*Id.*)

Woodruff filed his timely Motion for Review of this nondispositive Order (Doc. No. 158), contemporaneously with a Motion to Stay the Order (Doc. No. 160). The plaintiff filed a Response in Opposition to both (Doc. No. 167); Woodruff filed a Reply (Doc. No. 170); and the CASA defendants filed a Response to Woodruff's motion (Doc. No. 175).

The Motion to Stay was filed on August 24, 2026. Again, neither the Magistrate Judge nor this judge ruled on it in a timely manner. The plaintiff issued and served a deposition subpoena on Woodruff, setting his deposition for October 12, 2026. (*See* Doc. Nos. 190, 191.) The court has received no information regarding whether that deposition, in fact, took place. Assuming that it has not and that the pending Motion for Review and Motion to Stay have not been rendered as moot, the court rules as follows.

## III. DISCUSSION

Woodruff argues, in a nutshell, that the Magistrate Judge's Order (1) "erroneously rejects sovereign immunity and compels a sitting state judge to testify in his official capacity"; (2) misapplies the "mental-process" doctrine; (3) disregards Rules 26 and 45 by "compelling a disproportionate, unnecessary, and burdensome deposition." (Doc. No. 158 at 2; *see also* Doc. No. 159 at 2–3.)

The court, in sum, is not persuaded. First, Woodruff has not shown that the Magistrate Judge's "reject[ion] of sovereign immunity" was contrary to controlling law. Instead, Woodruff simply disagrees with the Magistrate Judge's refusal to adopt the Fifth Circuit's categorical approach to sovereign immunity in *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). *Russell* is not binding on this court. Like the Magistrate Judge, this court finds the opinion to be unpersuasive, as it appears to depart from Supreme Court precedent and, in applying a categorical rather than a functional approach, also departs from other circuit court rulings that have addressed sovereign immunity in the deposition subpoena context. *See, e.g.*, *Mick v. Gibbons*, 171 F.4th 1097, 1104 (8th Cir. 2026) (applying a functional approach to suppress a subpoena served on a state agency that "infringe[d] on [its] autonomy or threaten[ed] its treasury").

*Russell* is also, on its face, factually distinguishable. In particular, the Fifth Circuit found that for sovereign immunity to apply, the judges in that case had to have "been served in their

official, not personal, capacities, such that the subpoenas were really served against the state." *Russell*, 49 F.4th at 513. And the parties in that case agreed that the non-party judges were served in their official capacity. *Id.* Here, however, Woodruff was not originally sued—nor was the subpoena served upon him—in his official capacity (despite Woodruff's having authorized the Attorney General to accept service of the subpoena on his behalf). The fact that the court found him entitled to *judicial* immunity for the acts alleged in the Complaint does not compel the conclusion that he is also entitled to sovereign immunity. In addition, unlike in *Russell*, there is no concession by the plaintiff or the other parties that the subpoena "run[s] not against just the [judge] but the judge['s] office[]," and nothing in the record suggests that a brief, targeted deposition of Woodruff will "trench on the [public] fisc or interfere with the public administration." *Russell*, 49 F.4th at 513. *Russell*, in other words, does not compel a conclusion that sovereign immunity is implicated by the subpoena in this case.

Woodruff's argument that the Magistrate Judge failed to apply the "fact-intensive inquiry" to which the Eighth Circuit referred in *Mick* also misses the mark, precisely because sovereign immunity does not apply. Regardless, the Magistrate Judge did perform a fact-intensive inquiry and limited the scope of the requested deposition accordingly. The Order plainly limits the deposition to factual information, not mental processes or deliberations. Specifically, the Order states that Woodruff may be questioned about: (1) "when [Woodruff] communicated with Helper, McClendon, and Layton"; (2) "what he said during those interactions and what was said to him"; and (3) "any communications he had with Helper." (Doc. No. 155 at 9.) The Magistrate Judge's Order requires Woodruff to "appear for deposition to respond to questions limited to these topics." (*Id.* at 10.) For the same reasons, the court rejects the argument that the Magistrate Judge's Order misapplies the "mental-process" doctrine or compels a "disproportionate, unnecessary, and

burdensome deposition." (Doc. No. 158 at 2.)

Finally, the court finds that the new authority Woodruff cites in his Motion for Review is neither on point nor compelling, for the reasons argued in the CASA defendants' Response (*see* Doc. No. 175 at 8–10).

In sum, Woodruff fails to establish that the Magistrate Judge's Order is clearly erroneous or contrary to law.

## IV. CONCLUSION AND ORDER

Again assuming the deposition has not yet taken place, the Motion to Stay (Doc. No. 159) is **DENIED AS MOOT**, as a result of this order, and the Motion for Review (Doc. No. 158) is **DENIED**.

The Order (Doc. No. 155), however, is **MODIFIED**, to require that Woodruff's deposition be taken at the federal courthouse before the Magistrate Judge, in the interest of avoiding further motions related to that deposition.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge