**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-00694** |
| | ) | **Judge Aleta A. Trauger** |
| **JOSEPH A. WOODRUFF *et al.*,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court is plaintiff Connie Reguli's Motion for Judicial Disqualification of Magistrate Judge Luke Evans Pursuant to 28 U.S.C. §§ 144 & 455 (Doc. No. 207), supported by Reguli's Declaration of Facts (Doc. No. 207 at 19–23). Defendant Dana McLendon filed a Response in opposition to the motion. (Doc. No. 208.) Although the judge to whom such a motion is directed typically determines in the first instance whether recusal is required, this court lifts the referral of this motion in order to pretermit an inevitable motion for review.

Although the other defendants have not responded (and the time to respond has not expired), the court will rule on the motion promptly, to avoid further delay in this matter. And, for the reasons set forth herein, the motion will be denied.

## I. BACKGROUND

The court presumes familiarity with the procedural history of this case and addresses herein only the present motion.

The plaintiff asserts that a client whom she had represented from "December 2010 until mid 2012," including through an initial appeal and a second trial, came to her as she was preparing the second appeal and told her that "she wanted Luke A. Evans as co-counsel and she had already

met with him." (Doc. No. 207 at 6.) Reguli, after looking into Evans' background and concluding that he had little experience "litigating complex custody and child abuse" and ten years' less experience as a lawyer than Reguli, decided that he would not "significantly contribute to the case." (*Id.* at 7.) She explained to the client that adding him as co-counsel would "only cause more confusion." (*Id.*) The client nonetheless decided that she wanted to employ Evans to pursue the appeal, so Reguli withdrew. Reguli states that Evans "never reached out to speak to Reguli about his conversation with the [client] or his perspective on the issues on appeal," and she speculates that Evans "influenced the [client] to drop Reguli as counsel" and that he took the case for purely financial reasons, "knowing that the mother was a professional with resources to pay high litigation fees." (*Id.* at 8.) Reguli does not allege that she ever met or spoke directly with Evans in the course of the transition of the client from her to him.

Reguli states that she "recognized" the Magistrate Judge from his first appearance in this case in July 2026 but did not seek his recusal then because she "withheld any assumptions of bias or prejudice." (*Id.* at 1.) She does so now because of what she perceives as a "pattern . . . that can not be ignored." (Reguli Decl. of Facts ¶ 1.) More specifically, aside from the purported "conflict" that took place approximately fourteen years ago, Reguli accuses Magistrate Judge Evans of issuing orders in this case that "are troubling and, in some cases, lack logic." (Doc. No. 207 at 8.) She takes issue with a number of nondispositive discovery-related orders that have also been the subject of objections filed by Reguli.

She also takes issue with the Magistrate Judge's "scold[ing]" her for "misrepresent[ing] and misstat[ing] a prior holding of the Court when addressing the remaining claims in this case." (Doc. No. 207 at 10 (citing Doc. No. 155 at 2 n.2).) In that footnote, the Magistrate Judge pointed out that the plaintiff is simply incorrect when she states that the undersigned "previously ruled that

McLendon and Layton conspired with Judge Woodruff to engage in civil rights violations to cause Reguli to be maliciously prosecuted." (Doc. No. 155 at 2 n.2 (quoting Doc. No. 139 at 2).) This court, too, in the contemporaneously entered order ruling on Reguli's objections to the Magistrate Judge's rulings, observed that Reguli has on several occasions erroneously stated that the court made conclusive findings in the Memorandum and Order granting in part the defendants' motions to dismiss. (*See* also Doc. No. 143 at 2 (stating that "[t]he Court previously ruled that McLendon and Layton conspired with Judge Woodruff to engage in civil rights violations to cause Reguli to be maliciously prosecuted" (citing Doc. Nos. 52, 53)).)

The plaintiff asserts that "every time the Magistrate Judge enters a new order, he changes the history of the case," that he has failed to admit mistaken rulings and instead "continues to manipulate the record to conceal his error, and "has never supported" his order directing the plaintiff to respond to the CASA defendants' Interrogatory 1 (Doc. No. 140) with legal authority." (Doc. No. 207 at 17.) She surmises that the "historic interaction" with Evans in 2014 "caused him to harbor some animus" and, for these reasons, seeks the Magistrate Judge's recusal from this case. (*Id.*)

## II. DISCUSSION

The statutes the plaintiff cites, 28 U.S.C. §§ 144 and 455, govern recusal. Section 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit . . . shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. At least one district court in this circuit has held that § 144, by its terms, applies only to district judges, not magistrate judges.

Assuming that the statute applies to magistrate judges, "[a]n affidavit filed under § 144 must 'allege[] facts [that] a reasonable person would believe would indicate a judge has a personal bias against the moving party.'" *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990)). "The alleged bias must 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *see also Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th Cir. 1989) ("'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." (citing *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985))).

In other words, recusal is not automatic on the filing of a motion under § 144, as the district judge to whom the motion is (typically) directed "has a duty to examine the affidavit to determine whether it is timely and legally sufficient." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355–56 (6th Cir. 1988) (quoting *In Re City of Detroit*, 828 F.2d 1160, 1164 n.2 (6th Cir. 1987)).

Here, no reasonable person would believe, based on the history recounted by the plaintiff—essentially that a client fired her and hired Evans in 2012—that Evans has a personal bias against Reguli. Bias is not presumed even where a judge, while a lawyer, was involved in litigation against a party who later claims bias. *See Burke v. Regalado*, 935 F.3d 960, 1054 (10th Cir. 2019) ("[T]he mere fact that a judge, while engaged in the practice of law, was involved in litigation *against* a party does not ordinarily provide grounds on which a reasonable person would be apt to question the judge's ability to be impartial in a different matter involving the same party." (citation

omitted)). Here, Evans and Reguli were never adverse parties, and Reguli's claim that he took the case from her for financial reasons is pure speculation, as she admittedly never spoke to him and can only guess at the reasons why her client chose him over her after she had worked with the client for over eighteen months. *Accord Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) ("Conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." (quoting *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990))).

The plaintiff also seeks Magistrate Judge Evans' recusal under § 455. That statute states, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a)–(b)(1).

Recusal is required under § 455 "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is *objective* and is not based 'on the subjective view of a party." *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (internal quotation marks omitted) (quoting *Wheeler*, 875 F.2d at 1251). "The burden is on the moving party to justify disqualification." *Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016) (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)).

Here, the fact that the plaintiff disagrees with several rulings by the Magistrate Judge—even if they were incorrect—does not provide a basis for concluding that his impartiality might reasonably be questioned or that he has a personal bias against the plaintiff. The Sixth Circuit has repeatedly confirmed that "'bias' does not include views formed about a litigant's case during the

proceedings 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Sherman*, 168 F.4th 417, 434 (6th Cir. 2026) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (same). The plaintiff does not point to any conduct by the Magistrate Judge demonstrating such deep-seated favoritism or antagonism. Moreover, as discussed above, the 2012 episode does not reasonably and objectively provide a basis for presuming personal bias.

## III. CONCLUSION AND ORDER

The plaintiff's Motion for Judicial Disqualification (Doc. No. 207) is hereby **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge