**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

FILED
2026 NOV -3 AM 10: 54
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

## The following exhibits are filed:

1. Relevant Criminal Court dockets:

   a. April 29, 2022 Woodruff Letter

   b. May 11, 2022 Layton affidavit

   c. August 8, 2022 Indictment

   d. April 3, 2023 CASA Motion to Quash Subpoena

   e. May 5, 2023 Order to respond to subpoena

   f. June 5, 2023 CASA notice of compliance with Subpoena

   g. Log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014 through May 11, 2022. (*miscellaneous income*) CASA0013-CASA0020

   h. June 14, 2023 Order Nolle Prosequi - "[CASA's] record keeping practice as lacking in its specificity of numerous general deposits since 2014."

---

**JOSEPH A. WOODRUFF**
CIRCUIT JUDGE
THE CIRCUIT COURT OF TENNESSEE
TWENTY-FIRST JUDICIAL DISTRICT, DIVISION I

COUNTIES:
HICKMAN
LEWIS
PERRY
WILLIAMSON

135 FOURTH AVENUE SOUTH
SUITE 286
FRANKLIN, TENNESSEE 37064
(615) 425-4009

April 29, 2022

Williamson County CASA
P. O. Box 680774
Franklin, TN 37068-0774
Attn: Emily Layton, Executive Director

**Re: Connie Reguli**

Dear Director Layton:

On December 30, 2014, I imposed sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure on Ms. Connie Reguli, a local lawyer. The sanctions arose out of Ms. Reguli's improper litigation tactics involving a CASA volunteer. CASA sought the imposition of these sanctions by filing a motion which, after a hearing, I granted. Among the sanctions I imposed on Ms. Reguli was the obligation to reimburse CASA for the reasonable attorney fees in the amount of $3,145.50 CASA incurred as a result of Ms. Reguli's misconduct.

Ms. Reguli appealed my decision to the Tennessee Court of Appeals. In a ruling issued on October 28, 2016, the Court of Appeals affirmed my decision

On Tuesday, April 26, 2022 Ms. Reguli was once again in my court for a hearing on new Rule 11 violations. During that hearing, I asked Ms. Reguli whether she had ever paid CASA the sanctions I imposed on her in December 2014. A copy of the court reporter's transcript of the exchange between Ms. Reguli and me on this subject is enclosed with this letter.

I am attempting to verify whether or not Ms. Reguli's testimony was true. At your earliest opportunity, please advise me in writing whether Ms. Reguli has in fact remitted to CASA the reimbursement I ordered her to pay. If she has paid the sanction amount, please provide me with the date of that payment and the manner in which it was made; *i.e.*, by check, electronic transfer, credit card, or some other means.

Very truly yours,

Joseph A. Woodruff
Circuit Court Judge/Chancellor, Division I

JAW/dmr
cc: Dana C. McLendon, III, Esq.

EXHIBIT
a

IN THE CHANCERY COURT OF WILLIAMSON COUNTY, TENNESSEE

RE: PUBLIC RECORDS REQUEST ON WILLIAMSON COUNTY

CONNIE REGULI

NO 22 CV 51293

MAYOR ROGERS ANDERSON OF WILLIAMSON COUNTY, TENNESSEE

AFFIDAVIT OF EMILY LAYTON

State of Tennessee
County of Williamson

Emily Layton, an adult, makes the following affidavit upon her personal knowledge and under penalty of perjury:

1. My name is Emily Layton. I am the Executive Director of Williamson County CASA.
2. I have reviewed an excerpt of the testimony given by Connie Reguli before this court in this case on 26 April 2022. That excerpt concerned Ms. Reguli's testimony that she had paid $3,145.50 in attorneys fees to CASA as part of this court's sanctions imposed in 2014. Ms. Reguli testified with certainty that she had paid that sanction to CASA although she was unable to say precisely when.
3. Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason.
4. There is no record of Ms. Reguli paying the $3,145.50 in sanctions, in whole or in part, in any record maintained by Williamson County CASA.
5. Further affiant sayeth not.

Emily Layton

Emily Layton

Sworn and subscribed before me this 11 day of May, 2022.

Amanda Jackson

Notary Public
My commission expires: 2.28.2026

AMANDA JACKSON STATE OF TENNESSEE NOTARY PUBLIC COUNTY OF WILLIAMSON MY COMM. EXP. FEB. 28, 2026

EXHIBIT 6

CIRCUIT COURT NUMBER W-CR220457

**STATE OF TENNESSEE, WILLIAMSON COUNTY**
**CIRCUIT COURT**

Copy

**COUNT 1**
**AGGRAVATED PERJURY**

The Grand Jurors for Williamson County, Tennessee, duly impaneled and sworn, upon their oath, present that **CONNIE REGULI**, heretofore, to-wit, on April 26, 2022, before the finding of this presentment, in said County and State, unlawfully, knowingly, feloniously and with intent to deceive, did make a false statement under oath, the false statement being material and made during or in connection with an official proceeding, to-wit: in the case of Connie Reguli v. Mayor Rogers Anderson of Williamson County TN, Case # 22CV-51293, affirming under oath in response to question "Q. Your testimony to me today under oath is that you reimbursed CASA for $3,145.50?" A. Yes." and affirmed at least twice more under oath that payment was made in violation of Tennessee Code Annotated 39-16-703, a class D felony, and against the peace and dignity of the State of Tennessee.

EXHIBIT
C

Kim R Helper
**KIM R. HELPER**
**District Attorney General**

CIRCUIT COURT NUMBER W-CR220457

**STATE OF TENNESSEE**

**v.**

**CONNIE REGULI**

**A TRUE BILL**

**GRAND JURY FOREMAN**

**TO THE CLERK:**

**SUBPOENA THE FOLLOWING WITNESSES FOR THE STATE OF TENNESSEE**

1. Circuit Court CIRCUIT COURT CLERK, Williamson County Courthouse, Franklin, TN, (615) 790-5454 "To bring and/or send certified copies of the case file in Connie Reguli vs Mayor Rogers Anderson, Case #22CV-51293.
2. JOSEPH A. WOODRUFF, Circuit Court Judge, Williamson County Courthouse
3. Emily Layton, CASA, 1205 Columbia Avenue, Franklin, TN 37064

**KIM R. HELPER**
**District Attorney General**

**Filed and entered**

**CIRCUIT COURT CLERK**

August 8, 2022.

By Debbie McMillan Barrett

KIM R. HELPER

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| v. | ) | No. W-CR220457 |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |

---

**WILLIAMSON COUNTY COURT APPOINTED SPECIAL ADVOCATES' MOTION TO QUASH SUBPOENA**

---

Williamson County Court Appointed Special Advocates ("CASA") moves the Court for entry of an order quashing the subpoena issued at the request of Defendant Connie Reguli ("Defendant"). In support of this Motion, CASA States as follows:

## <u>INTRODUCTION</u>

Defendant has been charged with aggravated perjury stemming from statements made in a separate proceeding related to a 2014 court order for Defendant to pay CASA $3,145.00. On March 2, 2023, the Circuit Court Clerk issued a subpoena at the request of Defendant, which was thereafter served on CASA (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as **<u>Exhibit 1</u>**. The Subpoena requests six broad categories of information generally related to CASA's financial records and recordkeeping practices.

