**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

3. June 18, 2026 - Defendant Layton's Amended Response to Plaintiff's Request for Discovery

June 19. 2026
Layton

Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT EMILY LAYTON'S AMENDED RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY FROM THE DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Emily Layton serves her Amended Responses to Plaintiff Connie Reguli's Request for Written Discovery.

## GENERAL OBJECTIONS

1. Layton objects to the requests to the extent they attempt to impose obligations or requirements beyond those permitted or authorized by the applicable provisions of the Federal Rules of Civil Procedure, the rules of this Court, or the laws of this jurisdiction.

2. Layton objects to the requests because they fail to delineate between interrogatories, requests for admission, and requests for production, and some requests appear to combine different types of discovery request. Layton has responded based on her understanding of the type of request at issue.

3. Layton objects to the requests to the extent that they call for attorney work product or the disclosure of information protected by the attorney-client privilege, including, without limitation, communications seeking or providing legal advice or any information containing or

reflecting the mental impressions, conclusions, and/or legal theories of any attorney working on behalf of or retained by Layton or CASA.

4. Layton objects to the requests to the extent that they purport to require Layton to provide information not in her possession, custody, or control or documents and things that belong to entities or individuals other than Layton.

5. Layton maintains that she should be dismissed from this lawsuit under the doctrine of witness immunity. Accordingly, Layton objects to each of Plaintiff's requests as improper and unduly burdensome.

6. Layton expressly reserves the right to withdraw, amend, modify, or supplement these responses in the event of error, mistake, or omission, and as Layton ascertains additional facts or more accurate information becomes available.

Subject to the foregoing general objections and qualifications, Layton provides additional objections and responses to Plaintiff's requests as follows:


Case 3:24-cv-00694 Document 214-3 Filed 11/03/26 Page 3 of 19 PageID #: 2711

## SPECIFIC OBJECTIONS AND RESPONSES

**I. General questions for all defendants**

**REQUEST 1(i) (Interrogatory)[1]:**

1. Consistent with Federal Rules of Civil Procedure 26(a), please provide the following:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:** Subject to and without waiving her objections, Layton states that the following individuals are likely to have discoverable information:

- Connie Reguli – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA and her alleged damages;
- Reguli's bookkeepers, accountants, and financial professionals – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA;
- Reguli's healthcare providers – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's alleged damages;

[1] Because Reguli's requests did not differentiate between types of requests and had inconsistent numbering, Layton has added numbering and her understanding of the type of request.

- Judge Woodruff – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the sanction, affidavit, and Plaintiff's prosecution;
- John Stephens – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Plaintiff's prosecution;
- Dana McLendon – Knowledge regarding facts relevant to Plaintiff's claims and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit;
- Stuart Tutler – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA;
- Emily Layton – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit; and
- Tracy Barnes – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the CASA's financial records.

**<u>REQUEST 1(ii) (Request for Production)</u>:**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, communication, and tangible things that the disclosing party has in its

possession, custody, or control and may use to support its claims or defenses, including exculpatory information, unless the use would be solely for impeachment;

**RESPONSE:** Layton objects to this request on the grounds that "exculpatory information" is vague and not consistent with Federal Rule of Civil Procedure 26. Subject to and without waiving her objections, and pursuant to Federal Rule of Civil Procedure 33(d), Layton will produce documents that she may use to support her claims or defenses unless the use would be solely for impeachment upon entry of a protective order.

**REQUEST 1(iv) (Request for Production):**

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** Subject to and without waiving her objections, Layton refers to CASA's response to Request 1(iv). Layton has no documents responsive to this request in her possession, custody, or control.

