RECEIVED

NOV 0 3 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

4. July 2, 2026 - Plaintiff letter to defendants deficiencies

2026 July 2 - Reguli / Woodruff, CASA Layton, McLendon

To:
Charles F. Spainhour
Attorney for CASA/Layton
1221 Broadway Ste 2400
Nashville, TN 37203
615-252-3887
mstephens@bradley.com

From:
Connie Reguli, Plaintiff pro se
8009 Shelly Plum
Murfreesboro, TN 37128
615-478-8333

RE:
Discovery Issues:
Responses from Emily Layton and CASA

Dear Counsel,

Here is my deficiency statement regarding the discovery responses you mailed on June 25, 2026 and received via mail on June 30, 2026. Please advise if you wish to discuss. Please respond by Monday, July 6, 2026.

## Emily Layton's discovery responses dated June 25, 2026 - deficiencies

1. Layton failed to produce any documents referenced in her responses and failed to provide a "description by category and location…of tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses", and therein referenced F.R.C.P. 33(d). See Responses numbered: Response 1(ii), Response 8, Response 11, Response 12. Further, she states that certain items will be provided upon the entry of a protective order, referring to "documents that she may use to support her claims or defenses unless the use would be solely for impeachment" (Response 1(ii)); and "all communications with McLendon within her possession" (Response 8). Layton also refers to a letter she prepared and sent to Judge Woodruff on May 2, 2022, that she has failed to produce (Response 14). Layton refers to records she reviewed in response to Judge Woodruff's letter which have not been produced (Response 14).

Layton has not filed a motion for a protective order under Rule 26(b) or (c), and it is unlikely that the above requested items would be subject to protective order, as all are material and relevant to these proceedings. Layton failed to comply with documents under Response 1(ii).

2. Layton failed to provide the contact information on "persons with knowledge" identified in Response 1(i) for Stuart Tutlar and Tracy Barnes. Further, in her Response 8, Layton identifies another person named Lauren Roberts who is not identified in Response 1(i). Layton failed to provide address and phone numbers for John Stephens and Joseph Woodruff.

Layton needs to provide the full contact information on these persons with knowledge who may hold material and relevant information in this case. Layton failed to provide a complete response under Response 1(i).

Layton also identifies Judge Joseph Woodruff and John Stephens as persons with knowledge but filed to provide addresses and phone numbers. Layton needs to provide a full response.

3. Layton failed to respond to Request 2 for disclosure of expert witnesses in accordance with Rule 26(a)(2), therein referencing a Case Management Order without identifying which document number she is referencing. The current case management order (RE 125) requires the parties to complete written discovery by August 17, 2026 and the filing of dispositive motions by October 16, 2026 which would presume the completion of all discovery. There is no superseding Case Management Order that would foreclose expert disclosures at this point.

Layton needs to provide a full expert disclosure and report.

4. Layton has failed to provide responses to the events that occurred between April 2022 (the known communication with Judge Woodruff) and June 2023 (the ultimate dismissal of the criminal matter) claiming that events after May 22, 2022 are not relevant or subject to attorney-client privilege. See Response 1(ii), Response 3, Response 13, Response 14, Response 15, Response 17, and Response 18. In this matter, the production of the May 11, 2022 affidavit, AND the subsequent response from Layton, through counsel, in June 2023 (that she did not know what documents, if any, she reviewed) and the production of miscellaneous income (and now the disclosed letter to Woodruff dated May 2, 2022) are all relevant to the malicious prosecution. She claims that the time period after May 22, 2022 is not relevant or it violates attorney-client privilege or attorney work product. If Layton refuses to respond to those communications, even if with counsel, she may not then claim, at a later date, that she relied on counsel in her responses.

Layton must provide all requested communication and other documents until the time of the dismissal of the malicious prosecution in June 2023, and either disclose the communication with counsel between April 2022 and June 2023, or be prohibited from later claiming that she relied on counsel in any of her communication, preparation of the letter or affidavit, or in response to the criminal discovery request. Layton has not provided a privilege log or other factual description of communication or work product that would permit this Court to examine the reasonableness of her refusal to respond.

