IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

9. July 16, 2026 - Defendant letter to plaintiff deficiency

**Fritz Spainhour**
Partner
fspainhour@bradley.com
(615) 252-3821 direct

**Bradley**

July 16, 2026

**VIA EMAIL**
Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, Tennessee 37128
Connie.familyforward@gmail.com

RE: July 13, 2026 Discovery Issues Letter

Ms. Reguli:

I am in receipt of your July 13, 2026 letter regarding Emily Layton's and Williamson County CASA, Inc.'s ("CASA") responses to your written discovery. I appreciate your effort to narrow the issues, and I respond to your numbered points in turn below.

As an initial matter, on July 13, 2026 Layton and CASA produced documents Bates-labeled CASA_00001 through CASA_00014, LAYTON_00001, and WCSO_00001 through WCSO_00026. CASA_00001 through CASA_00014 contains the Administrative Assistant Guide, the Accounting Policies & Procedures, the 2022 list of CASA's board members, and the May 2, 2022 letter from Layton to Judge Woodruff. LAYTON_00001 contains the text thread between Layton and Mr. McLendon. WCSO_00001 through WCSO_00026 contains documents received from the Williamson County Sheriff's Office in response to a public records request.

1. You request the May 2, 2022 letter from Layton to Judge Woodruff and the text message exchange between Layton and McLendon "immediately." Both documents have already been produced. Layton produced the text message exchange with McLendon on July 13, 2026 (LAYTON_00001), and CASA produced the May 2, 2022 letter to Judge Woodruff on the same date (CASA_00014). We view this issue as resolved.

2. You seek all email communications "referencing Connie Reguli" among Layton, CASA board members, employees, or agents, and you now propose a period of August 10, 2014 through June 30, 2023. In the interest of resolving this dispute, and without waiving their objections, Layton and CASA will conduct a reasonable search for communications referencing "Reguli" between August 1, 2014 and May 11, 2022, and will produce any responsive, non-privileged communications upon the entry of a protective order. However, we do not agree that the relevant period extends beyond May 11, 2022 as to Layton or CASA. As we explained in our July 10, 2026 letter, the execution of the affidavit on May 11, 2022 is the last act your Complaint attributes to Layton or CASA, and you have again declined to identify any allegation in your pleading of any act by Layton or CASA after that date. Your assertion that "the time period stated above is relevant to all times in which the 'sanction' was payable according to CASA" does not change the analysis, and you cite nothing that supports this characterization. If you can identify the basis for it, we will reconsider our position.

3. You contend that Layton and CASA "have now identified additional persons with knowledge" whom we did not previously disclose. That is not accurate, but to the extent we are mistaken, please identify the "additional persons" that were not previously disclosed. For clarity, Tracy Barnes and Stuart Tutler were each identified in Response 1(i) of Layton's and CASA's responses as individuals likely to have discoverable information. Alexandra Bradshaw was identified in CASA's Response 14 as CASA's bookkeeper prior to Ms. Barnes, and Lauren Roberts was identified in Layton's Response 14 as the member of CASA's Executive Committee whom Layton consulted. CASA also produced its 2022 Board of Directors list on July 13, 2026 (CASA_00013), and CASA's 2022 board members may be contacted through counsel. As for the "member or members" of the Executive Committee, we have withheld nothing. Layton's Response 14 states that she informed the Executive Committee and specifically consulted Lauren Roberts, and Layton does not recall consulting any other particular member. To the extent Layton or CASA identifies any additional individual with responsive knowledge, we will supplement accordingly.

4. You assert that although "the criminal discovery response stated that Layton did not know what records she reviewed, if any," our responses "now identify" the Network for Good records. Your premise misstates the record, as you have throughout this litigation. Layton has never stated that she "did not know" what records she reviewed. CASA's response in the criminal matter stated: "Emily Layton informed counsel for CASA that **she does not recall** what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, **but to the best of her recollection**, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA." As you know, there is a meaningful difference between not recalling which records were reviewed and "not knowing," and you have repeatedly omitted that Layton conferred with CASA's bookkeeper regarding whether you made the payment. Consistent with that response, Layton's written discovery responses state that, to the best of her recollection, she "would have checked CASA's Network for Good records." To resolve this issue, CASA is producing its Network for Good record reflecting your contribution history (which is $0) contemporaneously with this letter (CASA_00015 through CASA_00017).

5. You state that you are "not in possession of" CASA's Administrative Assistant Guide and Accounting Policies & Procedures and ask that we produce them. These are two documents, each of which was produced to you in the underlying criminal matter in June 2023 in response to your subpoena to CASA. To the extent you did not retain copies, CASA produced both to you again on July 13, 2026: the Administrative Assistant Guide is Bates-labeled CASA_00001 through CASA_00008, and the Accounting Policies & Procedures is Bates-labeled CASA_00009 through CASA_00012. We view this issue as resolved.

