RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

10. August 23, 2026 - Plaintiff letter to defendant deficiency

2026 Aug 23 Reguli/Woodruff Deficiency Letter to CASA/Layton

August 23, 2026

To:
Michael Stephens
Attorney for CASA/Layton
1221 Broadway Ste 2400
Nashville, TN 37203
615-252-3887
mstephens@bradley.com

From:
Connie Reguli, Plaintiff pro se
8009 Shelly Plum
Murfreesboro, TN 37128
615-478-8333

RE:
Deficiency letter regarding discovery responses of CASA and Emily Layton - Request to resolve

Dear Counsel,

**Plaintiff discovery requests:**

May 2, 2025 - Plaintiff sent a request for written discovery to Defendants Emily Layton and CASA. This included interrogatories, a request for production of documents, and requests for admissions.

July 3, 2026 - Plaintiff sent a Request for Admissions to authenticate financial records with exhibits marked and identified with cover sheets.

**Responses from Defendant Emily Layton:**

May 30, 2025 - Defendant Emily Layton submitted a response to Plaintiff's interrogatory request objecting to every question as premature and unduly burdensome and in opposition to her witness immunity defense.

May 30, 2025 - Defendant Emily Layton submitted a response to Plaintiff's request for admissions objecting to every question as premature, unduly burdensome, not proportional to the case, and in opposition of the witness immunity defense.

June 2, 2026 - Defendant Emily Layton provided her First Amended Response to Plaintiff's Request for Admissions.

June 19, 2026 - Defendant Emily Layton provided her First Amended Response to Plaintiff's request for written interrogatories and request for production with deficiencies.

**Responses from Williamson County CASA, Inc. (CASA):**

May 30, 2025 - CASA provided a response to written discovery refusing to answer any questions are premature, unduly burdensome, not proportional to the needs of the case, and in violation of witness immunity.

June 18, 2026 - CASA provided Amended Responses to written discovery with deficiencies. CASA suggests that it would provide financial records with a protective order, but did not draft a protective order tailored to the needs of the disclosure. Defendants' broadly drafted protective order was not tailored to the needs of financial disclosures and rejected by Plaintiff.

August 3, 2026 - CASA provided a Response to Plaintiff's Request for Admissions as to financial records of CASA with identified exhibits sent to CASA on **July 3, 2026**. CASA failed to authenticate and objected to each record.

**Communication from Plaintiff to Defendants Layton and CASA: July 2, 2026 - July 13, 2026**

**Communication from Defendants Layton and CASA to Plaintiff:**

**July 10, 2026** - Responses to questions (addresses below) - suggests that financial records will be provided with protective order and did not provide a proposed protective order tailored to the needs of the disclosure.

**July 13, 2026 (VIA US MAIL)** - Defendants provided documents without identifying which request for production or interrogatory response was related to the disclosure. This letter again asks Plaintiff to enter into a broad, all encompassing protective order over any record that the party believes is confidential, and depositions. The order is not tailored to the needs of protecting financial records.

**CASA_00001 - CASA_00014:** Are not identified as responsive to a request number. Pages numbered 00001 - 00008 appear as an "excerpt" from an "Administrative Assistant Guide" dated September 2022 (FOUR MONTHS AFTER DEFENDANT LAYTON'S AFFIDAVIT) and are marked as pages 2 - 9 on the document itself.

Pages numbered 0009 - 00012 are undated "Williamson County CASA Accounting Policies & Procedures".

Pages numbered 00013 is a list of 2022 Board of Directors identifying Lauren Roberts as Secretary and Ken Johnson as President.

Page numbered 00014 is a letter from Emily Layton to Joseph A. Woodruff dated May 2, 2022, stating "I have reviewed the regularly maintained business records and found no evidence of payment from Ms. Connie Reguli in the amount of $3,145.50."

**LAYTON_00001:** This is a screenshot of what appears to be a text exchange with Dana McLendon on May 3, 2022 and May 11, 2022. The identity of the second person (receving the text) is not identified. This text states that McLendon sent an email to Layton. That email has not been provided by LAYTON or CASA.

