IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

12. October 1, 2026 - Defendant CASA response to Plaintiff discovery on Network for Good

copy Network for Good 10/1/2026

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT WILLIAMSON COUNTY CASA, INC.'s RESPONSES TO PLAINTIFF CONNIE REGULI'S SECOND REQUEST FOR WRITTEN DISCOVERY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Williamson County CASA, Inc. serves its Responses to Plaintiff Connie Reguli's Second Request for Written Discovery for Williamson County CASA, Inc.

**RESPONSES**

**1.** **[Interrogatory No. 20]** Identify who prepared or printed the Network for Good document.

**RESPONSE:** CASA objects to the term "prepared" as vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving the foregoing objection, and following a reasonable inquiry, Stuart Tutler downloaded CASA_00015-16 in 2023. CASA lacks knowledge of who entered the underlying information into Network for Good.

**2.** **[Interrogatory No. 21]** When was the Network for Good record accessed or reviewed by Emily Layton in preparation of her sworn statement.

**RESPONSE:** CASA refers to Layton's response to this Interrogatory.

3. **[Interrogatory No. 22]** What is the date of entry of the name "Connie Reguli" in the Network for Good record?

**RESPONSE:** CASA's understanding is that the information reflected in CASA_00015-16 was entered on August 9, 2017, as a guest donor through a public CASA fundraising page.

4. **[Interrogatory No. 23]** What is the date of entry of the address "1620 Westgate Cir., Ste. 150, Brentwood, TN 37027 entered in the Network for Good records?

**RESPONSE:** CASA refers to its response to Interrogatory No. 22.

5. **[Interrogatory No. 24]** What is the date that the organization of Williamson County CASA, Inc. commenced using the Network for Good platform?

**RESPONSE:** CASA objects to this request as irrelevant and not proportional to the needs of the case because the date CASA began using Network for Good is not relevant to a claim or defense. Subject to and without waiving the foregoing objections, CASA first purchased access to the Network for Good donor management system in July 2017.

6. **[Interrogatory No. 25]** What is the date that the organization of Williamson County CASA, Inc. stopped using the Network for Good platform?

**RESPONSE:** CASA objects to this request as irrelevant and not proportional to the needs of the case because the date CASA "stopped using the Network for Good platform" is not relevant to a claim or defense. Subject to and without waiving the foregoing objections, CASA stopped using the Network for Good donor management system in July 2023.

7. **[Interrogatory No. 26]** Explain why the Network for Good record was not produced in the case of State v. Reguli, Case No. W-CR220457, in the criminal court discovery response to the subpoena prepared by Attorney Michael Stephens in June 2023?

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request because it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. CASA further objects to this request as irrelevant and not proportional to the needs of the case because "why the Network for Good record was not produced" in a separate criminal matter is not relevant to a claim or defense.

8. **[Interrogatory No. 27]** Identify all CRM (client relations management) tools (or platforms) or other donor management or donation collections platforms used by Williamson County CASA, Inc. between September 14, 2014 and May 11, 2022. Give the name of the platform and the date range used.

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case because the identity of "all CRM . . . tools . . . or other donor management or donation collections platforms used by" CASA is not relevant to a claim or defense.

9. **[Interrogatory No. 28]** Identify the third party that made an unsecured loan to Williamson County CASA, Inc. in the approximate amount of $59,000 which is reflected in the


Case 3:24-cv-00694 Document 214-12 Filed 11/03/26 Page 4 of 7 PageID #: 2803

2019 IRS 990 form in Exhibits 3 and 4 which were provided to Defendant CASA in a Request for Admissions on or about July 3, 2026.

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case because a purported third party "unsecured loan to" CASA is not relevant to a claim or defense.

**10.** **[Interrogatory No. 29]** Explain why IRS 990 forms provided to CASA in the Request for Admissions on or about July 3, 2026, Exhibits 1 through 5, do not show an accounts receivable amount in Part X of the tax returns for monies due from Reguli as alleged by Defendants CASA and Layton.

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case because IRS 990 forms are not relevant to a claim or defense.

**11.** **[Interrogatory No. 30]** Identify which person employed by, contracted by, or working with Williamson County CASA, Inc. who will authenticate the Network for Good record for the purpose of admission in any deposition or trial of this matter. Give their name, their authority or role, and the date of generating this document."

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant and not proportional to the needs of the case.

12. **[Interrogatory No. 31]** Who entered "Ms. Connie Reguli" in the Network for Good records?

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case because the identity of the person who "entered 'Ms. Connie Reguli' in the Network for Good records" is not relevant to a claim or defense. CASA further objects to this request to the extent it seeks information not in its possession, custody, or control.

13. **[Interrogatory No. 32]** When does the Network for Good records show that the name and address of "Connie Reguli" was entered into that platform?

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. CASA further objects to this request to the extent it seeks information not in its possession, custody, or control.

14. **[Interrogatory No. 33]** Who entered "1620 Westgate Cir., Ste 150, Brentwood, TN 37027" in the Network for Good records?

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. CASA

further objects to this request to the extent it seeks information not in its possession, custody, or control.

15. [Interrogatory No. 34] If Connie Reguli, never made a donation in the Network for Good platform, explain how the name "Ms. Connie Reguli" appeared in the platform database.

**RESPONSE:** CASA objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). CASA further objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. CASA further objects to this request to the extent it seeks information not in its possession, custody, or control.

**VERIFICATION**

I, Stuart Tutler, on behalf of Williamson County CASA, declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

WILLIAMSON COUNTY CASA, INC.

BY: Stuart Tutler
ITS: Executive Director

Dated: 10/2, 2026