IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

13. October 1, 2026 - Defendant Layton response to Plaintiff discovery on Network for Good

copy

Network for Good
Oct 1, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CONNIE REGULI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 3:24-cv-00694 |
| | ) | |
| JOSEPH A. WOODRUFF, et al., | ) | Judge Trauger |
| | ) | Magistrate Judge Evans |
| Defendants. | ) | JURY DEMAND |

**DEFENDANT EMILY LAYTON'S RESPONSES TO PLAINTIFF CONNIE REGULI'S SECOND REQUEST FOR WRITTEN DISCOVERY**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Emily Layton serves her Responses to Plaintiff Connie Reguli's Second Request for Written Discovery for Emily Layton.

**RESPONSES**

1. **[Interrogatory No. 20]** Identify who prepared or printed the Network for Good document.

**RESPONSE:** Layton objects to the term "prepared" as vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving the foregoing objections, Layton does not know who prepared or printed CASA_00015-16.

2. **[Interrogatory No. 21]** When was the Network for Good record accessed or reviewed by Emily Layton in preparation of her sworn statement.

**RESPONSE:** Layton objects to this request because it is premised on facts not in evidence, *i.e.*, the assumption that Layton "accessed or reviewed" the "Network for Good record." Subject



Case 3:24-cv-00694 Document 214-13 Filed 11/03/26 Page 2 of 9 PageID #: 2808

to and without waiving the foregoing objections, Layton does not recall reviewing CASA_00015-16 in preparation of her May 11, 2022, affidavit.

3. **[Interrogatory No. 22]** What is the date of entry of the name "Connie Reguli" in the Network for Good record?

**RESPONSE:** Layton does not know the date of entry of the name "Connie Reguli" in CASA_00015-16.

4. **[Interrogatory No. 23]** What is the date of entry of the address "1620 Westgate Cir., Ste. 150, Brentwood, TN 37027 entered in the Network for Good records?

**RESPONSE:** Layton does not know the date of entry of the address "1620 Westgate Cir., Ste. 150, Brentwood, TN 37027" in CASA_00015-16.

5. **[Interrogatory No. 24]** What is the date that the organization of Williamson County CASA, Inc. commenced using the Network for Good platform?

**RESPONSE:** Layton objects to this request as irrelevant and not proportional to the needs of the case because the date CASA began using Network for Good is not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control. Subject to and without waiving the foregoing objections, Layton does not know the date of CASA commenced using the Network for Good platform.

6. **[Interrogatory No. 25]** What is the date that the organization of Williamson County CASA, Inc. stopped using the Network for Good platform?

**RESPONSE:** Layton objects to this request as irrelevant and not proportional to the needs of the case because the date CASA "stopped using the Network for Good platform" is not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control. Subject to and without waiving the foregoing objections, Layton lacks personal knowledge of the date CASA stopped using the Network for Good platform.

7. **[Interrogatory No. 26]** Explain why the Network for Good record was not produced in the case of State v. Reguli, Case No. W-CR220457, in the criminal court discovery response to the subpoena prepared by Attorney Michael Stephens in June 2023?

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request to the extent it seeks information not in her possession, custody, or control because she was not a party or subpoenaed in State v. Reguli.

8. **[Interrogatory No. 27]** Identify all CRM (client relations management) tools (or platforms) or other donor management or donation collections platforms used by Williamson County CASA, Inc. between September 14, 2014 and May 11, 2022. Give the name of the platform and the date range used.

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case because the identity of "all CRM . . . tools . . . or other donor management or donation collections platforms used by" CASA

is not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

9. **[Interrogatory No. 28]** Identify the third party that made an unsecured loan to Williamson County CASA, Inc. in the approximate amount of $59,000 which is reflected in the 2019 IRS 990 form in Exhibits 3 and 4 which were provided to Defendant CASA in a Request for Admissions on or about July 3, 2026.

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case because a purported third party "unsecured loan to" CASA is not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

10. **[Interrogatory No. 29]** Explain why IRS 990 forms provided to CASA in the Request for Admissions on or about July 3, 2026, Exhibits 1 through 5, do not show an accounts receivable amount in Part X of the tax returns for monies due from Reguli as alleged by Defendants CASA and Layton.

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case because IRS 990 forms are not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

this request as irrelevant and not proportional to the needs of the case. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

14. **[Interrogatory No. 33]** Who entered "1620 Westgate Cir., Ste 150, Brentwood, TN 37027" in the Network for Good records?

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

15. **[Interrogatory No. 34]** If Connie Reguli, never made a donation in the Network for Good platform, explain how the name "Ms. Connie Reguli" appeared in the platform database.

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

11. [Interrogatory No. 30] Identify which person employed by, contracted by, or working with Williamson County CASA, Inc. who will authenticate the Network for Good record for the purpose of admission in any deposition or trial of this matter. Give their name, their authority or role, and the date of generating this document."

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

12. [Interrogatory No. 31] Who entered "Ms. Connie Reguli" in the Network for Good records?

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to this request as irrelevant and not proportional to the needs of the case because the identity of the person who "entered 'Ms. Connie Reguli' in the Network for Good records" is not relevant to a claim or defense. Layton further objects to this request to the extent it seeks information not in her possession, custody, or control.

13. [Interrogatory No. 32] When does the Network for Good records show that the name and address of "Connie Reguli" was entered into that platform?

**RESPONSE:** Layton objects to this request because it exceeds the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a)(1) and L.R. 33.01(b). Layton further objects to



Case 3:24-cv-00694 Document 214-13 Filed 11/03/26 Page 7 of 9 PageID #: 2813

## VERIFICATION

I, Emily Layton, declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

Emily Layton
Emily Layton

Dated: 10/1, 2026





Scanned with CamScanner

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ Michael J. Stephens
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37128

I also hereby certify that on October 2, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

s/ Michael J. Stephens
Michael J. Stephens