RECEIVED
NOV 03 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

14. October 9, 2026 - Defendant McLendon amended discovery and note from conversation

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

## DECLARATION OF FACTS

I, Connie Reguli, do certify under penalty of perjury that following:

1. I had a brief telephone conversation with Defendant Attorney Dana McLendon on October 9, 2026 to discuss any remaining discovery issues. Mr. McLendon offered the following information:

**Transcript: Dana McLendon. 10-09-26.m4a**
Speakers: Dana McLendon and Connie Reguli)

**Dana**: So Emily and I… it never met. I don't remember ever talking about it other than just this incredibly brief, without any closure, back and forth about a subpoena that Deana either did or didn't issue. And then that was it. So when this letter came from Woody, I didn't even remember that I'd ever corresponded with Emily. So we made a… some… I think I either… **I don't even know how we got in touch, but there's an email that is like just a blank contact. Because I, at some point she… I told her write this letter, I gather she did, and my memory is Woody then called me and said, "I don't want a letter, I want an affidavit." And I said, "Okay."**

So I drafted the affidavit, I sent it, I must have sent it to Emily. And my memory is she got it signed and dropped it at my office, and I… I must… I think I was out of town when she delivered it. I got back, I wrote the cover letter, I may have walked it over to the courthouse, I may have mailed it, I don't remember, and I know you didn't get it, but I prepared the cover letter and put you on as a recipient of the cover letter and the affidavit. That was it.

**Connie:** Yeah, just curious, why didn't you file it with the court?
**Dana:** Well, because I was responding to a letter, and I wasn't counsel of record for anyone.

Date: ______________________________

Signed: NOV 1, 2026

Under 28 U.S.C.S. § 1746, a matter may be evidenced by a declaration if the declarant includes, in substantially the following form, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)
*Shelton v. Cuyahoga Metro. Hous. Auth.*, No. 24-3933, 2026 U.S. App. LEXIS 1267, at *1 (6th Cir. Jan. 14, 2026)

copy 9/10/26

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF TENNESSEE
NASHVILLE DIVISION

CONNIE REGULI

Plaintiff

v..

JOSEPH A. WOODRUFF, ET AL

Defendants

Case No. 3:24-cv-00694
Judge Trauger
Magistrate Judge Evans
Jury Demand

**DANA MCLENDON'S SUPPLEMENTAL RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY FROM THE DEFENDANTS EMILY LAYTON, CASA OF WILLIAMSON COUNTY, INC, DANA MCLENDON, JOHN STEPHENS, AND KIMBERLY HELPER (ESTATE OF)**

## I. General questions for all defendants

1. Consistent with Federal Rules of Civil Procedure 26(a), please provide the following:

(i) the name and, if known, the address and telephone number of each **individual** likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

RESPONSE:

I anticipate the current or former parties to this litigation would have knowledge of what did – and did not – happen. I don't have the telephone numbers of any of the parties in this suit. The addresses are, I presume, where they were served, but I have no independent knowledge of their addresses. There are a number of individuals identified in the complaint that may also have information relevant to this case, but I don't know what they do or don't know about the averments in the complaint.

(ii) a copy—or a description by category and location—of all **documents**, electronically stored information, communication, and tangible things that the disclosing party has in its

possession, custody, or control and may use to support its claims or defenses, including exculpatory information, unless the use would be solely for impeachment;

RESPONSE:

I have a small digital file of documents in this case limited to a copy of the letter from and to Judge Woodruff and the affidavit of Emily Layton.

**SUPPLEMENTAL RESPONSE 10 SEPTEMBER 2026:**

**As the discovery documents and interrogatory responses have been circulated, I have now seen documents I don't think I'd ever seen, which prompted me to look further into my records. As a result, I have found a few emails that are responsive to the request, and they are provided with these responses. I have redacted identifying information from the emails because that information is completely unrelated to anything in this case.**

(iv) for inspection and copying as under Rule 34 , any **insurance** agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:

The allegations against me are all purported intentional torts. I do not have any insurance for intentional torts. To be clear, I deny I committed any wrongdoing in this case.

2. For any **expert** upon which you intend to rely provide the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

RESPONSE:

No experts have been identified.

