RECEIVED
NOV 0 3 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

15. October 20, 2026 - Plaintiff letter to Defendant deficiency

2026 10 20 - Reguli/Woodruff Letter discovery conf 10-19-26
Transmitted via Email and First Class Mail.

From:
Connie Reguli
8009 Shelly Plum Dr.
Murfreesboro, TN 37128

Charles Frederick Spainhour
Michael J. Stephens
BRADLEY ARANT BOULT CUMMINGS LLPS
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3814
fspainhour@bradley.com
mstephens@bradley.com
*Attorneys for Williamson County CASA, Inc. and Emily Layton*

Counsel,

This letter is to summarize the discovery conference we held telephonically October 19, 2026.

**Defendants' deficiency claim against Plaintiff:**

1. Reguli's responses to Layton's second set of interrogatories and first set of requests for production.

I have prepared and mailed my amended response to interrogatories 4 and 5 which should address your discrepancies.

2. Reguli's response to Interrogatory No. 1 and your letter dated October 7, 2026 requesting a supplement to Interrogatory No. 1.

As I stated on the phone call, I had not received the flash drive and could not review the documents you suggested. In my response to Interrogatory No. 1, the response states, "Plaintiff no longer has financial records before May 11, 2022 and responds based on recollection." I provided information on twelve institutions based on my memory. Your recent receipt of bank records does not really change my recollection and you have the information I would have. I do not have any other information that what you have obtained.

3. Emily Layton separation date: Defendants' counsel also stated that there was an error in the written responses regarding the separation date of Layton.

Plaintiff requests an amended response to correct.

**Plaintiff's deficiency claim against Defendants Layton and CASA from Plaintiff's draft for joint motion for discovery conference dated September 17, 2026:**

Page 3: Disclosure of expert witnesses: CASA objected to this request as premature even though the discovery deadline was set for October 16, 2026. Plaintiff now understands that neither CASA nor Layton intend to call an expert. Plaintiff would ask that the both defendants amend their discovery responses to reflect their current position.

Pages 4 -6: Communications referring to Connie Reguli: Defendants objected to Plaintiff's request for all communications between CASA associates (employees and board members) referring to "Connie Reguli" between September 14, 2014 (CASA sanction) and June 5, 2023 (CASA response to criminal subpoena). Defendants objected on overly broad, and that there was no relevance to any communication after May 11, 2022. Defendants' counsel stated in conference that they have located one more piece of communication that will be provided but otherwise there is no other communication identifying Connie Reguli. Plaintiff understands that CASA represents that there is no communication by CASA associates in this regard after May 11, 2022. Plaintiff asks that the Defendants amend those discovery responses.

Page 6 & 7: Policies, duties, responsibilities: Defendants provided documents with a letter dated July 13, 2026. CASA_00001 - CASA_00008 is an Administrative Assistant Guide dated September 2022. CASA_00009 - CASA_00012 is an undated document titled Williamson County CASA Accounting Policies & Procedures. The written responses to interrogatories did not identify the effective date of this document. CASA responded in discovery that they were relying on the Fed. R. Civ. Proc. 33(d) assuming that the documents would be responsive to the request. However, to be responsive, the documents would need to identify the date of adoption by some resolution or other documents within the organization.

Pursuant to our conversation, Defendants' counsel stated that there was another policy document dated 2010 that would be provided. Plaintiff would request an amended response that identifies the document describing policies, procedures, job duties and responsibilities, etc. along with the effective date. The relevant time period is September 14, 2014 through May 11, 2022.

Page 8 & 9: Tax returns and financials of CASA: Plaintiff has requested (1) a request for admissions on the genuineness of the tax documents and financials (July 3, 2026), and (2) the tax

documents and financials in discovery requests. Defendants' counsel objects as to lack of relevance.

Plaintiff argues that these documents are relevant. (1) Two of the tax documents appear to be executed by Emily Layton while she served as executive director. These records show that one year the organization marked their accounts receivable as $126 and the following year there was no accounts receivable. (2) the other tax documents did not show any accounts receivable in Part X of the IRS 990. This information is material and relevant to the affidavit of Emily Layton. Layton was an executive director with financial responsibilities. She withheld from her affidavit that the organization did not have an account receivable in any amount. (3) Plaintiff provided several financial statements, profit and loss, and balance sheet reports which were located from public websites. These documents show receipt of miscellaneous income which was easily available to Layton and which she also did not disclose.

Your own document (CASA_00012) says that the executive director reviews and approves the monthly and fiscal year profit and loss and balance sheet. This means that it was within the required duties of Layton to review these items. Plaintiff intends to examine Layton on her duties and why she ignored this valuable information in her affidavit. We now know, from Mr. McLendon's amended discovery responses, after Layton sent her short letter to Woodruff on May 2, 2022, Woodruff called McLendon and stated that he wanted an affidavit, not a letter. This was Layton's second opportunity to exercise due care in the information she transmitted in a verified statement. Layton did not have personal information. She had not been employed during the entire term of the affidavit. And she withheld information that was included in the very documents she had a duty to either prepare, review, or approve. These financials are material, proportional, and relevant.

