RECEIVED

NOV 0 3 2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

16. October 23, 2026 - Defendant letter to Plaintiff with CASA_00206 - CASA_00213

**Fritz Spainhour**
Partner
fspainhour@bradley.com
(615) 252-3821 direct

Bradley

October 23, 2026

**VIA U.S. MAIL & EMAIL**
Connie Reguli
8009 Shelly Plum Drive
Murfreesboro, Tennessee 37128
Connie.familyforward@gmail.com

RE: Final Discovery Disputes; Production of Documents

Ms. Reguli:

In follow up to our call earlier this week and your subsequent letter, I believe we have successfully resolved most remaining discovery disputes.

The dispute that remains outstanding relates to CASA's tax and financial documents that have no relevance to this case. Your position that Layton and CASA should have reviewed these documents in responding to Judge Woodruff's request is incorrect. These documents have no bearing on whether you paid the sanction. They contain no payor information whatsoever. Your contention about accounts receivable is also incorrect, as CASA never considered your sanction an account receivable. CASA, through Layton and its bookkeeper, diligently investigated the records relevant to Judge Woodruff's inquiry, in particular the ledger of all income that we have already produced to you. Layton and CASA then truthfully, fully, and accurately responded to that inquiry. The truth remains that you never paid CASA. Not only have you failed to produce any evidence to the contrary, but you have also obstructed our efforts to obtain evidence that could actually help your case—if you had paid. As discussed on the phone, you plan to take the issue of tax and irrelevant financial documents to the Court.

Your letter differs from our conversation in at least one material respect. As to requests related to communications about you after the date of Layton's affidavit, we reached a compromise on our call that is not reflected in your letter. CASA's position that searching for any communication about you without any further limitation is not proportional to the needs of the case. As a compromise, CASA nevertheless searched its emails from August 1, 2014, to May 11, 2022, (the date of the affidavit) for "Connie Reguli." CASA located one irrelevant document, which it will nevertheless produce.

CASA's position is that any communication about you after the date of the affidavit is irrelevant because you allege no misconduct by either Layton or CASA after that date. We nevertheless agreed on the phone to extend our search up to the date of your subpoena in the criminal case, which we are presently doing. We do not expect to find anything relevant because, as we told you, neither Layton nor CASA took any action with respect to you between the date of Layton's affidavit and the date of your subpoena to CASA in the criminal case, which was March 2, 2023. Once you sent a subpoena to CASA, CASA engaged counsel, and you participated in the subsequent proceedings. CASA maintains its position that searching for documents postdating

your criminal subpoena is not proportional to the needs of the case. Those documents have no relevance to the issues that matter in this lawsuit, and the burden of collecting, reviewing, and logging those documents, which would consist of communications with counsel about your subpoena, dramatically outweighs any purported benefit to this lawsuit. Assuming you continue to agree to the compromise we reached on the phone, this issue is resolved, and we will update the pertinent discovery responses through the date of your criminal subpoena to CASA.

This letter and the compromises we have reached are not an agreement with your positions on any issue, and we are not waiving any arguments. We are simply trying to bring discovery to a close so that we can obtain a ruling on the merits of your case.

Please prepare a current joint discovery dispute statement with your updated position. We will promptly respond with our position for submission to the Court.

Finally, CASA produces the additional accounting policies and procedures (CASA_00206–213) and the email (CASA_00214–229) we discussed, which are enclosed. This production is made subject to, and without waiver of, the objections and responses previously served by CASA in its written discovery responses, and CASA reserves the right to supplement or amend this production as discovery continues. Pursuant to the Protective Order ¶¶ 1–3 (Dkt. 183), CASA_00214–229 is "Confidential" and personally identifying information of non-party individuals has been redacted.

Regards,

Fritz Spainhour

2010

**Williamson County CASA Accounting Procedures & Policies**

**General**

The purpose of Williamson County CASA's ("WCCASA") Accounting Manual is to explain accounting policies and procedures adopted by WCCASA. Compliance with the stated procedures and policies is mandatory to provide the following:

1. Accurate and complete disclosure of the financial results of activities or programs
2. Effective control over and the accountability for all funds, property and assets.

