UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONNIE REGULI,<br>Plaintiff,<br><br>v.<br><br>JOSEPH A. WOODRUFF, et al.<br>Defendants. | Case No. 3:24-cv-00694<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |

**ORDER**

The following motions are pending before the Court: joint motion to modify scheduling order (Doc. No. 202); joint motion for discovery dispute conference (Doc. No. 214); and Reguli's motion to seal Exhibit 18 (Sealed Doc. No. 216) to the motion for discovery dispute conference. (Doc. No. 214.) Pursuant to Judge Trauger's recent Order, the Magistrate Judge also needs to schedule the deposition of Judge Woodruff. (Doc. No. 212 at 7.)

Reguli seeks to seal Exhibit 18 to the motion for a discovery dispute conference. (Doc. No. 215.) A party seeking to seal a document from public view must provide "compelling reasons" to "overcome the presumption that court records are open to the public" and also demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." M.D. Tenn 5.03(c); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305-06 (6th Cir. 2016). Even where no party objects, it is well established that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting Brown & Williamson Tobacco Corp., 710 F.2d at 1180); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir.1983).

Reguli's motion fails to articulate any justification for sealing the document. The Court cannot proceed with the necessary sealing analysis where Reguli clearly did not comply with the

specific procedural framework intentionally detailed in this Court's Local Rules. M.D. Tenn. R. 5.03(b)(e). Reguli's Motion to Seal (Doc. No. 215) is DENIED WITHOUT PREJUDICE. The Clerk's Office is DIRECTED to strike the sealed exhibit (Doc. No. 216) from the docket.

Defendant McClendon and Reguli filed a "joint" motion to modify the case management deadlines and continue the trial. (Doc. No. 202.) The CASA defendants object to the extensions requested in the motion. (Doc. No. 204.) The motion argues that the extensions are warranted in large part because objections to several discovery orders issued by the Magistrate Judge have not been resolved. (*Id.*) Those objections have now been addressed by Judge Trauger. (Doc. No. 211-13.) The motion also previews the now-pending discovery dispute raised in the joint motion for discovery dispute conference. (Doc. No. 214.) The CASA defendants are not opposed to a brief extension of the discovery deadline but object to any extension of the dispositive motion deadline and/or the trial date. (Doc. No. 204.) The motion is GRANTED IN PART to set a case management conference. The parties shall meet and confer regarding any necessary extension to the scheduling order and submit a joint proposed schedule by no later than November 16, 2026.

The parties' motion for discovery dispute conference is GRANTED IN PART. The parties are ORDERED to meet and confer in person regarding the outstanding discovery disputes and refile their joint discovery dispute statement on any issue not resolved after the meeting by no later than November 16, 2026. The joint statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. The parties shall also include three potential dates for deposition of Judge Woodruff to occur at the courthouse.

The parties shall appear for an in-person hearing on November 18, 2026 at 1:30 p.m. to address modifications to the scheduling order and any outstanding discovery dispute raised in the parties amended joint discovery dispute statement.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge