**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**JOINT MOTION FOR DISCOVERY CONFERENCE**
**AFTER MEET AND CONFER ON NOVEMBER 13, 2026**

**PLAINTIFF'S POSITION STATEMENT ON DEFICIENCES**
**OF DEFENDANTS EMILY LAYTON AND WILLIAMSON COUNTY CASA, INC.**

The plaintiff, Connie Reguli, pro se, and Defendants Williamson County CASA, Inc. (CASA) and Emily Layton met in person and conferred on Friday, November 13, 2026 pursuant to this Court's order. DE 217[1]. Defendant McLendon was included in the meeting.

[1] DE 217, PageID #: 3098 states that "the joint statement shall be limited to no more than three pages per issue." However LR 7.01 requires - (2) Motion and Supporting Memorandum. Every motion requiring a determination of law must be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof. And LR 37.01 requires (b) Joint Statement. If the parties are not able to resolve the discovery issue, they must, in connection with any request for a discovery conference or a discovery motion, file a joint discovery dispute statement: (1) detailing their attempt at resolution; (2) setting forth exactly what discovery is in dispute (either by including the text of the discovery requests and responses or by attachment as exhibits); and, (3) detailing the parties' respective positions. This joint statement must be filed before any request for a telephonic discovery conference with the Judge is made, and must be attached to any filed discovery motion. DE 217 is unclear if the Court's intent is to amend the local rules and truncate these requirements. Nor is the court clear whether the previously filed Joint Motion DE 214 remains pending. The parties met and conferred on November 13, 2026 and only one issue was resolved. Therefore, in an attempt to abbreviate this joint statement on the remaining disputes, Plaintiff herein incorporates by reference DE 214, PageID 2622-2640 and all exhibits filed and described therein, i.e., DE 214-1 through DE 214-23. This includes the interrogatory and request for admission requests, letters exchanged in an attempt to resolve, and Plaintiff's exhibits supporting her claims. Fed. R. Civ.

## I. OUTSTANDING DISCOVERY DISPUTES

1. Plaintiff provided a Request for Admissions on July 3, 2026 as to the genuineness and authenticity of financial records of CASA. Plaintiff also requested for production for tax returns and financial statements of CASA. **EXHIBIT[2] 2 & 17. DE 214-2 & 214-17.**

**NOT RESOLVED:** Page 13, Request H - a copy of all reports (including financial) received and reviewed for board meetings between August 2014 and 2023. Describe who prepared the reports and the date of each. CASA objects overbroad, irrelevant, not proportional.

**NOT RESOLVED:** Page 15, Request M - provide a copy of your income tax return 990 forms filed with the IRS for each year from 2014 through 2023. CASA objects not relevant or proportional, overly broad.

**NOT RESOLVED:** Page 16, Request N - provide a copy of your financial statements showing income and expenses and assets and liabilities for each years from 2014 through 2023. CASA objects overboard, not relevant, not proportional.

**NOT RESOLVED: Plaintiff requested the production of a CASA** Rule 30(b)(6) representative to testify regarding tax returns and financial reports provided in the RFA. **EXHIBIT 11. DE 214-11.**

2. Plaintiff requested all communication Defendants had regarding Connie Reguli through June 2023 when the criminal case was nolle'd in the Circuit Court of Williamson County. Defendants objected to relevance claiming that Plaintiff has not alleged any acts of Layton after May 11, 2022. **EXHIBIT 2 & 3. DE 214-2 & 214-3.**

---

Proc. 10(c). A statement in a pleading may be adopted by reference. *Sills v. S. Baptist Convention*, No. 3:23-cv-00478, 2026 U.S. Dist. LEXIS 221992, at *38 (M.D. Tenn. Sep. 29, 2026)

[2] Exhibits filed with DE 214 Joint Motion for Discovery Conference are incorporated herein.

