# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT EMILY LAYTON'S SUPPLEMENTAL RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY FROM THE DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Emily Layton serves her Supplemental Responses to Plaintiff Connie Reguli's Request for Written Discovery from the Defendants. Layton reasserts her Objections included in her original and amended responses to Plaintiff's Request for Written Discovery from the Defendants.

**SUPPLEMENTAL RESPONSES**

**REQUEST 1(ii) (Request for Production):**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, communication, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, including exculpatory information, unless the use would be solely for impeachment;

**JUNE 19, 2026 AMENDED RESPONSE:** Layton objects to this request on the grounds that "exculpatory information" is vague and not consistent with Federal Rule of Civil Procedure 26. Subject to and without waiving her objections, and pursuant to Federal Rule of Civil Procedure

33(d), Layton will produce documents that she may use to support her claims or defenses unless the use would be solely for impeachment upon entry of a protective order.

**November 11, 2026 SUPPLEMENTAL RESPONSE**: Subject to and without waiving her objections in her June 19, 2026 Amended Response, and pursuant to Rule 33(d), see LAYTON_00001; CASA_00001 – CASA_00229; documents produced by third parties via subpoena in this action, including but not limited to, WCSO_00001 – WCSO_00041; documents produced or identified by Reguli in response to Defendants' discovery requests; documents produced or identified by McLendon; correspondence from Reguli relating to this action; publicly-available documents or statements made by Reguli relating to this action, the Defendants, her reputation, her emotional state, and/or her claimed damages; publicly-available documents relating to Reguli's criminal record, disciplinary record, and/or disbarment.

**REQUEST 7 (Interrogatory):**

7. Regarding your relationship with any other defendant or co-conspirator (Emily Layton, Dana McLendon, Joseph A. Woodruff, Kimberly Helper, John Stephens) and including the organization CASA of Williamson County, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**JUNE 19, 2026 AMENDED RESPONSE:** Layton objects to this request on the grounds that the term "relationship" is vague. Layton further objects to the term "co-conspirator" because there was no conspiracy. Layton further objects to this request because seeking information and

documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton was employed by CASA from December 2019 to October 2022. Layton refers to her Responses to Requests 8, 11, 12, and 14.

**November 11, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving her objections from her June 19, 2026 Amended Response, Layton does not have, and has never had, a "relationship" with Dana McLendon, Joseph A Woodruff, Kimberly Helper, or John Stephens. Layton refers to her Supplemental Response to Request 8 and her June 19, 2026 Amended Responses to Requests 11, 12, and 14.

**REQUEST 8 (Interrogatory):**

8. For each individual you have listed under (1)(i) above, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**JUNE 19, 2026 AMENDED RESPONSE:** Layton objects to this request on the grounds that it is overbroad and the term "relationship" is vague. Layton further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving her objections, Layton refers to her Responses to Requests 11, 12, and 14. Layton's relationship with Tracy Barnes, Lauren Roberts, and Stuart Tutler was limited to her role as Executive Director of CASA. Layton had no relationship with and has never met Reguli, Judge Woodruff, or John Stephens. Pursuant to Federal Rule of Civil Procedure 33(d), Layton will produce all communications with McLendon

within her possession, custody, or control, which consist of a brief set of text message exchanges upon entry of a protective order.

**November 11, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving her objections from her June 19, 2026 Amended Response, and pursuant to Rule 33(d), see LAYTON_00001 for all communications with McLendon within her possession, custody, or control.

**REQUEST 11 (Interrogatory):**

C. Describe your relationship with Dana McLendon giving the following information. The date of your first introduction. Where and how you were introduced. The capacity in which your introduction occurred, such as employment, contract, social, etc. The name and contact of any person who facilitated or participated in that introduction. After introduction, did you maintain an ongoing relationship in some capacity, if yes, describe the nature of that relationship. If you met this person at multiple functions and multiple venues over the course of the relationship, describe those events. Describe your most recent contact or communication with this person, or if the relationship has ceased, give the date of last contact, the type of contact, and the reason for the contact.

**JUNE 19, 2026 AMENDED RESPONSE:** Layton objects to this request on the grounds that the term "relationship" is vague. Subject to and without waiving her objections, Layton states she has no relationship with McLendon, does not recall ever meeting McLendon, and only exchanged a handful of communications with McLendon. Layton refers to her Responses to Requests 8 and 14.

**November 11, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving her objections from her June 19, 2026 Amended Response, and pursuant to Rule 33(d), see LAYTON_00001 for all communications with McLendon within her possession, custody, or control. Layton is aware that McLendon's discovery responses indicate an earlier interaction via email in January 2022, but she has no recollection of that interaction, likely because it was inconsequential.

**REQUEST 14 (Interrogatory):**

F. Describe what actions you took when you received the letter from Joseph A. Woodruff dated April 29, 2022, including who you spoke to and when, who you emailed/texted to and when. Describe who you met with and when, what records you reviewed and when, who drafted the affidavit and when, when and where you signed the affidavit, and what you were told by McLendon (or any other person) about the use and purpose of this affidavit.

**JUNE 19, 2026 AMENDED RESPONSE:** Layton objects to this request to the extent it seeks information protected by the attorney-client privilege. Subject to and without waiving her objections, Layton states that she does not recall the details, but believes she received the letter from Judge Woodruff in the mail. In the letter, Judge Woodruff inquired whether Reguli had paid CASA $3,145.50 and requested a written response. Upon receiving the letter, Layton informed the Executive Committee of CASA's Board of Directors, including consulting with Lauren Roberts. Layton met with CASA's bookkeeper, Tracy Barnes, to determine whether Reguli had made the payment to CASA. Layton likely reviewed financial records when meeting with Barnes, and would have checked CASA's Network for Good records, though she does not recall specifically what records she may have reviewed. CASA's records showed no payment from Reguli at any point in

any amount. With the approval of the Executive Committee, Layton sent a letter to Judge Woodruff on May 2, 2022. Afterward, Layton had brief text message exchanges with McLendon, which will be produced pursuant to Federal Rule of Civil Procedure 33(d) upon entry of a protective order. Layton believes McLendon drafted the affidavit, which she would have reviewed with a member or members of the Executive Committee. Layton then signed the affidavit and had it notarized at CASA's bank. Layton believes she dropped the affidavit off at McLendon's office space.

<u>**November 11, 2026 SUPPLEMENTAL RESPONSE**</u>**:** Subject to and without waiving her objections from her June 19, 2026 Amended Response, Layton did not review or inquire about records irrelevant to Judge Woodruff's inquiry. Layton therefore did not review or inquire about financial records that contained no individual payor information. Pursuant to Rule 33(d), the text message with McLendon referenced above was produced at LAYTON_00001. Layton is aware that McLendon's discovery responses indicate an earlier interaction via email in January 2022, but she has no recollection of that interaction, likely because it was inconsequential.

I, Emily Layton, declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

Emily Layton

Emily Layton

Dated: Nov 10, 2026

Scanned with CamScanner

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

## CERTIFICATE OF SERVICE

I certify that on November 11, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on November 11, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Michael J. Stephens*
Michael J. Stephens