# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CONNIE REGULI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:24-cv-00694** |
| | ) | |
| **JOSEPH A. WOODRUFF, et al.,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **Defendants.** | ) | **JURY DEMAND** |

**DEFENDANT WILLIAMSON COUNTY CASA, INC's SUPPLEMENTAL RESPONSES TO PLAINTIFF CONNIE REGULI'S REQUEST FOR WRITTEN DISCOVERY FROM THE DEFENDANTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Williamson County CASA, Inc. ("CASA") serves its Supplemental Responses to Plaintiff Connie Reguli's Request for Written Discovery from the Defendants. CASA reasserts its Objections included in its original and amended responses to Plaintiff's Request for Written discovery from the Defendants.

**REQUEST 1(i) (Interrogatory):**

1. Consistent with Federal Rules of Civil Procedure 26(a), please provide the following:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**JUNE 19, 2026 AMENDED RESPONSE:** Subject to and without waiving its objections, CASA states that the following individuals are likely to have discoverable information:

- Connie Reguli – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA and her alleged damages;
- Reguli's bookkeepers, accountants, and financial professionals – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's purported payment of the sanction to CASA;
- Reguli's healthcare providers – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Reguli's alleged damages;
- Judge Woodruff – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the sanction, affidavit, and Plaintiff's prosecution;
- John Stephens – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding Plaintiff's prosecution;
- Dana McLendon – Knowledge regarding facts relevant to Plaintiff's claims and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit;
- Stuart Tutler – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA;

- Emily Layton – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the affidavit;
- Tracy Barnes – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding the CASA's financial records.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving its objections from its June 19, 2026 Amended Response, CASA states that the following individuals are likely to have discoverable information:

- Lauren Roberts – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, Layton's response to Judge Woodruff's letter;
- Alexandra Bradshaw – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA's financial records;
- Marianne Schroer – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA's financial records;
- Danielle McMorran – Knowledge regarding facts relevant to Plaintiff's claims, and Defendants' defenses in this action, including, without limitation, facts regarding CASA's financial records.

**REQUEST 1(ii) (Request for Production):**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, communication, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, including exculpatory information, unless the use would be solely for impeachment;

**JUNE 19, 2026 AMENDED RESPONSE:** CASA objects to this request on the grounds that "exculpatory information" is vague and not consistent with Federal Rule of Civil Procedure 26. Subject to and without waiving its objections, and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce documents that it may use to support its claims or defenses unless the use would be solely for impeachment.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, see CASA_00001 – CASA_00229; LAYTON_00001; documents produced by third parties via subpoena in this action, including but not limited to, WCSO_00001 – WCSO_00026; documents produced or identified by Reguli in response to Defendants' discovery requests; documents produced or identified by McLendon; correspondence from Reguli relating to this action; publicly-available documents or statements made by Reguli relating to this action, the Defendants, her reputation, her emotional state, and/or her claimed damages; publicly-available documents relating to Reguli's criminal record, disciplinary record, and/or disbarment.

**REQUEST 1(iv) (Request for Production):**

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**JUNE 19, 2026 AMENDED RESPONSE:** Subject to and without waiving its objections, CASA will produce its insurance agreement with Arch Insurance Company upon entry of a protective order.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, see CASA_00018 – CASA_00098.

**REQUEST 3 (Interrogatory and Request for Production):**

3. Describe all communication that refers to Connie Reguli or any of the facts alleged in this case that you have had with any and all of the original named defendants in this matter from March 1, 2022 through June 30, 2023, including Joseph A. Woodruff, Dana McLendon, Emily Layton, Kimberly Helper, John Stephens, and any person holding themselves out as a representative or employee or agent of CASA of Williamson County. Include the date, time, and content of the communication. All communication includes letters, email, phone call, personal, etc.), the persons communicated with and the content. Provide a copy of this communication.

**JUNE 19, 2026 RESPONSE:** CASA objects to this request on the grounds that it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and "all communication that refers to Connie Reguli" is overly broad, irrelevant, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the

case. CASA further objects to this request because it is directed toward the individual defendants. Subject to and without waiving its objections, CASA refers to Layton's responses.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, see CASA_00214 – CASA_00229.