This Court should grant CASA's motion to quash the Subpoena for three separate reasons. *First*, the Subpoena does not meet the requirements of the four-part *Nixon* test because (1) the documents sought are irrelevant, (2) the information is otherwise procurable reas

EXHIBIT d

4/13/23 MSG

of trial by an exercise of due diligence, (3) Defendant can properly prepare for trial without the production and the failure to obtain the documents will not delay the trial, and (4) the Subpoena's requests are an impermissible attempt to obtain discovery and a general "fishing expedition." *Second*, the Subpoena's requests for documents are overbroad and unduly burdensome and would require CASA to use its limited resources spending countless hours gathering nearly ten years of financial records and other documents that are irrelevant or duplicative of information already available to Defendant. *Third*, the Subpoena is defective on its face because it requests CASA to produce documents directly to Defendant, while Tenn. Crim. R. P. 17(d)(2)'s plain language provides that subpoenas may only seek the production of documents directly to the Court.

For the foregoing reasons, as well as the reasons explained below, the Court should grant this Motion and quash the subpoena.

## RELEVANT FACTUAL BACKGROUND

CASA is a non-profit organization that works with Williamson County courts to provide children who are alleged victims of abuse and neglect with special advocates as they navigate the judicial system. CASA's volunteer board of directors and five full-time staff members work with the National CASA Association to train volunteer advocates. Since its inception in 1993, CASA volunteers have assisted with thousands of cases of abused or neglected children in Williamson County.

CASA's full-time staff consists of five employees: an executive director, a development director, an office manager, and two advocate supervisors. Declaration of Stuart Tutler at ¶ 4 ("Tutler Decl."), attached hereto as **Exhibit 2**. CASA staff manages a team of about eighty volunteers, and CASA's advocate supervisors perform most of their job responsibilities in court supervising and assisting the volunteer special advocates. *Id.* at ¶ 5.

On April 29, 2022, Williamson County Circuit Court Judge Joseph A. Woodruff ("Judge Woodruff") sent a letter to Emily Layton ("Layton"), then-executive director of CASA, asking whether Defendant paid CASA the attorneys' fees owed pursuant to the Rule 11 sanctions Judge Woodruff imposed on December 30, 2014. Defendant's Motion for Suppression of Evidence and State' Failure to Provide Brady Material and Remove this Matter from the Trial Docket Pending Appeal, Ex. 1. Layton replied in May 2022, and informed Judge Woodruff that she reviewed CASA's regularly maintained business records and found no evidence Defendant paid the $3,145.50 owed pursuant to the sanctions. *Id.* at Ex. 2 ("Layton Affidavit").

On August 12, 2022, the Williamson County Sheriff's Office executed a grand jury capias on Defendant for the charge of aggravated perjury. The Circuit Court Clerk issued Subpoena at the request of Defendant on March 2, 2023, which was thereafter served on CASA. Specifically, the Subpoena seeks:

1. All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 ("Request 1");
2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to present ("Request 2");
3. Proof of payment for legal services to Raquel Abel from June 1, 2014, through December 31, 2016 ("Request 3");
4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to present ("Request 4");
5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documents, the process for transferring to accounting and depositing ("Request 5"); and
6. All logs for income or payments received from August 2014 to date ("Request 6") (collectively, the "Requests").

*Id.* The Subpoena demands the production of documents responsive to the Requests to the Defendant no later than April 3, 2023. *Id.*

## STANDARD OF REVIEW

"The decision whether to enforce 'a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.'" *State v. Johnson*, 538 S.W.3d 32, 60 (Tenn. Crim. App. 2017). A trial court's decision to quash a subpoena will only be overturned upon a showing that the trial court has abused its discretion. *State v. Nunez*, No. M2019-00473-CCA-R3-CD, 2020 WL 4734916 at *4 (Tenn. Crim. App. Aug. 14, 2020).

## ARGUMENT

Rule 17 of the Tennessee Rules of Criminal Procedure provides "[a] subpoena may order a person to produce the books, papers, documents, or other objects the subpoena designates" either "in court before trial or before they are to be offered in evidence." Tenn. R. Crim. P. 17(d), (d)(1). "On motion made promptly and in any event by the time specified in the subpoena for compliance therewith, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.* at 17(d)(2).

A subpoena for documents may be quashed or modified if compliance with the subpoena would be "unreasonable or oppressive." Tenn. R. Crim. P. 17 (d)(2); *Johnson*, 538 S.W.3d at 60 (citing *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974)). Tennessee courts have adopted the analysis applied by federal courts interpreting Fed. R. Crim. P. 17, Tenn. R. Crim. P. 17's federal counterpart. *Johnson*, 538 S.W.3d at 60 n.13 ("[W]e see no reason to treat the application of [Tenn. R. Crim. P. 17] any differently [from Fed. R. Crim. P. 17]."). Rule 17's subpoena power "was not intended to provide a means of discovery for criminal cases." *Id.* (quoting *Nixon*, 418 U.S. at 698).

Instead, courts in Tennessee have consistently applied the *Nixon* four-prong test to determine whether to enforce a subpoena under Rule 17, requiring the party seeking production of evidence to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

*Id.* (quoting *Nixon*, 418 U.S. at 699-700)). To satisfy this burden, the movant must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* (internal quotations omitted). Courts act within their discretion to quash a subpoena that fails to satisfy each of the *Nixon* elements. *See, e.g. State v. Little*, No. M1999-0858-CCA-R3-CD, 2000 WL 1731290, at *5 (Tenn. Crim. App. Nov. 22, 2000); *U.S. v. Vassar*, No. 2:05-CR-75, 2006 WL 8439712, at *1-2 (E.D. Tenn. June 2, 2006). Similarly, courts should quash a subpoena when the requests are overly broad or the burden of producing the documents outweighs the documents' relevance to the case. *U.S. v. Cauthon*, No. 3:15-cr-00172, 2018 WL 2289327, at *2 (M.D. Tenn. May 18, 2018).

This Court should quash the Subpoena because (1) Defendant cannot meet the elements under the *Nixon* test required to enforce the Subpoena, (2) the Subpoena is overly broad and the burden on CASA to comply outweighs any relevance the documents would have to this case, and (3) the Subpoena is procedurally defective because it requires CASA to produce documents to Defendant and not "in Court" as required by Rule 17.

## I. The Subpoena should be quashed because Defendant fails each prong of the Nixon test.

Defendant's Subpoena does not meet the requirements of the *Nixon* test because (1) the documents sought are not relevant, (2) Defendant can procure the information sought under the

Requests with due diligence, (3) Defendant can properly prepare for trial without such production and inspection in advance of trial, and (4) Defendant is engaging in a fishing expedition and attempting to improperly conduct discovery with the Subpoena.

a. The Subpoena seeks irrelevant documents.

None of the Requests are relevant to this case. Defendant has been charged with aggravated perjury stemming from testimony provided by Defendant that she had paid CASA the $3,145 owed pursuant to Judge Woodruff's 2014 Order. *See* Grand Jury Capias. None of the documents sought pursuant to Requests 2 through 6 would have a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Tenn. R. Evid. 401.

To be sure, invoices, letters, memos, or any other communications from CASA to Defendant seeking payment are irrelevant because such documents would not show Defendant made a payment to CASA. Rather, these documents would show Defendant had yet to make a payment. Proof of payment for legal services to Raquel Abel also have no bearing on whether Defendant has paid CASA.