**REQUEST 2 (Interrogatory):**

2. For any expert upon which you intend to rely provide the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

**RESPONSE:** Layton objects to this request on the grounds that it is premature. Layton further objects to this request to the extent it calls for disclosure of expert witnesses before the deadlines set forth in the Federal Rules of Civil Procedure and Case Management Order. Layton further objects to this request to the extent it calls for the disclosure of information protected by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST 3 (Interrogatory and Request for Production):**

3. Describe all communication that refers to Connie Reguli or any of the facts alleged in this case that you have had with any and all of the original named defendants in this matter from March 1, 2022 through June 30, 2023, including Joseph A. Woodruff, Dana McLendon, Emily Layton, Kimberly Helper, John Stephens, and any person holding themselves out as a representative or employee or agent of CASA of Williamson County. Include the date, time, and content of the communication. All communication includes letters, email, phone call, personal, etc.), the persons communicated with and the content. Provide a copy of this communication.

**RESPONSE**: Layton objects to this request on the grounds that it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and "all communication that refers to Connie Reguli" is overly broad and irrelevant. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad,

irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton refers to her Response to Request 14.

**REQUEST 4 (Interrogatory):**

4. Provide all cell phone numbers and the provider that you used during the time period from March 1, 2022 through June 30, 2023. Give the phone number, the cell phone provider, and the name of the person or entity holding the contract for the cell phone service.

**RESPONSE:** Layton objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton's cell phone number is 936-240-0522 and provider is AT&T.

**REQUEST 5 (Interrogatory):**

5. Provide all email addresses that you used from the period of March 1, 2022 through June 30, 2023. Include the exact email address, the carrier or provider, and if the account is held by anyone other than yourself, please provide the name and contact information (phone, address, email) of that person or entity.

**RESPONSE:** Layton objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, emily@williamsoncountycasa.org was Layton's email address while employed by CASA, and emilyannlayton@gmail.com is Layton's personal email address. Layton's CASA email address was held by CASA.

email,

**REQUEST 6 (Interrogatory):**

6. Provide a description of your employment from March 1, 2022 through June 30, 2023, including your job description or title, your employer or name of your business entity, the source of your income, your rate of pay per month.

**RESPONSE:** Layton objects to this request on the grounds that Layton's pay is not relevant to any claim or defense. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton states she was Executive Director of Williamson County CASA, Inc. ("CASA") from December 2019 to October 2022. From October 2022 to June 2023, Layton was self-employed as a consultant. In June 2023, Layton became Executive Director of Midtown Fellowship Crieve Hall.

**REQUEST 7 (Interrogatory):**

7. Regarding your relationship with any other defendant or co-conspirator (Emily Layton, Dana McLendon, Joseph A. Woodruff, Kimberly Helper, John Stephens) and including the organization CASA of Williamson County, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**RESPONSE:** Layton objects to this request on the grounds that the term "relationship" is vague. Layton further objects to the term "co-conspirator" because there was no conspiracy. Layton further objects to this request because seeking information and documents after May 11,

2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton was employed by CASA from December 2019 to October 2022. Layton refers to her Responses to Requests 8, 11, 12, and 14.

**REQUEST 8 (Interrogatory):**

8. For each individual you have listed under (1)(i) above, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**RESPONSE:** Layton objects to this request on the grounds that it is overbroad and the term "relationship" is vague. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton refers to her Responses to Requests 11, 12, and 14. Layton's relationship with Tracy Barnes, Lauren Roberts, and Stuart Tutler was limited to her role as Executive Director of CASA. Layton had no relationship with and has never met Reguli, Judge Woodruff, or John Stephens. Pursuant to Federal Rule of Civil Procedure 33(d), Layton will produce all communications with McLendon within her possession, custody, or control, which consist of a brief set of text message exchanges upon entry of a protective order.

II. **Discovery request specifically and solely for Emily Layton**

**<u>REQUEST 9 (Interrogatory)</u>:**

A. Provide the date of hire with CASA of Williamson County, Inc., the position hired for, the rate of pay, the person to whom you reported. Provide the date of leaving employment and if your circumstances changed during the period of employment, that is, title, position, rate of pay, etc., describe those circumstances. Describe the circumstances of your departure from CASA and whether any discipline or complaints had been filed, reviewed, under investigation, or founded against you. If so, describe the dates, the complainant, the allegations, and the disposition or sanctions against you.