5. Layton has failed to provide a complete response to Response 14, in that she was asked to identify all persons she spoke to in the preparation of her response to Judge Woodruff's inquiry in April/May 2022 and what documents she reviewed. Layton responds that (1) that she "informed the Executive Committee of CASA" - but fails to provide names; (2) that she "likely reviewed financial records" - but fails to identify what financial records she reviewed (and did not provide any documents under Response 1(ii); (3) that she "would have checked CASA's Network for Good records" - but failed to identify what records and failed to provide a copy under Response 1(ii), (4) that she sent a letter to Judge Woodruff May 2, 2022 with "approval of the Executive Committee" - but failed to provide a copy of the letter under Response 1(ii) and failed to identify who on the Executive Committee approved the letter, (5) that she had "brief text message exchanges with McLendon" - but failed to described the messages and failed to produce them under Response 1(ii), (6) that she reviewed the affidavit she signed with "a member or members of the Executive Committee" - but failed to identify with whom she obtained approval.

Layton needs to provide a complete response to Response 14 and produce the documents identified as requested under Request 1(ii); identify all members of the Executive Committee with whom she consulted or obtained approval; produce the text messages with McLendon; produce the letter dated May 2, 2022; identify and produce the records she "likely" reviewed.

6. Layton ignored, in part, Request 10, and failed to identify whether or not there was a "policy, job description, employment contract, or other written instrument describing your job role, duties, responsibilities, limitations, and supervision."

Layton needs to state that no such documents exist or more fully provide a response with a production of documents.

7. Layton refused to provide a response to Request 20 regarding her financial status, under an inquiry made where punitive damages are sought.

Layton needs to provide a full response.

## CASA's discovery responses dated June 25, 2026 - deficiencies

1. CASA has failed to produce a complete response to Request 1(i), in that Plaintiff asked to identify all persons with knowledge of claims or defenses along with addresses and phone number. CASA failed to provide addresses and phone numbers for Joseph A. Woodruff and John Stephens. Further, CASA later identifies Alexandra Bradshaw (Response 14) without including her in Response 1(i).

CASA needs to provide a complete response with address and phone number of Joseph A. Woodruff, John Stephens, Alexandra Bradshaw, along with others unnamed (See Layton Response 14 deficiencies).

2. In Request 17 and Request 18, CASA was asked to identify "all persons" and "any board members" who reviewed, advised, or received the Woodruff letter dated April 29, 2022 and the Layton May 2022 affidavit. CASA provides no information and refers to "Layton's responses". Although, CASA does not provide a specific response number, it is assumed that they are referring specifically to Layton Response 14. In Layton Response 14, she admits that she reviewed the Woodruff letter, her May 2, 2022 letter, and the May 11, 2022 affidavit with "a member or members" of the Executive Committee of CASA.

CASA needs to provide names, addresses, and phone numbers of executive committee members referred to in Layton Response 14.

3. CASA failed to produce a copy of the insurance policy with Arch Insurance Company identified in Response 1(iv).

CASA needs to produce a copy of the insurance policy or policies that would cover the events and claims period identified in the Complaint.

4. CASA failed to comply with disclosure of their expert witness per Request 2, claiming that said request was premature. Layton also refused to provide a response.

Plaintiff adopts the statements above regarding Layton's failure to disclosure and demands full disclosure.

5. In Request 3, Plaintiff requested disclosure of communications "that refer to Connie Reguli" from March 1, 2022 through June 30, 2023, between Woodruff, McLendon, Layton,

Helper, Stephens, and any person holding themselves out as a representative of CASA of Williamson County. In Response 3, CASA refused to respond claiming attorney-client privilege and work product doctrine and objected under overly broad as to communication after May 11, 2022. CASA did not provide a privilege log or description of what communication may be exempt under work product. The communication with Judge Woodruff is known to have occurred April 29, 2022 and the criminal matter was dismissed in June 2023 after CASA responded to the subpoena in the criminal matter. Therefore, CASA is known to have been involved in the criminal prosecution of Reguli during that time period.