6. You state that we have "on multiple responses stated that there are no non-privileged documents or communications in response to the request," and you demand a privilege log. Your characterization is unsupported. None of Layton's or CASA's discovery responses states that there are "no non-privileged documents," and we ask that you identify any response you contend so states so that we may understand and address your concern. Our July 10, 2026 letter used that phrasing a single time, in response to your deficiency regarding Layton's Response to

Request 3, because we understood your requests to seek all communications between Layton and counsel without any temporal limitation—which would necessarily include ongoing, plainly privileged communications between Layton and her counsel in this litigation. To be clear, and to resolve this issue: with the production of the text message exchange between Layton and Mr. McLendon, Layton has produced all responsive communications and is not withholding any document on the basis of privilege within the relevant August 1, 2014 through May 11, 2022 period. And although we dispute that anything after May 11, 2022 is relevant as to Layton or CASA—a point you have repeatedly declined to substantiate—Layton is likewise not withholding any responsive document between May 11, 2022 and June 2023 on the basis of privilege.

7. You state that the proposed protective order "is not acceptable at any level" because we "want the option to redact whatever [we] want." That is not true. The proposed order is a standard confidentiality-designation order under Rule 26(c): it requires the designating party to limit its confidentiality designations to material that qualifies for protection, permits you to challenge any designation, places the burden of persuasion on the designating party, and expressly preserves your right to seek the Court's resolution of any dispute. Because it appears your concern is whether particular documents should be treated as confidential—not whether a protective order should exist at all—we propose the following practical path: the parties enter an agreed protective order; Layton and CASA produce the remaining documents with appropriate confidentiality designations; and if you disagree with any designation, you may challenge it under the order, with the burden on the designating party (Layton or CASA) to justify it, and the Court available to resolve any dispute the parties cannot. This avoids unnecessary motion practice and allows discovery to proceed now. Please let us know whether this approach is acceptable.

8. You state that we gave an "incomplete response" regarding donations from Ms. Helper and Mr. Woodruff and ask for the dates and amounts through June 2023. CASA appropriately availed itself of Rule 33(d): information regarding donations from Ms. Helper and Mr. Woodruff is reflected in CASA's ledger of income from August 1, 2014 through May 11, 2022, which CASA will produce upon the entry of a protective order. You do not explain in what respect you believe this response is "incomplete." If you identify a specific deficiency, we are happy to consider it. As with your other requests seeking information through June 2023, you have again failed to identify any allegation in your Complaint of any act by Layton or CASA after May 11, 2022, and we therefore maintain our objection to the extent your request seeks information beyond that date.

9. You state that we agreed to supplement our responses identifying Mr. McLendon and that you "will expect the same" regarding the relationship. As stated, Layton and CASA will supplement their written discovery responses as appropriate. We view this issue as resolved.

10. You state that the requested communications "should be available" because we have "had this discovery for over a year" and demand production "immediately." Your premise mischaracterizes the procedural history of this case. For much of that period, Layton and CASA were litigating the threshold question of witness immunity—an issue that, had it been resolved in their favor, would have obviated any obligation to respond to your discovery. Layton and CASA have been diligently responding to your written discovery since the Sixth Circuit entered its order

regarding the witness-immunity issue. As stated, CASA is conducting a reasonably diligent search and will produce responsive, non-privileged communications concerning the April 29, 2022 letter, the May 2, 2022 letter, and the May 11, 2022 affidavit upon the entry of a protective order.

11. You again propose extending the relevant period through June 30, 2023. We have asked you, repeatedly, to identify any allegation in your Complaint of any act by Layton or CASA after May 11, 2022, and you have not done so. We interpret your continued failure to provide that basis as confirmation that none exists, and we stand on our objection that information post-dating May 11, 2022 is not relevant to your claims against Layton or CASA.

12. You state that there is "no basis for a protective order" as to CASA's insurance policy. While this assertion is without authority, in the interest of resolving this dispute, CASA is producing its insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment (CASA_00018 through CASA_00098). We view this issue as resolved.

13. You state that you will reserve the issue of punitive-damages discovery for the Court. We agree that the issue may be reserved, and Layton maintains her objection that discovery into her personal financial condition is premature.

We remain willing to meet and confer regarding any of these issues. Most of the remaining production turns on the entry of a protective order, and we request you advise us of your position regarding the approach we outlined above in #7. Layton and CASA reserve all rights and objections stated herein and in their responses.

Best regards,

Fritz Spainhour