**WCSO_00001 - 00026:** Appears to be the Williamson County Sheriff Office booking records from August 12, 2022 of Connie Reguli.

**July 16, 2026 (VIA EMAIL)** - This letter, sent VIA EMAIL, identifies additional records:

Number 4, Page 2. **CASA_00015 - CASA_00017:** These records are purported to be in response to Layton's interrogatory response that "to the best of [Layton's] **recollection**, she 'would have have checked CASA's **Network for Good records.**'" This document consists of two pages of what appears to be a computer screen stating "Ms. Connie Reguli", with "$0 - Year to date", "$0 - Lifetime", and "$0 - Average". There is no date on this document. It appears to have been pulled by "user/2931437" with no identifying features of the user.

Number 12, Page 4. CASA_00018 - CASA_00098: These records contain an insurance policy from Arch Insurance Company with a policy period of 2/27/2024 - 2/27/2025.

Number 7, Page 3 - CASA suggests a protective order that "requires the designating party to limit its confidentiality designations to material that qualifies for protection, permits you to challenge any designation, places the burden of persuasion on the designating party, and expressly preserves your right to seek the Court's resolution of any dispute."

**July 21, 2026 (VIA MAIL)** - This letter includes an affidavit for authentication of records for the Williamson County Sheriff's Department signed by Lisa Weatherly, dated July 20, 2026.

**August 3, 2026:** CASA non-response to the Request for Admission on the financial records of CASA from 2016 through 2024. CASA claimed that this request was not relevant to any claim or defense and not proportional to the needs of the case because it identifies no individual payor and reflects no payment by Plaintiff to CASA. Generally, each document was rejected by stating, "Subject to and without waiving these objections, and following a reasonable inquiry, the information CASA knows or can readily obtain is insufficient to enable it to admit or deny this Request." This request included the following:

- EXHIBIT 1 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC FOR TAX YEAR 2016
- EXHIBIT 2 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2017.
- EXHIBIT 3 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2019.
- EXHIBIT 4 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2020.
- EXHIBIT 5 - IRS FORM 990 FOR WILLIAMSON COUNTY CASA, INC. FOR TAX YEAR 2021.
- EXHIBIT 6 - APPROVED BUDGET FOR 2024 - 2025 FOR WILLIAMSON COUNTY CASA, INC.
- EXHIBIT 7 - APPROVED BUDGET FOR 23/24 FOR WILLIAMSON COUNTY CASA, INC.
- EXHIBIT 8 - PROFIT AND LOSS PRE YEAR COMPARISON JULY 2016 THOUGH JUNE 2017 FOR WILLIAMSON COUNTY CASA, INC.
- EXHIBIT 9 - PROFIT AND LOSS BUDGET OVERVIEW JULY 2021 THROUGH JUNE 2022 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 10 - BUDGET FISCAL YEAR 20-21 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 11 - FY 2020 BUDGET FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 12 - BUDGET 18 - 19 FOR WILLIAMSON COUNTY CASA, INC.
- EXHIBIT 13 - PROFIT & LOSS BUDGET OVERVIEW JULY 2018 THOUGH JUNE 2018 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 14 - FY 2016/2017 ANNUAL BUDGET / REVENUE TARGET OF $356K and PROFIT & LOSS BUDGET OVERVIEW JULY 2016 THROUGH JUNE 2017 FOR WILLIAMSON COUNTY CASA INC.

- EXHIBIT 15 - PROFIT & LOSS OVERVIEW JULY 2015 THOUGH JUNE 2016 and STATEMENT OF ACTIVITIES FOR THE YEAR ENDED JUNE 30, 2016 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 16 - FY 2016/2016 ANNUAL BUDGET FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 17 - PROFIT & LOSS BUDGET OVERVIEW JULY 2013 THROUGH JUNE 2014 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 18 - BUDGET FISCAL 2013 FOR WILLIAMSON COUNTY CASA INC.
- EXHIBIT 19 - PROPOSED BUDGET 11/12 FOR WILLIAMSON COUNTY CASA INC.