3. Describe all **communication** that refers to Connie Reguli or any of the facts alleged in this case that you have had with any and all of the original named defendants in this matter from March 1, 2022 through June 30, 2023, including Joseph A. Woodruff, Dana McLendon, Emily Layton, Kimberly Helper, John Stephens, and any person holding themselves out as a representative or employee or agent of CASA of Williamson County. Include the date, time, and content of the communication. All communication includes letters, email, phone call, personal, etc.), the persons communicated with and the content. Provide a copy of this communication.

RESPONSE:

I do not have any communications that refer to Connie Reguli or the facts alleged in this case with any of the parties to this case outside of email correspondence with counsel in this case.

**SUPPLEMENTAL RESPONSE 10 SEPTEMBER 2026:**

**As the discovery documents and interrogatory responses have been circulated, I have now seen documents I don't think I'd ever seen, which prompted me to look further into my records and to reflect upon these events further. One thing I can now recall is that my initial advice to Ms. Layton was to respond to Judge Woodruff's letter with a letter from her with the answer, whatever it was. I do not think I ever saw that letter until the discovery in this case. My memory, jarred by seeing this letter, is that Judge Woodruff called me and informed me that he had the letter but he wanted the answer in the form of an affidavit. It was then and for that reason I prepared the affidavit for Ms. Layton, which I sent to her by email.**

4. Provide all **cell phone numbers** and the provider that you used during the time period from March 1, 2022 through June 30, 2023. Give the phone number, the cell phone provider, and the name of the person or entity holding the contract for the cell phone service.

RESPONSE:

615-310-3195 AT&T

5. Provide all **email addresses** that you used from the period of March 1, 2022 through June 30, 2023. Include the exact email address, the carrier or provider, and if the account is held by anyone other than yourself, please provide the name and contact information (phone, address, email) of that person or entity.

RESPONSE:

dana@danamclendonlaw.com

danamclendon@icloud.com

danamclendon3@gmail.com

6. Provide a description of your **employment** from March 1, 2022 through June 30, 2023, including your job description or title, your employer or name of your business entity, the source of your income, your rate of pay per month.

RESPONSE:

I have been self-employed since 2016. My income is variable.

7. Regarding your **relationship** with any other defendant or co-conspirator (Emily Layton, Dana McLendon, Joseph A. Woodruff, Kimberly Helper, John Stephens) and including the organization CASA of Williamson County, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

RESPONSE:

I deny that I am a "co-conspirator" and therefore have no answer to this question. Without waiving this objection, I have described my relationship with Judge Woodruff and Kim Helper in other responses. I do not know John Stephens or Emily Layton.

8. For each **individual** you have listed under (1)(i) above, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

RESPONSE:

This question is answered in other interrogatory responses. To the extent there are persons identified in the complaint that may have knowledge of the issues in this litigation, I object as it is overly broad and unduly burdensome.

## IV. Discovery request specifically and solely for Dana McLendon

A. Describe your relationship with Emily Layton, Marianne Schroer, Kimberly Helper, and John Stephens giving the following information. The date of your first introduction. Where and how you were introduced. The capacity in which your introduction occurred, such as employment, contract, social, etc. The name and contact of any person who facilitated or participated in that introduction. After introduction, did you maintain an ongoing relationship in some capacity, if yes, describe the nature of that relationship. If you met this person at multiple functions and multiple venues over the course of the relationship, describe those events. Describe your most recent contact or communication with this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact.

RESPONSE:

I do not know Ms. Layton. I dealt with her only briefly, never in person, to create the affidavit at issue.

**SUPPLEMENTAL RESPONSE 10 SEPTEMBER 2026:**

**As the discovery documents and interrogatory responses have been circulated, I have now seen documents I don't think I'd ever seen, which prompted me to look further into my records. As a result, I have found a few emails that are responsive to the request, and they are provided with these responses. I have redacted identifying information from the emails because that information is completely unrelated to anything in this case. It appears that Ms. Layton and I briefly dealt with one another in January 2022 on an unrelated case, but it also appears that neither of us remembered that by May of 2022 because in May 2022 we were exchanging contact information that apparently we had exchanged in January 2022.**

I do not know Mr. Stephens.