In addition, Williamson County CASA, Inc. is an IRS 501(c)(3) organization which has duties of public disclosure under the IRS code. Williamson County CASA, Inc. also receives government grant funds which arguably makes them subject to public records under the Tennessee decision *Memphis Publishing v. Cherokee Children & Family Services.*

When I am preparing the discovery dispute. I will file the entirety of the July 3, 2026 request for admissions. Since I obtained these documents outside of this litigation, they will not be subject to the protective order or placed under seal.

Your objection to the genuineness of these documents and failure to provide a Rule 30(b)(6) representative to authenticate the contents should be reconsidered. Your position is not reasonable and should be reconsidered.

**Plaintiff's Request for Rule 30(b)(6) representative and your letter dated October 7, 2026. Numbers correspond to numbered items in the letter.**

2. CASA Policies and duties of executive directors: This question relates to the request above for the correct policies in place between September 14, 2014 and May 11, 2022. I request that the proper documents be provided in preparation for the deposition of this witness.

3. CASA tax records and the recording of receipts: This question raises the question of tax documents and financial records again. Plaintiff request verification of these records as produced July 3, 2026 and the production of a representative to verify or authenticate the contents and the method of preparation.

4. CASA will produce a representative to "identify and confirm that CASA received the deposits reflected in this document". The document produced in the criminal court case is barely if at all legible. Plaintiff request a legible version and a representative that can also authenticate the report as agreed in number 5.

5. CASA has agreed to produce a representative to authenticate the report of income produced in the criminal court case. A legible copy is requested.

6. CASA will authenticate the insurance policy provided. CASA 00018-00098.

7. CASA provided no response to No. 7.

8. CASA has agreed to produce a representative regarding communications regarding the Layton affidavit. To the extent that there is written communication, this should have been produced in discovery. Plaintiff asks for all written communication to be produced.

9 - 13. CASA provided no response to no objections to No. 9 - 13.

14. CASA agreed to produce a representative to testify regarding communications with Reguli regarding the 2014 sanction. After our conference, it is my understanding that there are NO communications between CASA associates and Reguli regarding the 2014 sanction. During this conference, Defendants counsel suggested the such communication would be equally available to Plaintiff Reguli. To confirm, the email address that Reguli used between 2014 and 2022 was connie.reguli@lcflc.com. Plaintiff has not had access to this account since the closure of the business. To the extent CASA has any communication they will supplement their discovery responses and provide.

15. CASA will produce a representative to testify regarding Layton's authority relating to CASA's finances. As discussed above, Layton executed at least two IRS 990 tax returns and had the duty to review and approve financial statements according to the policy provided to Plaintiff. Please update your discovery and confirm the policies that were in affect between September 2014 and May 2022.

16. CASA will not produce a representative regarding donations by Sharon Guffee. CASA will produce a representative to discuss the donations to CASA made by Joseph A. Woodruff. Plaintiff seeks any donation made in 2014 through 2022. Plaintiff waives information on Sharon Guffee.

17. CASA will produce a representative to testify regarding the instruments or insurance that covers errors and omissions of officers and the executive director.

18. CASA will NOT produce a representative to testify regarding the CASA IRS 990 forms. Plaintiff has addressed this above and will seek relief from the Court.

19. CASA will NOT produce a representative to testify regarding the IRS 990s. Same as above. Plaintiff will seek relief from the Court.

20-21. CASA does not object.

22. CASA will produce a representative to discuss the factual bases for statements made in the Layton affidavit.

23. CASA will produce a witness regarding any email communication regarding "Connie Reguli" between September 14, 2014 and May 11, 2022. Plaintiff has asked for all communications through June 5, 2023 since Layton remained a material witness in the criminal case until the case was dismissed. Any communication internally or with prosecutors or law enforcement are material and relevant. If these documents are available please supplement your discovery. If no such discovery exists, please inform.

24. CASA will not produce attorney contracts and invoices. Plaintiff waives this request.

In conclusion, I am amending my responses submitted on September 9, 2026.

I am asking for timely supplementation of (1) policies and procedures in effect between September 14, 2014 and May 11, 2022, and an effective date for CASA_00009-00012; (3) any and all communications with Reguli regarding the 2014 sanction and emails regarding "Connie

Reguli"; (4) confirmation that neither CASA nor Layton intend to rely on expert testimony; (5) a legible copy of the "miscellaneous income" ledger provided in the criminal court; (6) to the extent there are documents regarding the errors and omissions of CASA associates, those documents are responsive to prior discovery requests.

I would also ask Defendants to reconsider its position on the tax and financial records after reviewing my argument above.

I intend to seek relief from the court by the end of October. I look forward to your response.

As stated on the telephone, I do not authorize service electronically. To the extent you send an email and I receive it, I will confirm, however, I do not check my email everyday.

I will email and mail this letter.

______________________
Connie Reguli
Date October 20, 2026



Case 3:24-cv-00694 Document 214-15 Filed 11/03/26 Page 7 of 7 PageID #: 2842