**Authorizing Payments:**

The Executive Director shall be responsible for all payments on behalf of WCCASA. Payments may be made by a bookkeeper so long as any and all payments made are made only upon receipt of proper authorization by the Executive Director or Board designee. Payments may be made in a variety of ways, including checks, bank transfer and cash (in special/exceptional cases).

Before any payment is made, the following must be verified:

- Correct authorization of the payment
- Payment is made against the proper budget line item
- Final payment is made only after actual receipt of goods and services.
- Original approved invoice

All checks over $3,000.00 shall be signed by two (2) of the following officers: president, vice–president, treasurer, secretary, executive director or others as designated by the board of directors. Notwithstanding the above, regardless of amount all payments to the executive director shall be signed by the executive director and one of the following officers: president, vice-president, treasurer or secretary.

**Check Requests:**

Requests for checks should be submitted using the Check Request form (attached). Check requests will be processed, at a minimum, each Monday (or day/s of the week to be specified) and then submitted for proper approval signatures.

**Expense Reimbursement Requests:**

When a credit card or petty cash is not available to purchase a necessary expense for the organization, and an individual's personal funds are used, an Expense Reimbursement form (example attached) is to be completed and submitted to the Executive Director. Personal funds should be used in rare occurrences and only when absolutely necessary. Only expenses approved by the Executive Director (and requisite officers if required by this Policy) may be eligible for reimbursement. Failure to secure advance approval could result in expenditures, which are deemed unacceptable. Unacceptable expenditures will not be honored by WCCASA and in such cases; the individual will be held solely responsible and will not receive reimbursement.

Note: Itemized receipts are a necessity for *all* purchases. Receipts showing only a total balance and not a detail of each charge incurred are not considered an acceptable receipt of payment.

**Petty Cash:**
Small items of expenditures may be claimed from petty cash. The petty cash is maintained by the Executive Director and shall be reconciled monthly against the accounting therefor and replenished (Petty Cash policy at the end of this document).

**Bank Reconciliation:**
A monthly bank reconciliation is prepared to reconcile bank statements with the bank ledger from the accounting software. The bank reconciliation is prepared by the Executive Director or the bookkeeper, if one is in place.

**Inventory:**
All general supplies purchased as property of WCCASA shall be added to an "Inventory List" maintained for record-keeping purposes monthly.

Any single item costing $500.00 or greater should be noted separately on a log (as well as including in the Inventory List) and submitted as purchased or at the least, monthly, to the Executive Director. This allows the items to be maintained on a compiled "Fixed Assets" list for auditing purposes.

**Credit Card Expense Report Log:**
Each employee authorized to use a WCCASA credit/debit card is responsible to perform a full expense report log each month of each charge incurred for each credit card, which he/she is to provide to the Executive Director (who will provide to the Bookkeeper/Accountant). (Example attached.) THE PAID RECEIPTS OR INVOICES SHOULD ALWAYS EQUAL THE CREDIT CARD CHARGE BALANCE.

If during the time this report is being completed, it is noticed a receipt is lost, a Missing Receipt report is to be completed (Example attached). These reports are to be completed *separately* for each card used during the month.

Note: Itemized receipts are a necessity for *all* purchases. Receipts showing only a total balance and not a detail of each charge incurred are not considered an acceptable receipt of payment.

**Month-end Closing Schedule:**

All receipts, invoices and expense related documentation must be turned in by the 2nd day of the month following the month the expenses/activity occurred in. (Example, all August receipts, invoices and expense related documentation should be turned in by September 2nd – or the next business day immediately following the 2nd day, if it falls on a Saturday or Sunday).

**Petty Cash Statement & Policy:**
Petty cash refers to a fund of fixed amounts used for making small, emergency expenditures.

Such transactions, however, must be handled in accordance with established purchasing procedures. Failure to comply could result in expenditures, which are deemed unacceptable. Unacceptable expenditures will not be honored by WCCASA and in such cases; the individual will be held solely responsible and will not receive reimbursement.