**NOT RESOLVED:** Page 6, Request 3 - all communication that refers to "Connie Reguli" from March 1, 2022 through June 30, 2023. CASA objects attorney-client privilege, work product, overly broad, irrelevant, not proportional. **EXHIBIT 2. DE 214-2**

**NOT RESOLVED:** Page 17, Request P - provide any communication with Connie Reguli from May 14, 2014 through June 20, 2023. CASA objects attorney-client privilege (without a privilege log), work-product, overly broad, not proportional.

Plaintiff requested from **Layton**: **EXHIBIT 3. DE 214-3.**

**NOT RESOLVED:** Page 6, Request 3 - all communication March 1, 2022 through June 20, 2023 that refers to Connie Reguli. CASA objects to any communication after the preparation of the May 11, 2022 affidavit.

**NOT RESOLVED:** Page 14, Request 17 - describe what you were told about Connie Reguli at or near the time of the preparation and signing of the May 11, 2022 affidavit. Layton objects to attorney-client privilege without a privilege log.

## II. RELEVANT FACTS

Plaintiff incorporates under Rule 10(c) her statement of relevant facts set forth with record citations found in the Plaintiff's Rule 72(a) Motion for Review "Relevant Background". DE 205, PageID #: 2475-76; and Plaintiff's Theory and Element of Plaintiff's Case, DE 214, PageID #: 26342635.

## III. LEGAL STANDARDS

### A. FED. R. CIVIL PROC. 36 - REQUEST FOR ADMISSIONS

Plaintiff set forth the legal standards under Fed. R. Civ. Proc. 36 in Joint Motion for discovery dispute filed November 3, 2026, and would incorporate the same herein. DE 214, PageID#: 2636-2638. Plaintiff sought an admission on the genuineness of tax records and financial

documents. DE 214-17, 214-18 through 214-23. Plaintiff sought production of a Fed. R. Civ. Proc. 30(b)(6) representative from CASA for cross-examination on these records. DE 214-11.

### B. REQUESTS FOR PRODUCTION AND CLAIMS OF PRIVILEGE

Plaintiff has set forth legal standards for claims of privilege and incorporate the same herein. DE 214, PageID #: 2638-2640. CASA claimed privilege on communication regarding Connie Reguli, and communications Defendant Layton had in preparation of her affidavit

## IV. ISSUE ONE: PLAINTIFF'S REQUEST FOR ADMISSIONS ON THE GENUINENESS AND AUTHENTICITY OF DOCUMENTS EXHIBIT 17 AND FAILURE TO PROVIDE REQUESTED FINANCIAL RECORDS

Plaintiff seeks an order to deem the financial records admitted as genuine and authentic or compel the financial records requested in discovery. Plaintiff sent Exhibits 1 - 5 Defendant CASA IRS Form 990 tax returns filed by Williamson County CASA, Inc. for tax years 2016, 2017, 2019, 2020, and 2021. Two of these returns, 2019 and 2020, appear to have been executed by Defendant Emily Layton. Plaintiff also sent Exhibits 6 - 19, financial statements (income and expenses reports and balance sheets) for tax reporting years 2012, 2013, 2014, 2015, 2016, 2017, 2019, 2020, 2021, 2022, 2023, and 2024. These financial statements are identified in the CASA policy and procedure manual **EXHIBIT 6 & 16.** DE 214-6, 214-16. The executive director is to verify endorsed checks and deposits, reconcile bank statements, and at the end of each month and year that bookkeeper will prepare monthly and fiscal year profit and loss and balance sheet reports for the Executive Director and Board review and approval. The tax return is prepared by an outside CPA and "presented" to the Executive Director and Board for approval before filing. DE 214-16, Exh. 16, CASA_00211 - CASA_00213. Therefore, the tax returns and financial reports are "regularly maintained business records" and should be available for inspection by the Plaintiff and for cross-examination of Layton and any Rule 30(b)(6) representative.