**REQUEST 7 (Interrogatory):**

7. Regarding your relationship with any other defendant or co-conspirator (Emily Layton, Dana McLendon, Joseph A. Woodruff, Kimberly Helper, John Stephens) and including the organization CASA of Williamson County, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**JUNE 19, 2026 AMENDED RESPONSE:** CASA objects to this request on the grounds that the term "relationship" is vague. CASA further objects to the term "co-conspirator" because there was no conspiracy. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, Emily Layton was CASA's executive director in 2022 and Woodruff and Helper have donated to CASA. Pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections in its June 19, 2026 Amended Response, Dana McLendon had previously

represented CASA or its employees in court proceedings. Pursuant to Rule 33(d), see CASA_00099 – CASA_00205 for "monetary support or exchange" from other Defendants between August 1, 2014 through May 11, 2022.

**REQUEST 8 (Interrogatory):**

8. For each individual you have listed under (1)(i) above, describe for each your relationship prior to June 30, 2023. For each state the first date that you met, the occurrence of that meeting, any persons who facilitated that introduction, the frequency of the continuing relationship, any monetary support or exchange (such as gifts, loans, donations, payment for services, contracts, gifts, or otherwise) from the time met until June 30, 2023.

**JUNE 19, 2026 RESPONSE:** CASA objects to this request on the grounds that it is overbroad, the term "relationship" is vague, and it is directed toward the individual defendants. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, Tracy Barnes was CASA's bookkeeper, Layton was CASA's Executive Director, and Stuart Tutler is CASA's current Executive Director. Judge Woodruff has donated to CASA. CASA has no relationship with John Stephens. Dana McLendon has previously represented CASA in court proceedings.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, and pursuant to Rule 33(d), see CASA_00099 – CASA_00205 for donations from the named defendants in this action. Lauren Roberts is a former Executive Committee member of CASA Layton consulted regarding Judge Woodruff's letter. Alexandra Bradshaw is the former bookkeeper for CASA prior to Ms. Barnes.

Marianne Schroer is the former Executive Director of CASA prior to Layton. Danielle McMorran is the current, and a former, Development Director for CASA.

**<u>REQUEST 10 (Interrogatory)</u>:**

B. Give the name and contact information for each person who was serving on the Board of Directors between April 29, 2022 through August 8, 2023. If any board member was acquired or left service during that period of time indicate so for each person.

**<u>JUNE 19, 2026 AMENDED RESPONSE</u>:** CASA objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a list of its board members in 2022. Board members may be contacted through CASA's counsel.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, and pursuant to Rule 33(d), see CASA_00013.

**<u>REQUEST 12 (Interrogatory)</u>:**

D. Provide a description of the policies, rules, job description, contract, or otherwise that describe the role, job duties, responsibilities, reporting and approval obligations, and any other limitations of the executive director at the time Emily Layton was placed in that position. Including her responsibility to report to board members, attend board meetings, or prepare reports for the board. If any other changes during the course of her employment, describe the change and the implementation of the changes.

**JUNE 19, 2026 AMENDED RESPONSE:** CASA objects to this request on the grounds that CASA's policies, rules, job description, contract, and the job duties, responsibilities, reporting and approval obligations, and "any other limitations of the executive director" are overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce its Administrative Assistant Guide and Accounting Policies & Procedures.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, and pursuant to Rule 33(d), see CASA_00001 – CASA_00012, CASA_00206 – CASA_00229.

**REQUEST 13 (Interrogatory):**

E. Provide a description of the policies, rules, job description, contracts or services with third parties, or otherwise that were responsible for the proper entry into the CASA records for monies received, monies deposited, and monies spent by the organization from August 2014 through June 2023.

**JUNE 19, 2026 AMENDED RESPONSE:** CASA objects to this request on the grounds that policies, rules, job description, contracts or services with third parties, "or otherwise that were responsible for the proper entry into CASA records" for "monies spent" by CASA from August 2014 through June 2023 is overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce its Administrative Assistant Guide, Accounting Policies & Procedures.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, and pursuant to Rule 33(d), see CASA_00001 – CASA_00012, CASA_00206 – CASA_00229.

**<u>REQUEST 15 (Interrogatory)</u>:**

G. Provide a description of all categories (internal account information) for all income entries in the CASA bookkeeping or accounting system between August 2014 and June 2023.

**<u>JUNE 19, 2026 AMENDED RESPONSE</u>:** CASA objects to this request on the grounds that it "all categories" is overbroad. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections and pursuant to Federal Rule of Civil Procedure 33(d), CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, and pursuant to Rule 33(d), see CASA_00099 – CASA_00205 for the ledger of income from August 1, 2014 through May 11, 2022. CASA does not record or categorize income as "miscellaneous" and did not categorize Reguli's non-payment of the $3,145.50 sanction from a court order as an "account receivable."