Request 4, accounting documents that show receipt of funds categorized as "miscellaneous income," are also irrelevant because any payment categorized as "miscellaneous income" would not provide evidence of a payment to CASA from Defendant. Request 5 seeks policies describing how receipts are logged or deposited, which again, would not provide proof of payment from Defendant to CASA. And lastly, *all* logs for income or payments received from *everyone* is clearly not relevant to whether *Defendant* made a payment to CASA.

Request 1 is, at best, marginally relevant. Documents representing "accounts receivable entries . . . regarding Connie Reguli since 2014" would only reveal that CASA maintains a debt is


Case 3:24-cv-00694 Document 214-1 Filed 11/03/26 Page 11 of 35 PageID #: 2663

owed by Defendant to CASA. Even assuming CASA—a non-profit organization solely reliant on charitable donations and grant money for funding—maintains "account receivable entries," the *lack* of any such entry could only be used to argue that Defendant had paid CASA the $3,145. But as discussed in more detail below, Request 1 fails to satisfy the remaining elements of the *Nixon* test because Defendant is in the best position to show affirmatively that payment was made to CASA, and as such, any supposed lack of documentation at CASA is simply not relevant.

Consequently, the Subpoena cannot satisfy the first prong of the *Nixon* test because the documents sought are not evidentiary or relevant, and the Court should quash the subpoena. If Defendant paid CASA, Defendant should have some proof, in any form, of payment.

b. The documents sought by Requests 1, 2, and 6 are otherwise procurable.

Defendant's Subpoena seeks to place the burden on CASA to comb through its business records to confirm whether Defendant submitted a one-time payment. However, Defendant has the means to procure the information sought by these requests with due diligence. For example, Request 2 can be procured by Defendant with due diligence because these are documents that CASA would have sent to Defendant, and as such, are in Defendant's possession. Similarly, Requests 1 and 6, which seemingly seek financial information that would reveal a payment from Defendant to CASA, are also readily available to Defendant through a review of her own financial records. Even if documents responsive to Requests 1 and 6 were not in the Defendant's possession, Defendant cannot show that they are not otherwise procurable through the exercise of due diligence.

For example, in *State v. Little*, the court affirmed a trial court's decision to refuse to issue a subpoena seeking bank records because the information was otherwise procurable through the discovery process. 2000 WL 1731290, at *5. The court reasoned that the information was

available through discovery, and had defendant "attempted to glean the desired information through the discovery process and been unsuccessful, [the defendant] could have filed a motion to compel discovery. If that did not produce the information, a subpoena *duces tecum* could then have been ordered." *Id.* (internal citation omitted).

Here, information reflecting Defendant has paid CASA is plainly already in the possession of the Defendant and otherwise procurable. As noted above, Defendant is in the best position to provide documentary proof of a payment made *by Defendant*. Additionally, Defendant is already in possession of the affidavit from former CASA Executive Director, Emily Layton, which provides that "CASA's regularly maintained business records reflect that at no time has [Defendant] paid to CASA any amount of money for any reason." *See* Layton Affidavit. As in *Little*, Defendant should be readily able to "glean the desired information through the discovery process", and if not, should be required to avail herself of the discovery procedures under Rule 16 before resorting to a subpoena. *Little*, 2000 WL 1731290, at *5.

Absent this showing, Defendant cannot maintain the Subpoena seeks information that is not otherwise procurable in advance of trial, and the Court should quash the subpoena.

c. Quashing the Subpoena will not cause unreasonable delay of the trial because Defendant already has or possesses the means to identify the information sought with the Subpoena.

As discussed in the section above, Defendant possesses the means to procure the information sought under Requests 1, 2, and 6. Also as shown above, Requests 3, 4, and 5 are irrelevant and would not aid Defendant in preparing for trial. Moreover, if this Court grants CASA's motion to quash, Defendant can properly prepare for trial given proof of Defendant's payment to CASA would naturally be within Defendant's possession. Nor would granting this Motion will not unreasonably delay trial, which is currently set for December 5, 2023. Amended

Scheduling Order ¶ 6. Defendant's Subpoena falls short of satisfying this portion of the *Nixon* test, and as such, the Subpoena should be quashed.

d. Defendant's Requests are an inappropriate attempt to conduct discovery and amount to nothing more than a fishing expedition.

A Rule 17 subpoena is not appropriate for conducting discovery or otherwise engaging in a general "fishing expedition." *Johnson*, 538 S.W.3d at 60. The Subpoena is an effort to engage in both.

Here, Requests 1, 2, 4, and 6 seek "[a]ll accounting documents," "[a]ll invoices, letters, memorandums, or other communication," "[a]ll policies" and "[a]ll logs for income or payments received" from 2014 to the present. Ex. 1. Similarly, Request 3 seeks proof of payment from an attorney that previously represented CASA and has no relevance to the present action. *Id.* Request 5 seeks "[a]ll policies" relating to CASA's receipt of funds that, again, are not relevant. *Id.*

The Requests are clearly irrelevant, overly broad, and an apparent attempt to engage in a fishing expedition. To be sure, the broad nature of the requests reveal that Defendant is unsure of what she is going to discover—if Defendant was aware that CASA actually maintained relevant evidence, the Requests would be narrowly tailored at obtaining the relevant information allegedly in CASA's possession that could not be otherwise obtained in discovery. *Johnson*, 538 S.W.3d at 60. The Requests, however, cast a wide net spanning nearly nine years and various categories of documents with the apparent hope of obtaining something relevant and admissible. Courts have routinely rejected similar efforts to use a Rule 17 subpoena to undertake a general fishing expedition. *See, e.g., Cauthon*, 2018 WL 2289327, at *2; *Vassar*, 2006 WL 8439712, at *1-2.

Accordingly, the Court should quash the Subpoena because it improperly seeks to obtain discovery and cannot satisfy the fourth element from *Nixon*.

## II. The subpoena should also be quashed because it is overly broad and unduly burdensome.

In determining whether compliance with a subpoena is unreasonable or oppressive, courts will also weigh whether "the burden of producing subpoenaed records greatly outweighs any relevance they may have to the case." *Cauthon*, 2018 WL 2289327 at *2 (internal quotation omitted); *Vassar*, 2006 WL 8439712, at *4, n.4 (explaining that the "sheer breadth" of the requests "also establish that the subpoenas are oppressive and burdensome").

Defendant's Subpoena contains overly broad requests and seeks irrelevant information that will place an unreasonable burden on CASA if production is required. CASA is a federal tax-exempt non-profit organization and is classified as a 501(c)(3) organization. Tutler Decl. at ¶ 3. Presently, CASA's full-time staff consists of five employees: an executive director, a development director, an office manager, and two advocate supervisors. *Id.* at ¶ 4. The small team of five manages a team of about eighty volunteers who serve as CASA volunteer advocates. *Id.* at ¶ 5. Both full-time advocate supervisors spend the majority of their time working in court and performing special advocate duties. *Id.* The development director's job responsibilities focus heavily on fundraising efforts, while the executive director oversees the day-to-day operations of CASA, manages the full-time staff members, and oversees CASA's large volunteer program. *Id.* at ¶¶ 6, 8.

If required to comply with Defendant's subpoena, CASA would be required to dedicate one or more members of staff's attention away from their regular job responsibilities to spend countless hours compiling and reviewing documents for the requested materials. Indeed, four of the Requests seek nearly nine years' worth of documents and information each, while the remaining two Requests require a collection and review of either two years' worth of payments to a former attorney for CASA or "[a]ll policies." Ex. 1.