**<u>RESPONSE</u>:** Layton objects to this request on the grounds that it is overbroad and Layton's rate of pay, departure from CASA, and any discipline or complaints against her are not relevant to any claim or defense. Subject to and without waiving her objections, Layton states she was Executive Director of CASA from December 2019 to October 2022. Layton resigned in October 2022 for reasons irrelevant to this case.

**<u>REQUEST 10 (Interrogatory)</u>:**

B. Provide a description of your job responsibilities as an employee of CASA of Williamson County, Inc. If there is a policy, job description, employment contract, or other written instrument describing your job role, duties, responsibilities, limitations, and supervision, attach the same as a supplement to your response.

**<u>RESPONSE</u>:** Subject to and without waiving her objections, Layton states that her job responsibilities as Executive Director of CASA included overseeing the day-to-day operations of CASA, its staff members, and its volunteer program.

**REQUEST 11 (Interrogatory):**

C. Describe your relationship with Dana McLendon giving the following information. The date of your first introduction. Where and how you were introduced. The capacity in which your introduction occurred, such as employment, contract, social, etc. The name and contact of any person who facilitated or participated in that introduction. After introduction, did you maintain an ongoing relationship in some capacity, if yes, describe the nature of that relationship. If you met this person at multiple functions and multiple venues over the course of the relationship, describe those events. Describe your most recent contact or communication with this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact.

**RESPONSE:** Layton objects to this request on the grounds that the term "relationship" is vague. Subject to and without waiving her objections, Layton states she has no relationship with McLendon, does not recall ever meeting McLendon, and only exchanged a handful of communications with McLendon. Layton refers to her Responses to Requests 8 and 14.

**REQUEST 12 (Interrogatory):**

D. Describing your relationship with Judge Joseph A. Woodruff, give the following information. The date of your first introduction. Where and how you were introduced. The capacity in which your introduction occurred, such as employment, contract, social, etc. The name and contact of any person who facilitated or participated in that introduction. After introduction, did you maintain an ongoing relationship in some capacity, if yes, describe the nature of that relationship. If you met this person at multiple functions and multiple venues over the course of the relationship, describe those events. Describe your most recent contact or communication with

this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact.

Letter

**RESPONSE:** Layton objects to this request on the grounds that the term "relationship" is vague. Subject to and without waiving her objections, Layton states she has no relationship with Judge Woodruff. Layton otherwise refers to her Responses to Requests 8 and 14.

**REQUEST 13 (Interrogatory):**

E. You provided a statement for Attorney Micheal Stephens on or about June 5, 2023 which stated that you did not recall what documents, if any, you reviewed in preparation of your May 2022 affidavit (see attached), if your answer would be different today, describe what documents you reviewed, when you reviewed them, who prepared those documents for review, and whether you reviewed miscellaneous income entries. If your response is the same, please indicate this is still true.

**RESPONSE:** Layton objects to this request to the extent it calls for discovery of information protected by the attorney-client privilege or work-product doctrine. Layton further objects to the premise that Layton "provided a statement" to Michael Stephens. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton refers to her Response to Request 14.

**REQUEST 14 (Interrogatory):**

F. Describe what actions you took when you received the letter from Joseph A. Woodruff dated April 29, 2022, including who you spoke to and when, who you emailed/texted to

and when. Describe who you met with and when, what records you reviewed and when, who drafted the affidavit and when, when and where you signed the affidavit, and what you were told by McLendon (or any other person) about the use and purpose of this affidavit.

**RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving her objections, Layton states that she does not recall the details, but believes she received the letter from Judge Woodruff in the mail. In the letter, Judge Woodruff inquired whether Reguli had paid CASA $3,145.50 and requested a written response. Upon receiving the letter, Layton informed the Executive Committee of CASA's Board of Directors, including consulting with Lauren Roberts. Layton met with CASA's bookkeeper, Tracy Barnes, to determine whether Reguli had made the payment to CASA. Layton likely reviewed financial records when meeting with Barnes, and would have checked CASA's Network for Good records, though she does not recall specifically what records she may have reviewed. CASA's records showed no payment from Reguli at any point in any amount. With the approval of the Executive Committee, Layton sent a letter to Judge Woodruff on May 2, 2022. Afterward, Layton had brief text message exchanges with McLendon, which will be produced pursuant to Federal Rule of Civil Procedure 33(d) upon entry of a protective order. Layton believes McLendon drafted the affidavit, which she would have reviewed with a member or members of the Executive Committee. Layton then signed the affidavit and had it notarized at CASA's bank. Layton believes she dropped the affidavit off at McLendon's office space.

Who

Letter

**REQUEST 15 (Interrogatory):**

G. If not answered above, expand your response and describe how, when, and why the Emily Layton affidavit was created, who wrote it, what input did you have, what were you told

about its created and the effect of your signature, identify all persons that you discussed this with either in the preparation, reviewing, or signature. Describe where and when you signed it. Give the name and identity of the notary who verified your signature. Describe what you did with the affidavit after you signed it. Who did you give a copy to? Did you maintain a copy? If yes, where did you keep that copy? Did you keep the original? If so, where is the original. If not, who received the original?

**RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving her objections, Layton refers to her Response to Request 14.

**REQUEST 16 (Interrogatory):**

H. Describe if you were promised anything, such as immunity from liability, some monetary gain, promotion, holiday time, or otherwise in the preparation, signing or execution of the affidavit.

**RESPONSE:** Subject to and without waiving her objections, Layton was not promised anything in relation to the affidavit.

**REQUEST 17 (Interrogatory):**

I. Describe what you were told about Connie Reguli at any time between November 2019 and June 2023, including specifically anything you were told about Connie Reguli at or near the time of the preparation and signing of the May 11, 2022 affidavit. Include who communicated to you, how, when, and what was conveyed.

**RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton believes that after becoming Executive Director of CASA, she heard about Reguli, but she does not recall specific conversations about Reguli. Other than what is described elsewhere in these responses, Layton does not recall being told anything about Reguli at or near the time of the preparation and signing of the May 11, 2022 affidavit.

**REQUEST 18 (Interrogatory):**

J. Describe what you were told, provided, educated on, or communicated about any indemnity for you against claims brought against you in your role as executive director of CASA.

**RESPONSE:** Layton objects to this request on the grounds that indemnity for claims brought against her is not relevant to any claim or defense. Layton further objects to this request to the extent it seeks information protected by the attorney-client privilege.

**REQUEST 19 (Request for Admission):**

K. Admitted you executed the Affidavit of Emily Layton in your official capacity as Executive Director of Williamson County CASA.

**RESPONSE:** Layton objects to this request on the grounds that it calls for a legal conclusion. Subject to and without waiving her objections, Layton admits she executed the affidavit as Executive Director of Williamson County CASA, Inc.

**REQUEST 20 (Interrogatory):**

L. Asset inquiry for punitive damages: Describe your current financial status, including your ownership of real and personal property, assets held in financial institutions, assets held in stocks, bonds, certificates of deposition, certificates of title, liens, accounts receivable, judgments in favor of yourself not yet collected, partnerships, memberships in limited liability companies, stocks in any public or private corporation, limited partnership interests, fine jewelry, antiques, collectibles, and any other thing of value. Describe the item, the location or institution, the value, and any change in value since June 5, 2023.

**RESPONSE:** Layton objects to this request on the grounds that it is unduly burdensome, not proportional to the needs of the case, vague, overbroad, and is not reasonably calculated to lead to the discovery of admissible evidence. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Layton further objects to this request as intrusive, harassing, and inappropriate before any finding of liability.

**VERIFICATION**

I, Emily Layton, declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

Emily Layton
Emily Layton

Dated: June 19, 2026

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*<u>/s/ Charles F. Spainhour</u>*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*