CASA needs to produce all communication requested. If CASA or Layton claim that communication in the underlying criminal case is protected by attorney-client privilege then said communication needs to be identified by privilege log and description so that this court can make a reasonable ruling about matters, including the involvement of counsel, in the underlying criminal action.

6. In Request 7 and Request 8, Plaintiff asked for disclosure as to the relationship between CASA and Woodruff, Helper, McLendon, and Stephens. The request asked for the occurrence of the meeting, persons who facilitated the introduction, frequency of the continuing relationship, any monetary support or exchange through June 30, 2023. CASA stated the Woodruff and Helper donated to CASA but failed to identify when, where, and how much. CASA failed to respond to this request related to Defendant McLendon. CASA states it will provide "its ledger of its income from August 1, 2014 through May 11, 2022" upon entry of protective order.

CASA needs to provide a full response including its history with McLendon as requested including payments to McLendon; the amounts and dates of donations from Helper and Woodruff; and a copy of the ledge from 2014 through May 2022.

7. In Request 10 and 11, Plaintiff asked for a list of board members of CASA from April 29, 2022 through August 8, 2023; Plaintiff also asked for a list of board member of CASA when Layton was hired in December 2019. CASA failed to provide this information.

CASA needs to provide complete responses. Layton (Response 14) stated that she reviewed the Woodruff letter, her May 2, 2022 letter, and the May 11, 2022 affidavit with a member or members of the Executive Committee of the board, but failed to identify the person. Therefore, the identify of all board members are relevant and CASA should provide a complete response.

9. Responses 12 and 13, CASA stated that it would provide its Administrative Assistant Guide and Accounting Policies & Procedures, but failed to do so.

CASA needs to produce the relevant documents requested for the time period of 2014 through 2022 regarding the executive director position, and the proper receipt and entry into the records of receipts.

10. Request 19, Plaintiff again asked for communication referring to Connie Reguli, specifically related to the Woodruff letter of April 29, 2022, the Layton affidavit of May 11, 2022, and the CASA/Layton responses to the subpoena in State v. Connie Reguli in July 2023. CASA objected on the basis of attorney-client privilege and attorney work product. CASA then states that it will produce responsive, non-privileged emails regarding the April 29, 2022 letter and the May 11, 2022 affidavit (not mentioning the criminal subpoena responses). However, CASA produced nothing.

CASA needs to produce all communication regarding the April 29, 2022 Woodruff letter, the May 11, 2022 Layton affidavit, and the criminal subpoena responses, as all are relevant to the lack of probable cause and the fabricating of evidence by Layton and McLendon. Now, Layton was disclosed that another letter dated May 2, 2022 was prepared by Layton and sent to Woodruff which has never been disclosed to Plaintiff. Communications regarding this letter should be disclosed as well.

11. Response 20, CASA states that it will produce a ledger of its income from August 1, 2014 through May 11, 2022, but failed to do so. No protective order has been sought by CASA which would require a statement regarding the necessity of the protective order.

CASA needs to produce its full ledger from August 1, 2024 through May 11, 2022.

12. Responses 21 & 22, CASA refuses to produce its 990 tax returns and financial statements from 2014 through 2023 claiming they are not relevant. However, in Layton's Response 14, she claims she reviewed some financial statements and cannot identify what documents she reviewed. Therefore, these documents are relevant and necessary for the cross-examination of Layton and CASA. CASA states it will provide "a ledger of its income from August 1, 2024 through May 11, 2022, and yet failed to do so.

CASA needs to produce the ledger, the tax returns, and the financial statements as requested. In the alternative, CASA and Layton needs to be restricted from testifying that Layton reviewed any financial documents in reviewing the April 29, 2022 Woodruff letter and her May 11, 2022 affidavit.

13. Request 24, Plaintiff seeks all communication "regarding Connie Reguli" with or between CASA employees, board members or volunteers from May 1, 2014 through June 30,

2023. CASA refused to provide any response claiming attorney-client privilege and attorney work product. However, the time period beginning May 1, 2014 is relevant as to the underlying sanctions action and through June 30, 2023 is relevant as the date the criminal matter was dismissed. CASA says it will produce "responsive, non-privileged email regarding the A;pril 29, 2022 letter and the May 11, 2022 affidavit" but failed to do so.