**REQUEST FOR ADMISSIONS:**

Plaintiff seeks to resolve the discovery dispute related to Defendant Williamson County CASA Inc. failure to provide competent responses to the Request for Admissions provided on July 3, 2026. I would ask for a response on this pending issue by **Monday, August 31, 2026.**

Plaintiff would show that your answer does not comply with Rule 36. CASA was asked to admit the "genuineness, authenticity, and accuracy" of each identified exhibit. These exhibits are clearly marked and self explanatory. Two of these records are signed by Defendant Emily Layton on behalf of CASA.

You complain that they are not relevant or proportional and give the following reasons:

- The record does not identify any individual payor
- The record reflects no payment by Plaintiff to CASA
- CASA lacks knowledge of the source
- CASA has no knowledge of the manner in which Plaintiff obtained it.

The objection that the records do not identify a payor or a payment from the Plaintiff is YOUR theory of the case not mine. Defendant Layton is the signer on two of these forms and she apparently still can't recall what she reviewed, but she swore under oath that she HAD review business records. These documents ARE business records and I intend to examine her and other CASA staff/employees referred to in the discovery responses and your CASA designee on these records.

Your objection that you lack knowledge of the manner or source of the document is not relevant or a reason to object.

Your objection that the document does not bear Bates numbers, transmittal, etc are without merit. The documents speak from themselves, the tax records are page numbers, and the budgets are not voluminous.

Attorney Michael J. Stephens, as counsel for Williamson County CASA, Inc. and signer of this response, represents that <u>**you**</u> have made a "reasonable inquiry" but failed to describe what reasonable inquiry YOU did. This is inadequate. You are not a financial official of CASA and are not competent to give such a representation. This is an inadequate response.

Fed. R. Civ. Proc. 36(a)(4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that **a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.**

**WILLIAMSON COUNTY CASA INC'S THIRD SET OF INTERROGATORIES TO PLAINTIFF REGULI**

**July 21, 2026:** Letter from Attorney Stephens. This letter included an affidavit as a custodian of records from Williamson County Sheriff's Department and a document titled: "Defendant Williamson County CASA, Inc's Third Set of Interrogatories and Second Set of Requests for Production to Plaintiff Connie Reguli". This document contains one interrogatory question asking how Plaintiff obtained the documents attached to the July 3, 2026 Request for Admissions and one request for production asking for a copy of all documents obtained from each source identified in your response.

IRONICALLY, Defendant CASA is now seeking information on the very documents that CASA said were not **relevant** to the claims or defenses of the parties and not **proportional** to the needs of the case.

Once we have cleared up the proper response to admissions, I will provide a response. But you can't have it both ways.

OUTSTANDING INTERROGATORY RESPONSE ISSUES:

In reviewing Plaintiff's letters dated and July 2 and July 13, 2026 and CASA/Layton responses dated July 10 and 16, 2026, I would like to resolve or clarify the following:

**LAYTON'S DISCOVERY RESPONSES:**

1. **Document production related to Responses 1(ii), 8, 11, and 12: NOT RESOLVED.** I have listed above the documents I have received relevant to all discovery questions propounded on Defendants Williamson County CASA Inc. and Emily Layton. I will assume that these are the only documents that the defendants will rely on in their defense of the claims against them. You state that "Layton appropriately invoked Rule 33(d) which permits a party to produce records in lieu of answering an interrogatory when the **burden of ascertaining the answer will be substantially the same for either party.**"

Rule 33(d) reads: OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: **(1) specifying the records that must be reviewed,** in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Since none of these inquiries involved records that could otherwise be obtained by the Plaintiff and the Defendants did not "specify the record to be reviewed", I will try to resolve it by addressing what I have received.

Defendants state that some records will be produced upon the entry of a protective order. The protective order Defendants provided on June 19, 2026 was overly broad. Plaintiff informed Defendants that this was not acceptable.

Plaintiff will agree to a protective order narrowly drawn to protect the CASA detailed **ledger records** from September 10, 2024 through May 11, 2022.