I think I met Kim Helper when she became a prosecutor in Franklin. I don't know when that was. Either way, as an attorney and alderman in Franklin I knew Mrs. Helper for years. I have never been to her home or socialized with her outside of court, civic functions attended by dozens or hundreds of people, or by happenstance in passing at a restaurant. Mrs. Helper is deceased.

I have known Mrs. Schroer for many years. I was on the Franklin Board of Mayor and Alderman with her husband, John when he was an alderman and mayor. I don't know when or how we met, but I suspect it was around the time her husband was elected to the Board of Mayor and Alderman.

It could have been earlier through her work at CASA, but I don't recall. Either way, as an attorney and alderman in Franklin I have known Mrs. Schroer for years. I have never been to her home or socialized with her outside of court, civic functions attended by dozens or hundreds of people. or by happenstance in passing at a restaurant. I don't recall the last time I saw Mrs. Schroer.

B. Describing your relationship with Judge Joseph A. Woodruff, give the following information. The date of your first introduction. Where and how you were introduced. The capacity in which your introduction occurred, such as employment, contract, social, etc. The name and contact of any person who facilitated or participated in that introduction. After introduction, did you maintain an ongoing relationship in some capacity, if yes, describe the nature of that relationship. If you met this person at multiple functions and multiple venues over the course of the relationship, describe those events. Describe your most recent contact or communication with this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact. Be sure to include any relationship, meeting, and work with Woodruff that would have occurred while you were employed by Waller, Lansden, Dortch, and Davis. Including organizations, such as Williamson County Bar Association, Board of Professional Responsibility, Inns of Court, JJJ committee, and any other organizations, clubs, or social circles.

RESPONSE:

I was a summer associate at Waller Lansden Dortch & Davis in 1992. I went to work there as an attorney in 1993. I met and worked with Joseph A. Woodruff and many other lawyers in the litigation section of the firm from 1993-1998, when I left the firm. In the five years I worked there, I am sure I worked with Mr. Woodruff regularly, but I couldn't tell you any specific case or date of such work.

Since 1998 I have been an attorney in Franklin, Tennessee. As such, I have appeared in front of Judge Woodruff countless times since he became a judge. I have never been to his home or socialized with him outside of court, civic functions attended by dozens or hundreds of people. or by happenstance in passing at a restaurant.

I was not involved with Judge Woodruff's campaign except I gave money and attended one event I think. I don't know what the JJJ committee is. I have not been a member of Inn of Court in Franklin, or if I ever was it was before 1997 I think. I am not a member of the Williamson County Bar Association.

I see Judge Woodruff in the courthouse regularly.

C. Describe how, when, and why the May 11, 2022, Emily Layton affidavit was created, who wrote it, what input did you have, what were you told about its creation, and identify all persons


Case 3:24-cv-00694 Document 214-14 Filed 11/03/26 Page 9 of 20 PageID #: 2824

that you discussed this with either in the preparation, reviewing, or signature. Describe where and when Layton signed it. Give the name and identity of the notary who verified your signature. Describe what you did with the affidavit after you signed it. Who did you give a copy to? Did you maintain a copy? If yes, where did you keep that copy? Did you keep the original? If so, where is the original. If not, who received the original?

RESPONSE:

Judge Woodruff sent a copy of his letter to Ms. Layton to me. I contacted Ms. Layton, whom I had never met, and discussed preparing an affidavit for her to respond to the letter. I do not recall discussing it with anyone else. I asked her to look into the issue and let me know what she found. As I recall, she told me CASA had no record of any payment from plaintiff to CASA. I prepared a short affidavit reciting that and sent it back to her. I did not notarize it. I don't recall how I got it back from her, but I must have because I sent a cover letter and the affidavit back to Judge Woodruff and sent a copy to plaintiff at the same time. I believe I sent the original to Judge Woodruff and a copy to plaintiff. I kept only a digital copy. A copy of my return cover is attached.

**SUPPLEMENTAL RESPONSE 10 SEPTEMBER 2026:**

**One thing I can now recall is that my initial advice to Ms. Layton was to respond to Judge Woodruff's letter with a letter from her with the answer, whatever it was. I do not think I ever saw that letter until the discovery in this case. My memory, jarred by seeing this letter, is that Judge Woodruff called me and informed me that he had the letter but he wanted the answer in the form of an affidavit. It was then and for that reason I prepared the affidavit for Ms. Layton, which I sent to her by email.**

D. Describe your relationship with Judge Sharon Guffee and her family member, in particulate, your prior work with Guffee as lawyers, the appeals filed with Guffee, the relationship and activities with her husband, John Guffee, your relationship with Megan Guffee, the number of appointments for attorney services you have from Sharon Guffee from January 2018 through June 2023.