**Initiating a Petty Cash Fund**
In order to access petty cash, the Executive Director shall complete a Petty Cash Request Form (example attached). The dollar limit for each use of the fund is set at the Board of Director's discretion, currently $100.00.

Items *Not* To Be Purchased or Paid For With Petty Cash Funds:

1. Personal services or personal items, such as flowers, candy foods, beverages, etc.
2. Items regarded as travel expenses.
3. Sales tax. (Obtain tax-exempt letter prior to purchase.)

**Proper Uses of a Petty Cash Fund**
Receipts must be provided for authorized purchases. No money shall be disbursed from the Petty Cash Fund to reimburse a person unless a paid receipt or invoice is presented.

**Custodian Responsibilities**
It will be the responsibility of the "Petty Cash Custodian" (who shall be the Executive Director unless otherwise determined by the Board) to ensure that the Petty Cash Fund is used to cover only those expense reimbursements for which it is not possible, or is infeasible, to use normal purchasing methods such as the TNBT Visa or check.

In addition, the Petty Cash Custodian will ensure that appropriate receipts are obtained to support any disbursement and that fund use is consistent with the manner described in the documentation that initially established the fund. The Petty Cash Custodian is also responsible to enforce organization policy regarding sales tax, which is not reimbursable.

The Petty Cash Custodian is responsible to perform a full reconciliation of the Petty Cash Fund at least monthly, which (s)he will provide to the bookkeeper, should one be engaged. The attached Petty Cash Fund Reimbursement Form will allow the Petty Casy Custodian to keep track of the expenses and should be returned with each batch of receipts. THE PAID RECEIPTS OR INVOICES PLUS THE CASH SHOULD ALWAYS EQUAL THE FUND BALANCE.

The Petty Cash Custodian is responsible for ensuring that the funds are kept in a secure location, such as a locked cash box or desk drawer. The Petty Cash Custodian should maintain possession of the key. The Petty Cash Custodian is responsible for reporting all instances of loss of funds.

When there is a change in the designated Petty Cash Custodian, a new request for petty cash advance form should be completed immediately reflecting the change in designated Petty Cash Custodian.

**Storage and Security of Petty Cash Funds**
Petty Cash Funds should never be left unlocked or unattended and should be concealed from general view when not in use.

Petty Cash Funds and associated documents should not be combined or commingled with any other organizational funds.

**Petty Cash Reimbursement Procedures - Documentation & Audit**
All petty cash receipts must be returned monthly to the Petty Cash Custodian by the last day of the month after the issuance of cash. A review is performed monthly and includes documentation showing the date and initials of the reviewer as evidence that this procedure is occurring. The Petty Cash Fund Reimbursement Form(s) will be used to review. In addition, periodic unannounced audits of the fund may be performed by the Executive Director (if not the designated Petty Cash Custodian) or the Treasurer of the Board to ensure proper control is maintained.

Each transaction must be documented in the following manner: all original receipts shall be stapled to the back of the Petty Cash Reimbursement Report. Original, *itemized* receipts that clearly show items purchased and proof of payment must be attached. Credit card charge slips alone are not proper documentation for these expenses.

OR

Tape original receipts onto an 8-1/2x11 sheet, referencing each receipt's corresponding transaction on the detailed journal.

*Original receipts must be returned.* In addition, any funds used without the appropriate documentation being returned / received will be the responsibility of the individual/custodian who originally received the petty cash funds.

Once the audit is completed and the reimbursement request approved, a check will be prepared for fund replenishment (the check is made payable to the custodian) OR the remaining balance will be returned to the appropriate Center/ fund custodian.

Again, WCCASA is exempt from payment of Tennessee state taxes; and cannot reimburse for any such taxes paid.