Emily Layton  who was executive director from December 2019 to October 2022, had a duty to review and approve monthly and fiscal financial records as stated in CASA_00213, DE 214016, PageID #: 2853:

Defendant Emily Layton's May 11, 2022 affidavit states that she has personal knowledge and the "regularly maintained business records" do not show a payment from Connie Reguli. These records show that CASA documents "miscellaneous income" on its financial statement and that CASA did not show any accounts receivable from Reguli in any tax year. CASA's criminal court subpoena response showed thousands of dollars received without identification of the payor. DE 214-17, **EXHIBIT 17 a-e. See 990 IRS tax forms Part X, Line 4. EXHIBIT 17 f. 2016 statement of income and expenses. EXHIBIT 1 f.** DE 214-1, PageID #: 2676 et seq.

Plaintiff's position is that Layton's affidavit was false and intentionally misleading. The financial records show that CASA received miscellaneous income of $8,319 in fiscal year 2016 (Exh. 17, f.) and that the only entry for  accounts receivable is $126 in fiscal year 2021 which disappears the following year (DE 214-17, Exh. 17, d.,e. Part X, Line 4). The tax records also show that CASA received $59,000 in fiscal year 2019-20 (Exh. 17, c., Part X, Line 24), but that cash receipt is not listed on the CASA ledger.

Based on Layton's persistent stance that she does not know what documents, **if any,** she reviewed in preparation of the affidavit, a reasonable jury could conclude that she reviewed NOTHING. Plaintiffs should have the opportunity to cross-examine Layton and any other CASA representative on the other financial records that demonstrate that Layton could not tell from the CASA records whether any payment had been received or properly recorded.

## V. ISSUE TWO: COMMUNICATION REGARDING "CONNIE REGULI", THE CRIMINAL COURT PROCEEDING OCCURRING AFTER MAY 11, 2022.

Defendants CASA and Layton object to providing any communication either (1) regarding the subject of "Connie Reguli" or (2) the Layton affidavit that would have occurred after May 11, 2022, claiming that there were no allegations of misconduct after May 11, 2022 and attorney-client privilege. The Plaintiff has described herein, that Layton continued to be involved in this she provided information to Attorney Stephens for CASA during the criminal court proceeding that was incorporated into the response provided on June 2, 2023. DE 214-1, PageID 2676. CASA was asked to produce all documents that Layton reviewed in the preparation of the May 11, 2022 affidavit and Layton's response was that she "*did not recall what documents, if any, were reviewed and relied upon as a basis for her verified statement dated May 11, 2022, but to the best of her recollection, she would have only spoken with CASA's bookkeeper regarding whether the Defendant ever made a payment to CASA.*" Id.

This is information that was not included in the May 11, 2022 affidavit, and in fact, is materially different from her statement that the affidavit was prepared *"upon her personal knowledge and under penalty of perjury"*. DE 214-1, PageID #: 2655. She stated (in personal knowledge) that the *"regularly maintained business records"* did not reflect a payment from Connie Reguli in whole or in part. She did not have personal knowledge and did not review the business records. And she did not disclose in her affidavit that she had *"only spoken"* to a bookkeeper. The June 5, 2023 response to the subpoena materially differs from the May 11, 2022 affidavit and Plaintiff should be afforded to investigate and cross-examine Layton and Barnes and perhaps other CASA agents regarding the conversations and communications that lead to the change.

Attorney Stephens did not represent Ms. Layton in June 2023, nor did he represent her in May 2022. DE 214-1, PageID #: 2669, 2678. Layton no longer was an employee of CASA after

October 2022. Therefore, there is no basis for attorney-client privilege or other privilege for any communication Layton had, as a material witness in the criminal matter. The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (citing *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)). *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998)

To the extent that a responding party claims privilege, it must provide a privilege log as described in Fed. R. Civ. P. 26(b)(5)(A)(ii). *Szczesny v. City of Troy*, No. 25-12836, 2026 U.S. Dist. LEXIS 189187, at *3-5 (E.D. Mich. Aug. 21, 2026). Attorney Stephens was not the legal advisor for Layton at any time during the criminal matter. Stephens made an appearance only on behalf of CASA. Plaintiff should be provided all communication occurring during the pendency of the criminal case.