**<u>REQUEST 19 (Interrogatory and Request for Production)</u>:**

K. Provide and describe all communication CASA employees, accountants, board members, or otherwise had with Emily Layton regarding the review of the Woodruff of April 29, 2022 letter, the Emily Layton affidavit of May 11, 2022, and the CASA/Layton responses to the subpoena response in State v. Connie Reguli in June 2023.

**<u>JUNE 19, 2026 RESPONSE</u>:** CASA objects to this request to the extent it calls for discovery of information protected by the attorney-client privilege or work-product doctrine. CASA further objects to this request because communications relating to the "CASA/Layton responses to the subpoena response in State v. Connie Reguli in June 2023" is overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce responsive, non-privileged emails regarding the April 29, 2022 letter and the May 11, 2022 affidavit, if any, identified through a diligent search upon entry of a protective order.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, there are no documents responsive to this request.

**<u>REQUEST 20 (Request for Production)</u>:**

L. Provide a report of the 'miscellaneous income' recorded by CASA between August 2014 and June 5, 2023.

**<u>JUNE 19, 2026 RESPONSE</u>:** CASA objects to this request because a "report of the 'miscellaneous income' recorded by CASA" is vague and undefined. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant,

and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce a ledger of its income from August 1, 2014 through May 11, 2022 upon entry of a protective order.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, CASA does not record or categorize income as "miscellaneous." See CASA_00099 – CASA_00205 for the ledger of income from August 1, 2014 through May 11, 2022.

**<u>REQUEST 22 (Request for Production)</u>:**

N. Provide a copy of your financial statements showing income and expenses; and assets and liabilities for each year from fiscal year 2014 through fiscal year 2023.

**<u>JUNE 19, 2026 RESPONSE</u>:** CASA objects to this request on the grounds that "financial statements showing . . . expenses; and assets and liabilities" are overbroad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce a ledger of its income August 1, 2014 through May 11, 2022 upon entry of a protective order.

**<u>November 10, 2026 SUPPLEMENTAL RESPONSE</u>:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, see CASA_00099 – CASA_00205 for the ledger of income from August 1, 2014 through May 11, 2022.

**REQUEST 24 (Request for Production):**

P. Provide any communication with or between CASA employees, board members, or volunteers regarding Connie Reguli from May 1, 2014 through June 30, 2023.

**JUNE 19, 2026 RESPONSE:** CASA objects on the grounds that it calls for discovery of information protected by the attorney-client privilege or work-product doctrine and "all communication that refers to Connie Reguli" is overly broad, not relevant to any claim or defense, and not proportional to the needs of the case. CASA further objects to this request because seeking information and documents after May 11, 2022 is overly broad, irrelevant, and not proportional to the needs of the case. Subject to and without waiving its objections, CASA will produce responsive, non-privileged emails regarding the April 29, 2022 letter and the May 11, 2022 affidavit, if any, identified through a diligent search upon entry of a protective order.

**November 10, 2026 SUPPLEMENTAL RESPONSE:** Subject to and without waiving the objections from its June 19, 2026 Amended Response, CASA has searched for communications referencing "Connie Reguli" or "Reguli" and have produced all documents containing either term from May 1, 2014 through May 11, 2022, see CASA_00214 – CASA_00229.

## VERIFICATION

I, Stuart Tutley, on behalf of Williamson County CASA, Inc., declare under penalty of perjury that the answers set forth above to Plaintiff's interrogatories are true and correct to the best of my knowledge, information, and belief.

WILLIAMSON COUNTY CASA, INC.

______________________________

By: [signature]

Its: Executive Director

Dated: November 10, 2026

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Michael J. Stephens*
Charles F. (Fritz) Spainhour (BPR No. 34453)
Michael J. Stephens (BPR No. 36949)
Marlee G. Sacks (BPR No. 42072)
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
(615) 252-3887
mstephens@bradley.com

*Attorneys for Williamson County CASA, Inc. and Emily Layton*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, upon the following:

Connie Reguli (pro se)
8009 Shelly Plum Dr.
Murfreesboro, TN 37027

I also hereby certify that on November 10, 2026, I electronically served a true and correct copy of the foregoing on Dana McLendon.

*s/ Michael J. Stephens*
Michael J. Stephens