Such a fishing expedition is exactly the type of burden Rule 17(d)(2) directs courts to avoid. CASA is ill-equipped to handle such broad requests without otherwise disrupting its staff's ability to perform their regular duties. Tutler Decl. at ¶ 9. The Requests necessarily implicates the collection and review of hundreds, if not thousands, of pages of documents. For example, CASA relies entirely on charitable donations and grants for its funding. *Id.* at ¶ 3. Request 6, or "[a]ll logs of income or payments received" would seemingly require the collection, review, and production of nearly nine years of bank statements reflecting all donations received by CASA. Stated simply, responding fully to Defendant's Subpoena would cost CASA time and money, the most important resources for a small non-profit team committed to helping a vulnerable population that regularly relies on their support.

This burden on CASA outweighs the meager relevance the requested documents may have. As explained above, none of the Requests are relevant, Section I.a, *supra*, and even if the Requests sought relevant documents or information, enforcing the subpoena would shift the unreasonable burden on CASA to search for information that Defendant could otherwise obtain through a review of her own accounting documents, bank statements, invoices, or other communications received from CASA.

Given the breadth of the Requests, any relevant information produced would be outweighed by the burdens placed on CASA. Therefore, this Court should find that enforcing Defendant's Subpoena would be unreasonable or oppressive and quash the Subpoena.

**III. The subpoena is defective because it seeks the production of documents to the Defendant and not to the Court.**

Documents produced in response to a subpoena must be "produced in court before trial or before they are to be offered in evidence." Tenn. R. Crim. P. 17(d)(2). A subpoena is defective and invalid if it seeks production of documents to the defendant and not *in court*. *U.S. v. Sharp*, No.

3:09-CR-72, 2009 WL 3053811, at *1-2 (quashing a subpoena because "the command to produce materials at a private law office, instead of the Court" is contrary to Fed. R. Crim. P. 17).

Here, Defendant's Subpoena commands all designated documents are to be provided to Defendant at Defendant's address. Ex. 1. Because the subpoena commands CASA to produce all designated documents to Defendant and not "in court," the Subpoena is facially defective and should be quashed.

## CONCLUSION

For the foregoing reasons, Williamson County Court Appointed Special Advocates respectfully requests that the Court grant this Motion and enter an order quashing the Subpoena.

Respectfully submitted,

*/s/ Mike Stephens*

Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 3rd day of April, 2023

*/s/ Mike Stephens*
Mike Stephens

**IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE**
**TWENTY-FIRST JUDICIAL DISTRICT**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | |
| v. | ) | No. W-CR220457 |
| | ) | |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |
| | ) | |

---

**ORDER GRANTING WILLIAMSON COUNTY CASA'S MOTION TO QUASH FIRST SUBPOENA AND DENYING MOTION TO QUASH SECOND SUBPOENA**

---

This action came before the Court, the Hon. Roy B. Morgan, Jr. presiding, on April 26, 2023. The Court considered two motions: Williamson County Court Appointed Special Advocates' ("CASA") Motion to Quash a subpoena from the Defendant issued on March 2, 2023, (the "First Motion"), and a Motion to Quash a second subpoena from the Defendant issued on April 12, 2023, (the "Second Motion"). The Court, having heard the arguments of the undersigned, considered their submissions and the entire record before it, and being otherwise sufficiently advised, GRANTS the First Motion and DENIES the Second Motion for the reasons specified below:

1. On March 2, 2023, the Defendant caused a subpoena to be issued seeking six categories of documents from CASA (the "First Subpoena"). The First Subpoena sought six categories of documents to be produced to Defendant on April 3, 2023. Yet, Rule 17 of the Rules of Criminal Procedure require the designated items be "produced *in court* before trial . . . ." (emphasis added). Because of this apparent procedural defect with the First Sub

EXHIBIT
C



Case 3:24-cv-00694 Document 214-1 Filed 11/03/26 Page 19 of 35 PageID #: 2671

(emphasis added). Because of this apparent procedural defect with the First Subpoena, Defendant caused a second subpoena seeking documents from CASA to be issued on April 12, 2023 (the "Second Subpoena"). The Second Subpoena commanded the production of documents to the Court.

2. During the April 26, 2023 hearing, CASA and Defendant agreed the Second Subpoena corrected the procedural defect with the First Subpoena and that compliance with the First Subpoena was mooted in light of the Second Subpoena. Therefore, the Court **GRANTS** CASA's First Motion and **ORDERS** the First Subpoena quashed.

3. The Second Subpoena restated the same six requests for documents from the First Subpoena with minor variations in the temporal scope of some of the requests. The Second Subpoena also added an additional request.

4. Specifically, the Second Subpoena requests:

PART A

All of CASA's regularly maintained business records from November 2014 through May 11, 2022 including but **not limited to** all documents reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 through May 11, 2022.
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022.
(3) Proof of payment for legal services to Raquel Abel from June 1, 2014 through December 31, 2016.
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022.
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring accounting and depositing; and
(6) All logs for income or payments received from August 2014 until May 11, 2022.

(emphasis in original).

5. CASA argues that the Second Subpoena should be quashed because compliance with the Second Subpoena would be "unreasonable or oppressive." Tenn. R. Crim. P. 17 (d)(2). Specifically, CASA argues that Defendant has failed to satisfy the burden articulated from *U.S. v. Nixon*, 418 U.S. 683, 698-99 (1974) which requires the proponent of a subpoena to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

6. CASA also argues that the requests are overly broad and the burden of producing the documents outweighs the documents' relevance to the case.

7. In response, Defendant argues that the requests in the Second Subpoena meet all of the requirements from *Nixon* and are not overly broad or unduly burdensome. Specifically, Defendant argues that the May 11, 2022 Affidavit of Emily Layton makes the requests in the Second Subpoena relevant given Ms. Layton's statement that "Williamson County CASA's regularly maintained business records reflect that at no time has Connie Reguli paid to CASA any amount of money for any reason."

8. "The decision whether to enforce a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *State v. Johnson*, 538 S.W.3d 32, 60 (Tenn. Crim. App. 2017).

9. During the April 26, 2023, hearing, Defendant agreed to strike Part B, Request 3 seeking proof of payment for legal services Raquel Abel. Therefore, the Court orders Part B, Request 3 **STRICKEN**.

10. The Court agrees with Defendant and finds the remaining requests from the Second Subpoena satisfy all of the requirements of *Nixon*, and requiring CASA to comply with the Second Subpoena would not impose an undue burden. Specifically, the Court finds the May 11, 2022 Affidavit of Emily Layton makes the remaining requests from the Second Subpoena relevant; the requests seeks documents that are not otherwise procurable by Defendant; Defendant cannot properly prepare for trial, and could not properly cross-examine Ms. Layton, without production of the documents in advance of trial; and that due to the Affidavit of Emily Layton, these requests are made in good faith and are not intended as a general fishing expedition.

11. Consequently, CASA's Second Motion is hereby **DENIED**.

12. However, the Court finds that several of the requests from the Second Subpoena are overly broad in their current form and must be limited in scope. Specifically, Part A is overly broad to the extent it seeks "all of CASA's regularly maintained business records," and instead should be limited to only CASA's regularly maintained business records received and reviewed by Emily Layton in preparation of her verified statement dated May 11, 2022.

13. Similarly, Part B Requests Four and Six are overly broad because they seek accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" from 2014 to May 11, 2022 (Request Four), and all logs for income or payments received from August 2014 until May 11, 2022 (Request Six), neither of which are limited to the relevant issue in this case: a payment from the Defendant to CASA.