CASA referred to Layton's responses in Response 5. Layton admitted the CASA controlled her email address, therefore, CASA would be in control of the requested communications. All communications referencing "Connie Reguli" from May 1, 2014 through June 30, 2023" are relevant and should be produced.

14. Request 25, Plaintiff asked for any indemnity agreements with board members and CASA objected to relevance. This matter is relevant because, now, Layton has disclosed that she reviewed and communicated with "a member or members" of the executive committee of the board of CASA, therefore, additional defendants may be named as being responsible for cooperating and conspiring with Layton (and/or McLendon) in preparing the fabricated evidence (the Layton affidavit).

CASA needs to produce its indemnity agreement.

15. Request 1(ii), Plaintiff requested "a copy–or a description by category and location- of all documents, electronically stored information, communication, and tangible things that the disclosing party has in its possess, custody, or control and may use to support its claims or defenses, including exculpatory, information." CASA produced NOTHING. CASA says it "will produce documents that it may use to support its claims or defenses", but did not produce a single document after admitting it had: emails, ledgers, administrative guides, accounting policies & procedures, insurance agreement, donation records, prior history with McLendon, and a list of board members.

CASA needs to produce all documents requested.

## IN SUMMARY,

1. CASA and Layton need to provide a complete list of persons with knowledge with name and address, including all persons named in discovery responses and all members of the board that reviewed or received the April 29, 2022 Woodruff letter, the May 2, 2022 Layton letter, and May 11, 2022 Layton affidavit, and the June 2023 CASA/Layton responses in the criminal matter. And including Alexandra Bradshaw and Tracy Barnes and members of the board.

2. CASA and Layton need to produce the documents referenced in their responses, and the documents relevant to this matter that CASA refused to produce, including the May 2, 2022 letter; email communications regarding Connie Reguli, the Woodruff April 29, 2022 letter, the May 2, 2022 letter, the May 11, 2022 affidavit, indemnity agreements, and all other communication regarding the criminal prosecution or Connie Reguli since May 1, 2024. They need to produce the insurance documents, the ledger, the Administrative guide and Accounting policies, the 990 tax returns, financial statements, Network for Good financial records, and any other records reviewed by Layton.

3. CASA and Layton need to produce the expert disclosure requested.

4. CASA and Layton need to provide a complete response to Response 14, identifying what records she reviewed stating that she "likely reviewed financial records."

5. CASA and Layton need to provide all email communication requested.

6. And otherwise provide complete responses as identified above.

Gmail

Family Forward <connie.familyforward@gmail.com>

## 2026 July 2 - Reguli / Woodruff, CASA Layton, McLendon

**Spainhour, Fritz** <fspainhour@bradley.com> Thu, Jul 2, 2026 at 3:21 PM
To: Family Forward <connie.familyforward@gmail.com>
Cc: "Stephens, Mike" <MStephens@bradley.com>

Ms. Reguli – we've received your 8-page letter setting out purported discovery deficiencies. Your request that we respond to this letter within 1 business day is not reasonable. We will endeavor to respond as quickly as we can, and we expect to provide you a thorough response next week. I hope you have a happy Independence Day weekend.

**Fritz Spainhour**
Partner | Bradley
fspainhour@bradley.com
615.252.3821

**From:** Family Forward (via Google Docs) <connie.familyforward@gmail.com>
**Sent:** Thursday, July 2, 2026 1:39 PM
**To:** Spainhour, Fritz <fspainhour@bradley.com>
**Cc:** Stephens, Mike <MStephens@bradley.com>
**Subject:** 2026 July 2 - Reguli / Woodruff, CASA Layton, McLendon

# Family Forward attached a document

Family Forward (connie.familyforward@gmail.com) has attached the following document: Learn more

Please see attached Discovery Deficiency Letter

Please respond by July 6, 2026.

2026 July 2 - Reguli / Woodruff, CASA Layton, McLendon