**Response 1(ii) and 8:** NOT RESOLVED. All communications with Defendant McLendon. I have received the text message exchange screen shot. The screen shot does not identify that this is from Ms. Layton's phone and only identifies McLendon by a photo image. Since anyone can create a fake contact and this message exchange could be with any person, I would ask for clarification.

**Document LAYTON_00001 is a text exchange between Emily Layton and Dana McLendon on the dates of May 3, 2022 and May 11, 2022.**

This text refers to an email from McLendon to Layton which has not been provided. CASA has previously stated that her email was controlled by CASA. Therefore, I am asking

CASA to **produce that EMAIL** from McLendon on or about May 11, 2022 and any other emails between Layton and McLendon between April 29, 2022 and through August 8, 2022.

**Response 14:** RESOLVED. I have received a copy of a letter from Layton to Woodruff dated May 2, 2022.

2. **Witness disclosure: TENTATIVELY RESOLVED.** Response 1(i). Additional persons were identified in discovery: Stuart Tutlar, Lauren Roberts, and Tracy Barnes. Defendants have stated that these potential witnesses may be contacted through Defendants counsel and that is acceptable so long as counsel is authorized to accept service of subpoenas and will cooperate with producing the witnesses for depositions.

Layton's response indicated that she may have consulted with "**members** of the executive committee", but the only person identified is **Lauren Roberts**. For clarification you state:

**To avoid confusion, Layton received the letter and Ms. Roberts advised on the letter.**

I will assume that is the limits of her consulting with any person related to the CASA organization or its financials in executing the May 11, 2022 affidavit.

**3. Expert witness disclosure: NOT RESOLVED.** Request 2. Defendants claim that the disclosure of experts is premature, but there is no other scheduling order that provides for an extension of discovery for the purpose of expert disclosure. Defendants need to provide their full expert disclosure. Your response is that the scheduling order only affects "fact" witnesses and discovery. So you believe at this point that you have NO DEADLINE for production of an expert disclosure? Please confirm.

**4. Events between April 2022 and through June 2023. NOT RESOLVED.** Responses 1(ii), 3, 13, and 14, 15, 17, and 18. Plaintiff's Paragraph 4 requests information on events or actions taken by Layton through June 2023 with the criminal subpoena response provided by Attorney Stephens. Defendants' July 10, 2026 letter responds (4). CASA incorporates Layton's response #3 above.

Defendants paragraph #5 objects to providing any responses for activities of Layton or CASA after May 11, 2022 citing it as "the last act your Complaint attributes to either Layton or CASA." But that is incorrect. The response to the subpoena in the criminal matter was provided June 2023 which incorporates a response from Layton that she does not RECALL what documents, if any, she reviewed in preparation of the affidavit. This response was prepared by Attorney Stephens.

Layton was the material and sole witness for the criminal prosecution and the Complaint does discuss the DA's statements about obtaining CASA financial records. It is reasonable for the

Plaintiff to ask what communication Layton or any CASA representative might have had related to the criminal prosecution.

The subpoena had been issued and served about two months prior. If there was no participation of Layton or CASA in preparation of that subpoena response, then Plaintiff will assume that Attorney Stephens drafted this response on his own accord. This raises an important question for this litigation. I have withheld raising any conflict of Attorney Stephens for his participation in this case and the underlying criminal case, particularly since now there is a contradiction in the position taken by Layton in her most recent discovery response (that she did review the Network for Good records). Those records clearly were not identified or provided in the response to the criminal court subpoena and appear to have been withheld even though a court order required compliance.

Because of the conflicting responses of Layton, and presumably Attorney Stephens' knowledge of that conflict, it places Stephens in a position of becoming a potential witness. I have noticed that in all of the objections based on "attorney-client" privilege and "attorney work product", counsel had offered NO privilege log or work product log. If Layton or CASA intends to rely on any advice of counsel as a defense in this case due to the events that occurred in the underlying criminal case, Plaintiff will move to disqualify counsel and the firm as having a conflict.