RESPONSE:

I do not know when or how I met Judge Guffee. We have both been practicing in Williamson County for many years. I have met her daughter, Megan, because she lives in my neighborhood (or at least did) and represents this district on the county commission.

I can't remember when or for exactly how long, but for a while before Judge Guffee went on the bench we rented offices in the same building. When she became a judge, I recall she referred one case to me for an appeal, and maybe one or a few others in trial court. I don't know how many times Judge Guffee has appointed me to any case, but I would guess fewer than five, for which I

do not recall ever seeking payment. I can think of only one appointment I know of for sure, that was earlier in 2025. I was not paid and will not seek payment for that appointment.

I was not involved in Judge Guffee's campaign, though I did support her publicly and I did have her as a guest on my podcast in advance of the election.

I am not sure I ever met John Guffee, but if I did I don't recall it. He has been deceased for some time.

I have never been to Judge Guffee's home or socialized with her outside of court, civic functions attended by dozens or hundreds of people. or by happenstance in passing at a restaurant.

E. **Asset inquiry for punitive damages:** Describe your current financial status, including your ownership of real and personal property, assets held in financial institutions, assets held in stocks, bonds, certificates of deposition, certificates of title, liens, accounts receivable, judgments in favor of yourself not yet collected, partnerships, memberships in limited liability companies, stocks in any public or private corporation, limited partnership interests, fine jewelry, antiques, collectibles, and any other thing of value. Describe the item, the location or institution, the value, and any change in value since June 5, 2023.

RESPONSE:

Objection. This discovery is premature, and I would ask the court to enter a protective order on this subject at least until dispositive motions are resolved.


Case 3:24-cv-00694 Document 214-14 Filed 11/03/26 Page 11 of 20 PageID #: 2826

## Verification

I, Dana Crosland McLendon III, do swear or affirm, under penalty or perjury, that my responses to the Plaintiff's request for interrogatory responses are true and correct and based on my personal knowledge.

*/s/ Dana C. McLendon III*
Dana C. McLendon III (TN BPR #016214)
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
(615) 310-3195 phone/text
(615) 807-3790 fax
dana@danamclendonlaw.com
*Pro Se*

## Certificate of Service

The undersigned certifies that the foregoing was served on September 10, 2026 by email upon counsel of record and by United States mail upon:

Connie Reguli
8009 Shelly Plum Dr.
Murfreesboro TN 37128
*Plaintiff Pro Se*

Fritz Spainhour
Mike Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
cblair@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

*/s/ Dana C. McLendon III*

**Subject:** dana
**Date:** Wednesday, January 12, 2022 at 1:42:00 PM Central Standard Time
**From:** Dana McLendon
**To:** emily@williamsoncountycasa.org

Contact information

Dana C. McLendon III (#16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
615-310-3195
dana@danamclendonlaw.com

| | |
|---|---|
| Subject: | Re: FW: In the [redacted] |
| Date: | Wednesday, January 12, 2022 at 1:58:00 PM Central Standard Time |
| From: | Dana McLendon |
| To: | Emily Layton |
| Attachments: | image001.jpg |

Got it. Let me know what there is that is covered by the subpoena, and what if anything you would not want to produce until a judge ordered it.

Dana McLendon
McLendon Law Office
2020 Fieldstone Parkway
Suite #900-217
Franklin TN 37069
615-310-3195 phone/text
Dana@danamclendonlaw.com

On Jan 12, 2022, 13:54 -0600, Emily Layton <emily@williamsoncountycasa.org>, wrote:

> Hi Dana,
>
> The subpoena is attached here. We have our CASA reports that we can provide. I am verifying with the advocate if she has any emails or texts with family members.
>
> Thank you,
> Emily
>
> **From:** Annie Osteen <assistant@deanahoodlaw.com>
> **Sent:** Monday, January 10, 2022 2:29 PM
> **To:** Tami Schultheis <tami@williamsoncountycasa.org>
> **Cc:** Emily Layton <emily@williamsoncountycasa.org>
> **Subject:** In the Matter of [redacted]
>
> Good afternoon-
>
> Please see the attached and let me know if you will accept service.