# Williamson County CASA Accounting Policies & Procedures

**General:**

The purpose of Williamson County CASA's Accounting Manual is to explain accounting policies and procedures adopted by Williamson County CASA. Compliance with the stated procedures and policies is mandatory to provide the following:

1. Accurate and complete disclosure of the financial results of activities or programs
2. Effective control over and the accountability for all funds, property and assets.

**Cash Receipts:**

The principal steps in the cash receipt process are:

The office staff enters all checks, cash and credit card transactions into our Network for Good database, stamps all checks "for deposit only" and makes a copy of each check. The checks and cash are kept in a safe until handed to the bookkeeper for processing and deposit.

Weekly, the office staff submits the following to the Executive Director for verification: the endorsed checks and the correct account allocation for each deposit. The bookkeeper then verifies the deposit and takes to the bank for deposit. A copy of the deposit slip is attached to the deposit and entered into the accounting software.

**Authorizing Payments:**

The Executive Director shall be responsible for all payments on behalf of Williamson County CASA. Payments may be made by a bookkeeper so long as any and all payments made are made only upon receipt of proper authorization by the Executive Director or Board designee. Payments may be made in a variety of ways, including checks, bank transfer, credit card and cash (in special/exceptional cases).

Before any payment is made, the following must be verified:

- Correct authorization of the payment
- Payment is made against the proper budget line item
- Final payment is made only after actual receipt of goods and services
- Original approved invoice

All checks over $2,500.00 shall be signed by two (2) of the following officers: President, Vice-President, Treasurer, Secretary, Executive Director, Development Director or others as designated by the board of directors. Notwithstanding the above, regardless of amount all payments to the executive director shall be signed by the Executive Director and one of the following officers: President, Vice-President, Treasurer or Secretary.

CASA
Court Appointed Special Advocates
FOR CHILDREN
TENNESSEE

**Check Requests:**

Requests for checks should be submitted to the Executive Director and/or bookkeeper and include the original invoice, purchase request or reimbursement request. Check requests will be processed, at a minimum, once a week and then submitted for proper approval signatures.

**Expense Reimbursement Requests:**

When a credit/debit card or petty cash is not available to purchase a necessary expense for the organization, and an individual's person funds are used, the expense must be pre-approved by the Executive Director (and requisite officers if required by this policy). Personal funds should be used in rare occurrences and only when absolutely necessary. Failure to secure advance approval could result in expenditures, which are deemed unacceptable. Unacceptable expenditures will not be honored by Williamson County CASA and in such cases; the individual will be held solely responsible and will not receive reimbursement. Note: Itemized receipts are a necessity for *all* purchases. Receipts showing only a total balance and not a detail of each charge incurred are not considered an acceptable receipt of payment.

**Petty Cash Fund:**

Petty cash funds are to be used for miscellaneous or unexpected purchases. All disbursements made from petty cash are acknowledged in writing by the receiving party. All money returned to the petty cash fund is counted and verified by another staff member. Receipts for items purchased with petty cash must be included with the return. The dollar limit for each use of the fund is set at the Board of Director's discretion, currently $100.00.

Items *Not* to be purchased or paid for with petty cash funds include:

1. Personal services or personal items, such as flowers, candy, foods, beverages, etc.
2. Sales tax. (obtain tax-exempt letter prior to purchase).

**Credit Card/Debit Cards:**

Williamson County CASA has been issued two Master Card Debit Cards by Franklin Synergy Bank. The card holders will be the Executive Director and the Director of Development. The following rules and procedures apply to anyone who utilizes the Williamson County CASA Credit/Debit Card.

- The credit/debit cards can be used for business purposes only; in-store purchases as well as mail, phone or internet orders. Purchases using the credit/debit card are for the use and benefit of Williamson County CASA. Authorized cardholders are responsible for the security of their card and the transactions made against it. If a cardholder authorizes another individual to use the card, the cardholder is responsible for the charges. Use of the card not in accordance with established guidelines may result in personal liability. Any credit/debit card charge of $2500.00 or greater should be noted separately and submitted to the Board Treasurer for approval.