## XI. PLAINTIFF'S CONCLUSION

Defendants Layton and McLendon prepared and submitted a verified statement by Layton for the purpose of fabricating probable cause and causing Reguli to be prosecuted in cooperation with Woodruff. The affidavit was false and deliberately misleading and omitted valuable exculpatory information. Had Layton been truthful about the records of CASA, there would have never been a prosecution. Reguli should have the full opportunity to cross-examine Layton and CASA's Rule 30(b)(6) representative on their financial records. Plaintiff asks for the requested documents, communication, and authentication of the financial records.

## LAYTON AND CASA'S POSITION STATEMENT[3]

**Issue 1**: *Relevance*. Reguli argues these "financial statements" are relevant because they show "CASA received miscellaneous income of $8,319 in fiscal year 2016," reflect "accounts receivable [of] $126," and "received $59,000 in fiscal year 2019-20" but "that cash receipt is not listed on the CASA ledger." Her argument is based on false statements and false premises.

*First*, these documents contain no individual payor information nor any other information relevant to whether CASA's regularly maintained business records reflect a payment from Reguli. Layton did not review or inquire about financial records that contained no individual payor information, and Reguli cannot explain their relevance otherwise. **Exhibit A** at 5–6 (Layton's Nov. 11, 2026 Supp. Resp. to Request 14). *Second*, there is no "financial statement" reflecting CASA receiving $8,319 in "miscellaneous income;" Reguli points to what appears to be a page under an auditor's report that identifies a "Miscellaneous" category under "Support and Revenue." Dkt. 214-23 at PageID #3065. Regardless, CASA does not record or categorize income as "miscellaneous" and did not categorize Reguli's non-payment of the $3,145.50 sanction as an "account receivable." **Exhibit B** at 10 (CASA's Nov. 11, 2026 Supp. Resp. to Request 15). *Third*, the "$59,000" were COVID-19 related loans (PPP, EIDL) that were subsequently forgiven. In any event, Reguli admitted during the November 13, 2026, in person meet and confer that the $59,000 did not come from her, so it is irrelevant.

[3] Layton and CASA object to Reguli's position statement as non-compliant with the Court's order (Dkt. 217) which limited the joint statement "to no more than three pages per issue." Following the November 13, 2026, in person meet and confer, the parties agreed two issues remained unresolved, and Reguli agreed to provide a revised joint statement with her position statement. The same day, she provided a position statement that was more than 20 pages long. Counsel for Layton and CASA have repeatedly emailed and called Reguli to request she provide a joint statement that complies with the Court's order, but despite these requests, Reguli provided her still non-compliant position statement at 12:45 P.M. today. Although Layton and CASA believe Reguli's position statement is non-compliant, Layton and CASA offer its position statement in compliance with the Court's order and limited to 1.5 pages per issue.

Ultimately, Reguli's argument that "Layton could not tell from the CASA records" if she had paid is also false because had Reguli paid CASA, the payment would appear in the log of income sources already produced to her. Instead, it reflects no such payment from Reguli in any amount at any time.

*Reasonable Inquiry and Undue Burden.* Reguli's Requests ask CASA to admit to "genuineness, authenticity, and accuracy" of records it did not produce, which would require CASA to try to locate more than twenty documents (some of which appear to be portions of documents) and then confirm the contents of each page is identical to the one provided by Reguli. Despite the irrelevance of these requests, CASA conducted a reasonable inquiry by searching the physical and electronic locations where such records would be readily accessible, but did not locate these documents. Reguli seemingly wants CASA to review every document in its possession to see if it can find copies of what she produced. Such an inquiry is not proportional to the needs of the case and imposes an undue burden on CASA given the irrelevance of these documents.