14. To avoid confusion and provide clarity to CASA and Defendant, the Court restates the requests from the Second Subpoena as modified consistent with this ruling:

PART A

All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

PART B

(1) All accounting documents that represent account receivable entries in general ledger or other account services regarding Connie Reguli since 2014 and through May 11, 2022;
(2) All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014 to May 11, 2022;
(3) STRICKEN;
(4) All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;
(5) All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and
(6) All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

15. Based on the foregoing, CASA is hereby **ORDERED** to produce any documents responsive to the foregoing requests found in Paragraph 14 of this Order to the Office of the Circuit Court Clerk of Williamson County within thirty (30) days of entry of this Order.

16. CASA is further **ORDERED** to notify the State and Defendant of compliance with this Order by filing a Notice of Compliance on the date of such compliance.

17. All other matters are reserved.

It is so **ORDERED**

Entered this the 5th day of MAY, 2023.

Roy B. Morgan Jr.

ROY B. MORGAN, JR.
CIRCUIT COURT JUDGE

IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
TWENTY-FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| v. | ) | No. W-CR220457 |
| CONNIE REGULI | ) | Judge Roy B. Morgan, Jr. |

---

**NOTICE OF COMPLIANCE WITH MAY 5, 2023 ORDER ON WILLIAMSON COUNTY CASA'S MOTION TO QUASH**

---

Williamson County Court Appointed Special Advocates ("CASA") provides notice of its compliance with the Court's May 5, 2023, Order on Williamson County CASA's Motion to Quash ("Order"), and simultaneous with the filing of this Notice, has produced responsive documents to the Office of the Circuit Court Clerk of Williamson County.

More specifically, CASA provides the below responses to the requests found in Paragraph 14 of the Order:

PART A

1. All of CASA's regularly maintained business records received by Emily Layton that were reviewed and relied upon as a basis of her verified statement dated May 11, 2022.

**RESPONSE:** Emily Layton informed counsel for CASA that she does not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA.

PART B

1. All accounting documents that represent account receivable entri ledger or other account services regarding Connie Reguli since 2014 and through M

EXHIBIT
f

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

2. All invoices, letters, memorandums, or other communication from CASA to Connie Reguli seeking payment from August 2014, to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request.

3. STRICKEN;

4. All accounting documents that demonstrate the detailed receipt of funds categorized as "miscellaneous income" reflecting a payment received from Connie Reguli from 2014 to May 11, 2022;

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

5. All policies regarding receipt of funds via mail, that describe how receipts are logged or documented, the process for transferring to accounting and depositing; and

**RESPONSE**: See CASA0001-CASA0012.

6. All logs for income or payments reflecting a payment received from Connie Reguli from August 2014 until May 11, 2022.

**RESPONSE**: There are no documents responsive to this request. As a showing of good faith, CASA is producing a log reflecting all deposits from anonymous or otherwise unidentified sources from August 1, 2014, through May 11, 2022. See CASA0013-CASA0020.

Respectfully submitted,

*/s/ Mike Stephens*
Mike Stephens (BPR No. 036949)
Savannah Kolodziej (BPR No. 037737)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-3814
mstephens@bradley.com
skolodziej@bradley.com

*Attorneys for Williamson County Court Appointed Special Advocates*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail and/or U.S. Mail, postage prepaid, to:

Connie Reguli
Defendant, Pro Se
1646 Westgate Cir., Suite 101
Brentwood, TN 37027
Connie.reguli@lcflc.com

John A. Stephens
Assistant District Attorney
200 Commerce St., Suite A
Clarksville, TN 37040
jastephens@tndagc.org

this the 5th day of June, 2023

*/s/ Mike Stephens*
Mike Stephens



Case 3:24-cv-00694 Document 214-1 Filed 11/03/26 Page 26 of 35 PageID #: 2678

8:45 AM
05/25/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| Type | Date | Num | Name | Memo | Pay Meth | Original Amount |
|---|---|---|---|---|---|---|
| Deposit | 09/16/2014 | | Deposit | Deposit | | 40.00 |
| Deposit | 10/01/2014 | | | Deposit | | 3,333.33 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | Lonestar tickets | | 75.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 75.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 25.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 75.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 75.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 150.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 75.00 |
| Invoice | 10/05/2014 | 8 | Miscellaneous | | | 75.00 |
| Deposit | 10/08/2014 | | PAYPAL | TRANSFER FROM PAYPAL 4[illegible] WILLIAMSON COUNTY CASA | | 520.00 |
| Invoice | 10/14/2014 | 12 | Miscellaneous | cash | | 310.00 |
| Invoice | 10/14/2014 | 13 | Miscellaneous | | | 1,825.00 |
| Deposit | 10/14/2014 | | | tickets | Cash | 260.00 |
| Deposit | 10/14/2014 | | | tickets | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | | 40.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | | 40.00 |
| Deposit | 10/14/2014 | | | Deposit | | 40.00 |
| Deposit | 10/14/2014 | | | Deposit | | 20.00 |
| Deposit | 10/14/2014 | | | Deposit | | 40.00 |
| Deposit | 10/14/2014 | | | Deposit | | 50.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | | 100.00 |
| Deposit | 10/14/2014 | | | Deposit | Paypal | 40.00 |
| Deposit | 10/20/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 4[illegible] WILLIAMSON COUNTY CASA | | 500.00 |
| Deposit | 10/28/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 4[illegible] WILLIAMSON COUNTY CASA | | 2,156.16 |
| Deposit | 11/05/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 4[illegible] WILLIAMSON COUNTY CASA | | 100.00 |
| Deposit | 11/06/2014 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 4[illegible] WILLIAMSON COUNTY CASA | | 776.40 |
| Deposit | 11/10/2014 | | Deposit | Deposit | Cash | 30.00 |
| Deposit | 11/10/2014 | | Deposit | tickets | Cash | 3,023.66 |

Page 1 of 8

CASA 0013

EXHIBIT
9

8:45 AM
05/26/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 11/10/2014 | | Deposit | Deposit | Check | 5,435.00 |
| Deposit | 11/10/2014 | | Deposit | Deposit | Check | 371.18 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Check | 60.00 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Check | 2,753.37 |
| Deposit | 12/18/2014 | | Deposit | Deposit | Cash | 20.00 |
| Deposit | 12/18/2014 | | PDI | transfer from PayPal | | 3,800.00 |
| Deposit | 02/12/2015 | | Deposit | Deposit | | 50.00 |
| Deposit | 02/12/2015 | | Deposit | Deposit | | 39.00 |
| Deposit | 02/12/2015 | | Deposit | Deposit | | 338.69 |
| Deposit | 03/03/2015 | | Deposit | Deposit | | 13.00 |
| Deposit | 04/10/2015 | | Deposit | misc | | 40.00 |
| Deposit | 04/10/2015 | | Deposit | tickets | | 975.00 |
| Deposit | 04/17/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 458J26RBX2XFE WILLIAMSON COUNTY CASA | | 19.26 |
| Deposit | 04/24/2015 | | Deposit | tickets | Cash | 200.00 |
| Deposit | 04/24/2015 | | Deposit | tickets | | 1,950.00 |
| Deposit | 04/29/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 458J26RYGHA7J WILLIAMSON COUNTY CASA | | 500.00 |
| Deposit | 05/04/2015 | | TRANSFER FROM PAYPAL | TRANSFER FROM PAYPAL 458J26587QU9L WILLIAMSON COUNTY CASA | | 400.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Cash | 900.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 1,200.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 5,000.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Cash | 7.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 2,675.00 |
| Deposit | 05/12/2015 | | Deposit | Deposit | Check | 450.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit | | 4,600.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit | | 16,400.00 |
| Deposit | 05/14/2015 | | TRANSFER FROM PAYPAL | Deposit | | 550.00 |
| Deposit | 05/28/2015 | | Deposit | Deposit | | 100.00 |
| Deposit | 05/26/2015 | | Deposit | Deposit | | 250.00 |
| Deposit | 05/28/2015 | | Deposit | Deposit | | 150.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | | 50.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | | 2,000.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | | 10,500.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | Cash | 474.00 |
| Deposit | 06/09/2015 | | Deposit | Deposit | Cash | 1,481.00 |
| Deposit | 06/30/2015 | 1 | Deposit | Deposit | | 500.00 |
| General Journal | 06/30/2015 | adjust | | | | -3,316.56 |