This can be resolved by a full disclosure of the events that occurred between Layton, CASA representatives, and Attorney Stephens in June 2023 upon service of the subpoena and preparing the court ordered response, a clarification of whether Layton provided the comments made in response to the subpoena in the criminal matter or whether they were created by counsel, what communication or events are protected by attorney-client privilege and attorney work product in the underlying criminal case. And whether or not Layton and CASA intend to rely on the advice of counsel defense in this matter. At this juncture, it appears the counsel is **withholding** relevant information that is material to this case regarding events that occurred after May 11, 2022 and up to the submission of the response to the criminal court subpoena.

Please advise.

5. Actions taken by Layton: TENTATIVELY RESOLVED. Response 14. In reviewing our exchanges and the documents provided to by Defendants:

**Layton admits (1) that she received the Woodruff April 29, 2022 letter; (2) Layton contacted Lauren Roberts to discuss the letter but Layton did not receive explicit approval of the affidavit, (3) Layton may have talked to bookkeeper Tracy Barnes and reviewed the two-page document (CASA_00015-00017) identified as the "Network for Good" records, (4) Layton sent a letter to Woodruff dated May 2, 2022 (CASA_00014), (5) Layton had a**

**text exchange with Dana McLendon May 3, 2022 (LAYTON_00001), (6) Layton received an email from McLendon May 11, 2022, (7) Layton signed the affidavit prepared by McLendon on May 11, 2022 and returned it to McLendon's office. Layton has no other events of reviewing the business records of CASA prior to executing the affidavit.**

To the extent these are the sum total of the events taken by Layton in the preparation and execution of the affidavit, that portion is resolved.

Layton has still not described any actions, communications, or records review she conducted in the preparation of criminal cases or the response to the subpoena in 2023. As discussed above, I believe a privilege log or work product log is appropriate so that Plaintiff can assess whether counsel has a conflict and may be a potential witness in this case.

**6. Documents related to Layton's job role, duties, responsibilities, limitations, and supervision.** RESOLVED ON ADMISSION THAT NO DOCUMENTS EXIST. Request 10.

**7. Punitive damages disclosure: NOT RESOLVED.** Request 20. If Layton's position is that Plaintiff is not entitled to those records at this time, please identify the TIME that this request would be timely.

**CASA'S DISCOVERY RESPONSES:** Plaintiff's July 2 letter and Defendant's July 10 response:

**1. Persons with knowledge disclosure: RESOLVED.** Request 1(i), Response 14. Alexandra Bradshaw may be contacted through counsel for CASA. Plaintiff assumes that counsel will accept service of a subpoena and arrange for presence of witness at deposition if necessary.

**2. Consultation with Layton: TENTATIVELY RESOLVED:** Request 17 and 18, Response 14. Based on the communications exchanged, CASA's full and sum response is: **Layton received the letter, and Ms. Roberts advised on the letter.**

**3. Protective order: TENTATIVELY RESOLVED:** Request 1(iv). Plaintiff will enter into a protective order narrowly tailored to protect the ledger entries of CASA from September 10, 2014 through May 11, 2022.

**4. Expert disclosure. NOT RESOLVED.** See Above. Request 2.

**5. All communication that refers to <u>Connie Reguli</u> from March 1, 2022 through June 30, 2023: NOT RESOLVED**. Request 3. Defendant objections are threefold: (1) conduct and

communications after May 11, 2022 are not relevant, (2) the request implicates attorney client privilege, and (3) overly broad. Plaintiff has stated above that the actions and communications of Emily Layton and CASA between May 11, 2022 and mid-June 2023 are relevant as they take into consolidation the activities in the criminal court proceeding which is the basis of the claim in this case. The complaint discusses the DA's description of their intent to subpoena CASA financial records, the issuance of the subpoena to CASA, CASA's resistance and motion to quash, the Court's order compelling production, and the ultimate subpoena response which resulted in the end of the case. Plaintiff's position is that there is no attorney - client privilege or work product privilege and the Defendants have filed to produce a privilege or work product log. As discussed above, Attorney Stephens is potentially a witness in this case, if he was involved in the production of the May 11, 2022 affidavit or advised Layton at any point during the criminal matter. Please provide a full response to this request.