Thank you,

BYRD & HOOD
AN ASSOCIATION OF ATTORNEYS

**Annie Osteen**

**Paralegal to Deana C. Hood**

317 Main Street Ste 204

Franklin, TN 37064

(p): 615-595-2991

(f): 615-595-2984

(e): assistant@deanahoodlaw.com

**This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The information contained herein is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or if an attachment is made in error, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the above person by telephone immediately by return e-mail and delete/trash the original message from your system. Thank you for your cooperation.**

**Subject:** Re: In the Matter of [redacted]
**Date:** Thursday, January 20, 2022 at 12:16:26 PM Central Standard Time
**From:** Dana McLendon
**To:** Emily Layton
**Attachments:** image001.jpg, image001.jpg

Yes.

Dana C. McLendon III
McLendon Law Office, Founder
2020 Fieldstone Parkway
Suite 900-217
Franklin TN 37069
615-310-3195 iPhone
615-807-3790 efax
Dana@danamclendonlaw.com

On Jan 20, 2022, at 11:57 AM, Emily Layton <emily@williamsoncountycasa.org> wrote:

Hi Dana,
I wanted to follow up and verify that you are reaching out to Deana Hood's office regarding the subpoena.
Thank you,
Emily

**From:** Annie Osteen <assistant@deanahoodlaw.com>
**Sent:** Thursday, January 20, 2022 11:42 AM
**To:** Emily Layton <emily@williamsoncountycasa.org>
**Subject:** In the [redacted]

Good Morning, Emily-

I hope you are doing well. On Jan 10th, I had emailed a subpoena to your office regarding the aforementioned case and had asked if CASA would accept service. I did not hear back. I followed up on January 12th via telephone and left a message for you with the receptionist. I called again on January 18th and left another message. Wasn't sure if you were in the office or if I needed to get that information from someone else. If you

could kindly direct me to whomever I need to speak with regarding the subpoena, that would be great.

Thanks so much and enjoy the rest of your day,

B&H | BYRD & HOOD
AN ASSOCIATION OF ATTORNEYS


**Annie Osteen**
**Paralegal to Deana C. Hood**
317 Main Street Ste 204
Franklin, TN 37064
(p): 615-595-2991
(f): 615-595-2984
(e): assistant@deanahoodlaw.com



This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The information contained herein is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or if an attachment is made in error, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the above person by telephone immediately by return e-mail and delete/trash the original message from your system. Thank you for your cooperation.

---

**Subject:** 220110 Subpoena for records.pdf
**Date:** Thursday, January 20, 2022 at 12:22:18 PM Central Standard Time
**From:** Dana McLendon
**To:** Deana Hood
**BCC:** Emily Layton
**Attachments:** 220110 Subpoena for records.pdf

Deana,

I'm going to be handling this matter for CASA. There are probably some records that could be produced without objection, but not everything on this list. Can we have a conversation about that before I am put to the task of filing a motion?

Dana C. McLendon III (BPR #16214)
2020 Fieldstone Parkway
Suite 900-217
Franklin, TN 37069
615-310-3195 iPhone / Text
615-807-3790 FAX
dana@danamclendonlaw.com

**Subject:** Emily Layton
**Date:** Tuesday, May 3, 2022 at 1:57:56 PM Central Daylight Time
**From:** Emily Layton
**To:** Dana McLendon

**Emily Layton**
**Williamson County CASA** | *Executive Director*
p: 615.591.2699 ext. 1 | emily@williamsoncountycasa.org | Williamsoncountycasa.org

**Lift up a child's voice.**
**A child's life.™**

The information in this email and in any attachment is confidential and may be privileged. If you have received this message or a copy of this message in error, you should delete this message. Any unauthorized distribution, disclosure, or actions taken based on information contained herein is strictly prohibited.

**Subject:** Affidavit of Emily Layton
**Date:** Monday, May 9, 2022 at 10:37:00 AM Central Daylight Time
**From:** Dana McLendon
**To:** Emily Layton
**Attachments:** Affidavit of Emily Layton.pdf

Affidavit of Emily Layton.pdf