- Williamson County CASA is exempt from Tennessee sales and use tax. Employees should obtain a copy of the tax exempt form from the Executive Director before making a purchase and remind all vendors of the exempt status in order to not pay sales tax.
- In the event a card is lost or stolen, the cardholder must contact the Executive Director or Bookkeeper immediately in order to cancel the card.
- To facilitate the reconciliation and approval process, the employee is responsible for turning in all credit/debit card slips, cash register receipts, packing slips, etc. within 5 business days. If a detailed invoice cannot be obtained, the employee must first contact the supplier to obtain a copy; otherwise they must write up an itemization of the charges and turn them in to the Executive Director and/or Bookkeeper.
- The cardholder is responsible for contacting the Executive Director on any erroneous or disputed items as soon as possible. The Executive Director and/or Bookkeeper will review the statements for discrepancies. If any items are not recognized, they will contact the cardholder. If inappropriate or questionable purchases appear, the employee should supply a justification. If the justification is insufficient, steps should be taken to return the goods or the employee should pay for the questionable charges.
- All employees issued a credit/debit card are required to sign the attached credit/debit agreement form.

**Inventory:**

All general supplies purchased as property of Williamson County CASA shall be added to an "Inventory List" maintained for record-keeping purposes monthly.

Any single item costing $1,000.00 or greater should be noted separately and submitted to the Executive Director. This allows the items to possibly be maintained on a compiled "Fixed Assets" list for auditing purposes.

**Bank Reconciliation:**

A monthly bank reconciliation is prepared to reconcile bank statements with the bank ledger from the accounting software. The bank reconciliation is prepared by the bookkeeper or the Executive Director, if no bookkeeper is in place. The bookkeeper will attach the completed bank reconciliation to the applicable bank statement, along with all documentation. The reconciliation report will be reviewed, approved, dated, and initialed by the Executive Director and/or Board designee.

**Month-end Closing Schedule and Fiscal Year-End Close:**

All receipts, invoices and expense related documentation must be turned in by the 5th business day of the month following the month the expenses/activity occurred in. (Example, all August receipts,

CASA
Court Appointed Special Advocates
FOR CHILDREN
TENNESSEE

invoices and expense related documentation should be turned in by September 5th – or the next business day immediately following the 5th day, if it falls on a Saturday or Sunday).

At the end of each month and fiscal year end the bookkeeper will prepare monthly and Fiscal Year Profit and Loss and Balance Sheet reports for Executive Director and Board review and approval. The bookkeeper will prepare a yearly budget to be approved by the Board. At the end of the fiscal year, the financials will be audited by an outside CPA and an annual Tax Return will be prepared. The return will be presented to the Executive Director and Board for review and approval before filing by the annual deadline. All other appropriate government filings will be completed and filed with the appropriate agency.

**Payroll Processing:**

Williamson County CASA is paid semi-monthly on the 15th and the last day of the month. The bookkeeper will process payroll two (2) days prior to the 15th and last day of the month. If the 15th and/or last day of the month falls on a weekend or holiday, payroll will be submitted two (2) business days prior to the payday. Paychecks will be direct deposited to the employees designated bank account. All quarterly federal and state payroll reports will be prepared and filed appropriately. All W-2 statements are issued to employees prior to January 31st of the following year for the prior calendar year.

**Fiscal Policy Statements:**

1. All cash accounts owned by Williamson County CASA will be held in financial institutions which are insured by the FDIC. No bank account will carry a balance over the FDIC insured amount.
2. All capital expenditures which exceed $1,000 will be capitalized.
3. Employee or public personal checks will not be cashed through the petty cash fund.
4. No salary advances will be made under any circumstances.
5. Reimbursements will be paid upon complete expense reporting and approval.
6. The Executive Director and one designated Board and staff member are the signatories on Williamson County CASA's bank accounts. Disbursements exceeding $2,500 require a second signature by an authorized board or staff member.
7. Bank statements will be reconciled monthly. All bank statements will be given to the Executive Director and Board designee for review.
8. Accounting and personnel records will be kept in secure files and only parties with financial and/or HR responsibility will have access.