**Issue 2**: Reguli seeks all "communication that refers to Connie Reguli," including communications beyond May 11, 2022, and seemingly privileged communications with counsel. These requests are overly broad, not relevant, not proportional to the needs of the case, and protected by the attorney-client privilege and/or work product doctrine,

*First*, the mere fact that a communication references "Connie Reguli" does not make that communication relevant to her claims. Courts routinely hold that requests seeking mere references to a party, untethered to any subject-matter limitation, are overly broad and disproportionate because they necessarily sweep in irrelevant documents. *See, e.g.*, *Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL 1361129, at *2–3 (E.D. Mich. Apr. 14, 2017) (finding requests for all documents "relating to [a party]" overbroad because the "benefit of the request" was not

"proportionate to the burden of compliance"); *Knox Trailers, Inc. v. Clark*, 2022 WL 831431, at *3 (E.D. Tenn. Mar. 18, 2022) (holding that a limitation that "simply relates to" a party "does not make such correspondence relevant to the issues in this case"). CASA nevertheless searched for communications referencing "Connie Reguli" from May 1, 2014 through May 11, 2022, and produced the only document it located.

*Second*, Reguli's complaint fails to allege CASA took any action in furtherance of the purported conspiracy after Layton signed and transmitted the affidavit on May 11, 2022. CASA's only alleged post-affidavit conduct is moving to quash the subpoena she served in the underlying criminal matter and following the criminal court's order on that motion. Dkt. 1 ¶¶ 76, 78, 81–82 at PageID #29–31. In a good faith effort to resolve this dispute, CASA agreed to extend its search through the date of the issuance of that subpoena (March 2, 2023), which was when CASA engaged counsel to respond to the subpoena. Where, as here, a discovery request is unlikely to result in non-privileged documents being produced, and instead would require the responding party to expend time and resources logging plainly privileged communications, compulsion should be denied. *Topolewski v. Quorum Health Res., LLC*, 2013 WL 99843, at *4 (M.D. Tenn. Jan. 8, 2013) (describing a request where "many, if not most, of the documents sought are protected" as a "fishing expedition" that is "not permitted" under federal rules).

*Third*, Mike Stephens's communication with Layton regarding CASA's response to Reguli's subpoena is privileged. Mr. Stephens represented CASA, and his communication with Layton was related "to the former employee's conduct and knowledge . . . during [her] employment," and as such, is "protected from disclosure by [CASA's] attorney-client privilege under *Upjohn*." *See Jacobs v. Alam*, 2020 WL 3064435, at *6 (E.D. Mich. June 9, 2020) (citing *Upjohn Co. v. U.S.*, 449 U.S. 383, 396 (1981)).

This is November 16, 2026.

Respectfully submitted,

*/s/ Connie Reguli*
Connie Reguli, pro se
8009 Shelly Plum Dr.
Murfreesboro, TN 37128
615 478 8333

BRADLEY ARANT BOULT
CUMMINGS LLP

***/s/Michael J. Stephens - email***
Charles F. (Fritz) Spainhour (BPR
No. 34453)
Michael J. Stephens (BPR No.
36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
fspainhour@bradley.com
mstephens@bradley.com
msacks@bradley.com

*Attorneys for Williamson County
CASA, Inc. and Emily Layton*

**CERTIFICATE OF SERVICE**

I certify that on November 16, 2026, a true and correct copy of the foregoing was served by email, upon the following:

Connie Reguli (pro se)
connie.familyforward@gmail.com

Dana McLendon
dana@danamclendonlaw.com

I also certify that on November 17, 2026, a true and correct copy of the foregoing will be served by U.S. Mail, postage prepaid, on the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37128

*s/ Michael J. Stephens*
Michael J. Stephens