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| General Journal | 06/30/2015 | adjust | | | | 3,318.56 |
| General Journal | 06/30/2015 | adjust | | | | -1,000.00 |
| General Journal | 06/30/2015 | adjust | | | | 1,000.00 |
| Deposit | 09/30/2015 | | Miscellaneous | tickets | | 1,520.00 |
| Deposit | 09/30/2015 | | | tickets | Cash | 60.00 |
| Deposit | 10/26/2015 | | | tickets sold at Pumpkinfest | Cash | 1,522.00 |
| Deposit | 10/26/2015 | | | tickets | Check | 2,240.00 |
| Deposit | 10/27/2015 | | | tickets | | 2,240.00 |
| General Journal | 11/04/2015 | 2021AJE | Miscellaneous | | | 24.16 |
| General Journal | 12/05/2015 | 2022AJE | | | | 33.00 |
| Deposit | 05/11/2016 | | | John Doe | Cash | 50.00 |
| Deposit | 06/20/2016 | | | Rockin Book | Cash | 30.00 |
| Deposit | 08/11/2016 | | | 2 books at Library sales | | 32.00 |
| Deposit | 08/12/2016 | | | 10 books-cash sales | Cash | 160.00 |
| Deposit | 08/12/2016 | | | cash donation | Cash | 2.00 |
| Deposit | 08/29/2016 | | | 2 books from Legends Golf night | | 32.00 |
| Deposit | 09/12/2016 | | | 16 books-cash sales | Cash | 257.00 |
| Deposit | 09/22/2016 | | | donation | Stripe | 1.85 |
| Deposit | 09/30/2016 | | | 15 books paid cash | Cash | 241.00 |
| Deposit | 09/30/2016 | | | 14 tickets paid cash | Cash | 280.00 |
| Deposit | 09/30/2016 | 1272 | | Golf Donation | Check | 250.00 |
| Deposit | 09/30/2016 | 3895 | | Golf Donation | Check | 30.00 |
| Deposit | 10/12/2016 | | | 4 books paid w cash | Cash | 64.00 |
| Deposit | 10/12/2016 | | | 9 tickets-paid w cash | Cash | 220.00 |
| Deposit | 10/31/2016 | 1004 | | 1 book-Zippity Stitch | Check | 16.00 |
| Deposit | 10/31/2016 | 1534 | | Donation for Rockin's Food and Supplies | Check | 100.00 |
| Deposit | 10/31/2016 | 2941 | | Donation for Rockin's Food and Supplies | Check | 100.00 |
| Deposit | 10/31/2016 | | | 66 tickets-all cash sales of tickets | Cash | 1,725.00 |
| Deposit | 05/11/2017 | | | no names | Paypal | 500.02 |
| Deposit | 05/16/2017 | | | silent action cash for keys | Cash | 2,100.00 |
| Deposit | 05/16/2017 | | | cash donations | Cash | 145.00 |
| Deposit | 06/09/2017 | | | Jackson competition-cash donations | Cash | 506.00 |
| Deposit | 09/01/2017 | | | 3 cash tickets sold | Cash | 60.00 |
| Deposit | 09/27/2017 | | | donation on Benevity Online portal | ACH | 20.13 |
| Deposit | 09/29/2017 | | | donation on Benevity Fund | | 5.83 |
| Deposit | 10/17/2017 | | | 1 ticket-cash | Cash | 20.00 |

8:44 AM
05/25/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 10/24/2017 | | | Donation from Benevity | ACH | 1.84 |
| Deposit | 10/26/2017 | | | 3 tickets-cash donations | Cash | 60.00 |
| Deposit | 11/21/2017 | W7203 | | Giving Assistant | Check | 67.16 |
| Deposit | 12/22/2017 | | | Benevity Disbursement | ACH | 3.88 |
| Deposit | 01/22/2018 | | | sale of old TV | | 70.00 |
| Deposit | 01/23/2018 | | | Benevity donation | ACH | 3.88 |
| Deposit | 02/22/2018 | | | Benevity Donation | ACH | 5.83 |
| Deposit | 03/08/2018 | | | Anonymous donor thru United Way Metro Nashville | ACH | 108.75 |
| Deposit | 03/26/2018 | | | Benevity Fund donation | ACH | 3.88 |
| Deposit | 03/29/2018 | 1398 | | Donation from Little Sprouts Sale | Check | 3,200.00 |
| Deposit | 03/29/2018 | 5000 | | Donation from Little Sprouts Sale | Check | 1,922.00 |
| Deposit | 04/09/2018 | 47459 | | Ticket Proceeds from Taste of Williamson | Check | 433.40 |
| Deposit | 04/17/2018 | | | anonymous donation on facebook page | Network for Good | 20.00 |
| Deposit | 04/25/2018 | | | benevity donation | ACH | 3.88 |
| Deposit | 05/03/2018 | | | 2 keys-- | | 200.00 |
| Deposit | 05/03/2018 | | | 1 key-- | | 100.00 |
| Deposit | 05/03/2018 | | | 1 key-- | | 100.00 |
| Deposit | 06/06/2018 | | | 6 keys-cash payments | Cash | 600.00 |
| Deposit | 06/10/2018 | | | cash donation | Cash | 10.00 |
| Deposit | 06/22/2018 | | | Benevity donation | ACH | 3.88 |
| Deposit | 06/26/2018 | 5675 | | TN CASA payment | Check | 62.04 |
| Deposit | 07/31/2018 | | | United Way-Anonymous 2017 | ACH | 31.83 |
| Deposit | 07/12/2018 | | | Voices cash from Lip Sync Contest | Cash | 338.00 |
| Deposit | 08/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 08/03/2018 | 7311 | | Health Place neighborhood 4th of July | Check | 25.00 |
| Deposit | 08/03/2018 | 1309 | | Health Place neighborhood 4th of July | Check | 100.00 |
| Deposit | 08/03/2018 | 4606 | | Health Place neighborhood 4th of July | Check | 25.00 |
| Deposit | 08/22/2018 | | | Benevity donation | ACH | 5.83 |
| Deposit | 09/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 09/24/2018 | | | Benevity donation | ACH | 3.88 |
| Deposit | 10/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 10/06/2018 | | | cash donations received at golf tournament | Cash | 143.00 |
| Deposit | 10/24/2018 | | | Benevity donation | ACH | 3.88 |
| Deposit | 10/25/2018 | 12856 | | Tickets sold at Puckett's in Downtown Franklin | Check | 2,720.00 |
| Deposit | 10/26/2018 | | | Facebook | Network for Good | 25.00 |
| Deposit | 10/26/2018 | | | Facebook | Network for Good | 100.00 |