6. **Donations: TENTATIVELY RESOLVED** Request 7 and 8. Plaintiff will agree to a narrowly tailored protective order to protect the ledger as discussed above. Defendants should draft the order and have the records ready for prompt disclosure.

7. **CASA executive committee and board members: RESOLVED.** Request 7. CASA provided a list of board members as of 2022. No further disclosure is necessary at this point, but Plaintiff reserves the right to ask for full compliance with the Request.

9. **Administrative Assistance Guide relevant to this case: NOT RESOLVED**. Request 12 and 13. CASA provided documents of a document dated September 2022 and a second document not dated. (See CASA_00001-00014). Plaintiff needs the policies, guides, etc for the relevant time period of September 10, 2014 through May 11, 2022.

10. **Communications between April 29, 2022 and June 2023 related to the preparation of the affidavit and the criminal court proceedings: NOT RESOLVED.** Request 19. Your response says that you will conduct a "diligent search" and provide "non-privileged" communications. Defendant CASA has not provided any supplements and has not provided a privilege log. Please respond.

11. **CASA ledger: TENTATIVELY RESOLVED.** Request 20. Plaintiff will agree to a narrowly tailored protective order to protect the ledger as discussed above. Defendants should draft the order and have the records ready for prompt disclosure.

12. **CASA tax returns and financial statements 2014 through 2023. NOT RESOLVED.** Request 21 & 22. Plaintiff has requested tax returns and financial statements and your response is "Nothing within Layton's answer suggests she reviewed tax returns or financial statements." Again, you state, on behalf of Layton that she "likely reviewed financial records", "checked

CASA's Network for Good records", and "met with CASA's bookkeeper Tracy Barnes". In this case, it is important to show what Layton DID NOT DO as much as it is to show that she did next to nothing and therefore fabricated her statement intimately that she DID review regularly maintained business records of CASA. **You have already produced the misc income ledger which she did NOT review,** and Plaintiff's position is that the tax returns and financial statements and her complete failure to review these records evidence the complete DISREGARD for the truth, and WILLFUL intent to cause Reguli to be arrested. At least two of these tax returns will include Layton's signature. Please produce the requested documents.

**13. Communications referencing CONNIE REGULI: NOT RESOLVED.** Request 24. Incorporating all arguments above, all actions from the April 29, 2022 letter through the dismissal of the criminal action are relevant; and all communications regarding CONNIE REGULI are relevant. You state, "*A reference to 'Connie Reguli' in an email does not make it relevant to your claims in this action.*" And yet you fail to identify ANY REASON IN THE WORLD that CASA representatives would have to reference CONNIE REGULI other than the underlying criminal matter or perhaps the 2022 election contest between Reguli and Guffee. Reguli has outlined a long history of contention with Guffee and CASA in her complaint and has provided documents and allegations that the defendants intended to silence Reguli with a fake prosecution. All communication in CASA's possession regarding Connie Reguli up to the dismissal of the criminal matter (even with counsel) is relevant in this case. Please supplement

**14. Indemnity agreements. TENTATIVELY RESOLVED.** Request 25. CASA's position is that it has not identified any indemnity agreement, therefore, Plaintiff will assume that none exist for purposes of this litigation.

**15. Request for all documents CASA may use to support its claims or defenses: NOT RESOLVED.** Request 1(ii). Plaintiff admits to receiving the documents identified above. Plaintiff has not received the ledger and will enter into a narrowly tailored protective order for production. CASA, however, has not identified any other documents that it would produce to support its claims or defenses and only broadly states that they should be protected. CASA needs to identify what OTHER documents it would use to present its claims or defenses so that Plaintiff can either compel production or agree to a narrowly tailored protective order. Plaintiff sent a Request for Admissions to CASA on July 3, 2026 and CASA has NOT provided a competent response. These records are not subject to protective order. If there are other records, documents, or communication that need to be produced, suggested for protection with a narrowly crafted protective order, itemized in a privilege or work-product log, or otherwise disclosed.

Your timely response is appreciated.

/s/ Connie Reguli - August 23, 2026.