CASA 0016

## WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 11/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 11/08/2018 | | | City Farmhouse Event donations-night of | Cash | 115.30 |
| Deposit | 11/15/2018 | | | anonymous cash donations from City Farmhouse Event | Cash | 22.00 |
| Deposit | 11/16/2018 | 10686 | | City Farmhouse donation from Nov 1st Event | Check | 2,400.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 50.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 50.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 50.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 20.00 |
| Deposit | 11/30/2018 | | | Facebook | Network for Good | 15.00 |
| Deposit | 11/30/2018 | | | anonymous | Network for Good | 10.00 |
| Deposit | 12/01/2018 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 12/06/2018 | 9066 | | Cabo Live Auction 1/6m | Check | 780.00 |
| Deposit | 01/01/2019 | | | anonymous dona ions thru UWWC | ACH | 31.83 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 100.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 50.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 45.00 |
| Deposit | 01/04/2019 | | | Facebook | Network for Good | 25.00 |
| Deposit | 01/10/2019 | 1466 | | Franklin Road Shop donation from sales of December Night | Check | 1,600.00 |
| Deposit | 01/31/2019 | | | facebook | Network for Good | 100.00 |
| Deposit | 01/31/2019 | | | facebook | Network for Good | 78.00 |
| Deposit | 01/31/2019 | | | facebook | Network for Good | 50.00 |
| Deposit | 01/31/2019 | | | facebook | Network for Good | 45.00 |
| Deposit | 01/31/2019 | 220017 | | Benevity | Check | 33.01 |
| Deposit | 02/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 02/15/2019 | | | Facebook donation on NFG | Network for Good | 807.00 |
| Deposit | 03/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 03/15/2019 | | | Facebook donations on NFG-Feb | Network for Good | 575.00 |
| Deposit | 03/15/2019 | | | Taste of Williamson-United Way tickets | Network for Good | 350.00 |
| Deposit | 04/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 04/08/2019 | 2502 | | Little Sprouts Sale-spring 2019 donation from proceeds | Check | 6,387.50 |
| Deposit | 04/15/2019 | | | Facebook donations | Network for Good | 250.00 |

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 04/26/2019 | | | cash for Advocate Lunches | Cash | 61.00 |
| Deposit | 04/30/2019 | 686 | | Proceeds of wine sales at Music City Songstar Awards Showcase | Check | 257.00 |
| Deposit | 05/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 05/02/2019 | | | 31 items with no names in paypal | Paypal | 3,100.00 |
| Deposit | 05/06/2019 | | | 15 auction items paid with cash the night of | Cash | 1,500.00 |
| Deposit | 05/15/2019 | | | facebook anonymous donations | Network for Good | 111.00 |
| Deposit | 05/23/2019 | | | reimbursement for advocate business cards | Cash | 29.00 |
| Deposit | 05/30/2019 | | | reimbursement for advocate business cards | Cash | 9.00 |
| Deposit | 05/30/2019 | 51393 | | Taste of Williamson County proceeds from United Way | Check | 705.00 |
| Deposit | 06/01/2019 | | | anonymous donations thru UWWC | ACH | 31.83 |
| Deposit | 07/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 08/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 08/14/2019 | | | cash golf donations day of | Cash | 39.00 |
| Deposit | 09/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 10/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 10/18/2019 | | Center For Nonprofit Management | anonymous donation from CNM | ACH | 25.00 |
| Deposit | 11/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 11/05/2019 | 13755 | United Way | anonymous donor thru United Way of West Tennessee in 2018 | Check | 160.00 |
| Deposit | 11/20/2019 | 1270 | Puckett's | 310 tickets sold at both Puckett's locations | Check | 3,100.00 |
| Deposit | 12/01/2019 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 12/06/2019 | | | cash donation | | 1.00 |
| Deposit | 12/09/2019 | 138700 | United Way Nashville | Anonymous thru United Way Metro Nashville | Check | 390.86 |
| Deposit | 12/09/2019 | | John Doe | donation for operation santa -anonymous donors | Cash | 236.37 |
| Deposit | 12/17/2019 | 38589739 | Givinga Foundation, Inc | donations from Roundup Ap. | Check | 12.65 |
| Deposit | 12/17/2019 | 39074733 | Givinga Foundation, Inc | donations from Roundup Ap. | Check | 12.75 |
| Deposit | 12/31/2019 | | Facebook | Facebook donations (anonymous) thru NFG | Network for Good | 95.00 |
| Deposit | 01/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 01/31/2020 | g40093725 | Givinga Foundation, Inc | Roundup app donations | Cash | 12.84 |
| Deposit | 02/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 02/27/2020 | | Cash | penny found | Cash | 0.01 |
| Deposit | 02/27/2020 | 41011703 | Givinga Foundation, Inc | round up donations | Check | 12.94 |
| Deposit | 03/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 03/10/2020 | 13909 | United Way | United WAy of West TN anonymous donations | Check | 160.00 |
| Deposit | 03/10/2020 | 41213689 | Givinga Foundation, Inc | Givinga Round Up donations | Check | 13.04 |
| Deposit | 03/18/2020 | | Anonymous | Anonymous donations thru United Way Giving campaign 2018 | ACH | 114.82 |
| Deposit | 03/27/2020 | | | sale of 3 light blue office chairs | Cash | 60.00 |

8:45 AM
05/25/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| Deposit | 04/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 05/01/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 05/27/2020 | | | Anonymous donation from Bridgestone employee thru United Way Metro Nashville | ACH | 15.23 |
| Deposit | 05/27/2020 | | | Anonymous donation from Genesco employee thru United Way Metro Nashville | ACH | 104.12 |
| Deposit | 05/27/2020 | | | Anonymous donation from Fifth Third employee thru United Way Metro Nashville | ACH | 339.89 |
| Deposit | 05/27/2020 | | | Anonymous donation from CHS thru United Way Metro Nashville | ACH | 70.06 |
| Deposit | 05/31/2020 | | Facebook | anonymous donations thru Facebook | Network for Good | 285.00 |
| Deposit | 05/31/2020 | | | Anonymous donation to voices | Network for Good | 25.00 |
| Deposit | 05/31/2020 | | | anonymous donation | Network for Good | 50.00 |
| Deposit | 05/31/2020 | | | Anonymous donation | Network for Good | 100.00 |
| Deposit | 06/08/2020 | 43570766 | Givinga Foundation, Inc | donations thru Givinga round up | Check | 11.85 |
| Deposit | 06/08/2020 | 43585022 | Givinga Foundation, Inc. | donations thru Givinga round up | Check | 12.65 |
| Deposit | 06/08/2020 | | Anonymous | anonymous BancorpSouth employee thru UW | ACH | 49.74 |
| Deposit | 06/08/2020 | | Anonymous | anonymous Quorum Health employee thru UW | ACH | 82.60 |
| Deposit | 06/08/2020 | | Anonymous | anonymous Tractor Supply employee donations thru UW | ACH | 48.25 |
| Deposit | 06/09/2020 | | Anonymous | monthly donation from United Way-Anonymously given | ACH | 28.68 |
| Deposit | 06/09/2020 | | Anonymous | anonymous 2018 donation from Nissan employee thru UW | ACH | 5.15 |
| Deposit | 06/09/2020 | | Anonymous | anonymous 2018 donation from Triston Trust employee thru UW | ACH | 90.71 |
| Deposit | 07/01/2020 | | Facebook | Anonymous donations on Facebook giving pages | Network for Good | 1,100.00 |
| Deposit | 08/31/2020 | | | Rockin book | Cash | 20.00 |
| Deposit | 08/31/2020 | | Anonymous | Anonymous donation | Network for Good | 25.00 |
| Deposit | 08/31/2020 | | Anonymous | Anonymous donation thru Benevity | ACH | 13.53 |
| Deposit | 08/31/2020 | 45792864 | Givinga Foundation, Inc. | Anonymous gift from Givinga Foundation | Check | 15.00 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Bancorp South thru UW | ACH | 40.32 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Quorum Healthcare thru UW | ACH | 44.41 |
| Deposit | 09/10/2020 | | Anonymous | Anonymous donor with Tractor Supply thru UW | ACH | 38.02 |
| Deposit | 09/30/2020 | | Anonymous | anonymous donation at Pinkerton | Cash | 20.00 |
| Deposit | 11/09/2020 | | Anonymous | Genesco donor thru UW | ACH | 37.89 |
| Deposit | 11/09/2020 | | Anonymous | CoreCivic donor thru UW | ACH | 22.14 |
| Deposit | 11/09/2020 | | Anonymous | Nissan donor thru UW | ACH | 22.71 |
| Deposit | 11/09/2020 | | Anonymous | Community Health Systems donor thru UW | ACH | 37.96 |
| Deposit | 11/09/2020 | | Anonymous | Bridgestone donor thru UW | ACH | 20.50 |
| Deposit | 11/09/2020 | | Anonymous | Fifth Third Bank donor thru UW | ACH | 392.51 |
| Deposit | 11/30/2020 | | Facebook | Anonymous Donation on Facebook | Network for Good | 60.00 |
| Deposit | 11/30/2020 | | | No Shave Nov. Money Order | Check | 50.00 |
| Deposit | 12/29/2020 | | Anonymous | Anonymous donations from employees at Bancorp South, Tractor Suppy and Quorum Health thru United ... | ACH | 151.50 |


CASA 0019

8:45 AM
05/25/23
Cash Basis

# WILLIAMSON COUNTY CASA
## Transaction Detail By Account
### August 1, 2014 through May 11, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| General Journal | 02/01/2021 | Gift Cards | | Gift Cards donated to CASA to use for Family Assistance | | 1,565.00 |
| Deposit | 03/03/2021 | | Anonymous | anonymous donor at Prudential Insurance gave thru Benevity | ACH | 50.00 |
| Deposit | 03/05/2021 | | Anonymous | Anonymous donation from Genesco employee thru United Way 2019 | ACH | 195.82 |
| Deposit | 04/15/2021 | 52209391 | Givinga Foundation, Inc. | Givinga donation | Check | 15.00 |
| Deposit | 04/15/2021 | 52276992 | Givinga Foundation, Inc | Givinga donations | Check | 92.40 |
| Deposit | 05/25/2021 | 9729 | Givinga Foundation, Inc | Givinga Foundation | Check | 90.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser | Network for Good | 50.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser | Network for Good | 25.00 |
| Deposit | 05/31/2021 | | Anonymous | Anonymous donation to Larissa Smith's fundraiser | Network for Good | 100.00 |
| Deposit | 05/31/2021 | | Anonymous | various anonymous Facebook donations for Voices $25, $100, $50, $5, $50, $50, $100 | Network for Good | 380.00 |
| Deposit | 06/18/2021 | | Anonymous | anonymous donors thru UW | ACH | 139.86 |
| Deposit | 06/24/2021 | | | cash donations from Juneteenth celebration at Pinkerton Park | Cash | 15.00 |
| Deposit | 06/24/2021 | 53918191 | Givinga Foundation, Inc | Givinga foundation | Check | 15.00 |
| Deposit | 07/15/2021 | | Facebook | anonymous donations on facebook thru NFG | Network for Good | 550.00 |
| Deposit | 07/22/2021 | 54686825 | Givinga Foundation, Inc | Givinga donation | Check | 15.00 |
| Deposit | 08/25/2021 | 55660714 | Givinga Foundation, Inc | Givinga Foundation | Check | 15.00 |
| Deposit | 09/15/2021 | 56422727 | Givinga Foundation, Inc | givinga giving fund | Check | 15.00 |
| Deposit | 10/25/2021 | 553 | Givinga Foundation, Inc | quarterly donation from Givinga Foundation | Check | 19.00 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor w Fifth Third bank thru UW | ACH | 325.48 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor w Gresham Smith thru UW | ACH | 5.05 |
| Deposit | 10/29/2021 | | Anonymous | Anonymous donor w Nissan thru UW | ACH | 58.47 |
| Deposit | 11/30/2021 | 12345 | Givinga Foundation, Inc | Givinga Foundation | Check | 15.00 |
| General Journal | 11/30/2021 | Gift Cards | | To record donated gift cards for 7/21-11/21 | | 800.00 |
| Deposit | 12/28/2021 | | Anonymous | anonymous donor thru Benevity | ACH | 25.00 |
| Deposit | 02/11/2022 | 59711361 | Givinga Foundation, Inc | Givinga donation | Check | 0.97 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at Fifth Third thru UW | ACH | 1,648.32 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at First Horizon Bank thru UW | ACH | 19.49 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at Gresham Smith thru UW | ACH | 20.00 |
| Deposit | 03/15/2022 | | Anonymous | Anonymous donor at Nissan thru UW | ACH | 32.77 |
| Deposit | 04/07/2022 | | Anonymous | 28 auction corks purchased with no names | Square | 2,800.00 |
| Deposit | 04/08/2022 | | Cash | silent auction corks purchased using cash night of | Cash | 1,400.00 |
| Deposit | 04/08/2022 | | Cash | cash donations received the night of | Cash | 200.00 |
| Deposit | 04/10/2022 | | Anonymous | anonymous-5 corks | Square | 500.00 |


CASA 0020

*IN THE CIRCUIT COURT OF WILLIAMSON COUNTY, TENNESSEE*
*AT FRANKLIN*

| | | |
|---|---|---|
| *STATE OF TENNESSEE* | } | |
| *VS.* | } | *DOCKET # W-CR-220457* |
| *CONNIE REGULI* | } | |

*ORDER OF NOLLE PROSEQUI*

This matter came to be heard on the 14th day of June, 2023, where the State motioned this Court for entry of a Nolle Prosequi for the above-styled matter. That State, hereby noting its appreciation of the Franklin, Tennessee Court Appointed Special Advocates for Children (CASA) and its mission, notes its record keeping practices as lacking in its specificity of numerous general deposits since 2014. This lack of specificity leads the State to be unable at this time to fulfill its burden of proving the charge in the above-styled matter beyond a reasonable doubt. As a result, the State moved to Nolle Prosequi the above-styled matter. The Defendant did not object to the same, and this Honorable Court granted the same.

IT IS THEREFORE ORDERED that an entry of Nolle Prosequi be entered for the above-styled matter.

HONORABLE ROY MORGAN

APPROVED FOR ENTRY:

JOHN A. STEPHENS, BPR#034602
ASSISTANT DISTRICT ATTORNEY
200 Commerce St., Suite A
Clarksville, Tennessee 37040
(931) 648-5574

EXHIBIT
h